CV71 Is Blank but signed

Case 2:22-cv-09203-MEMF-KS   Document 1   Filed 12/17/22   Page 1 of 8   Page ID #:1

FILED
CLERK, U.S. DISTRICT COURT
12/17/22
CENTRAL DISTRICT OF CALIFORNIA
BY: CS          DEPUTY

1  Clinton Brown
2  16821 Edgar Street
3  Pacific Palisades, CA 90272
4  310-487-6453
5  Plaintiff in Pro Se
6  Note: The court cannot refuse to accept a complaint for filing because of
7  formatting errors. *Fed. R. Civ. P. 5(d)(4).*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>CLARK R. TAYLOR. AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>　　　　Defendant. | Case No.: CV22-9203-MEMF(K$)<br><br>**Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (non-prisoners)**<br><br>**Jury Trial Demanded:** ■ Yes ☐ No |

## I.  JURISDICTION

This court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Federal question jurisdiction arises pursuant to 42 U.S.C. § 1983.

　　"The Civil Rights Act of 1871 guarantees a federal forum for claims of unconstitutional treatment at the hands of state officials, and the settled rule is that exhaustion of state remedies is not a prerequisite to an action under 42

U.S.C.S. § 1983. Thus, a landowner is not required to pursue an inverse condemnation action against a township in state court before bringing a 42 U.S.C.S. § 1983 action alleging violation of the Fifth Amendment Takings Clause because a government violated the Takings Clause when it took property without compensation, and a Fifth Amendment claim could be brought under § 1983 at that time. (*Knick v. Twp. of Scott* (2019) ___U.S.___ [139 S.Ct. 2162, 204 L.Ed.2d 558].)"

## II. VENUE

Venue is proper pursuant to 28 U.S.C § 1391 because the events giving rise to this complaint happened in this district.

## III. PARTIES

Plaintiff, CLINTON BROWN, resides at: 16821 Edgar Street, Pacific Palisades, CA 90272.

Defendant, CLARK R. TAYLOR. AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING works at The Los Angeles County Department of Regional Planning at 26600 Agoura Road Calabasas, California, 91302.

Defendant's title or position is SENIOR PLANNER, Coastal Development Services.

This Defendant is sued in his/her (check one or both):
☐ individual capacity    ■ official capacity

This Defendant was acting within the scope of their authority as a government

official. The official had the power to take the landowner's property without compensation, which is a violation of the Fifth Amendment. The official's actions constitute a violation of the landowner's constitutional rights, and therefore the official was acting under the color of law.

### IV. STATEMENT OF FACTS

Clinton Brown, the Defendant, submitted an application to install a 20 MW Solar Farm at 27250 Agoura Rd., described as 32.4 acres of vacant land, in unincorporated Los Angeles County, on November 28, 2020, to the Los Angeles County Department of Building and Safety. Plaintiff then received a "DRAFT" version of a Solar Manual *dated May 2018* (Emphasis added). On August 31, 2021, the Los Angeles County Department of Building and Safety directed Defendant to submit a new application and subsequently voided the original application. The Los Angeles County Department of Building and Safety created an Agency Referral form on 09/01/2021 for the Department of Regional Planning, among other agencies to review and sign-off on the permit request (Exhibit A). The document contains a bold notice: **THIS NOTICE IS TO INFORM YOU THAT APPROVAL FROM THE AGENCIES MARKED BELOW, IN ADDITION TO BUILDING PLAN CHECK APPROVAL, MUST BE OBTAINED PRIOR TO PERMIT ISSUANCE.** This Agency Referral document was issued on September 1, 2021. The *original application* (Emphasis added) was submitted on November 28, 2020. Plaintiff's acknowledgment of this document was on September 1, 2021 and was promptly sent to the Department of Regional Planning.

Clark S. Taylor, the Senior Planner for the Los Angeles County Department of Regional Planning denied the application on October 12, 2022, on the grounds that utility-scale solar facilities are not allowed in Significant Ecological Areas

("SEA") and per the County's GIS mapping, the SEA overlay encompasses the entire property in question. The County's effective date of the Significant Ecological Areas ("SEA") and Santa Monica Mountains North Area Ordinance was on June 3, 2021.

The rejection letter stated (Exhibit B): "The Department of Regional Planning is in receipt of the application materials you submitted on September 1, 2021 for the Solar Farm Project at 27250 Agoura Road. Upon review of the submitted materials, it has been determined that the proposed project is not permitted at this location and the application has been REJECTED."

