UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>CLARK R. TAYLOR, AICP, The Los Angeles County Department of Regional Planning,<br><br>　　　　Defendant. | NO. CV 22-9203-MEMF (KS)<br><br>CASE MANAGEMENT AND SCHEDULING ORDER IN CIVIL RIGHTS CASES |

This civil rights case has been referred to Magistrate Judge Karen L. Stevenson for pretrial proceedings.

This Order governs discovery and pretrial motions in this case. **Please read this Order carefully.** It may differ from similar orders by other judicial officers, and even from prior iterations of this Order used by this Court in other civil rights cases. Where this Order imposes a requirement that differs from Judge Stevenson's Procedures,[1] this Order governs. The Court adopts this Order to facilitate the just, speedy, and inexpensive determination of this case.

---

[1] Judge Stevenson's Procedures are available at: http://www.cacd.uscourts.gov/honorable-karen-l-stevenson.

## I. Discovery

### A. Cutoff Date

All discovery must be <u>completed</u> on or before **one hundred eighty (180) days from the date of this Order**.  No party may take discovery after that date without the Court's prior approval, which it will grant only in exceptional circumstances and upon a showing of good cause.

Discovery taken by oral deposition is complete when questioning ceases. Discovery taken by written request (interrogatories, requests for production of documents and things, deposition upon written question, and requests for admissions) is complete on the date the written response to the request is due.

### B. Availability of Discovery

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party and proportional to the needs of the case.  *See* FED. R. CIV. P. 26(b)(1).  *Pro se* litigants are entitled to discovery in civil rights actions to the same extent as litigants represented by counsel.  The Court may order a complete or partial stay of discovery in appropriate circumstances, including when a defense of qualified immunity is raised.

### C. Oral Depositions

Any oral deposition must be scheduled to commence at least fourteen (14) calendar days after service of the deposition notice and at least five (5) court days before the discovery cutoff date.  Pursuant to Federal Rule of Civil Procedure 30(a)(2), leave of Court is given to depose Plaintiff if Plaintiff is confined in prison.

/ /
/ /
/ /
/ /

**D. Written Discovery (Interrogatories, Production of Documents and Things, Depositions Upon Written Questions, and Requests for Admissions)**

A party must serve any interrogatories, requests for production of documents and things, notices of deposition upon written question, or requests for admissions at least forty-five (45) calendar days before the discovery cutoff date.

**II.   Motions**

   **A. Discovery Motions**

Any motion challenging the adequacy of a discovery response or seeking an order compelling further discovery must be filed and served no later than thirty (30) calendar days after the discovery cutoff date. If no party to the action is in custody, Local Rule 37-2 governs the preparation and filing of any discovery motion, unless the parties have received Court approval by stipulation of an alternative procedure (*e.g.*, a filing of Motion, Opposition, and Reply with specified due dates). If any party to the action is in custody, the parties are excused from Local Rule 37-2's joint stipulation requirement. In that case, no hearing date will be set and any opposition must be filed no later than twenty-one (21) days from service of the motion. Neither the motion nor the opposition, including memoranda in support, may exceed ten (10) pages in length unless leave of Court is obtained in advance. Any reply may be filed within ten (10) days of service of the opposition and is limited to eight (8) pages in length. The Court expects that the parties will resolve discovery problems among themselves whenever possible. *See* Local Rule 37-1.

   **B. Substantive Motions**

Any motions directed to the Court's jurisdiction or to the merits of any claim or defense (such as a Motion to Dismiss or a Motion for Summary Judgment) must be filed and served not later than two hundred forty (240) days from the date of this Order. If no party to the action is in custody, the regular Local Civil Rules

governing the noticing and briefing of motions apply. *See* Local Rules 7, 56. If any party to the action is in custody, no hearing date will be set. Any opposition to the motion must be filed and served within <u>twenty-one (21) calendar days</u> after service of the motion, and an optional reply may be filed within <u>fourteen (14) calendar days</u> after service of the opposition. The Court will deem the motion submitted for decision based on the papers timely filed and without oral argument unless otherwise ordered.

**The Court may deem the failure to file a timely opposition to a motion to constitute the non-movant's consent to the granting of the relief sought.** *See* **Local Rule 7-12.**

III. **Status Report**

Each party must file and serve a status report no later than **<u>one hundred twenty (120) days from the date of this Order</u>**. The status report must contain the following information:

(a) a summary of the proceedings to date and a statement of the principal issues raised by the case;

(b) a statement informing the Court whether all parties have been served and, if not, a proposed deadline by which service will be completed;

(c) a statement informing the Court whether other parties will be added or amended pleadings will be filed and, if so, a proposed deadline by which those steps will be taken;

(d) a description of any discovery completed and a schedule for any future discovery;

(e) a list of contemplated motions, if any, along with proposed dates for the filing and hearing of such motions;

(f) an estimate of the time likely to be required for trial, and a statement as to whether trial by jury is desired and has been properly requested;

(g) a description of any settlement negotiations that have occurred, and a recommendation as to the form of settlement conference or other method of alternative dispute resolution that would be most appropriate given the nature of this case; and

(h) any suggestions the parties may wish to make regarding the management of this action.

The parties are strongly encouraged to file a *joint* status report, when feasible.

## IV.  Compliance with Rules

All parties, represented and unrepresented, whether in custody or not, must comply with the Federal Rules of Civil Procedure, the Local Rules of this Court, Judge Stevenson's Policies and Procedures, and this Order unless this Court expressly excuses compliance.

If Plaintiff is in custody **and** is proceeding *pro se*, compliance with the following Local Rules is excused: 7-3, 7-14, 7-15 (all substantive motions will be deemed submitted the day after the reply papers are due), 26-1, 37-1, 37-2, 37-3, and 65-1 (but only to the extent that it requires motions for temporary restraining orders or preliminary injunctions to be set for hearing on the calendar).

**IT IS SO ORDERED.**

DATED: February 21, 2023

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE