FILED
CLERK, U.S. DISTRICT COURT
2/17/23
CENTRAL DISTRICT OF CALIFORNIA
BY: ___CS___ DEPUTY

CLINTON BROWN, Pro Se
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

**Note:** The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice. *Fed. R. Civ. P. 5(d)(4)*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>       Plaintiff,<br><br>vs.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>       Defendant. | CASE NO. 2:22-cv-09203-MEMF-KS<br><br>**Motion and Affidavit for Leave to Appeal IFP**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Magistrate Judge:** Karen L. Stevenson<br><br>**Action Filed:** 12/17/2022<br><br>**Action Due:** 01/12/2023 |

### MOTION AND AFFIDAVIT FOR LEAVE TO APPEAL IFP

**NOTICE TO THE COURT**, on 01/24/2023 the Plaintiff was denied a Request to Proceed *in forma pauperis* (IFP). This Court ordered that the Plaintiff, no later than thirty (30) days *from the date of the order,* to pay the filing fee. (Emphasis added). Twenty-one (21) days later, on 02/13/2023 this Court, *sua sponte,* ordered the Plaintiff to pay the filing fee in the amount of $402, no later than five (5) days *from the date of the order*. (Emphasis added). The PROCEEDINGS: (IN CHAMBERS) ORDER was the *second* Court order without a hearing on a material Procedural

Due Process issue that one could reasonably infer, if incorrectly interpreted, may violate *the right to a jury trial, in Court, resolving a claim with merit*).[1] (Emphasis added). However, the Court "grounds" that Plaintiff had not demonstrated indigency and could thus afford to pay the filing fees under *28 U.S.C. § 1914 (in its entirety)*. (Emphasis added).

## MISAPPLICATION OF THE LAW

It is established that a civil action is commenced by filing a complaint with the Court, and for completeness of the appeal record, the Plaintiff will refute each subsection in *28 U.S.C. § 1914* with the plain language of the statute.

a) A District Judge is not the Clerk of the Court.
b) A District Judge does not collect fees for its Constitutional responsibilities.
c) A District Judge may, in good faith, require advanced fees *if published in the specific rules or standing orders of the District Court.* (Emphasis added).

Plaintiff respectfully requests that the Court provide specific facts, law, and reasoning in the material issue of Procedural Due Process in *this* appeal to correct the record. (Emphasis added). The Plaintiff has a Procedural Due Process right to a fair and impartial trial by *this* Court, by the *trier of fact,* for the *one (1) and only claim* in Plaintiff's pleading that *28 U.S.C. § 1915 (in its entirety)* mandates this Court to hear. (Emphasis added). The Ninth Circuit has disaffirmed the right for the trier of fact to decide whether the Defendant's alleged *prima facie* violation of the Fifth Amendment's Self-Executing Takings Clause entitles Plaintiff to Just Compensation and this Court is now required by *stare decisis* to affirm or disaffirm.

## RULE OF LAW

The Plaintiff has concerns with the clerical errors made by the Court, resulting in

---

[1] Federalist No. 78, 1788

eleven (11) of the twenty-three (23) entered filings to read: SEE NOTICE OF CLERICAL ERROR. However, Plaintiff defers to this Court on the merits of its claim as required by statute. The Plaintiff recognizes that a single Court decision can outweigh the potential harm caused by a poorly crafted law. In this case, the law is well-crafted, but poorly interpreted by the Court.

False certification of an IFP can result in severe criminal penalties, including up to *five (5) years in prison and/or substantial fines*. (Emphasis added). A reasonable person seeking the monetary remedy that the Self-Executing Takings Clause of the Fifth Amendment requires would not reasonably provide false information in bad faith to the Court *as a non-prisoner*. (Emphasis added). A third-party has loaned the Plaintiff the filing fee that was ordered to be paid by this Court and the fee has been *received* by the Court (USPS EI147652206US), however, it has not been *filed* and *entered*. (Emphasis added). Plaintiff cannot leave the matter to chance, and thus this appeal.

**THEREFORE**, Plaintiff respectfully asks that this Court certify in writing that the Plaintiff signed, certified, and delivered the IFP request in bad faith as mandated by *28 U.S.C. § 1915(a)(3)* or that the Motion and Affidavit for Leave to Appeal IFP is granted.

"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

Clinton Brown                                                                 2/17/2023