CLINTON BROWN, Pro Se
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453



Note: The Clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice. *Fed. R. Civ. P. 5(d)(4)*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>　　　　Defendant. | CASE NO. 2:22-cv-09203-MEMF-KS<br><br>**Motion to Strike**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Magistrate Judge:** Karen L. Stevenson<br><br>**Action Filed:** 12/17/2022<br><br>**Action Due:** 01/12/2023 |

## MOTION TO STRIKE

**NOTICE TO THE DISTRICT JUDGE**, pursuant to *F.R.C.P. 12(f)(2)*, Plaintiff respectfully requests that the Court strike all affirmative defenses submitted by the Defendant.[1] The Court, *sua sponte*, may strike an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. *F.R.C.P. 12(f)(1)*.

### Affirmative Defense One (1)

Defendant's claim of immunity is insufficient as a matter of law in defense of a Fifth Amendment Takings claim. Defendant concedes *42 U.S.C. § 1983* arises

---

Note: The Complaint, Answer, and Affirmative Defenses in the Answer, are referred to in this motion, respectively and exclusively.

Federal jurisdiction. (Page 1, lines 23-24 admits). Defendant also attests to acting in their official capacity and within the scope of their authority as a government official. (Page 2, lines 25-26, 28 admits). *28 U.S.C. § 1343(a)(3).*

### Affirmative Defense Two (2)

Defendant's affirmative defense invoking Rule 19 is insufficient as a matter of law. *Defendant has admitted that the jurisdiction and venue is appropriate under 28 U.S.C. 28 § 1343, 42 U.S.C. § 1983 and 28 U.S.C. § 1391, respectively.* (Page 1, lines 23-24 admits; Page 2, lines 10-11, admits). (Emphasis added).

### Affirmative Defense Three (3)

The affirmative defense of insufficient service is insufficient as a matter of fact and law. *The Defendant confirms the parties in the case.* (Page 2, lines 17-20, 22-23 admits). (Emphasis added). "Rule 4 is a flexible rule that should be construed liberally so long as the party receives sufficient notice of the complaint." *United Food & Commercial Workers Union, Locals 197, 373, 428, 588, 775, 839, 870, 1119, 1179, and 1532, chartered by United Food & Commercial Workers International Union, AFL-CIO v. Alpha Beta Co., 736 F.2d 1371(9th Cir. 1984).*

### Affirmative Defense Four (4)

The affirmative defense that the Plaintiff has failed to "comply" with state tort or otherwise is insufficient as a matter of law. Plaintiff chose federal jurisdiction according to statute *42 U.S.C. 1331* and *Knick v. Twp. of Scott, 139 S. Ct. 2162 (2019).* The *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985)* finality requirement has been admitted by the Defendant. (Page 3, lines 26-28 admits; Page 4, lines 6-10, 12-19 admits).

### Affirmative Defense Five (5)

Plaintiff has one (1) claim, and if indeed, there was no claim to constitute a cause of action, then the case would be dismissed by the Court under statute *42 U.S.C. § 1915(e)(2)(B)(ii),* as a matter of law.

### Affirmative Defense Six (6)

This affirmative defense is insufficient as a matter of law and fact. The Defendant has not provided any evidence or reasoning to show how an open space dedication document would preclude a Takings claim. The Defendant's own admission reveals the *specific reason* for the REJECTED application. (Page 3, lines 26-28; Page 4, lines 1-2, 6-10, 12-19). (Emphasis added).

### Affirmative Defense Seven (7)

This affirmative defense is insufficient as a matter of fact. The Plaintiff had no reasonable investor expectations for *installing and operating a utility-scale solar facility on Plaintiff's private property*? (Citations omitted).

### Affirmative Defense Eight (8)

Defendant's affirmative defense negates a Plaintiff's claim is insufficient as a matter of fact and law. The Defendant admits the overlay encompasses the *entire property* and that the project was *wholly within* and covering the *entire parcel*. (Page 4 lines 1-2, 16-17, 23-25) *Murr v. Wisconsin,137 S. Ct. 1933 (2017).* (Emphasis added).

**THEREFORE**, the Plaintiff asks the Court to strike the affirmative defenses submitted by Defendant to minimize delay, cost, and confusion on the issues for discovery and trial.[2]

"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

Clinton Brown                                                                    03/19/2023

---

[2] The Federalist No. 83, (1788).