DAWYN R. HARRISON, County Counsel
STARR COLEMAN, Assistant County Counsel
THOMAS R. PARKER, Senior Deputy County Counsel
(SBN 141835) • *TParker@counsel.lacounty.gov*
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-1834 · Fax: (213) 613-4751

Attorneys for CLARK R. TAYLOR,
AICP, THE LOS ANGELES COUNTY
DEPARTMENT OF REGIONAL
PLANNING

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>       Plaintiff,<br><br>       v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>       Defendant. | CASE NO. 2:22-cv-09203-MEMF-KS<br><br>**OPPOSITION TO PLAINTIFF'S MOTION FOR DEPOSIT AND DISTRIBUTION**<br><br>Assigned to Hon. Maame Ewusi-Mensah Frimpong<br><br>Magistrate Judge Karen L. Stevenson<br><br>Courtroom:    8B<br><br>Action Filed:   December 17. 2022 |

Defendant's Opposition to Plaintiff's
Motion for Deposit and Distribution

## I.    INTRODUCTION

In this action, Clinton Brown ("Plaintiff") claims the County of Los Angeles ("County") has taken his real property without just compensation in violation of the Fifth Amendment.  The "taking," according to Plaintiff, occurred when County's Department of Regional Planning ("Regional Planning") rejected his application to install a "20 MW Solar Farm" on his property located at 27250 Agoura Road in Agoura Hills, California.  *See* Complaint (Dkt 1), at 3:7-8.

Plaintiff now brings a "Motion For Deposit And Distribution" ("Motion"), purportedly pursuant to Federal Rules of Civil Procedure ("FRCP" and/or "Rule") 71.1, and asks the Court to order the County to tender a deposit, and allow that deposit to be distributed to Plaintiff, as "compensation" for the alleged taking.  *See* Motion (Dkt 38), at 1.

There are least three reasons why Plaintiff's motion should be denied:

1.    **No Applicability Here**:  FRCP 71.1, and the deposit mechanism it provides, has no application here.  Rule 71.1 applies when a government entity files suit to condemn the property at issue.  In such a case, the outcome is certain – title will pass to the government, the only thing to determine is the amount of compensation.  This is not such a case, and here there is no basis or authority for a deposit.

2.    **Merits are in Dispute**:  County vigorously disputes that a taking has occurred.  Plaintiff is asking the Court to order County to pay Plaintiff what he would receive if he won this case.  Before judgment is entered.  Before trial takes place.  As discovery is just beginning.  Plaintiff's request for this pre-judgment remedy has no basis in law.

3.    **Plaintiff Presents No Evidence:**  Plaintiff's motion offers no evidence to demonstrate that County took his property by rejecting his application to install a solar farm on his property.  He offers no declarations.  His complaint is unverified.  He offers no evidence, let alone admissible evidence, to support his request.

For these reasons, all of which are discussed below in more detail, Plaintiff's Motion should be denied.

HOA.104230539.2

Defendant's Opposition to Plaintiff's          -2-
Motion for Deposit and Distribution

## II.      ARGUMENT

### A.      FRCP 71.1 Does Not Apply to This Case.

Plaintiff's Motion summarily concludes that FRCP 71.1, and the deposit requirement it provides, apply to this case.  His assumption ignores the plain text of the Rule.

This is a Fifth Amendment Takings case.  Plaintiff claims that County took his property when it rejected his application to install a 20 MW solar farm.

FRCP 71.1 states, in its opening language, that it applies to an entirely different legal proceeding – a lawsuit by a government entity to condemn property "by eminent domain."  *See* FRCP 71.1(a).  The concept of requiring a deposit in such a case makes sense.  Once the government has filed suit to condemn property pursuant to eminent domain, the outcome is clear.  The government will obtain title to the property.  All that remains to be decided by the Court is the compensation the government must pay for the property.  Requiring early payment of a projected amount of that compensation is fundamentally fair.

That is not the case here.  County is not the plaintiff, as contemplated by Rule 71.1.  It is not seeking to condemn the property via eminent domain.  It does not seek title to the property.  Rule 71.1 does not apply.

Moreover, even assuming that Rule 71.1 applies (which is not the case), Plaintiff has not complied with its requirements.  Plaintiff did not name the property as a defendant as required by FRCP 71.1(c)(1).  His complaint does not contain the contents required by Rule 71(c)(2), including a short statement of "the uses for which the property is to be taken."  Plaintiff did not deliver or provide the notice required by Rule 71.1(d).

Plaintiff did not do any of these things because the plain language of Rule 71.1 makes it clear it does not apply here.  Simply put, it does not apply to Plaintiff's claimed (and is vigorously disputed) Fifth Amendment taking.  It does not provide for a deposit to be paid to Plaintiff as he now requests.

/ / /

/ / /

HOA.104230539.2

Defendant's Opposition to Plaintiff's          -3-
Motion for Deposit and Distribution

2:22-cv-09203-MEMF-KS

**B.      Plaintiff Will Not Be Able to Demonstrate a Taking Occurred.**

Plaintiff brings this Motion at the infancy of this case.  County recently answered the complaint.  The Scheduling Conference has not yet taken place.  Discovery has just begun (and Plaintiff is seeking to curtail that discovery – *See* Docket 41).  Plaintiff merely assumes that he will prevail in this case and asks for his post-judgment recovery now.

Furthermore, Plaintiff will not be able to demonstrate a taking occurred.  A physical taking "is a direct government appropriation or physical invasion of private property." *Lingle v. Chevron U.S.A. Inc*., 544 U.S. 528, 537 (2005).  That did not happen here.

Instead, what discovery will show is that Plaintiff bought property which was subject to recorded and publicly ascertainable development restrictions.  A December 21, 1987 recorded tract map reflects that the land that Plaintiff ultimately acquired was dedicated to the County, expressly giving the County "the right to prohibit the construction of residential and/or commercial structures" upon the property.  This public document was available to the Plaintiff before he purchased the property, and he is presumed aware of this restriction.  *See* California Civil Code, Section 1213.

At the time he purchased the property, the property was also designated as a Significant Ecological Area ("SEA").  Plaintiff could have determined the property's SEA status through a website maintained by Regional Planning, known as "GIS-NET Public."  He was thus constructively charged with this knowledge, as well as the knowledge of publicly-available Los Angeles County Code Section 22.140.510.C.5.a, which prohibits the installation of solar energy facilities within an SEA.

These facts are critical because at least one element of a takings analysis is to determine whether the County interfered with Plaintiff's reasonable investment-backed expectations when he purchased the property.  *See Penn Central. Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978).  Plaintiff cannot demonstrate any such interference – the use that Plaintiff wishes to put to the property was an impermissible use at the time he bought the property, and the County had the previously-recorded right to prohibit commercial structures on the

HOA.104230539.2

Defendant's Opposition to Plaintiff's          -4-
Motion for Deposit and Distribution

1  property.  Based on these facts, Plaintiff cannot show a reasonable investment expectation for a

2  solar farm.  He cannot prevail.  He cannot demonstrate a taking.

3  While Plaintiff is legally charged with the knowledge of these restrictions, the County is

4  confident that Plaintiff was advised of these restrictions and regulations when he bought the

5  property.  The County is seeking via discovery, among other things, the disclosure statements

6  provided to Plaintiff when he bought the property along with the title insurance policy for the

7  property, which he received and which set out the documents recorded against the property.

8  County is confident this discovery will reveal that Plaintiff was advised of these restrictions and

9  limitations on title *before* he purchased the property, further impairing his takings claim.  As noted

10  above, Plaintiff is seeking to preclude this discovery, for obvious reasons.

11  The contested merits of Plaintiff's claims separately justify the denial of his Motion, as

12  there is no basis for him to demand his just compensation now, before trial, when his entitlement

13  to compensation is hotly contested in the first place.

14  **C.     Plaintiff Offers No Evidence to Support His Motion.**

15  Separately, Plaintiff's Motion is fatally defective because it merely assumes a taking took

16  place.  He offers nothing to support that assumption.  He provides no declarations.  He does

17  provide an exhibit to his Motion, but that exhibit (neither authenticated nor admissible) merely

18  purports to confirm Plaintiff's payment of property tax for the property (which is in no way

19  connected to its potential use as a solar farm or supportive of a taking).  Plaintiff's complaint is not

20  verified.  Plaintiff has provided no admissible evidence to support his claim that County took his

21  property, and certainly no evidence justifying his request for post-judgment relief at this early

22  stage of the case.

23  / / /

24  / / /

25  / / /

26

27

28

HOA.104230539.2

Defendant's Opposition to Plaintiff's            -5-
Motion for Deposit and Distribution

2:22-cv-09203-MEMF-KS

**III.     CONCLUSION**

For the reasons set forth above, Plaintiff's Motion should be denied.

DATED: April 5, 2023                    Respectfully submitted,

DAWYN R. HARRISON
County Counsel


By     _____
       THOMAS R. PARKER
       Senior Deputy County Counsel

Attorneys for CLARK R. TAYLOR, AICP,
THE LOS ANGELES COUNTY
DEPARTMENT OF REGIONAL
PLANNING

**PROOF OF SERVICE**
Case No. 2:22-cv-09203-MEMF-KS

STATE OF CALIFORNIA, County of Los Angeles:

Mark Zamora states:  I am employed in the County of Los Angeles, State of California, over the age of eighteen years and not a party to the within action.  My business address is 648 Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012-2713

That on April 5, 2023, I served the attached

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEPOSIT AND DISTRIBUTION**

upon Interested Party(ies) by placing ☐ the original ☒ a true copy thereof enclosed in a sealed envelope addressed ☒ as follows ☐ as stated on the attached service list:

☒ **By United States mail.**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses on the attached service list (specify one):

> Clinton Brown
> 16821 Edgar Street
> Pacific Palisades, California 90272

(1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2) ☒ placed the envelope for collection and mailing, following ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California:

I declare that I am employed in the offices of a member of this court at whose direction the service was made.

Executed on April 5, 2023, at Los Angeles, California.


Mark Zamora                                         *Mark Michael G. Zamora*
_____          _____
**(NAME OF DECLARANT)**                          **(SIGNATURE OF DECLARANT)**

HOA.104230539.2