DAWYN R. HARRISON, County Counsel
STARR COLEMAN, Assistant County Counsel
THOMAS R. PARKER, Senior Deputy County Counsel
(SBN 141835) • *TParker@counsel.lacounty.gov*
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-1834 · Fax: (213) 613-4751

Attorneys for CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>　　　　　Defendant. | CASE NO. 2:22-cv-09203-MEMF-KS<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Assigned to Hon. Maame Ewusi-Mensah Frimpong<br><br>Magistrate Judge Karen L. Stevenson<br><br>Courtroom:　　8B<br><br>Action Filed:　　December 17, 2022 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In this action, Clinton Brown ("Plaintiff") alleges that the County of Los Angeles's ("County") refusal to allow him to erect a solar farm on his property in the County ("property") constitutes a taking of his property. And as a result, he has sued Clark Taylor, a County employee who works in the County's Department of Regional Planning ("Defendant").

Citing and apparently relying upon "The Federalist No. 83" from 1788, Plaintiff has filed a Motion to Strike Defendant's Affirmative Defenses ("Motion"), claiming they are "insufficient . . . redundant, immaterial, impertinent or scandalous…" *See* Moving Papers, at 1.

None of Defendant's affirmative defenses are improper on their face. Moreover, affirmative defenses are prospectively pled before discovery in order to avoid waiver. It is unfortunate that Defendant must go through the process of defending his affirmative defenses.

Plaintiff argues his Motion is made to "minimize delay, cost and confusion" in this litigation. Ironically, his Motion has unnecessarily caused all three factors. It should be summarily denied.

## II. ARGUMENT

Plaintiff offers a sentence or two in his argument to strike each of Defendant's affirmative defenses.

Plaintiff moves to strike Defendant's first affirmative defense of immunity on the grounds that it is "insufficient as a matter of law…" Not true. He has sued the County and a County employee for acting in the course and scope of his job, and the Defendant's affirmative defense identifies a number of Government Code sections which may provide immunity.

Plaintiff next moves to strike Defendant's second affirmative defense Plaintiff's failure to name an appropriate or necessary party, claiming this defense is

1  inappropriate because venue and jurisdiction here are appropriate.  This is a
2  *non-sequitur*.  The affirmative defense is warranted because Plaintiff did not sue the
3  County; he sued a County employee who performed his duties on behalf of the
4  County.
5      Plaintiff then moves to strike Defendant's third affirmative defense that
6  Plaintiff failed to name and serve the – the appropriate defendant in this case.
7  Plaintiff's argument to strike this defense is nonsensical.
8      Next Plaintiff moves to strike Defendant's fourth affirmative defense that
9  Plaintiff failed to provide notice of his claim pursuant to the California Government
10 Tort Claims Act.  This act requires compliance prior to suit.
11     Plaintiff then moves to strike Defendant's fifth affirmative defense that the
12 complaint fails to state a cause of action upon which relief can be granted.  This was
13 asserted to prevent waiver, as Defendant believes that through discovery the
14 frivolity of Plaintiff's claim will be demonstrated.
15     Plaintiff next moves to strike Defendant's sixth affirmative defense that
16 Plaintiff took title to the property subject to a prior executed and recorded dedication
17 which prohibited the very conduct he is suing to permit on the property.  Plaintiff
18 bases his Motion on the argument that "Defendant has not provided any evidence or
19 reasoning" to show why the dedication precludes his claim.  Such is not needed for
20 affirmative defenses, especially those of public record like the dedication.
21     Next is Defendant's seventh affirmative defense that Plaintiff has no
22 reasonable investor expectations to install a solar farm on the property.  This defense
23 negates a critical component of Plaintiff's takings claim.  Plaintiff's argument as to
24 this defense is incomprehensible.
25     Finally, Plaintiff moves to strike Defendant's eighth and last affirmative
26 defense that he has not lost most or all of the use of his property.  This defense
27 negates a separate yet equally critical component of his takings claim.  Plaintiff's
28 argument as to this defense is equally incomprehensible.

## III. CONCLUSION

This is a Motion that should never have been made. In response to the complaint, Defendant prospectively asserted a number of affirmative defenses to avoid waiver. Plaintiff's challenges to those defenses are without merit.

Defendant's concerns about the potential for an argument of waiver have been borne out by Plaintiff's conduct. On January 30, 2023 – the same day that Defendant answered, Plaintiff sought a default judgment. This was before Plaintiff had paid the filing fees or been granted *in forma pauperis* status, and thus before there was an active summons compelling Defendant to respond in the first place.

For all of the above-stated reasons and authorities, Defendant respectfully requests that Plaintiff's Motion be denied in its entirety.

DATED: April 10, 2023

Respectfully submitted,

DAWYN R. HARRISON
County Counsel

By *[signature: Thomas R. Parker]*

THOMAS R. PARKER
Senior Deputy County Counsel

Attorneys for CLARK R. BROWN, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING

**PROOF OF SERVICE**
Case No. 2:22-cv-09203-MEMF-KS

STATE OF CALIFORNIA, County of Los Angeles:

Mark Zamora states: I am employed in the County of Los Angeles, State of California, over the age of eighteen years and not a party to the within action. My business address is 648 Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012-2713

That on April 10, 2023, I served the attached

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

upon Interested Party(ies) by placing

CheckedBox☐ the original UncheckedBox☒ a true copy thereof enclosed in a sealed envelope addressed UncheckedBox☒ as follows CheckedBox☐ as stated on the attached service list:

Clinton Brown
16821 Edgar Street
Pacific Palisades, California 90272

UncheckedBox☒ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses on the attached service list (specify one):

(1) CheckedBox☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2) UncheckedBox☒ placed the envelope for collection and mailing, following ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Los Angeles, California:

I declare that I am employed in the offices of a member of this court at whose direction the service was made.

Executed on April 10, 2023, at Los Angeles, California.

| Mark Zamora | *Mark Michael G. Zamora* |
|---|---|
| **(NAME OF DECLARANT)** | **(SIGNATURE OF DECLARANT)** |

HOA.104223011.2

1