UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.   CV 22-9203-MEMF (KS) | Date: May 2, 2023 |
| Title   *Clinton Brown v. Clark R. Taylor* | |

Present: The Honorable:   Karen L. Stevenson, Chief Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff: N/A          Attorneys Present for Defendant:  N/A

**Proceedings:  (IN CHAMBERS) ORDER RE: PLAINTIFF'S MOTION TO STRIKE (DKT. NO. 35) AND MOTION FOR DEPOSIT (DKT. NO. 38)**

### INTRODUCTION

Before the Court for resolution is Plaintiff's Motion to Strike (dkt. no. 35 ("Motion to Strike")) and Motion for Deposit and Distribution (dkt. no. 38 ("Motion for Deposit")).  The Court addresses each motion below in turn.

Having thoroughly considered the moving papers, the Court DENIES Plaintiff's motions.

### MOTION TO STRIKE

**I.   BACKGROUND**

On December 17, 2022, plaintiff, Clinton Brown ("Plaintiff"), proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983 against Clark R. Taylor ("Defendant") alleging a violation of the Fifth Amendment Takings Clause.  (*See* Dkt. No. 1 ("Complaint").)  Specifically, Plaintiff brings an inverse condemnation action alleging that Defendant denied Plaintiff's application to install a Solar Farm on his vacant land in unincorporated Los Angeles County.  (*Id.* at 3.)  On January 30, 2023, Defendant filed an Answer with affirmative defenses.  (Dkt. No. 10 ("Answer").)  On March 19, 2023, Plaintiff filed the Motion to Strike, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure ("Rule"), on the grounds that all of Defendant's affirmative defenses must be stricken as, *inter alia*, insufficient as a matter of law.  (*See* Motion to Strike.)  Defendant filed an Opposition to the Motion to Strike on April 10, 2023.  (Dkt. No. 45.)  Plaintiff filed no reply.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.   CV 22-9203-MEMF (KS)                                     Date: May 2, 2023

Title        *Clinton Brown v. Clark R. Taylor*

## II.    **LEGAL STANDARDS**

Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading."  FED. R. CIV. P. 12(f).  A matter is "immaterial" if it has no essential or important relationship to the defenses pleaded.  *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2023).  A matter is "impertinent" if it consists of statements that do not pertain to the issues in question.  *Id.*; *see also Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 534-35 (1994).

A motion to strike an affirmative defense under Rule 12(f) is timely when filed within 21 days of the defendant's answer to a complaint.  *See* FED. R. CIV. P. 12(f)(2).  Rule 12 permits a court to strike a matter from a pleading on its own, and several courts have interpreted this provision as allowing courts to consider untimely motions to strike.  *See Daniels v. Dixon*, 2022 WL 2101740, *1 (C.D. Cal. Mar. 22, 2022); *see also Corrections USA v. Dawe*, 504 F. Supp. 2d 924, 930 (E.D. Cal. 2007).  Thus, when a motion to strike a defense is not made within 21 days after service of an answer, a district court does not abuse its discretion in granting it if the motion has merit and it appears proper to grant the motion.  *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (3d ed. 2023).

Motions to strike under Rule 12(f) are disfavored by the courts because they are often used as a delay tactic.  *See Armstead v. City of Los Angeles*, 66 F. Supp. 3d 1254, 1272 (C.D. Cal. 2014), *aff'd sub nom. Alvarado v. City of Los Angeles*, 720 F. App'x 889 (9th Cir. 2018); *see also Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174 (S.D. Cal. 2015).  Consequently, courts are cautious about granting motions to strike unless such action is clearly warranted.  *Wilson v. Wal-Mart Stores, Inc.*, 2005 WL 3477827, at *5 (S.D. Cal. Oct. 12, 2005).

In a successful motion to strike a claim or defense as insufficient, the moving party must demonstrate "that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed."  *S.E.C. v. Sand*s, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) (internal quotation marks omitted).  Although courts differ on whether prejudice should be an element of a motion to strike an affirmative defense, courts often require a showing of prejudice by the moving party before granting the motion.  *See Hart v. Baca*, 204 F.R.D. 456, 457 (C.D. Cal. 2001).

/ /
/ /
/ /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-9203-MEMF (KS)                                              Date: May 2, 2023

Title   *Clinton Brown v. Clark R. Taylor*

### III.   ANALYSIS

#### A.   The Motion to Strike is Untimely

Here, Defendant filed his Answer along with affirmative defenses on January 30, 2023. (Answer.)  Plaintiff filed his Motion to Strike 48 days later on March 19, 2023. (Motion to Strike.) Therefore, Plaintiff's Motion to Strike is untimely because it was not filed within 21 days after Defendant filed his Answer, as required by Rule 12(f).  *See Daniels*, 2022 WL 2101740 at *1 (finding the plaintiff's motion to strike untimely because she filed it more than 100 days after defendants filed their answer).  Nevertheless, the Court has the discretion to consider and grant Plaintiff's Motion to Strike if it has merit.  *See Hubbs v. Big Lots Stores, Inc.*, 2019 WL 12536592, at *2-3 (C.D. Cal. July 2, 2019).  Accordingly, notwithstanding the tardy filing, the Court will consider the merits of Plaintiff's Motion to Strike.

#### B.   The Motion to Strike Fails on Its Merits

Plaintiff moves to strike: (1) affirmative defenses nos. 1, 2, 4, and 5 as insufficient as a matter of law; (2) affirmative defenses nos. 3, 6, and 8 as insufficient as a matter of fact and law; and (3) affirmative defense no. 7 as insufficient as a matter of fact.  (*See* Motion to Strike.)  Indeed, Plaintiff contends that all of Defendant's affirmative defenses are insufficient, but, as discussed below, Plaintiff has not met his burden to show that "there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Sand*s, 902 F. Supp. at 1165 (internal quotation marks omitted).

Defendant's first affirmative defense states that he along with the agents, officers, and employees of Los Angeles County are immune from liability, pursuant to Government Code § 810, et seq.  Plaintiff moves to strike this defense as insufficient as a matter of law.  However, an immunity defense is not irrelevant to Plaintiff's claims because Defendant is a public employee. Furthermore, the provisions cited by Defendant establish immunity for California public entities and public employees. *See, e.g.*, Cal. Gov't Code §§ 821.6, 820.2.  Finally, Plaintiff does not explain why these statutory immunities would not extend to Defendant.

Similarly, in response to Defendant's second affirmative defense, Plaintiff moves to strike it as a matter of law but fails to provide an explanation in support of his conclusion.  In his second affirmative defense, Defendant states that Plaintiff did not name the County as a defendant pursuant to Rule 19.  Plaintiff argues that the defense is insufficient as a matter of law because jurisdiction and venue are proper.  However, such explanation is neither applicable nor supportive of Plaintiff's conclusion that the County is not a required party under Rule 19.  This finding also applies to Plaintiff's Motion to Strike Defendant's third affirmative defense which states that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-9203-MEMF (KS)                                                    Date: May 2, 2023

Title   *Clinton Brown v. Clark R. Taylor*

Plaintiff did not serve the County with this legal action. Plaintiff asserts that the defense is insufficient as a matter of law and fact, but Plaintiff's assertion is wholly conclusory. Whether the County should have been named a defendant and served with this legal action are relevant because of Defendant's status as a County employee.

      Defendant's fourth affirmative defense states that Plaintiff failed to comply with the applicable provisions of the California Government Tort Claims Act in Government Code sections 905, et seq. Plaintiff moves to strike the fourth defense as insufficient as a matter of law; however, under the California Government Tort Claims Act, "all claims for money or damages against local public entities" or public employees acting within the scope of that employee's public employment must be presented in accordance with the claim presentation statutes. Cal. Gov't Code §§ 905, 950.2. Moreover, the presentation statutes cited by Defendant provide that "[n]o suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon . . . or has been deemed to have been rejected." Cal. Gov't Code § 945.4; Cal. Gov't Code §§ 905, 911.2, 945, 950.2; Los Angeles Cnty., Cal. Code § 4.04.020. Plaintiff provides no explanation as to why these statutes do not apply to his case. Nor does he provide facts suggesting that he did file a claim with the Department of Regional Planning before filing this suit. Thus, Plaintiff has not met his burden to demonstrate that the defense is neither relevant nor applicable to his claim.

      Plaintiff moves to strike Defendant's fifth affirmative defense, which states that Plaintiff fails to allege facts sufficient to constitute a cause of action. In response, Plaintiff asserts that, if that were true, the case would be dismissed by the Court pursuant to "42 U.S.C. § 1915(e)(2)(B)(ii)." (Motion to Strike at 2.) The statute Plaintiff cites, 42 U.S.C. § 1915(e)(2)(B)(ii), does not exist. However, 28 U.S.C. § 1915(e)(2)(B)(ii), which governs *in forma pauperis* ("IFP") proceedings, provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Thus, if Plaintiff intended to cite to the IFP statute, he is asserting that the Court would have already dismissed the case pursuant to the statute. However, 28 U.S.C. § 1915(e)(2)(B)(ii) only applies to IFP proceedings. *See* 28 U.S.C. § 1915. Furthermore, the statute is not applicable to Plaintiff's case because the Court denied Plaintiff's IFP application on January 24, 2023. (*See* Dkt. No. 9.) Therefore, Plaintiff's argument is without merit.

      Defendant's sixth affirmative defense states that, "Plaintiff took title to his property with a prior executed and recorded open space dedication document prohibiting the placement of structures on Plaintiff's property." (Answer at 3.) Plaintiff moves to strike this affirmative defense as insufficient as a matter of law and fact because Defendant did not provide "any evidence or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-9203-MEMF (KS)                                           Date: May 2, 2023

Title   *Clinton Brown v. Clark R. Taylor*

reasoning" in support of the defense. (Motion to Strike at 3.) An affirmative defense may be insufficient as a matter of pleading, but here, Defendant provided the necessary ultimate facts in his defense that would allow Plaintiff, the title holder, to formulate a response. *See Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *see also* FED. R. CIV. P. 8.

Defendant's sixth (prior executed and recorded open space dedication document), seventh (no reasonable investor expectations to place solar facilities on the property), and eighth (most or all possible use of Plaintiff's property not lost under applicable land use regulations) affirmative defenses are relevant to Plaintiff's claim under the Takings Clause of the Fifth Amendment because the defenses raise questions of fact applicable to the elements of Plaintiff's claim. *See Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978) ("*Penn Central*"). In *Penn Central*, the Supreme Court established three factors that must be considered to determine whether a regulation amounts to a taking: (1) the economic impact on the property owner; (2) the extent to which the regulation interferes with investment-backed expectations in the land; and (3) the character or extent of the government action. *Id.*

Defendant's sixth affirmative defense, which states that Plaintiff took title to his property with a prior executed and recorded open space dedication document prohibiting the placement of structures on Plaintiff's property, is relevant to the second element of Plaintiff's takings claim. *Id.* If Plaintiff knew of the dedication, then he could not have reasonably expected to gain investments through the Solar Farm. *See Dodd v. Hood River Cnty.*, 136 F.3d 1219, 1230 (9th Cir. 1998) (finding that the plaintiff landowners did not have a reasonable investment-backed expectation of being allowed to build a retirement home in a Forest Use Zone due to existing state law). Defendant states that Plaintiff "has no reasonable investor expectations" in his seventh defense. (Answer at 3.) In his eighth defense, Defendant states that "Plaintiff has not lost most or all of possible use of his property under applicable land use regulations." (*Id.*) All three defenses are relevant to Plaintiff's claim under the Fifth Amendment. Defendant's Answer gives Plaintiff fair notice of the nature of these three affirmative defenses and Plaintiff has not alleged any facts or law demonstrating that the allegations are untrue or irrelevant. Thus, Plaintiff's motion to strike Defendant's sixth, seventh, and eighth affirmative defenses must be denied.

Based on the above, Plaintiff's Motion to Strike is DENIED.

/ /
/ /
/ /
/ /
/ /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-9203-MEMF (KS)                                                   Date: May 2, 2023

Title   *Clinton Brown v. Clark R. Taylor*

**MOTION FOR DEPOSIT**

### I. BACKGROUND

On March 22, 2023, Plaintiff filed the Motion for Deposit pursuant to Federal Rule of Civil Procedure § 71.1(j)(1) requesting that the Court direct Defendant to deposit prejudgment interest for the alleged taking of his land in accordance with 40 U.S.C. § 3116(a)(2). (*See* Motion for Deposit.)  On April 5, 2023, Defendant filed an Opposition to Plaintiff's Motion for Deposit. (*See* Dkt. No. 43.)  Plaintiff filed a Reply to Defendant's Opposition on April 6, 2023. (*See* Dkt. No. 44.)

### II. LEGAL STANDARDS

Rule 71.1 governs the procedural process of the condemnation of real and personal property under the power of eminent domain. *See* FED. R. CIV. P. 71.1(a); *see also U.S. v. 191.07 Acres of Land*, 482 F.3d 1132, 1136 (9th Cir. 2007) (noting that direct condemnation proceedings are governed by former Rule 71A, which has been redesignated as Rule 71.1).  Rule 71.1 only applies to actions brought by the government against an individual with an interest in the real or personal property it seeks to condemn.  *See KLK, Inc. v. U.S. Dept. of Interior*, 35 F.3d 454, 455 n.1 (9th Cir. 1994).  Therefore, Rule 71.1 does not apply to "inverse condemnation" claims where a landowner seeks to recover just compensation for a taking of their property.  *Id.* (noting that Rule 71.1 governs "straight" or "traditional" condemnation in which the government initiates condemnation proceedings against the property before seizing it).  If a plaintiff in a direct condemnation action is required or permitted by statute to deposit money with the court, it must do so in accordance with Rule 71.1(j)(1).  FED. R. CIV. P. 71.1(j)(1).  Generally, plaintiffs are required to make deposits with the court in cases where the plaintiff is exercising eminent domain.  *Id.*

In direct condemnation actions, a court can award interest as part of the final judgment in accordance with 40 U.S.C. § 3116.  *See* 40 U.S.C. § 3116.  The interest allowed under 40 U.S.C. § 3116 is an element of just compensation and included in the final judgment to compensate for any delay in the payment of the property.  *See U.S. v. 50.50 Acres of Land*, 931 F.2d 1349, 1353 (9th Cir. 1991) (noting that in proceedings to condemn land the government may be obligated to pay interest if the disbursement of funds is delayed).  Thus, the interest is a part of the just compensation award.  *Id.*

/ /
/ /
/ /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-9203-MEMF (KS)                                     Date: May 2, 2023

Title      *Clinton Brown v. Clark R. Taylor*

### III.  ANALYSIS

Here, Plaintiff asserts that "pursuant to F.R.C.P. 71.1(j)(1), a deposit must be made as a condition for the exercise of a Taking, and the distribution of such deposit must be distributed expeditiously." (Motion for Deposit at 1.) However, as Defendant correctly emphasizes in his Opposition, Rule 71.1(j)(1) does not apply to the instant matter. (*See* Dkt. No. 43 at 3.) Rule 71.1(j)(1) only applies to direct condemnation proceedings, FED. R. CIV. P. 71.1, and Plaintiff has filed an inverse condemnation claim under the Fifth Amendment Takings Clause against the Defendant, Complaint. Thus, the deposit requirement set forth in Rule 71.1(j)(1) does not apply to Plaintiff's claim, and Plaintiff is not entitled to a prejudgment deposit.

In his Reply, Plaintiff asserts that he is seeking the deposit of interest pursuant to 40 U.S.C. § 3116(a)(2). (*See* Dkt. No. 44 at 1.) However, Plaintiff is not entitled to a deposit under 40 U.S.C. § 3116(a)(2) either because the Court has not found that a taking of his property has occurred. The Court cannot award interest without first finding that a taking has occurred and awarding just compensation. Thus, the statutes that Plaintiff cites are inapplicable, and Plaintiff is not entitled to a deposit of interest.

Accordingly, Plaintiff's Motion for Deposit is DENIED.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | gr |