CLINTON BROWN, Pro Se
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>      Plaintiff,<br><br>vs.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING (I),<br><br>      Defendant. | CASE NO. 2:22-cv-09203-MEMF-KS<br><br>**Motion to Accept, Reject, or Modify Magistrate's Order (IN PART)**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Magistrate Judge:** Karen L. Stevenson<br><br>**Action Filed:** 12/17/2022<br><br>**Action Due:** 01/12/2023 |

**MOTION TO ACCEPT, REJECT, OR MODIFY MAGISTRATE'S ORDER (IN PART)**

**NOTICE TO THE DISTRICT JUDGE**, The Plaintiff filed a Motion to Strike (Dk. 35) pursuant to *F.R.C.P 12(f)* to strike all eight (8) of Defendant's affirmative defenses. Defendant filed an opposition (Dk. 45), and on the same day, Plaintiff served a notice of no reply to the Defendant and the Court. (Dk. 46). *F.R.C.P. 12(f)* permits a court to strike a matter from a pleading on its own, and several courts have interpreted this provision as allowing courts to consider untimely motions to strike. The Court has the discretion to consider a motion to strike if it has merit. (*Brown v. Taylor, AICP, The Los Angeles County of Department of Regional*

*Planning (I), 2:22-cv-09203, (C.D. Dk. 53, 3, p. 1), May 2, 2023*. A motion to strike is disfavored in some Courts. (*Id.*, 2, p. 3). Nevertheless, a motion to strike should be granted by the Court if it simplifies the trial process or helps resolve the case more efficiently. (*Hart v. Baca, 204 F.R.D. 456, 457, p. 4, (C.D. Cal. 2001); Whittlestone, Inc. v. Handi–Craft Co., 618 F.3d 970, 973, p. 4, (9th Cir. 2010).* (Collecting cases).

*F.R.C.P. 1* and *F.R.E. 1* emphasize that the Court administers these rules to secure a just, speedy, and inexpensive determination in every action and proceeding. Thus, pursuant to *28 U.S.C. § 636(b)(1)(C)*, the District Judge is asked to *de novo* review the specific portions of the order (Dk. 53) to which objections have been raised and grant partial relief pursuant to *F.R.C.P. 56(g)*.

## UNDISPUTED FACTS

There is no dispute that the Plaintiff submitted an application on November 28, 2020, to the Los Angeles County Department of Building and Safety, requesting a permit to install a Solar Farm on the *locus*. There is no dispute that the Los Angeles County Department of Building and Safety directed Plaintiff to submit a new application on August 31, 2021, and voided the original application. There is no dispute that on September 1, 2021, the Los Angeles County of Building and Safety issued an Agency Referral for Defendant's signature. There is no dispute that the application was denied by the Defendant on October 12, 2021, on the grounds that utility scale solar facilities are not permitted in Significant Ecological Areas ("SEA"). There is no dispute that the SEA encompasses the entire property. The Defendant did not address, but it is indisputable, that the effective date of the Santa Monica Mountains North Area Ordinance was on June 3, 2021. (Dk. 10, 2, line lines 2-4).[1] The Court may take notice of facts that are not

---

[1] Dk. 10 is the Answer, Page and Lines refer to Dk. 1, the Complaint for cross-reference.

subject to reasonable dispute in that they are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. *(Cortina v. Goya Foods, Inc., 94 F. Supp. 3d 1174, 1181, p.1, (S.D. Cal. 2015)*[2]. It is undisputed that the project was denied because it was *wholly within* the Santa Monica Mountains North SEA. (Emphasis added). (Dk.10, 4, lines 6-10, 12-19). It is undisputed that the plans for the Solar Farm covered the entire parcel. (Dk.10, 4, lines 23-25). It is undisputed, although Defendant denies on lack of information that an environmental report was submitted as part of the application process. (Dk. 10, 4, line 26-28). It is undisputed that an environmental report is necessary to assess the potential impact of the proposed project, and there is no dispute that the Defendant did not conduct a review of such report. There is no dispute that the Defendant, in his official capacity, sent the rejection letter to the Plaintiff on October 12, 2021. (Dk. 10, 2, lines 17-20, 22-23, 25-26 and 28). There is no dispute that the Defendant's answer was final. (Dk. 42, 4).

It is undisputed, that this Court should not overturn the decision of public officials, unless it is evident that their action lacks a reasonable basis and is an arbitrary or irrational exercise of power that bears no significant relation to the public health, morals, safety, or welfare. *(Nectow v. Cambridge, 277 U.S. 183, 185 p. 1, 188-189, p. 1. 48 S. Ct. 447 (1928).*

*In summa*, the foregoing facts are indisputable. The effect of the indisputable facts is that the Plaintiff has been unable to use his property for the intended purpose *or any other use whatsoever*.[3] (Emphasis added).

---

[2] https://planning.lacounty.gov/wp-content/uploads/2022/10/Santa-Monica-Mountain-North-Area-Plan.pdf Santa Monica Mountains North SEA, June 3, 2021, Plan.
https://planning.lacounty.gov/wp-content/uploads/2022/10/Board-Adoption.pdf Board of Supervisors adoption of Santa Monica North SEA, Plan

[3] https://pw.lacounty.gov/sur/nas/landrecords/tract/MB1099/TR1099-094.pdf Tract Map 33128, May 24, 1985, 1, para 1.

**Motion to Accept, Reject, or Modify Magistrate's Order (IN PART)**

## DISPUTED APPLICATION OF THE LAW

Under Fifth Amendment jurisprudence, the clearest sort of Taking, is a categorical Taking. (Citations omitted). A categorical Taking occurs when a "regulation" denies all economically beneficial use of land, *making it unnecessary to balance other factors like reasonable investment-backed expectations and legitimate government interests.* (Emphasis added). *(Dodd v. Hood River Cty.,136 F.3d 1219, 1228, para 4, (9th Cir. 1998).*

*Penn Central (1978)* is thus not the correct application of law in the instant case. (Dk. 53, 5, para 2). A categorical Taking denies all economically beneficial or productive use of land and *will require compensation under the Takings Clause*. (Emphasis added), *Murr v. Wisconsin, 137 S. Ct. 1933, (2017) (citing Palazzolo v. Rhode Island, 533 U.S. 606, 617 (2001) (quoting Lucas, supra, at 1015));* (Collecting cases). Just Compensation is required for a temporary Taking under the Fifth Amendment, *etiam. (First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, 482 U.S. 304, 318, para 2, (1987).* The government must pay for what it takes. (*Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 535 U. S. 302, 322, para 2. (2002.)*

The Defendant "physically" occupies the land without title and excludes the titled owner from complete access, even banning structures for the purpose of the improvement of the land. Whenever a regulation results in a physical appropriation of property, a *per se* Taking has occurred, and *Penn Central* has no place. (*Cedar Point Nursery v. Hassid, 141 S. Ct. 2063, 594 U.S. ___ (2021), p. 7, para. 1)* Government action, even if it arises from a regulation, is equally considered a physical Taking as directly appropriating the property itself. (*Cedar, supra*) (*Horne v. Department of Agriculture, 576 U.S. 351, 357 (2015); Lingle v. Chevron U.S.A. Inc., 544 U.S. 528, 538 (2005).* (Collecting cases).

When the government physically acquires private property for public use,

the Takings Clause imposes a clear and categorical obligation to provide the owner with Just Compensation. The government commits physical Taking when it uses its power of eminent domain to formally condemn property. The same is true when the government *physically takes possession of property without acquiring title to it*. (Emphasis added). The essential question under the Takings Clause is whether the government has physically taken property for itself or someone else, *by whatever means*, or has instead restricted a property owner's ability to use his own property. (Emphasis added). If the Plaintiff were to build a structure without obtaining a permit the government would force the removal of the structure, as it is the Defendant who occupies the land, even though the Defendant does not hold title. (Dk. 43, 3, lines 11-15).

*Knick* is the sole reason that this Court has original jurisdiction in this case. *42 U.S.C. § 1983* is an extraordinary remedy for a Plaintiff to use to seek redress for a Constitutional deprivation of any right, under the color of the law. Thus, the Constitution guarantees a Federal forum for a plausible violation, without regard to the exhaustion of administrative remedies, if any. Unlike the States or the County, Congress has the authority to require that administrative remedies be exhausted before bringing a Constitutional claim. (*Knick, supra, 5-4 decision*) (*Peyman Pakdel, et ux. v. City and County of San Francisco, California, et al., 594 U.S. ____ (2021) (per Curium, 9-0 decision).*

### STRIKE AS A MATTER OF LAW

The *Williamson County* state-litigation requirement was overruled. The Defendant's October 21, 2021 rejection letter lacked notice, process, or procedure for any recourse from one government official's decision. (Dk. 42, 4). Therefore, this claim is ripe, satisfying *Williamson County's* "finality" requirement. *(Pakdel, supra)*. As a result of this misapplication of the law, the Defendant has failed, at a minimum, to provide fair notice to the Plaintiff. The Defendant has also failed to

adhere to the stricter pleading requirements established in Twombly/Iqbal, which are often applied by courts when evaluating affirmative defenses. *(Dodson v. Munirs Co., 2013 U.S. Dist. LEXIS 85768, 14, p. 2, (E.D. Cal. June 17, 2013).* Thus, this appeal.

Affirmative defenses no. 1-8 must be stricken, *as a matter of law*. (Emphasis added). The law requires that insufficient defenses be stricken. (Dk. 53, 5, para 1). The Defendant claims that "none of the defenses are improper on their face." (Dk. 45, 2, line 12). *Ipse dixit*, there is no question of fact, no application of law, and no defense that could succeed with the affirmative defenses pled.

The Plaintiff is entitled, pursuant to *42 U.S. Code § 1983* and affirmed in *Knick* that Congress, unlike local and state governments, have the authority to require that administrative remedies be exhausted prior to a Constitutional claim. The commonality in all the affirmative defenses pled, by the Defendant, is that the Plaintiff is required to do "something" prior to seeking a Federal forum for his claim. No. 1 – No. 8 all require some sort of action by the Plaintiff prior to filing a claim under *42 U.S. Code § 1983*. Los Angeles County, a local municipality, and by far the most populous in the Country, is also subject to acts of Congress and required to adhere to the Constitution. In the instant case, there is no fact, no application of law or no defense that the Defendant has claimed to deny the Plaintiff recovery, either partially or fully. Therefore, fair notice, *at a minimum*, is just not here. (Emphasis added).

Whether the government does nothing or puts forth insufficient affirmative defenses, such as in this case, the fact remains that Just Compensation rests upon the Fifth Amendment. No prior or subsequent action by the government can remedy a Taking, except for, Just Compensation with interest. (*Knick, Id*.). Just as no prior or subsequent action taken by the Plaintiff would result in a remedy, except for, Just Compensation with interest. (Dk. 42, 3, 4 respectively).

## DISTRIBUTION OF INTEREST

"It [The Judiciary] may truly be said to have neither FORCE nor WILL, but merely judgment.[4] (Original emphasis added). [T]he notion . . . that title is somehow held subject to the 'implied limitation' that the State may subsequently eliminate all economically valuable use is inconsistent with the historical compact recorded in the Takings Clause that has become part of our Constitutional culture. (Citations omitted).

Whatever circumstances, nearly 40 years ago, that led to a "dedication" without vesting title to the County does not preclude it from paying Just Compensation when a categorical Taking has occurred. The County has the option to take title, *at its discretion*, under the power of eminent domain, but instead has chosen to categorically deny the Plaintiff any economical use of the property, without due process of law, and at the same time, continuing to collect taxes. (Dk. 43, 3, line 15). The government's position is that regardless of private ownership, this *locus* is categorically denied all economic use, except for the luxury of paying property taxes. (Dk. 38, 4-11). A categorical Taking has occurred without question and this Court should declare so.

The necessity of the deposit and distribution of interest does not derive from the Federal Rules of Civil Procedure, it originates from the Fifth Amendment and Congress, and thus Just Compensation is owed contemporaneously on the date of the Taking, and interest thereafter. (*Knick, infra*). The Fifth Amendment's right to Just Compensation arises at the time of the Taking, regardless of post-Taking remedies that may be available to the property owner. A property owner found to have a valid Takings claim is entitled to compensation as if it had been paid contemporaneously with the Taking; that is, *the compensation must generally*

---

[4] The Federalist No.78, para 7, (1788).

**Motion to Accept, Reject, or Modify Magistrate's Order (IN PART)**

*consist of the total value of the property when taken, plus interest from that time.* (Emphasis added). (*Knick, infra*)

The Fifth Amendment is Self-Executing, but prosecuting an inverse eminent domain claim is a substantial financial burden, in addition to the burden already suffered, on the Plaintiff. The Constitution requires that a Taking be paid contemporaneously and thus not cause further harm to the Plaintiff. The government's inherent authority to Take property for the public use and the public's obligation to pay for a Taking should be carefully considered as well.

Plaintiff is seeking a deposit and distribution of interest owed for the Taking, not a determination of Just Compensation. *Interest is owed pursuant to 40 U.S.C. § 3116(a)(2).* Interest is a question of fact for the trial Court, not the jury, as the right of interest rests upon the Fifth Amendment. The authority to deposit and distribute interest does not rest on *F.R.C.P.*, it rests upon the Constitution. A State, by i*pse dixit*, may not transform private property into public property without compensation." *(Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155, 164, 1980).*

A violation of the Constitution under the color of law and without due process is a grave abuse of power at any level of government. In this case, a Taking has occurred, and the Plaintiff seeks partial relief from this Court under *F.R.C.P. 56(g)*. The Plaintiff requests an interim interest amount of $1,276,317 in accordance with *40 U.S.C. § 3116(a)(2)*. This interest accrued on the *locus* value of $32,400,000 over a two-year period, from October 12, 2021, to April 20, 2023. The interest calculation is based on the DGS1 weekly yield data, with an average yield of 1.63% for the first year and 4.62% for the second year. Specifically, the interest earned for each year amounts to $527,520 and $748,797, respectively.[5]

---

[5] Market Yield on U.S. Treasury Securities at 1-Year Constant Maturity, Quoted on an Investment Basis, Percent, Weekly. https://fred.stlouisfed.org/graph/?g=12IrF

**Motion to Accept, Reject, or Modify Magistrate's Order (IN PART)**

"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

*[signature]*

Clinton Brown							05/11/2023