DAWYN R. HARRISON, County Counsel
STARR COLEMAN, Assistant County Counsel
THOMAS R. PARKER, Senior Deputy County Counsel
(SBN 141835) • TParker@counsel.lacounty.gov
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-1834
Facsimile: (213) 613-4751

Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Jonathan Fang, State Bar No. 279106
E-Mail: jfang@hurrellcantrall.com
HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES
COUNTY DEPARTMENT OF REGIONAL PLANNING

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN, <br><br> Plaintiff, <br><br> v. <br><br> CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING, <br><br> Defendants. | Case No. 2:22-cv-09203-MEMF-KS <br><br> **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ACCEPT, REJECT, OR MODIFY MAGISTRATE'S ORDER (IN PART)** <br><br> Assigned to: <br> Hon. Maame Ewusi-Mensah Frimpong <br> Courtroom "8B" <br><br> Magistrate Judge Karen L. Stevenson <br> Courtroom "580" |

TO THE HONORABLE COURT AND PLAINTIFF:

Defendant CLARK R. TAYLOR. AICP. THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING ("Defendant") hereby oppose Plaintiff's Motion to Accept, Reject, or Modify Magistrate's Order (IN PART).

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The Court should deny *pro se* Plaintiff Clinton Brown's Motion to Accept, Reject, or Modify Magistrate's Order (IN PART). (ECF No. 55.)

First, as Mr. Brown filed his motion without forewarning, he has failed to comply with this District's strict meet and confer requirements. (*See* L.R. 7-3.) On this basis alone, the Court may reject Mr. Brown's motion. (L.R. 7-4.)

Second, it is unclear under what grounds Mr. Brown is filing his motion – it is titled a Motion to Accept, Reject, or Modify Magistrate's Order, but seeks a review under 28 U.S.C. § 636(b)(1)(C) and a ruling under a motion for summary judgment rule F.R.C.P. 56(g) and vaguely mentions that objections have been made to specific portions of the Court's order (*see* ECF No. 55 at 2).  To make matters even more confusing, he later refers to his motion as an appeal.  (*Id.* at 6.)   However, substantively, Mr. Brown's motion seeks reconsideration, but he has failed to meet this Court's requirements for filing a reconsideration motion. (*See* L.R. 7-18.) The Court also may deny Mr. Brown's motion on this alternative basis.

Finally, were the Court inclined to reach the substance of Mr. Brown's motion, it plainly lacks any merit and may be rejected for that additional reason.

**II.   BACKGROUND**

On March 19, 2023, Mr. Brown filed the Motion to Strike, pursuant to F.R.C.P. 12(f) on the grounds that all of Defendant's affirmative defenses must be stricken as, inter alia, insufficient as a matter of law. (*See* ECF No. 35.)  Mr. Brown failed to set a hearing date in his Motion to Strike. (*Id.*) Defendant filed an Opposition to the Motion to Strike on April 10, 2023. (ECF No. 45.) Mr. Brown filed no reply.

On March 22, 2023, Mr. Brown filed the Motion for Deposit pursuant F.R.C.P. § 71.1(j)(1) requesting that the Court direct Defendant to deposit prejudgment interest for the alleged taking of his land in accordance with 40 U.S.C. § 3116(a)(2). (*See* ECF No. 43.) Mr. Brown failed to set a hearing date in his Motion for Deposit. (*Id.*) On

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE   (213) 426-2000

1  April 5, 2023, Defendant filed an Opposition to Mr. Brown's Motion for Deposit. (*See*
2  ECF No. 43.) Mr. Brown filed a Reply to Defendant's Opposition on April 6, 2023.
3  (*See* ECF No. 44.)

4      On May 2, 2023, the Court denied both Mr. Brown's Motion to Strike and Mr.
5  Brown's Motion for Deposit.  (*See* ECF No. 53.)  On May 11, 2023, Mr. Brown filed
6  his Motion to Accept, Reject, or Modify Magistrate's Order.  (ECF No. 55.)  Mr.
7  Brown once again, failed to set a hearing date for this Motion.  (*Id.)*  Mr. Brown never
8  contacted Defendant's counsel to inform them of his intention to file such a motion
9  or to discuss the substance of his motion and any potential resolution. (Declaration of
10 Jonathan Fang ("Fang Decl.") ¶ 2.)

11 **III.   PLAINTIFF'S MOTION FAILS TO COMPLY WITH LOCAL RULE 7-**
12 **3**

13     This District's Local Rules outline specific requirements for motion practice.
14 Under Local Rule 7-3, a party must "first contact opposing counsel to discuss
15 thoroughly, preferably in person, the substance of the contemplated motion and any
16 potential resolution" at least seven days before filing a motion.

17     Mr. Brown undisputedly did not comply with this requirement, and in fact,
18 never informed Defendant of his intention to file his motion. (Fang Decl. ¶ 2.) His
19 failure to do so is sufficient grounds for the Court to summarily deny the motion.

20     Mr. Brown's *pro se* status does not excuse his failure, as Local Rule 1-3 makes
21 clear that the Local Rules apply equally to *pro se* litigants. Moreover, having availed
22 himself of this forum on at least two other occasions, and having actively participated
23 in motion practice throughout this litigation, Mr. Brown must be aware of and should
24 be required to abide by this District's Local Rules.

25 / / /

26 / / /

27 / / /

28 / / /

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

3

**IV.** <u>**PLAINTIFF'S MOTION FAIL TO MEET THIS DISTRICT'S REQUIREMENTS FOR RECONSIDERATION MOTION**</u>

Mr. Brown's motion also fail to meet the requirements of Local Rule 7-18. Although Mr. Brown's motion is nominally a "Motion to Accept, Reject, or Modify Magistrate's Order (IN PART)" under 28 U.S.C. § 636(b)(1)(C), this District requires that such motion to modify comply with Local Rule 7-18. *See Capitol Records, LLC v. Bluebeat, Inc., No. 09-cv-8030-JFW (JCX), 2009 WL 10681964, at \*1 (C.D. Cal. Dec. 16, 2009)*. "While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Id*. (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)); *see also 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)* ("[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."). For this reason, Local Rule 7-18 requires that a movant demonstrate at least one of multiple grounds before the Court expends the time and effort to reconsider a prior ruling:

A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

/ / /

/ / /

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

1  Mr. Brown's motion satisfy none of these requirements. For example:

2       • He points to no new or different factual matters that the Court did not
3       previously consider.

4       • He does not show that the Court failed to consider any material facts.

5       • He does not cite any intervening controlling law decided after the Court issued
6       its May 2, 2023 Order.

7       Instead, in regard to his Motion to Strike (*see* ECF No. 35), Mr. Brown alleges
8  that the "Affirmative defenses no. 1 -8 must be stricken, as a matter of law" and "there
9  is no question of fact, no application of law, and no defense that could succeed with
10 the affirmative defenses pled" (*see* ECF No. 55 at 5.)  Mr. Brown rambles and asserts
11 conclusory "there is no fact, no application of law or no defense that the Defendant
12 has claimed to deny the Plaintiff recovery, either partially or fully." *Id.*  Similarly, in
13 regard to his Motion for Deposit and Distribution (*see* ECF No. 43), Mr. Brown argues
14 once again that "Interest is owed pursuant to 40 U.S.C. § 3116(a)(2)" because "a
15 Taking has occurred." (*See* ECF No. 55 at 8.)  Mr. Brown states that he seeks partial
16 relief under F.R.C.P. 56(g) which is only applicable when a Court does not grant all
17 relief requested by a motion for summary judgment or a motion for partial summary
18 judgment.  Mr. Brown fails to provide any new material facts and just re-iterates his
19 same conclusory position that was already considered and denied by this Court.  (*See*
20 ECF No. 53.)

21      For these reasons, Mr. Brown's motion should be summarily denied for failure
22 to satisfy Local Rule 7-18's requirements. *See, e.g.*, *Olander Enterprises, Inc. v.*
23 *Spencer Gifts, LLC*, No. 09-1372, 2011 WL 13225062, at *2 (C.D. Cal. Oct. 21,
24 2011).

25 / / /

26 / / /

27 / / /

28 / / /

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

5

**V.   IF THE COURT IS INCLINED TO REACH THE MERITS, MR. BROWN'S ASSERTIONS ARE SIMPLY INCORRECT**

**A.   Plaintiff's Motion to Strike Affirmative Defenses**

Mr. Brown asserts that Defendant has failed to adhere to the stricter pleading requirements established in Twombly/Iqbal and "Affirmative defenses no. 1 -8 must be stricken, as a matter of law" (*see* ECF No. 55 at 6) while re-iterating the same arguments from his original motion to strike. (*See* ECF No. 35.)  None of these assertions warrant serious consideration. These issues are simply not new issues.  The Court correctly held that Plaintiff has not met his burden to show that "there are no questions of fact, that any questions of law are clear and not in dispute, and under no set of circumstances could the defense succeed" when they denied his Motion to Strike.  (*See* ECF No. 53 at 3-7.)

**B.   Plaintiff's Motion for Deposit and Distribution**

Mr. Brown once again conclusory asserts that a taking of his property has occurred and that a deposit of interest is owed pursuant to 40 U.S.C. § 3116(a)(2) while re-iterating the same arguments from his reply in support of his motion for deposit and distribution. (*See* ECF No. 44 at 1.)  Once again, these issues are simply not new issues and do not warrant serious consideration.  Mr. Brown is not entitled to a deposit of interest because the "Court has not found that a taking of his property occurred." (*Id.* at 7.)  As this Court stated in its Order the "Court cannot award interest without first finding that a taking has occurred and award just compensation." (*Id.*)  Therefore, 40 U.S.C. § 3116(a)(2) is inapplicable, and Mr. Brown is not entitled to a deposit of interest.

**VI.   CONCLUSION**

Mr. Brown's serial motion and filings continue to be vexatious and frivolous and create an unnecessary burden on the time and resource of this Court and Defendant. The Court can and should summarily deny the motion--whether based on Mr. Brown's failure to meet and confer under Local Rule 7-3, his failure to satisfy the

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

1    requirements for a reconsideration motion under Local Rule 7-18, or the lack of

2    substantive merit to his positions.

3

4    DATED:  May 25, 2023              HURRELL CANTRALL LLP

5

6

7                                 By:     /s/ Jonathan Fang

8                                      THOMAS C. HURRELL
                                       JONATHAN FANG
9                                      Attorneys for Defendants, CLARK R.
                                       TAYLOR, AICP, THE LOS ANGELES
10                                     COUNTY DEPARTMENT OF
                                       REGIONAL PLANNING
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE   (213) 426-2000

7