CLINTON BROWN, Pro Se
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>      Plaintiff,<br><br>vs.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>      Defendant. | CASE NO. 2:22-cv-09203-MEMF-KS<br><br>**Status Report**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Magistrate Judge:** Karen L. Stevenson<br><br>**Action Filed:** 12/17/2022<br><br>**Action Due:** 01/12/2023 |

## STATUS REPORT

**NOTICE TO THE COURT**, pursuant to Dk. 26 a Status Report is submitted to the Court.

**(a) a summary of the proceedings to date and a statement of the principal issues raised by the case;**

      On December 17, 2022, Plaintiff initiated this action by filing a civil rights Complaint pursuant to *42 U.S.C. § 1983*. (Dk. 1). Plaintiff alleges that the Defendant, the Los Angeles County Department of Regional Planning, wrongfully denied Plaintiff's application to construct a solar facility on his private property. The Plaintiff alleges that the denial constitutes a Taking without Just Compensation, in violation of the Takings Clause of the Fifth Amendment. (Id. at 3-7.)

On January 30, 2023, the Defendant filed an Answer to the Complaint. (Dk. 10).

On March 19, 2023, the Plaintiff filed a Motion to Strike. (Dk. 35). The Defendant filed an opposition on April 10. (Dk. 45). On the same day, the Plaintiff filed a notice of no reply. (Dk. 46).

On March 22, 2023, the Plaintiff filed a Motion for Deposit and Distribution. The Defendant filed an opposition on April 5, 2023. (Dk. 43). On April 6, 2023, the Plaintiff filed a reply. (Dk. 44).

On May 2, 2023, the Court DENIED Plaintiff's motions. (Dk. 53).

On May 11, 2023, the Plaintiff filed a Motion to Accept, Reject, or Modify Magistrate's Order (IN PART). (Dk. 55). On May 25, 2023, the Defendant filed an opposition. (Dk. 56). On the same day, the Plaintiff filed a notice of no reply. (Dk.57).

 On May 26, 2023, the Plaintiff filed a Notice of Supplemental Authority for the *de novo* review of the denied motions. (Dk. 58).

On June 22, 2023, the Plaintiff filed a Request for Judicial Notice citing an ongoing Fifth Amendment violation. (Dk. 59).

The principal issue in this case is whether the actions by the Defendant constitute a Taking under the Fifth Amendment; and if so, what is the amount of Just Compensation.

**(b) a statement informing the Court whether all parties have been served and, if not, a proposed deadline by which service will be completed;**

On May 2, 2023, all parties had been served pursuant to Dk. 27. (Dk. 54).

**(c) a statement informing the Court whether other parties will be added or amended pleadings will be filed and, if so, a proposed deadline by which those steps will be taken;**

No additional parties will be added at this time. The Plaintiff reserves the right

to file a supplemental or amended pleading against the Defendant in their personal capacity. *(Clinton Brown v. Clark R. Taylor, No. 2:23-cv-03366, Dk. 8, (C.D. Cal. May 18, 2023)).* The decision to supplement or amend the pleadings will be made prior to the expiration of any applicable statutory limitations.

**(d) a description of any discovery completed and a schedule for any future discovery;**

On April 2, 2023, the Plaintiff filed a Motion to Limit Scope of Discovery. (Dk. 41).

On April 14, 2023, the Plaintiff filed a Notice to Set Briefing Schedule for the motion. (Dk. 49).

This motion was submitted to the Court in good faith. Although, the Court has broad discretion considering motions on its docket a notification to the parties would suffice as a just, speedy, and inexpensive determination in this matter.

**(e) a list of contemplated motions, if any, along with proposed dates for the filing and hearing of such motions;**

On April 2, 2023, the Plaintiff filed a Motion for Injunctive Relief. (Dk. 42).

On April 14, 2023, the Plaintiff filed a Notice to Set Briefing Schedule for the motion. (Dk. 49).

The motion was submitted to the Court in good faith, with the understanding that the Court would consider the matter at its discretion, irrespective of whether a hearing date was scheduled, a hearing time was set, or a hearing was waived.

**(f) an estimate of the time likely to be required for trial, and a statement as to whether trial by jury is desired and has been properly requested;**

The duration of the trial could range from a few minutes to several days, or it may not occur at all. Given the clear-cut nature of the legal question at hand, particularly considering the type of Constitutional violation alleged, it is hard to envision a scenario where the fact-finding process at trial would be unduly

prolonged, potentially leading to increased costs for both the Public and the Plaintiff.

Yes, a trial by jury has been properly requested. (Dk. 1).

**(g) a description of any settlement negotiations that have occurred, and a recommendation as to the form of settlement conference or other method of alternative dispute resolution that would be most appropriate given the nature of this case; and**

No. However, the Plaintiff has communicated to the Defendant that, contingent upon the resolution of the legal question by the Court in this controversy, the Board of Supervisors should be prepared to engage in settlement negotiations.

**(h) any suggestions the parties may wish to make regarding the management of this action.**

Yes. Given that this case hinges on a fundamental question of Constitutional law about the Fifth Amendment, we believe that a determination on this issue could potentially resolve the case without the need for a trial. We respectfully request the Court's timely consideration of our pending motions and/or a resolution that ensures a just, speedy, and inexpensive determination for all parties in this controversy.

If the Court resolves this legal question in our favor, a trial may not be necessary, and we would seek to negotiate a settlement in terms of Just Compensation.

"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

Clinton Brown                                                                                                    07/10/2023

**STATUS REPORT**