UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.   CV 22-9203-MEMF (KS)                                      Date: July 12, 2023

Title   *Clinton Brown v. Clark R. Taylor*

Present: The Honorable:   Karen L. Stevenson, Chief United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO LIMIT SCOPE OF DISCOVERY [DKT. NO. 41]**

The Court is in receipt of Plaintiff's Motion to Limit Scope of Discovery ("Motion"), in which Plaintiff requests that the Court strike Defendant's First Set of Requests for Production of Documents and Things to Plaintiff Clinton Brown. (Dkt. No. 41.) Plaintiff objects to the discovery requests on the grounds that the requested material is "already available in the public record" and that the requests "are duplicative and the demand for Plaintiff's family records are outside the scope of discovery, . . . ." (*Id.*) The Motion is DENIED.

First, the Court generally involves itself in the discovery process "[o]nly when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process." *Lopez v. Horel*, No. C 06-4772 SI (pr), 2007 WL 2177460, *2 (N.D. Cal. July 27, 2007). Consistent with this principle, and "[t]o promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention." *Id.* More specifically, Local Rule 37-1 requires that, prior to filing a discovery motion, the parties conduct a prefiling conference "in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible." (*See* Dkt. No. 26 ("The Court expects that the parties will resolve discovery problems among themselves whenever possible. See Local Rule 37-1.").) The pending Motion makes no reference to a prefiling conference and it does not appear that any such conference took place.[1]

---

[1] This action arose out of a rejection by the Los Angeles County Department of Regional Planning of Plaintiff's application "to install a 20 MW Solar Farm at 27250 Agoura Rd., described as 32.4 acres of vacant land, in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-9203-MEMF (KS)                                              Date: July 12, 2023

Title   *Clinton Brown v. Clark R. Taylor*


  Second, the Court's Case Management and Scheduling Order issued on February 21, 2023, set forth in detail the procedures for discovery in this proceeding. (Dkt. No. 26.) That Order expressly provided, "If no party to the action is in custody, Local Rule 37-2 governs the preparation and filing of any discovery motion, unless the parties have received Court approval by stipulation of an alternative procedure (e.g., a filing of Motion, Opposition, and Reply with specified due dates)." (*Id.* at 3.) As neither party is in custody and the Court has not relieved the parties of their obligations under the Local Rules, any discovery motion must be made by written stipulation as set forth in Local Rule 37-2. The pending Motion was not submitted in a joint submission format.

  Based upon the foregoing, the Motion is procedurally improper and is **DENIED** without prejudice to either party filing a discovery motion in compliance with this Court's Case Management and Scheduling Order and the Local Rules.

  Plaintiff is reminded that, under Rule 37, he has an obligation to serve any objections and/or responses to Defendant's discovery requests within the established deadlines unless the parties have otherwise agreed.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

---

unincorporated Los Angeles County, on November 28, 2020." (Compl. at 3-4.) Plaintiff's Motion was made in response to Defendant's three requests for production of: (1) all title insurance and indorsement documents in Plaintiff's possession related to Plaintiff's purchase and acquisition of the property at issue; (2) all "reports, memoranda, transcripts, audio recordings, video recordings, filings, photographs, letters, and other documents of any kind whatsoever, which report, memorialize, summarize, reflect, depict, or in any way discuss [Plaintiff's] file relating to [Plaintiff's] purchase and acquisition of the property"; and (3) all documents including and relating to notice disclosures provided to Plaintiff regarding his purchase and acquisition of the property. (Dkt. No. 41 at 7-8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-9203-MEMF (KS)                                             Date: July 12, 2023

Title   *Clinton Brown v. Clark R. Taylor*

    Finally, the Court acknowledges the difficulties that *pro se* litigants may face in federal court. Plaintiff may wish to avail himself of useful information for *pro se* litigants provided by the Central District's *Pro Se* Clinic at the following website, **http://prose.cacd.uscourts.gov/federal-pro-se-clinics**. The *Pro Se* Clinic provides free legal assistance to self-represented litigants in the United States District Court for the Central District of California, and is located at the Edward Roybal R. Federal Building and U.S. Courthouse, 255 East Temple Street, Suite 170, Los Angeles, CA 90012.

    **IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | gr |