CLINTON BROWN, Pro Se
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>          Plaintiff,<br><br>     vs.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>          Defendant. | CASE NO. 2:22-cv-09203-MEMF-KS<br><br>**Third Notice of Motion for Injunctive Relief**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Magistrate Judge:** Karen L. Stevenson<br><br>**Action Filed:** 12/17/2022<br><br>**Action Due:** 01/12/2023 |

## THIRD NOTICE OF MOTION FOR INJUNCTIVE RELIEF

**NOTICE TO THE COURT**, Dockets 42 and 59, *without a doubt*, are requests for preliminary injunctive relief resulting from the ongoing Constitutional violations perpetuated by the Defendant.[1] If that wasn't clear to the Court then, let it be so now.

## INTRODUCTION

A preliminary injunction is an extraordinary remedy never awarded as a right. (*Benisek v. Lamone, 585 U.S. ___, 138 S. Ct. 1942, 1943, 201 L. Ed. 2d 398 (2018)*). Regardless of whether injunctive relief is sought before or after a trial, [t]he basis for injunctive relief in the Federal Courts has always been irreparable harm and the

---

[1] Docket 42, Motion for Injunctive Relief, April 2, 2023, "Just Compensation not unduly burden Plaintiff and the Public."; Docket 59, Request for Judicial Notice, June 22, 2023 "tax of $37,414.00." Note: Docket 49, Notice to Set Briefing Schedule, April 14, 2023.

inadequacy of legal remedies. (*Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506–07 (1959), quoted in *Sampson v. Murray*, 415 U.S. 61, 88 (1974); *FTC v. Consumer Def., LLC*, 926 F.3d 1208, 1213 (9th Cir. 2019); *Grasso Enters., LLC v. Express Scripts, Inc.*, 809 F.3d 1033, 1039 (8th Cir. 2016); *Odebrecht Constr., Inc. v. Sec'y, Fla. Dep't of Transp.*, 715 F.3d 1268, 1288 (11th Cir. 2013)). The traditional standard for granting a preliminary injunction requires the Plaintiff to show that in the absence of its issuance he will suffer irreparable injury and also that he is likely to prevail on the merits. (*Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931, 95 S. Ct. 2561 (1975)). A preliminary injunction should be granted only if a movant can show either: (1) probable success on the merits and the possibility of irreparable injury; or (2) that serious questions are raised and the balance of hardships tips sharply in a movant's favor. Both tests are applied in the Ninth Circuit. (*Glacier Park Found. v. Watt*, 663 F.2d 882, 884, (9th Cir. 1981)). In virtually all cases applying the traditional test, the movant has the burden of persuasion that he or she is entitled to pretrial injunctive relief. *(City of San Francisco v. U.S. Citizenship & Immigr. Servs.*, 944 F.3d 773, 789 (9th Cir. 2019)).

## **TRADITIONAL STANDARD IS MET**

**1.     The moving party's likelihood of success on the merits;**

On December 17, 2022, Plaintiff initiated this action by filing a civil rights Complaint pursuant to *42 U.S.C. § 1983*. Plaintiff alleges that the Defendant, the Los Angeles County Department of Regional Planning, wrongfully denied Plaintiff's application to construct a solar facility on his private property. The Plaintiff alleges that the denial constitutes a Taking without Just Compensation, in violation of the Takings Clause of the Fifth Amendment. The Fifth Amendment says, "nor shall private property be taken for public use, without just compensation." The Defendant contends that the Plaintiff has no right to occupy *his own land with his own structure and that the government has an absolute right to prohibit any structure on his private*

*property without Just Compensation.* If that isn't a Fifth Amendment Takings violation then what is, Judge?

**2.     The likelihood that the moving party will suffer irreparable injury if the pretrial injunction is denied;**

As it stands the Plaintiff cannot use his private property for any purpose. If the Plaintiff cannot live on his property, build a structure on his property, or even put temporary solar panels on his property *then what can he do with his property?* The answer is, either lose the property to foreclosure and back taxes or break the law. The irreparable harm is undeniably clear. *Doran, supra.*

**3.     The balance of hardships or the degree to which denying the injunction may injure the moving party compared to the degree granting the injunction will harm the enjoined party;**

The Defendant as the Government has unlimited resources to ride this action out until either foreclosure or nonpayment of taxes forces the property to the County auction block; and most likely, into the possession of the Defendant. The Plaintiff will continue to willfully refuse to pay any property taxes until a permit for a structure is issued and Just Compensation is determined, irrespective of any Court order.

**4.     Whether the pretrial injunction will affect the public interest;**

The injunction will serve to save the public money by immediately moving the parties in the controversy to the issue of Just Compensation and prevent expenses to the public in potential criminal proceedings resulting from zoning law violations. *Doran, supra*.

## ANALYSIS

**The Court may deem the failure to file a timely opposition to a motion to constitute the non-movant's consent to the granting of the relief sought. See Local Rule 7-12**. (Original emphasis added). The Court and the Defendant have not

responded to the Plaintiff's request for injunctive relief. As such, a hearing on a motion for a preliminary injunction is only required if there is a dispute as to essential facts. A hearing is not required when the issues are primarily questions of law. *(Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp., 511 F.3d 535, 552 (6th Cir. 2007))*. The Court is not required to have an oral hearing on the matter. *(Vanguard Outdoor, LLC v. City of Los Angeles, 648 F.3d 737 (9th Cir. 2011))*. The Ninth Circuit has held that the refusal to hear oral testimony at a preliminary injunction hearing is not an abuse of discretion if the parties have a full opportunity to submit written testimony and to argue the matter. (*Stanley v. Univ. of S. Cal., 13 F.3d 1313, 1326 (9th Cir. 1994)*). Furthermore, the amount of security required is a matter for the discretion of the trial court; it may elect to require no security at all. *(Cont'l Oil Co. v. Frontier Ref. Co., 338 F.2d 780, 783, (10th Cir. 1964))*.

    It appears the Plaintiff is just filing papers into a blackhole while the violation continues to be a stranglehold on the Plaintiff's economic life. The Plaintiff is presumed to be telling the truth and the Defendant is presumed to be able to offer more than, *"I didn't do it and even if I did, I don't care,"* as an answer. And until the Plaintiff is proven to be a liar then that presumption of truth should carry the day. This is not a criminal trial (yet) and proof beyond a reasonable doubt is not the objective standard in this case. *Doran, supra.*

    This Court need not skirt its responsibility to make a call in the controversy before it. This case has been in this Court for eight (8) months and there have been zero (0) substantive rulings and zero (0) pushback from the Defendant, except to say that, "the County has the absolute right to prohibit structures on the property, even though we don't have title or want title." (Citations omitted). *Is there a Taking or not?* Lest the property is foreclosed on, tax debt is enforced as personal debt, and private property rights under the Federal Constitution are nonexistent then it is so.

**THEREFORE**, this Court is implored to provide a prompt hearing on this *third notice of application for injunctive relief* in the controversy at bar.

"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

*[signature]*

Clinton Brown                                                                                          07/19/2023

**THIRD NOTICE**