UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>    Plaintiff,<br><br>vs.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>    Defendant. | CASE NO. 2:22-cv-09203-MEMF-KS<br><br>**[PROPOSED ORDER] ORDER GRANTING INJUNCTIVE RELIEF** |

    Upon careful consideration of the application for injunctive relief submitted under *L.R. 65-1*, the Court hereby **ORDERS** as follows:

1. Pursuant to *28 U.S.C. § 1361* and *40 U.S.C. § 3116(a)(2)* the Defendant is **COMMANDED** to:

    (A) Sign the Agency Referral Sheet and provide the Plaintiff with a signed copy of the document within fourteen (14) days of this Order.

    (B) Deposit interest in the amount of $1,743,200 into the Court registry within fourteen (14) days of this Order.

2. The Defendant is **ENJOINED** from:

(A) Taking any action that prevents the Plaintiff from obtaining the necessary signatures for permit approval.

This **ORDER** shall be binding upon the parties to this action, their officers, agents, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this Order.

## BACKGROUND

On December 17, 2022, Plaintiff, Clinton Brown, ("Plaintiff") filed a civil rights action under *42 U.S.C. § 1983* against Clark R. Taylor, AICP, The Los Angeles County Department of Regional Planning, ("Defendant") alleging a violation of the Fifth Amendment Takings Clause. (Dk. No. 1). Specifically, Plaintiff brings an inverse condemnation action alleging that Defendant denied Plaintiff's application to install a Solar Farm on his vacant land in unincorporated Los Angeles County, asserting a categorical Taking. (Dk. 55, 4, para 1).

On November 28, 2020, the Plaintiff applied to the Los Angeles County Department of Building and Safety, seeking a permit to install a Solar Farm on 32.4 acres of vacant located at 27250 Agoura Rd., in unincorporated Los Angeles County. The Los Angeles County Department of Building and Safety directed the Plaintiff to submit a new application on August 31, 2021, and subsequently voided the original application. On September 1, 2021, the same department issued an Agency Referral Sheet for the Defendant to sign and the permit to be issued.

The Plaintiff's application was denied by the Defendant on October 12, 2021, on the grounds that utility scale solar facilities are not permitted in Significant Ecological Areas ("SEA"), which encompasses the entire property. The effective date of the Santa Monica Mountains North Area plan was on June 3, 2021. The project was rejected for being located wholly within the Santa Monica Mountains North (SEA). The plans for the Solar Farm covered the entire parcel. As part of the application process, an environmental report was submitted. Such a report is crucial

to assessing the potential impact of the proposed project. However, the Defendant did not conduct a review of this environmental report.

In his official capacity, the Defendant dispatched the rejection letter to the Plaintiff on October 12, 2021. This rejection by the Defendant was final. The Court will overturn the decision of administrative decisions, if it is evident that their action lacks a reasonable basis and is an arbitrary or irrational exercise of power that bears no significant relation to the public health, morals, safety, or welfare. As a direct result of these facts, the Plaintiff has been unable to use his property for the intended purpose *or any other use whatsoever*.

## **LEGAL STANDARD**

A property owner has an actionable Fifth Amendment Takings claim when the government takes his property without paying for it. [That] does mean that the property owner has suffered a violation of his Fifth Amendment rights when the government takes his property without just compensation, and therefore may bring his claim in Federal Court under *42 U.S.C.S. § 1983* at that time. *(Knick v. Township of Scott, 139 S. Ct. 2162, 20, (2019))*. A regulation that permanently requires a property owner to sacrifice all economically beneficial uses of his or her land is a Taking. *(Lucas v. South Carolina Coastal Council, 505 U.S. 1003, 1019, 112 S. Ct. 2886, 120 L. Ed. 2d 798 (1992))*. The Fifth Amendment's right to full compensation arises at the time of the taking, regardless of post-taking remedies that may be available to the property owner. *(Knick, at 7, supra) (citing Jacobs v. United States, 290 U. S. 13 (1933))*. A property owner found to have a valid takings claim is entitled to compensation as if it had been paid contemporaneously with the Taking; that is, the compensation must generally consist of the total value of the property when taken, plus interest from that time. *Id., at 17 (quoting Seaboard Air Line R. Co. v. United States, 261 U. S. 299, 306 (1923))*. The form of the remedy does not qualify the right. It rests upon the Fifth Amendment. *(Jacobs, at 16, supra)*. A property

owner acquires an *irrevocable right* to Just Compensation immediately upon a Taking. *(First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, 482 U. S. 304, 315, (1987)).* If a local government takes private property without paying for it, that government has violated the Fifth Amendment, just as the Takings Clause says. (*Knick, at 6, supra).* The government's post-taking actions cannot nullify the property owner's existing Fifth Amendment right: Where the government's activities have already worked a taking of all use of property, no subsequent action by the government can relieve it of the duty to provide compensation. *(First English, at 321, supra).*

## INTEREST IS PART OF JUST COMPENSATION

**"Nor shall private property be taken for public use without just compensation."** *(U.S. Const. amend. V (ratified Dec. 15, 1791).*

Such compensation means the full and perfect equivalent in money of the property taken. *(United States v. Miller, 317 U.S. 369, 373, 63 S. Ct. 276 (1943)).* [H]e is entitled to such addition as will produce the full equivalent of that value paid contemporaneously with the taking. Interest at a proper rate is a good measure by which to ascertain the amount so to be added. *(Jacobs v. United States, 290 U.S. 13, 54 S. Ct. 26 (1933); (citing Seaboard Air Line R. Co. v. United States, 261 U.S. 299, 306, (1923)).* Acts of Congress are to be construed and applied in harmony with and not to thwart the purpose of the Constitution. *(Phelps v. United States, 274 U.S. 341, 344, 47 S. Ct. 611 (1927)).* Thus, *40 U.S.C. § 3116* provides a statutory calculation of interest as part of Just Compensation of the Fifth Amendment and, therefore, it an objective standard set by Congress. The Plaintiff is entitled to an interim interest amount of $1,743,200 in accordance with *40 U.S.C. § 3116(a)(2)*. This interest has accumulated over a period spanning from October 12, 2021, the date of the Taking, to July 20, 2023, on the value of $32,400,000 concerning the *locus*. The interest calculation is grounded on the DGS1 weekly yield data, with an average yield of

1.63% for the first year and 5.09% for the second year. Specifically, the interest earned each year amounts to $528,120 and $1,221,600.[1]

## F.R.C.P. 65(d)

**REASONS FOR ISSUANCE:** The Defendant, acting under the color of law, has deprived the Plaintiff of his Fifth Amendment right by taking property without Just Compensation. The Defendant's unilateral rejection of the Plaintiff's solar facility application, without redress, has prevented the Plaintiff from obtaining the necessary signatures for permit approval. This constitutes a violation of the Plaintiff's rights under the Fifth Amendment and the Plaintiff has met the traditional standard for injunctive relief in this case.

**SPECIFIC TERMS:** The Defendant is hereby ordered to provide a signed copy of the Agency Referral Sheet to the Plaintiff and to deposit interest into the Court registry as part of the Just Compensation for the Taking. The Defendant is further ordered to refrain from taking any action that would prevent the Plaintiff from obtaining the necessary signatures for permit approval.

**ACTS RESTRAINED OR REQUIRED:** The Defendant is specifically restrained from taking any further action that results in the deprivation of the Plaintiff's Fifth Amendment rights.

**IT IS SO ORDERED.**

Dated: _____

HON. MAAME EWUSI-MENSAH FRIMPONG,
**DISTRICT JUDGE**

---

[1] Market Yield on U.S. Treasury Securities at 1-Year Constant Maturity, Quoted on an Investment Basis, Percent, Weekly https://fred.stlouisfed.org/graph/?g=13v1J