DAWYN R. HARRISON, County Counsel
STARR COLEMAN, Assistant County Counsel
THOMAS R. PARKER, Senior Deputy County Counsel
(SBN 141835) • TParker@counsel.lacounty.gov
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-1834
Facsimile: (213) 613-4751

Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Jonathan Fang, State Bar No. 279106
E-Mail: jfang@hurrellcantrall.com
HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>　　Plaintiff,<br><br>　　v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>　　Defendants. | Case No. 2:22-cv-09203-MEMF-KS<br><br>**OPPOSITION TO PLAINTIFF'S THIRD MOTION FOR INJUNCTIVE RELIEF; DECLARATION OF JONATHAN FANG**<br><br>Assigned to:<br>Hon. Maame Ewusi-Mensah Frimpong<br>Courtroom "8B"<br><br>Magistrate Judge Karen L. Stevenson<br>Courtroom "580" |

/ / /

/ / /

/ / /

/ / /

/ / /

## I. INTRODUCTION

In this action, Clinton Brown ("Plaintiff" or "Mr. Brown") claims the County of Los Angeles ("County") has taken his real property without just compensation in violation of the Fifth Amendment. The "taking," according to Plaintiff, occurred when the County's Department of Regional Planning rejected his application to install a "20 MW Solar Farm" on his property located at 27250 Agoura Road in Agoura Hills, California ("Property"). (*See* Complaint (Dkt 1), at 3:7-8.)

Plaintiff now brings a "Third Notice of Motion for Injunctive Relief" ("Motion") purportedly pursuant to unknown and uncited grounds, and asks the Court to grant injunctive relief. (*See* Motion (Dkt 65), at 1.)

There are at least four reasons why Plaintiff's Motion should be denied:

1. **Plaintiff's Motion Fails to Comply with Local Rule 7-3:** Plaintiff did not contact Defendant seven days prior to filing the Motion (Dkt 65) to discuss the contemplated motion and any potential resolution. Similarly, Plaintiff's never contacted Defendant prior to filing his prior Motions for Injunctive Relief, purportedly Dkt 42 and Dkt 59.

2. **Plaintiff Does Not Satisfy All Elements of Injunctive Relief**: Injunctive relief is an extraordinary remedy appropriate when the party seeking the remedy meets the four elements. The four elements or "prongs" are that the party is likely to succeed on the merits, the party is likely to suffer irreparable harm without a preliminary injunction order, the balance of equities tips in that party's favor and such an order is in the public interest. Plaintiff does not meet any of the four prongs required by law.

3. **Merits Are In Dispute**: Defendant vigorously disputes that a taking has occurred. At the time the Plaintiff purchased the Property, it was also designated as a Significant Ecological Area ("SEA"). The prohibition on the installation of solar energy facilities for designated SEA such as

Plaintiff's Property has been publicly known since January 12, 2017 and Plaintiff was constructively charged with this knowledge. This is critical because one element of a takings analysis is to determine whether the County interfered with Plaintiff's reasonable investment-backed expectations when he purchased the property. (*See Penn Central. Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978).) Plaintiff cannot demonstrate any such interference – the use that Plaintiff wishes to put to the property was an impermissible use at the time he bought the property, and the County had the previously recorded right to prohibit commercial structures on the property.

4. **Plaintiff Presents No Evidence:** Plaintiff's Motion offers no evidence to demonstrate that the County took his property by rejecting his application to install a solar farm on his property. He offers no declarations. His complaint is unverified. He offers no evidence, let alone admissible evidence, to support his request.

For these reasons, all of which are discussed below in more detail, Plaintiff's Motion should be denied.

## II. PLAINTIFF'S MOTION FAILS TO COMPLY WITH LOCAL RULE 7-3

This District's Local Rules outline specific requirements for motion practice. Under Local Rule 7-3, a party must "first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days before filing a motion. Plaintiff never contacted Defendant's counsel to inform them of his intention to file such a motion or to discuss the substance of his motion and any potential resolution. (Declaration of Jonathan Fang ("Fang Decl.") ¶¶ 2-3.)

Plaintiff undisputedly did not comply with this requirement, and in fact, never informed Defendant of his intention to file his Motion. (*Id.*) His failure to do so is

1  sufficient grounds for the Court to summarily deny the Motion.

2  Mr. Brown's *pro se* status does not excuse his failure, as Local Rule 1-3 makes clear that the Local Rules apply equally to *pro se* litigants. Moreover, having availed himself of this forum on at least two other occasions, and having actively participated in motion practice throughout this litigation, Mr. Brown must be aware of and should be required to abide by this District's Local Rules. Furthermore, this Court has repeatedly pointed out that Mr. Brown must comply with the Local Rules. (See Dkt 61 and 66.)

### III. ARGUMENT

#### A. Plaintiff Does Not Satisfy All Elements of Injunctive Relief.

The United States Supreme Court has identified the four prongs required for issuance of preliminary injunctive relief. The four prongs are above-recited. (*See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).) Plaintiff fails to satisfy any of the four prongs, let alone all four of them.

*First Prong: Plaintiff must show that he is likely to succeed on the merits.* This is a Fifth Amendment Takings case. Plaintiff claims that the County took his property when it rejected his application to install a 20 MW solar farm. Instead, what discovery will show is that Plaintiff bought property, which was subject to recorded and publicly ascertainable development restrictions. A December 21, 1987 recorded tract map reflects that the land that Plaintiff ultimately acquired was dedicated to the County, expressly giving the County "the right to prohibit the construction of residential and/or commercial structures" upon the property. This public document was available to Plaintiff before he purchased the property, and he is presumed aware of this restriction. (*See* California Civil Code Section 1213.)

At the time the Plaintiff purchased the Property, it was also designated as a Significant Ecological Area ("SEA"). Plaintiff could have determined the property's SEA status through a At the time of Plaintiff purchased the property, the property was also designated as a Significant Ecological Area website maintained by the County's

Department of Regional Planning known as ""GIS-NET Public." He was thus constructively charged with this knowledge, as well as the knowledge of publicly available County Code Section 22.140.510.c.5.a, which prohibits the installation of solar energy facilities within an SEA. In addition, Plaintiff is constructively charged with knowledge contained in County Code Section 22.52.1605.E.1[1] which went into effect on January 12, 2017 and prohibited the installation of solar energy facilities within an SEA. The prohibition on the installation of solar energy facilities for the Property has been publicly known since January 12, 2017 and Plaintiff is constructively charged with this knowledge.

These facts are critical because at least one element of a takings analysis is to determine whether the County interfered with Plaintiff's reasonable investment-backed expectations when he purchased the property. (*See Penn Central. Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978).) Plaintiff cannot demonstrate any such interference – the use that Plaintiff wishes to put to the property was an impermissible use at the time he bought the property, and the County had the previously recorded right to prohibit commercial structures on the property. Based on these facts, Plaintiff cannot show a reasonable investment expectation for a solar farm. He cannot prevail. He cannot demonstrate a taking.

While Plaintiff is legally charged with the knowledge of these restrictions, Defendant is confident that Plaintiff was advised of these restrictions and regulations when he bought the property.

<u>Plaintiff, for these reasons, fails to satisfy the First Prong.</u>

*Second Prong: Plaintiff must show irreparable harm.* Plaintiff is in no better or worse position than he was upon being informed of the denial of his 20 MW solar power facility application. Should Plaintiff be able to prove that a taking occurred

---

[1] (See https://library.municode.com/ca/los_angeles_county/codes/code_of_ordinances/322661?nodeId=TIT22PLZO_DIV1PLZO_CH22.52GERE_PT15REEN_22.52.1605AP at 22.52.1605 – Applicability, subsection E(1))

5

(an action Defendant firmly denies occurred) Plaintiff will compensated in the appropriate and substantiated amount. There is no irreparable harm experienced by Plaintiff.

*Third Prong: Plaintiff must show that the balance of equities tips in Plaintiff's favor.* For all of the reasons set forth in response to the first and second prongs, the balance of equities does not tip in Plaintiff's favor.

*Fourth Prong: Plaintiff must show injunctive relief is in the public interest.* There is no public interest in Plaintiff prevailing in this case because of pre-existing restrictions on his property. Plaintiff was constructively noticed and, discovery will show, actually noticed of the pre-existing land use restrictions. Plaintiff purchased his property "eyes open" and cannot now claim any legitimate "equity" in his case on the facts.

### B.  Merits Are In Dispute.

Plaintiff will not be able to demonstrate a taking occurred. A physical taking "is a direct government appropriation or physical invasion of private property." *(See Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537 (2005).)  That did not happen in this case.

Defendant is seeking via discovery, among other things, the disclosure statements provided to Plaintiff when he bought the property along with the title insurance policy for the property, which he received, and which set out the documents recorded against the property. Defendant is confident this discovery will reveal that Plaintiff was advised of these restrictions and limitations on title ***before*** he purchased the property, further impairing his takings claim.

However, Plaintiff continues to refuse to participate in discovery and to date has not answered any of the requests propounded by Defendant. (Fang Decl., ¶5.) Plaintiff continually asserted that discovery was stayed because he had a motion to limit discovery (Dkt 41) pending in front of the Court. The Court denied Plaintiff's motion to limit discovery on July 13, 2023 (Dkt 66). (Fang Decl., ¶5.) Yet, Plaintiff

still refuses to provide discovery responses or documents. (*Id.*) Plaintiff's position is that the Court's Order (Dkt 66) allows him "time to re-file" his motion to limit discovery and that Defendant is "not going to get anything from me or my family" in regard to the documents requested. (*Id.*) The documents requested are highly relevant and contain material evidence that is potentially dispositive to the entire case.

The contested merits of Plaintiff's claims separately justify the denial of his Motion, as there is no basis for him to demand injunctive relief, before trial, when his entitlement to compensation in the first place is hotly contested.

### C. Plaintiff Offers No Evidence to Support His Motion.

Separately, Plaintiff's Motion is fatally defective because it merely assumes a taking took place here. He offers nothing to support his assumptions. He provides no declarations. Furthermore, his complaint is not verified. Plaintiff has provided no admissible evidence to support his claim that the County took his property, and certainly no evidence justifying his request for post-judgment relief at this early stage of the case. The factual record, at this juncture, is very incomplete as above-demonstrated. Providing a *prima facie* claim is not the legal standard for the issuance of the extraordinary remedy of preliminary injunction.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion should be denied.

DATED: August 31, 2023

Respectfully submitted,

HURRELL CANTRALL LLP

By: */s/ Jonathan Fang*
THOMAS C. HURRELL
JONATHAN FANG
Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING

7