DAWYN R. HARRISON, County Counsel
STARR COLEMAN, Assistant County Counsel
THOMAS R. PARKER, Senior Deputy County Counsel
(SBN 141835) • TParker@counsel.lacounty.gov
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-1834
Facsimile: (213) 613-4751

Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Jonathan Fang, State Bar No. 279106
E-Mail: jfang@hurrellcantrall.com
HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>　　　　Defendants. | Case No. 2:22-cv-09203-MEMF-KS<br><br>**DECLARATION OF JONATHAN FANG, ESQ. ISO DEFENDANT'S OPPOSITION TO PLAINTIFF'S THIRD MOTION FOR INJUNCTIVE RELIEF**<br><br>Assigned to:<br>Hon. Maame Ewusi-Mensah Frimpong<br>Courtroom "8B"<br><br>Magistrate Judge Karen L. Stevenson<br>Courtroom "580" |

I, Jonathan Fang, declare as follows:

1. I am an attorney duly licensed to practice before this Court and am an associate with Hurrell Cantrall LLP, attorneys of record for Defendant Clark R. Taylor. AICP. The Los Angeles County Department of Regional Planning herein. The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2. Plaintiff Clinton Brown never contacted Defendant's counsel to inform us of his intention to file his Third Notice of Motion for Injunctive Relief (Dkt 65) or to discuss the substance of his motion and any potential resolution.

3. Plaintiff Clinton Brown never contacted Defendant's counsel to inform us of his intention to file his Motions for Docket 42 and Docket 59 or to discuss the substance of any of the aforementioned motions and any potential resolution.

4. Plaintiff's serial motion and filings continue to be vexatious and frivolous and create an unnecessary burden on the time and resource of Defendant.

5. Following the Court's Minute Order (Dkt 66), Defense Counsel spoke to Plaintiff telephonically regarding Plaintiff's failure to provide discovery responses and produce documents in response to Defendant's Request for Production of Documents, Set One.  Plaintiff stated that the Order did not require him to adhere to Federal Rule of Civil Procedure 34(b)(2) and provide a responses and/or documents to the outstanding discovery requests because according to Plaintiff they are "not relevant."  Plaintiff stated that the Minute Order (Dkt 66) gave Plaintiff "time to re-file" his Motion to limit discovery (Dkt 41) and that Defendant was "not going to get anything from me or my family" in regards to the documents requested.  Plaintiff's responses to Defendant's Request for Production of Documents, Set One were due on April 20, 2023.  Plaintiff's Motion to limit discovery (Dkt 41) was denied without prejudice on July 13, 2023 (Dkt 66).  The Court explicitly reminded Plaintiff under Rule 37, that "he has an obligation to serve any objections and/or responses to Defendant's discovery requests within the established deadlines unless the parties have otherwise agreed."  Yet, as of the date of this declaration, Plaintiff continues to refuse to provide any discovery responses or documents to Defendant.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 31, 2023, at Los Angeles, California.

*Jonathan Fang*

---
Jonathan Fang

2