CLINTON BROWN, Pro Se
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>    Plaintiff,<br><br>vs.<br><br>CLARK R. TAYLOR, AICP, LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>    Defendant. | CASE NO. 2:22-cv-09203-MEMF-KS<br><br>**REPLY TO GOVERNMENT'S OPPOSITION TO THIRD MOTION FOR INJUNCTIVE RELIEF**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Date:** 09/21/2023<br><br>**Time:** 10:00 A.M.<br><br>**Location:** Courtroom 8B |

## INTRODUCTION

On December 17, 2022, Plaintiff initiated this action by filing a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the Defendant, the Los Angeles County Department of Regional Planning, wrongfully denied Plaintiff's application to construct a solar facility on his private property. The Plaintiff alleges that the denial constitutes a Taking without Just Compensation, in violation of the Takings Clause of the Fifth Amendment. See ECF 1.

## REPLY TO GOVERNMENT'S OPPOSITION

**L.R. 7-3:** The Third Motion for Injunctive Relief ("motion") has been filed in compliance with Local Rule 7-3. A conference of counsel prior to filing a motion is

not required before filing *this type of motion*. (i.e., injunctive relief). See L.R. 7-3, L-R. 65-1, F.R.C.P. 65. A motion for injunctive relief is excepted from L.R. 7-3, period. *That is undisputable*. (Emphasis added). This clearly makes sense considering that an injunction is an urgent and extraordinary ask of the Court. The Plaintiff followed the procedures as required. See https://www.cacd.uscourts.gov/honorable-maame-ewusi-mensah-frimpong.

    L.R. 7-3 does not apply and cannot be relied upon for any adverse decision against the Plaintiff in this matter, and if it were, it clearly would be an abuse of discretion and subject to review by the Ninth Circuit in an interlocutory appeal. (Citations omitted). See F.R.C.P. 83.

    **Pro se status:** This motion was filed with the Court on July 21, 2023, and the Defendant has had ample time to *read* L.R. 7-3, and in fact, submitted the Opposition on the last day allowed by L.R. 7-9. Consequently, the Plaintiff has been allotted (7) days to reply instead of fourteen (14) days. See L.R. 7-10. In fact, the Plaintiff *pro se* can read and deduce meaning from words. As such, it is entirely irrelevant what the representation status of the Plaintiff is in this controversy. Furthermore, it's a simple proposition here, and that is, we live in a democratic society where Federal laws are passed by elective representatives, and we have a statutory right to represent ourselves in Court hearings. See 28 U.S.C. 1654. And so, it is not beyond the competence of a Citizen, especially one that is determined to seek the justice that they demand, to have a fair shot on the merits before an impartial judge. Therefore, the Plaintiff respectfully requests all parties involved in this case to stop wasting ink on Plaintiff's representation status. See ECF 71, 4, at 1; ECF 61, 3; ECF 66, 2.

## SUBSTANCE

    The Plaintiff and Defendant agree that there are four (4) elements required for an injunctive relief order. See ECF 71, 2 at #2. We disagree, however, on whether

the Plaintiff has successfully demonstrated those elements to this Court for the extraordinary relief sought.[1]

**The Likelihood of Success on the Merits:** The evidence in the record of a Taking is overwhelming and subsequent actions by the Government since the Taking have only increased and cemented the likelihood of success for the Plaintiff. See ECF 59; *Tyler v. Hennepin County, Minnesota, No. 22-166, slip op. at 20, Gorsuch and Jackson, JJ., concurring, (2023)*. Most, if not all, of the evidence filed with the Court complies with F.R.E. 803 or F.R.E. 902, non-exclusive. Irrespective, no new trial exhibit is going to change the question of law before this Court. *See Dupree v. Younger, No. 22-210, slip op. at 6, (2023)*).

**Irreparable Harm:** Just Compensation is required by the Constitution and thus being "made whole" is the law. The irreparable harm to the Plaintiff here is that the Plaintiff cannot use his private property for any use and imminently faces a choice (or choices) between foreclosure, bankruptcy, property tax collections or criminal court. The only way to prevent any of these irreparable harms, that will result in the loss of the property, is for this Court to grant this motion. *See Doran v. Salem Inn, Inc., 422 U.S. 922, 934, 95 S. Ct. 2561 (1975) (Douglas, J., concurring)*.

**Balance of Hardships:** A right to land essentially implies a right to the profits accruing from it, since, without the latter, the former can be of no value. Thus, a devise of the profits of land, or even a grant of them, will pass a right to the land itself. (Shep. Touch. 93. Co. Litt. 4 b.) "For what," says Lord Coke, in this page, "is the land, but the profits thereof." *See Green v. Biddle, 21 U.S. (8 Wheat.) 1 (1823)*. The hardship is clear and that is the Plaintiff does not have any right to profit from his land. The Government has repeatedly said they have the right to prohibit residential and/or commercial structures. See ECF 43, 4, at 12-13; ECF 71, 4 at 21-

---

[1] Injunctive relief was also brought to the attention of the Court and the Government in the Complaint. See ECF 1, 7 at 20-21.

22. However, they are not required to. See ECF 55, 3, n. 3. The Government has chosen to inflict unreasonable hardship on the Plaintiff without Just Compensation and that's, among other things, unconstitutional.

**Public interest:** Private property rights are fundamental. The Government cannot take property without Just Compensation. Fundamental Constitutional rights are not bargaining chips that Citizens can arbitrarily just give away to the Government; nor can the Government accept them. And the Government cannot subsequently deny fundamental rights to a different Citizen based on the first Citizen's grant. Property rights are simply non-negotiable. Just because the Government says "something" doesn't mean that it is lawful. The Plaintiff alone should not have to bear the burden that, in all fairness, the Public as a whole should also bear. (Citations omitted).

### 18 U.S.C. 1001(b)

The Government's counsel is simply not telling the truth in respect to our August 31, 2023, phone call at 1:20 P.M. See ECF 71, 7 at 1; 18 U.S.C. 1001(b). The Government's counsel was informed that the time for discovery has elapsed. "All discovery must be <u>completed</u> on or before **one hundred eighty (180) days from the date of this Order.** (Original emphasis added)." See ECF 26, 2, A. Moreover, the Government did not even attempt, and failed to develop a discovery plan prior to demanding requests for documents that were duplicative and out of scope. See F.R.C.P. 37(f); ECF 41, Exhibit A. It's disingenuous to call Plaintiff's counsel and demand documents after discovery has ended, especially, when the Government has failed to file a court ordered Status Report. See ECF 26, 4, at III; ECF 60. Discovery isn't what *this* hearing is about and efforts to derail a decision or attempts to muddy the waters in this Constitutional matter is not the way I play ball.

**THEREFORE**, the Court is urged to issue the requested injunction pursuant to its *28 U.S.C. 1651(a)* authority. See ECF 63.

"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

Clinton Brown                                                                                       09/03/2023