CLINTON BROWN, Pro Se
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>    Plaintiff,<br><br>  vs.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>    Defendant. | CASE NO. 2:22-cv-09203-MEMF-KS<br><br>**Request for Judicial Notice**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Magistrate Judge:** Karen L. Stevenson<br><br>**Action Filed:** 12/17/2022<br><br>**Action Due:** 01/13/2023 |

## REQUEST FOR JUDICIAL NOTICE

**NOTICE TO THE COURT,** pursuant to *F.R.E. 201(c)(2)*[1] and *F.R.E. 401(a)-(b)* the Plaintiff requests judicial notice of the Government's physical appropriation of Plaintiff's property and its continued presence thereof. Judicial notice, even when taken, has no other effect than to relieve one of the parties to a controversy of the burden of resorting to the usual forms of evidence. It does not mean that the opponent is prevented from disputing the matter by evidence if he believes it disputable. *See Ohio Bell Tel. Co. v. Pub. Utils. Com., 301-302 U.S. 292,*

---

[1] L.R. 7-3 requires Counsel to confer seven days prior to filing a "motion" *See L.R. 7-2; L.R. 7-3.* This filing is a "request for judicial notice" which "must" be noticed at the Court's discretion. *See F.R.E. 201(c)(2); F.R.E. 201(d).* It is unclear to the Plaintiff whether this notice would apply under L.R. 65-1 or another local rule that does not conflict with F.R.C.P. 83(b). The Plaintiff has filed a "Motion for Injunctive Relief" under L.R. 65-1. *See ECF 65; F.R.C.P. 1.*

*57 S. Ct. 724 (1937).*

The photo incorporated in this filing, taken on September 22, 2023, at 2:14 P.M. at the property in this controversy confirms that the Government continues to appropriate the property as its own, without any consideration to the owner. Although the Government has a sovereign right to take private property, it cannot take it without paying Just Compensation. *See U.S. Const. amend. V.* The Plaintiff has *plausibly* stated a claim under the Takings Clause and is entitled to Just Compensation. *See Tyler v. Hennepin Cty., 143 S. Ct. 1369, 4, 6, (2023) (unanimous Court).*

**THEREFORE**, Plaintiff asks this Court to Order the Government to confirm or dispute its physical invasion of Plaintiff's property, and/or in the alternative, Order the Government to provide an accounting of the public expenditure allocated for the physical appropriation of Plaintiff's property.[2]



*See Mallory v. Norfolk S. Ry., 143 S. Ct. 2028, 19, (2023)*

---

[2] Note: The Plaintiff further requests an Order directing the Government to remediate the alterations it has made on his property. This is a physical appropriation of property, without Just Compensation. *See ECF No. 65*

"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

Clinton Brown                                                                                      09/22/2023