UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
(WESTERN DIVISION - LOS ANGELES)


| | | |
|---|---|---|
| CLINTON BROWN, | ) | CASE NO: 2:22-cv-09203-MEMF-KS |
| | ) | |
| Plaintiff, | ) | CIVIL |
| | ) | |
| vs. | ) | Los Angeles, California |
| | ) | |
| CLARK R. TAYLOR, | ) | Monday, September 25, 2023 |
| | ) | |
| Defendant. | ) | |


TELEPHONIC CONFERENCE RE: DISCOVERY DISPUTE

BEFORE THE HONORABLE KAREN L. STEVENSON,
UNITED STATES MAGISTRATE JUDGE


<u>APPEARANCES</u>:

For Plaintiff:          CLINTON BROWN, PRO SE
                        16821 Edgar Street
                        Pacific Palisades, CA 90272

For Defendant:          JONATHAN FANG
                        382 N. Lemon Ave., Suite 450
                        Walnut, CA 91789

Court Reporter:         Recorded; XTR

Courtroom Deputy:       Gay Roberson

Transcribed by:         Exceptional Reporting Services, Inc.
                        P.O. Box 18668
                        Corpus Christi, TX 78480-8668
                        361 949-2988


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

2

**Los Angeles, California; Monday, September 25, 2023**

--oOo--

THE CLERK:  Calling Case Number CV 22-9203, *Clinton Brown versus Clark R. Taylor.*

Parties, please state your appearances for the record, starting with the Plaintiff.

MR. BROWN:  Clinton Brown for the Plaintiff.

THE COURT:  Good morning, Mr. Brown.  This is Judge Stevenson.  And who do we have for the Defense?

MR. FANG:  Good morning, Your Honor.  Jonathan Fang on behalf of Clark R. Taylor.

THE COURT:  All right.  Good morning, Mr. Fang.  Thank you both.

This is the time the Court has set for an informal discovery conference in this matter regarding a dispute with you folks that has arisen between you folks.  And let me before we get into the substance of it, me make sure I understand what the problem is.

My understanding is that the Plaintiff believes there remains time to conduct fact discovery.  And the Defendant's position is that Judge Frimpong's case management order calls for discovery to be completed on or before 180 days from the date of the order.  And on that basis, the Defendant has represented that the last date for discovery was 180 from February 21, 2023 which would have been August 20, 2023.  And

EXCEPTIONAL REPORTING SERVICES, INC

also contends that the Plaintiff failed to file a status report.

All right.  Plaintiff's position is that discovery has elapsed.  Defendant's position is that it has not.  Is that correct, Mr. Brown, from your standpoint?

**MR. BROWN:**  For Plaintiff, yes.  At the end, yes, the Plaintiff's position is that it has elapsed in terms of ECF 26 order; and that, yes, for the Plaintiff.  Their position is that it has not elapsed.

**THE COURT:**  Has not elapsed okay.  And also -- I believe Plaintiff is also contending that Defendant failed to file a status report as required under ECF 26 but that would be between you folks and Judge Frimpong whether or not it's being satisfied per her requirement.

So let me now turn, before we get into the substance of this, Mr. Fang --

**MR. FANG:**  Good morning, Your Honor, if I could be briefly heard.  Jonathan Fang on behalf of Defendant.

**THE COURT:**  Hold on, Mr. Fang, I'm turning to you. You will get heard, just relax.  I just want to make sure with each of the parties that I understand what the scope of the dispute is.

So Mr. Brown has indicated what he believes his position is.  Let me hear from you, Mr. Fang.  And I do have Judge Frompong's Case Management and Scheduling Order here.

Go ahead.

**MR. FANG:**  Sure.  Your Honor, Defendant served Request for Production Set One on March 21st, 2023.  The responses were due on April 20th, 2023.  We tried to meet and confer with Plaintiff but the first time back in June on June 9th, he asserted that his Motion to Limit the Scope of Discovery, Docket 41, precluded him from needing to object or provide responses or provide documents.

The Court rejected his Motion to Limit Discovery on July 12th, 2023, Docket 61, and we once again met and conferred on August 31st, 2023 and he took the position that he still did not need to respond to the outstanding discovery requests.

Currently now he's saying the 180 days has elapsed, he no longer needs to respond but the questions were propounded back in March --

**THE COURT:**  Right.

**MR. FANG:**  -- (inaudible) he needs to not respond or took the position that he's not required to respond by RFP 34 Rule 37.

**THE COURT:**  Okay, understood.  So your position, from the Defense standpoint, is that the discovery cutoff applies to any party's ability to seek new discovery or propound new discovery --

**MR. FANG:**  Right.

**THE COURT:**  -- after the discovery cutoff but that's

not what --

MR. FANG:  Right, Your Honor.

THE COURT:  -- you contend you're doing, you're trying to get answers to discovery you served well before the discovery cutoff; is that a correct statement of your position?

MR. FANG:  Correct, Your Honor.

THE COURT:  All right.  Well it seems to me a couple of things.  If the discovery was served before the discovery cutoff, Mr. Brown, that it is the Court's opinion that you are nonetheless responsible for providing.  They are not propounding new discovery, they are seeking to get your answers.  You can't just get out of the litigation by not answering, waiting until the discovery cutoff passes and go, "Whoops, gotcha, it's too late to get your discovery now and I didn't answer you" and that's --

MR. BROWN:  Your Honor, I agree.  Can I -- can I be intervene here for a second and tell you (inaudible) to counter (inaudible)?

THE COURT:  Sure.  But here's what I'm going to do though.  I think you folks need to brief this issue.  I'm not going to make a decision on the phone about this because I want to give everybody a full and fair position to put forward their facts and their legal authorities that support their position.

And Mr. Brown, I understand that you've done a great job of litigating this case as a pro se litigant; nonetheless,

6

it's challenging. I see lawyers screw this up from time to time, different aspects of discovery. So let me hear from you, Mr. Brown and then the Court will set a briefing schedule for you folks to get this litigated in a --

MR. BROWN: Yeah so --

THE COURT: -- (inaudible) fashion.

MR. BROWN: -- receiving the discovery, his first complaint was Rule 37-1.

First of all, this case is a under Rule 26(d). Plaintiff -- I'm sorry. There was supposed to be a preconference with the Defendant to present these issues at once. I received those demands out of the blue and that was with through a prior counsel so this wasn't (inaudible).

THE COURT: When you say "out of the blue" you mean he served discovery -- it was served back in April, right? Is that right? Or February? I don't know when.

MR. BROWN: It was --

MR. FANG: Back in March, Your Honor.

MR. BROWN: Yeah. And that was prior to any initial disclosure which we (inaudible) -- see their position (inaudible) so it's not -- my position is that it's (inaudible) so that's discovery in a lot of ways that they're supposed to (inaudible) and agree on.

THE COURT: Have you -- hold on, understood, let's stop you let's park there because I have to parse all this --

7

**MR. BROWN:** Oh.

**THE COURT:** -- pretty narrowly.

Have you got a ruling from Judge -- the District Court, Judge Frimpong, in confirming that this is an administrative review case such that discovery is limited as you so described? Has that issue been decided by Judge Frimpong? Because otherwise it looks like a straight ahead civil rights case, at least that's how we have it docketed at the District Court.

**MR. BROWN:** So even if that were -- and I don't believe that accurate because my understanding from the rules is that discovery issues are to be dealt with the magistrate judge. And so the timeline is really simple. Based on the older questions, I procedurally made a mistake and did file ECF 31 (inaudible) that was procedurally incorrect that (inaudible) on the merits. (inaudible) served (inaudible) 37-1. The moving party has a responsibility to set the (inaudible). I have said that (inaudible). So that's another -- that's another (inaudible) by the Defendant. It is the moving party's responsibility. And you know (inaudible) heard time and whatever, when can we meet? This is a proposal, they're in charge of it. I wasn't seeking discovery. And even if I was seeking discovery and it's not administrative, they have not provided all the documents that they're required to under -- without asking, you know, under the original rules.

8

THE COURT: Now wait a minute, hold on, let me understand here because I want to make sure I'm understanding you clearly.

So you have a number of issues that you've sort of wrapped together. One, you're saying they didn't comply as the moving party with Rule 37-1 which requires a meet and confer before filing a joint stipulation. We don't have a joint stipulation. And two, initial disclosures is a separate rule from regular discovery. Yes, federal rules do provide for the parties to make initial disclosures without even asking, you're exactly right about that. (inaudible) initial disclosures, names of witnesses, certain documents that are going to be absolutely, you know, undisputedly relevant to either of the Plaintiff's claims or Defendant's defenses, and then there are the other discovery that is allowed under Rule 26(b)(1) for other documents, other information that may pertain to the case that are not part of a party's initial disclosure. So you've got three specific issues that I hear you raising here. They're all -- you're correct they're part of the rules but I'm not quite sure I'm understanding how they relate to your failure to respond to discreet discovery that may have been served back in March. That's separate and independent. Those three things don't all roll up together.

Go ahead, Mr. Brown.

MR. BROWN: Okay. So I'm saying that the initial,

from my understanding that Rule 26 kicks in first.  That there was a discovery request, the (inaudible) these documents. Under Rule 34, I am (inaudible) focusing on Rule 34 (inaudible) back to Rule 26.

THE COURT:  Well Rule 26 discovery is for the scope of discovery generally.  What's privileged, what's not. 26(b)(1) refers to a party who's entitled to information that is relevant to any claim or defense in a case subject to certain proportionality requirements against other aspects of 26 -- Rule 26 refer to assertion of privileges and other parts of Rule 26 refer to how expert information is handled in a litigation.

MR. BROWN:  Right.  And so when the document request was sent, then the -- the scheduling order (inaudible) 16-B because the Court had issued a scheduling order.

THE COURT:  Right.

MR. BROWN:  So my -- without conferring with the parties --

THE COURT:  The Court doesn't have to --

MR. BROWN:  (inaudible)

THE COURT:  The Court doesn't have to --

MR. BROWN:  Everyone has to (inaudible).

THE COURT:  They do not.  They just set the schedule, they want to get the dockets moving.

MR. BROWN:  Yeah, I agree a hundred percent.

On the other part of that rule though is that from what I understand is that the parties are supposed to at least discuss and observe that rule that (inaudible) scheduling order.  And so ECF 26 is super important because this issue would have been brought up if they (inaudible) on the status report for one as required because when I get the status report the Court because you know informing the Court I -- they ruled on two of the outstanding the ECF 41 which the government did not even reply to.  You know, that was the one that was (inaudible) discovery because if in fact discovery is (inaudible) then the Plaintiff would probably take on the moving party status and I will request that the government move my (inaudible) office so that we can (inaudible) or an alternative we can at least (inaudible) whatever so that we can discuss that because that motion does not (inaudible) the merits and that would be filed.

THE COURT:  Okay well hold on.  You're getting ahead of yourself, you're getting ahead of yourself.  Thank you for that.

Let me hear from you, Mr. Fang.

I am looking at Judge Frimpong's Document Number 26 from February of this year and it says, "All discovery --

MR. FANG:  Right.

THE COURT:  -- must be completed on or before 180 days from the date of this order."  And let me just make sure

11

I've got this right because the date of her order -- actually this is a civil rights case so the date of the order actually it's my signature on the date of the order has February 21, 2023.

Let me ask you --

**MR. FANG:** Right.

**THE COURT:** -- Mr. Fang, Mr. Fang, if you did not have -- if you did not have the discovery that you needed from the Plaintiff before the close of discovery, why are we now in September having an informal conference about a pre-motion discovery issue so late in the game, Mr. Fang?

**MR. FANG:** Right. And I will respond, Your Honor.

So the first part is the discovery was issued after the scheduling order. That's correct. Plaintiff's arguing once again (inaudible) motion to limit discovery (inaudible) ECF Docket 41 which was denied by the Court.

When we first met and confer with him back in June, he took the position that his motion to limit the scope of discovery would preclude him from filing a response or an objection so at the time we were waiting on the order to come down for the motion to limit discovery.

When the motion did occur back in July, I actually was on a short medical leave from the office and I had filed a declaration to the court for three weeks because a car -- a big rig ran into my car so I was out of commission. And when I

came back I started to meet and confer with the Plaintiff and he still took the same position even though the actual order denying his motion to limit discovery saying that he still had the same obligations under Rule 37 and under that (inaudible) respond (inaudible) and ongoing discovery.  So the request for production that we requested (inaudible) everything that has to do with the property, the restrictions and title that he was (inaudible) to when he bought the property.  The central basis of his case is --

**THE COURT:**  I -- Mr. Fang, Mr. Fang, I'm not going to get into the merits of the discovery until we get all the (inaudible) threshold and whether you are estopped from seeking this further responses to the discovery because we are now well past the discovery cutoff.  That is really the issue, is whether or not your request to seek the discovery that you never got that was propounded during the discovery period, whether it is now timely for you to seek the Court's intervention to compel such responses at this point.

I'm sure both parties have robust positions so what I'm going to do is I'm going to order that you folks file briefing on this issue, not in a joint stipulation format but a regular briefing.

An opening brief, Mr. Fang, by the Defendants stating your position.

**MR. FANG:**  Okay.

**EXCEPTIONAL REPORTING SERVICES, INC**

**THE COURT:** An opposition brief, Mr. Brown, stating your position why you believe you have no obligation under the federal rules to respond to discovery that was properly propounded, as you can see, during the discovery period, and then Mr. Fang can file a reply brief; and if necessary, the Court will hold a hearing and get that decided.

**MR. FANG:** Yes, Your Honor.

**MR. BROWN:** Your Honor, may I --

**THE COURT:** Mr. Brown, yes, go ahead. You want to address the Court? Go ahead.

**MR. BROWN:** Okay.

**THE COURT:** But that is the --

**MR. BROWN:** I'm sorry?

**THE COURT:** That's -- you're going to have to brief this issue. I'm not going to decide any of these issues (inaudible) on the phone. But go ahead, go ahead.

**MR. BROWN:** Thank you. Your Honor, (inaudible) issue a scheduling order for the briefing schedule, Your Honor?

**THE COURT:** You can file your brief under the local -- consistent with the local rules and you need to choose a hearing date that is an open hearing date. If the hearing date is closed, you need to pick the next open hearing date because if the hearing date is closed, don't just set your hearing on that date anyway. I may be in trial, that means (inaudible) any number of things. So you need to set it

14

consistent with my -- an open hearing date on my procedures page on the website.  Okay?

MR. FANG:  Yes, Your Honor.

THE COURT:  Mr. Brown?  Go ahead.

MR. BROWN:  Yes.  I was just saying that the position of the Plaintiff is that they were not properly propounded so --

THE COURT:  Then put it in the papers.

MR. BROWN:  -- (inaudible) if the Court's already decided then --

THE COURT:  Put it in your papers.  You need to brief it.  I haven't decided anything.  All I've decided is I need more information from you folks in briefing.  So if that is one of your reasons why you believe that you do not have to respond to discovery, then make that argument and (inaudible) in your opposition.  Okay, Mr. Brown?  You will have --

MR. BROWN:  Okay.

THE COURT:  -- full opportunity to adjudicate on the positions on this.  That's why I want briefing.  This is an important issue.

MR. BROWN:  Right.

THE COURT:  I'm not going to decide it on the fly on the phone.  Sometimes I can get folks on the phone and call balls and strikes, you get (inaudible) three of the documents, not 10.  This deposition will be Thursday, not Saturday, but

15

this is a substantive issue, procedural issue regarding timeliness and the application of the rules and (inaudible) of the rules with the scheduling order so this needs to be briefed.  Okay?

            **MR. BROWN:**  Yes, ma'am.

            **THE COURT:**  All right.  Mr. Fang, anything -- anything further?

            **MR. FANG:**  No, Your Honor.

            **THE COURT:**  All right.  The Court will issue a minute order and you'll likely have that today.

       (Participants thank the Court)

            Thank you both.

            **THE CLERK:**  Court is adjourned.

       **(Proceeding adjourned)**

16

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                    <u>October 9, 2023</u>

        **Signed**                                      **Dated**


*TONI HUDSON, TRANSCRIBER*