DAWYN R. HARRISON, County Counsel
STARR COLEMAN, Assistant County Counsel
THOMAS R. PARKER, Senior Deputy County Counsel
(SBN 141835) • TParker@counsel.lacounty.gov
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-1834
Facsimile: (213) 613-4751

Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Jonathan Fang, State Bar No. 279106
E-Mail: jfang@hurrellcantrall.com
HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>　　　　Defendants. | Case No. 2:22-cv-09203-MEMF-KS<br><br>**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DECLARATION OF JONATHAN FANG, ESQ.; [PROPOSED] ORDER**<br><br>*Filed concurrently with DEFENDANT'S REQUEST FOR JUDICIAL NOTICE AND EXHIBITS*<br><br>Judge:　Hon. Karen L. Stevenson<br>Date:　　November 15, 2023<br>Time:　　10:00 a.m.<br>Crtrm.:　580<br><br>Assigned to:<br>Hon. Maame Ewusi-Mensah Frimpong<br>Courtroom "8B"<br><br>Magistrate Judge Karen L. Stevenson<br>Courtroom "580" |

/ / /

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

**TO PLAINTIFF, ALL PARTIES, THE HONORABLE COURT:**

**PLEASE TAKE NOTICE** that on November 15 2023, at 10:00 a.m. in Courtroom 580 of this court, located at United States Courthouse, 350 W. First Street, 5th Floor, the Honorable Karen L. Stevenson, presiding, Defendant Clark Taylor, in his official capacity as an employee of the County of Los Angeles Department of Regional Planning, will move for summary judgment under Federal Rule of Civil Procedure 56(c) on Plaintiff's sole cause of action. Additionally, Defendant Taylor challenges Plaintiff's Article III standing under Federal Rule of Civil Procedure 12(b)(1).

An in-person conference pursuant to L.R. 7-3 was held on October 10, 2023. (See Declaration of Jonathan Fang, ¶2.)

This motion is based on this notice, the memorandum of points and authorities, the request for judicial notice, and the supporting documents, and oral arguments, if such is requested by the Court.

DATED:  October 18, 2023          Respectfully submitted,

HURRELL CANTRALL LLP


By: _____/s/ Jonathan Fang_____
THOMAS C. HURRELL
JONATHAN FANG
Attorneys for Defendant, CLARK R.
TAYLOR, AICP, THE LOS ANGELES
COUNTY DEPARTMENT OF
REGIONAL PLANNING

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.   IMPROPER SERVICE BY PLAINTIFF.................................................................1

II.  FACTS...................................................................................................................1

   A.   Key Falsehood...........................................................................................2

   B.   Facts Regarding Brown and the Subject Property....................................2

   C.   Subject Property Dedication to County of Los Angeles...........................4

III. LEGAL STANDARDS .........................................................................................5

IV.  ARGUMENT ........................................................................................................6

   A.   BROWN LACKS STANDING TO BRING THIS LAWSUIT. ...............6

      a.   California Law Applies....................................................................7

      b.   Brown's Direct Action Fails. ..........................................................7

      c.   Brown's Derivative Action Fails. ...................................................8

   B.   BROWN'S FEDERAL TAKINGS CLAIM FAILS. ............................10

      a.   Takings Jurisprudence. .................................................................10

      b.   Per Se Takings Under Lucas v. S.C. Coastal Council..................10

      c.   Multi-Factor *Penn Central* Analysis. ..........................................11

   C.   BECAUSE PLAINTIFF PURCHASED THE SUBJECT PROPERTY WITH CONSTRUCTIVE NOTICE OF AND SUBJECT TO AN ACCEPTED DEDICATION, HE DOES NOT POSSESS A COGNIZABLE PROPERTY RIGHT TO DEVELOPMENT, AND HIS TAKINGS CLAIM FAILS AS A MATTER OF LAW ...........................................................................12

      a.   Protected property rights are derived from state law.................12

      b.   Brown does not possess a cognizable property right. ...............13

      c.   Statute of Limitations Bar Brown's Claim...................................16

      d.   Brown's Taking claim fails as a matter of law. ..........................17

V.   CONCLUSION ....................................................................................................18

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

i

# <u>TABLE OF AUTHORITIES</u>

**Page**

## <u>CASES</u>

*Action Apartment Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026-27 (9th Cir. 2007)) ...............................................17

*Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009)...............................................15

*Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 577 (1972) ......................13

*Board of Regents,* 408 U.S. at 576, 577 *Hoopa Valley Tribe v. Christie,* 812 F.2d 1097, 1102 (9th Cir. 1987).....................................13

*Brenizer v. Ray,* 915 F.Supp. 176, 181 (C.D.Cal. 1995). .........................13

*Bridge Aina Le'a, LLC v. State Land Use Comm'n,* 950 F.3d 610, 631, 633 (9th Cir. 2020) ...............................................15

*Carson Harbor Village Ltd. v. City of Carson* (9th Cir.1994) 37 F.3d 468, 476......12

*Cedar Point Nursery v. Hassid* (2021) ___ U.S. ___ [141 S.Ct. 2063, 2071, 210 L.Ed.2d 369, 380, 381 ...............................................10,11

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 325 (1986).) ........................6

*City of Los Angeles v. Lowensohn,* 54 Cal.App.3d 625, 636 (1976).......................15

*Coppinger v. Rawlins* (2015) 239 Cal.App.4th 608, 617 ..............................15,16

*Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001) .........................6

*Erlich v. Glasner*, 418 F.2d 226, 227 (9th Cir. 1969) ..............................7

*Get Outdoors II, LLC v. County of San Diego*, 381 F. Supp. 2d 1250, 1258 (2005) ...............................................6

*Gilbert v. State of California,* 218 Cal.App.3d 234, 250 (1990)............................14

*Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 115 n.31 (1979).) .............6

*Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1056 n. 13 (9th Cir. 2009) ..................7

*In Pennsylvania Coal Co. v. Mahon,* 260 U. S. 393, (1922)....................................11

*In re Facebook, Inc. S'holder Data Privacy Litig.*, 367 F. Supp. 3d 1108, 1123 (N.D. Cal. 2019)...............................................9

*In re Silicon Graphics Inc. Secs. Litig*, 183 F.3d 970, 989 (9th Cir. 1999)) ...............9

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

*Jones v. H.F. Ahmanson & Co.*, 1 Cal. 3d 93, 106-07 (1969)) ................................... 8

*Keystone Bituminous Coal Ass'n v. DeBenedictis* 470, 480 U.S. at 497 (1987). ..... 12

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).) ................................... 5

*Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537 (2005). ....................................... 10

*Lucero v. Hart,* 915 F.2d 1367, 1370 (9th Cir. 1990)                                      13

*Lucas v. S.C. Coastal Council,* 505 U.S. 1003, 1015-17, 1019-20, 1030 (1992) ....................................................................................... 10,11,13

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61(1992)). ............................... 6,7

*Marina Point Dev. Assoc. v. County of San Bernardino,* 2020 WL 5163577, *6 (C.D. Cal. May 18, 2020), ................................................................. 15

*Matter of Christian & Porter Aluminum Co.*, 584 F.2d 326, 331 (9th Cir. 1978 ........ 7

*Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).) ................................... 5

*Ojavan v. California Coastal Com.* (1994) 26 Cal.App.4th 516 ................................ 17

*PacLink Commc'ns Int'l v. Superior Court*, 90 Cal. App. 4th 958, 965-66 (2001) ............................................................................................ 7

*Palazzolo v. Rhode Island,* 533 U. S. 606, 617 (2001) ............................................. 10

*Penn Central Transportation Co. v. New York City,* 438 U. S. 104, 124 (1978). ......................................................................................... 11,12

*Phillips v. Wash. Legal Found,* 524 U.S. 156, 164 (1998) ................................... 12

*Quinn v. Anvil Corp.*, 620 F.3d 1005, 1012 (9th Cir. 2010) ..................................... 9

*San Diego Gas & Electric Co. v. Superior Court,* 13 Cal.4th 893, 939-940 (1996). ........................................................................................... 13

*Sax v. World Wide Press, Inc.*, 809 F.2d 610, 613 (9th Cir. 1987). ........................... 7

*Schuster v. Gardner*, 127 Cal. App. 4th 305, 311-12 (2005) ................................... 8

*Selby Realty Co. v. City of San Buenaventura,* 10 Cal.3d 110, 119-120 (1973) ....... 13

*Serra Canyon Company, LTD. V. California Coastal Commission* (2005) 120 Cal.App.4th 663 ........................................................................... 16

*Sole Energy Co. v. Petrominerals Corp.*, 128 Cal. App. 4th 212, 228 (2005) ............ 8

*Sutter v. General Petroleum Corp.*, 28 Cal.2d 525, 529-30 (1946) ........................... 8

*Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency,* 535 U.S. 302, 319, 321, 322, 330 (2002) ................................................. 10,11

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

iii

*WMX Tech., Inc. v. Miller* (9th Cir.1997) 104 F.3d 1133 ...........................................12

**OTHER AUTHORITIES**

§ 1983 ........................................................................................................................17

505 U.S. 1027 ............................................................................................................11

*California. Civil Proc. Code* § 335.1 ......................................................................17

*California Civil Code* § 1213 ..............................................................................4,5

*California Corporations Code Section* 17300 ..........................................................8

*Fed. R. Civ. P.* 17(b) .................................................................................................7

*Fed. R. Civ. P.* 23.1; *Sax*, 809 F.2d at 613 ............................................................9

*Fed. R. Civ. P.* 56 (a)(c) .......................................................................................5,6

*Federal Rule of Civil Procedure* 12(b)(1) ...........................................................1, 5

*Federal Rule of Civil Procedure* 23.1 .....................................................................9

*Federal Rule of Civil Procedure* 56(c)(1)(B) .......................................................1, 6

*Federal Rules of Civil Procedure,* Rule 4(a)(1)(F)-(G) ...........................................1

*Los Angeles County Code Section* 22.52.1605.E.1 ..................................................5

*Los Angeles County Code Section* 22.140.510.C.5.a ...............................................5

*Los Angeles County Code Section* 22.52.1605.E.1 ..................................................5

*U.S. Const. art.* III, § 2. ..........................................................................................6

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

## Memorandum of Points and Authorities

Defendant Clark Taylor, in his official capacity for the Los Angeles County Department of Regional Planning ("Defendant" or "County") moves for summary judgment under Federal Rule of Civil Procedure 56(c) on Plaintiff Clinton Brown's ("Plaintiff" or "Brown") sole cause of action. Additionally, Defendant challenges Plaintiff's Article III standing under Federal Rule of Civil Procedure 12(b)(1). Based on the arguments contained herein, and the supporting documents filed concurrently with this motion, Defendant respectfully requests the Court grant its summary judgment motion in full.

## I.   IMPROPER SERVICE BY PLAINTIFF

On December 17, 2022 Plaintiff filed the operative complaint.  On December 20, 2022 Plaintiff filed a Request for Clerk to Issue Summons on Complaint. (Dkt. No. 16.) However, instead of waiting for the Clerk to issue the summons, Plaintiff used his own copy of a summons form and served Defendant with that form and the Complaint. (Dkt. No. 22.) It should be noted that the complaint was served on Defendant Taylor with a summons that was not signed by Clerk of Court and did not bear the seal of the Court as required by the Federal Rules of Civil Procedure, Rule 4(a)(1)(F)-(G), rendering service of the complaint improper.

On January 13, 2023, Plaintiff filed a request for entry of default that was rejected by the Court.  (Dkt 7 and 8.)  Upon receipt of the improper summons and complaint, Defense counsel contacted Plaintiff requesting an extension. Plaintiff refused to provide an extension and threatened to file for notice of default.  On January 30, 2023, out of an abundance of caution, Defendant filed an Answer to the Complaint based on the defective summons and complaint. (Dkt No. 10.)  Based on the improper service and the defective summons, Defendant was unable to file a motion to dismiss plaintiff's complaint.

## II.   FACTS

Plaintiff Brown as an individual, alleges that Defendant Clark S. Taylor in his

1  official capacity as a Senior Planner for the Los Angeles County Department of

2  Regional Planning, denied his application on October 12, 2021 on the grounds that

3  utility-scale solar facilities ("solar farm") are not allowed in Significant Ecological

4  Areas ("SEA") per the County's GIS mapping and thus violated his constitutional

5  rights. Specifically, Plaintiff's single cause of action against Defendant Taylor

6  alleges "the actions of inverse eminent domain constituted a taking of private

7  property without just compensation and thus violated Fifth Amendment rights."

8  (Complaint, pg. 7:8-10.)

9      **A.   Key Falsehood.**

10     Plaintiff's Complaint perpetuates a key falsehood which proves fatal to his

11  case. Plaintiff incorrectly asserts that Defendant Taylor's action of denying the solar

12  farm application violated his right to private property guaranteed by the Fifth

13  amendment. (Complaint, pg. 5:17-21; 7:8-10.) The Subject Property at 27250

14  Agoura Road is owned by the Atlas, LLC and Steve Weera Tonasut, Trustee of the

15  Tonasut Family Trust and **not** by Clinton Brown. (Request for Judicial Notice #1

16  ("RJN"), Quitclaim Grant Deed, recorded 02/01/22 Los Angeles County Official

17  Record ("Record") #20220123442, Exhibit 1 (hereinafter "Quitclaim Deed").) On

18  October 12, 2021, when Plaintiff's solar farm application was denied, the Subject

19  Property was owned by the Atlas, LLC. (RJN #2, Grant Deed dated 11/12/2020,

20  recorded 12/18/2020, Record #20201688734, Exhibit 2 (hereinafter "Grant Deed").)

21     **B.   Facts Regarding Brown and the Subject Property.**

22     The subject property of this lawsuit is "27250 Agoura Road" an

23  unincorporated parcel of land whose Assessor Parcel Number ("APN") is 2064-005-

24  011 described as "LOT 3 IN TRACT NO. 33128" (hereinafter "Subject Property,"

25  "LOT 3 IN TRACT NO. 33128," or "27250 Agoura Rd."). (RJN #2, Grant Deed[1];

26

27  [1]  Defendant uses the Grant Deed dated 11/12/2020 and not the Quitclaim Deed dated 01/28/2022 because the Quitclaim Deed is after the rejection of the solar farm Application on October 21, 2021.

28

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

RJN #3, GIS-NET Public Results for 27250 Agoura Road dated October 16, 2023, Exhibit 3.)  The legal description of the Subject Property, APN 2064-005-011 states:

"LOT 3 IN TRACT NO. 33128, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, RECORDED IN BOOK 1099, PAGES 94 TO 97, INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY."

(RJN #2, Grant Deed.)

Brown alleges he was harmed by "[t]he County denied the application on October 12, 2021 on the Grounds that utility-scale solar facilities are not allowed in Significant Ecological Ares ("SEA") and per the County's GIS mapping, the SEA overlay encompassed the entire Property." (Complaint, pg. 5:17-21.) Throughout the Complaint, Brown frames the County's actions as harming him, personally. (*Id.* at 2:13-15; 5:17-21; 7:8-10.) Brown goes so far as to allege "the actions of inverse eminent domain constituted a taking of private property without just compensation and thus violated their Fifth amendment rights." (*Id.* at 7:8-10.)

The acquisition date for Subject Property is not alleged in the Complaint. (*Id.* at pg. 3-5.)  In fact, Brown does not allege facts indicating when the Subject Property was acquired, any plans or expectations for the Subject Property at the time it was acquired, who the Subject Property was acquired by, and what recognizable property rights were received when the Subject Property was transferred. The Subject Property was transferred via a general grant deed from Tax Deed Enterprises, LLC to the Atlas LLC on November 12, 2020.  (RJN #2, Grant Deed.) Subsequently, on January 12, 2022, 15% of the Subject Property was transferred via a quitclaim grant deed from the Atlas LLC to Steve Weera Tonasut, Trustee of the Tonasut Family Trust.  (RJN #1, Quitclaim Deed.)  Both the Grant Deed and Quitclaim Deed of the Subject Property reveal that Brown *does not own* the Subject Property.  Rather, the Atlas LLC owns 85% and Steve Weera Tonasut, Trustee of the Tonasut Family Trust owns 15% of the Subject Property. (RJN #1, Quitclaim Deed.) The Atlas LLC is a multi-member California limited liability company of

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

1  which Brown is a member. (RJN #4, the Atlas LLC Articles of Incorporation,

2  Exhibit 4 (hereinafter "Articles of Incorporation").) It was incorporated on or around

3  August 6, 2020. (*Id.*)

4      **C.**    **Subject Property Dedication to County of Los Angeles.**

5      On December 21, 1987, the County of Los Angeles approved the map of

6  Tract No. 33128 and accepted the dedication from the prior landowners of the

7  Subject Property for the "right to prohibit construction of residential and/or

8  commercial structures within Lot 3 of Tract 33128." (RJN #5, Tract No. 33128,

9  recorded on December 21, 1987, Record #87-2026009, Exhibit 5 (hereinafter "Tract

10  33128").)  This restriction is recorded on the official Tract Map 33128 in Book

11  1099, Pages 94 TO 97 through the Los Angeles County Official Record #87-

12  2026009. (*Id.*) This public document was available to the Plaintiff before he

13  purchased the Subject Property, and he is presumed aware of this restriction. (*See*

14  *California Civil Code* § 1213.) The dedication was pursuant to a subdivision and a

15  development agreement dated November 29, 1984 between the prior landowners of

16  the Subject Property and the County of Los Angeles. (RJN, #6, Development

17  Agreement, recorded on March 13, 1985, Record #85-277980, Exhibit 6 (hereinafter

18  "Development Agreement").)  The agreement was recorded on March 13, 1985. (*Id.*)

19      On August 20, 2002, the County designated the Subject Property through

20  APN 2064-005-011 as an open space through Ordinance No. 2002-0062Z. (RJN #9,

21  Ordinance No. 2002-0062Z, Minutes of the Board of Supervisors of County of Los

22  Angeles on August 20, 2002 approving Ordinance No. 2002-0062Z, Exhibit 9.) An

23  open space designation means that the development of premises on the Subject

24  Property shall remain essentially unimproved and buildings, structures, grading

25  excavation, fill or other alterations shall be prohibited except for the specified uses

26  listed as permitted or conditionally permitted in Section 22.16.030.C. (RJN #10,

27  Open Space Zone, Los Angeles County Code Section 22.16.060, Exhibit 10

28  (hereinafter "Open Space Zone").)

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE   (213) 426-2000

1    On November 12, 2020, at the time Plaintiff purchased the Subject Property,

2  it was already designated as a Significant Ecological Area ("SEA"). Plaintiff could

3  have determined the property's SEA status through a website maintained by

4  Regional Planning, known as "GIS-NET Public." He was thus constructively

5  charged with this knowledge, as well as the knowledge of publicly-available Los

6  Angeles County Code Section 22.140.510.C.5.a, which prohibits the installation of

7  solar energy facilities within an SEA.  (RJN #7, Los Angeles County Code Section

8  22.140.510.C.5.a, which prohibits installation of solar farms within SEA, accessed

9  on October 16, 2023, Exhibit 7 ("Section 22.140.510.C.5.a").) The prohibition of

10  installation of solar energy facilities within an SEA was first enacted in Ordinance

11  2016-0069, which was adopted on December 13, 2016 and took effect on January

12  12, 2017 in Section 22.52.1605.E.1.  (RJN #8, Los Angeles County Code Section

13  22.52.1605.E.1 on June 25, 2018, which prohibits installation of solar farms within

14  SEA, accessed on October 16, 2023, Exhibit 8.) These public documents were

15  available to the Plaintiff before he purchased the property, and he is presumed aware

16  of this restriction. (*See California Civil Code* § 1213.)

17  **III.    LEGAL STANDARDS**

18    A defendant may move to dismiss for lack of subject matter jurisdiction

19  pursuant to Federal Rule of Civil Procedure 12(b)(1). If the plaintiff lacks standing

20  under Article III of the United States Constitution, then the court lacks subject-

21  matter jurisdiction, and the case must be dismissed. (*See Maya v. Centex Corp.*, 658

22  F.3d 1060, 1067 (9th Cir. 2011).) Once a party has moved to dismiss for lack of

23  subject-matter jurisdiction under Rule 12(b)(1), the opposing party bears the burden

24  of establishing the court's jurisdiction. (*See Kokkonen v. Guardian Life Ins. Co.*, 511

25  U.S. 375, 377 (1994).) In response to a summary judgment motion, the plaintiff

26  must set forth by affidavit or other evidence specific facts, Fed. R. Civ. Proc. 56(c),

27  which for purposes of the summary judgment motion will be taken to be true. And at

28  the final stage, those facts (if controverted) must be "supported adequately by the

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

1  evidence adduced at trial." (*Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91,

2  115 n.31 (1979).)

3      A party may move for summary judgment on all or part of the claim. (*Fed. R.*

4  *Civ. P.* 56(a).) Under Federal Rule of Civil Procedure 56(c), summary judgment is

5  appropriate if the pleadings and supporting materials "show that there is no genuine

6  issue as to any material fact and that the moving party is entitled to a judgment as a

7  matter of law." (*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).) Where, as

8  here, the defendant moves for summary judgment, its burden is to either (1)

9  affirmatively demonstrate that there is no triable issue of fact as to each element of

10  its affirmative defenses, or (2) show that plaintiff lacks sufficient evidence to carry

11  its ultimate burden of persuasion at trial. (*FRCP* 56(c)(1)(B); *Celotex Corp.*, 477

12  U.S. at 325.) To show that a plaintiff lacks sufficient evidence to meet its burden of

13  persuasion at trial, a defendant can, through argument, point to the absence of

14  evidence to support plaintiff's claim. (*Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th

15  Cir. 2001).)

16  **IV.   ARGUMENT**

17      Defendant requests summary judgment on the following grounds: (1) Plaintiff

18  lacks standing; and (2) Plaintiff's federal takings claim fails as a matter of law.

19      **A.   BROWN LACKS STANDING TO BRING THIS LAWSUIT.**

20      Before a federal court can decide a case, there must be a case or controversy.

21  (*U.S. Const. art.* III, § 2.) One component of this case or controversy requirement is

22  standing. (*Get Outdoors II, LLC v. County of San Diego*, 381 F. Supp. 2d 1250,

23  1258 (2005) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).) To

24  prove standing, Plaintiff must show: (1) ___*an injury in fact*___; (2) a causal connection

25  between the injury and the defendant's conduct; and (3) a likelihood that the injury

26  will be redressed by a favorable decision. (*Get Outdoors II, LLC*, 381 F. Supp. 2d at

27  1258; *Lujan*, 504 U.S. at 560-61.) (emphasis added.)

28      Brown lacks standing to bring his cause of action against Defendant because a

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

6

1   limited liability company of which Brown is a member, and not Brown himself,

2   suffered the harms alleged in this lawsuit. (RJN #1, Quitclaim Deed; RJN #2, Grant

3   Deed; RJN #4, Articles of Organization.) Brown lacks standing regardless of

4   whether his action is categorized as direct or derivative.

5            a.       **California Law Applies.**

6        "The capacity of a corporate litigant to sue or be sued in a federal case is

7   directly controlled by Fed. R. Civ. P. 17(b) which provides, in pertinent part, '[t]he

8   capacity of a corporation to sue or be sued shall be determined by the law under

9   which it is organized.'" (*Matter of Christian & Porter Aluminum Co.*, 584 F.2d 326,

10  331 (9th Cir. 1978) (quoting Fed. R. Civ. P. 17(b)).) "[T]he characterization of an

11  action as derivative or direct is a question of state law." (*Sax v. World Wide Press,

12  Inc.*, 809 F.2d 610, 613 (9th Cir. 1987).) Here, California law applies for two

13  reasons. First, the Atlas LLC is incorporated in California and second, it owns the

14  subject property as a California LLC. (RJN #1, Quitclaim Deed; RJN #2, Grant

15  Deed; RJN #4, Articles of Organization.) Thus, California law applies in

16  determining whether this action should be characterized as direct or derivative.

17           b.       **Brown's Direct Action Fails.**

18       In general, shareholders of a corporation or members of an LLC lack

19  prudential standing to assert individual claims based on harm to the corporation or

20  LLC in which they own shares. (*Erlich v. Glasner*, 418 F.2d 226, 227 (9th Cir.

21  1969); *PacLink Commc'ns Int'l v. Superior Court*, 90 Cal. App. 4th 958, 965-66

22  (2001).) Members of limited liability companies, like shareholders of corporations,

23  have no standing to bring direct claims on behalf of the entities they own. (*See

24  Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1056 n. 13 (9th Cir. 2009).) An action

25  brought by a shareholder or member of an LLC is categorized either as a direct

26  action or a derivative one. (*See Schuster v. Gardner*, 127 Cal. App. 4th 305, 311-12

27  (2005).)

28       Although Brown alleges throughout the complaint it was he himself who was

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

7

1  harmed, it was the LLC who owned the subject property. (Complaint, pgs. 2:13-15;

2  5:17-21; 7:8-10; and RJN #2, Grant Deed.) The Grant Deed shows the Atlas LLC as

3  the owner of the subject property and not Brown.  (RJN #2, Grant Deed.)

4      As such, the alleged harm suffered was general harm to the Atlas LLC in an

5  alleged inverse taking and remedies. Accordingly, it was for the LLC to institute and

6  maintain any remedial action. It is well settled law that Brown, as an LLC member,

7  lacks standing to bring a direct claim on behalf of the LLC.  Further, Brown failed to

8  plead or testify that his lawsuit includes any individual right he possesses separate

9  from the Atlas LLC which was violated or that he suffered any individualized harm

10  outside his status as a member of the Atlas LLC. Thus, the Court must find Brown's

11  claims are improperly pled as personal causes of actions and grant summary

12  judgment to Defendant.

13              **c.      Brown's Derivative Action Fails.**

14      California Corporations Code Section 17300 provides that "a member or

15  assignee has no interest in specific limited liability company property." Under

16  California law, a corporation, then, itself must bring an action for an injury to the

17  corporation. (*Sutter v. General Petroleum Corp.*, 28 Cal.2d 525, 529-30 (1946).) If

18  the corporation filed suit, individual shareholders, officers, and directors are

19  generally precluded from suing for a wrong done by a third person to the

20  corporation. (*Id.*) If the corporation does not act, a derivative suit may be brought by

21  shareholders and/or officers on the corporations' behalf. (*Id.*) A suit is derivative "if

22  the gravamen of the complaint is injury to the corporation, or to the whole body of

23  its stock and property without any severance or distribution among individual

24  holders, or it seeks to recover assets for the corporation or to prevent the dissipation

25  of its assets." (*Sole Energy Co. v. Petrominerals Corp.*, 128 Cal. App. 4th 212, 228

26  (2005) (citing *Jones v. H.F. Ahmanson & Co.*, 1 Cal. 3d 93, 106-07 (1969)).) Here,

27  because the Atlas LLC did not bring suit itself, and a direct action fails, Defendant

28  asserts the action must be derivative.

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

1    A shareholder or member bringing a derivative action must meet certain

2  procedural requirements. (*Fed. R. Civ. P.* 23.1; *Sax*, 809 F.2d at 613.) Here, Brown

3  failed to follow the procedural requirements under Federal Rule of Civil Procedure

4  23.1, which sets forth the pleading requirements for derivative actions. It states that

5  a complaint "must be verified and must:"

6    (1) allege that the plaintiff was a shareholder or member at the time of the
     transaction complained of, or that the plaintiff share or membership later
7    devolved on it by operation of law;

8    (2) allege that the action is not a collusive one to confer jurisdiction that the
     court would otherwise lack; and

9    (3) state with particularity:
10

11   (A) any effort by the plaintiff to obtain the desired action from the directors or
     comparable authority and, if necessary, from the shareholders or members;
     and
12

13   (B) the reasons for not obtaining the action or not making the effort.

14   Rule 23.1 dictates that "'a shareholder seeking to vindicate the interests of a

15  corporation through a derivative suit must first demand action from the

16  corporation's directors or plead with particularity the reasons why such demand

17  would have been futile.'" (*In re Facebook, Inc. S'holder Data Privacy Litig.*, 367 F.

18  Supp. 3d 1108, 1123 (N.D. Cal. 2019) (quoting *In re Facebook, quoting In re*

19  *Silicon Graphics Inc. Secs. Litig*, 183 F.3d 970, 989 (9th Cir. 1999)).) These pleading

20  requirements are "stringent." (*Quinn v. Anvil Corp.*, 620 F.3d 1005, 1012 (9th Cir.

21  2010).)

22   Brown's lawsuit fails in several ways. First, the complaint contains no

23  verification. (*See* Complaint.) Second, the complaint fails to allege any facts about

24  Brown's membership status in the Atlas LLC, whether the action is a collusive one,

25  or whether Brown's made any demands to the Atlas LLC regarding suing, or futility

26  thereof. In fact, Brown's lawsuit fails to mention the Atlas LLC entirely. Because

27  Brown himself was not injured-in-fact, he has no standing to bring suit. Further,

28  Brown cannot save his lack of standing by alleging either a direct or derivative

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

1  lawsuit on behalf of the Atlas LLC.

2      Accordingly, as Brown lacks standing altogether and cannot show injury-in-

3  fact, the Court lacks subject matter jurisdiction to hear Brown's sole cause of action.

4  Assuming arguendo, that Brown as an individual, was the owner of the Subject

5  Property (which he is not), Brown's federal takings claim fails as a matter of law.

6      **B.      BROWN'S FEDERAL TAKINGS CLAIM FAILS.**

7          **a.      Takings Jurisprudence.**

8      The Takings Clause of the Fifth Amendment, applicable to the States through

9  the Fourteenth Amendment, provides: "[N]or shall private property be taken for

10  public use, without just compensation." (*Cedar Point Nursery v. Hassid* (2021) ___

11  U.S. ___ [141 S.Ct. 2063, 2071, 210 L.Ed.2d 369, 380].) When the government

12  physically acquires private property for a public use, the Takings Clause imposes a

13  clear and categorical obligation to provide the owner with just compensation.

14  (*Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency,* 535

15  U. S. 302, 321, (2002) (*"Tahoe").*) Physical appropriations constitute the "clearest

16  sort of taking," *Palazzolo v. Rhode Island,* 533 U. S. 606, 617 (2001), and courts

17  assess them using a simple, *per se* rule: The government must pay for what it takes.

18  (See *Tahoe-Sierra,* 535 U. S., at 322.) A physical taking "is a direct government

19  appropriation or physical invasion of private property." *Lingle v. Chevron U.S.A.*

20  *Inc*., 544 U.S. 528, 537 (2005). Here, no physical appropriation was alleged by

21  Brown in his complaint.  (*See* Complaint.)

22          **b.      Per Se Takings Under Lucas v. S.C. Coastal Council.**

23      The courts recognize a second category of *per se* takings: regulatory conduct

24  that permanently deprives the owner of *all* economically beneficial use of property.

25  (See *Lucas v. S.C. Coastal Council,* 505 U.S. 1003, 1015-16 (1992) (*"Lucas").*) In

26  *Lucas,* a statute entitled the "Beachfront Management Act," enacted after the

27  property owner purchased two residential beach front lots, barred the owner from

28  building any permanent habitable structures. The Supreme Court held that "[w]here

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE   (213) 426-2000

the State seeks to sustain regulation that deprives the land of all economically beneficial use" (505 U.S. 1027), the state must compensate the owner for taking the property. Because the Act prohibited *any* development of the property, it was a permanent and compensable taking.

The narrow holding of *Lucas* was emphasized by the Supreme Court in *Tahoe.* There, in holding that two temporary building moratoria did not constitute *a per se* taking, it explained:

> The categorical rule that we applied in *Lucas* states that compensation is required when a regulation deprives an owner of *"all* economically beneficial uses" of his land. (Citation.) Under that rule, a statute that "wholly eliminated the value" of Lucas' fee simple title clearly qualified as a taking. But our holding was limited to "the extraordinary circumstance when *no* productive or economically beneficial use of land is permitted." (Citation.) The emphasis on the word "no" in the text of the opinion was, in effect, reiterated in a footnote explaining that the categorical rule would not apply if the diminution in value were 95% instead of 100%. (Citation.) Anything less than a "complete elimination of value," or a "total loss," the Court acknowledged, would require the kind of analysis applied in *Penn Central.* (Citation.)

*Tahoe,* 535 U.S. at 330, citing *Lucas,* 505 U.S. at 1017, 1019-20 (italics and brackets original). In addition, a "regulation that affects only a portion of the parcel - whether limited by time, use, or space - does not deprive the owner of all economically beneficial uses." *Tahoe,* 535 U.S. at 319.

### c.    Multi-Factor *Penn Central* Analysis.

Distinguished from the *per se* regulatory taking in *Lucas,* when the government imposes regulations that restrict an owner's ability to use his own property, a different standard applies. *Cedar Point Nursery v. Hassid* (2021) ___ U.S. ___ [141 S.Ct. 2063, 2071, 210 L.Ed.2d 369, 381]. *In Pennsylvania Coal Co. v. Mahon,* 260 U. S. 393, (1922), the Court established the proposition that "while property may be regulated to a certain extent, if regulation goes too far it will be recognized as a taking." *Id.,* at 415. To determine whether a use restriction effects a taking, courts apply the flexible test developed in *Penn Central,* balancing factors such as the economic impact of the regulation, its interference with reasonable investment-backed expectations, and the character of the government action. See

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

*Penn Central Transportation Co. v. New York City,* 438 U. S. 104, 124 (1978).

In analyzing a regulatory taking, a court considers the three Penn Central factors: (1) the economic impact of the regulation on the claimant; (2) the extent to which the regulation has interfered with investment-backed expectations; and (3) the character of the governmental taking. Penn Central, 438 U.S. at 124 (internal citations omitted).

When determining economic impact, courts "compare the value that has been taken from the property with the value that remains in the property." *Keystone Bituminous Coal Ass'n v. DeBenedictis* 480 U.S. at 470, 497 (1987). Here, Brown failed to allege or provide any facts related to a diminution of value of the Subject Property. As the Ninth Circuit stated in *Carson Harbor Village Ltd. v. City of Carson* (9th Cir.1994) 37 F.3d 468, 476, overruled on other grounds by *WMX Tech., Inc. v. Miller* (9th Cir.1997) 104 F.3d 1133 (en banc), "[a] landowner who purchased land after an alleged taking cannot avail himself of the Just Compensation Clause because he has suffered no injury. The price paid for the property presumably reflected the market value of the property minus the interests taken."

### C. Because Plaintiff Purchased The Subject Property With Constructive Notice Of And Subject To An Accepted Dedication, He Does Not Possess A Cognizable Property Right To Development, And His Takings Claim Fails As A Matter Of Law

#### a. Protected property rights are derived from state law.

"Because the Constitution protects rather than creates property interests, the existence of a property interest" is the threshold question of any takings analysis, and it is "determined by reference to 'existing rules or understandings that stem from an independent source such as state law.'" (*Phillips v. Wash. Legal Found,* 524 U.S. 156, 164 (1998), quoting *Bd. of Regents of State Colleges v. Roth,* 408 U.S. 564, 577 (1972); *Lucas,* 505 U.S. at 1030 (a plaintiff must show that " 'an independent source such as state law' ... define[s] the range of interests that qualify

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE   (213) 426-2000

1  for protection as 'property' under the Fifth and Fourteenth Amendments.").)

2  In an inverse condemnation action brought under the federal and California

3  constitutions, where the plaintiff alleges private property was "taken" for public use

4  without just compensation, before the question turns to the amount of compensation

5  due, "'the property owner must first clear the hurdle of establishing that the public

6  entity has, in fact, taken [or damaged] his or her property ...' [Citation.]" (*San Diego*

7  *Gas & Electric Co. v. Superior Court,* 13 Cal.4th 893, 939-940 (1996).) As part of

8  this threshold showing, the plaintiff must demonstrate that the government has

9  "taken or damaged" a cognizable property right. (*Selby Realty Co. v. City of San*

10  *Buenaventura,* 10 Cal.3d 110, 119-120 (1973) ("In order to state a cause of action

11  for inverse condemnation, there must be an invasion or an appropriation of some

12  valuable property right which the landowner possesses and the invasion or

13  appropriation must directly and specially affect the landowner to his injury.").)

14  Property interests protected by the constitution are "interests that a person

15  has already acquired in specific benefits." (*Board of Regents,* 408 U.S. at 576;

16  *Hoopa Valley Tribe v. Christie,* 812 F.2d 1097, 1102 (9th Cir. 1987).) A property

17  interest is more than a unilateral expectation, it is "a legitimate claim of

18  entitlement." (*Board of Regents,* 408 U.S. at 577.) Entitlements are not created by

19  the constitution, but are defined by independent sources such as state law, statutes,

20  ordinances, regulations or express and implied contracts. (*Id.; Lucero v. Hart,* 915

21  F.2d 1367, 1370 (9th Cir. 1990).) If a right has not vested, it is not a property

22  interest protected by the due process or takings clause. (*Id.*) Moreover, an individual

23  has no property interest in a particular benefit where a governmental agency retains

24  discretion to grant or deny the benefit. (*Brenizer v. Ray,* 915 F.Supp. 176, 181

25  (C.D.Cal. 1995).)

26  **b.    Brown does not possess a cognizable property right.**

27  Here, Brown does not possess any property right in 27250 Agoura Rd. to

28  build a residential and/or commercial structure.  Even assuming Brown was the

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

landowner of the Subject Property (which he is not), Brown does not possess a cognizable property right to build a solar farm. The Subject Property was transferred on November 12, 2020, on the date of the transfer, there was no cognizable property right to build a solar farm because of the open space zone designation of LOT 3 in TRACT NO. 33128 (Subject Property) which made development remain essentially unimproved and buildings and structures prohibited except for the specific uses that were permitted or conditionally permitted in the use regulations. (RJN #2, Grant Deed; RJN #9, Ordinance 2002-0072Z; RJN #10, Open Space Zone.) Furthermore, the County retained discretion to grant or deny the benefit of building a residential and/or commercial structures on the Subject Property (LOT 3 in TRACT NO. 33128) per the 1987 recorded dedication.  (RJN #5, Tract 33128.)

In *Gilbert v. State of California,* 218 Cal.App.3d 234, 250 (1990), the appellate court noted that plaintiffs were in the same position as when they purchased their property. Plaintiffs purchased real property lacking any water connection, and the land is in the "same state today as when they acquired it." (*Id.* at 256.) Continuation of the water moratorium did nothing to take, damage or otherwise diminish the value of what they already had- unimproved real property with no access to potable water. (*Id.* at 256.) The court found that respondents did "nothing to extinguish a fundamental attribute of ownership" because the land was in the same state as when it was acquired. (*Id.)*

Here, like the plaintiffs in *Gilbert,* plaintiff purchased the Subject Property with knowledge of the development restrictions recorded as to Lot 3 on the Tract 33128 map, and the open space zoning designation prohibiting residential and/or commercial structures. The County of Los Angeles has done "nothing to extinguish a fundamental attribute of ownership" because the land is in the same state as when it was acquired. Because Brown never had a right to build residential and/or commercial structures when the property was transferred on November 12, 2020, he does not have a vested property right which could be "taken" by the County and for

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

which the County must compensate him.   Courts do not accept as true legal conclusions couched as factual allegations. (*Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009).  Because Brown did not have any cognizable property right to build a solar farm, he has no evidence of a cognizable property right that has been taken by the County.

Courts consistently reject regulatory takings claims where the plaintiffs bought vacant land for long-term speculative investment purposes and, as such, had no reasonable or distinct investment-backed expectations. " 'Distinct investment-backed expectations implies (sic) reasonable probability,.... Not starry eyed hope of winning the jackpot if the law changes.'" (*Marina Point Dev. Assoc. v. County of San Bernardino,* 2020 WL 5163577, *6 (C.D. Cal. May 18, 2020), quoting *Bridge Aina Le'a, LLC v. State Land Use Comm'n,* 950 F.3d 610, 631, 633 (9th Cir. 2020); see, also, *City of Los Angeles v. Lowensohn,* 54 Cal.App.3d 625, 636 (1976) (rejecting takings claim for precondemnation damages where plaintiffs bought vacant land as an investment: "In sum, appellants sought recovery for something that was nonexistent in fact and constituted pure fiction. There is no recovery via condemnation for the taking of a pipe dream.").)

Moreover, Brown alleging a government entity caused them harm must show the harm was directed at them, and not a previous owner. (See *Coppinger v. Rawlins* (2015) 239 Cal.App.4th 608, 617 ["*Coppinger*"].) For example, in *Coppinger*, a prior homeowner subdivided his land, dedicated part of it to the County of Riverside. (*Id.* at 610.) New owners purchased the land, and then sued for, among other things, quiet title against the County, claiming the dedication constituted a "taking" from the prior owners. (*Id.*) The court sustained a demurrer, stating that "the plaintiffs were not forced to dedicate any portion of their property as a condition of their use of it; it was already subject to an accepted dedication when they purchased it, so they purchased the property subject to, and with constructive notice of, the dedication." (*Id.*) The court stated further that "[i]f there was any

1  taking at all, it would have been a taking from the Robinsons, well before plaintiffs
2  acquired the property." *(Id.)*

3      Here, like in *Coppinger,* any inverse condemnation cause of action can only
4  be based on events that occurred years before the Plaintiff purchased the Subject
5  Property. The previous landowners in 1987 dedicated the Subject Property to allow
6  the County of Los Angeles to prohibit residential and/or commercial structures.  The
7  County of Los Angeles in 2002, designated LOT 3 in TRACT NO. 33128 (Subject
8  Property) open space prohibiting the building of residential and/or commercial
9  property. These events were matters of public record. *(Id.)* Thus, Plaintiff, like the
10 plaintiffs in *Coppinger*, purchased property fully capable of knowing the restrictions
11 against residential and/or commercial property and Brown was not forced to
12 dedicate any portion of his Subject Property as a condition of his use of it.

13          **c.    Statute of Limitations Bar Brown's Claim.**

14      Here, there is no dispute that the dedication to the County to prohibit
15 residential and/or commercial structures by Brown's predecessor-in-interest was
16 accepted and recorded by the County in December of 1987.  (RJN #5, Tract 33128.)
17 While Brown asserts that a taking occurred when Defendant denied Plaintiff's
18 Application for solar farm, nothing was "taken" from Plaintiff because the right to
19 prohibit residential and/or commercial structures was dedicated to the County in
20 1987. Similar to *Serra Canyon Company, LTD. V. California Coastal Commission*
21 (2005) 120 Cal.App.4th 663, in which a plaintiff acquired property that the prior
22 owner recorded an Offer to Dedicate ("OTD") to the defendant to give the property
23 to the state for public recreational use. The prior owner did not challenge the OTD
24 as a permit condition when it was imposed, and the OTD was recorded. The
25 plaintiffs challenge to the OTD was successfully demurred to as time-barred
26 because the challenge to the OTD had to be *asserted at the time the condition was*
27 *imposed*, and such challenge was waived by the owner's failure to pursue its judicial
28 remedies and the present owner was bound by such waiver. And in *Ojavan v.*

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

16

*California Coastal Com.* (1994) 26 Cal.App.4th 516, restrictions were placed on coastal property as a condition of approving a proposed condominium in the coastal zone. Plaintiffs challenge to the restrictions was successfully demurred to on the grounds that the aggrieved landowner under the Public Resources Code had 60 days after the commission's decision to petition for review, and although the plaintiff was not a party to the original permits, it was bound by the inaction of its predecessor. Brown acquired the same rights the previous owners had and cannot acquire more than the previous owner. It would create a legal absurdity if an owner of a property could revive a stale claim by transferring the property to a new owner.

If anyone has ever suffered a taking, it was the developer, who in 1987 gave up the right to develop LOT 3 in TRACT NO. 33128 (Subject Property) by the dedication of rights to the County.  The statute of limitations for claims filed under § 1983 is that governing personal injury actions in the state in which the claim arose. (*See Action Apartment Ass'n v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026-27 (9th Cir. 2007)).) In California, that limitations period is two years. (*Id.* (citing Cal. Civ. Proc. Code § 335.1).)   Therefore, Plaintiff's claim is barred by the statute of limitations.

Furthermore, even if an alleged taking occurred in 1987, the prior landowners were properly compensated as the dedication of LOT 3 in TRACT NO. 33128 was made pursuant to a development agreement between the prior landowners of the Subject Property and the County. (RJN #6, Development Agreement.) The prior landowners were allowed to develop other portions of Tract No. 33128 and other tracts of land in exchange for the dedication of LOT 3 in TRACT NO. 33128 to the County.  (*Id*.)

### d.    Brown's Taking claim fails as a matter of law.

In sum, the Subject Property's development rights to build residential and/or commercial structures on LOT 3 in TRACT NO. 33128 were dedicated, accepted, and recorded by the County before Plaintiff acquired the land.  And when Plaintiff

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

acquired the Subject Property, it did so subject to, and with constructive notice of the County's dedication.  Moreover, Plaintiff had constructive notice of the open space designation by the County that prohibited development of structures.  Without ownership of the right to develop residential and/or commercial structures to the Subject Property, Plaintiff did not have any property or economic interest to build a solar farm on the Subject Property and when Defendant denied Plaintiff's solar farm application, it did not adversely affect any interest Plaintiff had in the Subject Property and no taking could occur.  If there was any taking at all, it occurred to Plaintiff's predecessor in interest, well before Plaintiff acquired the Subject Property.  Lastly, assuming arguendo there was a taking in 1987, it was through a development agreement and subdivision, and the prior landowners were properly compensated at the time.

V.    **CONCLUSION**

Defendant respectfully requests the Court grant its summary judgment in full as Plaintiff lacks standing for his Takings claim and Plaintiff's Takings claim fails as a matter of law.

DATED:  October 18, 2023          Respectfully submitted,

HURRELL CANTRALL LLP


By:    _/s/ Jonathan Fang_____
     THOMAS C. HURRELL
     JONATHAN FANG
     Attorneys for Defendants, CLARK R.
     TAYLOR, AICP, THE LOS ANGELES
     COUNTY DEPARTMENT OF
     REGIONAL PLANNING

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000