DAWYN R. HARRISON, County Counsel
STARR COLEMAN, Assistant County Counsel
THOMAS R. PARKER, Senior Deputy County Counsel
(SBN 141835) • TParker@counsel.lacounty.gov
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-1834
Facsimile: (213) 613-4751

Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Jonathan Fang, State Bar No. 279106
E-Mail: jfang@hurrellcantrall.com
HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>　　　　Defendants. | Case No. 2:22-cv-09203-MEMF-KS<br><br>**DEFENDANT'S MOTION TO COMPEL PLAINTIFF'S RESPONSES WITHOUT OBJECTIONS AND PRODUCTION OF DOCUMENTS**<br><br>Judge: Hon. Karen L. Stevenson<br>Date: November 22, 2023<br>Time: 10:00 a.m.<br>Crtrm.: 580<br><br>Assigned to:<br>Hon. Maame Ewusi-Mensah Frimpong<br>Courtroom "8B"<br><br>Magistrate Judge Karen L. Stevenson<br>Courtroom "580" |

/ / /

/ / /

**TO PLAINTIFF, ALL PARTIES, THE HONORABLE COURT:**

**PLEASE TAKE NOTICE** that on November 22, 2023, at 10:00 a.m. in Courtroom 580 of this court, located at United States Courthouse, 350 W. First Street, 5th Floor, the Honorable Karen L. Stevenson, presiding, Defendant Clark Taylor, in his official capacity as an employee of the County of Los Angeles Department of Regional Planning, will move to compel plaintiff Clinton Brown's responses without objections to Defendant's First Set of Requests for Production and production of documents pursuant to Fed.R.Civ.P. 34(a)(1) and (b)(2) as follows:

## I. INTRODUCTION.

Defendant Clark Taylor, in his official capacity for the Los Angeles County Department of Regional Planning ("Defendant" or "County") seeks an order requiring Plaintiff Clinton Brown ("Plaintiff" or "Brown") to provide responses to Request for Production of Documents, Set One.

## II. DEFENDANT'S WRITTEN DISCOVERY TO PLAINTIFF.

Pursuant to the February 21, 2023 Scheduling Order, the discovery cut-off date was August 21, 2023. (Dkt No. 26.) On March 21, 2023, Defendant propounded Request for Production, Set One consisting of three requests on Plaintiff. (Declaration of Jonathan Fang ("Fang Decl.") ¶ 2, **Ex. A.**) Plaintiff's responses were due on April 20, 2023. Plaintiff filed a Motion to Limit Discovery on April 2, 2023. (Fang Decl. ¶3.)

## III. DEFENDANT'S MEET AND CONFER EFFORTS.

On June 2, 2023, defense counsel provided a meet and confer letter regarding Plaintiff's failure to respond to Defendant's Request for Production of Documents, Set One. (Fang Decl. ¶4.) Plaintiff refused to meet and confer regarding the discovery responses claiming that the action was an administrative review and referred to plaintiff's motion to limit discovery when asked to provide responses. Plaintiff demanded a meet and confer with the Honorable Judge Stevenson. (*Id.*) Defense

counsel tried to explain the meet and confer concept with plaintiff who holds himself out to have a Juris Doctorate degree. (*Id.*)

After the meet and confer attempt in June, defense counsel Jonathan Fang sustained injuries in a car accident where a big rig without the trailer ran into the front driver-side door of his vehicle on the freeway. (Fang Decl. ¶4.) Due to Mr. Fang's injuries he took a medical leave of absence and returned on August 31, 2023. (*Id.*)

On August 31, 2023, his first day back, defense counsel contacted plaintiff telephonically to meet and confer following the Court's order denying plaintiff's motion to limit discovery on July 12, 2023 (Dkt No. 61.). (Fang Decl. ¶6.) Despite, the Court's order explicitly stating that "Plaintiff is reminded that, under Rule 37, he has an obligation to serve any objections and/or responses to Defendant's discovery requests within the established deadlines unless the parties have otherwise agreed," Plaintiff refused to provide any responses or objections claiming that the discovery cut-off of August 21, 2023 made it, so he had no obligations. (*Id.*) Further, Plaintiff stated that the Court's July 12, 2023 order allowed him leave to re-file his motion. (*Id.*) Defense counsel cited the order and urged plaintiff to re-consider and not continue to waste judicial resource. (*Id.*)

On September 5, 2023, defense counsel made a final attempt to meet and confer telephonically with plaintiff. (Fang Decl. ¶7.) Plaintiff continued to assert he had no obligation to respond. (*Id.*) Reaching an impasse, defense counsel asked for plaintiff's availability from September 7 and onward for a pre-motion conference per the Honorable Judge Stevenson's Procedures. (*Id.*) Plaintiff, stated on the phone that it would have to be after his hearing date for preliminary injunction over three weeks away and proceeded to look up the hearing date for preliminary injunction, which was September 21, 2023 and purposedly offered dates after the September 21 starting with September 25, 2023. (*Id.*) After the call, Defense counsel sent the first available dates available to the Deputy Clerk on September 5, 2023. (*Id.*) Plaintiff purposedly delayed in setting the pre-motion conference until the discovery motion cutoff of September

3

20, 2023. (*Id.*)

On September 6, 2023, the Deputy Clerk set the pre-motion hearing for September 25, 2023 at 11:00 a.m. (Fang Decl. ¶8.) On September 25, 2023, the pre-motion conference was held, and the Court ordered further briefing as to the Motion to Compel. (*Id.*)

On October 6, 2023, the parties met and confer telephonically regarding Defendant's Motion for Summary Judgment. Defense counsel noted that he would be filing the Motion to Compel brief on October 11, 2023. (Fang Decl. ¶9.) Plaintiff insisted that an in-person meet and confer was required pursuant to Local Rule 37-1 before Defendant could file this brief. Defense counsel noted the numerous efforts already made to meet and confer, and that the pre-motion conference with the Honorable Judge Stevenson was also a meet and confer. (*Id.*) Additionally, defense counsel asserted that since the Court had ordered briefing on the issue, therefore, L.R. 37-1 did not apply. However, in the interest of preventing any more needless motions by plaintiff, defense counsel conducted a in-person meet and confer on October 10, 2023. (*Id.*) The parties conducted an in-person meet and confer in compliance with L.R. 37-1 on October 10, 2023. (Fang Decl. ¶10.)

## IV. **ARGUMENT.**

Federal Rule of Civil Procedure 26 broadly permits a party to obtain discovery about any matter that is relevant and not privileged, as long as that request is proportional to the needs of the case. *See Oakes v. Halvorsen Marine Ltd.,* 179 F.R.D. 281, 283 (C.D. Cal. 1998) ("Rule 26(b) is liberally interpreted to permit wide-ranging discovery of all information reasonably calculated to lead to discovery of admissible evidence."). Under the Federal Rules of Civil Procedure, relevance "is construed very broadly, encompassing 'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Miller v. Pancucci,* 141 F.R.D. 292, 296 (C.D. Cal. 1992) (quoting *Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351* (1978)).

4

The scope of discovery under Federal Rule of Civil Procedure 26(a)(1) is broad. Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. (*Fed.R.Civ.P. 26(b)(1)*.)* "Information within this scope of discovery need not be admissible in evidence to be discoverable." (*Id.*) The purpose of discovery is to "make a trial less a game of blind man's bluff and more a fair contest with the basic facts disclosed to the fullest extent practical possible." (*See United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958) (citation omitted). The purpose of discovery is "to narrow and clarify the basic issues between the parties." (*See Hickman v. Taylor*, 329 U.S. 495, 501 (1947). The party seeking discovery has the burden of showing that the discovery sought is relevant or that its denial will cause substantial prejudice. (*See Aros v. Fansler*, 548 F.App'x 500, 501 (9th Cir. 2013), citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).) The opposing party is "required to carry a heavy burden of showing why discovery was denied." (*See Blankenship v. Hearst Corp*., 519 F.2d 418, 429 (9th Cir. 1975).)

Where there is a refusal to provide discovery, Federal Rule of Civil Procedure 37 permits the party seeking discovery to move the court for an order compelling that discovery. Once the moving party shows the relevance of the requested discovery, the burden shifts to the opposing party to demonstrate that discovery should be prohibited. *Pitts v. Davis,* 2014 WL 4635464, at *4; *see also DIRECTV, Inc. v. Trone,* 209 F.R.D. 455, 458 (C.D. Cal. 2002) ("The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections.").

Plaintiff has never responded to Defendant's Requests for Production of Documents, Set One in violation of the Rules of Federal Procedure. *See Fed.R.Civ.P.* 37(a)(4). Plaintiff admittedly has documents in its possession, custody or control that are relevant to the instant lawsuit and responsive to the Requests but has failed to produce any documents whatsoever. This Court should order Plaintiff to produce

responsive documents and serve responses without objections to the three Request for Production of Documents below within 5 days.

Here, Defendant properly served its Requests for Production of Documents Set One on March 21, 2023. The Request for Production of Documents contained three requests, which were as follows:

**REQUEST FOR PRODUCTION NO. 1**
Please produce all TITLE INSURANCE AND INDORSEMENT DOCUMENTS related to YOUR purchase and acquisition of the PROPERTY in YOUR possession.

**REQUEST FOR PRODUCTION NO. 2**
Please produce all DOCUMENTS, including reports, memoranda, transcripts, audio recordings, video recordings, filings, photographs, letters, and other documents of any kind whatsoever, which report, memorialize, summarize, reflect, depict, or in any way discuss YOUR file relating to YOUR purchase and acquisition of the PROPERTY.

**REQUEST FOR PRODUCTION NO. 3**
Please produce all DOCUMENTS including and relating to NOTICE DISCLOSURES provided to YOU regarding YOUR purchase and acquisition of the PROPERTY.

These discovery requests are relevant because they show Plaintiff's actual knowledge of the restrictions and prohibitions related to the property prior to Plaintiff's purchase. Moreover, the documents will show the bundle of property rights that plaintiff received when he acquired the property. Lastly, these requests are relevant because at least one element of a takings analysis is to determine whether the County interfered with Plaintiff's reasonable investment-backed expectations when he purchased the property.

To date, Plaintiff has not served any answers or objections to the discovery requests, despite repeated reminders of his obligation to do so. Under these facts, an order compelling full and complete responses is appropriate. Furthermore, Plaintiff should be deemed to have waived any objections he might otherwise have made to

6

the Discovery Requests. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived ...").

## V. TIMING OF MOTION TO COMPEL.

In support of Plaintiff's argument to avoid responses and production of documents, Plaintiff first argues that since the discovery cut-off has passed he has no obligation to respond to the outstanding discovery. However, since the discovery responses were due on April 20, 2023, they were completed on April 20, 2023 according to the Judge Stevenson's Scheduling Order. (Dkt. 26 at 2.) Discovery must merely be "completed" before the discovery cut-off date, meaning that all discovery requests must be served such that responses are due prior to the August 21, 2023 deadline set by the Court's Scheduling Order. *See, e.g., Shamis v. Ambassador Factors Corp.*, 34 F. Supp.2d 879, 886 (S.D.N.Y. 1999) (finding motion filed two months after discovery cut-off was timely); *Midwest Grain Prod., Inc. v. Envirofuels Mkt., Inc.*, Mo. 95-2355, 1996 WL 397561, at *2 (D. Kan. July 11, 1996) (holding motion to compel filed five weeks after close of discovery was timely, noting that "[t]he deadline for discovery...does not of itself prohibit the filing of a motion to compel after such deadline.") (unpublished).

Rule 37 of the *Federal Rules of Civil Procedure* does not establish any time limits within which a motion to compel must be filed. Similarly, the applicable Local Rules do not establish any time limits within which a motion to compel must be filed. The Honorable Judge Stevenson's Scheduling Order set a discovery motion cut-off of September 20, 2023 (30 days after the discovery cut-off). (Dkt. 26 at 3.)

Through unlucky circumstances, lead defense counsel Jonathan Fang was injured in a vehicle accident in June and went on medical leave. This was before defense counsel could initiate the pre-motion conference for a motion to compel. After returning from medical leave on August 31, 2023, defense counsel was still able to file a timely Motion to Compel within the deadline. However, when setting up the pre-motion conference required by Judge Stevenson's Procedures, Plaintiff

7

purposedly delayed in setting the pre-motion conference until after discovery motion cut-off of September 20, 2023. On September 5, 2023, Plaintiff while on the telephone looked up his hearing date for preliminary injunction, which was September 21, 2023 and purposedly offered dates after the September 21 starting with September 25, 2023. Plaintiff should not be rewarded for his gamesmanship and purposeful delay.

There is good cause as to why the instant motion was not brought earlier. The Defendant asks the Court to consider the circumstances related to the delay in filing the Motion to Compel: 1) defense counsel's unforeseeable medical leave; and 2) Plaintiff's purposeful setting of the pre-motion conference after September 21, 2023.

While the Court may indulge plaintiff's actions because of his pro se status, the plaintiff here is far from the typical, inexperienced pro per. In addition to identifying himself as a person who has a Juris Doctor degree from Northwestern California University School of Law. Plaintiff has filed several lawsuits in the Central District of California. He is a sophisticated litigant and should be held accountable to abide by the Federal Rules of Civil Procedures and the Local Rules. (*See also Eng v. Marcus & Millichap Co.*, No. C 10--05050 CRB, 2011 WL 2175207 *3 (N.D. Cal. June 3, 2011) (in sanctioning pro se plaintiff, court considered the fact that Plaintiff had initiated many lawsuits in order to extract nuisance value settlements).

Plaintiff has continually refused to participate in discovery and ignored all of his discovery obligations. He has not propounded any discovery or taken any depositions and discovery has since closed. Instead he continues to file frivolous motion after frivolous motion and skirts the simplest of obligations to respond to properly issued discovery requests that directly center around his alleged claim. Plaintiff's gamesmanship in setting the pre-motion conference trial should not be rewarded, when Defendant is taking every step to follow the Federal Rules, Local Rules, and the Honorable Judge Stevenson's Procedures.

/ / /

/ / /

## VI. CONCLUSION.

For the reasons stated above, Defendant requests an order to compel Plaintiff to produce all of the documents requested in Defendant's Request for Production of Documents, Set One without objections, no later than five days from the date of the order.

DATED: October 19, 2023     HURRELL CANTRALL LLP

By: */s/ Jonathan Fang*
THOMAS C. HURRELL
JONATHAN FANG
Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING

9