1  DAWYN R. HARRISON, County Counsel
   STARR COLEMAN, Assistant County Counsel
2  THOMAS R. PARKER, Senior Deputy County Counsel
   (SBN 141835) • TParker@counsel.lacounty.gov
3  648 Kenneth Hahn Hall of Administration
   500 West Temple Street
4  Los Angeles, California 90012-2713
   Telephone: (213) 974-1834
5  Facsimile: (213) 613-4751

6  Thomas C. Hurrell, State Bar No. 119876
   E-Mail: thurrell@hurrellcantrall.com
7  Jonathan Fang, State Bar No. 279106
   E-Mail: jfang@hurrellcantrall.com
8  HURRELL CANTRALL LLP
   725 S. Figueroa Street, Suite 3800
9  Los Angeles, California 90017
   Telephone: (213) 426-2000
10 Facsimile: (213) 426-2020

11 Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES
   COUNTY DEPARTMENT OF REGIONAL PLANNING
12

13            UNITED STATES DISTRICT COURT

14      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15

16 CLINTON BROWN,                        Case No. 2:22-cv-09203-MEMF-KS

17        Plaintiff,                     **DECLARATION OF JONATHAN
                                         FANG, ESQ. ISO MOTION TO
18    v.                                 COMPEL PLAINTIFF'S
                                         RESPONSES WITHOUT
19 CLARK R. TAYLOR, AICP, THE            OBJECTIONS AND PRODUCTION
   LOS ANGELES COUNTY                    OF DOCUMENTS**
20 DEPARTMENT OF REGIONAL
   PLANNING,                             Judge:   Hon. Karen L. Stevenson
21                                       Date:    November 22, 2023
          Defendants.                    Time:    10:00 a.m.
22                                       Crtrm.:  580

23                                       Assigned to:
                                         Hon. Maame Ewusi-Mensah Frimpong
24                                       Courtroom "8B"

25                                       Magistrate Judge Karen L. Stevenson
                                         Courtroom "580"
26    I, Jonathan Fang, declare as follows:

27        1.    I am an attorney duly licensed to practice before this Court and am an associate with

28 Hurrell Cantrall LLP, attorneys of record for Defendant Clark R. Taylor. AICP. The Los Angeles

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

County Department of Regional Planning herein.  The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2.      On March 21, 2023, Defendant propounded Request for Production, Set One consisting of three requests on Plaintiff.  A true and correct copy of Defendant's Request for Production of Documents, Set One is attached hereto as **Exhibit A.**

3.      On April 2, 2023, Plaintiff filed a Motion to Limit Discovery.  (Dkt 41.)

4.      On June 2, 2023, I sent a meet and confer letter regarding Plaintiff's failure to respond to respond to Defendant's Request for Production of Documents, Set One.  Plaintiff refused to meet and confer regarding the discovery responses claiming that the action was an administrative review and referred to plaintiff's motion to limit discovery when asked to provide responses. Plaintiff demanded a meet and confer with the Honorable Judge Stevenson. I tried to tried to explain the meet and confer concept with plaintiff who holds himself out to have a Juris Doctorate degree on his LinkedIn profile.  A true and correct copy of the email, letter, and subsequent email thread and meet and confer letter is attached hereto as **Exhibit B.**

5.      After the meet and confer attempt in June,  I sustained injuries in a car accident where a big rig without the trailer ran into the front driver-side door of his vehicle on the freeway.  My injuries forced me to take a medical leave of absence. I returned from my medical leave of absence on August 31, 2023.

6.      On my first date back from medical leave I contacted plaintiff telephonically to meet and confer following the Court's order denying plaintiff's motion to limit discovery on July 12, 2023. Despite, the Court's order explicitly stating that "Plaintiff is reminded that, under Rule 37, he has an obligation to serve any objections and/or responses to Defendant's discovery requests within the established deadlines unless the parties have otherwise agreed," Plaintiff stated that the Minute Order gave him "time to re-file" his Motion to limit discovery and that Defendant was "not going to get anything from me or my family" in regards to the documents requested in discovery.  I re-iterated once again the language of the Court's order and urged plaintiff to re-consider and not to continue to waste judicial resources.

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

2

7.    On September 5, 2023, I contacted plaintiff telephonically to meet and confer a final time. Plaintiff continued to refuse to provide any responses, objections, or documents claiming that the discovery cut-off of August 21, 2023 made it so he had no obligations. Reaching an impasses, I asked for plaintiff's availability for a pre-motion conference per the Honorable Judge Stevenson's Procedures offering dates from September 7 to September 15. Plaintiff began to respond with a date and stopped himself, he then muttered to himself on the phone that it would have to be after his hearing date for preliminary injunction over three weeks away and proceeded to look up the hearing date for preliminary injunction, which was September 21, 2023. Plaintiff then purposely offered dates after the September 21 starting with September 25, 2023 even though it appeared he had availability prior to September 20, 2023. I sent the first available dates available to the Deputy Clerk on September 5, 2023. Plaintiff purposely and openly delayed in setting the pre-motion conference until after the discovery motion cutoff of September 20, 2023. A true and correct copy of the email to the Deputy Clerk on September 5, 2023 is attached as **Exhibit C.**

8.    On September 6, 2023, the Deputy Clerk set the pre-motion hearing for September 25, 2023 at 11:00 a.m. On September 25, 2023, the pre-motion conference was held and the Court ordered further briefing as to the Motion to Compel.

9.    On October 6, 2023, the parties met and confer telephonically regarding Defendant's Motion for Summary Judgment based on lack of standing and that the Takings claim failed as a matter of law. I noted that we would be filing the Motion to Compel brief on October 11, 2023 as the Court had requested. Immediately, Plaintiff insisted that an in-person meet and confer was required pursuant to Local Rule 37-1 before we could file this brief. I noted that the pre-motion conference with the Honorable Judge Stevenson was the meet and confer and since the Court had ordered briefing on the issue, therefore, L.R. 37-1 did not apply. However, to prevent another furry of unsupported and unnecessary filings, I agreed to conduct a in-person meet and confer on October 10, 2023 at our office.

10.    The parties conducted an in-person meet and confer in compliance with L.R. 37-1 on October 10, 2023.

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

11.     Plaintiff's serial motion and filings continue to be vexatious and frivolous and create an unnecessary burden on the time and resource of Defendant. Plaintiff's continual refusal to participate in the discovery process and refusal to provide any documents related to his claim are evidence of plaintiff's failure to prosecute and frivolous of this lawsuit.  For Defendant's Motion for Summary Judgment, Defendant was forced to gather evidence in support of their Motion for Summary Judgment through additional time-consuming methods and searches.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 19, 2023, at Los Angeles, California.

*/s/ Jonathan Fang*
Jonathan Fang

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

# EXHIBIT A

1  DAWYN R. HARRISON, County Counsel
   THOMAS R. PARKER, Senior Deputy County Counsel
2  (SBN 141835) • *Tparker@counsel.lacounty.gov*
   648 Kenneth Hahn Hall of Administration
3  500 West Temple Street
   Los Angeles, California 90012-2713
4  Telephone: (213) 974-1834 · Fax: (213) 613-4751

5  Attorneys for Defendant
   Clark R. Taylor

6

7

8              **UNITED STATES DISTRICT COURT**

9    **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

10

11 CLINTON BROWN,                    CASE NO.

12            Plaintiff,             DEFENDANT'S FIRST SET OF
                                     REQUEST FOR PRODUCTION OF
13       v.                          DOCUMENTS AND THINGS TO
                                     PLAINTIFF CLINTON BROWN
14 CLARK R. TAYLOR,

15            Defendant.

16

17 PROPOUNDING PARTY:      Defendant, CLARK R. TAYLOR

18 RESPONDING PARTY:       Plaintiff, CLINTON BROWN

19 SET NO.:                ONE

20

21

22

23

24

25

26

27

28
                                              2:22-cv-8203-MEMF-KS
   Defendant's Request for Production
   of Documents [Set One]

1  **TO PLAINTIFF, CLINTON BROWN, AND HIS ATTORNEY OF RECORD:**

2    You are hereby requested, pursuant to Rule 34 of Federal Rules of Procedure

3  to produce the following documents and things within thirty (30) days of service at

4  the Los Angeles County Office of the County Counsel, 500 West Temple Street,

5  Sixth Floor, Los Angeles, California 90012.  Defendant will reimburse Plaintiff for

6  the reasonable costs of reproduction of all audio or video recordings of all

7  photographs produced pursuant to this request.

8                              **DEFINITIONS**

9    For purposes of this Request for Production of Documents and Things:

10    a.  "YOU" or "YOUR" refers to Plaintiff CLINTON BROWN.

11    b.  "PROPERTY" or "PURCHASED PROPERTY" refers to the real property

12        identified by physical as 27250 Agoura Road, Agoura, California 91301.

13    c.  "SELLER(S)" refers to the party or parties who were the immediate prior

14        owner(s) of 27250 Agoura Road, Agoura, California 91301 before YOU

15        purchased the PROPERTY.

16    d.  "NOTICE DISCLOSURES" means all written notice disclosures made

17        and presented to YOU, YOUR family, YOUR agents or representatives

18        and any business entities acting on YOUR behalf in acquiring the

19        PROPERTY.

20    e.  "TITLE INSURANCE AND DOCUMENTS" refer to all written

21        documents issued by a California Title Insurance Company hired to

22        prepare a title search  of all recorded real property records related to the

23        PROPERTY or PURCHASED PROPERTY sale transaction through

24        which YOU or YOUR family and/or any business entity with ownership

25        interests in whole or in part held by YOU and/or YOUR family.

26    f.  PROPERTY OR PURCHASED PROPERTY "FILE(S)" refers to all

27        written documents sent to and/or received by YOU or YOUR family or

28        any business entity in which YOU or YOUR family holds an ownership

Defendant's Request for Production          -2-
of Documents [Set One]

interest in regarding the purchase by same of 27250 Agoura Road, Agoura, California 91301 resulting in said persons or entities becoming the recorded landowners of said PROPERTY.

g. "DOCUMENT" or "DOCUMENTS" means all "writings" and electronic "recordings" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including, but not limited to, all writings and records of every type and description including , but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, voice recordings,  pictures, photographs, drawings, computer cards tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, cancelled checks, things, and every other device or medium by which or through which information of any type is transmitted, recorded, or preserved.  Without any limitations on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original  or others versions of the DOCUMENT, including but not limited to, all drafts and all copies of such drafts and originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments, or any other variation of any kind.

h. "PERSON" or "PERSONS" means all natural persons, partnerships, corporations, joint ventures, and any kind of business, legal, or public entity or organization, as well as its agents, representatives, employees, officers, directors, and anyone else acting on its behalf, pursuant to its authority, or subject to its control.

Defendant's Request for Production         -3-
of Documents [Set One]

i. "SOCIAL MEDIA" means any online website or application that allows users to create or share content or to participate in social networking, including, but not limited to, platforms such as Instagram, Facebook, Twitter, Reddit, LinkedIn, Snapchat, Tiktok, Youtube, and Parler.

j. The phrases "REFERRING TO", "RELATING TO", or "REFLECTING", or any of their derivatives, mean in whole or in part discussing, describing, memorializing, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, embodying, identifying, stating, considering, recommending, setting forth, concerning, dealing with, or in any way pertaining to.

k. "INCLUDING" means "including, but not limited to", and is not to be construed to limit a request.

l. The singular form of a noun or pronoun includes within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun also includes with its meaning the feminine form of the pronoun used, and vice versa; the use of any tense of any verb includes also within its meaning all other tenses of the verb so used, whenever such construction results in a broader request for information; and "and" includes "or" and vice versa, whenever such construction results in a broader disclosure of documents or information.

## INSTRUCTIONS

A.     You are to produce all DOCUMENTS requested hereby that are in YOUR possession, custody, or control.

B.     In the event that any DOCUMENT called for by this request is to be withheld on the basis of a claim of privilege, or immunity from discovery, that DOCUMENT is to be identified by stating: (i) any addressor and addressee, (ii) any indicated or blind copy; (iii) the DOCUMENT'S date, subject matter, number of pages, and attachments or appendices; (iv) all PERSONS to whom the

Defendant's Request for Production          -4-
of Documents [Set One]

1  DOCUMENT was distributed, shown, or explained; (v) its present custodian; and

2  (vi) the nature of the privilege or immunity asserted.

3      C.      In the event that any DOCUMENT called for by this request has been

4  destroyed or discarded, that DOCUMENT is to be identified by stating:  (i) any

5  addressor or addressee; (ii) any indicated or blind copies; (iii) the DOCUMENT'S

6  date, subject matter, number of pages, and attachments or appendices; (iv) all

7  PERSONS to whom the DOCUMENT was distributed, shown, or explained; (v) the

8  date of destruction, discard, manner of destruction or discard, and the reason for

9  destruction or discard; and (vi) whether any copies of the DOCUMENT presently

10  exist and, if so, the name of the custodian of each copy.

11      **REQUEST FOR PRODUCTION NO. 1**

12      Please produce all TITLE INSURANCE AND INDORSEMENT

13  DOCUMENTS related to YOUR purchase and acquisition of the PROPERTY in

14  YOUR possession.

15      **REQUEST FOR PRODUCTION NO. 2**

16      Please produce all DOCUMENTS, including reports, memoranda, transcripts,

17  audio recordings, video recordings, filings, photographs, letters, and other

18  documents of any kind whatsoever, which  report, memorialize, summarize, reflect,

19  depict, or in any way discuss YOUR file relating to YOUR purchase and acquisition

20  of the PROPERTY.

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

2:22-cv-8203-MEMF-KS

Defendant's Request for Production          -5-
of Documents [Set One]

1    **REQUEST FOR PRODUCTION NO. 3**

2       Please produce all DOCUMENTS including and relating to NOTICE

3  DISCLOSURES provided to YOU regarding YOUR purchase and acquisition of the

4  PROPERTY.

5

6  DATED: March 21, 2023                Respectfully submitted,

7                                       DAWYN R. HARRISON

8                                       County Counsel

9

10

11                                      By _____

12                                         THOMAS R. PARKER
                                           Senior Deputy County Counsel

13                                      Attorneys for Defendant, Clark R. Taylor

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defendant's Request for Production        -6-
of Documents [Set One]

# PROOF OF SERVICE
Case No. 2:22-CV-09203-MEMf-KS

STATE OF CALIFORNIA, County of Los Angeles:

Mark Zamora states:  I am employed in the County of Los Angeles, State of California, over the age of eighteen years and not a party to the within action.  My business address is 648 Kenneth Hahn Hall of Administration, 500 West Temple Street, Los Angeles, California 90012-2713

That on March 21, 2023, I served the attached

**DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO PLAINTIFF CLINTON BROWN**

upon Interested Party(ies) by placing  CheckedBox☐  the original  CheckedBox☐  a true copy thereof enclosed in a sealed envelope addressed  CheckedBox☐  as follows  UncheckedBox☒  as stated on the attached service list:

UncheckedBox☒    **By United States mail.**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses on the attached service list (specify one):

(1) CheckedBox☐        deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2) CheckedBox☐        placed the envelope for collection and mailing, following ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail at Los Angeles, California:

UncheckedBox☒    **By electronic service.**  Based on a court order or an agreement of the parties to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed on the service list.

I declare that I am employed in the offices of a member of this court at whose direction the service was made.

Executed on March 21, 2023, at Los Angeles, California.

_____        _____
        Mark Zamora                                    *Mark Michael C. Zamora*
   **(NAME OF DECLARANT)**                          **(SIGNATURE OF DECLARANT)**

1

1

**SERVICE LIST**

2

Clinton Brown
16821 Edgar Street
3
Pacific Palisades, California 90272
Email:  clinton@atlasinc.solar

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

## Jonathan Fang

| | |
|---|---|
| **From:** | Jonathan Fang |
| **Sent:** | Friday, June 2, 2023 12:50 PM |
| **To:** | clinton@atlasinc.solar |
| **Cc:** | Thomas Hurrell; Thomas Parker; Ariadna Rubio; Maricela Gomez |
| **Subject:** | Brown v. Taylor (Case No. 2:22-cv-09203) - meet and confer |
| **Attachments:** | 2023-06-02 MC Ltr to Brown.pdf |

Dear Mr. Brown,

Our office represents Defendant Clark R. Taylor in the above-referenced matter.  Please see the attached meet and confer letter regarding Plaintiff's failure to respond to Defendant's Request for Production of Documents, Set One.

**Jonathan Fang, Esq.**
**Hurrell Cantrall LLP**
Ernst & Young Plaza
725 South Figueroa Street, Suite 3800
Los Angeles, California  90017
Tel:  (213) 426-2000
Fax: (213) 426-2020
jfang@hurrellcantrall.com

IMPORTANT NOTICE: This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom it is addressed.  This communication may contain material protected by attorney-client privilege.  If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, be advised that you have received this email in error and that any use dissemination, forwarding, printing, or copying of this email and any file attachments is strictly prohibited.  If you have received this email in error, please immediately notify us by telephone at 213.426.2000 or by reply email to the sender and destroy the original transmission and its contents.

# HURRELL CANTRALL LLP

725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000
FACSIMILE (213) 426-2020

June 2, 2023

Clinton Brown                          ***VIA E-MAIL***
16821 Edgar Street
Pacific Palisades, California 90272
clinton@atlasinc.solar

     Re:   **Clinton Brown v. Clark R. Taylor**
            USDC Case No.:     2:22-cv-09203
            Our File No.:       281-329-2,109

Dear Mr. Brown:

Our office represents Defendant Clark R. Taylor in the above-referenced matter.  Pursuant to Local Rule 37-1, we request that Plaintiff confer within 10 days regarding Plaintiff's failure to respond to Defendant's Request for Production of Documents ("RFPD"), Set One.

Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 34(b)(2) requires the party to whom the request is directed to respond in writing within 30 days after being served.  Plaintiff was served with Defendant's Request for Production of Documents, Set One on March 21, 2023 via email.  Plaintiff's response was due on April 20, 2023.  To date, Plaintiff has failed to provide any response to Defendant's RFPD, Set One.  Defendant intends to move for an order compelling production for Plaintiff's failure to produce documents requested under Fed. R. Civ. P. 34.

We hope to resolve the above-mentioned dispute to avoid costly and time-consuming motion practice.  Pursuant to Local Rule 37-1, the parties shall, meet and confer within 10 days after Plaintiff's receipt of this letter.  Pursuant to Local Rule 1-3, persons appearing pro se are bound by these rules, and any reference in these rules to "attorney" or "counsel" applies to parties pro se.  Please provide your availability to meet and confer on a date no later than **June 12, 2023** to comply with Local Rule 37-1. Thank you for your anticipated cooperation and prompt attention to this matter.

               Very truly yours,

               HURRELL CANTRALL LLP

               *Jonathan Fang*
               JONATHAN FANG

**Jonathan Fang**

| | |
|---|---|
| **From:** | Clinton Brown <clinton@atlasinc.solar> |
| **Sent:** | Saturday, June 10, 2023 3:32 PM |
| **To:** | Jonathan Fang |
| **Subject:** | Re: EXT: Re: Brown v. Taylor (Case No. 2:22-cv-09203) - meet and confer |

Jonathan,

1. The ongoing status of this lawsuit in Federal Court means that the claim carries legitimacy and is not frivolous.

2. The Plaintiff is currently evaluating the optimal strategy for a lawsuit against Clark personally for his dishonest and malicious actions. It is important to note that the Judge has already alerted the Defendant regarding this matter and it is at the discretion of the Plaintiff to pursue that or not. If sued personally, the Defendant would be required to either secure their own legal representation or reimburse the County for using its counsel. Taxpayers should not be subjected to an additional burden due to your client's actions without him facing personal financial consequences.

3. The Plaintiff's advice to counsel is that the Board of Supervisors should be prepared to settle when a Taking is declared. Otherwise, this will not be a quiet local matter any longer.

Sincerely,



**Clinton Brown**
CEO, Atlas, Inc.
310-487-6453 | clinton@atlasinc.solar
www.atlasrei.co

DISCLAIMER: This message and any attachments or linked files is confidential and intended only for the named recipient. Any unauthorized disclosure, distribution, copying, or use of this information is strictly prohibited and could violate applicable laws, including the Electronic Communications Privacy Act. If you are not the intended recipient, please notify the sender immediately and delete the original message. This message originates from the offices of Atlas, Inc. and/or its subsidiaries.

On Fri, Jun 9, 2023 at 2:44 PM Jonathan Fang <jfang@hurrellcantrall.com> wrote:

Mr. Brown,

You have not provided any availability to meet and confer and discuss the issues telephonically.  Please provide your availability to meet and confer on a date no later than **June 12, 2023,** to comply with Local Rule 37-1.  Otherwise, we will proceed with filing our motion.  Thank you.

**Jonathan Fang, Esq.**

**Hurrell Cantrall LLP**

Ernst & Young Plaza

725 South Figueroa Street, Suite 3800

Los Angeles, California  90017

Tel:  (213) 426-2000

Fax: (213) 426-2020

jfang@hurrellcantrall.com

IMPORTANT NOTICE: This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom it is addressed.  This communication may contain material protected by attorney-client privilege.  If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, be advised that you have received this email in error and that any use dissemination, forwarding, printing, or copying of this email and any file attachments is strictly prohibited.  If you have received this email in error, please immediately notify us by telephone at 213.426.2000 or by reply email to the sender and destroy the original transmission and its contents.

**From:** Clinton Brown <clinton@atlasinc.solar>
**Sent:** Friday, June 9, 2023 2:21 PM
**To:** Jonathan Fang <jfang@hurrellcantrall.com>
**Subject:** Re: EXT: Re: Brown v. Taylor (Case No. 2:22-cv-09203) - meet and confer

Jonathan,

I just offered to participate. However, file what you must.

Sincerely,

**Clinton Brown**
CEO, Atlas, Inc.
310-487-6453 | clinton@atlasinc.solar
www.atlasrei.co

DISCLAIMER: This message and any attachments or linked files is confidential and intended only for the named recipient. Any unauthorized disclosure, distribution, copying, or use of this information is strictly prohibited and could violate applicable laws, including the Electronic Communications Privacy Act. If you are not the intended recipient, please notify the sender

immediately and delete the original message. This message originates from the offices of Atlas, Inc. and/or its subsidiaries.

On Fri, Jun 9, 2023 at 2:13 PM Jonathan Fang <jfang@hurrellcantrall.com> wrote:

Mr. Brown,

We disagree with your assertions.  Local Rule 37-1 requires the parties to meet and confer in good faith to eliminate the necessity for a hearing of the motion or to eliminate as many of the disputes as possible.  As set forth in our letter, a pro se litigant is subject to the Local Rules for the Central District of California, and any reference in these rules to "attorney" or "counsel" applies to parties pro se.  See Local Rule 1-3.  A meet and confer is a discussion between both parties regarding the issue of the motion and does not involve the Court.

If you refuse to meet and confer before June 12, 2023 as required, then we will proceed with our Motion to Compel, and seek sanctions based upon the fact that Plaintiff has no desire to participate in discovery in this case and that the purpose of this lawsuit is frivolous.

**Jonathan Fang, Esq.**

**Hurrell Cantrall LLP**

Ernst & Young Plaza

725 South Figueroa Street, Suite 3800

Los Angeles, California  90017

Tel:  (213) 426-2000

Fax: (213) 426-2020

jfang@hurrellcantrall.com

IMPORTANT NOTICE: This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom it is addressed.  This communication may contain material protected by attorney-client privilege.  If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, be advised that you have received this email in error and that any use dissemination, forwarding, printing, or copying of this email and any file attachments is strictly prohibited.  If you have received this email in error, please immediately notify us by telephone at 213.426.2000 or by reply email to the sender and destroy the original transmission and its contents.

**From:** Clinton Brown <clinton@atlasinc.solar>
**Sent:** Friday, June 9, 2023 12:44 PM

**To:** Jonathan Fang <jfang@hurrellcantrall.com>
**Subject:** Re: EXT: Re: Brown v. Taylor (Case No. 2:22-cv-09203) - meet and confer

Jonathan,

This action is governed by *F.R.C.P. 26(a)(1)(B)(i),* it is an administrative review. *(*Dk.41). As a pro se litigant, I am entitled to the same protections as a represented party in a meet and confer.

To ensure that fairness, as stipulated under *F.R.C.P. 83(b),* the 'meet and confer' should be facilitated through the Court with the Honorable Karen L. Stevenson | Central District of California | United States District Court (uscourts.gov). This will provide a neutral environment to conduct the discussion while ensuring the principles of fairness and justice are upheld.

Sincerely,



**Clinton Brown**
CEO, Atlas, Inc.
310-487-6453 | clinton@atlasinc.solar

www.atlasrei.co

DISCLAIMER: This message and any attachments or linked files is confidential and intended only for the named recipient. Any unauthorized disclosure, distribution, copying, or use of this information is strictly prohibited and could violate applicable laws, including the Electronic Communications Privacy Act. If you are not the intended recipient, please notify the sender immediately and delete the original message. This message originates from the offices of Atlas, Inc. and/or its subsidiaries.

On Fri, Jun 9, 2023 at 9:47 AM Jonathan Fang <jfang@hurrellcantrall.com> wrote:

Mr. Brown,

The Court's scheduling order allows for discovery of any matter not privileged that is relevant to the claim or defense of any party and proportional to the needs of the case.  The Court has not ordered a stay on Plaintiff's response to discovery. Defendant's request for production of documents seeks non-privileged documents that are directly relevant to Defendant's affirmative defense relating to reasonable investment-backed expectations of Plaintiff.

Regarding your meritless objections, first, Plaintiff's obligation to provide discovery responses are separate from his obligations to provide an initial disclosure.  Second, the requests are not duplicative.  Defendant does not have any documents relating to the notice disclosures regarding Plaintiff's acquisition of the subject property from the title insurance company to Plaintiff.  Third, the discovery requested is proportional to the needs of the case.  The discovery requested will show that Plaintiff was aware of the pre-existing land use limitations on the property which Plaintiff sought to purchase.   Plaintiff has made a claim of inverse condemnation under the Fifth Amendment against Defendant.  One of the elements of a Takings analysis is to determine whether Defendant interfered with Plaintiff's reasonable invest-backed expectations when he purchased the property.  The discovery requested is directly relevant to when the purchase was made, what was disclosed explicitly, and what constructive notice is imputed onto Plaintiff.  The requested discovery will show that Plaintiff cannot show a reasonable investment expectation for a solar farm.

Once again, please provide your availability to meet and confer on a date no later than **June 12, 2023,** to comply with Local Rule 37-1.  If Plaintiff continues to refuse to meet and confer or respond to the Defendant's discovery request, then Defendant will seek a Motion to Compel, and sanctions based upon the fact that Plaintiff has no desire to participate in discovery in this case and that the purpose of this lawsuit is frivolous.

**Jonathan Fang, Esq.**

**Hurrell Cantrall LLP**

Ernst & Young Plaza

725 South Figueroa Street, Suite 3800

Los Angeles, California  90017

Tel:  (213) 426-2000

Fax: (213) 426-2020

jfang@hurrellcantrall.com

IMPORTANT NOTICE: This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom it is addressed.  This communication may contain material protected by attorney-client privilege.  If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, be advised that you have received this email in error and that any use dissemination, forwarding, printing, or copying of this email and any file attachments is strictly prohibited.  If you have received this email in error, please immediately notify us by telephone at 213.426.2000 or by reply email to the sender and destroy the original transmission and its contents.

**From:** Clinton Brown <clinton@atlasinc.solar>
**Sent:** Friday, June 2, 2023 1:35 PM
**To:** Jonathan Fang <jfang@hurrellcantrall.com>
**Cc:** Thomas Hurrell <thurrell@hurrellcantrall.com>; Thomas Parker <TParker@counsel.lacounty.gov>; Ariadna Rubio <arubio@hurrellcantrall.com>; Maricela Gomez <mgomez@hurrellcantrall.com>
**Subject:** EXT: Re: Brown v. Taylor (Case No. 2:22-cv-09203) - meet and confer

Jonathan,

This action is governed by *F.R.C.P. 26(a)(1)(B)(i)* and the Plaintiff has filed a *F.R.C.P. 26(a)(1)(C)* objection. (Dk.41).

Sincerely,

**Clinton Brown**
CEO, Atlas, Inc.
310-487-6453 | clinton@atlasinc.solar
www.atlasrei.co

DISCLAIMER: This message and any attachments or linked files is confidential and intended only for the named recipient. Any unauthorized disclosure, distribution, copying, or use of this information is strictly prohibited and could violate applicable laws, including the Electronic Communications Privacy Act. If you are not the intended recipient, please notify the sender immediately and delete the original message. This message originates from the offices of Atlas, Inc. and/or its subsidiaries.

On Fri, Jun 2, 2023 at 12:50 PM Jonathan Fang <jfang@hurrellcantrall.com> wrote:

Dear Mr. Brown,

Our office represents Defendant Clark R. Taylor in the above-referenced matter.  Please see the attached meet and confer letter regarding Plaintiff's failure to respond to Defendant's Request for Production of Documents, Set One.

**Jonathan Fang, Esq.**

**Hurrell Cantrall LLP**

Ernst & Young Plaza

725 South Figueroa Street, Suite 3800

Los Angeles, California  90017

Tel:  (213) 426-2000

Fax: (213) 426-2020

jfang@hurrellcantrall.com

IMPORTANT NOTICE: This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom it is addressed.  This communication may contain material protected by attorney-client privilege.  If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, be advised that you have received this email in error and that any use dissemination, forwarding, printing, or copying of this email and any file attachments is strictly prohibited.  If you have received this email in error, please immediately notify us by telephone at 213.426.2000 or by reply email to the sender and destroy the original transmission and its contents.

--

**Clinton Brown**
**Atlas, Inc.**

CEO

Autonomous Solar Fields
Cell: 310-487-6453

clinton@atlasinc.solar
www.atlasinc.solar

DISCLAIMER:

This message originates from the offices of Atlas, Inc. This message and any file(s) or attachment(s) transmitted with it are confidential, intended only for the named recipient or is otherwise protected against unauthorized use or disclosure. Any disclosure, distribution, copying, or use of this information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you receive this message in error, please advise the sender by immediate reply and delete the original message.

--

**Clinton Brown**
**Atlas, Inc.**

7

CEO

Autonomous Solar Fields
Cell: 310-487-6453

clinton@atlasinc.solar
www.atlasinc.solar

**DISCLAIMER:**

This message originates from the offices of Atlas, Inc. This message and any file(s) or attachment(s) transmitted with it
are confidential, intended only for the named recipient or is otherwise protected against unauthorized use or
disclosure. Any disclosure, distribution, copying, or use of this information by anyone other than the intended
recipient, regardless of address or routing, is strictly prohibited. If you receive this message in error, please advise the
sender by immediate reply and delete the original message.

--

**Clinton Brown**
**Atlas, Inc.**

CEO

Autonomous Solar Fields
Cell: 310-487-6453

clinton@atlasinc.solar
www.atlasinc.solar

**DISCLAIMER:**

This message originates from the offices of Atlas, Inc. This message and any file(s) or attachment(s) transmitted with it
are confidential, intended only for the named recipient or is otherwise protected against unauthorized use or
disclosure. Any disclosure, distribution, copying, or use of this information by anyone other than the intended recipient,
regardless of address or routing, is strictly prohibited. If you receive this message in error, please advise the sender by
immediate reply and delete the original message.

--

**Clinton Brown**
**Atlas, Inc.**

CEO
Autonomous Solar Fields
Cell: 310-487-6453
clinton@atlasinc.solar
www.atlasinc.solar

**DISCLAIMER:**
This message originates from the offices of Atlas, Inc. This message and any file(s) or attachment(s) transmitted with it are confidential, intended only for the named recipient or is otherwise protected against unauthorized use or disclosure. Any disclosure, distribution, copying, or use of this information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you receive this message in error, please advise the sender by immediate reply and delete the original message.

# EXHIBIT C

## Jonathan Fang

| | |
|---|---|
| **From:** | Jonathan Fang |
| **Sent:** | Tuesday, September 5, 2023 3:13 PM |
| **To:** | gay_roberson@cacd.uscourts.gov |
| **Cc:** | Clinton Brown; Thomas Hurrell; Thomas Parker |
| **Subject:** | Brown v. Taylor (Case No. 2:22-cv-09203) - Request for Pre-Motion Telephonic Conference re: Discovery |

Good afternoon Deputy Roberson,

Defendant requests a Pre-Motion Telephonic Conference re: discovery.

The parties have attempted to meet and confer (on June 9, 2023 via email, August 31, 2023 telephonically, and September 5, 2023 telephonically) pursuant to L.R. 37-1 regarding the discovery dispute and have reached an impasse.

1) The parties submit the following proposed times for a pre-motion telephonic conference:
    a. September 25, 2023 at 10:00 a.m.
    b. September 26, 2023 at 10:00 a.m.
    c. September 27, 2023 at 10:00 a.m.
2) Plaintiff was served with Defendant's Request for Production of Documents, Set One ("Defendant's Discovery Requests") on March 21, 2023 via email. Plaintiff's response was due on April 20, 2023. To date, Plaintiff has failed to provide any response to Defendant's Discovery Requests. On June 9, 2023, Plaintiff initially asserted that his Motion to Limit Scope of Discovery (Dkt 41) did not require him to respond to Defendant's Discovery Requests. The Court denied Plaintiff's Motion to Limit Scope of Discovery on July 12, 2023 (Dkt 61). As of September 5, 2023, Plaintiff continues to refuse to provide any responses or documents responsive to Defendant's Discovery Requests.
3) Parties position
    a. Defendant's position is that Plaintiff is required to respond to Defendant's Discovery Requests as it seeks non-privileged documents that are directly relevant to Defendant's affirmative defense relating to reasonable investment-backed expectations of Plaintiff and are proportional to the needs of the case.
    b. Plaintiff's position is that he does not have to provide responses to Defendant's Discovery Requests because the Court's Order (Dkt 61) allows him time to re-file his Motion to Limit Scope of Discovery (Dkt 41).

Thank you for your assistance on this matter.

**Jonathan Fang, Esq.**
**Hurrell Cantrall LLP**
Ernst & Young Plaza
725 South Figueroa Street, Suite 3800
Los Angeles, California  90017
Tel:  (213) 426-2000
Fax: (213) 426-2020
jfang@hurrellcantrall.com

IMPORTANT NOTICE: This email and any files transmitted with it are confidential and are intended solely for the use of the individual or entity to whom it is addressed. This communication may contain material protected by attorney-client privilege. If you are not the intended recipient or the person responsible for delivering the email to the intended recipient, be advised that you have received this email in error and that any use dissemination, forwarding, printing, or copying of this email and any file attachments is strictly prohibited. If you have received this email in error, please immediately notify us by telephone at 213.426.2000 or by reply email to the sender and destroy the original transmission and its contents.