CLINTON BROWN, Pro Se
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>　　　　Defendant. | CASE NO. 2:22-cv-09203-MEMF-KS<br><br>**Request for Judicial Notice No. 2**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Magistrate Judge:** Karen L. Stevenson<br><br>**Action Filed:** 12/17/2022<br><br>**Action Due:** 01/13/2023 |

## REQUEST FOR JUDICIAL NOTICE NO. 2

**NOTICE TO THE COURT**, pursuant to F.R.E. 201(c)(2) and F.R.E. 401(a)-(b) the Plaintiff requests judicial notice of the Government's Notice of Violation.[1] Judicial notice, even when taken, has no other effect than to relieve one of the parties to a controversy of the burden of resorting to the usual forms of evidence. It does

---

[1] On Oct. 30, 2023, the Plaintiff received a Notice of Violation ("violation") from the Los Angeles County Department of Regional Planning. *See* ECF No. 89 at 5 (highlighted); ECF No. 89 at 6. *Inter alia*, warns of a noncompliance fee, administrative and collection fees and that the violation is an *order to comply*. And *if compliance is not achieved* the Government may, at *any* time, refer the violation to the District Attorney. The penalty for noncompliance is six months in jail *and/or* $184,199 in fines. It is unclear if the fines would continue to accrue as separate offenses *after* 180 days in jail. The "testing the waters" sign is compliant with Federal securities law and has been placed on owner's property in a "Commercial Planned Development" zone. *See* ECF No. 89 at 3. Despite severe and unclear consequences, the Plaintiff will not address the 'violation,' by November 27, 2023, since 'compliance' would contravene with Federal securities laws. *Infra.*

not mean that the opponent is prevented from disputing the matter by evidence if he believes it disputable. *See* Ohio Bell Tel. Co. v. Pub. Utils. Com., U.S. 292, 301-302, 57 S. Ct. 724 (1937); ECF No. 75. The Plaintiff will not remove, alter, or dispose of the "testing the waters" Preliminary Offering Circular sign on his property in this controversy when Congress has made clear that…*no law, rule, regulation, or order, or other administrative action of any State or any political subdivision thereof… shall directly or indirectly apply… See* 15 U.S.C. § 77r(a)(1); *See generally* JOBS Act, Pub. L. No. 112-106, 126 Stat. 306 (2012) (archived October 30, 2023, at https://perma.cc/KU4D-8YXC); *See also* 17 C.F.R § 230.255. The "speaker" must adhere to the Supremacy of the Constitution[2], and "most Americans would be understandably dismayed" that placing a sign on one's own property, *to say what you want to do with the property*, could be punished with six (6) months in jail and fines totaling more than $184,199.[3] *See* City of Ladue v. Gilleo, 512 U.S. 43, 56, n.14, 114 S. Ct. 2038 (1994) (*quoting* Aristotle, Rhetoric, Book 1, ch. 2, in 8 Great Books of the Western World, Encyclopedia Brittanica 595 (M. Adler ed., 2d ed. 1990).

Plaintiff previously applied and was denied a sign permit under local law. *See* Los Angeles County Dept. of Building and Safety, Permit No. UNC-BLDG201216001860, Denied Permit for Outdoor Advertising Sign, (2021). The United States Supreme Court does not presume acquiescence in the loss of fundamental rights. *See* Bell Ohio Tel. at 307. While the Plaintiff's First and Eight Amendment rights are also being violated by the Government, that doesn't make greater the gain or the loss under an objective standard, for the Fifth Amendment

---

[2] U.S. Const. art. VI, cl. 2. *See also* The Federalist Papers at 540 (Clinton Rossiter ed., 1961)
[3] The *penalty* for noncompliance is a $1,000 *daily fine* owed to the Government for *saying* what the Plaintiff *wants* to do with his property; *See* Knick (entirety); Tyler *per curium*. *See also* ECF No. 65 at 3; Doran (entirety); Shakespeare, W. (1599). Julius Caesar. Act II, Scene II, "the valiant never taste death but once."

requires Just Compensation. Thus, there can be no Taking without *Just Compensation*.[4]

**THEREFORE**, Plaintiff respectfully requests that the Court preempt the Government from taking any civil and/or criminal enforcement action against the Plaintiff for the alleged violation and Order the Government to pay the Plaintiff Just Compensation in the amount of $32,400,000 with interest thereof (ECF No. 1 at 7; Proposed Order at ECF No. 63 at 4-5) for the complete and absolute Taking of Plaintiff's property. Only with Just Compensation can the Government lay claims to all the rights in Plaintiff's property.[5] "What's down the line?" *See* ECF 86, Tr. of Preliminary Injunction Hearing at 31, 17-18. (Sept. 21, 2023). *Catch-22.*



---

[4] U.S. Const. amend. V; *See also* The Federalist Papers at 543 (Clinton Rossiter ed., 1961)

[5] The Plaintiff received an eviction notice from his landlord on October 27, 2023. Even though the Plaintiff owns the 32.4 acres in this controversy he isn't allowed to build *any* structure, even to avert homelessness. *Alas*, the Government is now in the position to remove the Plaintiff from a property he doesn't own and keep the Plaintiff from living on a property that he does own. "The County had the…right to prohibit structures on the property." ["*previously recorded*", emphasis added]; *See* ECF No. 43 at 4, 9-15*;* ECF No. 71, at 3:9-10, 4:21-22, 5:15-16., *et cetera.*†[that] information, which pertains to sales activity…is of vital interest…since it may bear one of the most important decisions [we] have a right to make: where to live and raise [our] families. *See* Linmark Assocs., Inc. v. Willingboro, 431 U.S. 85, 96 (1977).

"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

Clinton Brown					10/31/2023





**AMY J. BODEK, AICP**
Director,
Regional Planning

**DENNIS SLAVIN**
Chief Deputy Director,
Regional Planning

# NOTICE OF VIOLATION

October 26, 2023

TONASUT, STEVE W TR TONASUT FAMILY TRUST
AND ATLAS LLC
16821 EDGAR ST
PACIFIC PALISADES CA 90272

Case Number:
RPCE2023005523

APN:
2064005015

Zone:
CPD

Investigating Planner:
Glenn Kam

Email:
GKam@planning.lacounty.gov

Phone Number:
213-974-6453
*Monday - Thursday*

Code Enforcement Case Number: RPCE2023005523

Dear Property Owner/Tenant:

An inspection was conducted at the property known as Assessor's Parcel Number 2064-005-015, CALABASAS, CA 91302, and it disclosed the following violation(s):

1. **Outdoor Advertising Sign**

   An outdoor advertising sign is being maintained on the premises (Los Angeles County Zoning Code: 22.02.030(B); 22.14.190; 22.20.020; 22.20.040; 22.20.090; 22.114.070; 22.336.070(R)(2)(i))

   *A prohibited advertising sign of 24 feet by 6 feet 2 inches for "Atlas Rei Homes" is being maintained on the premises.*

This is not a permitted use in zone CPD and is in violation of the provisions of the Los Angeles County Zoning Ordinance (Title 22) Section(s) listed above.

Please consider this an order to comply with the provisions of the zoning ordinance by <u>November 27, 2023</u>. Failure to correct the violation(s) found at Assessor's Parcel Number 2064-005-015, CALABASAS, CA 91302 may result in the imposition of a noncompliance fee of $933.00 and the collection of further administrative and collection fees totaling approximately $3,266.00. Continued noncompliance may also cause this matter to be referred to the District Attorney at any time with the request that a criminal complaint be filed if compliance is not achieved. Conviction can result in a penalty of up to six months in jail and/or a $1,000.00 fine, each day in violation constituting a separate offense.

Ref: RPCE2023005523

Page 1 of 2
VIA MAIL




320 West Temple Street, Los Angeles, CA 90012 • 213-974-6411 • TDD: 213-617-2292
@LACDRP • planning.lacounty.gov