CLINTON BROWN, Pro Se
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>    Plaintiff,<br><br>vs.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>    Defendant. | CASE NO. 2:22-cv-09203-MEMF-KS<br><br>**Action Filed:** 12/17/2022<br><br>**Action Due:** 01/13/2023 |

### PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL

**NOTICE TO THE COURT**, like all Federal Rules, Rule 26 binds the Federal Courts once enacted. *Bank of Nova Scotia v. United States, 487 U.S. 250, 255 (1988)* (holding that Federal rules are "in every pertinent respect, as binding as any statute duly enacted by Congress, and Federal Courts have no more discretion to disregard [a] Rule's mandate than they do to disregard Constitutional or statutory provisions").[1] The Plaintiff has a right to trial by jury under the statutes of Congress.

**Rule 40.** Scheduling Cases for Trial: "Each court must provide by rule for *scheduling trials*. The court must give priority to actions entitled to priority by a

---

[1] The Judicial Conference is the policy-making arm of the Federal Court system. *See generally* Governance & the Judicial Conference, Admin. Off. of the U.S. Courts., https://perma.cc/TW45-PT6S. Under the Rules Enabling Act, 28 U.S.C. §§ 2072-2077, the Judicial Conference authorizes the appointment of a Standing Committee on Rules of Practice and Procedure, which advises the Judicial Conference with respect to rulemaking.

federal statute." The Court has not set *any* trial date or provided *any* mechanism for a trial date to be scheduled. *See* L.R. 40:1-3; FRCP 40. If there's *one thing* that parties would not agree on, it would probably be the *trial date* and thus Congress provides for these rules. ECF No. 60 at 2. This Court is subject to the Rules that Congress says are authorized in civil proceedings. *Id*.

## Discovery Procedural History

Discovery closed on August 20, 2023. ECF Nos. 26, 76. Neither the Plaintiff nor the Defendant may take discovery after August 20, 2023, without the Court's prior approval. ECF No. 26 at 2, I.A. The Court will grant an order to compel discovery only in exceptional circumstances and upon a showing of good cause. *Id.* Any challenge to discovery must be filed and served no later than 30 *calendar* days after the discovery cutoff. *Id.*, at 3 II.A. An 'alternative' procedure was ordered at the *informal* discovery conference. ECF Nos. 26 at 3, II.A., 12-14; 76 at 1. "This is the time the Court has set for an *informal* discovery conference…" Tr. of Tel. Conf., September 25, 2023, ECF No. 80 at 2, 14-15.

The Defendant, *as moving party*, was ordered to file the opening brief for a Motion to Compel, *after* discovery had been closed and the time for challenges had elapsed. ECF Nos. 26, 76. The Government filed its Motion to Compel opening brief on October 19, 2023, nearly a month after the Court order. ECF Nos. 76, 85 at 1. Notably, the Government filed a Motion for Summary Judgment the day *prior* to filing its Motion to Compel. ECF No. 82 at 1. This was the last day to file dispositive motions pursuant to ECF No. 26. The Government set the hearing on the Motion for Summary Judgment seven (7) days *prior* to the Motion to Compel. *Id.* The Court, *sua sponte*, vacated the Government's Motion for Summary Judgment hearing set for November 15, 2023. ECF No. 83 at 1. Plaintiff's Opposition to the Motion to Compel was filed in accordance with L.R. 7-9; FRCP 56(c)(4); 28 U.S.C. § 1754 (2010 Comm. Notes).

A 'procedurally improper' objection to the specific question before this Court has been here before but was called a foul**.** ECF Nos 85-1 at 22; 61 at 1-2, 49, 41. The Government did not file a status report and instead filed several other documents which are now before the Court for consideration. *Lopez v. Horel, No. C 06-4772 SI (pr), 2007 WL 2177460, *1 A. (N.D. Cal. July 27, 2007)*; *See* ECF No. 60. The Plaintiff has wished the Lead Counsel well in what could have been a tragic accident, but there are still at least 11 more potential Lead Counsel that could have *looked* at the scheduling order. ECF No. 26. This may not be a high priority the Government, though it should be. "The court must give priority to actions *entitled to priority* by a federal statute." Is it even necessary to say that a Constitutional violation must be even more important to Congress? (Citations omitted); *Prater v. Dep't of Corr., 76 F.4th 184, 190, (3d Cir. 2023), at 6-7; II.* Congress said, Congress says, and when Congress acts, all must yield when Congress speaks. *See* Article I, U.S. Constitution.

<h2 style="text-align:center;"><u>Legal Standard</u></h2>

One year of discovery, ten years of discovery are not equal to 15 minutes in the witness chair before the trier of fact. *Oral Argument at 40:17-26, Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (Dec. 3, 1985)*; *See also* Wigmore § 1367, stating [cross-examination is the] greatest legal engine ever invented for the discovery of truth. The party seeking discovery has the heavy burden of proving exceptional circumstances. *Hartford Fire Insurance v. Pure Air on the Lake, Ltd., 154 F.R.D. 202 (N.D. Ind. 1993).* Exceptional circumstances exist only if defendants lack the ability to discover equivalent information by other means. *Id.* at 208. The Defendant has not shown any exceptional circumstances for good cause, and for the sake of judicial economy and fairness, no new trial exhibit is going to change the question of law before this Court. *Dupree v. Younger, 598 U.S. 729, 143 S. Ct. 1382, 1395 (2023).*

A district court has inherent power to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.

*Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163 (1936)*. The FRCP govern civil proceedings in the United States District Courts. Their purpose is "to secure the just, speedy, and inexpensive determination of every action and proceeding." FRCP 1. *See* Forword by Chairman, Committee on the Judiciary, in Federal Rules of Civil Procedure, H.R. Doc. No. 117-11, at III (2d Sess. 2022) (archived on 11/02/2023 at https://perma.cc/F2RU-MEJ8).

*Pro se* is referenced 38 times, *Counsel* is referenced 179 times, *Attorney* is referenced 275 times, and thus the parties that come before this Court are subject to *all* 492 local references, exclusive of FRCP. This is an objective standard. *See* L.R. 83-2.2.3, C.D.CA, effective June 3, 2023; 28 U.S.C. § 1654; FRCP 83. From that reference point, the *un*exceptional circumstances of falling asleep at the wheel, does not show *good cause* for the Court to grant a Motion to Compel and thus reopen discovery for *all* parties. The Plaintiff and Government have not provided *any* initial disclosures pursuant to FRCP 26(a)(1)(A)[2] *or* have the party's stipulated pursuant to FRCP 29 that discovery is under the *scope* of FRCP 26(a)(1)(B)(i). A *or* B determines the *scope and limit* of discovery. FRCP 34 *early* requests pursuant to FRCP 26(d) are still subject to the *scope and limit* of discovery under FRCP 26(a). *Infra.* All parties should have equal access to discovery. ECF No. 26 at 2, B. There are virtually unlimited ways a party can utilize the *scope and limit* of Federal discovery to prove or defend their case in Federal Court.

**THE COURT**: -- [ speaking to Defendant] "if you did not have -- if you did not have the discovery that you needed from the Plaintiff before the close of discovery, why are we now in September having an *informal* conference about a pre-motion

---

[2] Note of further explanatory matter regarding the exclusion from initial disclosure provided in new *Rule 26(a)(1)(E)* for actions for review on an administrative record. *FRCP 26(a)(1)(A) Advisory Committee's Note (2000 amendment) (GAP Report).*

discovery issue so late in the game, [Defendant]?" Tr. of Tel. Conf., September 25, 2023, ECF No. 80 at 11, 7-11

The motion to compel fails at every twist and turn in the Government's labyrinth of excuses, despite a baker's dozen of Officers of the Court, in this controversy. Despite Plaintiff's *good faith* effort to resolve the most basic of questions, and that is, is this controversy A or B under FRCP 26(a)? The Government chose procedural penmanship.

The Government would not and has not budged to acknowledge this controversy is under B yet failed to provide any disclosures under A in contravention of Rule 26(a)(1)(E). The Plaintiff has brought this issue to the parties in this controversy and the Court multiple times. ECF. Nos. 85-1 at 20, 22. *See* 41, 49, 60, 61. Such a simple question with complex implications for the whole of discovery; specifically, the *scope and limits*. The only two (2) checks on the discovery powers under the Rules that can be raised are *scope and limits*, and this Court wouldn't lift its pen, *sua sponte*, to decide such a simple, yet a *jus fundamentale* in the controversy. (i.e., Discovery). The Court also took a pass to break one way or another on the Motion to Strike, which impacts discovery. *See* FRCP 26(f); ECF No. 66 at 1-2. Now that the parties have met and conferred under L.R. 37-1 it remains as to whether any of the Government's affirmative defenses can stand up against *Iqbal/Twombly*. Many, if not all, can not. ECF No. 55; *Dodson v. Munirs Co.,* 2013 U.S. Dist. LEXIS 85768, 14, p. 2, (E.D. Cal. June 17, 2013).

Plaintiff understands that there's a million cases in the system a year and days are too long with not enough pay, but what the Plaintiff does not understand is this procedural hopscotch, which Congress did not intend for this Court to draw lines in. It's like the Court wants to trip over its own feet, when Congress has made clear that, "In determining the meaning of any Act of Congress, unless the context indicates

otherwise—. *Infra.* And If I use my pen with the boldness of a freeman, it is because I know that j*uries yet are judges*.³

There was never an agreement as to the *scope and limit* under A or B. There never will be an agreement until this Court answers that question. Otherwise, the Court might as well thumb its nose at Congress, for there would not be an A or B if A didn't say *except*. *vide* 1 U.S.C. § 1.  Otherwise, how would anyone ever know what the *scope and/or limit* of discovery is in a controversy?

## Argument

Congress says there's a difference between Rule A and B in Rule 26(a). Congress says that L.R.s must not duplicate, must not conflict, must not cause a loss of a right, and must conform to the requirements of Federal law. *See* Rule 83(a)(1)-(2); 83(b). Notably, Rule 84 says that the Rules may be cited as Federal Rules of Civil Procedure. *See* FRCP 1: *Scope and Purpose*. (1 is before 85, and Rule 86, the last Rule, *among other things*, reiterates Rule 1).

**Rule 37.** Rule 37(a)(3)(A) says that if a party fails to make disclosure required by Rule 26(a) that they may file a *specific motion* to *compel disclosure* or motion to *compel a discovery response*. *See* Rule 37(a)(3)(B)(iv). In any event, no party has made any disclosures in this controversy and the time to challenge any discovery has elapsed. ECF No. 26.

**L.R. 37-1, sent. 1. 'Prefiling Conference of Counsel.'** ECF Nos. 73, 76, 80. (Original emphasis added). *Cf.*  ECF No. 85-1 at 21 ¶2 sent. 1-2 on June 9, 2023, at 9:47 A.M.; *Cf.* ECF No. 85-1 at 20 on June 9, 2023, at 12:44 P.M.; *See also* ECF Nos. 85-1 at 18 on June 9, 2023, at 2:21 P.M.; *See further* ECF No.  85-1 at 11 on March 21, 2023. *In other words*, the cart before the horse.

---

³ *The Anti-Federalist,* Letter I at 13, § 2.7-2, Oct. 1787; (H.J. Storing ed., 1985)

**L.R. 37-1, sent 2**. 'Before filing any motion relating to discovery under F.Rs.Civ.P. 26-37, counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible.' Id. *See also* ECF Nos. 41 (procedurally improper), 60 (status report)[4]. *In other words*, the cart before the horse.

**L.R. 37-1, sent. 3.** 'It is the responsibility of counsel for the *moving party* to arrange for this conference.' ECF No. 85-1 at 21 ¶2 sent. 1-2 on June 9, 2023, at 9:47 A.M. ("Once again, please provide your availability to meet and confer on a date no later than June 12, 2023, to comply with Local Rule 37-1."). *See also* ECF No. 85-1 at 18 on June 9, 2023, at 2:21 P.M. ("I just offered to participate, *but file what you must*. (Emphasis added). *See further* ECF No. 41 at 1-2. *In other words*, the Government is the moving party.

**L.R. 37-1, sent 4-5.** 'If both counsel are located in the same county, the conference must take place in person at the office of the moving party's counsel unless the parties agree to meet someplace else. If both counsel are not located in the same county, the conference may take place telephonically.' ECF No. 85-1 at 20 on June 9, 2023, at 12:44 P.M. *Cf.* ECF No. 85-1 at 17 on June 10th, 2023, at 3:32 P.M. ("The ongoing status of this lawsuit in Federal Court means that the claim carries legitimacy and is not frivolous.") *In other words*, the moving party never once invited the non-moving party to *any* in-person meeting until it was ordered by the Court on September 25, 2023. ECF No. 76.; *Cf.* ECF Nos. 26 at 4, III; 60.

**L.R. 37-1, sent 6.** Unless relieved by written order of the Court upon good cause shown, counsel for the opposing party must confer with counsel for the moving party within ten days after the moving party serves a letter requesting such conference. Id. *In other words,* same story. ECF No. 85 at 4 (Fang Decl. ¶9-10).

---

[4] ⁴ There is a missing ECF No. ___ due to the Government's failure to file <u>any</u> response to the Status Report filed on July 10, 2023. *See* ECF No. 60.

**L.R. 37-1, sent 7.** 'The moving party's letter must identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request) and specify the terms of the discovery order to be sought.' ("If Plaintiff continues to refuse to meet and confer or respond to the Defendant's discovery request, then Defendant will seek a Motion to Compel.") *Id*. ECF No. ECF No. 85-1 at 21 ¶2 sent. 1-2 on June 9, 2023, at 9:47 A.M. *Cf.* ECF No. 85-1 at 20 on June 9, 2023, at 12:44 P.M.; *See also* ECF Nos, 73, 76, 80. *In other words*, it's the story of the tortoise and the hare.

## Conclusion

The Plaintiff understands that the objection to the *scope and limit* was untimely. ECF Nos. 41:3-10 *Cf.* ECF 85-1 at 7-11. Even if it was an untimely objection, the Government doesn't say what, if any, authority it has, to compel *any* document from the Plaintiff's family.[5] At the sole meet-and-confer on October 10, 2023, the Government failed to cite any authority or explain the relevance of the Plaintiff's family documents to this controversy. The demand for the Plaintiff's family documents is irrelevant and exceeds the permissible scope and limit of discovery. Plaintiff's family resides in Wisconsin, far from the contested property in California. Given that the Plaintiff is neither a minor, under conservatorship, nor has assigned power of attorney, there's no justification for involving out-of-state family matters in this case without *specific* legal basis.

The Plaintiff doesn't want to be before this Court any more than the people he had to drag in here because they wouldn't be reasonable and act according to the law. Thus, the Plaintiff has a concrete and particularized harm that can be resolved by a Court Order, which is why he is here. An Order to let the Plaintiff build a

---

[5] Notably, ECF Nos. 41 at 3-10; 85-1 at 5-13, do not include *any* legal authority from *any* Court.

subdivision (ECF No. 89 at 3) and interest from October 21, 2021, until the day this controversy is disposed; or any other remedy the Court might render that could declare the rights of the parties to the property in the controversies. Afterall, this is what the *controversies* boil down to: property rights. That information, which pertains to sales activity…is of vital interest…since it may bear one of the most important decisions [we] have a right to make: where to live and raise [our] families. *Linmark Assocs., Inc. v. Willingboro, 431 U.S. 85, 96 (1977).*

It's a true shame the Government is forcing still others to bear the burdens that as a society should not be burdened alone. To deny *any and all* Citizens the right to choose where to live and raise their families, is the to deny one life itself. Let the Plaintiff fail on his own, not failed by a freely elected government. A Citizen should not have to be in office or know a public servant in office to enjoy all the property rights afforded under the Federal Constitution.

**THEREFORE**, the Government's Motion to Compel should be **DENIED** and the Court should **ORDER** the Government to pay for 'reasonable expenses incurred' pursuant to FRCP 37(a)(5)(A).[6] **OR** in the alternative, compel the Government to specify what document(s) the Plaintiff could produce that would allow *any* structure on his property.

"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."



Clinton Brown                                                                                          11/07/2023

---

[6] *Santos v. Baca,* No. 2:11-cv-01251-KJD-NJK, ECF No. 212 at 6-7. (D. Nev. Nov. 17, 2015).