DAWYN R. HARRISON, County Counsel
STARR COLEMAN, Assistant County Counsel
THOMAS R. PARKER, Senior Deputy County Counsel
(SBN 141835) • TParker@counsel.lacounty.gov
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-1834
Facsimile: (213) 613-4751

Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Jonathan Fang, State Bar No. 279106
E-Mail: jfang@hurrellcantrall.com
HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>　　　　Defendants. | Case No. 2:22-cv-09203-MEMF-KS<br><br>**DEFENDANT'S REPLY IN SUPPORT OF ITS' MOTION TO COMPEL PLAINTIFF'S RESPONSES WITHOUT OBJECTIONS AND PRODUCTION OF DOCUMENTS**<br><br>Judge:　Hon. Hon. Karen L. Stevenson<br>Date:　November 22, 2023<br>Time:　10:00 a.m.<br>Crtrm.:　580<br><br>Assigned to:<br>Hon. Maame Ewusi-Mensah Frimpong<br>Courtroom "8B"<br><br>Magistrate Judge Karen L. Stevenson<br>Courtroom "580" |

/ / /

/ / /

**TO PLAINTIFF, ALL PARTIES, THE HONORABLE COURT:**

Defendant Clark Taylor, in his official capacity for the Los Angeles County Department of Regional Planning ("Defendant" or "County") hereby submits this Reply In Support Of Its' Motion to Compel Plaintiff's Responses Without Objections and Production Of Documents (Dkt No. 85). Plaintiff's Opposition offers no reasons why Plaintiff should be excused from his discovery obligations in this case. Accordingly, for the reasons set forth in its opening Motion, Defendant's Motion to Compel should be granted. Moreover, because Plaintiff has failed to articulate any basis for his refusal to provide any discovery in this case, Defendant respectfully requests that it be permitted to recover its reasonable attorneys' fees incurred in brining this motion.

As a preliminary matter, Plaintiff's Opposition filed on November 7, 2023 at **<u>11:31 p.m.</u>** is untimely. (*See* Dkt No. 90.) Plaintiff cites to L.R. 7-9 and attempts to cure their untimeliness opposition by simply stating "Plaintiff's Opposition to the Motion to Compel was filed in accordance with L.R. 7-9" (Dkt No. 90), when the opposition is clearly untimely. L.R. 7-9 requires an opposition to be filed "not later than twenty-one (21) days before the date designated for the hearing of the motion in all other instances." (L.R. 7-9.) Plaintiff's opposition was due on *November 1, 2023*, and was not filed until near midnight on **November 7, 2023**. Defendant requests that Plaintiff's Opposition (Dkt No. 90) be stricken for being untimely.

Defendant filed its Motion to Compel on October 19, 2023 based on Plaintiff's refusal to respond to Defendant's Request for Production of Documents, Set One. Defendant's discovery requests sought documents and information related to Plaintiff's purchase and acquisition of the subject property of 27250 Aguora Road. The discovery requests are relevant because among other things, they show: (1) who owns the subject property (Atlas LLC and not Clinton Brown); and (2) what restrictions and prohibitions were on the subject property prior to the purchase.

///

As set forth in Defendant's opening Motion, Plaintiff refused to provide any responses to any of Defendant's discovery requests. Plaintiff was invited to meet and confer regarding the discovery responses several times through letter, email, and phone. Each time plaintiff provided a litany of excuses why plaintiff was not obligated under Federal Rule of Civil Procedure 34(b)(2) to provide responses. These excuses morphed and evolved as time went on. At first, plaintiff refused to provide any availability to meet and confer in-person or telephonically citing to the same reason in his motion to limit discovery that a review of an administrative record exempted him from responding. (See Dkt No. 85-1 at pg. 20; Dkt No. 41.) Second, after his motion to limit discovery was denied (Dkt No. 61), he set forth a new theory that the Court allowing him to re-file his motion to limit discovery precluded the need to respond to discovery. (See Dkt No. 85-1 at pg. 2, ln. 19-27.) Third, when asked for dates for the pre-filing conference as required to by Judge Stevenson's orders he purposedly provided one that was after the discovery motion cut-off. (See Dkt No. 85-1 at pg. 3, ln. 1-13.) At the pre-filing conference, after Judge Stevenson advised him of his obligations (which defense counsel has been telling him all this time), plaintiff once again changed his position and said that now the discovery motion cut-off had elapsed. As set forth in defendant's opening motion, plaintiff's continued gamesmanship should not be rewarded.

In his Opposition (Dkt No. 90), Plaintiff attempts to re-argue his motion to limit discovery that discovery is limited in this matter because he believes it to be an administrative review, that by his purposeful delay in providing a pre-motion conference availability date after the discovery motion cutoff deadline he should be able to be absolved of his discovery obligations, and that defendant "never once invited the [plaintiff] to *any* **in-person** meeting" (Dkt No. 90 at 7) (emphasis added). As mentioned in the pre-motion conference with Judge Levenson on September 25, 2023, this matter has not been deemed an administrative review by the Court and Plaintiff's discovery obligations remain. Additionally, as set forth in the Declaration

3

of Jonathan Fang, defense counsel sought to meet and confer (both in-person and in a last ditch effort telephonically) pursuant to L.R. 37-1 and plaintiff refused to provide any availability. (Dkt No. 85-1.) Defendant does not have access to documents related to his purchase and acquisition of the subject property, third party documents from his Title Insurance that Plaintiff has relied in forming his "personal knowledge" regarding the restrictions and prohibitions and basis for investment-backed expectations related to the subject property prior to the purchase of the subject property. These documents are relevant and necessary discovery in any takings case, but are particularly relevant where, as in this case, there are legitimate questions as to whether the Plaintiff: (1) owns the subject property and has standing to bring such a suit; and (2) whether there were any reasonable investment-backed expectations when the subject property was purchased. Indeed, if Plaintiff is not the owner of the subject property, <u>this case should be dismissed outright for lack of standing</u>. Additionally, if plaintiff was aware of the restrictions and prohibitions to build a solar farm and residential structure when the subject property was purchased, there could be no reasonable investment-backed expectations and this case should be dismissed outright for failure to meet the reasonable investment-backed expectations element of a takings analysis.

At every juncture, defendant has abided by the Federal Rules of Civil Procedure, the Local Rules, and the Judge's Procedures. Conversely, at every juncture plaintiff has flat out ignored them when beneficial to him and attempted to cite to them when adhering to them would be beneficial to plaintiff. Discovery has closed, plaintiff has not sought any discovery and refuses to provide the documents that are central and dispositive to the case. It is clear that plaintiff continues to refuse to provide the documents as they would undoubtably show: (1) plaintiff Clinton Brown is not the owner of the subject property of 27250 Agoura Road and that he has no standing to bring this claim; and (2) he had no reasonable investor-backed expectations of 27250 Agoura Road as the restrictions against solar farms (and

residential structures) were known to him and existed prior to Atlas LLC's purchase of the subject property.

For the reasons set forth above an in Defendant's opening Motion, Defendant respectfully requests that its Motion to Compel be granted, and that Defendant be granted the following relief:

1. Compel Mr. Brown to produce all documents and information requested in Defendant's Request for Production of Documents, Set One without objections within five days from the date of the order;

2. Order Mr. Brown to reimburse Defendant's reasonable attorneys' fees in bringing this Motion to Compel.

DATED: November 9, 2023  Respectfully submitted,

HURRELL CANTRALL LLP

By: */s/ Jonathan Fang*
THOMAS C. HURRELL
JONATHAN FANG
Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING

5