UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>    Plaintiff,<br><br>vs.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>    Defendant. | CASE NO. 2:22-cv-09203-MEMF-KS<br><br>**[PROPOSED] ORDER DENYING MOTION TO COMPEL**<br><br>**[ECF NO. 92]** |

## I. Background

This action arose out of a rejection by the Los Angeles County Department of Regional Planning of Plaintiff's application "to install a 20 MW Solar Farm at 27250 Agoura Rd., described as 32.4 acres of vacant land, in unincorporated Los Angeles County, on November 28, 2020." ECF No. 1 at 3-4. The Defendant filed this motion in contravention of Plaintiff's assertion that the discovery requests were beyond the scope and limits set by Rule 26(b). These requests included: (1) *all* title insurance

and indorsement documents in Plaintiff's possession related to Plaintiff's purchase and acquisition of the property at issue; (2) *all* "reports, memoranda, transcripts, audio recordings, video recordings, filings, photographs, letters, and other documents of any kind whatsoever, which report, memorialize, summarize, reflect, depict, or in any way discuss [Plaintiff's] file relating to [Plaintiff's] purchase and acquisition of the property"; and (3) *all* documents including and relating to notice disclosures provided to Plaintiff regarding his purchase and acquisition of the property. *See* ECF. No. 41 at 7-8. The Court's scheduling order was issued on February 21, 2023. ECF No. 26. Discovery closed on August 20, 2023. *Id.* Neither the Plaintiff nor the Defendant may take discovery after August 20, 2023, without the Court's prior approval. *Id.* at 2, I.A. Any challenge to discovery must be filed and served no later than 30 calendar days after the discovery cutoff. *Id.*, at 3 II.A

## II. Legal Standard

The Court will grant an order to compel discovery only in exceptional circumstances and upon a showing of good cause. *Id.* The party seeking discovery has the heavy burden of proving exceptional circumstances. *Hartford Fire Insurance v. Pure Air on the Lake, Ltd.*, 154 F.R.D. 202 (N.D. Ind. 1993; *See also Wells Fargo Bank, N.A. v. ANC Vista I, LLC*, No. 2:14-cv-00840-JCM-NJK, 2015 U.S. Dist. LEXIS 17566 (D. Nev. Feb. 11, 2015) ("The Court notes as a threshold matter that the scope of documents at issue in the pending motion is unclear"). Exceptional

circumstances exist only if defendants lack the ability to discover equivalent information by other means. *Supra* at 208. A district court has inherent power to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants. *Landis v. N. Am. Co.,* 299 U.S. 248, 254, 57 S. Ct. 163 (1936). At this stage of the controversy, no new trial exhibit is going to change the question of law before this Court. *Dupree v. Younger*, 598 U.S. 729, 143 S. Ct. 1382, 1395 (2023).

### III. Discussion

Rule 37(a)(3)(A) says that if a party fails to make disclosures required by Rule 26(a) that they may file a *specific* motion to compel disclosure or motion to compel a discovery response. *See* Rule 37(a)(3)(B)(iv). In any event, no party has made any disclosures in this controversy and the time to challenge any discovery has elapsed. ECF No. 26. The only two checks on the discovery powers under the Rules are scope and limits. The objection to the scope and limits of discovery was 'procedurally improper' when the Plaintiff filed it with the Court. ECF Nos. 41, 61 at 2. However, the plain language of Rule 26(d)(2)(B) and common sense tells the parties that serving *early* Rule 34 requests does not exempt a party from the scope and limits under Rule 26(b). As in this case, (although 'procedurally improper'), objections to the scope and limits of discovery must be addressed by the moving party with *any* legal authorities that could solve the dispute. *See* L.R. 37-1 sent. 7. The Government,

regardless of the discovery sequence, failed to point to *any* authorities that addressed the objections of the Plaintiff. ECF No. 41 at 1, n. 1 "In summa, Defendant's request for documents that are already available in the public record are duplicative and the demand for Plaintiff's family records are outside the scope of discovery, in addition to, the initial exemption." This clearly points the *moving party* to work in good faith to address those objections with legal authorities that they believe will be dispositive of the matter. There is nothing in the record to suggest that the Government even attempted to address the Plaintiff's objections with *any* legal authorities that might have been dispositive of the matter. ECF Nos. 41 at 3-10; 85-1 at 5-13. The Court does not need to address the legal authorities that may or may not be relevant. The Court is not the moving party and will not comb through case law to find such authority on behalf of any party to the controversy. The Court need not address the scope and limit issue.

    While the Court is not the overseer of discovery, Rule 29 does mandate that *any* extensions for *any* form of discovery may be stipulated, *except* when extending the *time* for discovery, motions, or trial *dates* that interfere with the *time set* for completing discovery, for a hearing on a motion, or for trial. All parties are required to share certain information with others without waiting for a discovery request, Rule 26(a)(1)(A), unless they're exempted by Rule 26(a)(1)(B). An action for review on an administrative record is one of the proceedings exempt from initial disclosure.

*See* Rule 26(a)(1)(B)(i). The Court stipulates discovery "[o]nly when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process." *Lopez v. Horel, No. C 06-4772 SI (pr), 2007 WL 2177460, *1 A. (N.D. Cal. July 27, 2007).* The Government did not file any status report and instead filed several other documents which are now before this Court for consideration. [1] *Id.* The Court already explained what it wanted the parties to include in their status reports: each party was directed to file and serve a status report indicating *what discovery remains* to be done, the amount of *time* needed for discovery, whether *any* further motions will be filed, *when* they will be ready for trial, and the *expected length* of the trial. *Id* at 2*;* ECF No. 26 at 4, III. The Defendant, Plaintiff and the Court had the benefit of having *seen* the Plaintiff's status report*. Id.* The Defendant failed to file *any* status report or *any* opposition to the written objection as to the *scope and limit* of the discovery. [2] It is *indisputable* that the Government failed to file a status report. Thus, the Government is 'virtually worthless' in aiding the Court and the parties in the case management in this controversy. *Id.* at 2.

    Irrespective of the 'procedurally improper' objection filed with the Court, the Defendant did not comply with L.R. 37-1 as the moving party. 'The moving party's

---

[1] The Plaintiff filed his status report on July 10, 2023, nineteen (19) days after the filing deadline set in the Scheduling Order. ECF Nos. 26, 60
[2] The Plaintiff filed a request for the Court to set a briefing schedule on the written objections as to the scope and limit of discovery on April 14. 2023. ECF No. 49 at 1.

letter must identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request) and specify the terms of the discovery order to be sought.' Even if ECF No. 41 was an untimely and 'procedurally improper' objection, the Government doesn't say what, if any, authority it has, to compel any document from the Plaintiff's family or otherwise. *See* ECF Nos. 41:3-10 *Cf.* ECF 85-1 at 7-11. The Government, as the moving party, *must* provide the non-moving party with legal authorities that would attempt to resolve the objections, which in this case, were filed publicly. ECF No. 41 at 1., n. 1. Furthermore, it is clear in the record that the Plaintiff objected multiple times to the scope and limit of discovery to no avail. (Citations omitted).

### IV. Conclusion

The Plaintiff has already admitted in open Court that he knew there were restrictions prior to purchasing the property. *See* Tr. of Mot. Hr'g at 26, 11:07-11:08 A.M., ECF No. 86 (Sept. 21, 2023).

> **THE COURT:** "And so do you -- so if I -- I just want to make sure I understand you correctly. It sounds like you acknowledge that under *Lucas*, if you were aware of the restriction prior to your purchase, that would not be a taking. But you believe that *Knick* has changed that -- the state of the law with respect to that issue?"

**PLAINTIFF:** "Yeah. And *Lucas* was –"

**THE COURT:** "Do I have you correct?"

**PLAINTIFF:** "Yes. Yes, pretty much. Yeah."

The Plaintiff is on record that he knew about restrictions. The issue is particularly narrowed to a question of law and no new discovery is going to change this question of law. *Supra,* Lucas and Knick. Moreover, the Government is in a unique position to access public documents and to determine what documents are publicly available pursuant to FOIA and State Sunshine laws. *See* Exhibit 6, "Development Agreement," ECF No. 82-7. This exhibit directly contradicts the Government's position that the Plaintiff "has failed to produce any documents." It's presumed that the Government produced the document that was available in the public record regarding Plaintiff's property, or in the alternative, released the document pursuant to its unique position as the holder of the information. Therefore, the Government's argument fails in at least three ways:

1) The Government, the *moving party*, has not cited any legal authority that could conclusively address the scope and limit issues brought forth by the Plaintiff in the case record. This assessment stands regardless of the Court's characterization of the Plaintiff's objection as 'procedurally improper'. ECF Nos. 41, 61 at 2; L.R. 37-1 sent. 7.

2) The Government has provided publicly available documents which appear to support the Plaintiff's claims regarding the specific scope and limits of discovery in this case. The Government included an exhibit which the Plaintiff may or may not have been previously aware of. However, the Court does not need to resolve this matter, as it is rendered moot by the denial of the motion and the fact that the exhibit is already part of the public record. ECF No. 82-7 at Exhibit 6.

3) In addition to those failures, the Government did not file a status report pursuant to ECF No. 26 and instead filed several other documents which are now before the Court for consideration. *Supra,* Lopez*;* ECF No. 60. At this juncture, the Court will not deliberate on the Government's failure to recognize the Court's authority as a separate and equal branch of Government, or in the alternative, its Counsel's failure to adhere to the Court's authority in good faith. *See Shelley Gipson v. Weatherford Coll.*, No. 23-10397, *per curiam* (5th Cir. Nov. 6, 2023) (unpublished) (quoting) "In order to impose sanctions against an attorney under its inherent power, a court must make a specific finding that the attorney acted in bad faith." *Chaves v. M/V Medina Star,* 47 F.3d 153, 156 (5th Cir. 1995) (internal quotation marks and citation omitted). *See Williams v. Lockheed Martin Corp.*, 990 F.3d 852, 867 (5th Cir. 2021) (explaining bad faith includes "when the party practices a fraud upon the court or delays or disrupts the litigation or hampers a court

order's enforcement" (quoting syllabus from *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33 (1991)).

In any event, [cross-examination is the] greatest legal engine ever invented for the discovery of truth. Wigmore § 1367. One year of discovery, ten years of discovery are not equal to 15 minutes in the witness chair before the trier of fact. (Citations omitted).

> **THE COURT:** -- [ speaking to Defendant] "if you did not have -- if you did not have the discovery that you needed from the Plaintiff before the close of discovery, why are we now in September having an informal conference about a pre-motion discovery issue so late in the game, [Defendant]?" Tr. of Tel. Conf., September 25, 2023, ECF No. 80 at 11, 7-11.

As stated above, no argument the Government has provided proves to be anything more than an attempt to slow walk the game. Discovery closed on August 20, 2023, and the time for challenging discovery elapsed on September 20, 2023.

## Order

Based upon the foregoing, the Motion to Compel is **DENIED** with prejudice. The request for sanctions by the parties are also **DENIED**.[3]

---

[3] *See* Rule 37(a)(5)(B).

**IT IS SO ORDERED.**

Dated: _____

Nov. \_\_\_, 2023

**KAREN L. STEVENSON**

Chief Magistrate Judge