UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No.   2:22-cv-09203-MEMF-KS                                             Date: November 20, 2023

Title   *Clinton Brown v. Clark R. Taylor*

Present: The Honorable:   Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: Minute Order re Emails to Chambers and Motion for Summary Judgment**

On October 18, 2023, Defendant Clark Taylor ("Taylor") filed a Motion for Summary Judgment. ECF No. 82. Taylor noticed this Motion before Magistrate Judge Karen L. Stevenson. *See id.*

On October 19, 2023, Plaintiff Clinton Brown ("Brown") emailed the Chambers of this Court and objected to Judge Stevenson hearing Taylor's Motion for Summary Judgment, on the purported basis that a Magistrate Judge may not hear a dispositive motion. The Court responded and indicated that Brown should file his objection on the docket. Brown responded to the Court and again stated his objection. Several days later, the Court responded again, and indicated that (1) Brown need not file this specific objection on the docket, (2) the Court will issue an order regarding whether Taylor's Motion for Summary Judgment was properly filed and noticed, (3) Magistrate Judges generally may not hear dispositive motions, and (4) Brown should in the future refrain from making legal argument in emails to the Court. Counsel for Taylor was copied on all of these emails.

Similarly, on November 18, 2023, Brown filed a Notice of Non-Consent. ECF No. 96. Brown stated that he has not and will not consent to adjudication before a Magistrate Judge. *See id.*

The Court wishes to clarify this issue for all parties. Taylor's Motion for Summary Judgment was properly filed before Judge Stevenson. Pursuant to Central District of California General Order No. 05-07, actions brought by *pro se* plaintiffs (that is, plaintiffs not represented by lawyers) under section 42 U.S.C. § 1983 "shall be referred" to Magistrate Judges for "pretrial purposes." *See* General Order No. 05-07 at 2. Further, although Magistrate Judges generally may

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-09203-MEMF-KS                                    Date: November 20, 2023

Title   *Clinton Brown v. Clark R. Taylor*

not hear potentially dispositive motions, this limitation does not apply in *pro se* cases brought under § 1983. *See id.* at 7 (motions that may not be referred to a Magistrate Judge include "Potentially dispositive motions listed in 28 U.S.C. § 636(b)(1)(A), except in social security disability cases, non-capital state or federal habeas corpus petitions, and *pro se* § 1983 and *Bivens* cases"). Because this action is a *pro se* § 1983 case, it shall be referred to the Magistrate Judge for all pretrial purposes,[1] and there is no prohibition on referring the Motion for Summary Judgment to the Magistrate Judge. *See id.*

The District Court will ultimately decide the Motion for Summary Judgment. Judge Stevenson will hear argument on the Motion for Summary Judgment, and will then issue a Report and Recommendation, which the District Court will determine whether or not to adopt. Brown (or Taylor) may object to the Report and Recommendation after it is issued before the District Court decides whether to adopt it.

Brown is again admonished not to make legal argument to the Court via email. *See* ECF No. 47. Future improper emails to the Court may result, without further warning, in sanctions.

|  | : |
|---|---|
| **Initials of Preparer** | DBE |

---

[1] Even in *pro se* § 1983 case, a Magistrate Judge may not hear applications or motions seeking injunctive relief. *See* General Order No. 05-07 at 7 (list of motions that may not be referred to a Magistrate Judge includes "Applications or motions seeking injunctive or mandamus relief," with no exception for *pro se* § 1983 cases). Hence, the Court could not refer Brown's Motions for Preliminary Injunctions to the Magistrate Judge. But the Motion for Summary Judgment is different for the reasons described above.