<u>VIA ECF</u>

Honorable Maame Ewusi-Mensah Frimpong
United States District Court
Central District of California
United States Courthouse
350 West First Street
Los Angeles, CA 90012
Courtroom 8B, 8th Floor.

      Re: Clinton Brown v Clark R. Taylor, AICP, The Los Angeles County Department of Regional Planning, 2:22-cv-09203-MEMF-KS

Honorable Maame Ewusi-Mensah Frimpong:

      The Court stated in a 'Chamber's email' on October 24, 2023, that, "After further consideration, the Court has determined that no objections need be filed as to whether the MSJ may be heard by the Magistrate Judge. **This Motion must be heard by a District Judge, not a Magistrate Judge.** The Court will issue an appropriate order addressing Defendant's Motion." In effect, this should have stayed ECF No. 83.

      All parties, as stated in ECF No. 98 at 1, were aware of the Chamber's email, except, apparently, the Magistrate Judge. This administrative oversight, though understandable, should not tilt the table towards the Defendant, or any party. The Plaintiff thought it particularly important to file a Notice of Non-Consent, ECF No. 96, given that, the Magistrate Judge states in ECF No. 83, "Plaintiff is expressly cautioned that his failure to file and serve a <u>timely</u> Opposition to Defendants' Summary Judgment Motion may result in the granting of the Summary Judgment Motion"; "In other words, if the Court grants Defendants' Summary Judgment Motion, Plaintiff will lose."; and "The Court may grant Defendants' Summary Judgment Motion and enter final judgment against Plaintiff without any trial." This substantive procedural conflict placed the Plaintiff, the non-moving party, in a Catch-22 position, given the absence of an "appropriate order" and the Magistrate Judge's existing directive that required an Opposition filed by November 20, 2023.

      The "Assignment Wheel" is untenable *in this case* and leaves all parties with an unclear procedural path forward. *See* General Order No. 05-07 at 8, 1; ECF Nos. 95, 96, 97 98, 99. The conflicting orders issued by this Court do not construe, administer, or employ the Rules in a manner that secures the just, speedy, and inexpensive determination of this controversy *See* Rule 1.

      Therefore, the Court is urged to issue an 'appropriate order' that will put this procedural caboose back on its tracks.

Respectfully submitted,
/s/ Clinton Brown, Self-Represented
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

CC: All Counsel of Record (via ECF) on November 27, 2023