UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.    CV 22-9203 MEMF (KS)                                                    Date: December 5, 2023

Title    <u>Clinton Brown v. Clark R. Taylor</u>

Present: The Honorable:    Karen L. Stevenson, Chief United States Magistrate Judge

Gay Roberson
Deputy Clerk                                             Court Reporter / Recorder

Attorneys Present for Plaintiffs:                    Attorneys Present for Defendants:

**Proceedings: (IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

On December 17, 2022, Plaintiff, a California resident proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C § 1983 ("Complaint") arising out of the alleged rejection by the Los Angeles County Department of Regional Planning of Plaintiff's "application to install a 20 MW Solar Farm at 27250 Agoura Rd., described as 32.4 acres of vacant land, in unincorporated Los Angeles County, . . . ." (Dkt. No. 1 at 3-4.)

On October 18, 2023, Defendant filed a Motion for Summary Judgment ("Motion"). (Dkt. No. 82.)  In a minute order dated October 19, 2023, the Court set a briefing schedule on the Motion. (Dkt. No. 83.)  Pursuant to the briefing schedule, Plaintiff's deadline to file and serve an opposition to the Motion was November 20, 2023. (*Id.* at 1.)

Plaintiff subsequently filed a "Notice of Non-Consent" challenging the Magistrate Judge's authority to issue a briefing schedule and hear the Motion. (Dkt. No. 96.)  Both the District Judge and Magistrate Judge issued orders denying Plaintiff's challenge.[1] (Dkt. Nos. 97, 98.)  The deadline for Plaintiff to file his opposition to the Motion was not requested or changed.

---

[1] Plaintiff was correct that 28 U.S.C. § 636(b)(1)(A) expressly precludes a district judge from designating a magistrate judge to "hear and determine" a motion for summary judgment.  But, the next subsection, 28 U.S.C. § 636(b)(1)(B), expressly provides in relevant part that a district judge may designate a magistrate judge "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)."  *See Randolph v. Williams*, No. 22-15385, 2023 WL 195515, at *1 (9th Cir. Jan. 17, 2023) ("Under 28 U.S.C. § 636(b)(1)(B) and [local rules], a magistrate judge has the authority to oversee proceedings and submit to a district court judge proposed findings of fact and recommendations for the disposition of a motion for summary judgment."); *see also Cardenas v. Vail*, 482 F. App'x 291, 292 (9th Cir. 2012) ("Contrary to Cardenas's contention,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-9203 MEMF (KS)                                             Date: December 5, 2023

Title   <u>Clinton Brown v. Clark R. Taylor</u>

Two weeks have now passed since Plaintiff's deadline to file his opposition. Plaintiff has neither filed a response to the Motion nor requested an extension of time to do so.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be subject to involuntary dismissal if a plaintiff "fails to prosecute or to comply with these rules or a court order." Thus, the Court could properly recommend dismissal of the action for Plaintiff's failure to comply with the Court's October 19, 2023 Order setting forth the briefing schedule on Defendant's Motion.

However, in the interests of justice, Plaintiff is **ORDERED TO SHOW CAUSE on or before December 27, 2023**, why the Court should not recommend that the action be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff's response to this OSC must include <u>either</u>: (1) a request for an extension of time to file an opposition accompanied by a sworn declaration that establishes good cause for both Plaintiff's failure to timely respond to the Motion and his need for additional time; *or* (2) a complete Opposition that fully complies with the Local Rules and the Federal Rules of Civil Procedure.

<u>Alternatively</u>, Plaintiff may discharge this Order and dismiss this case by filing a signed document entitled a "Notice of Voluntary Dismissal" requesting the voluntary dismissal of the action without prejudice pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

**Plaintiff is expressly cautioned that his failure to respond to this Order may result in a recommendation of dismissal based on Rule 41 of the Federal Rules of Civil Procedure.**

                                                                                                                            :
                                                                **Initials of Preparer**          gr

---

the magistrate judge did not lack authority to issue recommendations on the summary judgment motions."); C.D. Cal. General order 05-07; C.D. Cal. L.R. 72-3.3. As the requisite referral to the Magistrate Judge was made here (dkt. no. 3), Plaintiff's arguments are erroneous and do not excuse him from following the Magistrate Judge's briefing schedule on the current Motion, nor do they provide good cause for any delay in filing his opposition.