UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   CV 22-9203 MEMF (KS)                                               Date: December 14, 2023

Title       *Clinton Brown v. Clark R. Taylor*


Present: The Honorable:    Karen L. Stevenson, Chief United States Magistrate Judge

           Gay Roberson                                       N/A
           Deputy Clerk                              Court Reporter / Recorder

    Attorneys Present for Plaintiff: N/A          Attorneys Present for Defendant: N/A


**Proceedings: (IN CHAMBERS) MINUTE ORDER DENYING DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS, SET ONE, AS UNTIMELY [DKT. NO. 85]**

RELEVANT BACKGROUND

I.      **The Initiation of This Action and Discovery Deadline**

On December 17, 2022, Plaintiff, a California resident proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C § 1983 ("Complaint") arising out of the alleged rejection by the Los Angeles County Department of Regional Planning of Plaintiff's "application to install a 20 MW Solar Farm at 27250 Agoura Rd., described as 32.4 acres of vacant land, in unincorporated Los Angeles County, . . . ." (Dkt. No. 1 at 3-4.)

On December 20, 2022, the matter was assigned to the calendar of the Honorable Judge Maame Ewusi-Mensah Frimpong, U. S. District Judge, and referred to Chief U. S. Magistrate Judge Karen L. Stevenson "to consider preliminary matters and conduct all further hearings as may be appropriate or necessary." (Dkt. No. 3.) On January 30, 2023, Defendant answered the Complaint. (Dkt. No. 10.) Thereafter, on February 21, 2023, the assigned Magistrate Judge issued a Case Management and Scheduling Order in Civil Rights Cases ("CMO"). (Dkt. No. 26.) The CMO provided that all discovery must be completed within 180 days, i.e., by August 21, 2023.[1] (*Id.* at 2.) The CMO further provided that "[a]ny motion challenging the adequacy of a discovery

---

[1] The 180th day fell on a Sunday, so the discovery deadline was actually the following day, Monday, August 21, 2023. Fed. R. Civ. P. 6(a)(1)(C).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-9203 MEMF (KS)                                      Date: December 14, 2023

Title     *Clinton Brown v. Clark R. Taylor*

response or seeking an order compelling further discovery must be filed and served no later than thirty (30) calendar days after the discovery cutoff date," i.e., September 20, 2023. (*Id.* at 3.)

### II.     The Discovery Dispute

On March 21, 2023, Defendant served on Plaintiff "Defendant's First Set of Request for Production of Documents and Things to Plaintiff Clinton Brown" (hereafter "RFPs") (Dkt. No. 85-1 at 6-11.) On June 2, 2023, after Plaintiff ostensibly failed to respond to the RFPs, Defendant emailed Plaintiff a letter explaining that Federal Rule of Civil Procedure 34(b)(2) required Plaintiff's response to the RFPs within 30 days (i.e., by April 20, 2023), and that Plaintiff intended to move for an order compelling production. (*Id.* at 16.) Defendant requested Plaintiff's availability for a pre-motion meet and confer. (*Id.*) In response to Defendant's email, Plaintiff stated, "This action is governed by F.R.C.P. 26(a)(1)(B)(i) and the Plaintiff has filed a F.R.C.P. 26(a)(1)(C) objection. (Dk.41)." (*Id.* at 21-22.)

On June 9, 2023, Defendant sent an email to Plaintiff reiterating its position and again requesting that Plaintiff provide his availability for a met and confer in compliance with Local Rule 37-1. (*Id.* at 20-21.) Defendant also stated that if Plaintiff "continues to refuse to meet and confer or respond to the Defendant's discovery request, then Defendant will seek a Motion to Compel, and sanctions based upon the fact that Plaintiff has no desire to participate in discovery in this case and that the purpose of this lawsuit is frivolous." (*Id.* at 21.) Plaintiff responded to that email by arguing that the proceeding was an administrative review under Federal Rule of Civil procedure 26(a)(1)(B)(i), that "as a pro se litigant" he was "entitled to the same protections as a represented party in a meet and confer," and that a meet and confer should be "facilitated through the Court" to ensure fairness. (*Id.* at 20.)

Defendant replied to Plaintiff's email, explaining Defendant's disagreement with Plaintiff's assertions and again warning Plaintiff that if he "refuse[d] to meet and confer before June 12, 2023 as required, then we will proceed with our Motion to Compel, and seek sanctions based upon the fact that Plaintiff has no desire to participate in discovery in this case and that the purpose of this lawsuit is frivolous." (*Id.* at 19.) Defendant responded, "I just offered to participate. However, file what you must." (*Id.* at 18.) Defendant's counsel again replied, "You have not provided any availability to meet and confer and discuss the issues telephonically. Please provide your availability to meet and confer on a date no later than June 12, 2023, to comply with Local Rule 37-1. Otherwise, we will proceed with filing our motion. Thank you." (*Id.* at 17.) On

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-9203 MEMF (KS)                                                    Date: December 14, 2023

Title        *Clinton Brown v. Clark R. Taylor*


June 10, 2023, Plaintiff responded without acknowledging Defendant's requests for his meet-and-confer availability. (*Id.*)

Thereafter, Defendant's counsel "sustained injuries in a car accident where a big rig without the trailer ran into the front driver-side door of his vehicle on the freeway." (*Id.* at 2, ¶ 5.) As a result of injuries sustained in that car accident, Defendant's counsel took a medical leave of absence and returned from that leave of absence on August 31, 2023. (*Id.*)  On that date, Defendant's counsel again contacted Plaintiff by telephone to meet and confer, and Plaintiff told counsel that Defendant was "not going to get anything from me or my family" regarding the RFPs. (*Id.* at 2, ¶ 6.) Defense counsel "urged plaintiff to re-consider and not to continue to waste judicial resources." (*Id.*)

On September 5, 2023, Defendant's counsel "contacted plaintiff telephonically to meet and confer a final time. Plaintiff continued to refuse to provide any responses, objections, or documents claiming that the discovery cut-off of August 21, 2023 made it so he had no obligations." (*Id.* at 3, ¶ 7.) Counsel for Defendant then asked for Plaintiff's availability for a pre-motion conference with Judge Stevenson; Defendant alleges that "Plaintiff purposely and openly delayed in setting the pre-motion conference until after the discovery motion cutoff . . . ." (*Id.*)

### III.    The Informal Discovery Conference and Further Proceedings

On September 7, 2023, the parties requested an informal telephonic discovery conference with the assigned Magistrate Judge. (Dkt. No. 73.) On September 25, 2023, the Court held a telephonic discovery conference with both parties. (Dkt. No. 76.) At the hearing, Plaintiff argued that because discovery was now closed, he had no obligation to respond to Defendant's RFPs. (*Id.*) After hearing arguments, the Court posed the following question to Defendant's counsel: "[I]f you did not have the discovery that you needed from the Plaintiff before the close of discovery, why are we now in September having an informal conference about a pre-motion discovery issue so late in the game[?]" (Dkt. No. 80 at 11.)

Counsel then argued that the RFPs were timely served on Plaintiff, that in June Plaintiff took the position that he did not have to respond to the RFPs at that time because his own motion to limit discovery was pending, that counsel was subsequently in an automobile accident (referenced above), and that subsequent meet and confer efforts were also met with Plaintiff's resistance. (*Id.* at 12.) The Court responded, in pertinent part, "[T]he issue[] is whether or not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   CV 22-9203 MEMF (KS) | Date: December 14, 2023 |
| Title   *Clinton Brown v. Clark R. Taylor* | |

your request to seek the discovery that you never got that was propounded during the discovery period, whether it is now timely for you to seek the Court's intervention to compel such responses at this point." (*Id.*)  The Court then ordered the parties to brief that issue, and "in particular, whether a motion to compel further responses is timely under the Court's Scheduling Order." (Dkt. No. 76.)

On October 19, 2023, in lieu of submitting the briefing ordered by the Court, Defendant filed the instant Motion. (Dkt. No. 85.)  The Motion seeks an order compelling Plaintiff to answer Defendant's RFPs, propounded to Plaintiff on March 21, 2023. (*Id.* at 2.)  On November 7, 2023, Plaintiff filed an Opposition to the Motion. (Dkt. No. 90.)  On November 9, 2023, Defendant filed a Reply. (Dkt. No. 91.)  The Court vacated the noticed hearing on the Motion and took the matter under submission. (Dkt. No. 93.)

## THE MOTION

### I.   Defendant's Arguments

In the pending Motion, Defendant argues that Plaintiff "has never responded to Defendant's [March 21, 2023] Requests for Production of Documents, Set One" in violation of Federal Rule of Civil Procedure 37(a)(4)," and that Plaintiff "admittedly has documents in its possession, custody or control that are relevant to the instant lawsuit and responsive to the Requests but has failed to produce any documents whatsoever." (Dkt. No. 85 at 5.)  Defendant contends the requested material is relevant to "show Plaintiff's actual knowledge of the restrictions and prohibitions related to the property prior to Plaintiff's purchase," to "show the bundle of property rights that plaintiff received when he acquired the property," and to "determine whether the County interfered with Plaintiff's reasonable investment-backed expectations when he purchased the property." (*Id.* at 6.)

In a section of the Motion titled "Timing of Motion to Compel," Defendant argues that the discovery at issue was "completed" on April 20, 2023, the date Plaintiff's responses were due, and that it does not violate the Court's discovery deadline to file a motion to compel that discovery. (*Id.* at 7.)  Defendant further contends that neither Federal Rule of Civil procedure 37 nor this Court's Local Rules establish time limits within which a motion to compel must be filed. (*Id.*)  Defendant, however, acknowledges that this Court's "Scheduling Order set a discovery motion cut-off of September 20, 2023 (30 days after the discovery cut-off)." (*Id.*)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-9203 MEMF (KS)                                              Date: December 14, 2023

Title       *Clinton Brown v. Clark R. Taylor*

Defendant next argues that defense counsel was injured in a car accident in June "and went on medical leave" before he could "initiate the pre-motion conference for a motion to compel." (*Id.*)  Defendant acknowledges that counsel returned from medical leave on August 31, 2023 (twenty days before the Court-ordered deadline to file discovery motions) and that he "was still able to file a timely Motion to Compel within the deadline."  (*Id.*)  However, Defendant argues, "Plaintiff purposedly delayed in setting the pre-motion conference until after discovery motion cut-off of September 20, 2023."  (*Id.* at 7-8.)

### II.     Plaintiff's Arguments

Plaintiff's Opposition largely raises issues and cites to procedural rules that are inapplicable here.  However, he refers to the Court's CMO and argues that Plaintiff had to file a motion to compel within 30 days of the close of discovery.  (Dkt. No. 90 at 2.)  Plaintiff further argues that Defendant's RFPs included requests for "Plaintiff's family documents," and Plaintiff objects to those requests as irrelevant and beyond the permissible scope of discovery.  (*Id.* at 8.)  In addition to requesting that the Court deny the Motion, Plaintiff also seeks his "reasonable expenses" incurred under Federal Rule of Civil procedure 37(a)(5)(A).  (*Id.* at 9.)

### III.    Defendant's Reply

In reply, Defendant argues that "Plaintiff's Opposition offers no reasons why Plaintiff should be excused from his discovery obligations in this case."  (Dkt. No. 91 at 2.)  Plaintiff further contends that the Opposition was untimely by six days, that Defendant's discovery requests are relevant to the case, that Plaintiff has switched his basis for refusing to respond to Defendant's RFPs or meet and confer several times and his "continued gamesmanship should not be rewarded."  (*Id.* at 2-3.)

Additionally, Defendant asserts that Plaintiff's refusal to provide the discovery material at issue is because the pertinent documents would show he does not own the subject property and lacks standing to bring this lawsuit, and that "he had no reasonable investor-backed expectations of 27250 Agoura Road as the restrictions against solar farms (and residential structures) were known to him and existed prior to Atlas LLC's purchase of the subject property."  (*Id.* at 4-5.)  Defendant seeks an order compelling Plaintiff to respond to the RFPs as well as "to reimburse Defendant's reasonable attorneys' fees in bringing this Motion to Compel."  (*Id.* at 5.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-9203 MEMF (KS)                                        Date: December 14, 2023

Title   *Clinton Brown v. Clark R. Taylor*

**LEGAL STANDARD**

A party may obtain discovery concerning any nonprivileged matter that is relevant to any party's claim or defense and is proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). However, "[p]arties may not unduly delay in filing motions to compel no matter their merit." *KST Data, Inc. v. DXC Tech. Co.*, 344 F. Supp. 3d 1132, 1136 n.1 (C.D. Cal. 2018).

Moreover, "[a] district court is vested with broad discretion to permit or deny discovery, and a decision to deny discovery will not be disturbed except upon the clearest showing that the denial of discovery results in actual and substantial prejudice to the complaining litigant." *Gwen v. Core Civic*, No. 23-15776, 2023 WL 8079168, at *1 (9th Cir. Nov. 21, 2023) (*quoting Laub v. U.S. Dept. of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003)). Moreover, "[a] district court does not abuse its discretion when it denies a motion to compel for failure to comply with local rules or procedural requirements." *Tarum v. State Farm Mut. Auto. Ins. Co.*, No. 22-35542, 2023 WL 7040320, at *2 (9th Cir. Oct. 26, 2023) (citation omitted).

"Untimeliness is sufficient ground, standing alone, to deny a discovery motion." *KST Data, Inc.*, 344 F. Supp. 3d at 1136 n.1 (citation omitted). "As with all decisions governed by discretion, timeliness must be determined based on the circumstances specific to each case. But a district court's decision to hold litigants to the clear terms of its scheduling orders is not an abuse of discretion." *Id.* (citations and internal quotation marks omitted).

**DISCUSSION**

Having thoroughly reviewed the parties' submissions, the Court finds that the pending Motion is untimely and must be denied.

First, the Court rejects Defendant's argument based on his interpretation of the Court's CMO to mean that discovery was "completed" as to the RFPs at issue on the date Plaintiff's responses were due. Regardless of when the RFPs at issue were "completed," the Court's CMO expressly provided a *separate* deadline to file discovery motions. (Dkt. No. 26 at 3.) Specifically, the CMO states, "Any motion challenging the adequacy of a discovery response or seeking an order compelling further discovery must be filed and served no later than thirty (30) calendar days

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-9203 MEMF (KS)                                              Date: December 14, 2023

Title        *Clinton Brown v. Clark R. Taylor*

after the discovery cutoff date." (*Id.* (emphasis added))  Defendant does not dispute that, based upon the foregoing language, the cutoff date for filing discovery motions in this case was September 20, 2023. (Dkt. No. 85 at 7.)  Yet, even though Plaintiff's responses to Defendant's RFPs were due several months prior, on April 20, 2023, Defendant did not file the instant Motion until October 19, 2023, nearly a month after the cutoff for doing so.  (Dkt. No. 85.)  The Motion is, therefore, untimely.  *Tarum*, 2023 WL 7040320 at *2; *KST Data, Inc.*, 344 F. Supp. 3d at 1136 n.1.

Second, while the Court aware that delays that can be caused by frivolous gamesmanship, and certainly sympathizes with counsel being injured in an automobile accident, the fact remains that Defendant could have brought (or at least have begun preparing) a motion to compel production of Plaintiff's responses to Defendant's RFPs *as early as April 21, 2023*.  After that date, more than a month passed before counsel's car accident, and even assuming the accident occurred in early June, counsel still had three weeks to prepare and file the Motion after returning from the leave of absence.  Indeed, Defendant's counsel threatened to file a motion to compel several times on June 9, 2023 (dkt. no. 85-1 at 17, 19, 21), but failed to do so until the following October, even though Plaintiff stated in June, "file what you must."  Defendant's clear lack of diligence in pursuing the discovery sought here is itself grounds to deny the Motion as untimely. *See Santillan v. USA Waste of California, Inc.*, No. CV 14-0335 AB (SSx), 2019 WL 1715480, at *5 (C.D. Cal. Mar. 27, 2019) (motion to compel was ruled untimely due in part to the moving party's lack of diligence).

Third, as for defense counsel's complaints that Plaintiff intentionally wasted the remaining time by evading meet and confer efforts, counsel for Defendant had multiple options for putting the issue before the Court prior to the discovery motion deadline,  including (1) timely filing the Motion with attached exhibits showing counsel's unsuccessful efforts to meet and confer with Plaintiff; (2) filing an *ex parte* application pursuant to Local Rule 7-19 with a declaration explaining the reasons for the expedited filing; or (3) requesting an amendment to the Court's CMO well before the discovery motion deadline expired.  *See Sigma Fin. Corp. v. Gotham Ins. Co.*, No. SACV 15-01531-AG (DFMx), 2017 WL 9511489, at *2 (C.D. Cal. Aug. 4, 2017) (party should have sought relief from the court's scheduling order in lieu of filing an untimely discovery motion).  Instead, it appears Defendant's counsel allowed Plaintiff to control the procedure based

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   CV 22-9203 MEMF (KS)                                        Date: December 14, 2023

Title       *Clinton Brown v. Clark R. Taylor*

on the filing of his own motions even though Plaintiff had no legal basis for doing so, and with the clock running on the discovery motion deadline. *Santillan*, 2019 WL 1715480 at *5.

Accordingly, Defendant's Motion is DENIED because it is untimely and was filed in violation of the Court's CMO. *Tarum*, 2023 WL 7040320 at *2; *KST Data, Inc.*, 344 F. Supp. 3d at 1136 n.1.

### CONCLUSION AND ORDER

For the reasons discussed above, Defendant's Motion [dkt. no. 85] is DENIED. Parties to bear their own costs.

**Initials of Preparer**        gr