<u>**VIA ECF**</u> [1]

Honorable Maame Ewusi-Mensah Frimpong
United States District Court for the Central District of California
350 West First Street, Los Angeles, CA 90012
Courtroom 8B, 8th Floor.

**Re: Clinton Brown v Clark R. Taylor, AICP, The Los Angeles County Department of Regional Planning, 2:22-cv-09203-MEMF-KS, ECF No. 112.**

Honorable Maame Ewusi-Mensah Frimpong:

The filing of a notice of appeal is an event of jurisdictional significance [and] it confers jurisdiction on the Court of Appeals and divests the District Court of its control over those aspects of the case involved in the appeal. *See* Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (per curiam); ECF No. 108. However, the District Court retains jurisdiction to issue a discovery order. *See* Campbell v. Blodgett, 982 F.2d 1356, 1357 (9th Cir. 1993); ECF No. 112.

"On October 19, 2023, in lieu of submitting the briefing ordered by the Court, Defendant filed [ECF No. 85, 85-1, 85-2]." *See* ECF No. 112 at 4. "The Plaintiff's Opposition largely raises issues and cites procedural rules that are inapplicable here." *Id.* at 5. *See also* ECF Nos. 73, 76, 77, 80, 81, 90, 91, 92 and 93 (discovery filings *after* CMO's cutoff).

Under Rule 26, a Court can impose Rule 37 sanctions to financially compensate, or make whole, an aggrieved party who had to defend against improper tactics used by another party during discovery. *See* <u>Nelson-Ricks Cheese Co. v. Lakeview Cheese Co., LLC</u>, No. 4:16-cv-00427, ECF No. 87 at 3 (D. Idaho May 15, 2015). (*i.e.* Defendant's untimely motion and demand for "*all* Plaintiff's family documents" without *any* legal justification). *See* Schottenstein v. Lee, No. 22cv1197, ECF No. 113 at 7-8 (S.D.N.Y. Dec. 11, 2023) (*consider* if the shoe were on the other foot…everything filed on [ECF] is readily accessible and should reflect that reality). It is not *absurdum*. *Id.* In any event, Rule 37(a)(5)(B), says the [Court], *must*, after giving an opportunity to be heard [by a party(s)], require movant to pay reasonable fees, unless it is unjust. (cleaned up).

The Plaintiff requests fees in the amount expended by the Public, paid to the Government's thirteen (13) *private counsel,* pursuant to Rule 37(a)(5)(B). In other words, the loser pays. It is unjust that the Plaintiff bears the costs alone, that in all fairness should be borne by the opposing Counsel at bar. This Court retains the jurisdiction to do so. *See* Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 957 (9th Cir. 1983). Thus, Rule 1, if yet in spirit, justifies reasonable expenses.

Respectfully submitted,
/s/ Clinton Brown, Self-Represented
16821 Edgar Street,
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

---

[1] *See* S.D.N.Y. Local Civ. R. 7.1(d**)**

CC: All Counsel of Record (via ECF) on December 18, 2023