Clinton Brown, Self-Represented
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>  Plaintiff,<br><br>  vs.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>  Defendant. | CASE NO. 2:22-cv-09203-MEMF-KS<br><br>**Statement of Genuine Disputes of Material Fact by Nonmoving Party**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Magistrate:** Karen L. Stevenson<br><br>**Action Filed:** 12/17/2022<br><br>**Action Due:** 01/13/2023 |

## STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

**NOTICE TO THE COURT**, per L.R. 56-2, a separate statement of genuine disputes of material fact is submitted to the Court with the Plaintiff's Opposition to the Defendant's MSJ. *See* ECF No. 102. To avoid duplicative reviews on Exhibits and RJNs, the Plaintiff files this concise statement of genuine disputes with Exhibits and RJNs. Ultimately, the Court has discretion, at this stage, to weigh the factors for or against each Exhibit and RJN filed by parties. A fact may be a fact, but a fact may not be a fact when it contravenes the law. *See* FRE 202(f). In a motion for summary judgment, it is the moving party who carries the burden of proof; he must show that no genuine issue of material fact exists . . . even though at trial his opponent would have the burden of proving the facts alleged. The moving party has failed to prove that no genuine issue of material fact exists. *See* Rule 56(c) *2010 Amendment Notes*.

| Moving Party's Uncontroverted Facts and Supporting Evidence | Opposing Party's Response to Cited Fact and Supporting Evidence |
|---|---|
| 1. Plaintiff Clinton Brown **does not** own the subject property of this lawsuit, "27250 Agoura Road" an unincorporated parcel of land whose Assessor Parcel Number ("APN") is 2064-005-011 described as "LOT 3 in TRACT NO. 33128" (hereinafter "Subject Property").<br><br>*Evidence:* Request for Judicial Notice #1 in Support of Defendant's Motion for Summary Judgment ("RJN"), Quitclaim Grant Deed, recorded 02/01/22 Los Angeles County Official Record ("Record") #20220123442, **Exhibit 1**; RJN #2, Grant Deed dated 11/12/2020, recorded 12/18/2020, Record #20201688734, **Exhibit 2**; RJN #3, GIS-NET Public Results for 27250 Agoura Road dated October 16, 2023, **Exhibit 3**; RJN #4, the Atlas LLC Articles of Incorporation, **Exhibit 4**. | 1. Disputed.<br><br>See **Exhibit P1/RJN** at 1, 2, 6, 7, 24 & 25.<br><br>See **Exhibit P2/RJN** at 1-17; ECF No. 105 at 1 n.1. "The Agoura Property is at the center of another lawsuit by Brown against his alleged business partners in the proposed solar farm. *Clinton Brown v. Emil Assentato, et al*, Case No. 2:23-cv-02972-MEMF-KS"<br><br>See **Exhibit P3/RJN** at 1-2. The County Board of Supervisors adopted the updated Santa Monica Mountains North Area Plan (North Area Plan) and Community Standards District (CSD) on *May 4, 2021*. The updated Plan and CSD became effective *June 3, 2021*. The North Area Plan, originally adopted by the County Board of Supervisors in *October 2000*, is a component of the Los Angeles County General Plan (General Plan). *See* Santa Monica Mountains North Area Plan: FINAL DOCUMENTS, Los Angeles County Department of Regional Planning, adopted *May 4, 2021*, effective *June 3, 2021*, available at https://perma.cc/P4JA-2UTR<br>*Cross-reference*: Rejection Letter, ECF No. 42 at 4. "The proposed project site is located wholly within |

|  | the Santa Monica Mountains North Area Significant Ecological Area and for this reason, the proposed project cannot be permitted at this location and the application cannot be processed." Nowhere in the Santa Monica Mountains North Area "Final Document" does it prohibit solar farms. In any event, it took over 20 years to implement and was in effect *after* Plaintiff's original application.<br><br>*See* **Exhibit P4/RJN** at 1-22 Management Structure: All LLC Member(s). This LLC was not created for the purpose of acquiring the 32.4 acres in unincorporated Los Angeles County. The purpose of this LLC was to open a bar at 21201 Pacific Coast Hwy, Malibu, CA 90272. In any event, it is disputable whether the entity is a disregarded or partnership entity; *See also* Benjamin Y. Sirota, A District Court Dilemma: Solving the Self-Representation Problem for Single-Member LLCs in Federal Court, The Federal Lawyer, no. 3, Summer 2023, at 37; IRS https://www.irs.gov/businesses/small-businesses-self-employed/single-member-limited-liability-companies The Plaintiff has also 'pierced the corporate veil' which in all fairness and justice must be set aside to prevent fraud and ensure equity. *Clinton Brown v. Emil Assentato, et al*, Case No. 2:23-cv-02972-MEMF-KS, ECF No. 27 at 3. |
|---|---|
| 2. The Atlas LLC, a California LLC and Steve Weera Tonasut, | 2. Disputed. |

| | |
|---|---|
| Trustee of the Tonasut Family Trust currently own the Subject Property "27250 Agoura Road" whose APN is 2064-005-011 and legally described as "LOT 3 in TRACT NO. 33128." <br><br>*Evidence:* RJN #1, Quitclaim Grant Deed, recorded 02/01/22 Record ##20220123442, **Exhibit 1**;<br><br>RJN #4, the Atlas LLC Articles of Incorporation, **Exhibit 4.** | *See* **Exhibit P1/RJN** at 1, 2, 6, 7, 24 & 25; ECF No. 91 at 4. If the Government doesn't know who the legal landowner is, it's indisputable that the public record itself is a material dispute requiring a jury's resolution.<br><br>*See* **Exhibit P4/RJN** |
| 3. On the date 10/12/2021 Plaintiff's solar farm application was denied, the Subject Property was owned solely by the Atlas, LLC.<br><br>*Evidence:* RJN #2, Grant Deed dated 11/12/2020, recorded 12/18/2020, Record #20201688734, **Exhibit 2**; RJN #4, the Atlas LLC Articles of Incorporation, **Exhibit 4**; Complaint, pg. 4:21-23. | 3. Disputed.<br><br>*See* **Exhibit P2/RJN** at 1-17.<br><br>*See* **Exhibit P4/RJN** at 1 – 22. Who was the owner on November 30, 2020, when application UNC-SOLR201128002452 was submitted to the County? |
| 4. On December 21, 1987, the County of Los Angeles approved the map of Tract No. 33128 and accepted the dedication from the prior landowners of the Subject Property for the "right to prohibit construction of residential and/or commercial structures within Lot 3 of Tract 33128." This restriction is recorded on the official Tract Map 33128 in | 4. Disputed.<br><br>*See* **Exhibit P5; RJN** at 1, 2 & 15 (LOT 17) *Cf*; 82-7 (Exhibit 6). *Infra*<br><br>Dedication is a generous word for an illegal extraction by the County from a Grantor. The County's subsequent transfers and refusal to adhere to the agreement, ECF 82-7, if it is, in fact, still in force would render the County |

| | |
|---|---|
| Book 1099, Pages 94 TO 97 through the Los Angeles County Official Record #87-2026009.<br><br>*Evidence:* RJN #5, Tract No. 33128, recorded on December 21, 1987, Record #87- 2026009, **Exhibit 5**. | liable for their misdeeds of misappropriating the property regardless of what the County claims. The deeper this goes the worse it is for the County and the Plaintiff will not be punished for the 'sins of his father'. This is something that the State or the Federal Government can decide to navigate. There's no question this has happened to other properties in this County as well. |
| 5. The dedication of the Subject Property, Lot 3 in Tract No. 33128, was pursuant to a subdivision and a development agreement dated November 29, 1984 between the prior landowners of the Subject Property and the County of Los Angeles.<br><br>*Evidence:* RJN #5, Tract No. 33128, recorded on December 21, 1987, Record #87- 2026009, **Exhibit 5**; RJN, #6, Development Agreement, recorded on March 13, 1985, Record #85-277980, **Exhibit 6**. | 5. Disputed.<br><br>*See* **Exhibit P5; RJN**; ECF No. 82-7, Exhibit 6 at 3-6<br><br>1. "The Board of Supervisors of the County approved Zone Change No. 81-039 for light industrial-, commercial-, and residential-planned developments of the Property. On March 24, 1983, the County Board of Supervisors approved Conditional Use Permit 2013 and Tentative Tracts 32952, 32964, and 33128 for said light industrial-, commercial-, and residential-planned. developments of the Property."<br>2. "The findings and conditions for Conditional Use Permit 2013 and Tentative Tracts 32952, 32953, 32954, 32960, 32964, 32988, and 33128 have been filed with the Board Clerk as an Appendix to this agreement and are |

| | |
|---|---|
| | incorporated herein by this reference."<br>3. "Tentative Tracts 32952 and 33128 and Conditional Use Permit No. 2013 provide for development of 58.6 acres of light industrial-, and commercial-planned development and 15.0 acres for a Public Administrative Center."<br>4. "The light industrial-, commercial-, and residential development described above is referred to herein as the "Project.""<br><br>*See* **Exhibit P5/RJN P5**. The terms of the "Partnership Grand Deed" are void and the Court should declare so. Unless "the burdens of this agreement shall be binding upon, and the benefits of this agreement shall inure to, all successors-in-interest to the parties to this agreement." ECF No 82-7 at 3.<br><br>Thus, if the terms are not void, then the Plaintiff has the right to inspect the premises (LOT 17).<br><br>"Inspection. Grantor may, from time to time, during business hours, enter in and inspect the property to ascertain compliance with the Restrictions." *See* ECF No. 82-7 at 31; **Exhibit P5/RJN**.<br><br>If the development agreement is in fact still active, then the Plaintiff will seek the removal of the helicopter |

pad that is expressly prohibited by the development agreement. An agreement goes both ways, not just in the Government's favor. Plus, the vegetation on LOT 17 is not in compliance with quality, quantity, size, and type. In other words, the Defendant has inappropriate landscaping.

"No portion of the Property or any Improvement located thereon shall be used as a heliport for the landing and taking-off of helicopters or other flying devices" *See* ECF No. 82-7 at 29; **Exhibit P5/RJN**.

"The County further agrees to landscape Lot 17 in a manner which is compatible with the Project. Landscaping shall be, on average, of the same quality, quantity, size and type as is currently approved for the balance of the Project." *See* ECF No. 82-7 at 7.

"If, upon the expiration of thirty (30) days from the date of such Notice of Noncompliance, Grantee shall have failed to remedy such noncompliance, then Grantor may take whatever action is available to it at law or in equity to remedy such noncompliance; Grantee shall reimburse Grantor, upon demand, for all expenses incurred in connection therewith." *See* ECF No. 82-7 at 30.

A reasonable man buyer will purchase land with an eye to not only

| | |
|---|---|
| | its existing use but to other potential uses as well, fair market value takes into consideration the highest and most profitable use for which the property is adaptable and needed or likely to be needed in the reasonably near future to the full extent that the prospect of demand for such use affects the market value while the property is privately held. Thus, just compensation is not limited to the value of the property as presently used but includes any additional market value it may." *See* United States v. 320.0 Acres of Land 605 F.2d 762. (5th Cir. 1979). *See* ECF No. 1 at 6. |
| 6. On August 20, 2002, the County designated the Subject Property through APN 2064-005-011 as an open space through Ordinance No. 2002-0062Z.<br><br>*Evidence:* RJN #2, Grant Deed dated 11/12/2020, recorded 12/18/2020, Record #20201688734, **Exhibit 2**; RJN #3, GIS-NET Public Results for 27250 Agoura Road dated October 16, 2023, **Exhibit 3**; RJN #9, Ordinance No. 2002-0062Z, Minutes of the Board of Supervisors of County of Los Angeles on August 20, 2002 approving Ordinance No. 2002-0062Z, **Exhibit 9**. | Disputed.<br><br>*See* **Exhibit P2; RJN**.<br><br>*See* **Exhibit P3; RJN.**<br><br>*See* **Exhibit P9; RJN** at 1-9; ECF No. 82-7 at 4 & 6. (Quoted)<br><br>"The dedication of Lot 17 is a material consideration for the execution of this agreement." "County Board of Supervisors approved Conditional Use Permit 2013 and Tentative Tracts 32952, 32964, and **33128** *for said light industrial, commercial, and residential-planned developments of the Property*." (Emphasis added). |
| 7. An open space designation means that the development of premises on the Subject Property | 7. Disputed. |

| | |
|---|---|
| shall remain essentially unimproved and buildings, structures, grading excavation, fill or other alterations shall be prohibited except for the specified uses listed as permitted or conditionally permitted in Section 22.16.030.C.<br><br>*Evidence:* RJN #10, Open Space Zone, Los Angeles County Code Section 22.16.060, **Exhibit 10.** | *See* **Exhibit P10/RJN**; ECF No. 82-11 at 2. "Additionally, for any premises located within a significant ecological area such uses shall be subject to a Minor Conditional Use Permit (Chapter 22.160) application." *See* Los Angeles County, Cal., Code tit. 22, ch. 22.160, §§ 22.160.010–22.160.080 (2019); Email from Joanne Bodenhamer, Planning and New Development Technician, Las Virgenes Municipal Water District, to Clinton Brown, regarding Conditional Statement Letter - APN: 2064-005-011 (Mar. 16, 2021); Conditional Statement of Water for Tract 53138-06, Las Virgenes Municipal Water District (Feb. 24, 2021) |
| 8. On November 12, 2020, at the time Plaintiff purchased the Subject Property, it was already designated as a Significant Ecological Area ("SEA"). Plaintiff could have determined the property's SEA status through a website maintained by Regional Planning, known as "GIS-NET Public."<br><br>*Evidence:* RJN #3, GIS-NET Public Results for 27250 Agoura Road dated October 16, 2023, Exhibit 3; RJN #7, Los Angeles County Code Section 22.140.510.C.5.a, which prohibits installation of solar farms within SEA, accessed on October 16, 2023, **Exhibit 7**. | 8. Disputed.<br><br>*See* **Exhibit P7/RJN** at 1-9<br><br>Title 22.140.510(C)(2)(c). "When preempted by regulation under the jurisdiction of the California Public Utilities Commission *or* preempted by other applicable law." (i.e. Federal law).<br><br>There is a genuine dispute of material fact as to whether the County could deny the project if it was preempted by Federal law not to do so. *See generally* 16 U.S.C § 824a–3; *See* Solar Energy Indus. Ass'n v. FERC, 59 F.4th 1287 (D.C. Cir. 2023) "At the outset, it should be noted that agencies have very broad discretion to decide whether to proceed by |

| | |
|---|---|
| | adjudication or rulemaking. The mere fact that an adjudication creates a precedent t*hat could harm a non-party does not create the injury-in-fact required for Article III standing.* Section 210 of PURPA was enacted with the goal of promoting the creation and use of alternative energy. <br><br> The Federal Energy Regulatory Commission established that a qualified facility (QF) can sell power to a utility via a "legally enforceable obligation" (LEO), rather than under a contract. 18 C.F.R. § 292.304(d)(2). A LEO is a non-contractual, but binding commitment from a QF to sell power to a utility. The phrase is used to prevent an electric utility from avoiding its PURPA obligations by refusing to sign a contract, or from delaying the signing of a contract, so that a later and lower avoided cost is applicable. *Accordingly, the establishment of a LEO turns on the QF's commitment, and not the utility's actions, and when a QF commits itself to sell to an electric utility, it also commits the electric utility to buy from the QF.* Importantly, the date that a LEO is formed is the date that the QF has the right to have its avoided-cost rate determined. 18 C.F.R. § 292.304(d)(2)(ii). |
| 9. The prohibition of installation of solar energy facilities within an SEA was first enacted in | 9. Disputed. <br><br> See **Exhibit P8/RJN** at 1-2 |

| | |
|---|---|
| Ordinance 2016-0069, which was adopted on December 13, 2016 and took effect on January 12, 2017 in Section 22.52.1605.E.1.<br><br>*Evidence:* RJN #8, Los Angeles County Code Section 22.52.1605.E.1 on June 25, 2018, which prohibits installation of solar farms within SEA, accessed on October 16, 2023, **Exhibit 8**. | "Structure-mounted solar projects generally do not require review by Regional Planning. Consult with Building & Safety for details." The prohibition says nothing about *structure-mounted-utility scale facilities in SEA's*.<br><br>E. Prohibition. The following shall be prohibited: 1. Ground-mounted utility-scale solar energy facilities within adopted Significant Ecological Areas designated in the General Plan. *See* ECF 82-9 at 3. (highlighted) |
| 10. The Subject Property was transferred on November 12, 2020, on the date of the transfer, there was no cognizable property right to build a solar farm because of the open space zone designation of LOT 3 in TRACT NO. 33128 (Subject Property) which made development remain essentially unimproved and buildings and structures prohibited except for the specific uses that were permitted or conditionally permitted in the use regulations and the County retained discretion to grant or deny the benefit of building a residential and/or commercial structures on the Subject Property (LOT 3 in TRACT NO. 33128) per the 1987 recorded dedication. | 10. Disputed.<br><br>*See* **Exhibit P2/RJN.**<br><br>*See* **Exhibit P5/RJN.**<br><br>*See* **Exhibit P9/RJN** at 33. The City of Calabasas has indicated plans upon annexation to convey APNs 2064-005-015 and 2064-005-011 to the Santa Monica Mountains Conservancy (SMMC)/Mountains Restoration and Conservation Authority (MRCA) for permanent open space preservation. This is a Taking. Indeed, Agoura Hills, Calabasas and the County are all Taking the property by diminishing its value, even though it's private property and only one local Government has jurisdiction.<br><br>*See* **Exhibit P10/RJN** |

| | |
|---|---|
| *Evidence:* RJN #2, Grant Deed dated 11/12/2020, recorded 12/18/2020, Record #20201688734, **Exhibit 2**; RJN #5, Tract No. 33128, recorded on December 21, 1987, Record #87-2026009, **Exhibit 5**; RJN #9, Ordinance No. 2002-0062Z, Minutes of the Board of Supervisors of County of Los Angeles on August 20, 2002 approving Ordinance No. 2002-0062Z, **Exhibit 9** RJN #10, Open Space Zone, Los Angeles County Code Section 22.16.060, **Exhibit 10**. | |
| 11. The Subject Property was transferred on November 12, 2020, on the date of the transfer, there was no cognizable property right to build a solar farm because the County of Los Angeles retained discretion to grant or deny the benefit of building a residential and/or commercial structures on the Subject Property (LOT 3 in TRACT NO. 33128) per the 1987 recorded dedication.<br><br>*Evidence:* RJN #2, Grant Deed dated 11/12/2020, recorded 12/18/2020, Record #20201688734, **Exhibit 2**; RJN #5, Tract No. 33128, recorded on December 21, 1987, Record #87-2026009, **Exhibit 5**. | 11. Disputed.<br><br>*See* **Exhibits P1-P10.**<br><br>Note: The Government's L.R. 56-1 Statement of Uncontroverted Facts seems hastily assembled and lacks thorough preparation. As a result, the Plaintiff was compelled to invest a frustratingly significant amount of effort in crafting a proper response to the Court, in accordance with L.R. 56-2. |