Clinton Brown, Self-Represented
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>　　　　Defendant. | CASE NO. 2:22-cv-09203-MEMF-KS<br><br>**Motion for Stay Pending Interlocutory Appeal**<br><br>**[No. 23-4131]**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Magistrate:** Karen L. Stevenson<br><br>**Action Filed:** 12/17/2022<br><br>**Action Due:** 01/13/2023 |

## MOTION FOR STAY PENDING INTERLOCUTORY APPEAL

**NOTICE TO THE COURT**, pursuant to FRAP Rule 8(a)(1), the moving party must *ordinarily* move first to ask the District Court for a stay or injunction pending appeal. *See* https://perma.cc/FU9K-J66R at 47 (effective December 1, 2023). The filing of a notice of appeal is an event of jurisdictional significance [and] it confers jurisdiction on the Court of Appeals and divests the District Court of its control over those aspects of the case involved in the appeal. *See* Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). (per curiam) *Cf.* Griggs at 62 n.1 (1982) (Marshall, J., dissenting). At least absent contrary indications, the background *Griggs* principle already requires an automatic stay of District Court proceedings that relate to any aspect of the case involved in the appeal. *See* Coinbase, Inc. v. Bielski, 599 U.S. at 744 (2023) *Cf.* Coinbase at 761 (2023) (Jackson, J., dissenting) (discussing

preliminary injunctions); Campbell v. Blodgett, 982 F.2d 1356, 1357 (9th Cir. 1993) (District Court retains jurisdiction to issue discovery order); ECF No. 112. *See also* Masalosalo v. Stonewall Ins. Co., 718 F.2d 955, 957 (9th Cir. 1983) (District Court retains jurisdiction to award fees); ECF No. 113. While the power of a Court of Appeals to stay proceedings in the District Court during the pendency of an appeal is not explicitly conferred by statute, it exists by virtue in 28 U.S.C. §1651. *See* All Writs Act, Judiciary Act of 1789, § 14, 1 Stat. 73, 81-82 (1789); Evarts Act, Judiciary Act of 1891, § 7, 26 Stat. 828 (1891).

## **Legal Standard**

To have standing, a plaintiff must assert a violation of his rights. *See* Lujan v. Defenders of Wildlife, 504 U. S. 555, 563 (1992). [T]he party seeking review [must] be himself among the injured. Afterall, "[t]he province of the Court is, solely, to decide on the rights of individuals." *See* Marbury v. Madison, 1 Cranch 137, 170 (1803). It is not to address a plaintiff's claim of "only harm to his and every citizen's interest in proper application of the...laws." Lujan, 504 U. S., at 573. *See* Acheson Hotels, LLC v. Laufer, No. 22–429, slip op. at 11 (U.S. Dec. 5, 2023) (Thomas, J. concurring).

The doctrine of mootness stems from Article III of the Constitution, which permits Federal courts to adjudicate only "Cases" and "Controversies." Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. *See* Acheson Hotels, LLC v. Laufer, No. 22–429, slip op. at 15 (U.S. Dec. 5, 2023) (citing Powell v. McCormack, 395 U. S. 486, 496 (1969) (Jackson, J. concurring). In United States v. Munsingwear, Inc., 340 U. S. 36 (1950), the Federal Government, as plaintiff, had brought both an injunctive claim and a damages claim; it lost the injunctive claim first and was unable to appeal that lower court determination because of intervening mootness. *Id*., at 37. The unappealable lower court judgment with respect to the injunctive

claim then precluded the Government from litigating the merits of its damages claim. This Court noted that a vacatur request had been available to the Government to avert this unfairness, but that the Government had "slept on its rights" in failing to seek that particular remedy. *Id.,* at 40–41. *Supra* slip op. at 19 n. 2.

The term "Federal common law," although it has eluded precise definition… is court-made law that is neither Constitutional nor statutory. *See* Erwin Chemerinsky, Federal Jurisdiction 349 (3d ed. 1999) (defining Federal common law as "the development of legally binding Federal law by the Federal courts in the absence of directly controlling Constitutional or statutory provisions"); Martha Field, Sources of Law: The Scope of Federal Common Law, 99 Harv. L. Rev. 881, 890 (1986) (defining Federal common law as "any rule of Federal law created by a court…when the substance of that rule is not clearly suggested by Federal enactments; Constitutional or Congressional." *See* United States v. Enas, 255 F.3d 662, 675-676 (9th Cir. 2001). Federal common law allows Congress to have the last word in non-diversity cases and controversies. *Cf.* Erie Doctrine.

A plaintiff is not required to prove its entitlement to summary judgment to establish a substantial likelihood of success on the merits for preliminary injunction purposes. *See* Byrum v. Landreth, 566 F.3d 442, 447 (5th Cir. 2009) The denial of a preliminary injunction motion is an appealable interlocutory order, 28 U.S.C. §1292(a)(1), but the denial of a summary judgment motion is not. *Id*.

### Discussion

In considering whether to stay a proceeding, a Court must weigh competing interests and maintain an even balance. *See* Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936). In Coinbase, Inc. v. Bielski, 599 U.S. 736, 739–44 (2023), the Supreme Court applied the *Griggs* principle to an interlocutory appeal of the denial of a motion to compel arbitration, holding that any further proceedings before the District Court must automatically be stayed. The Court reasoned that because

"whether the litigation may go forward in the District Court is precisely what the Court of Appeals must decide. . . it makes no sense for trial to go forward while the Court of Appeals cogitates on whether there should be one." *Id.* at 741. Even if the Plaintiff's interlocutory appeal was discretionary pursuant to 28 U.S.C. § 1292(b), the Court should issue a stay on the motion for summary judgment, so that mootness would not result. An appeal is taken in "good faith" where it seeks review of any issue that is "non-frivolous." *See* Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002). The "good faith" standard is an objective one. *See* Coppedge v. United States, 369 U.S. 438, 444-45 (1962). When a District Court denies a preliminary injunction because there is no likelihood of success on the merits, the Appellate Court reviews its decision *de novo*. *See* Inland Empire Pub. Lands Council v. Schultz, 992 F.2d 977, 980 (9th Cir. 1993). Counsel…have a continuing duty to inform the Court of any development which may conceivably affect the outcome of the litigation…without delay. *See* Bd. of License Comm'rs v. Pastore, 469 U.S. 238, 105 S. Ct. 685 (1985) (per curium) *See also* United States v. Alaska S. S. Co., 253 U.S. 113, 116 (1920); ECF No. 58 (*i.e.* Tyler test).[1]

       Although the controversy is on interlocutory appeal to the United States Court of Appeals for the Ninth Circuit, it is within the Court's ancillary jurisdiction to schedule a trial date, so that the Court and parties may make appropriate plans. *See* United States v. Jefferson No. 07-cr-209, Minute Entry, ECF No. 200 (E.D. Va. June 13, 2008) (determining it was "appropriate as a matter of prudence" during interlocutory appeal "to schedule a trial date so that the Court and parties may make appropriate plans"). *See* Rule 40. In any event, the Court has already issued the

---

[1] *Knick* did not overrule any of the prior precedents except the *Williamson County's* ripeness *res judicata*, as this Court rightly noted, and therefore the state-litigation requirement in an inverse condemnation case. [Brown] has stated a claim under the Takings Clause and is entitled to Just Compensation. *See* Tyler v. Hennepin County, Minn., 598 U.S. 631, 639 (2023); Bell Atlantic Corp. v. Twombly (2007) & Ashcroft v. Iqbal (2009) ("Twombly/Iqbal"). Ball or Strike?

denial of the MTC *after* the filing of the notice of appeal. *See* ECF No. 108 & 112. The Plaintiff has requested fees consistent with motion practice when one party is denied a MTC, and the other party had to oppose that motion. *See* ECF No. 113; Rule 37(a)(5)(B). In other words, the loser pays. The Court has ancillary jurisdiction to make a call, or the Court didn't have ancillary jurisdiction to issue the MTC denial. It really cannot be both ways.

## Conclusion

The Court should for the foregoing reasons issue a stay pending appeal since the denial of the preliminary injunction and the motion for summary judgment are requesting the same relief. The Court's denial of the preliminary injunction did not balance *all* factors in the *Winter's* test or the *Serious Questions* test and thus it is necessary for appellate review.[2] *See* ECF No. 116.

**THEREFORE**, to avoid the duplication of proceedings, mootness or procedural confusion that will prejudice *all* parties in this controversy, the Court is asked to stay proceedings pending the appeal in the Ninth Circuit, **AND**, to schedule a trial date so that the Court and parties may make appropriate plans.

This motion is made following the conference of Counsel pursuant to L.R. 7-3 which took place on 12/22/2023.

"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

Clinton Brown                                                                  12/25/2023

---

[2] The County may not put so potent a *Hobbesian* stick into the *Lockean* bundle of property rights, such as, to force a man to preserve his natural rights by breaking the law. (Citations omitted).