Clinton Brown, Self-Represented
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>      Plaintiff,<br><br>vs.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>      Defendant. | CASE NO. 2:22-cv-09203-MEMF-KS<br>**Plaintiff's Opposition to Defendant's Motion for Summary Judgment** [1]<br>*Filed conjunctively with Statement of Genuine Disputes of Material Fact*<br>[ECF NO. 115]<br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br>**Magistrate:** Karen L. Stevenson<br>**Action Filed:** 12/17/2022<br>**Action Due:** 01/13/2023 |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MSJ

---

[1] On November 20, 2023, the Court stated, "Taylor's Motion for Summary Judgment was properly filed before Judge Stevenson." ECF 98 at 1. *Cf.* at (2), On October 19, 2023, the Court said [it], "will issue an order regarding whether Taylor's Motion for Summary Judgment was properly filed and noticed." ECF No. 83 required an Opposition filed by November 20, 2023. Consequently, the Court order to show cause. ECF No. 102. This OMSJ is filed, without Plaintiff's consent. *See* 28 U.S.C. § 636(c)(1). The Court has a duty to construe, administer and employ the Rules to secure a just, speedy, and inexpensive determination of every action. †

† "To do one's whole duty in whatever sphere of life [and] to do it truly as it respects conscience and intelligence, is…all that may be required of any. To do this is to keep the oath I took [to] administer justice without respect of persons; *to do equal right to the poor and rich*; and faithfully and impartially discharge and perform all the duties incumbent upon me as a Judge, according to the best of my ability and understanding, agreeably to the Constitution and Laws of the United States." *See* In re Shorter, 22 F. Cas. 16 (D. Ala. 1865). *Shorter* is a 'one-hitter' cited opinion that casts our Founding Truth across the ages, and thus this motion.

**NOTICE TO THE COURT**, the Plaintiff will raise issues and cite procedural rules that are applicable. *Cf.* ECF No. 112 at 5, II. The Rule[s] [are] couched in very plain language. *See* Fid. & Deposit Co. v. United States, 187 U.S. 315, 320 (1902). The Court must judge this summary judgment motion on the merits and thus grant the Plaintiff relief pursuant to Rule 56(f)(1) or (3).

### Procedural Background [2]

"In *any* case assigned to a District Judge and referred to a Magistrate Judge, pursuant to 28 U.S.C. § 636(b), for a report and recommendation, the parties may, *at any time prior to the entry of judgment*, consent that the assigned Magistrate Judge may handle the case for *all* purposes. Upon the filing of the appropriate consent forms, the Clerk will reassign the case solely to the Magistrate Judge." L.R. 73-3 *Cf.* ECF Nos. 96, 98. For this OMSJ, L.R. 7-12 says, in the pertinent part, [that] the granting or denial of the motion with the *exception* that a motion pursuant to [Rule] 56 may not be granted solely based *on the failure to file an opposition*." *Cf.* ECF No. 83 at 4. "If a pro se civil rights plaintiff secures counsel *or* all the civil rights claims are dismissed without leave to amend, then the reference under General Order [05-07] shall be vacated automatically by the Clerk of the Court, and the case shall be returned to the assigned District Judge with the assigned Magistrate Judge redesignated as the discovery Magistrate Judge." *See* General Order 05-07 at 8. (*undated & unsigned*) (archived on December 26, 2023, at https://perma.cc/393H-T8MD). No wonder the Court calls this an *Assignment Wheel*, except this isn't a fun wheel. *This* 1983 case is not subject to the PLRA or *Bivens*. In fact, it's the only way

---

[2] Magistrate Judges Division, Office of Judges Programs, Administrative Office of the United States Courts, A Guide to the Legislative History of the Federal Magistrate Judges System (2009) at 94 (archived on December 26, 2023, at https://perma.cc/CE2R-HH53) † Section 207 of the 1996 Act amended subsections (c) and (d) of 28 U.S.C. § 636 to abolish the optional appeal to a District Judge, retaining the Court of Appeals as the sole route of appeal. *See* Pub. L. No. 104-317, 110 Stat. 3851 (1996) (archived on December 26, 2023, at https://perma.cc/DD4M-7Z49).

authorized by Congress to bring a Takings claim against a County in Federal Court.[3] The only sin here is that the Plaintiff opted to represent himself and is too poor to hire Counsel to "plead and conduct" his own case, personally, for him. *See* 28 U.S. Code § 1654; Judiciary Act of 1789, ch. 20, § 35, 1 Stat. 73. *That's a fact, Judge.*

## Background Facts

On December 17, 2022, Plaintiff initiated this action by filing a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the Defendant, the Los Angeles County Department of Regional Planning, wrongfully denied Plaintiff's application to construct a solar facility [structure] on his private property. The Plaintiff alleges that the denial constitutes a Taking without Just Compensation, in violation of the Takings Clause of the Fifth Amendment. *See* ECF No 1. To have standing, a plaintiff must assert a violation of his rights. *See* Lujan v. Defenders of Wildlife, 504 U. S. 555, 563 (1992). [T]he party seeking review [must] be himself among the injured. After all, "[t]he province of the Court is, solely, to decide on the rights of individuals." *See* Marbury v. Madison, 1 Cranch 137, 170 (1803). It is not to address a plaintiff 's claim of "only harm to his and every citizen's interest in proper application of the...laws." Lujan, 504 U. S., at 573. *See* Acheson Hotels, LLC v. Laufer, No. 22–429, slip op. at 11 (U.S. Dec. 5, 2023) (Thomas, J. concurring). The Government's denial and subsequent 'run around' caused a direct financial harm that the Plaintiff is still reeling from, to this day, despite his continuing efforts to not make that so.[4] *See* Clinton Brown v. Emil Assentato, et al, Case No. 2:23-cv-02972-

---

[3] *Knick*, at 2174 n. 5, did discuss an *amicus curiae* that argued that inverse condemnation Takings cases could be brought into Federal Court under 28 U.S.C. 1331. *See* Complaint at 1. If that were the case, then it appears by the Rules of this Court that General Order 05-07 would not apply.

[4] U.S. Department of Energy, FOA# 48C-0000002023, Submission Control #2023-1524, Application Submitted July 7, 2023, Discouraged Letter dated November 3, 2023. 48c-exchange.energy.gov says, "The data you are about to download is Controlled Unclassified Information and may contain information subject to the Privacy Act of 1974. Any misuse or unauthorized disclosure may result in both civil and criminal penalties. You are responsible for the proper marking (i.e., CUI//SP-TAX) and control of this data." †The Concept Paper, "Contains

MEMF-KS, ECF No. 39 at 3-9. (Foreclosure Notice); Clinton Brown v. Steve Smead, Case No. 2:23-cv-02938-MEMF-KS, ECF No. 22 at 4 (Declaration of Plaintiff's Chapter 11 Sub V Bankruptcy Rejection Letter); Exhibit A, ECF No. 117-1. The paperwork was solely rejected on the basis that the Installment Plan was not approved by an Article I Bankruptcy Judge. Had that not happened, a great many things would be very different for the Plaintiff, under that Federal law. "A fresh season is at hand, and new opportunities await the reorganized company." *See* In re Celotex Co., 12 F. Supp. 1 (D. Del. 1935).[5]

## Legal Standard

Where the non-moving party fails to make a showing sufficient to establish the existence of an essential element on which he would bear the burden of proof at trial, summary judgment should be entered against him. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986); *See also* Anderson

---

Trade Secrets, Confidential, Proprietary, or Privileged Information Exempt from Public Disclosure." The Plaintiff will leave it to the Court if the Application and Discouragement Letter needs be filed on ECF, reviewed *in camera,* or otherwise. † **Commercial Viability**. The first criterion of commercial viability is a key criterion for determining which qualifying advanced energy projects merit consideration based on § 48C(d)(3)(A) and, consistent with § 48C(d)(3)(B)(iv) and (v), will help to identify projects with the lowest levelized cost and shortest time frame for completion. *See* IRS-Notice 2023-44 at 13 (archived on November 26, 2023, at https://perma.cc/HS3U-DU8D). **Not permitted or placed in service within the required timeframes**. (Original emphasis added). Applications demonstrating evidence of timelines that would not meet these timeframe requirements are highly unlikely to receive an allocation. *See* Common Concept Paper Issues (archived on November 26, 2023, at https://perma.cc/K9FM-EHZL at 6). Another foul ball.

[5] Celotex, later to become one of the 1986 Supreme Court summary judgment trilogy cases, was reorganized under, "Subsection (b) of section 77B of the Bankruptcy Act as amended, 11 USCA § 207 (b)." Acts of Congress, during the Great Depression, amended the 1898 Bankruptcy Act, and the District Court of Delaware stated, "Resubmission [of the debtor's plan] would be harmful and is unnecessary." *Cf.* In 2019 Congress enacted the Small Business Reorganization Act (archived on December 20, 2023, at https://perma.cc/RC3C-H9C3). This Act of Congress, *inter alia*, allows the debtor-in-possession to keep his property and run his business while also filing a reasonable plan with the Court that does not require creditor approval. House and Senate Committee Reports shed more light on the purpose and impact of this bipartisan reform legislation.

v. Liberty Lobby, Inc., 477 U.S. 242, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). There is no requirement that the moving party negate his opponent's claim. *Celotex,* 477 U.S. at 323. The days are gone, if they ever existed, when the non-moving party could sit back and simply poke holes in the moving party's summary judgment motion. Rule 56(c) mandates the entry of summary judgment. The standard for granting summary judgment mirrors the directed verdict standard under Rule 50(a), which requires the court to grant a directed verdict where there can be but one reasonable conclusion. *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986).* A scintilla of evidence in support of the nonmoving party's position is not sufficient to successfully oppose summary judgment; there must be evidence on which the jury could reasonably find for the plaintiff. *Id*. at 2512. No genuine issue for trial exists "where the record as a whole could not lead a rational trier of fact to find for the nonmoving party.*" Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986).* A material fact(s) might affect the outcome of the suit under the governing law. *Anderson, 477 U.S. at 248, 106 S. Ct. at 2510.* Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute. *Id*. The issue of fact must be genuine. Rule 56(c), (e). To establish a genuine issue of fact, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita, 475 U.S. at 586, 106 S. Ct. at 1356*. A plaintiff is not required to prove its entitlement to summary judgment to establish a substantial likelihood of success on the merits for preliminary injunction purposes. *See* Byrum v. Landreth, 566 F.3d 442, 447 (5th Cir. 2009) The denial of a preliminary injunction motion is an appealable interlocutory order, 28 U.S.C. §1292(a)(1), but the denial of a summary judgment motion is not. *Id.*

In ruling on a summary judgment motion the Court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or the credibility of witnesses. *Anderson, 477 U.S. at 249-251, 106 S. Ct. at 2511*. Furthermore, in determining the motion for summary judgment, the Court will assume that the fact as claimed and supported by admissible evidence by the moving party are admitted existing without controversy, except to the extent that such facts are controverted in the "Statement of Genuine Dispute of Material Facts" filed in opposition to the motion. *See* ECF No. 115. The non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Id*. A summary judgment determination is essentially an inquiry as to "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson, 477 U.S. at 251-252, 106 S. Ct. at 2512*. Finally, it is a gratuitous cruelty to parties and their witnesses to put them through the emotional ordeal of a trial when the outcome is foreordained and in such cases summary judgment is appropriate. *See Mason v. Continental Illinois Nat'l Bank, 704 F.2d 361, 367 (7th Cir. 1983)*.

## **Takings Clause**

When a plaintiff alleges a regulatory taking in violation of the Fifth Amendment, a Federal court should not consider the claim before the Government has reached a "final" decision. *See* Suitum v. Tahoe Regional Planning Agency, 520 U. S. 725, 737 (1997). After all, until the Government makes up its mind, a Court will be hard pressed to determine whether the plaintiff has suffered a Constitutional violation. *See* id., at 734; Horne v. Department of Agriculture, 569 U. S. 513, 525 (2013).[6] The Unconstitutional-Conditions Doctrine—*implicit* in the Takings Clause

---

[6] The Supreme Court reminded the Ninth Circuit and all Circuits in *Pakdel v. City & Cty. of S.F., 141 S. Ct. 2226 (2021) (*per curiam) that Congress does not require petitioners to show more than

of the Fifth Amendment—prohibits the Government from requiring a landowner, as a land-use condition, to relinquish property rights the landowner is otherwise entitled to unless there's a nexus and rough proportionality between the property right and the social cost of the landowner's proposed use. *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595, 605-06, 133 S. Ct. 2586, 186 L. Ed. 2d 697 (2013) (citing Barnett v. Johnson, 15 N.J. Eq. 481, (1863), 'there is a clear expression of the right of abutting owners to light and air, and of the common practice and sense of the world upon which it is founded. "It is a right," the court said, "founded in such an urgent necessity that all laws and legal proceedings take it for granted. A right so strong that it protects itself, so urgent that, upon any attempt to annul or infringe it, it would set at defiance all legislative enactment and all judicial decision.' And, graphically describing the right, observed further, "is not every window and every door in every house in every city, town, and village the assertion and maintenance of this right?'

It has been said *Barnett* v. *Johnson* anticipated "the principle upon which compensation was at last secured in the elevated railroad cases in New York." *See* 1 Lewis Eminent Domain, 183 (1888) (archived on November 26, 2023, at https://perma.cc/G52R-5L82). Should an owner of a property reasonably doubt that he did not have the right to collect the sunlight shining on his property, whether it's a little or a lot, and decide if he would sell the surplus or keep the surplus to sell or use at another time, *or* some other economic combination that would let the owner devise *any* profits from the property?

---

a firmly rejected [by the Government] in their request for a property-law exemption (which Plaintiff does show) and *rejected that they also had to comply with the agency's administrative procedures for seeking relief.* Because the latter requirement is at odds with "the settled rule…that exhaustion of state remedies is not a prerequisite to an action under 42 U. S. C. §1983," Knick v. Twp. of Scott, 139 S. Ct. 2162, 2167 (2019). That case was remanded. *See* Pakdel v. City & Cty. of S.F., 636 F. Supp. 3d 1065 (N.D. Cal. 2022). In other words, the Government must play by the rules too.

A property owner acquires an *irrevocable* right to Just Compensation immediately upon a Taking. *Knick* at 2172 (citing *First English*, 482 U.S. at 315). The prohibition of the 5th Amendment against the taking of private property for public use without Just Compensation does not require payment in advance of the Taking. *Hurley v. Kincaid, 285 U.S. 95, 52 S. Ct. 267 (1932).* Thus, "the acquisition date for Subject Property is not alleged in the Complaint is a "material" fact that could affect the outcome of the case under the governing law." *See* ECF No. 82 at 9, 14-15. The date of the subject Property's acquisition determines the amount of Just Compensation and interest. Thus, there is a genuine issue of material fact that is in dispute.





*Location, Location, Location.*

## Discussion [7]

The nonmoving party may [file] any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves. *See* ECF Nos. 115 (P1-10) & 117 (Exhibit A).

a. **Complaint is verified**.

Congress *says* that under 28 U.S.C. § 1331, Federal District Courts have original jurisdiction over *all civil actions arising under the Constitution, laws, or*

---

[7] Area A (outlined in light blue is the Property in the controversy sans the two structures, both of which are in unincorporated Los Angeles County. *Cf.* The green (City of Calabasas) and the Pink (City of Agoura Hills) *See also* ECF No. 115-7, County, Agoura, Calabasas, and LAFCO's Annexation Dispute of Property. Note that this 82-page document provides a comprehensive history of the Property. *See* pages 54-68.

*treaties of the United States*; *See also* L.R. 5-4.3.4(c) *Effect of Signatures on Electronically Filed Documents*. Any filing [in ECF] *will bind* the signatories as if the document were physically signed and filed, whether for purposes of *Rule 11* of the Federal Rules of Civil Procedure, *to attest to the truthfulness of an affidavit or declaration, or for any other purpose*.[8] See ECF Nos. 1-2. The Complaint was filed in the ECF system by the Clerk of the Court on December 17, 2022, and so was the summons. ECF Nos. 1-2. The summons, ECF No. 2, was filed with encrypted verification and had the full effect of law even though not signed. NEF is the Court's signature and seal and *delivered* to the parties and the parties not on ECF. *See* L.R. 5.-4.1.4. NEF Definition. Any document that doesn't have an NEF is not a real Court record. Therefore, an objective standard is when there is no way a deficient summons can be issued in ECF, as such, *an entry in it, [*docket*], with or without* the Clerk or the Judge's signature has the same full force and effect. *See* ECF No. 1 at 1; 'Is Blank but Signed.'

   **b. <u>Service was proper.</u>**

The Court and the Plaintiff cannot agree that the Defendant's Service was improper. ECF No. 27 at 1. *Means of Proving*. Rule 44(a)(1) is clear that – *an entry in it* [docket] – is evidence of the official record. (Emphasis added). An *encrypted verification code* appears in the electronic document stamp section of the Notice of Electronic Filing ("NEF"). *See* L.R. 5-4.7.2. *Any* order *or* other Court-issued document filed electronically ["ECF"] without the original signature of a Judge *or* Clerk has the same force and effect as if the Judge *or* Clerk had signed a paper copy

---

[8] ECF No. 2 was filed as an IFP request with ECF No. 1. The Court requires filing an IFP if the filing fee cannot be paid *at the commencement of the action*. The IFP perjury statement *and* the Electronically Filed Complaint unquestionably attest to a verified Complaint. *See* 28 U.S. Code § 1746. Note: 5-4.2 (a)(1) Pro Se Litigants. Unless otherwise ordered by the Court pro se litigants shall continue to present all documents *to the Clerk for filing in paper format.* Documents received by the Clerk from pro se litigants under this rule will be *scanned by the Clerk into the CM/ECF System*. Once scanned, *the original documents will be destroyed.*

of the order. (Emphasis added). *Therefore,* "Based on the improper service and the defective summons, [the] Defendant was unable to file a motion to dismiss Plaintiff's complaint," ...is frivolous. *See* ECF No. 82, 7, lines 24-26.

On December 17, 2022, the Plaintiff filed the operative complaint, followed by properly serving the Defendant with an *official summons* on December 22, 2022. ECF No. 22. After the Court rejected the Plaintiff's request for entry of default on January 13, 2023, the date the Answer was due, the Defendant, "out an abundance of caution," filed an Answer on January 30, 2023. ECF No. 10. *See* ECF No. 82 at 7, I. ECF is the equivalent of Rule 4(a)(1)(F)-(G). The ECF's encrypted blue ribbon serves as a digital equivalent of the Clerk's signature and Court's seal required for validity of service. The Ninth Circuit failed to address this issue and instead confirmed the District Court's assertion that the Plaintiff filed an IFP in 'bad faith'. ECF No. 78. This controversy has been procedurally 'out of whack' from the day of its initial filing to this very day. The Government knew or should have reasonably known that a Complaint was imminent. *See* ECF No. 115-5 at 17 & 18. There is no explanation that will satisfy the callous disregard of an *electronically encrypted blue ribboned summons* that was served at the party's place of employment, and that the party waits until the IFP is decided to respond; the next day the Plaintiff heard from the opposing Counsel like clockwork. ECF No. 27 at 2, is just plain wrong. The Plaintiff served a *Court-issued summons* to the Defendant according to the Rules and that is undisputable. The Plaintiff believes this issue has been beaten like a dead horse. In any event, the Court procedures have improved in respect to this same issue and thus the related cases are not on a procedural trip wire like this case. *See* Jessica Jones & Christina Lorenzen v. Varsity Brands, LLC, et al., No. 2:20-cv-02892-SHL-tmp, ECF No. 526, Order Denying Defendants' Motion to Require Adherence with Formatting Requirements of Local Rule 7.1 (W.D. Tenn. Nov. 14, 2023).

In 1984, it wasn't *like* '1984'. (Citations omitted). In this context, Rule 44(c) is substantiated both in factual and legal terms. *Cf.* United Food & Commercial Workers Union, Locals 197, 373, 428, 588, 775, 839, 870, 1119, 1179 And 1532 Chartered by United Food & Commercial Workers International Union, Afl–Cio v. Alpha Beta Company, 736 F.2d 1371, 1382 (9th Cir. 1984). *Certe*, the Court's encrypted record confirms that the summons was correctly issued and served under the Rules. The integrity of the judicial process requires an objective standard where all parties work within a framework of Rules. Congress *permits* L.R.'s.[9] Defendant's definition of 'improper service' is *indisputably* unlawful. ECF No. 82 at 7, I. The Plaintiff properly served the Defendant in compliance with Federal Law, negating any claims of defective or improper service. The ECF is an *encrypted* objective standard. That's all folks.

c. **The Government's affirmative defenses fail as a matter of law.**

The [Answer] requires the affidavit not only to deny the right of the plaintiff but to state also in precise and distinct terms the grounds of defense, "which must be such as would, if true, be sufficient to defeat the plaintiff's claim in whole or in part." *See* Fid. & Deposit Co. v. United States, 187 U.S. 315, 320, 322 (1902); ECF No. 55. A state cannot foreclose the exercise of Constitutional rights by mere labels. *See* Bhd. of R.R. Trainmen v. Virginia, 377 U.S. 1, 6 (1964) Federal law preempts not only [local] laws that expressly prohibit the very act the Federal law allows, but those that stand as an obstacle to the accomplishment of the full purposes and objectives of Federal law. Thus, Federal and [local] law *need not be contradictory on their faces for preemption to apply*. It is sufficient that the [local] law imposes additional

---

[9] Notably, the Rules, authorized by Congress, under the Rules Enabling Act, 28 U.S.C. §§ 2072-2077 is one-hundred-forty-one pages (141) (Rules archived at https://perma.cc/F2RU-MEJ8). The Local Rules are one-hundred-sixty-seven pages (167) (Local Rules archived at https://perma.cc/RC4P-Q8F7). *See* Rule 5(d)(4).

conditions not contemplated by Congress. *See* Surrick v. Killion, 449 F.3d 520 (3d Cir. 2006)

## Discussion

Under the well-settled doctrine of "Unconstitutional Conditions," the Government may not require a person to give up a constitutional right in exchange for a discretionary benefit conferred by the government where the benefit sought has little or no relationship to the property. *See* Dolan v. City of Tigard, 512 U.S. 374, 384 (1994). Is it lawful for the Government to appropriate property for itself for $0 as a "*material consideration for the execution of this agreement*" and then sell it for a profit at a tax deed sale in the open market and then subsequently tax the new owner of the Subject Property while also retaining the right to ban all residential and/or commercial structures? Even if LOT 3 was not noted as a *material consideration for the execution of this agreement*, the subject Property (LOT 3) was valued at $0. This was *before* the Government's 1987 "dedication" restriction.[10] *See* assessed tax history, ECF No. 38 at 4-11. The Plaintiff has the Constitutional right to challenge a government-imposed restriction irrespective if that restriction was recorded before or after the acquisition of the Property in this controversy. "Future generations, too, have a right to challenge unreasonable limitations on the use and value of land." *See* Palazzolo v. Rhode Island, 533 U.S. 606, 627 (Kennedy, J.), 638 (Stevens, J. concurring) (2001); Oral Arg. Tr. at 1:02:39-1:03:04 (Justice Sandra Day O'Connor) (archived Nov. 24, 2023, https://archive.org/details/oral-argument-rhode-island.clip). [Brown] has stated a claim under the Takings Clause and is entitled to Just Compensation. *See* Tyler. Ball or Strike?

---

[10] A cursory review of public property records, accessible to the Court and all parties, reveals a mystery $30m mortgage on the property with no reconveyance recorded. *See* Tax Title Certification, ECF No. 115-2 at 25. Regardless, it is evident that our Nation faces a climate and housing crisis. The Plaintiff's property is valuable resource in addressing these challenges, whether used privately *or* publicly. But it can't be used for nothing.

**Conclusion**

The Plaintiff asks that the Court set a date for oral arguments on the Defendant's Motion for Summary Judgment pursuant to L.R. 7-14 OR in the alternative GRANT Plaintiff relief pursuant to Rule 56(f)(1) or (3).

"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

Clinton Brown                                                                                                   12/27/2023