1  DAWYN R. HARRISON, County Counsel
   STARR COLEMAN, Assistant County Counsel
2  THOMAS R. PARKER, Senior Deputy County Counsel
   (SBN 141835) • TParker@counsel.lacounty.gov
3  648 Kenneth Hahn Hall of Administration
   500 West Temple Street
4  Los Angeles, California 90012-2713
   Telephone: (213) 974-1834
5  Facsimile: (213) 613-4751

6  Thomas C. Hurrell, State Bar No. 119876
   E-Mail: thurrell@hurrellcantrall.com
7  Jonathan Fang, State Bar No. 279106
   E-Mail: jfang@hurrellcantrall.com
8  HURRELL CANTRALL LLP
   725 S. Figueroa Street, Suite 3800
9  Los Angeles, California 90017
   Telephone: (213) 426-2000
10 Facsimile: (213) 426-2020

11 Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES
   COUNTY DEPARTMENT OF REGIONAL PLANNING

                    UNITED STATES DISTRICT COURT

              CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION


| CLINTON BROWN, | Case No. 2:22-cv-09203-MEMF-KS |
|---|---|
| Plaintiff, | **REQUEST FOR BRIEFING SCHEDULE RE: PLAINTIFF CLINTON BROWN'S:** |
| v. | 1) **REQUEST FOR JUDICIAL NOTICE NO. 3 (DKT. NO. 114);** |
| CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING, | 2) **MOTION FOR STAY PENDING INTERLOCUTORY APPEAL (DKT. NO. 116);** |
| Defendants. | 3) **OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 118) AND STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT (DKT. NO. 115).** |
| | Assigned to: Hon. Maame Ewusi-Mensah Frimpong Courtroom "8B" |
| | Magistrate Judge Karen L. Stevenson Courtroom "580" |

**TO PLAINTIFF, ALL PARTIES, THE HONORABLE COURT:**

Defendant Clark Taylor, in his official capacity for the Los Angeles County Department of Regional Planning ("Defendant" or "County") hereby requests that the Court set a briefing schedule for the following:

(1) Plaintiff's Request for Judicial Notice No. 3 (Dkt. No. 114) ("RJN#3");

(2) Plaintiff's Motion for Stay Pending Interlocutory Appeal (Dkt. No. 116) ("Motion for Stay"); and

(3) Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Dkt. No. 118) ("Opposition") and Plaintiff's Statement of Genuine Disputes of Material Fact by Nonmoving Party (Dkt. No. 115 and Dkt. Nos. 115-1 – 115-11) ("Disputes of Material Fact").

## I. REQUEST FOR JUDICIAL NOTICE NO. 3

Plaintiff's RJN#3 fails to comply with L.R. 7-4 as it does not state the date or time of the motion hearing and the name of the judicial officer before whom the motion has been noticed. L.R. 7-4 states:

> "The Court may decline to consider a motion unless it meets the requirements of L.R. 7-3 through 7-8. On the first page of the notice of motion and every other document filed in connection with any motion, there shall be included, under the title of the document, the date and time of the motion hearing, and the name of the judicial officer before whom the motion has been noticed. The notice of motion shall contain a concise statement of the relief or Court action the movant seeks."

Additionally, Plaintiff's RJN#3 "FINAL ZONING ENFORCEMENT ORDER" is not an adjudicative fact that may be judicially noticed because it is not a fact that is: (1) "generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot be reasonably be questioned." *Fed. R. Evid. 201(b)* ("Rule 201").

In alternative, if the Court is so inclined, Defendant requests that the Court strike in its entirety Plaintiff's Request for Judicial Notice No. 3 (Dkt. No. 114) and require Plaintiff re-file his Request for Judicial Notice No. 3 in compliance with all applicable Federal Rules, Local Rules, and Judge's Procedures.

## II. MOTION FOR STAY PENDING INTERLOCUTORY APPEAL

Plaintiff's Motion for Stay (Dkt. No. 116) also fails to comply with L.R. 7-4 as it does not state the date or time of the motion hearing and the name of the judicial officer before whom the motion has been noticed.

Additionally, Plaintiff's Motion for Stay fails to comply with L.R. 7-3 as it was filed on Christmas Day - 3 days after the L.R. 7-3 conference between parties, which occurred on *December 22, 2023*. (Dkt. No. 116 at 5.) To comply with L.R. 7-3, Plaintiff's Motion to Stay would need to be filed on or after *December 29, 2023*. L.R. 7-3 states:

> "In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications under F.R.Civ.P. 65 for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion must first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference must take place at least 7 days prior to the filing of the motion."

If the Court is so inclined, Defendant requests that the Court strike in its entirety Plaintiff's Motion for Stay (Dkt. No. 116) and require Plaintiff re-file his Request for Motion for Stay in compliance with all applicable Federal Rules, Local Rules, and Judge's Procedures.

## III. OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

On October 19, 2023, the Honorable Magistrate Judge Karen L. Stevenson issued a Notice re: Defendant's Motion for Summary Judgment [DKT NO. 82] and Order Setting Briefing Schedule ("MSJO"). (Dkt. No. 83.) The MSJO provided that Plaintiff shall file and serve his Opposition to Defendants' Summary Judgment Motion and Local Rule 56-2 Statement of Genuine Issues no later than **November 20, 2023.** (*Id.* at 1.) The MSJO further provided that "**Plaintiff is expressly cautioned**

3

**that his failure to file and serve a timely Opposition to Defendants' Summary Judgment Motion may result in the granting of the Summary Judgment Motion."** (emphasis in original) (*Id.* at 4.) Plaintiff filed his Opposition to Defendant's Motion for Summary Judgment (Dkt. No. 118) a month past the MSJO deadline, on December 27, 2023, and filed his Statement of Genuine Disputes of Material Fact by Nonmoving Party on Christmas, December 25, 2023 (Dkt. No. 115). Plaintiff has not presented any good cause or legal basis for filing his Opposition and Disputes of Material Facts over a month past the MSJO deadline. Plaintiff continues to engage in gamesmanship and ignore his obligations under the applicable Federal Rules, Local Rules, Judge's Procedures, and/or Orders whenever it suits him.

Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Dkt. No. 118) and his Statement of Genuine Disputes of Material Fact by Nonmoving Party (Dkt. No. 115) is untimely and in violation of the Court' MSJO. Further, all the Opposition Exhibits submitted in Plaintiff's Statement of Genuine Disputes of Material Fact by Nonmoving Party (Dkt. Nos. 115-1 to 115-11) ("Opposition Exhibits") have no foundation and are not authenticated pursuant to *Fed. R. Evid. 901*. The Opposition Exhibits are neither supported by an affidavit or declaration. Plaintiff attempts to have the Opposition Exhibits characterized as Request for Judicial Notices, but fails to identify the source of each Opposition Exhibit and does not meet his burden to show that the Opposition Exhibits are generally known within the trial court's territorial jurisdiction; or can be accurately and readily determined from sources whose accuracy cannot be reasonably be questioned as required by Rule 201.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

4

In alternative, if the Court is so inclined, Defendant requests that the Court strike in its entirety Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Dkt. No. 116) and Genuine Disputes of Material Fact by Nonmoving Party (Dkt. No. 115 and Dkt. Nos. 115-1 to 115-11).

DATED: January 2, 2024  Respectfully submitted,

HURRELL CANTRALL LLP

By: _____*/s/ Jonathan Fang*_____
THOMAS C. HURRELL
JONATHAN FANG
Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING