Clinton Brown, Self-Represented
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLINTON BROWN,<br><br>        Plaintiff,<br><br>vs.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>        Defendant. | CASE NO. 2:22-cv-09203-MEMF-KS<br><br>**Reply to Defendant's Request for Briefing Schedule [ECF No. 120]**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Magistrate:** Karen L. Stevenson<br><br>**Action Filed:** 12/17/2022<br><br>**Action Due:** 01/13/2023 |

<u>**PLAINTIFF'S REPLY TO ECF NO. 120**</u>

**NOTICE TO THE COURT**, Fed R. Evid. 201 has sections a, b, c, d, e, and f and subsections 1 & 2 in sections b & c. "Adjudicative facts are simply the facts of the particular case." *See* Notes of Advisory Committee on Proposed Rules (archived at https://perma.cc/3NY4-Y28X on Dec. 19, 2023). "Legislative facts, on the other hand, are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body." *Id.*

    **I.**    **Request for Judicial Notice No. 3**

Did the Los Angeles County Department of Regional Planning send the Final Zoning Enforcement letter to the Plaintiff? *In other words,…* (2) can [this letter] be accurately and readily determined from sources whose accuracy cannot be reasonably be questioned. The letter is from the Government. *See* 18 U.S.C. § 2071. This letter is an adjudicative fact and relates to the parties, their activities, their properties, their businesses. *Supra*, Title 28, Appendix, Rule 201 at 361. RJN's are not motions. A hearing is not required, nor requested. The Court can notice the RJN at any time in the proceedings and the Defendant can contest.

## II.     Motion for Stay Pending Interlocutory Appeal

A. Defendant:

"The conference must take place at least 7 days prior to the filing of the motion." If the Court is so inclined, Defendant requests that the Court strike in its entirety Plaintiff's Motion for Stay (Dkt. No. 116) and require Plaintiff re-file his Request for Motion for Stay in compliance with all applicable Federal Rules, Local Rules, and Judge's Procedures." See ECF No. 120 at 3.

B. Plaintiff:

The conference was requested by the Plaintiff on December 15, 2023. Counsel video conferenced on December 22, 2023. In-between that time there was, *of course*, drama from my friend on the other side here. In the "In-between that time" period the Plaintiff asserted that the meeting may not need to occur after all, and that arguably, the motion for stay was tied to Rule 65, and therefore exempt from L.R. 7-3. If the Defendant needs an additional four (4) days to file an opposition to this Court, the Plaintiff will not contest; or in the alternative, the Plaintiff will refile the *exact* same motion again. See Jessica Jones & Christina Lorenzen v. Varsity Brands, LLC, et al., No. 2:20-cv-02892-SHL-tmp, ECF No. 526, Order Denying Defendants' Motion to Require Adherence with Formatting Requirements of Local Rule 7.1 (W.D. Tenn. Nov. 14, 2023). *See also*, ECF No. 524, *in that case*, for 58 pages of nonsense or ECF No. 120, *in this case*, for 5 pages of nonsense.

## III.    Opposition to Defendant's Motion for Summary Judgment & Plaintiff's Statement of Genuine Disputes of Material Fact

ECF No. 83 was superseded by ECF No. 102, and states, in the pertinent part, "Plaintiff is…on or before December 27, 2023… or (2) [file] a complete Opposition that fully complies with the Local Rules and the Federal Rules of Civil Procedure." In any event, L.R. 7-12 states that the MSJ cannot be granted based on a party's failure to file an opposition to the MSJ. Additionally, ECF No. 118 was "Filed *conjunctively* with ECF No. 115." See L.R. 5-4.3.4(c).

Furthermore, Rule 56(c)(1) is clear that a party must support their factual positions and may do so from "other materials." *See* 56(c)(1)(A). The opposing party may object to these "other

materials." *See* 56(c)(1)(B). However, just declaring that the "other materials" "have no foundation and are not authenticated pursuant to Fed. R. Evid. 901" is neither specific nor proper. Rule 901 has sections (a) & (b), subsections 1-10 and multiple A & B paragraphs within. Rule 56(e) requires that the parties support and address the facts as required by 56(c).

Last, the Defendant should pay reasonable expenses to the Plaintiff for their efforts to delay and obstruct the just, speedy, and inexpensive determination of this controversy. *See* Rule 56(h) & ECF No. 113.

## Conclusion

The Court can take notice (or not) under (c) and at any time under (d). In any event, the Defendant is on notice that the letter will be brought up at trial, even if it is 'struck' from the record. The Defendant will be 'heard' either way in accord with section (e). As to Defendant's II. and III., let's play ball.

Respectfully submitted,

Dated: January 2, 2024

*/s/ Clinton Brown*, Self-Represented
16821 Edgar Street,
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

CC: All Counsel of Record (via ECF) on January 2, 2024