DAWYN R. HARRISON, County Counsel
STARR COLEMAN, Assistant County Counsel
THOMAS R. PARKER, Senior Deputy County Counsel
(SBN 141835) • TParker@counsel.lacounty.gov
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-1834
Facsimile: (213) 613-4751

Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Jonathan Fang, State Bar No. 279106
E-Mail: jfang@hurrellcantrall.com
HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendant, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>　　　　Defendant. | Case No. 2:22-cv-09203-MEMF-KS<br><br>**DEFENDANT'S REPLY ISO MOTION FOR SUMMARY JUDGMENT**<br><br>*Filed concurrently with:*<br>　1) *Defendant's Reply to Plaintiff's Statement of Disputed Material Facts;* and<br>　2) *Defendant's Evidentiary Objections to Plaintiff's Statement of Disputed Material Facts and Exhibits*<br><br>Judge: Hon. Karen L. Stevenson<br><br>Assigned to:<br>Hon. Maame Ewusi-Mensah Frimpong<br>Courtroom "8B"<br><br>Magistrate Judge Karen L. Stevenson<br>Courtroom "580" |

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

## Memorandum of Points and Authorities

In spite of the fact that Plaintiff Clinton Brown ("Plaintiff" or "Brown") had *nine weeks* to oppose Defendant's Motion for Summary Judgment, instead of the statutory two weeks, he has filed an Opposition to Defendant's Motion for Summary Judgment (Dkt. No. 118) ("Opposition") which contains little more than hyperbole. But more important, the Opposition is almost completely bereft[1] of any reference to Plaintiff's Exhibits P1-P10 (Dkt. No. 115-2 to 115-11) which allegedly support his "factual" claims. The Ninth Circuit, in *Southern California Gas Company v. City of Santa Ana*, 336 F.3d 885, 889 (9th Cir. 2003) states that Plaintiff was obligated to identify the portions of the record that support his "factual" contentions:

> A party opposing summary judgment must direct our attention to specific, triable facts. See *Cal. Practice Guide: Federal Civil Procedure Before Trial § 14:101.1, at 14-24.2*. General references without page or line numbers are not sufficiently specific. *Id.* (citing *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300,1307 (5th Cir. 1988)); see also *Carmen v. S.F. Unified Sch. Dist*., 237 F.3d 1026,1030 (9th Cir.2001) (citing similar holdings in the Fifth, Sixth, Seventh, and Tenth Circuits); *Forsberg v. Pac. Northwest Bell Tel. Co.*, 840 F.2d 1409, 1418 (9th Cir.1988) ("The **district judge is not required to comb the record to find some reason to deny a motion for summary judgment.**").

[Emphasis added.]

Further, it is well settled in the Ninth Circuit that "legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment." (*British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978), cert, denied, 440 U.S. 981, 99 S.Ct. 1790, 60

---

[1] Plaintiff makes a single reference to Dkt. No. 115-7 purporting that a comprehensive history of the Property is contained in pages 54-68. However, the Subject Property (Tract No. 33128, Lot 3) is mentioned only once stating that it was an "open-space lot." (Dkt. No. 115-7 at 57.) The history focuses on Lot 1 (APN 2064-005-009) and Lot 2 (APN 2064-005-010) of Tract No. 33128 with each Lot having a separate APN and being unrelated to this lawsuit.

L.Ed.2d 241 (1979).) Thus, all of the "factual" assertions in Plaintiffs Opposition, which do not cite to any supporting evidence, cannot be used to create an issue of fact to defeat Defendant's summary judgment motion. When Plaintiff's Opposition is stripped of all non-referenced "facts," there is no doubt that Plaintiff has not created an issue of fact to defeat the summary judgment motion. In fact, as will be demonstrated in Defendant's reply to Plaintiff's "legal" arguments, even if the Court could consider Plaintiff's unsupported facts, his Opposition does not defeat the Summary Judgement Motion. Moreover "'[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" (*Tate v. Lau*, 865 F.Supp. 681, 686 (D,Nev. 1994) citing *Celotex Corp.*, 477 U.S. at 327, 106 S.Ct. at 2555.)

Further, the "Discussion" portion of Plaintiff's Opposition consists of dozens of cites, which have no relation, whatsoever, to the facts in this case. Plaintiff never presents any competent evidence to dispute Defendant's simple assertions that Clinton Brown, as an individual does not own "27250 Agoura Road" an unincorporated parcel of land whose Assessor Parcel Number ("APN") is 2064-005-011 described as "LOT 3 in TRACT NO. 33128" (hereinafter "Subject Property"), and without ownership Brown lacks standing to bring this lawsuit. (*See* Dkt. No. 82-2 Exhibit 1 to Motion for Summary Judgment ("MSJ"), Request for Judicial Notice #1 ("RJN"), Quitclaim Grant Deed (hereinafter "Exh. 1 Quitclaim Deed"); and Dkt. No. 82-3 Exhibit 2 to MSJ, RJN #2, Grant Deed (hereinafter "Exh. 2 Grant Deed").) Plaintiff also does not present any competent evidence to show that he had a cognizable property right to build a ground mounted utility-scale solar facilities ("solar farm") on the Subject Property. Plaintiff does not present any admissible evidence to show that a Takings occurred under the multi-factor *Penn Central* Analysis. (*See Penn Central Transportation Co. v. New York City,* 438 U. S. 104, 124 (1978) ("Penn Central").)

Plaintiff's Statement of Genuine Disputes of Material Facts ("PDMF") submits

inadmissible evidence in the form of Exhibits P1-P10/RJN. (Dkt. No. 115-2 to 115-11.) Plaintiff's PDMF Exhibits P1-P10/RJN ("PDMF Exhibits") are not supported by any affidavits, declarations, or answers to discovery. Moreover, all of the PDMF Exhibits lack foundation and are **not authenticated**, and thereby, fail to meet the standard of Fed. R. Evid. 901 ("Rule 901"). (*See* Fed. R. Evid. 901; Defendant's Evidentiary Objection Nos.1-10.) Plaintiff fails to explain under penalty of perjury what each PDMF Exhibit is, what they mean, where the document was obtained, and that they are true and correct copies.

PDMF Exhibits also fail to meet the standard of Fed. R. Evid. 201(b) ("Rule 201"), which allows courts to take judicial notice of facts that "(1) [are] generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The PDMF Exhibits are not generally known within the Court's territorial jurisdiction, nor can they be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Outside of an Exhibit List which provides a title for each of the PDMF Exhibits, Plaintiff fails to identify the source of where each exhibit originates. (*See* Dkt. No. 115 and Dkt No. 115-1.) As such, Plaintiff's PDMF does not present any competent evidence to support disputing the uncontroverted material facts set forth by Defendant. Additionally, Plaintiff even fails to sign the PDMF (*See* Dkt. No. 117.)

Plaintiff's Opposition, while full of conjecture, fails to set forth a genuine dispute as to any material fact. (Fed. R. Civ. Proc. § 56(a), (c)(1).) Moreover, the Opposition entirely omits arguments and evidence as to ownership of the Subject Property and the fact that Plaintiff did not have reasonable investor expectations to build a solar farm on the Subject Property. Even though Plaintiff has failed to designate specific facts showing there is a genuine issue for trial Defendant will address Plaintiff's "legal" arguments, demonstrating that they do nothing to defeat the Motion for Summary Judgment.

4

## I. PLAINTIFF'S OPPOSITION IS UNTIMELY AND SHOULD NOT BE CONSIDERED.

As a preliminary matter, Plaintiff's Opposition is untimely and should not be considered. On October 19, 2023, the Honorable Magistrate Judge Karen L. Stevenson issued a Notice re: Defendant's Motion for Summary Judgment and Order Setting Briefing Schedule ("MSJO"). (Dkt. No. 83.) The MSJO provided that Plaintiff shall file and serve his Opposition to Defendants' Summary Judgment Motion and Local Rule 56-2 Statement of Genuine Issues no later than **November 20, 2023.** (*Id.* at 1.) The MSJO further provided that "**Plaintiff is expressly cautioned that his failure to file and serve a timely Opposition to Defendants' Summary Judgment Motion may result in the granting of the Summary Judgment Motion.**" (emphasis in original) (*Id.* at 4.) Plaintiff filed his Opposition to Defendant's Motion for Summary Judgment (Dkt. No. 118) a month past the MSJO deadline, on December 27, 2023, and filed his Statement of Genuine Disputes of Material Fact by Nonmoving Party on Christmas, December 25, 2023 (Dkt. No. 115). Plaintiff has not presented any good cause or legal basis for filing his Opposition and PDMF over a month past the MSJO deadline. Plaintiff continues to engage in gamesmanship and ignore his obligations under the applicable Federal Rules, Local Rules, Judge's Procedures, and/or Orders whenever it suits him.

Accordingly, Plaintiff's Opposition is untimely and in violation of the Court' MSJO and therefore should not be considered.

## II. PLAINTIFF CONTINUES TO RE-RAISE PREVIOUSLY ADJUDICATED ISSUES.

There are several issues that have already been determined by this Court that Plaintiff attempts to re-raise. With brevity, Defendant addresses these briefly.

Plaintiff's issue with the Motion for Summary Judgment being heard by the Honorable Magistrate Karen L. Stevenson (Dkt. No. 118 at 1-3) has already been addressed and explained by the Honorable Maame Ewusi-Mensah Frimpong in the

minute order recounting the status conference regarding the issue. (*See* Dkt. No. 104.)

Similarly, Plaintiff disputes that his service of the Complaint on Defendant's service was improper (Dkt. No. 118 at 10-12), however, this Court determined on February 21, 2023, that Brown's attempt at service was improper stating: "On December 20, 2022, Plaintiff filed a Request for Clerk to Issue Summons on Complaint. (Dkt. No. 16.) However, instead of waiting for the Clerk to issue the summons, Plaintiff apparently used his own copy of a summons form and served Defendant with that form and the Complaint. (Dkt. No. 22.) That summons form was defective under the Federal Rules of Civil Procedure." (Dkt. No. 27)

Lastly, Plaintiff asserts that the Defendant's affirmative defenses fail as a matter of law (Dkt. No. 118 at 12-13), however once again, this Court has already determined that Defendant's affirmative defenses do not fail as a matter of law when denying Plaintiff's Motion to Strike Defendant's affirmative defenses. (Dkt. No. 53.)

### III. PLAINTIFF CANNOT ASSERT A CONSTITUTIONAL VIOLATION BECAUSE HE DOES NOT OWN THE SUBJECT PROPERTY, AND THEREFORE, LACKS STANDING TO BRING THIS LAWSUIT.

Plaintiff does not address his lack of standing in his Opposition. Standing is a basic legal principle of federal jurisdiction found in the Constitution. (U.S. Const. art. III, § 2; *Get Outdoors II, LLC v. City of San Diego,* 381 F. Supp. 2d 1250, 1258 (2005).) Here, Brown does not present any competent evidence to show that he is the owner of the Subject Property. Conversely, Defendant has presented the recorded grant deeds of the Subject Property that irrefutably show that Atlas, LLC owned the Subject Property from November 12, 2020 to January 28, 2022 and Atlas, LLC and Steve Weera Tonasut, Trustee of the Tonasut Family Trust owned the Subject Property from January 28, 2022 to present. (*See* Dkt No. 82-2 Exh. 1 Quitclaim Deed; and Dkt. No. 82-3 Exh. 2 Grant Deed.) Plaintiff does not present any competent evidence that he is a member of Atlas, LLC or Steve Weera Tonasut Family Trust. Regardless, even if Plaintiff had majority ownership and control over Atlas, LLC, that

would be irrelevant, as "a member or assignee has no interest in specific limited liability company property." (*Cal. Corp. Code* § 17300.)

Even if Brown argued that he could substitute in Atlas, LLC as Plaintiff (which he has not) without prejudice, that would not address the point that a shareholder or member bringing a derivative action must meet certain procedural requirements. (Fed. R. Civ. P. 23.1; *Sax v. World Wide Press,* 809 F.2d 610, 613 (9th Cir. 1987).) It is undisputed that Plaintiff's Complaint fails to comply with Fed. R. Civ. Proc. 23.1's procedural requirements. Plaintiff's Complaint is unverified as Brown did not sign the Complaint nor did he declare that under penalty of perjury the allegations in the Complaint were true. (Dkt. No. 1 at 7.) As previously stated in Defendant's Motion for Summary Judgment, Plaintiff's Complaint: is not verified, fails to allege LLC membership, fails to allege the action is not collusive, and fails to allege any effort to obtain relief from the LLC. There is no genuine dispute that Plaintiff's Complaint fails under Fed. R. Civ. Proc. 23.1. Plaintiff's failure to comply with the stringent federal pleading requirements cannot be cured by a mere substitution.

Plaintiff's Opposition does not present any admissible evidence that disputes the Subject Property is not owned by Plaintiff Clinton Brown. Plaintiff does not present any competent evidence of any conveyance of the deed of the Subject Property to himself in an individual capacity. Plaintiff attempts to submit PDMF Exhibit P1/RJN to create a genuine dispute that he is the owner of the Subject Property. (*See* Dkt. No. 115-2.) PDMF Exhibit P1 is an unauthenticated document dated June 25, 2020 that purportedly lists Plaintiff as the buyer of the Subject Property. *Id.* Plaintiff provides no explanation of what this document is purported to be, no admissible evidence that the conditions to this document were fulfilled, and most importantly no evidence that the deed for the Subject Property was ever conveyed from the previous owner of Subject Property (Tax Deed Enterprises, LLC) to Clinton Brown, as an individual. (*See* Dkt. No. 115; Dkt. No. 115-2.) In sum, *Plaintiff lacks standing and the Court lacks subject matter jurisdiction to hear Brown's sole cause of action*.

## IV. PLAINTIFF FAILS TO ESTABLISH ANY GENUINE ISSUES OF MATERIAL FACT AS TO PLAINTIFF'S TAKINGS CLAIM.

Plaintiff fails to raise genuine issues of material fact that he had a cognizable property right to build a solar farm on the Subject Property (and the rejection of his solar farm application constituted a Taking). Plaintiff in his Opposition argues that "[Brown] has stated a claim under the Takings Clause is entitled to Just Compensation" (Dkt. No. 118 at 13), but provides no material fact or admissible evidence to support this conclusory statement. Plaintiff's argument confusingly morphs from disputing the fact that he had a no cognizable property right to build a solar farm on the Subject Property and therefore no reasonable invest backed expectations to the fact that he has a right to challenge any government-imposed restriction. (*Id.*)

Plaintiff's Opposition asserts new confusing arguments, which misstate the law and fail to raise any genuine issues of material fact. The first is that under "'Unconstitutional Conditions,' the Government may not require a person to give up a constitutional right in exchange for a discretionary benefit conferred by the government where the benefit sought has little or no relationship to the property." (*Id.*) Plaintiff provides no admissible evidence that the Government *required* the prior owner of the Subject Property to give up any rights in the Subject Property. Plaintiff questions the legality of the dedication from the prior owner of the Subject Property to the County of Los Angeles without providing a single material fact or admissible document in support that the dedication was not valid. Conversely, Defendant has provided evidence that the dedication of rights to prohibit residential and/or commercial structures (such as Brown's contemplated solar farm) on the Subject Property to the County of Los Angeles was pursuant to an arms-length negotiated development agreement between the County and the prior landowners of the Subject Property. (*See* Dkt. No. 82-7 Exhibit 6 to MSJ, RJN #6, Development Agreement.)

Plaintiff also fails to raise genuine issues of material fact that there was no regulatory taking because he fails to include any evidence supporting his claims beyond conclusory, unsupported assertions. A party cannot create a genuine issue of material fact simply by making assertions in its legal memoranda. (*In re Ahaza Systems, Inc.* 482 F.3d 1118, 1112 n.1 (9th Cir. 2007) (finding counsel's arguments and statements are not evidence and do not create material fact issues capable of defeating otherwise valid motion).)

As to the first factor regarding the economic impact of the denial of Plaintiff's application for a ground-mounted-utility-scale solar facilities by Defendant (on October 21, 2021), Plaintiff states the "Government's denial and subsequent 'run around' caused a direct financial harm that the Plaintiff is still reeling from, to this day, despite his continuing efforts to not make that so." (Dkt. No. 118 at 3.) However, this single conclusory statement is unsupported by any admissible evidence (Plaintiff does not present any competent evidence in the form of affidavits, declarations, or documents that are authenticated to support this claim) and thus fails to create a genuine issue of material fact. (Dkt. No. 118 at 3.)

As to the second factor regarding investment-backed expectations, Plaintiff's Opposition also does not set forth any statement of fact or evidence regarding investment-backed expectations. Plaintiff cites to *Palazzolo v. Rhode Island*, 533 U.S. at 632 (2001) ("Palazzolo"), arguing that "Plaintiff has the Constitutional right to challenge a government-imposed restriction irrespective if that restriction was recorded before or after the acquisition of the Property in this controversy." (Dkt. No. 118 at 13.) But this single conclusory statement is also unsupported by any evidence and thus fails to create a genuine issue of material fact. In *Palazzolo*, the Supreme Court held that "acquisition of title after the effective date of [a] regulation[ ]," alone, will not preclude a takings claim. (533 U.S. at 632 (2001).) Central to this holding was the notion that certain land use restrictions "are unreasonable and do not become less so through passage of time or title." (*Id.* at 627.) But "a prospective enactment,

such as a new zoning ordinance, can limit the value of land without effecting a taking because it can be understood as reasonable by all concerned." (*Id.*) Thus, contrary to Plaintiff's contentions, "the regulatory regime in place at the time the claimant acquires the property at issue helps to shape the reasonableness of those [distinct investment-backed] expectations." *(Id.* at 633. (O'Connor, J., concurring); *see also* Murr v. Wisconsin, 137 S. Ct. at 1945–46, 1949 ("Petitioners cannot claim that they reasonably expected to sell or develop their lots separately <u>given the regulations which predated their acquisition of both lots</u>." (emphasis added).)

Plaintiff's argument that he can challenge any government-imposed restriction is inapposite as to whether or not he had reasonable investment-backed expectations. Courts consistently reject regulatory takings claims where the plaintiffs bought vacant land for long-term speculative investment purposes and, as such, had no reasonable or distinct investment-backed expectations. "'Distinct investment-backed expectations implies (sic) reasonable probability,.... Not starry eyed hope of winning the jackpot if the law changes.'" (*Marina Point Dev. Assoc. v. County of San Bernardino,* 2020 WL 5163577, *6 (C.D. Cal. May 18, 2020), quoting *Bridge Aina Le'a, LLC v. State Land Use Comm'n,* 950 F.3d 610, 631, 633 (9th Cir. 2020); see, also, *City of Los Angeles v. Lowensohn,* 54 Cal.App.3d 625, 636 (1976) (rejecting takings claim for precondemnation damages where plaintiffs bought vacant land as an investment: "In sum, appellants sought recovery for something that was nonexistent in fact and constituted pure fiction. There is no recovery via condemnation for the taking of a pipe dream.").)

It remains undisputed that Brown did not have a reasonable investment-backed expectation that a solar farm would be allowed to be built on the Subject Property because on the date the Subject Property was purchased and transferred on November 12, 2020, there was constructive notice that Plaintiff <u>would not</u> be able to build a solar farm on the Subject Property. This is evidenced by the Tract No. 33128, recorded on December 21, 1987 which gave the County of Los Angeles the right to prohibit

construction of residential and/or commercial structures within Lot 3, which would include solar farms and *Los Angeles County Code Section 22.140.510C.5.a* which prohibits installation of solar farms (such as the one in Plaintiff sought to build) within a Significant Ecological Area ("SEA") – the prohibition of the solar farms within a SEA first went into effect on June 25, 2018. (*See Dkt. No. 82-3* Exh. 2 Grant Deed; *Dkt. No. 82-6*, Exhibit 5 to MSJ, RJN#5, Tract No. 33128, recorded on December 21, 1987, Record #87-2026009; *Dkt. No. 82-8*, Exhibit 7 to MSJ, RJN#7, Los Angeles County Code Section 22.140.510.C.5.a, which currently prohibits installation of solar farms within a SEA; and *Dkt. No. 82-9*, Exhibit 8 to MSJ, RJN#8, Los Angeles County Code Section 22.52.1605.E.1 on June 25, 2018, which prohibits installation of solar farms within a SEA.) Plaintiff has not provided any admissible evidence to show that his distinct investment-backed expectations were reasonable in light of the material facts. Plaintiff's Opposition does not discuss the third *Penn Central* factor.

Lastly, Plaintiff attempts to argue that since he never alleged the acquisition date of the Subject Property in the Complaint that in itself creates a genuine issue of material fact that is in dispute. (Dkt. No. 118 at 8.) However, the grant deed and quitclaim deed for the Subject Property that were publicly recorded clearly show the date of transfer and ownership of the Subject Property, specifically, that on November 12, 2020 it was transferred from Tax Deed Enterprises, LLC to Atlas LLC and on January 28, 2022 15% of the Subject Property was transferred from Atlas LLC to Steve Weera Tonasut, Trustee of the Tonasut Family Trust. (*See* Dkt No. 82-2 Exh. 1 Quitclaim Deed; and Dkt. No. 82-3 Exh. 2 Grant Deed.)

In sum, Plaintiff's federal takings claim fails as a matter of law because Brown fails to raise triable issues of material fact that are supported by admissible evidence.

## V. CONCLUSION

Defendant requests the Court grant summary judgment in full as Plaintiff fails to respond to some arguments, do not raise any genuine issues of material facts as to others, and do not overcome the Defendant's arguments as a matter of law.

11

DATED:  January 17, 2024

Respectfully submitted,

HURRELL CANTRALL LLP

By:    */s/ Jonathan Fang*
THOMAS C. HURRELL
JONATHAN FANG
Attorneys for Defendant, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING