DAWYN R. HARRISON, County Counsel
STARR COLEMAN, Assistant County Counsel
THOMAS R. PARKER, Senior Deputy County Counsel
(SBN 141835) • TParker@counsel.lacounty.gov
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-1834
Facsimile: (213) 613-4751

Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Jonathan Fang, State Bar No. 279106
E-Mail: jfang@hurrellcantrall.com
HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES
COUNTY DEPARTMENT OF REGIONAL PLANNING

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| CLINTON BROWN,<br><br>Plaintiff,<br><br>v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>Defendants. | Case No. 2:22-cv-09203-MEMF-KS<br><br>**DEFENDANT'S REPLY TO PLAINTIFF'S STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT BY NONMOVING PARTY**<br><br>*Filed concurrently with:*<br>*1) Defendant's Reply ISO Motion for Summary Judgment; and*<br>*2) Defendant's Evidentiary Objections to Plaintiff's Statement of Disputed Material Facts and Exhibits*<br><br>Judge: Hon. Karen L. Stevenson<br><br>Assigned to:<br>Hon. Maame Ewusi-Mensah Frimpong<br>Courtroom "8B"<br><br>Magistrate Judge Karen L. Stevenson<br>Courtroom "580" |

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

| **Moving Party's Uncontroverted Facts and Supporting Evidence:** | **Opposing Party's Response to Cited Fact and Supporting Evidence:** |
|---|---|
| **1.** Plaintiff Clinton Brown **does not** own the subject property of this lawsuit, "27250 Agoura Road" an unincorporated parcel of land whose Assessor Parcel Number ("APN") is 2064-005-011 described as "LOT 3 in TRACT NO. 33128" (hereinafter "Subject Property").<br><br>*Evidence*: Request for Judicial Notice #1 in Support of Defendant's Motion for Summary Judgment ("RJN"), Quitclaim Grant Deed, recorded 02/01/22 Los Angeles County Official Record ("Record") #20220123442, **Exhibit 1**; RJN #2, Grant Deed dated 11/12/2020, recorded 12/18/2020, Record #20201688734, **Exhibit 2**; RJN #3, GIS-NET Public Results for 27250 Agoura Road dated October 16, 2023, **Exhibit** | 1. Disputed.<br>*See* **Exhibit P1/RJN** at 1, 2, 6, 7, 24 & 25.<br>*See* **Exhibit P2/RJN** at 1-17; ECF No. 105 at 1 n.1. "The Agoura Property is at the center of another lawsuit by Brown against his alleged business partners in the proposed solar farm. *Clinton Brown v. Emil Assentato*, et al, Case No. 2:23-cv-02972-MEMF-KS"<br><br>*See* **Exhibit P3/RJN** at 1-2. The County Board of Supervisors adopted the updated Santa Monica Mountains North Area Plan (North Area Plan) and Community Standards District (CSD) on *May 4, 2021*. The updated Plan and CSD became effective *June 3, 2021*. The North Area Plan, originally adopted by the County Board of Supervisors in *October 2000*, is a component of the Los Angeles County General Plan (General Plan). *See* Santa Monica |

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence: | Opposing Party's Response to Cited Fact and Supporting Evidence: |
|---|---|
| **3;** <br><br> RJN #4, the Atlas LLC Articles of Incorporation, **Exhibit 4**. | Mountains North Area Plan: FINAL DOCUMENTS, Los Angeles County Department of Regional Planning, adopted *May 4, 2021*, effective *June 3, 2021*, available at https://perma.cc/P4JA-2UTR <br><br> *Cross-reference*: Rejection Letter, ECF No. 42 at 4. "The proposed project site is located wholly within the Santa Monica Mountains North Area Significant Ecological Area and for this reason, the proposed project cannot be permitted at this location and the application cannot be processed." Nowhere in the Santa Monica Mountains North Area "Final Document" does it prohibit solar farms. In any event, it took over 20 years to implement and was in effect after Plaintiff's original application. <br><br> *See* **Exhibit P4/RJN at 1-22** Management Structure: All LLC Member(s). This LLC was not created for the purpose of acquiring |

HURRELL CANTRALL LLP<br>725 S. FIGUEROA STREET, SUITE 3800<br>LOS ANGELES, CALIFORNIA 90017<br>TELEPHONE (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence: | Opposing Party's Response to Cited Fact and Supporting Evidence: |
|---|---|
| | the 32.4 acres in unincorporated Los Angeles County. The purpose of this LLC was to open a bar at 21201 Pacific Coast Hwy, Malibu, CA 90272. In any event, it is disputable whether the entity is a disregarded or partnership entity; *See* also Benjamin Y. Sirota, A District Court Dilemma: Solving the Self-Representation Problem for Single-Member LLCs in Federal Court, The Federal Lawyer, no. 3, Summer 2023, at 37; IRS https://www.irs.gov/businesses/small-businesses-self-employed/single-member-limited-liability-companies The Plaintiff has also 'pierced the corporate veil' which in all fairness and justice must be set aside to prevent fraud and ensure equity. *Clinton Brown v. Emil Assentato*, *et al,* Case No. 2:23-cv-02972-MEMF-KS, ECF No. 27 at 3. |

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

| **Moving Party's Uncontroverted Facts and Supporting Evidence:** | **Opposing Party's Response to Cited Fact and Supporting Evidence:** |
|---|---|

**1. Moving Party's Response:**

No genuine dispute.  Plaintiff's response fails to dispute that Plaintiff Clinton Brown **does not** own the subject property of this lawsuit, "27250 Agoura Road" an unincorporated parcel of land whose Assessor Parcel Number ("APN") is 2064-005-011 described as "LOT 3 in TRACT  NO. 33128" (hereinafter "Subject Property").  To the extent that Plaintiff has asserted new and different facts, the Court should disregard Plaintiff's nonresponsive language.  To the extent the Court considers Plaintiff's additional facts, the cited Exhibits P1/RJN (Dkt. No. 115-2), P2/RJN (Dkt. No. 115-3), P3/RJN (Dkt. No. 115-4), and P4/RJN (Dkt. No. 115-5) is to evidence that is <u>not admissible</u>, as each document lacks foundation and is not authenticated.  Fed. R. Evid. 901 ("Rule 901").  Further, Plaintiff's Exhibits P1/RJN (Dkt. No. 115-2), P2/RJN (Dkt. No. 115-3), P3/RJN (Dkt. No. 115-4), and P4/RJN (Dkt. No. 115-5) fail to meet the standard of Fed. R. Evid. 201(b) ("Rule 201") as each exhibit is not generally known within the Court's territorial jurisdiction, nor can each exhibit be accurately and readily determined from sources whose accuracy cannot reasonably be questioned because *Plaintiff fails to provide the source of where each exhibit originates*. ***See* Defendant's Evidentiary Objection Nos. 1-4, 11, and 12.**

Plaintiff fails to present any admissible evidence to show that he is or once was the legal owner of the Subject Property from November 28, 2020 (date the solar farm application was submitted) to present.  Plaintiff's Complaint alleges that his original solar farm application was submitted on November 28, 2020.  (*See* Dkt. No. at 3.)  Defendant's Exhibit 2 to Motion for Summary Judgment ("MSJ"), Request for Judicial Notice #2 ("RJN"), Grant Deed dated 11/12/2020 (Dkt. No.

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence: | Opposing Party's Response to Cited Fact and Supporting Evidence: |
|---|---|
| 82-3) ("RJN#2, Exhibit 2 Grant Deed") shows that the Subject Property was transferred from <u>Tax Deed Enterprises LLC to Atlas LLC on November 11, 2020</u>. Defendant's Exhibit 1 to MSJ, RJN#1, Quitclaim Deed recorded 02/01/22 (Dkt. No. 82-2) ("RJN#1, Exhibit 1 Quitclaim Deed") shows that the 15% ownership of the Subject Property was transferred from Atlas LLC to the Steeve Weera Tonasut, Trustee of the Tonasut Family Trust on January 28, 2022.<br><br>Plaintiff's claim to have "pierced the corporate veil" on himself is without foundation, not supported by competent evidence, and is wholly conclusory. Plaintiff did not mention Atlas LLC in his complaint, nor that Atlas LLC was his Alter-Ego as he is attempting to allege now.  Prior to Plaintiff's Opposition, he has never alleged that the corporate veil does not exist between Atlas LLC and himself. Plaintiff has not alleged that he is a member of Atlas LLC either.  Plaintiff's attempt to cite to another Federal case he is involved in is also not admissible competent evidence.   Moreover, Ninth Circuit precedent holds that raising a claim on summary judgment that is not pled in the complaint is impermissible. "[W]here, as here, the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court." *Navajo Nation v. U.S. Forest Service,* 535 F.3d 1058, 1080 (9th Cir. 2008); *Wasco Prods., Inc. v. Southwall Techs., Inc.,* 435 F.3d 989, 992 (9th Cir. 2006) (same); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1291-92 (9th Cir. 2000) (same). This case is therefore analogous to *Pickern v. Pier 1 Imports (U.S.), Inc.,* 457 F.3d 963, 968 (9th Cir. 2006), / / /<br>/ / / |

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

| **Moving Party's Uncontroverted Facts and Supporting Evidence:** | **Opposing Party's Response to Cited Fact and Supporting Evidence:** |
|---|---|
| 2. The Atlas LLC, a California LLC and Steve Weera Tonasut, Trustee of the Tonasut Family Trust currently own the Subject Property "27250 Agoura Road" whose APN is 2064-005-011 and legally described as "LOT 3 in TRACT NO. 33128." *Evidence*: RJN #1, Quitclaim Grant Deed, recorded 02/01/22 Record ##20220123442, **Exhibit 1**; <br><br> RJN #4, the Atlas LLC Articles of Incorporation, **Exhibit 4**. | 2. Disputed. <br><br> *See* **Exhibit P1/RJN** at 1, 2, 6, 7, 24 & 25; ECF No. 91 at 4. If the Government doesn't know who the legal landowner is, it's indisputable that the public record itself is a material dispute requiring a jury's resolution. <br><br> *See* **Exhibit P4/RJN** |

**2.  Moving Party's Response:**

No genuine dispute.  Defendant's citations support the asserted fact and Plaintiff's citations do not controvert the evidence that Atlas LLC, a California LLC and Steve Weera Tonasut, Trustee of the Tonasut Family Trust currently own the Subject Property.  To the extent the Court considers Plaintiff's additional facts, the cited documents Exhibits P1/RJN (Dkt. No. 115-2) and P4/RJN (Dkt. No. 115-5) is to evidence that is <u>not admissible</u> because each document fails to meet the standards set forth in both Rule 901 and Rule 201.  *See* **Defendant's Evidentiary Objection Nos.1 and 4.**

*/ / /*

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE   (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence: | Opposing Party's Response to Cited Fact and Supporting Evidence: |
|---|---|
| Plaintiff fails to present any admissible evidence to show that he is the legal owner of the Subject Property from November 28, 2020 to present. Plaintiff's Complaint alleges that his original solar farm application was submitted on November 28, 2020.  (*See* Dkt. No. at 3.)  RJN#2, Exhibit 2 Grant Deed (Dkt. No. 82-3) shows that the Subject Property was transferred from Tax Deed Enterprises LLC to Atlas LLC on November 11, 2020.  Defendant's RJN#1, Exhibit 1 Quitclaim Deed (Dkt. No. 82-2) shows that the 15% ownership of the Subject Property was transferred from Atlas LLC to the Steeve Weera Tonasut, Trustee of the Tonasut Family Trust on January 28, 2022. | |
| 3. On the date 10/12/2021 Plaintiff's solar farm application was denied, the Subject Property was owned solely by the Atlas, LLC. <br> *Evidence*: RJN #2, Grant Deed dated 11/12/2020, recorded 12/18/2020, Record #20201688734, **Exhibit 2**; RJN #4, the Atlas LLC Articles of Incorporation, **Exhibit 4**; Complaint, pg. 4:21-23. <br> / / / <br> / / / <br> / / / <br> / / / | 3. Disputed. <br> *See* **Exhibit P2/RJN** at 1-17. <br> *See* **Exhibit P4/RJN** at 1 — 22. Who was the owner on November 30, 2020, when application UNC-SOLR201128002452 was submitted to the County? |

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

| **Moving Party's Uncontroverted Facts and Supporting Evidence:** | **Opposing Party's Response to Cited Fact and Supporting Evidence:** |
|---|---|
| **3.  Moving Party's Response:** | |

**3.  Moving Party's Response:**

No genuine dispute.  Defendant's citations support the asserted fact and Plaintiff's citations do not controvert the evidence that on the date October, 12, 2021 Plaintiff's solar farm application was denied the Subject Property was owned solely by the Atlas LLC, a California LLC.

To the extent that Plaintiff has asserted new and different facts, the Court should disregard Plaintiff's nonresponsive language.  To the extent the Court considers Plaintiff's additional facts, the cite to Exhibits P2/RJN (Dkt. No. 115-3) and P4/RJN (Dkt. No. 115-5) is to evidence that is <u>not admissible</u> because each document fails to meet the standards set forth in both Rule 901 and Rule 201.  ***See Defendant's Evidentiary Objection Nos. 2 and 4.***

Further, the cited documents which contain various emails are not binding legal documents and do not create a genuine dispute of material fact that on October, 12, 2021, the Subject Property was owned by the Atlas LLC, a California LLC.

RJN#2, Exhibit 2 Grant Deed (Dkt. No. 82-3) shows that the Subject Property was transferred from <u>Tax Deed Enterprises LLC to Atlas LLC on November 11, 2020</u>.  Defendant's RJN#1, Exhibit 1 Quitclaim Deed (Dkt. No. 82-2) shows that the 15% ownership of the Subject Property was transferred from Atlas LLC to the Steeve Weera Tonasut, Trustee of the Tonasut Family Trust on January 28, 2022.

/ / /

/ / /

/ / /

| **Moving Party's Uncontroverted Facts and Supporting Evidence:** | **Opposing Party's Response to Cited Fact and Supporting Evidence:** |
|---|---|
| 4. On December 21, 1987, the County of Los Angeles approved the map of Tract No. 33128 and accepted the dedication from the prior landowners of the Subject Property for the "right to prohibit construction of residential and/or commercial structures within Lot 3 of Tract 33128." This restriction is recorded on the official Tract Map 33128 in Book 1099, Pages 94 TO 97 through the Los Angeles County Official Record #87-2026009. *Evidence*: RJN #5, Tract No. 33128, recorded on December 21, 1987, Record #87- 2026009, **Exhibit 5**. | 4. Disputed. *See* **Exhibit P5; RJN** at 1, 2 & 15 (LOT 17) Cf, 82-7 (Exhibit 6). Infra Dedication is a generous word for an illegal extraction by the County from a Grantor. The County's subsequent transfers and refusal to adhere to the agreement, ECF 82-7, if it is, in fact, still in force would render the County liable for their misdeeds of misappropriating the property regardless of what the County claims. The deeper this goes the worse it is for the County and the Plaintiff will not be punished for the 'sins of his father'. This is something that the State or the Federal Government can decide to navigate. There's no question this has happened to other properties in this County as well. |

**4.  Moving Party's Response:**

No genuine dispute.  Defendant's Exhibit 5 to MSJ, RJN#5, Tract No. 33128, recorded on December 21, 1987, Record #87-2026009 (Dkt. No. 82-6) ("RJN#5, Exhibit 5 Tract 33128") shows that on December 21, 1987, the County of Los Angeles approved the map of Tract No. 33128 and accepted the dedication from

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE   (213) 426-2000

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

| **Moving Party's Uncontroverted Facts and Supporting Evidence:** | **Opposing Party's Response to Cited Fact and Supporting Evidence:** |
|---|---|
| the prior landowners of the Subject Property for the "right to prohibit construction of residential and/or commercial structures within Lot 3 of Tract 33128." (*Id.* at 2, and 3-5.)<br><br>To the extent that Plaintiff has asserted new and different facts, the Court should disregard Plaintiff's nonresponsive language. To the extent the Court considers Plaintiff's additional facts, the cite to Exhibit P5/RJN at 1, 2, and 15 (Lot 17) (Dkt. No. 115-6) is to evidence that is <u>not admissible</u> because the document fails to meet the standards set forth in both Rule 901 and Rule 201. ***See* Defendant's Evidentiary Objection No. 5**<br><br>Further, Plaintiff's cited evidence concerns Lot 17 of Tract No. 32952 which is unrelated to the asserted fact. Plaintiff's cited evidence does not create a dispute to the fact that on December 21, 1987, the County of Los Angeles approved the map of Tract No. 33128 and accepted the dedication from the prior landowners of the Subject Property for the "right to prohibit construction of residential and/or commercial structures within Lot 3 of Tract 33128." | |
| 5. The dedication of the Subject Property, Lot 3 in Tract No. 33128, was pursuant to a subdivision and a development agreement dated November 29, 1984 between the prior landowners of the Subject Property and the County of Los | 5. Disputed.<br>*See* **Exhibit P5; RJN**; ECF No. 82-7, Exhibit 6 at 3-6<br>1. "The Board of Supervisors of the County approved Zone Change No. 81-039 for light industrial-, commercial-, and residential planned developments of the |

| Moving Party's Uncontroverted Facts and Supporting Evidence: | Opposing Party's Response to Cited Fact and Supporting Evidence: |
|---|---|
| Angeles. *Evidence*: RJN #5, Tract No. 33128, recorded on December 21, 1987, Record #87- 2026009, **Exhibit 5**; RJN, #6, Development Agreement, recorded on March 13, 1985, Record #85-277980, **Exhibit 6**. | Property. On March 24, 1983, the County Board of Supervisors approved Conditional Use Permit 2013 and Tentative Tracts 32952, 32964, and 33128 for said light industrial-, commercial-, and residential-planned. developments of the Property." 2. "The findings and conditions for Conditional Use Permit 2013 and Tentative Tracts 32952, 32953, 32954, 32960, 32964, 32988, and 33128 have been filed with the Board Clerk as an Appendix to this agreement and are incorporated herein by this reference." 3. "Tentative Tracts 32952 and 33128 and Conditional Use Permit No. 2013 provide for development of 58.6 acres of light industrial-, and commercial planned development and 15.0 acres for a Public Administrative Center." |

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence: | Opposing Party's Response to Cited Fact and Supporting Evidence: |
|---|---|
| | 4. "The light industrial-, commercial-, and residential development described above is referred to herein as the "Project"." *See* **Exhibit P5/RJN P5**. The terms of the "Partnership Grand Deed" are void and the Court should declare so. Unless "the burdens of this agreement shall be binding upon, and the benefits of this agreement shall inure to, all successors-in-interest to the parties to this agreement." ECF No 82-7 at 3. Thus, if the terms are not void, then the Plaintiff has the right to inspect the premises (LOT 17). "Inspection. Grantor may, from time to time, during business hours, enter in and inspect the property to ascertain compliance with the Restrictions." *See* ECF No. 82-7 at 31; **Exhibit P5/RJN**. |

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE   (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence: | Opposing Party's Response to Cited Fact and Supporting Evidence: |
|---|---|
| | If the development agreement is in fact still active, then the Plaintiff will seek the removal of the helicopter pad that is expressly prohibited by the development agreement. An agreement goes both ways, not just in the Government's favor. Plus, the vegetation on LOT 17 is not in compliance with quality, quantity, size, and type. In other words, the Defendant has inappropriate landscaping.<br><br>"No portion of the Property or any Improvement located thereon shall be used as a heliport for the landing and taking-off of helicopters or other flying devices" *See* ECF No. 82-7 at 29; **Exhibit P5/RJN**.<br><br>"The County further agrees to landscape Lot 17 in a manner which is compatible with the Project. Landscaping shall be, on average, of the same quality, quantity, size and type as is currently approved for the balance of the Project." See ECF No. |

Hurrell Cantrall LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence: | Opposing Party's Response to Cited Fact and Supporting Evidence: |
|---|---|
| | 82-7 at 7. |
| | "If, upon the expiration of thirty (30) days from the date of such Notice of Noncompliance, Grantee shall have failed to remedy such noncompliance, then Grantor may take whatever action is available to it at law or in equity to remedy such noncompliance; Grantee shall reimburse Grantor, upon demand, for all expenses incurred in connection therewith." *See* ECF No. 82-7 at 30. A reasonable man buyer will purchase land with an eye to not only its existing use but to other potential uses as well, fair market value takes into consideration the highest and most profitable use for which the property is adaptable and needed or likely to be needed in the reasonably near future to the full extent that the prospect of demand for such use affects the market value while the property is privately held. Thus, just compensation is not limited to the |

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE   (213) 426-2000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| **Moving Party's Uncontroverted Facts and Supporting Evidence:** | **Opposing Party's Response to Cited Fact and Supporting Evidence:** |
|---|---|
| | value of the property as presently used but includes any additional market value it may." *See* United States v. 320.0 Acres of Land 605 F.2d 762. (5th Cir. 1979). *See* ECF No. 1 at 6. |

**5.  Moving Party's Response:**

No genuine dispute.  *See* Dkt. No. 82-6 at 2, and 3-5 (RJN #5, Exhibit 5 Tract 33128); and Defendant's Exhibit 6 to MSJ, RJN#6, Development Agreement recorded on March 13, 1985 (Dkt. No. 82-7 at 2, 3-5) ("RJN#6, Exhibit 6 Development Agreement") which state that the restrictions are reflected in the tract maps: "In addition to the zoning classification, the following specific restrictions as reflected in the applicable findings and conditions of the conditional use permit and *tentative tract maps*, shall also govern the use of the Property" (emphasis added)  (*Id.* at 5.)

To the extent that Plaintiff has asserted new and different facts, the Court should disregard Plaintiff's nonresponsive language.  To the extent the Court considers Plaintiff's additional facts, the citation to Exhibit P5/RJN (Dkt. No. 115-6) is to evidence that is <u>not admissible</u> because the document fails to meet the standards set forth in both Rule 901 and Rule 201.  ***See* Defendant's Evidentiary Objection Nos. 5 and 13.**

Plaintiff has not presented any competent evidence to the undisputed material fact that "the dedication of the Subject Property, Lot 3 in Tract No. 33128, was pursuant

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

| **Moving Party's Uncontroverted Facts and Supporting Evidence:** | **Opposing Party's Response to Cited Fact and Supporting Evidence:** |
|---|---|
| to a subdivision and a development agreement dated November 29, 1984 between the prior landowners of the Subject Property and the County of Los Angeles." Plaintiff's claim of subsequent actions do not dispute that the original dedication was made pursuant to the development agreement.   Plaintiff's red herring arguments as to the original development agreement has no bearing on the undisputed fact that the dedication was made pursuant to the subdivision and development agreement. | |
| 6. On August 20, 2002, the County designated the Subject Property through APN 2064-005-011 as an open space through Ordinance No. 2002-0062Z. *Evidence*: RJN #2, Grant Deed dated 11/12/2020, recorded 12/18/2020, Record #20201688734, **Exhibit 2**; RJN #3, GIS-NET Public Results for 27250 Agoura Road dated October 16, 2023, **Exhibit 3**; RJN #9, Ordinance No. 2002-0062Z, Minutes of the Board of Supervisors of County of Los Angeles on August 20, 2002 approving Ordinance No. 2002-0062Z, **Exhibit 9**. | 6. Disputed. *See* **Exhibit P2; RJN**. *See* **Exhibit P3; RJN**. *See* **Exhibit P9; RJN** at 1-9; ECF No. 82-7 at 4 & 6. (Quoted) "The dedication of Lot 17 is a material consideration for the execution of this agreement." "County Board of Supervisors approved Conditional Use Permit 2013 and Tentative Tracts 32952, 32964, and **33128** *for said light industrial, commercial, and residential-planned developments of the Property*." (Emphasis added). |

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

| **Moving Party's Uncontroverted Facts and Supporting Evidence:** | **Opposing Party's Response to Cited Fact and Supporting Evidence:** |
|---|---|
| **6.  Moving Party's Response:**<br><br>No genuine dispute.  Defendant's citations support the asserted fact and Plaintiff's citations do not controvert the evidence that on August 20, 2002, the County designated the Subject Property through APN 2064-005-011 as an open space zone through Ordinance No. 2002-0062Z.  *See* Defendant's Exhibit 9 to MSJ, RJN#9, Ordinance No. 2002-0062Z, Minutes of the Board of Supervisors of County of Los Angeles (Dkt. No. 82-10) ("RJN#9, Exhibit 9 Ordinance No. 2002-0062Z Board Minutes.")<br><br>To the extent that Plaintiff has asserted new and different facts, the Court should disregard Plaintiff's nonresponsive language.  To the extent the Court considers Plaintiff's additional facts, the citation to Exhibits P2 (Dkt. No. 115-3), P3 (Dkt. No. 115-4), and P9 (Dkt. No. 115-10) is to evidence that is <u>not admissible</u> because each document fails to meet the standards set forth in both Rule 901 and Rule 201. ***See* Defendant's Evidentiary Objection Nos. 2, 3 and 9.** | |
| 7. An open space designation means that the development of premises on the Subject Property shall remain essentially unimproved and buildings, structures, grading excavation, fill or other alterations shall be prohibited except for the specified uses listed as permitted or conditionally permitted in | 7. Disputed.<br><br>*See* **Exhibit P10/RJN**; ECF No. 82-11 at 2. "Additionally, for any premises located within a significant ecological area such uses shall be subject to a Minor Conditional Use Permit (Chapter 22.160) application." *See* Los Angeles County, Cal., Code tit. 22, ch. 22.160, |

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE   (213) 426-2000

| **Moving Party's Uncontroverted Facts and Supporting Evidence:** | **Opposing Party's Response to Cited Fact and Supporting Evidence:** |
|---|---|
| Section 22.16.030.C.<br><br>*Evidence*: RJN #10, Open Space Zone, Los Angeles County Code Section 22.16.060, **Exhibit 10**. | §§ 22.160.010-22.160.080 (2019); Email from Joanne Bodenhamer, Planning and New Development Technician, Las Virgenes Municipal Water District, to Clinton Brown, regarding Conditional Statement Letter - APN: 2064-005-011 (Mar. 16, 2021); Conditional Statement of Water for Tract 53138-06, Las Virgenes Municipal Water District (Feb. 24, 2021) |

**7. Moving Party's Response:**

No material dispute.  Although Plaintiff adds an additional sentence regarding premises located within a significant ecological area being subject to a Minor Conditional Use Permit, there is no dispute that "open space designation" means that the development of premises on the Subject Property shall remain essentially unimproved and buildings, structures, grading excavation, fill or other alterations shall be prohibited except for the specified uses listed as permitted or conditionally permitted in Section 22.16.030.C.  *See* Defendant's Exhibit 10 to MSJ, RJN#10, Open Space Zone, Los Angeles County Code Section 22.16.060 (Dkt. No. 82-11) ("RJN#10, Exhibit 10 Open Space Zone LAC Code Section 22.16.060.")

To the extent that Plaintiff has asserted new and different facts, the Court should disregard Plaintiff's nonresponsive language.  To the extent the Court considers Plaintiff's additional facts, the citation to Exhibit P10 (Dkt. No. 115-11) is to

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE   (213) 426-2000

| **Moving Party's Uncontroverted Facts and Supporting Evidence:** | **Opposing Party's Response to Cited Fact and Supporting Evidence:** |
|---|---|
| evidence that is <u>not admissible</u> because the document fails to meet the standards set forth in both Rule 901 and Rule 201. ***See* Defendant's Evidentiary Objection No. 10.** | |
| 8. On November 12, 2020, at the time Plaintiff purchased the Subject Property, it was already designated as a Significant Ecological Area ("SEA"). Plaintiff could have determined the property's SEA status through a website maintained by Regional Planning, known as "GIS-NET Public." *Evidence*: RJN #3, GIS-NET Public Results for 27250 Agoura Road dated October 16, 2023, Exhibit 3; RJN #7, Los Angeles County Code Section 22.140.510.C.5.a, which prohibits installation of solar farms within SEA, accessed on October 16, 2023, **Exhibit 7**. | 8. Disputed. *See* **Exhibit P7/RJN** at 1-9 Title 22.140.510(C)(2)(c). "When preempted by regulation under the jurisdiction of the California Public Utilities Commission or preempted by other applicable law." (i.e. Federal law). There is a genuine dispute of material fact as to whether the County could deny the project if it was preempted by Federal law not to do so. *See generally* 16 U.S.0 § 824a-3; *See* Solar Energy Indus. Ass'n v. FERC, 59 F.4th 1287 (D.C. Cir. 2023) "At the outset, it should be noted that agencies have very broad discretion to decide whether to proceed by adjudication or rulemaking. The mere fact that an adjudication creates a precedent *that could harm a nonparty does not create the injury-in-fact* |

| **Moving Party's Uncontroverted Facts and Supporting Evidence:** | **Opposing Party's Response to Cited Fact and Supporting Evidence:** |
|---|---|
|  | *required for Article III standing*. Section 210 of PURPA was enacted with the goal of promoting the creation and use of alternative energy. The Federal Energy Regulatory Commission established that a qualified facility (QF) can sell power to a utility via a "legally enforceable obligation" (LEO), rather than under a contract. 18 C.F.R. § 292.304(d)(2). A LEO is a non-contractual, but binding commitment from a QF to sell power to a utility. The phrase is used to prevent an electric utility from avoiding its PURPA obligations by refusing to sign a contract, or from delaying the signing of a contract, so that a later and lower avoided cost is applicable. *Accordingly, the establishment of a LEO turns on the QF's commitment, and not the utility's actions, and when a QF commits itself to sell to an electric utility, it also commits the electric* |

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

| **Moving Party's Uncontroverted Facts and Supporting Evidence:** | **Opposing Party's Response to Cited Fact and Supporting Evidence:** |
|---|---|
| | *utility to buy from the QE.* Importantly, the date that a LEO is formed is the date that the QF has the right to have its avoided-cost rate determined. 18 C.F.R. § 292 .304(d)(2)(ii). |

**8.  Moving Party's Response:**

No genuine dispute.  Defendant's citations support the asserted fact and Plaintiff's citations do not controvert the evidence that on November 12, 2020, the day Subject Property was transferred, the Subject Property was already designated as a Significant Ecological Area ("SEA").  Instead of offering admissible evidence (or an affidavit based upon personal knowledge showing a disputed issue of fact) to dispute that the Subject Property was already designated an SEA on November 12, 2020, Plaintiff tries to dispute a different fact whether the County of Los Angeles "could deny the project if it was preempted by Federal law not to do so."

To the extent that Plaintiff has asserted new and different facts, the Court should disregard Plaintiff's nonresponsive language.  To the extent the Court considers Plaintiff's additional facts, the citation to Exhibit P7 (Dkt. No. 115-8) is to evidence that is <u>not admissible</u> because the document fails to meet the standards set forth in both Rule 901 and Rule 201.  ***See* Defendant's Evidentiary Objection Nos. 7 and 14.**   Of note, Exhibit P7 (ECF No. 115-8 at 3-4)  shows that ***<u>Atlas, LLC</u>*** and not <u>Clinton Brown as an individual</u> submitted a Pre-Application Report Request to Southern California Edison.

*/ / /*

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE   (213) 426-2000

| **Moving Party's Uncontroverted Facts and Supporting Evidence:** | **Opposing Party's Response to Cited Fact and Supporting Evidence:** |
|---|---|
| 9. The prohibition of installation of solar energy facilities within an SEA was first enacted in  Ordinance 2016-0069, which was adopted on December 13, 2016 and took effect on January 12, 2017 in Section 22.52.1605.E.1.<br>*Evidence*: RJN #8, Los Angeles County Code Section 22.52.1605.E.1 on June 25, 2018, which prohibits installation of solar farms within SEA, accessed on October 16, 2023, **Exhibit 8**. | 9. Disputed.<br><br>*See* **Exhibit P8/RJN** at 1-2<br><br>"Structure-mounted solar projects generally do not require review by Regional Planning. Consult with Building & Safety for details." The prohibition says nothing about *structure-mounted-utility scale facilities in SEA's*.<br>E. Prohibition. The following shall be prohibited: 1. Ground-mounted utility-scale solar energy facilities within adopted Significant Ecological Areas designated in the General Plan. *See* ECF 82-9 at 3. (highlighted) |

| **9.  Moving Party's Response:** |
|---|
| No genuine dispute.  Defendant's citations support the asserted fact and Plaintiff's citations do not controvert the evidence that the prohibition of installation of solar energy facilities within an SEA was first enacted in  Ordinance 2016-0069, which was adopted on December 13, 2016 and took effect on January 12, 2017 in Section 22.52.1605.E.1.  *See* Defendant's Exhibit 8 to MSJ, RJN#8, Los Angeles County Code Section 22.52.1605.E.1 on June 25, 2018, which prohibits  installation  of |

| **Moving Party's Uncontroverted Facts and Supporting Evidence:** | **Opposing Party's Response to Cited Fact and Supporting Evidence:** |
|---|---|

solar farms within SEA, accessed on October 16, 2023 (Dkt. No. 82-9) ("RJN#8, Exhibit 8 LAC Code Section 22.52.1605.E.1 on June 25, 2018.")

Plaintiff did not plead in Plaintiff's Complaint that his solar farm application was a structure-mounted-utility scale facility, instead only ground mounted utility scale solar facilities were mentioned in the Complaint.  Specifically, the Complaint states Plaintiff's solar farm project at 27250 Agoura Road was rejected because "***Ground mounted utility scale*** solar facilities are not permitted in Significant Ecological Areas as described in section 22.140.510(C)(5)(a)…" (emphasis added) (Plaintiff quoting the rejection letter received by Plaintiff from Defendant Clark Taylor, Regional Planner.) *(See* ECF No. 1 at 4:12-19.)  Ninth Circuit precedent holds that raising a claim on summary judgment that is not pled in the complaint is impermissible. "[W]here, as here, the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court." *Navajo Nation v. U.S. Forest Service,* 535 F.3d 1058, 1080 (9th Cir. 2008); *Wasco Prods., Inc. v. Southwall Techs., Inc.,* 435 F.3d 989, 992 (9th Cir. 2006) (same); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1291-92 (9th Cir. 2000) (same).

To the extent that Plaintiff has asserted new and different facts, the Court should disregard Plaintiff's nonresponsive language.  To the extent the Court considers Plaintiff's additional facts, the citation to Exhibit P8 (Dkt. No. 115-9) is to evidence that is <u>not admissible</u> because the document fails to meet the standards set forth in both Rule 901 and Rule 201.  ***See* Defendant's Evidentiary Objection Nos. 8 and 15.**

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE   (213) 426-2000

| **Moving Party's Uncontroverted Facts and Supporting Evidence:** | **Opposing Party's Response to Cited Fact and Supporting Evidence:** |
|---|---|
| 10. The Subject Property was transferred on November 12, 2020, on the date of the transfer, there was no cognizable property right to build a solar farm because of the open space zone designation of LOT 3 in TRACT NO. 33128 (Subject Property) which made development remain essentially unimproved and buildings and structures prohibited except for the specific uses that were permitted or conditionally permitted in the use regulations and the County retained discretion to grant or deny the benefit of building a residential and/or commercial structures on the Subject Property (LOT 3 in TRACT NO. 33128) per the 1987 recorded dedication.<br><br>*Evidence*: RJN #2, Grant Deed dated 11/12/2020, recorded | 10. Disputed.<br>*See* **Exhibit P2/RJN**.<br>*See* **Exhibit P5/RJN**.<br>*See* **Exhibit P9/RJN** at 33. The City of Calabasas has indicated plans upon annexation to convey APNs 2064-005-015 and 2064-005-011 to the Santa Monica Mountains Conservancy (SMMC)/Mountains Restoration and Conservation Authority (MRCA) for permanent open space preservation. This is a Taking. Indeed, Agoura Hills, Calabasas and the County are all Taking the property by diminishing its value, even though it's private property and only one local Government has jurisdiction.<br>*See* **Exhibit P10/RJN** |

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE   (213) 426-2000

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE   (213) 426-2000

| **Moving Party's Uncontroverted Facts and Supporting Evidence:** | **Opposing Party's Response to Cited Fact and Supporting Evidence:** |
|---|---|
| 12/18/2020, Record #20201688734, **Exhibit 2**; RJN #5, Tract No. 33128, recorded on December 21, 1987, Record #87-2026009, **Exhibit 5**; RJN #9, Ordinance No. 2002-0062Z, Minutes of the Board of Supervisors of County of Los Angeles on August 20, 2002 approving Ordinance No. 2002-0062Z, **Exhibit 9** RJN #10, Open Space Zone, Los Angeles County Code Section 22.16.060, **Exhibit 10**. | |

**10. Moving Party's Response:**

No genuine dispute.  Defendant's citations support the asserted fact and Plaintiff's citations do not controvert the evidence that the Subject Property was transferred on November 12, 2020, and that Plaintiff had no cognizable property right to build a solar farm on November 12, 2020.  *See Dkt. No. 82-3* RJN#2, Exhibit 2 Grant Deed; *Dkt. No. 82-6* RJN#5, Exhibit 5 Tract 33128; *Dkt. No. 82-10* RJN#9, Exhibit 9 Ordinance No. 2002-0062Z Board Minutes; and *Dkt. No. 82-11* RJN#10, Exhibit 10 Open Space Zone LAC Code Section 22.16.060.

To the extent that Plaintiff has asserted new and different facts, the Court should disregard Plaintiff's nonresponsive language.  To the extent the Court considers Plaintiff's additional facts, the citation to Exhibits P2 (Dkt. No. 115-3) , P5 (Dkt.

| Moving Party's Uncontroverted Facts and Supporting Evidence: | Opposing Party's Response to Cited Fact and Supporting Evidence: |
|---|---|
| No. 115-6) , P9 (Dkt. No. 115-10)  and P10 (Dkt. No. 115-11) is to evidence that is <u>not admissible</u> because each document fails to meet the standards set forth in both Rule 901 and Rule 201.  ***See* Defendant's Evidentiary Objection Nos. 2, 5, 9 and 10.**<br><br>Further, for Exhibit P9, Plaintiff cites to page 33, but Exhibit P9 only consists of 9 pages. | |
| 11.The Subject Property was transferred on November 12, 2020, on the date of the transfer, there was no cognizable property right to build a solar farm because the County of Los Angeles retained discretion to grant or deny the benefit of building a residential and/or commercial structures on the Subject Property (LOT 3 in TRACT NO. 33128) per the 1987 recorded dedication. *Evidence*: RJN #2, Grant Deed dated 11/12/2020, recorded 12/18/2020, Record #20201688734, **Exhibit 2**; RJN #5, Tract No. 33128, recorded on | 11. Disputed. *See* **Exhibits P1-P10**. Note: The Government's L.R. 56-1 Statement of Uncontroverted Facts seems hastily assembled and lacks thorough preparation. As a result, the Plaintiff was compelled to invest a frustratingly significant amount of effort in crafting a proper response to the Court, in accordance with L.R. 56-2. |

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence: | Opposing Party's Response to Cited Fact and Supporting Evidence: |
|---|---|
| December 21, 1987, Record #87-2026009, **Exhibit 5**. | |

**11. Moving Party's Response:**

No genuine dispute.  Defendant's citations support the asserted fact and Plaintiff's citations do not controvert the evidence that the Subject Property was transferred on November 12, 2020, and that Plaintiff had no cognizable property right to build a solar farm on November 12, 2020 because the County of Los Angeles retained discretion to grant or deny the benefit of building a residential and/or commercial structures on the Subject Property (LOT 3 in TRACT NO. 33128) per the 1987 recorded dedication. *See Dkt. No. 82-3* RJN#2, Exhibit 2 Grant Deed; and *Dkt. No. 82-6* RJN#5, Exhibit 5 Tract 33128.

To the extent that Plaintiff has asserted new and different facts, the Court should disregard Plaintiff's nonresponsive language.  To the extent the Court considers Plaintiff's additional facts, the documents cited in support Exhibits P1-P10 (Dkt. Nos. 115-2 to 115-11) is to evidence that is <u>not admissible</u> because each document fails to meet the standards set forth in both Rule 901 and Rule 201.  ***See Defendant's Evidentiary Objection Nos. 1-10.***

Plaintiff cites to all Exhibits P1-P10 to attempt to create a dispute of material fact. However, Plaintiff fails to pinpoint cite to any specific part of his Exhibits. In *Carmen v. San Francisco Unified School District*, 237 F.3d 1026 (9th Cir. 2000), the Court held that the non-moving party in a Motion for Summary Judgment under Federal Rule of Civil Procedure section 56(e) was required to: (1) set forth specific facts showing there is no genuine issue for trial; **and** (2) that the materials are on

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE   (213) 426-2000

| Moving Party's Uncontroverted Facts and Supporting Evidence: | Opposing Party's Response to Cited Fact and Supporting Evidence: |
|---|---|

file. The *Carmen* Court further stated:

> "Requiring the district court to search the entire record for a genuine issue of fact, even though the adverse party does not set it out in the opposition papers, is also profoundly unfair to the movant. The gist of a summary judgment motion is to require the adverse party to show that it has a claim or defense, and has evidence sufficient to allow a jury to find in its favor on that claim or defense. The opposition sets it out, and then the movant has a fair chance in its reply papers to show why the respondent's evidence fails to establish a genuine issue of material fact. **If the district court, or later this court, searches the whole record, in practical effect, the court becomes the lawyer for the respondent, performing the lawyer's duty of setting forth specific facts showing that there is a genuine issue for trial**. The movant is then denied a fair opportunity to address the matter in the reply papers. If given an opportunity, the movant might sometimes be able to show that the appearance of a genuine issue of fact was illusory." (emphasis added)

*Carmen v. San Francisco Unified School District*, 237 F.3d at 1031.

Plaintiff fails to provide any admissible evidence, fails to set forth what facts dispute the material facts set forth by Defendant in this uncontroverted material fact, and in attempt to fabricate a dispute, Plaintiff cites to all the documents he has submitted in hopes that the Court s act as his lawyer instead.

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE  (213) 426-2000

29

DATED:  January 17, 2024          HURRELL CANTRALL LLP


By:  _____/s/ Jonathan Fang_____
THOMAS C. HURRELL
JONATHAN FANG
Attorneys for Defendants, CLARK R.
TAYLOR, AICP, THE LOS ANGELES
COUNTY DEPARTMENT OF
REGIONAL PLANNING

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE   (213) 426-2000