DAWYN R. HARRISON, County Counsel
STARR COLEMAN, Assistant County Counsel
THOMAS R. PARKER, Senior Deputy County Counsel
(SBN 141835) • TParker@counsel.lacounty.gov
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-1834
Facsimile: (213) 613-4751

Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Jonathan Fang, State Bar No. 279106
E-Mail: jfang@hurrellcantrall.com
HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>Plaintiff,<br><br>v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>Defendants. | Case No. 2:22-cv-09203-MEMF-KS<br><br>**DEFENDANT'S EVIDENTIARY OBJECTIONS TO PLAINTIFF'S STATEMENT OF DISPUTED MATERIAL FACTS AND EXHIBITS; [PROPOSED] ORDER**<br><br>*Filed concurrently with:*<br>1) *Defendant's Reply ISO Motion for Summary Judgment; and*<br>2) *Defendant's Reply to Plaintiff's Statement of Disputed Material Facts*<br><br>Judge: Hon. Karen L. Stevenson<br><br>Assigned to:<br>Hon. Maame Ewusi-Mensah Frimpong<br>Courtroom "8B"<br><br>Magistrate Judge Karen L. Stevenson<br>Courtroom "580" |

## DEFENDANT'S EVIDENTIARY OBJECTIONS

| Evidence | Grounds for Objections |
|---|---|
| **Evidentiary Objection No. 1:**<br><br>Plaintiff's P1/RJN to Plaintiff's Statement of Genuine Disputes of Material Facts by Nonmoving Party. (Dkt. No. 115-2). | Federal Rule of Evidence ("FRE") 901, lacks foundation/authentication. Plaintiff's P1/RJN is not authenticated by any affidavits, declarations, or answers to discovery. Plaintiff's P1/RJN lacks foundation and is not authenticated.<br>FRE 201, P1/RJN is (1) not generally known within the Court's territorial jurisdiction and (2) can not be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.<br>FRE 1002, Best evidence rule.<br>FRE 1003. |
| **Evidentiary Objection No. 2:**<br><br>Plaintiff's P2/RJN to Plaintiff's Statement of Genuine Disputes of Material Facts by Nonmoving Party. (Dkt. No. 115-3). | FRE 901, lacks foundation/authentication. Plaintiff's P2/RJN is not authenticated by any affidavits, declarations, or answers to discovery. Plaintiff's P2/RJN lacks foundation and is not authenticated.<br>FRE 201, P2/RJN is (1) not generally known within the Court's territorial jurisdiction and (2) can not be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. |

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

| | | |
|---|---|---|
| 1 2 | | FRE 1002, Best evidence rule. <br> FRE 1003. |
| 3 4 5 6 7 8 9 10 11 12 13 14 15 | **Evidentiary Objection No. 3:** <br><br> **Plaintiff's P3/RJN to Plaintiff's Statement of Genuine Disputes of Material Facts by Nonmoving Party. (Dkt. No. 115-4).** | FRE 901, lacks foundation/authentication. Plaintiff's P3/RJN is not authenticated by any affidavits, declarations, or answers to discovery.  Plaintiff's P3/RJN lacks foundation and is not authenticated. <br> FRE 201, P3/RJN is (1) not generally known within the Court's territorial jurisdiction and (2) can not be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. <br> FRE 1002, Best evidence rule. <br> FRE 1003. |
| 16 17 18 19 20 21 22 23 24 25 26 27 | **Evidentiary Objection No. 4:** <br><br> **Plaintiff's P4/RJN to Plaintiff's Statement of Genuine Disputes of Material Facts by Nonmoving Party. (Dkt. No. 115-5).** | FRE 901, lacks foundation/authentication. Plaintiff's P4/RJN is not authenticated by any affidavits, declarations, or answers to discovery.  Plaintiff's P4/RJN lacks foundation and is not authenticated. <br> FRE 201, P4/RJN is (1) not generally known within the Court's territorial jurisdiction and (2) can not be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. <br> FRE 401/402, Irrelevant. |

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

3

| | | |
|---|---|---|
| 1 | | FRE 1002, Best evidence rule. |
| 2 | | FRE 1003. |
| 3 | **Evidentiary Objection No. 5:** | FRE 901, lacks foundation/authentication. Plaintiff's P5/RJN is not authenticated by any affidavits, declarations, or answers to discovery. Plaintiff's P5/RJN lacks foundation and is not authenticated. |
| 4 | | |
| 5 | **Plaintiff's P5/RJN to Plaintiff's Statement of Genuine Disputes of Material Facts by Nonmoving Party. (Dkt. No. 115-6).** | |
| 6 | | |
| 7 | | |
| 8 | | FRE 201, P5/RJN is (1) not generally known within the Court's territorial jurisdiction and (2) can not be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | FRE 401/402, Irrelevant. |
| 15 | | FRE 1002, Best evidence rule. |
| 16 | | FRE 1003. |
| 17 | **Evidentiary Objection No. 6:** | FRE 901, lacks foundation/authentication. Plaintiff's P6/RJN is not authenticated by any affidavits, declarations, or answers to discovery. Plaintiff's P6/RJN lacks foundation and is not authenticated. |
| 18 | | |
| 19 | **Plaintiff's P6/RJN to Plaintiff's Statement of Genuine Disputes of Material Facts by Nonmoving Party. (Dkt. No. 115-7).** | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | FRE 201, P6/RJN is (1) not generally known within the Court's territorial jurisdiction and (2) can not be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

| | | |
|---|---|---|
| | | FRE 401/402, Irrelevant. <br> FRE 1002, Best evidence rule. <br> FRE 1003. |
| | **Evidentiary Objection No. 7:** <br><br> **Plaintiff's P7/RJN to Plaintiff's Statement of Genuine Disputes of Material Facts by Nonmoving Party. (Dkt. No. 115-8).** | FRE 901, lacks foundation/authentication. Plaintiff's P7/RJN is not authenticated by any affidavits, declarations, or answers to discovery.  Plaintiff's P7/RJN lacks foundation and is not authenticated. <br> FRE 201, P7/RJN is (1) not generally known within the Court's territorial jurisdiction and (2) can not be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. <br> FRE 401/402, Irrelevant. <br> FRE 1002, Best evidence rule. <br> FRE 1003. |
| | **Evidentiary Objection No. 8:** <br><br> **Plaintiff's P8/RJN to Plaintiff's Statement of Genuine Disputes of Material Facts by Nonmoving Party. (Dkt. No. 115-9).** | FRE 901, lacks foundation/authentication. Plaintiff's P8/RJN is not authenticated by any affidavits, declarations, or answers to discovery.  Plaintiff's P8/RJN lacks foundation and is not authenticated. <br> FRE 201, P8/RJN is (1) not generally known within the Court's territorial jurisdiction and (2) can not be accurately and readily determined from sources whose accuracy cannot reasonably be |

| | | |
|---|---|---|
| | | questioned. |
| | | FRE 401/402, Irrelevant. |
| | | FRE 1002, Best evidence rule. |
| | | FRE 1003. |
| | **Evidentiary Objection No. 9:**<br><br>**Plaintiff's P9/RJN to Plaintiff's Statement of Genuine Disputes of Material Facts by Nonmoving Party. (Dkt. No. 115-10).** | FRE 901, lacks foundation/authentication. Plaintiff's P9/RJN is not authenticated by any affidavits, declarations, or answers to discovery.  Plaintiff's P9/RJN lacks foundation and is not authenticated.<br>FRE 201, P9/RJN is (1) not generally known within the Court's territorial jurisdiction and (2) can not be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.<br>FRE 401/402, Irrelevant.<br>FRE 1002, Best evidence rule.<br>FRE 1003. |
| | **Evidentiary Objection No. 10:**<br><br>**Plaintiff's P10/RJN to Plaintiff's Statement of Genuine Disputes of Material Facts by Nonmoving Party. (Dkt. No. 115-11).** | FRE 901, lacks foundation/authentication. Plaintiff's P10/RJN is not authenticated by any affidavits, declarations, or answers to discovery.  Plaintiff's P01/RJN lacks foundation and is not authenticated.<br>FRE 201, P10/RJN is (1) not generally known within the Court's territorial jurisdiction and (2) can not be accurately and readily determined from sources |

6

| | | |
|---|---|---|
| | | whose accuracy cannot reasonably be questioned. <br> FRE 1002, Best evidence rule. <br> FRE 1003. |
| | **Evidentiary Objection No. 11:** <br> "In any event, it is disputable whether the entity is a disregarded or partnership entity." <br> **Plaintiff's Response to Undisputed Material Fact No. 1 Cited Fact and Supporting Evidence. (Dkt. No. 115 at 3.)** | FRE 401/402, statement is vague, compound, lacks foundation misstates the evidence and is unsupported by the evidence. |
| | **Evidentiary Objection No. 12:** <br> "The Plaintiff has also 'pierced the corporate veil' which in all fairness and justice must be set aside to prevent fraud and ensure equity." <br> **Plaintiff's Response to Undisputed Material Fact No. 1 Cited Fact and Supporting Evidence. (Dkt. No. 115 at 3.)** | FRE 401/402, statement is vague, compound, lacks foundation misstates the evidence and is unsupported by the evidence. <br> FRE 701, speculation. <br> FRE 703, improper legal conclusion. Plaintiff did not plead in Plaintiff's Complaint that he is the alter ego of Atlas LLC and "Plaintiff has also pierced the corporate veil."  Plaintiff's claim to have "pierced the corporate veil" on himself is without foundation, not supported by competent evidence, and is wholly conclusory.  Plaintiff did not mention Atlas LLC in his complaint, nor that Atlas |

7

| | | |
|---|---|---|
| | | LLC was his Alter-Ego as he is attempting to allege now and that the corporate veil does not exist. Plaintiff has not alleged that he is a member of Atlas LLC either. Ninth Circuit precedent holds that raising a claim on summary judgment that is not pled in the complaint is impermissible. "[W]here, as here, the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court." *Navajo Nation v. U.S. Forest Service,* 535 F.3d 1058, 1080 (9th Cir. 2008); *Wasco Prods., Inc. v. Southwall Techs., Inc.,* 435 F.3d 989, 992 (9th Cir. 2006) (same); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1291-92 (9th Cir. 2000) (same). |
| | **Evidentiary Objection No. 13:** "The terms of the "Partnership Grand Deed" are void and the Court should declare so." **Plaintiff's Response to Undisputed Material Fact No. 5 Cited Fact and Supporting Evidence. (Dkt. No. 115 at 6.)** | FRE 401/402, statement is vague, compound, lacks foundation misstates the evidence and is unsupported by the evidence.<br>FRE 701, speculation.<br>FRE 703, improper legal conclusion. |

| | | |
|---|---|---|
| 1-9 | **Evidentiary Objection No. 14:** "There is a genuine dispute of material fact as to whether the County could deny the project if it was preempted by Federal law not to do so." **Plaintiff's Response to Undisputed Material Fact No. 8 Cited Fact and Supporting Evidence. (Dkt. No. 115 at 9.)** | FRE 401/402, statement is vague, compound, lacks foundation misstates the evidence and is unsupported by the evidence. FRE 701, speculation. FRE 703, improper legal conclusion. |
| 10-27 | **Evidentiary Objection No. 15:** "The prohibition says nothing about structure-mounted-utility scale facilities in SEA's." **Plaintiff's Response to Undisputed Material Fact No. 9 Cited Fact and Supporting Evidence. (Dkt. No. 115 at 11.)** | FRE 401/402, statement is vague, compound, lacks foundation misstates the evidence and is unsupported by the evidence. FRE 701, speculation. FRE 703, improper legal conclusion. Plaintiff did not plead in Plaintiff's Complaint that his solar farm application was a structure-mounted-utility scale facility, instead only ground mounted utility scale solar facilities were mentioned in the Complaint. Specifically, the Complaint states Plaintiff's solar farm project at 27250 Agoura Road was rejected because "***Ground mounted utility scale*** solar facilities are not permitted in Significant Ecological Areas as described in section 22.140.510(C)(5)(a)…" |

HURRELL CANTRALL LLP
725 S. FIGUEROA STREET, SUITE 3800
LOS ANGELES, CALIFORNIA 90017
TELEPHONE (213) 426-2000

9

|   |
|---|
| (emphasis added) (Plaintiff quoting the rejection letter received by Plaintiff from Defendant Clark Taylor, Regional Planner.) *(See* ECF No. 1 at 4:12-19.) Ninth Circuit precedent holds that raising a claim on summary judgment that is not pled in the complaint is impermissible. "[W]here, as here, the complaint does not include the necessary factual allegations to state a claim, raising such claim in a summary judgment motion is insufficient to present the claim to the district court." *Navajo Nation v. U.S. Forest Service,* 535 F.3d 1058, 1080 (9th Cir. 2008); *Wasco Prods., Inc. v. Southwall Techs., Inc.,* 435 F.3d 989, 992 (9th Cir. 2006) (same); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1291-92 (9th Cir. 2000) (same). |

DATED: January 17, 2024          HURRELL CANTRALL LLP


By:    */s/ Jonathan Fang*
          THOMAS C. HURRELL
          JONATHAN FANG
          Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING