UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 22-9203 MEMF (KS)                             Date: January 18, 2024

Title     *Clinton Brown v. Clark R. Taylor*

Present: The Honorable:   Karen L. Stevenson, Chief United States Magistrate Judge

|  Gay Roberson  |  N/A  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff: N/A          Attorneys Present for Defendant: N/A

**Proceedings: (IN CHAMBERS) MINUTE ORDER: (1) DENYING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE NO. 3 [DKT. NO. 114]; (2) DENYING DEFENDANT'S REQUEST TO STRIKE PLAINTIFF'S OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT [DKT. NO. 120]; AND (3) DENYING PLAINTIFF'S REQUESTS FOR ORAL ARGUMENT AND LEAVE TO FILE A SURREPLY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NOS. 122, 124]**

### I.    REQUEST FOR JUDICIAL NOTICE NO. 3 IS DENIED [DKT. NO. 114]

In Plaintiff's Request for Judicial Notice No. 3, he asks the Court to judicially notice a copy of a "Final Zoning Enforcement Order" dated December 14, 2023, addressed to Steve Tonasut and the Tonasut Family Trust, from the Los Angeles County Department of Regional Planning.  (Dkt. No. 114 at 3-5.)  Defendant has opposed this request and asks the Court to set a briefing schedule or strike the request as procedurally improper.  (Dkt. No. 120 at 2.)  The Court finds further briefing unnecessary.

"The court may judicially notice a fact that is not subject to reasonable dispute because it: [¶] (1) is generally known within the trial court's territorial jurisdiction; or [¶] (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Furthermore, "[c]ourts do not take judicial notice of documents, they take judicial notice of facts.  The existence of a document could be such a fact, but only if the other requirements

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-9203 MEMF (KS)                                              Date: January 18, 2024

Title     *Clinton Brown v. Clark R. Taylor*

of Rule 201 are met." *Cruz v. Specialized Loan Servicing, LLC*, No. SACV 22-01610-CJC (JDEx), 2022 WL 18228277, at *2 (C.D. Cal. Oct. 14, 2022) (citation omitted).

Here, Plaintiff proffers a private correspondence between two entities – one not a party to this case – as rebuttal evidence to Defendant's assertion (made in a previously-resolved motion to compel) that Plaintiff "had no reasonable investor-backed expectations of 27250 Agoura Road as the restrictions against solar farms (and residential structures) were known to him and existed prior to Atlas LLC's purchase of the subject property." (Dkt. No. 82 at 20; Dkt. No. 91 at 4-5; Dkt. No. 114 at 1.)

The Court finds that the Final Zoning Enforcement Order at issue is a private communication, and both the fact of its existence and its contents are not generally known within this Court's territorial jurisdiction. *Cruz*, 2022 WL 18228277 at *3 (correspondence between mortgage servicing company and individual plaintiffs was ruled to be not generally known within the court's territorial jurisdiction). Additionally, any notice – as well as the timing thereof – provided to Plaintiff concerning development restrictions on the subject property remains a disputed fact in this case, and it is unclear how the Final Zoning Enforcement Order conclusively resolves or even addresses that issue. *Id.* at *2.

Based upon the foregoing, Plaintiff's Request for Judicial Notice No. 3 is DENIED. Fed. R. Evid. 201(b).

II.     **DEFENDANT'S REQUEST TO STRIKE THE OPPOSITION IS DENIED [DKT. NO. 120]**

On October 18, 2023, Defendant filed a Motion for Summary Judgment ("MSJ"), which is pending. (Dkt. No. 82.) On October 19, 2023, the Court issued a Minute Order vacating the noticed hearing on the MSJ and setting a briefing schedule. (Dkt. No. 83.) Pursuant to that schedule, Plaintiff's Opposition to the MSJ was due on or before November 20, 2023, and Defendant was ordered to file and serve a reply within 21 days of receipt of the Opposition. (*Id.* at 1.) Plaintiff filed his Opposition more than a month after the deadline to do so, on December 27, 2023. (Dkt. No. 118.) Defendant filed a timely Reply on January 17, 2024,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-9203 MEMF (KS)                                              Date: January 18, 2024

Title    _Clinton Brown v. Clark R. Taylor_


Defendant requests that the Court strike the Opposition because it was untimely filed, and because it attaches exhibits that lack foundation and are unauthenticated, and which are not facts of which this Court may take judicial notice. (Dkt. No. 120 at 3-5.) Defendant's Request is DENIED. The issues raised in Defendant's request to strike the MSJ are – and now, it appears, have been – more properly made in the Reply filed in compliance with the Court's briefing schedule. Therefore, the Court will consider them in ruling on the MSJ. Accordingly, the Court declines to strike Plaintiff's Opposition to the MSJ.

### III.    PLAINTIFF'S REQUESTS FOR ORAL ARGUMENT ON THE MSJ AND TO FILE A SURREPLY ARE DENIED [DKT. NOS. 122, 124]

Plaintiff requests that the Court set a hearing date for oral arguments on the MSJ so that Defendant can be given a proper timetable to file the Reply. (Dkt. No. 122.) However, the Court already vacated the noticed hearing and issued a briefing schedule governing the deadline for filing a reply, and Defendant has now filed a timely Reply in compliance with the Court's briefing schedule. (Dkt. Nos. 83, 123.)

If the Court determines that oral argument would be helpful to resolving the MSJ, the Court may exercise its discretion to order a hearing. _See_ Fed. R. Civ. P. 78 ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); _see also_ C.D. Cal. L.R. 7-15 ("The Court may dispense with oral argument on any motion except where an oral hearing is required by statute, the F.R.Civ.P. or these Local Rules."); _Garibay v. Rodriguez_, No. CV 18-09187 PA (AFMx), 2019 WL 8060795, at *1 (C.D. Cal. Dec. 19, 2019) (finding a motion for summary judgment "appropriate for decision without oral argument" pursuant to Federal Rule of Civil procedure 78 and Local Rule 7-15).

\\
\\
\\
\\
\\
\\
\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-9203 MEMF (KS)                                    Date: January 18, 2024

Title        *Clinton Brown v. Clark R. Taylor*

    Defendant's Reply in support of the MSJ having now been filed and the matter is fully briefed. Nevertheless, Plaintiff requests leave to file a surreply. (Dkt. No. 124.) Plaintiff has not shown any reason why a surreply is necessary. Accordingly, Plaintiff's request is DENIED. C.D. Cal. L.R. 7-10 ("Absent prior written order of the Court, the opposing party *shall not* file a response to the reply." (emphasis added)).

    Briefing on the MSJ is now complete and the Court takes the matter under submission.

    **IT IS SO ORDERED.**

 

**Initials of Preparer**     gr