Clinton Brown, Self-Represented
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLINTON BROWN,<br><br>             Plaintiff,<br><br>        vs.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>             Defendant. | **Case No**. 2:22-cv-09203-MEMF-KS<br><br>**Fed. R. Evid. 706(c)(1) Motion**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Magistrate:** Karen L. Stevenson<br><br>**Action Filed:** 12/17/2022<br><br>**Action Due:** 01/13/2023 |

## FED R. EVID. 706(c)(1) MOTION

**NOTICE TO THE COURT**, on a party's motion, the Court may order the parties to show cause why expert witness[es] should not be appointed [or] may ask the parties to submit nominations. *See* Fed R. Evid. 706(c)(1)[1]. The special provision for a Fifth Amendment Just Compensation case is designed to guard against reducing Constitutionally guaranteed Just Compensation by requiring the recipient [of the Property] to pay costs. The provision also ensures that the value of the property in question is determined at the time of the Taking, plus interest. Thus, the expert is entitled to a reasonable compensation, as set by the Court. The compensation is payable as follows…in a civil case involving Just Compensation under the Fifth Amendment, from any funds that are provided by law. *United States ex rel. TVA v. 109 Acres of Land*, 404 F. Supp. 1392 (E.D. Tenn. 1975). (mem)[2] In other words, determining the value of the property by a neutral fact finder [allows] the parties to work toward resolution of pretrial motions. *Infra*.

---

[1] *See also* 13 Moore's Federal Practice, Ch. 71.1, Condemning Real or Personal Property (Matthew Bender 3d ed.) (discussing analogous situation in the context of Rule 54(d)); *cf.* Committee of Department of Justice, Report 32 (1970) (proposed making Rule 706 inapplicable in Just Compensation cases on ground that it would convert condemnation cases into compulsory arbitrations)

[2] After Federal Rule of Evidence 706 became effective [in 1975], the court directed the clerk of court to tax the amounts allowed for the expert witness as costs against the Administrative Office of the U.S. Courts. *See also*, United States,

## Legal Standard

Invocation of Fed. R. Evid. 706 powers is especially appropriate to protect . . . *the public interest*. (emphasis added). In such cases, many courts rightly assume there is a heightened judicial duty to see that the abuses and inadequacies of the adversaries should not be permitted to obscure the truth. *See* 29 Charles Alan Wright et al., Federal Practice and Procedure (Wright) § 6302 (2d ed. Sept. 2018 Update). Ultimately, the most important question a court must consider when deciding whether to appoint a neutral expert witness is whether doing so will promote accurate fact-finding. *Gorton v. Todd*, 793 F.Supp.2d 1171, 1179 (E.D. Cal. 2011)[3]; *see also* Wright § 6304 ("The policy goal of Rule 706 is to promote accurate fact-finding."); *G.K. Las Vegas Ltd. Partnership v. Simon Property Group, Inc.*, 671 F. Supp. 2d 1203, 1209 (D. Nev. 2009) (appointing independent expert under Fed. R. Evid. 706 to "uncover and collect evidence . . . toward resolution of pretrial motions" and to submit final report to parties).

The Appellate Court reviews a District Court's refusal to appoint an expert for abuse of discretion. *Scott v. Spanjer Bros., Inc.*, 298 F.2d 928 (2d Cir. 1962); *Sink*, The Unused Power of a Federal Judge to Call His Own Expert Witnesses, 29 S.Cal.L.Rev. 195 (1956); 2 Wigmor*e* § 563, 9 *Id*. § 2484; Annot., 95 A.L.R. 2d 383 *See also*, Title 28 Appendix, Rules of Evidence, Rule 706, Notes of Advisory Committee on Proposed Rules, at 398.

## Discussion

Fed. R. Evid. Rule 102 mandates [from *Congress*] that, "[t]hese rules should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination." Rule 706(c) allows just that, in a civil case involving Just Compensation under the

---

Federal Rules of Evidence for United States Courts and Magistrates, as amended to April 30, 1984, St. Paul, Minn.: West Pub. Co., 1984 at 97 & 98 (https://archive.org/details/federalrulesofev0000unit_h5d0/page/96/mode/2up)

[3] "We note that under the *Celotex* standard, one might argue that summary judgment may be granted without this proof in light of the fact that Plaintiff bears the burden of proof on this issue at trial. *See* Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). However, we believe it would be incongruous to deny the nonmoving party the ability to present the necessary proof to withstand a motion for summary judgment-as the district court did here by denying the Rule 706 motion-and then grant summary judgment against the nonmoving party simply because the nonmoving party has failed to come forward with such proof."

Fifth Amendment. *In other words*, a neutral third party can assess the value of the property, at the time of the alleged Taking date, plus interest therefrom, calculated in accord with 40 U.S.C. § 3116(a)(2). This Court *must* decide whether the value of the Property is determined *at trial* or whether a Court-appointed neutral third party determines the Property value *before trial*. A Court-appointed third-party appraiser is more in accord with Congress' Rule 102 mandate.[4] *One way or another*.[5] (Emphasis added).

## Conclusion

**THEREFORE**, the Plaintiff requests that the Court **GRANT** the appointment of a court-appointed appraiser and that the Parties can submit nominations. The parties will work in good faith to submit the same nomination[s], so all parties can know the true value of the Property in dispute.

"This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 18, 2024."

Dated: January 24, 2024                                  */s/ Clinton Brown*, Self-Represented
                                                         16821 Edgar Street,
                                                         Pacific Palisades, CA 90272
                                                         clinton@atlasinc.solar
                                                         310-487-6453

CC: All Counsel of Record (via ECF) on January 24, 2024

---

[4] Rule 706(e) 'does not limit a party in calling its own expert witness' either before or during trial and provision (d) allows the Court to disclose that the neutral valuation expert was appointed by the Court, with or without consent and agreement of the parties. In this motion and as stated at the meet and confer on 1/18/2024 the Government's objection to the motion is the timing (i.e. before a Constitutional violation has been decided as a matter of law). However, if indeed that is a function of the jury, which the Plaintiff contends that it is, then an expert should be appointed prior and not after that determination, especially in this case where the alleged Just Compensation totals over thirty-four (34) million dollars, sans over three (3) million dollars in interest from the date of the Taking on October 11, 2021. Granting this motion aligns with 706's focus on *the public interest*. Since the public collectively bears the cost of Just Compensation for Constitutional violations by Government actors, it's unfair to impose unnecessary burdens on any party, especially the folks who will ultimately pay for the Constitutional violation (i.e. *the public*). Appointing a neutral expert ensures prompt agreement on Just Compensation if a Taking is confirmed by a jury or acknowledged by the defendant. If no Taking is found, the Court could require the Plaintiff to cover the expert's fees. *Supra*.

[5] The special provision for Fifth Amendment compensation cases is designed to guard against reducing Constitutionally guaranteed Just Compensation by requiring the recipient to pay costs. *See* Rule 706, Committee Advisory Notes, at 399.