UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HONORABLE MAAME EWUSI-MENSAH FRIMPONG, JUDGE PRESIDING

CLINTON BROWN,                          )
                                        )
                                        )
                                        )
                    Plaintiff,          )
                                        )
                                        )
                                        )
        Vs.                             )    No. CV22-02972-MEMF
                                        )
                                        )
                                        )
CLARK R. TAYLOR,                        )
                                        )
                                        )
                                        )
                    Defendant.          )
                                        )
_____        )


REPORTER'S TRANSCRIPT OF VIDEOCONFERENCE PROCEEDINGS

VIA ZOOM

LOS ANGELES, CALIFORNIA

WEDNESDAY, DECEMBER 6, 2023


MIRIAM V. BAIRD, CSR 11893, CCRA
OFFICIAL U.S. DISTRICT COURT REPORTER
350 WEST FIRST STREET, FOURTH FLOOR
LOS ANGELES, CALIFORNIA 90012
MVB11893@aol.com

**A P P E A R A N C E S**

**IN BEHALF OF THE PLAINTIFF,**      CLINTON BROWN
**CLINTON BROWN:**                   IN PRO SE
                                     16821 EDGAR STREET
                                     PACIFIC PALISADES, CA 90272

**IN BEHALF OF THE DEFENDANT,**      JONATHAN FANG
**CLARK R. TAYLOR:**                 HURRELL CANTRALL LLP
                                     725 SOUTH FIGUEROA STREET
                                     SUITE 3800
                                     LOS ANGELES, CA 90012

UNITED STATES DISTRICT COURT

LOS ANGELES, CALIFORNIA; WEDNESDAY, DECEMBER 6, 2023; 8:55 A.M.

THE CLERK:  Calling item one, LACV22-9203, Clinton Brown versus Clark R. Taylor.

Counsel, please state your appearance for the record.

MR. BROWN:  Clinton Brown for plaintiff.

MR. FANG:  Good morning, Your Honor.  John Fang on behalf of defendant.

THE COURT:  Good morning to both of you.  How are you today?

Mr. Fang, we're having a little bit of difficulty hearing you.  It's very faint.  I don't know if it your microphone or our volume.

MR. FANG:  I'll try to speak louder.

THE COURT:  That's a little bit better.  Wonderful.

Well, I do want to thank you both for jumping on this status conference.  I thought it would be helpful because it seems like the Court introduced some confusion and attempted to clarify it, and it seems like it's still not clear.  So I wanted to explain where I see things, and then if the parties need to be heard, they can be heard.

So, as I understand it, Mr. Brown sent an e-mail to

my clerk back in -- I want to say October -- October 19th indicating that the motion for summary judgment that had been filed with the magistrate judge should have been filed with me -- with the district judge.

Originally, the clerk responded that Mr. Brown needed to file his objections on the record.  Then shortly thereafter, I asked the clerk to send an e-mail saying that it was not necessary to file the objections on the record; that we would handle it will.  I misread the rule and believed that the motion should have been filed with us, which sometimes happens that people file a motion with the magistrate judge that should be filed with us.  So I instructed the clerk to let Mr. Brown know that we would handle it and we would have it transferred back to us.

Sometime after that, I realized that I had been wrong in my reading of the rule.  Motion for summary judgment in a case like this where the plaintiff is self-represented, and this is a civil rights matter, that does go to the magistrate judge for report and recommendation first before it comes to me.  So we drafted a minute order to clarify that the original information we had given was incorrect, and that the magistrate judge was the proper person to hear the motion for summary judgment in the first instance.

There was -- something happened when I approved the order towards the beginning of November.  It never got

issued.  We didn't realize it didn't get issued until we received an additional communication from Mr. Brown.  Then we issued the order that is found at ECF98, explaining the entire the chronology of events, as I indicated, clarifying that the magistrate judge was the proper person to hear the motion in the first instance.

I'm not sure if because the way the docketing happens that hit the docket after -- after it was supposed to or what, but we received this most recent filing from Mr. Brown where it appears that, Mr. Brown, that you're still of the view that the motion for summary judgment is to be heard by the district judge in the first instance.

Then I noted that -- and I'm assuming because of the lack of clarity around that, that's why you have not complied with -- apparently, you have not complied with the magistrate judge's order regarding the briefing.  She's now issued an order to show cause because no opposition has been filed.

So that's my understanding.  I do thank the parties with your patience with the Court.

Mr. Brown, I'm happy to answer any questions that you have if you're still not clear about what is to happen from this point on.

MR. BROWN:  Yes.  So, Your Honor, I -- I believe that -- that the original decision that you had made in the

chambers e-mail, which we were all on, is the correct decision.  Prior to filing the motion for summary judgment, the defendant and I did have a conference.  Honestly, I just did not -- I didn't believe that it would be filed with the magistrate judge because of the, you know, 636(b)(c)(1), which is Congress -- you know, consent -- upon consent.  Upon consent.

If you read the latest magistrate judge order, it does say 636(a)(1), you can, you know -- obviously, the judge can say hey, can you do the hearing.  B is more about like the procedure.  Then C is, is there consent.

With this, I think it's really important for the procedural because I relied on that initial ruling and when the appeal process -- if that were to happen, there's different appeal processes.  When Congress passed the 1996 Act, they took out the -- the Judicial Improvement Act, they took out some of that -- well, from the -- from the magistrate judge appeal to the district judge, it says, well, you can go to the Appeals Court.

Well, you know, these Bivens cases, 1983 cases, I mean, a lot of them are criminal cases.  You have a right to appeal a criminal case.  Civil case is -- you know, obviously a little different.

So the concern here is that the procedures that are -- that are followed by the magistrate judge and then the

procedures that are followed by district judge are two different things.  What we want to do is be able to submit and be able to -- you know, defend -- you know, prosecute the case that we can.  In addition to that, the -- there's still a ruling that has not been held on the motion to compel.  So that -- you know, it's kind of like cart before the horse.

So my understanding is that it's on -- on both sides -- especially in 636(c)(1), is that Congress said -- it's in there twice -- upon consent of the parties.  Upon consent of the parties.  I have no problem with the magistrate judge.  The issue here is the type of case this is.

Under Nick, this is the only way under Section 1983, that a person can file a constitutional claim against the government for their taking a municipality.  Now there, is a footnote in Nick.  It's note five.  It says 1331.  That is also in my complaint.  So -- you know, it appears to me that if -- this is where I'm really -- my concern is, you know, if I were to hire counsel, which I don't think that they would be competent as I am because I'm so far in this case, then -- on page 8 of the General Order 0507, that would -- I would get -- basically, it would vacate that decision by the magistrate judge.  Then I go back to the district judge.

Then, you know, then if the district judge --

excuse me, the magistrate judge, as in her current ruling on show cause, you know, to comply with that, which, you know, obviously, I don't want to, that then it would be thrown out. Then it would go back to you, but I had it amended --

So it's a wheel is what it is.  My concern is that -- that -- at the conference, you know, and this -- you know, I never imagined that it would be filed with the magistrate judge.  So that's my position on that.  When I relied on that e-mail for the -- all parties that are involved.  That's -- that's where I -- I believe that Congress said that, you know, the consent of all parties.

I have not given my consent to that.

THE COURT:  Okay.  Have you had a chance to look at the most recent order that was issued by the magistrate judge, the order to show cause?

MR. BROWN:  Yes, Your Honor.

MR. FANG:  Yes.

THE COURT:  And you see in the footnote how she explains the referral process --

MR. BROWN:  Uh-huh --

THE COURT:  -- for report and recommendation?

I guess, what I'm not -- what I'm still not clear about -- I hear what you're saying about consent.  As I tried to explain in my minute order, this matter is referred to her not for an ultimate decision, but for report and

recommendation, which is is something we commonly do.  She will hear from the parties.  She'll have briefing from the parties.  She'll issue a report and recommendation.

I can adopt the report and recommendation.  I can reject the report and recommendation.  I can adopt it in part and reject it in part.  So, ultimately, the decision on the motion will be made by me, but after the parties go through the process with her and she provides me with the report and recommendation.

So there is not a circumstance under which the magistrate judge is making the ultimate decision without the parties' consent.  So I'm not sure if that was not clear to you, or if you have questions about how the reporting and recommendation process works?

MR. BROWN:  Your Honor, it's still not clear.  The reason it's not clear is that the -- the -- I -- I -- I get what the shall be referred to the magistrate judge, which is docket Number 3.  There's been cases that -- it's -- it's recently the Third Circuit that, you know, the -- that the -- the magistrate judge has different powers, you know, involuntarily dismissal, something like that, you can't do.  IFP, maybe they can do.

My concern is this:  Is the reliance on Court's order and then we go back to the General Order 0507, which there's two ways to look at that.  Like I said, if you hire

counsel, then it goes to magistrate judge to you.  If I do not comply with ECF Number 101, then it would go -- if I was not able to amend it, it would go to you, back to the district judge.

So there's two things here.  And in addition to that, the -- this is not a prisoner case.  The Section 1983 is, like I said, one of those that under the Fifth Amendment, that's the only way that in a municipality we can do that.  We don't have the Tucker Act, because it's not a federal taking.

So I would ask the Court that in -- in light of those circumstances, that -- that we're able to submit -- that, you know, we could start with a fresh plate where everyone could comply with one set of rules.  One set of standards.  I think that should be heard by the district judge.  It should be able to be -- if that fact could be -- could be appealed, then it really sets both parties up to where there's more of an expedient process, because --

THE COURT:  Understood.  Understood.

I appreciate that that is your preference.  That's not what is going to happen.

MR. BROWN:  Okay.

THE COURT:  I had this hearing for the sake of answering any questions that you have.  It seems like you don't have questions.  You disagree with the Court's reading

of the statute, and you believe that what the Court indicated that the magistrate judge should not hear the motion is correct.  That's fair.  I believe you're incorrect.  I made that clear in the minute order.  If you do have questions for me, I'm happy to answer them.  If not, I will stand on the prior ruling.  I'll issue an order today that reiterates that it is the magistrate judge that is to hear this motion in the first instance, and that you will need to comply with her orders.

Any other -- any questions or anything else that I can clear up, understanding that you reserve your objection to the Court's reading of the statute?

MR. BROWN:  Well, my question is -- I mean, must means must, right?

THE COURT:  I think there may be a little bit of a lack of understanding regarding the consent process.  Consent is not required for the magistrate judge -- for me to refer something to the magistrate judge for report and recommendation.

So if that's what your question is about must, the Court is in compliance with the consent requirement.

Anything else?

MR. BROWN:  Well, I --

THE COURT:  Mr. Brown, anything else?  What did you say?

12

MR. BROWN:  I said, well, I mean, it -- we'll have to -- we'll have to -- we'll just have to go forward with that.  I would ask the Court that, you know, in the future -- and I understand that, you know, we were all in the chambers.  It wasn't like it was ex parte communication.  I understand that.  I appreciate the response from the letter motion.

The -- the -- it's -- you know, it's -- it's still for me, at least -- I'm sure -- you know, it just doesn't -- doesn't sit right, but we'll move forward with it.  You know, you ordered it.  So we'll do it.

THE COURT:  Okay.  Wonderful.

Mr. Fang, anything from you?

MR. FANG:  Nothing, Your Honor.  We agree with what you said, Your Honor.

THE COURT:  Wonderful.  So I will issue an order today explaining what we indicated today, and I will reiterate to you now and in the order that, Mr. Brown, you will need to comply with the orders of the magistrate judge, including the order to show cause that she issued.  We will go from there.  After her report and recommendation is issued, I may see the parties again at that point if it's appropriate and if it's necessary.

Have a wonderful day.  Happy Holidays to both of you.

MR. FANG:  Happy Holidays.  Thank you for your

time.

THE CLERK:  Court is adjourned.  Thank you.

(Proceedings concluded at 9:11 a.m.)

CERTIFICATE

I HEREBY CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT

TRANSCRIPT OF THE STENOGRAPHICALLY RECORDED PROCEEDINGS IN

THE ABOVE MATTER.

FEES CHARGED FOR THIS TRANSCRIPT, LESS ANY CIRCUIT FEE

REDUCTION AND/OR DEPOSIT, ARE IN CONFORMANCE WITH THE

REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.


/s/ Miriam V. Baird                02/02/2024

MIRIAM V. BAIRD                          DATE
OFFICIAL REPORTER

UNITED STATES DISTRICT COURT

| / | | | |
|---|---|---|---|

**/s** [1] - 13:12

**0**

**02/02/2024** [1] - 13:12
**0507** [2] - 7:21, 9:24

**1**

**101** [1] - 10:2
**11893** [1] - 1:23
**1331** [1] - 7:16
**16821** [1] - 2:4
**1983** [3] - 6:20, 7:14, 10:6
**1996** [1] - 6:15
**19th** [1] - 4:1

**2**

**2023** [2] - 1:19, 3:1

**3**

**3** [1] - 9:18
**350** [1] - 1:24
**3800** [1] - 2:9

**6**

**6** [2] - 1:19, 3:1
**636(a)(1** [1] - 6:9
**636(b)(c)(1** [1] - 6:5
**636(c)(1** [1] - 7:8

**7**

**725** [1] - 2:9

**8**

**8** [1] - 7:21
**8:55** [1] - 3:1

**9**

**90012** [2] - 1:24, 2:10
**90272** [1] - 2:4
**9:11** [1] - 13:3

**A**

**A.M** [1] - 3:2
**a.m** [1] - 13:3
**able** [5] - 7:2, 7:3, 10:3, 10:12, 10:16
**ABOVE** [1] - 13:7
**Act** [3] - 6:16, 10:9
**addition** [2] - 7:4, 10:5
**additional** [1] - 5:2

**adjourned** [1] - 13:2
**adopt** [2] - 9:4, 9:5
**agree** [1] - 12:13
**amend** [1] - 10:3
**amended** [1] - 8:4
**Amendment** [1] - 10:7
**AND** [1] - 13:5
**AND/OR** [1] - 13:9
**ANGELES** [4] - 1:18, 1:24, 2:10, 3:1
**answer** [2] - 5:21, 11:5
**answering** [1] - 10:24
**ANY** [1] - 13:8
**appeal** [4] - 6:14, 6:15, 6:18, 6:22
**appealed** [1] - 10:17
**Appeals** [1] - 6:19
**appearance** [1] - 3:7
**appreciate** [2] - 10:20, 12:6
**appropriate** [1] - 12:22
**approved** [1] - 4:24
**ARE** [1] - 13:9
**assuming** [1] - 5:13
**attempted** [1] - 3:22

**B**

**BAIRD** [2] - 1:23, 13:13
**Baird** [1] - 13:12
**beginning** [1] - 4:25
**behalf** [1] - 3:11
**BEHALF** [2] - 2:3, 2:8
**better** [1] - 3:18
**bit** [3] - 3:14, 3:18, 11:15
**Bivens** [1] - 6:20
**briefing** [2] - 5:16, 9:2
**Brown** [3] - 3:6, 3:9, 11:24
**BROWN** [12] - 1:4, 2:3, 2:3, 3:9, 5:24, 8:16, 8:20, 9:15, 10:22, 11:13, 11:23, 12:1
**brown** [8] - 3:25, 4:5, 4:13, 5:2, 5:10, 5:21, 12:17

**C**

**CA** [2] - 2:4, 2:10
**CALIFORNIA** [4] - 1:2, 1:18, 1:24, 3:1
**CANTRALL** [1] - 2:8
**cart** [1] - 7:6
**case** [7] - 4:17, 6:22, 7:4, 7:11, 7:21, 10:6
**cases** [4] - 6:20, 6:21, 9:18
**CCRA** [1] - 1:23
**CENTRAL** [1] - 1:2
**CERTIFICATE** [1] - 13:4
**CERTIFY** [1] - 13:5
**chambers** [2] - 6:1, 12:4
**chance** [1] - 8:13

**CHARGED** [1] - 13:8
**chronology** [1] - 5:4
**CIRCUIT** [1] - 13:8
**Circuit** [1] - 9:19
**circumstance** [1] - 9:10
**circumstances** [1] - 10:12
**civil** [2] - 4:18, 6:22
**claim** [1] - 7:14
**clarify** [2] - 3:22, 4:20
**clarifying** [1] - 5:4
**clarity** [1] - 5:14
**Clark** [1] - 3:6
**CLARK** [2] - 1:10, 2:8
**clear** [8] - 3:23, 5:22, 8:22, 9:12, 9:15, 9:16, 11:4, 11:11
**clerk** [4] - 4:1, 4:5, 4:7, 4:13
**CLERK** [2] - 3:5, 13:2
**CLINTON** [3] - 1:4, 2:3, 2:3
**Clinton** [2] - 3:5, 3:9
**commonly** [1] - 9:1
**communication** [2] - 5:2, 12:5
**compel** [1] - 7:5
**competent** [1] - 7:20
**complaint** [1] - 7:17
**compliance** [1] - 11:21
**complied** [2] - 5:15
**comply** [5] - 8:2, 10:2, 10:14, 11:8, 12:18
**concern** [4] - 6:24, 7:18, 8:5, 9:23
**concluded** [1] - 13:3
**conference** [3] - 3:20, 6:3, 8:6
**CONFERENCE** [1] - 13:10
**CONFORMANCE** [1] - 13:9
**confusion** [1] - 3:21
**Congress** [4] - 6:6, 6:15, 7:8, 8:11
**consent** [13] - 6:6, 6:7, 6:11, 7:9, 7:10, 8:11, 8:12, 8:23, 9:12, 11:16, 11:21
**constitutional** [1] - 7:14
**CORRECT** [1] - 13:5
**correct** [2] - 6:1, 11:3
**counsel** [3] - 3:7, 7:19, 10:1
**court** [1] - 13:2
**Court** [7] - 3:21, 5:20, 6:19, 10:11, 11:1, 11:21, 12:3
**COURT** [13] - 1:1, 1:23, 3:12, 3:18, 8:13, 8:18, 8:21, 10:19, 10:23, 11:15, 11:24, 12:11, 12:15
**Court's** [3] - 9:23, 10:25, 11:12
**criminal** [2] - 6:21, 6:22
**CSR** [1] - 1:23
**current** [1] - 8:1

**CV22-02972-MEMF** [1] - 1:8

**D**

**DATE** [1] - 13:13
**DECEMBER** [2] - 1:19, 3:1
**decision** [6] - 5:25, 6:2, 7:23, 8:25, 9:6, 9:11
**defend** [1] - 7:3
**Defendant** [1] - 1:12
**defendant** [2] - 3:11, 6:3
**DEFENDANT** [1] - 2:8
**DEPOSIT** [1] - 13:9
**different** [4] - 6:15, 6:23, 7:2, 9:20
**difficulty** [1] - 3:14
**disagree** [1] - 10:25
**dismissal** [1] - 9:21
**DISTRICT** [3] - 1:1, 1:2, 1:23
**district** [8] - 4:4, 5:12, 6:18, 7:1, 7:24, 7:25, 10:4, 10:15
**docket** [2] - 5:8, 9:18
**docketing** [1] - 5:7
**drafted** [1] - 4:20

**E**

**e-mail** [4] - 3:25, 4:7, 6:1, 8:9
**ECF** [1] - 10:2
**ECF98** [1] - 5:3
**EDGAR** [1] - 2:4
**entire** [1] - 5:4
**especially** [1] - 7:8
**events** [1] - 5:4
**EWUSI** [1] - 1:3
**EWUSI-MENSAH** [1] - 1:3
**ex** [1] - 12:5
**excuse** [1] - 8:1
**expedient** [1] - 10:18
**explain** [2] - 3:23, 8:24
**explaining** [2] - 5:3, 12:16
**explains** [1] - 8:19

**F**

**fact** [1] - 10:16
**faint** [1] - 3:15
**fair** [1] - 11:3
**FANG** [6] - 2:8, 3:10, 3:17, 8:17, 12:13, 12:25
**Fang** [3] - 3:10, 3:14, 12:12
**far** [1] - 7:20
**federal** [1] - 10:9
**FEE** [1] - 13:8
**FEES** [1] - 13:8
**Fifth** [1] - 10:7
**FIGUEROA** [1] - 2:9
**file** [4] - 4:6, 4:8, 4:11, 7:14
**filed** [7] - 4:3, 4:10, 4:12, 5:18, 6:4, 8:7

**filing** [2] - 5:9, 6:2
**FIRST** [1] - 1:24
**first** [5] - 4:19, 4:23, 5:6, 5:12, 11:8
**five** [1] - 7:16
**FLOOR** [1] - 1:24
**followed** [2] - 6:25, 7:1
**footnote** [2] - 7:16, 8:18
**FOR** [1] - 13:8
**FOREGOING** [1] - 13:5
**forward** [2] - 12:2, 12:9
**FOURTH** [1] - 1:24
**fresh** [1] - 10:13
**FRIMPONG** [1] - 1:3
**future** [1] - 12:3

**G**

**General** [2] - 7:21, 9:24
**given** [2] - 4:21, 8:12
**government** [1] - 7:15
**guess** [1] - 8:22

**H**

**handle** [2] - 4:9, 4:14
**happy** [4] - 5:21, 11:5, 12:23, 12:25
**hear** [6] - 4:22, 5:5, 8:23, 9:2, 11:2, 11:7
**heard** [4] - 3:24, 5:12, 10:15
**hearing** [3] - 3:15, 6:10, 10:23
**held** [1] - 7:5
**helpful** [1] - 3:20
**HEREBY** [1] - 13:5
**hire** [2] - 7:19, 9:25
**hit** [1] - 5:8
**Holidays** [2] - 12:23, 12:25
**honestly** [1] - 6:3
**Honor** [6] - 3:10, 5:24, 8:16, 9:15, 12:13, 12:14
**HONORABLE** [1] - 1:3
**horse** [1] - 7:6
**HURRELL** [1] - 2:8

**I**

**IFP** [1] - 9:22
**imagined** [1] - 8:7
**important** [1] - 6:12
**Improvement** [1] - 6:16
**IN** [5] - 2:3, 2:3, 2:8, 13:6, 13:9
**including** [1] - 12:19
**incorrect** [2] - 4:21, 11:3
**indicated** [3] - 5:4, 11:1, 12:16
**indicating** [1] - 4:2
**information** [1] - 4:21

**initial** [1] - 6:13
**instance** [4] - 4:23, 5:6, 5:12, 11:8
**instructed** [1] - 4:13
**introduced** [1] - 3:21
**involuntarily** [1] - 9:21
**involved** [1] - 8:10
**IS** [1] - 13:5
**issue** [4] - 7:11, 9:3, 11:6, 12:15
**issued** [7] - 5:1, 5:3, 5:17, 8:14, 12:19, 12:21
**item** [1] - 3:5

**J**

**John** [1] - 3:10
**JONATHAN** [1] - 2:8
**JUDGE** [1] - 1:3
**judge** [32] - 4:3, 4:4, 4:12, 4:19, 4:22, 5:5, 5:12, 6:5, 6:8, 6:9, 6:18, 6:25, 7:1, 7:11, 7:23, 7:24, 7:25, 8:1, 8:8, 8:15, 9:11, 9:17, 9:20, 10:1, 10:4, 10:16, 11:2, 11:7, 11:17, 11:18, 12:18
**judge's** [1] - 5:16
**judgment** [5] - 4:2, 4:16, 4:23, 5:11, 6:2
**JUDICIAL** [1] - 13:10
**Judicial** [1] - 6:16
**jumping** [1] - 3:19

**K**

**kind** [1] - 7:6

**L**

**lack** [2] - 5:14, 11:16
**LACV22-9203** [1] - 3:5
**latest** [1] - 6:8
**least** [1] - 12:8
**LESS** [1] - 13:8
**letter** [1] - 12:6
**light** [1] - 10:11
**LLP** [1] - 2:8
**look** [2] - 8:13, 9:25
**LOS** [4] - 1:18, 1:24, 2:10, 3:1
**louder** [1] - 3:17

**M**

**MAAME** [1] - 1:3
**magistrate** [24] - 4:3, 4:12, 4:19, 4:22, 5:5, 5:16, 6:5, 6:8, 6:18, 6:25, 7:11, 7:23, 8:1, 8:8, 8:14, 9:11, 9:17, 9:20, 10:1, 11:2, 11:7,

11:17, 11:18, 12:18
**mail** [4] - 3:25, 4:7, 6:1, 8:9
**matter** [2] - 4:18, 8:24
**MATTER** [1] - 13:7
**mean** [3] - 6:21, 11:13, 12:1
**means** [1] - 11:14
**MENSAH** [1] - 1:3
**microphone** [1] - 3:16
**minute** [3] - 4:20, 8:24, 11:4
**Miriam** [1] - 13:12
**MIRIAM** [1] - 1:23, 13:13
**misread** [1] - 4:9
**morning** [2] - 3:10, 3:12
**most** [2] - 5:9, 8:14
**motion** [13] - 4:2, 4:10, 4:11, 4:16, 4:22, 5:6, 5:11, 6:2, 7:5, 9:7, 11:2, 11:7, 12:6
**move** [1] - 12:9
**MR** [14] - 3:9, 3:10, 3:17, 5:24, 8:16, 8:17, 8:20, 9:15, 10:22, 11:13, 11:23, 12:1, 12:13, 12:25
**municipality** [2] - 7:15, 10:8
**must** [3] - 11:13, 11:14, 11:20
**MVB11893@aol.com** [1] - 1:25

**N**

**necessary** [2] - 4:8, 12:22
**need** [3] - 3:24, 11:8, 12:18
**needed** [1] - 4:6
**never** [2] - 4:25, 8:7
**Nick** [2] - 7:13, 7:16
**note** [1] - 7:16
**noted** [1] - 5:13
**nothing** [1] - 12:13
**November** [1] - 4:25
**Number** [2] - 9:18, 10:2

**O**

**objection** [1] - 11:11
**objections** [2] - 4:6, 4:8
**obviously** [3] - 6:9, 6:22, 8:3
**October** [2] - 4:1
**OF** [7] - 1:2, 1:16, 2:3, 2:8, 13:6, 13:10
**OFFICIAL** [2] - 1:23, 13:13
**one** [4] - 3:5, 10:7, 10:14
**opposition** [1] - 5:17
**order** [15] - 4:20, 4:25, 5:3, 5:16, 5:17, 6:8, 8:14, 8:15, 8:24, 9:24, 11:4, 11:6, 12:15, 12:17, 12:19
**Order** [2] - 7:21, 9:24
**ordered** [1] - 12:10
**orders** [2] - 11:9, 12:18
**original** [2] - 4:21, 5:25

**originally** [1] - 4:5

**P**

**PACIFIC** [1] - 2:4
**page** [1] - 7:21
**PALISADES** [1] - 2:4
**part** [2] - 9:5, 9:6
**parte** [1] - 12:5
**parties** [11] - 3:24, 5:19, 7:9, 7:10, 8:9, 8:11, 9:2, 9:3, 9:7, 10:17, 12:21
**parties'** [1] - 9:12
**passed** [1] - 6:15
**patience** [1] - 5:20
**people** [1] - 4:11
**person** [3] - 4:22, 5:5, 7:14
**plaintiff** [2] - 3:9, 4:17
**Plaintiff** [1] - 1:6
**PLAINTIFF** [1] - 2:3
**plate** [1] - 10:13
**point** [2] - 5:23, 12:21
**position** [1] - 8:8
**powers** [1] - 9:20
**preference** [1] - 10:20
**PRESIDING** [1] - 1:3
**prisoner** [1] - 10:6
**PRO** [1] - 2:3
**problem** [1] - 7:10
**procedural** [1] - 6:13
**procedure** [1] - 6:11
**procedures** [2] - 6:24, 7:1
**proceedings** [1] - 13:3
**PROCEEDINGS** [2] - 1:16, 13:6
**process** [6] - 6:14, 8:19, 9:8, 9:14, 10:18, 11:16
**processes** [1] - 6:15
**proper** [2] - 4:22, 5:5
**prosecute** [1] - 7:3
**provides** [1] - 9:8

**Q**

**questions** [6] - 5:21, 9:13, 10:24, 10:25, 11:4, 11:10

**R**

**read** [1] - 6:8
**reading** [3] - 4:16, 10:25, 11:12
**realize** [1] - 5:1
**realized** [1] - 4:15
**really** [3] - 6:12, 7:18, 10:17
**reason** [1] - 9:16
**received** [2] - 5:2, 5:9
**recent** [2] - 5:9, 8:14
**recently** [1] - 9:19
**recommendation** [10] - 4:19,

8:21, 9:1, 9:3, 9:4, 9:5, 9:9, 9:14, 11:19, 12:20
**record** [3] - 3:8, 4:6, 4:8
**RECORDED** [1] - 13:6
**REDUCTION** [1] - 13:9
**refer** [1] - 11:17
**referral** [1] - 8:19
**referred** [2] - 8:24, 9:17
**regarding** [2] - 5:16, 11:16
**REGULATIONS** [1] - 13:10
**reiterate** [1] - 12:17
**reiterates** [1] - 11:6
**reject** [2] - 9:5, 9:6
**reliance** [1] - 9:23
**relied** [2] - 6:13, 8:9
**report** [9] - 4:19, 8:21, 8:25, 9:3, 9:4, 9:5, 9:8, 11:18, 12:20
**REPORTER** [2] - 1:23, 13:13
**REPORTER'S** [1] - 1:16
**reporting** [1] - 9:13
**represented** [1] - 4:17
**required** [1] - 11:17
**requirement** [1] - 11:21
**reserve** [1] - 11:11
**responded** [1] - 4:5
**response** [1] - 12:6
**rights** [1] - 4:18
**rule** [2] - 4:9, 4:16
**rules** [1] - 10:14
**ruling** [4] - 6:13, 7:5, 8:1, 11:6

## S

**sake** [1] - 10:23
**SE** [1] - 2:3
**Section** [2] - 7:14, 10:6
**see** [3] - 3:23, 8:18, 12:21
**self** [1] - 4:17
**self-represented** [1] - 4:17
**send** [1] - 4:7
**sent** [1] - 3:25
**set** [2] - 10:14
**sets** [1] - 10:17
**shall** [1] - 9:17
**shortly** [1] - 4:6
**show** [4] - 5:17, 8:2, 8:15, 12:19
**sides** [1] - 7:8
**sit** [1] - 12:9
**sometime** [1] - 4:15
**sometimes** [1] - 4:11
**SOUTH** [1] - 2:9
**stand** [1] - 11:5
**standards** [1] - 10:15
**start** [1] - 10:13
**state** [1] - 3:7
**STATES** [2] - 1:1, 13:10

**status** [1] - 3:20
**statute** [2] - 11:1, 11:12
**STENOGRAPHICALLY** [1] - 13:6
**still** [7] - 3:22, 5:10, 5:22, 7:4, 8:22, 9:15, 12:7
**STREET** [3] - 1:24, 2:4, 2:9
**submit** [2] - 7:2, 10:12
**SUITE** [1] - 2:9
**summary** [5] - 4:2, 4:16, 4:23, 5:11, 6:2
**supposed** [1] - 5:8

## T

**TAYLOR** [2] - 1:10, 2:8
**Taylor** [1] - 3:6
**THAT** [1] - 13:5
**THE** [21] - 2:3, 2:8, 3:5, 3:12, 3:18, 8:13, 8:18, 8:21, 10:19, 10:23, 11:15, 11:24, 12:11, 12:15, 13:2, 13:5, 13:6, 13:7, 13:9, 13:10
**thereafter** [1] - 4:7
**Third** [1] - 9:19
**THIS** [1] - 13:8
**thrown** [1] - 8:3
**today** [4] - 3:13, 11:6, 12:16
**took** [2] - 6:16, 6:17
**towards** [1] - 4:25
**TRANSCRIPT** [3] - 1:16, 13:6, 13:8
**transferred** [1] - 4:14
**tried** [1] - 8:23
**TRUE** [1] - 13:5
**try** [1] - 3:17
**Tucker** [1] - 10:9
**twice** [1] - 7:9
**two** [3] - 7:1, 9:25, 10:5
**type** [1] - 7:11

## U

**U.S** [1] - 1:23
**ultimate** [2] - 8:25, 9:11
**ultimately** [1] - 9:6
**under** [4] - 7:13, 9:10, 10:7
**understood** [2] - 10:19
**UNITED** [2] - 1:1, 13:10
**up** [2] - 10:17, 11:11

## V

**vacate** [1] - 7:22
**versus** [1] - 3:6
**VIA** [1] - 1:17
**VIDEOCONFERENCE** [1] - 1:16
**view** [1] - 5:11
**volume** [1] - 3:16

**Vs** [1] - 1:8

## W

**ways** [1] - 9:25
**WEDNESDAY** [2] - 1:19, 3:1
**WEST** [1] - 1:24
**wheel** [1] - 8:5
**WITH** [1] - 13:9
**wonderful** [4] - 3:18, 12:11, 12:15, 12:23
**works** [1] - 9:14

## Z

**ZOOM** [1] - 1:17