DAWYN R. HARRISON, County Counsel
STARR COLEMAN, Assistant County Counsel
THOMAS R. PARKER, Senior Deputy County Counsel
(SBN 141835) • TParker@counsel.lacounty.gov
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-1834
Facsimile: (213) 613-4751

Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Jonathan Fang, State Bar No. 279106
E-Mail: jfang@hurrellcantrall.com
HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>  Plaintiff,<br><br>v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>  Defendants. | Case No. 2:22-cv-09203-MEMF-KS<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR STAY PENDING APPEAL**<br><br>Assigned to:<br>Hon. Maame Ewusi-Mensah Frimpong<br>Courtroom "8B"<br><br>Magistrate Judge Karen L. Stevenson<br>Courtroom "580" |

## I. INTRODUCTION

Plaintiff requests the Court stay these proceedings under *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), but fail to meet their burden under this doctrine. Under *Landis*, the Court considers the respective harm to the parties upon a grant or denial of the motion, as well as the effect of a stay on the "orderly course of justice."

However, if there is even a fair possibility that Defendant will suffer harm as a result of a stay, Plaintiff must prove a "clear case" of hardship in being required to litigate. As set forth below, Defendant will be harmed if this action is stayed. On the other hand, Plaintiff fails to show that any harm would come to them by being required to move forward. And being required to litigate in and of itself is not a hardship under *Landis*, as a matter of law. Thus, Plaintiff fails to meet the requirements under *Landis* and the motion may be denied on this basis alone.

Even if the Court considers the effect of a stay on the orderly course of justice, though, a stay is still not warranted here. *Landis* warns that "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." Given the harm that would result to Defendant upon a grant of this motion, zero harm to Plaintiff if the motion is denied, and the fact that the Plaintiff is unlikely to succeed on his Appeal of the Court's denial of his request for preliminary injunction, this is not one of those rare circumstances in which a stay should be granted. Defendant therefore respectfully request the Court deny the motion.

## II. OPPOSITION TO PLAINTIFF'S MOTION FOR STAY

As a preliminary matter, Defendant apologizes the delay in submitting this opposition. Plaintiff's Motion for Stay pending Appeal (Dkt. No. 116) failed to comply with L.R. 7-4 as it does not state the date or time of the motion hearing and the name of the judicial officer before whom the motion has been noticed. As such, Defendant did not know whether to follow the Honorable Maame Ewusi-Mensah Frimpong's Standing Order or the Honorable Karen L. Stevenson's Standing Order. Plaintiff did not set a date or time for the motion hearing and did not set which Courtroom the motion was to be in front. On January 2, 2024, Defendant requested the Court set a briefing schedule as to the Motion for Stay to resolve any ambiguity. (Dkt. No. 120.)

/ / /

## III. ARGUMENT

### A. Legal Standard.

Brown contends that under *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 739-44 (2023) the district court must automatically stay all proceedings. However, Coinbase's holding was narrowly tailored to an interlocutory appeal related to whether or not the case has to be arbitrated. *Id.* In *Coinbase*, the district court denied Coinbase's motion to compel arbitration as to *all* claims alleged in the putative class action. *Id.* Coinbase filed an interlocutory appeal to the Ninth Circuit and moved to stay the district court proceedings. Both the trial and appellate courts denied the motions to stay pending appeal. *Id.* The Supreme Court granted certiorari to decide the sole question of "whether a district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing." *Id.* The Court found that "a district court must stay the proceedings while an interlocutory appeal on the question of arbitrability is ongoing." *Id.* The Court reasoning was that continuing the underlying case in the district court would make many of the asserted benefits of arbitration (less expense, less intrusive discovery) irretrievably lost. *Id.* The facts are clearly distinguishable from the facts of instant case. Coinbase's rationale was based upon allowing the district court to proceed on a case's merits would be inefficient if the court of appeals reverses the denial of arbitration and in the absence an automatic stay, the benefits of arbitration could be irreparably lost. This is markedly different from our case, Plaintiff's appeal is seeking that the "judgment of the District Court should be remanded with instructions for consideration of Plaintiff's preliminary injunction in accord with all *Winter* factors." *See* Plaintiff-Appelant's Opening Brief at 17 (Case No. 23-4131). Plaintiff's preliminary injunction will still fail to meet the threshold requirement to show that Defendant's denial of Plaintiff's solar farm application for the subject property likely constituted a taking because Plaintiff has failed to present any competent evidence or legal authority to support his conclusory assertions that a taking has occurred.

Under longstanding precedent, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) (reversing district court's grant of a stay pending resolution of any future appeal in parallel litigation). When a party requests "to stay proceedings in one suit until the decision of another," a court must "weigh competing interests and maintain an even balance." *Id.*

> Among those competing interests are [1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005), quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 269 (9th Cir. 1962). And, "if there is even a fair possibility" that a stay will harm Defendant, Plaintiff "must make out a clear case of hardship or inequity in being required to go forward." *Lockyer*, 398 F.3d at 1112, quoting Landis, 299 U.S. at 254. "[B]eing required to defend a suit, without more, does not constitute a "clear case of hardship or inequity." *Lockyer*, 398 F.3d at 1112; also see, *California Trout, Inc. v. United States Bureau of Reclamation*, 115 F. Supp. 3d 1102, 1117 (C.D. Cal. 2015).

Moreover, the party requesting a stay has the burden of showing that circumstances justify it. *Nken v. Holder*, 556 U.S. 418, 433 (2009). Plaintiff has not met his burden here, and thus the Court should deny the motion. In requesting a stay, Brown bears a heavy burden of persuasion: "The party moving for a stay 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else.' " *See Cartmill v. Sea World, Inc.,* No. 10CV00361 DMS POR, 2010 WL 4569922, at *1 (S.D. Cal. Nov. 5, 2010) (quoting *Landis,* 299 U.S. at 254-55)

4

(denying request for an indefinite stay pending resolution of an appeal from final judgment in a similar class action against the same defendant). In deciding whether to grant a *Landis* stay, courts consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer,* 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962)).

### a. A Stay of These Proceedings Would Result in Hardship for Defendant, and No Hardship to Plaintiff.

Plaintiff has continuously delayed and ignored the Federal Rules, Local Rules, and the Court's Orders. This is evidenced by Plaintiff's filing of his Opposition to Defendant's Motion for Summary Judgment a month after the deadline set forth by this Court. (*See* Dkt. No. 96.) Now, Plaintiff wants to continue to delay the adjudication of the Summary Judgment motion because he is of the belief that the Summary Judgment should not be heard by the Honorable Magistrate Judge Karen L. Stevenson. Defendant would be prejudiced in the continued delay of the resolution of this matter as Plaintiff cannot prove that he owns the Subject Property and has standing to bring his taking claim. (*See* Dkt. No. 82.) Furthermore, outside of filing numerous frivolous motions, Plaintiff has not conducted discovery and has not presented any competent evidence in his request for preliminary injunction, his opposition to summary judgment, or in his current appeal. *See* Dkt. Nos. 42, 59, 62, 65, and 118; *See also* Plaintiff-Appelant's Opening Brief (Case No. 23-4131). The Summary Judgment has been fully briefed and Plaintiff would not be prejudiced by allowing the Summary Judgment Motion be decided.

### b. Plaintiff Will Not Suffer from the Denial of a Stay.

To prevail on this Motion, Brown must demonstrate "the hardship or inequity which a party may suffer in being required to go forward." *Lockyer,* 398 F.3d at

1110. Moreover, Brown must show a "clear case" for his injury. *See Id.* at 1112. Brown claims the following hardship: "to avoid the duplication of proceedings, mootness or procedural confusion that will prejudice *all* parties in this controversy." Dkt. No. 127 at 5. This is wholly insufficient to justify a stay. Brown's claimed risk of harm from proceeding with this litigation is mundane. The Ninth Circuit has held that "being required to defend a suit [if a stay is vacated], does not constitute a 'clear case of hardship or inequity.'" *Lockyer,* 398 F.3d at 1112. Brown's allegations of hardship boils down to his claim that he would need to prosecute his suit. Such ordinary costs of litigation do not constitute hardship. *See Beijing Tong Ren Tang (USA), Corp. v. TRT USA Corp.,* No. C-09-00882 RMW, 2009 WL 5108578, at *2 (N.D. Cal. Dec. 18, 2009) (declining to stay federal proceedings pending a state court action on the same issues with the same parties because the financial burden of litigating the case did not rise to the level of hardship or inequity).

### c. A Stay Would Not Serve the Interests of Judicial Economy.

Finally, to obtain a stay, Brown must show it would also serve "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer,* 398 F.3d at 1110. A stay pending appeal will not conserve judicial resources because the appeal will likely fail. Brown is unlikely to prevail on the merits for his appeal. His opening brief simply recites the same points he argued, unsuccessfully, in request for preliminary injunction. Brown does not raise any new points of law or submit any competent evidence to suggest he might prevail on appeal. Brown is attempting to avoid a ruling on Defendant's summary judgment motion. Regardless of the outcome of the appeal, Defendant's summary judgment will need to be decided.

When a party appeals a preliminary injunction, the case must generally "proceed in the lower court as though no appeal has been taken." *Phelan v. Taitano*, 233 F.2d 117, 119 (9th Cir. 1956). Staying all proceedings pending appeal is disfavored because it can "unnecessarily delay the litigation and waste judicial

1 resources." *Carib. Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 673 (9th Cir. 1988).  Staying a case is an extraordinary form of relief that should only be granted upon a showing of sufficient grounds warranting exercise of the court's power to do so. *Va. Petrol. Jobbers Ass'n v. Fed. Power Comm'n*, 259 F.2d 921, 925 (D.C. Cir. 1958).

Lastly, as for the threat of "duplicative litigation," eventually, Plaintiff must certainly concede, the entirety of Defendant's summary judgment decided.  Plaintiff's sole purpose is to delay these proceedings for the sake of delay alone. "[B]eing required to [prosecute] a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005). For these reasons as well, a stay here would not promote judicial economy, nor "streamline the issues in question," which is the third *Landis* factor.

## IV. CONCLUSION

For the reasons above, Defendant respectfully request that the Court deny Plaintiff's motion for stay pending appeal.

DATED:  February 9, 2024          HURRELL CANTRALL LLP

By:     */s/ Jonathan Fang*
THOMAS C. HURRELL
JONATHAN FANG
Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING

7