"Ground mounted utility scale solar facilities are not permitted in Significant Ecological Areas as described in section 22.140.510(C)(5)(a) found here: https://library.municode.com/ca/los_angeles_county/codes/code_of_ordinances?nodeId=TIT22PLZO_DIV7STSPUS_CH22.140STSPUS_22.140.510REEN. The proposed project site is located wholly within the Santa Monica Mountains North Area Significant Ecological Area and for this reason, the proposed project cannot be permitted at this location and the application cannot be processed…Sincerely, Clark Taylor, Regional Planner Coastal Development Service."

Defendant continued to pursue the Solar Farm application through Public Works, Fire, and Building, but all departments directed him back to the Regional Planning Department to the Plaintiff and the October 12, 2021, rejection letter. In documents submitted for the application the plans for the solar field included covering the entirety of the parcel. An environmental review document prepared by Green-Tech Environmental in June 2021 was also submitted, reviewed, and accepted by the Los Angeles County Department of Building and Safety. The document concluded that with mitigations, the project would have less than significant impacts.

Property rights are essential for individuals to exercise their freedom and shape their own destiny without government interference. Plaintiff proceeded in good faith and with great expense to work with the Los Angeles County Department of Building and Safety to secure a permit to use the property for its highest and best use.

Without just compensation, the government would be unjustly taking away the property owner's rights and destroying their ability to plan their own future. The government is not allowed to take away the property owner's rights without providing compensation for the loss of value that the regulation has caused. A regulation which denies all economically beneficial or productive use of land requires compensation under the Takings Clause.

### V. CLAIMS
### Claim #1

As a result of the Defendant's violation of the above civil right, Plaintiff was harmed in the following way: The County denied the application on October 12, 2022 on the grounds that utility-scale solar facilities are not allowed in Significant Ecological Areas ("SEA") and per the County's GIS mapping, the SEA overlay *encompasses the entire Property*. (Emphasis added).

> "Judicial precedent states two guidelines for determining when government regulation is so onerous that it constitutes a taking. First, with certain qualifications, a regulation which denies all economically beneficial or productive use of land will require compensation under the Takings Clause. Second, when a regulation impedes the use of property without depriving the owner of all economically beneficial use, a taking still may be found based

on a complex of factors, including (1) the economic impact of the regulation on the claimant; (2) the extent to which the regulation has interfered with distinct investment-backed expectations; and (3) the character of the governmental action." (*Murr v. Wisconsin* (2017) ___U.S.___ [137 S.Ct. 1933, 198 L.Ed.2d 497].)

The argument should be made and can be made that government regulation of said property meets the first guideline of judicial precedent that denying all economically beneficial or productive uses of the land creates the self-executing mechanism of the Takings Clause. As the 5th Circuit Court noted in 1979,

> "A reasonable man buyer will purchase land with an eye to not only its existing use but to other potential uses as well, fair market value takes into consideration the highest and most profitable use for which the property is adaptable and needed or likely to be needed in the reasonably near future to the full extent that the prospect of demand for such use affects the market value while the property is privately held.
> *Thus, just compensation is not limited to the value of the property as presently used, but includes any additional market value it may*."(Emphasis added). (*United States v. 320.0 Acres of Land* (5th Cir. 1979) 605 F.2d 762.)

The case at hand should be viewed through the lens of the Knicks decision, which creates a new foundation of private property law because it has incorporated another piece of the 5th Amendment to the States via the 14th Amendment; the right of the property owner to bring a Fifth Amendment claim directly to Federal Court under 42 U.S.C.S. § 1983. This new landscape, established by Knicks, has upended the established precedent and approaches to Takings Clause cases. Therefore, while state court cases may be helpful as precedent they are not as

instructive in the new landscape created by Knicks. The court should carefully consider the implications of the Knicks decision on the case at hand, and the ways in which this new landscape affects the protection of private property rights, including bringing action directly to a federal venue, rather than a state venue for immediate relief.

## VI. PRAYER FOR RELIEF:

**Your Honor**, the Plaintiff argues that the actions of inverse eminent domain constituted a taking of private property without just compensation and thus violated their Fifth Amendment rights. The Plaintiff further argues that the action was not in furtherance of a public purpose, and thus violated their rights to private property guaranteed by the Fifth Amendment. The Plaintiff requests that the court provide relief for the unlawful and unconstitutional action.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Find that Defendant has taken the property at 27250 Agoura Road in violation of the Fifth Amendment' Takings Clause in the United States Constitution;
2. Find that the Plaintiff is entitled to just compensation for the Taking in the amount of $32,400,000.
3. Order Clark S. Taylor to sign the Agency Referral document *based on the facts in this case*; (Emphasis added) and;
4. Grant such other and further relief as the Court deems just and proper.

Dated: _____
Sign: _____
Print Name:

# **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues that are so triable.

Dated: _____
Sign: _____
Print Name: