Clinton Brown, Self-Represented
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLINTON BROWN,  Plaintiff,  vs.  CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,  Defendant. | **Case No**. 2:22-cv-09203-MEMF-KS  **Reply to Motion to Stay Case Pending Interlocutory Appeal [ECF No. 127]**  **Judge:** Honorable Maame Ewusi-Mensah Frimpong  **Magistrate:** Karen L. Stevenson  **Hearing Date:** 04/04/2024  **Time:** 10:00 A.M.  **Place:** Courtroom 8B |

### REPLY TO MOTION TO STAY CASE PENDING INTERLOCUTORY APPEAL

**NOTICE TO THE COURT**, as a threshold matter, "my dog ate my homework" excuse is completely without merit and beneath the dignity of this Court to entertain. (*i.e.* "I didn't know what Court"; "I didn't know what Judge…"). *See* ECF No. 134 at 2, II. This motion was filed in accord with L.R. 7-3. The Plaintiff expressly provided that the motion would be filed waiving oral argument and before the District Judge.[1] However, that did not suffice as a good-faith effort on behalf of the Plaintiff for the Government to file a timely motion, thus here we are. *Lesson learned*.

### Legal Standard

The plaintiff in no way suggests that the entire case be subject to a stay.[2] In *Coinbase*, as well as in *Griggs*, the filing of an appeal is an 'event of jurisdictional significance' in that it confers

---

[1] Even if the 'dog ate the Government's homework', a motion to stay proceedings is a jurisdictional notice to the District Court (besides the filing of the appeal itself, ECF No. 108), that any matter related to the preliminary injunction must be stayed. The plaintiff's appeal is a statutory right under 28 U.S.C. § 1292(a)(1) and the District Court must not intervene prior to that right being fully exercised at the Ninth Circuit. *It's as simple as that*.

[2] Plaintiff has requested a L.R. 7-3 meet and confer for the plaintiff's upcoming motion for reasonable fees. *See* ECF No. 113. The Court retains jurisdiction to decide a statutory matter that Congress mandates when a motion to compel is denied. *See also*, Rule 37(a)(B)(5).

'jurisdiction on the Court of Appeals and divests the District Court of its control over those aspects of the case involved in the appeal.' See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982). (per curiam) Cf. Griggs at 62 n.1 (1982) (Marshall, J., dissenting). At least absent contrary indications, the background *Griggs* principle already *requires an automatic stay* of District Court proceedings that relate to *any* aspect of the case involved in the appeal. See Coinbase, Inc. v. Bielski, 599 U.S. at 744 (2023). *That's the law*.

What the plaintiff is not arguing for is a complete stay as was granted in *Coinbase*. The stay in that case, although it stayed the entire case because the threshold matter before the appellate court would determine whether *any* further proceedings would move forward in the District Court, is just not the case here. In this controversy, a stay pending appeal is appropriate under this principle for the Motion for Summary Judgment ("MSJ"). Thus, the MSJ *must* be stayed until the Ninth Circuit acts.[3] A denial of a preliminary injunction is an appealable order whereas a motion for summary judgment is not. (citations omitted). In this Fifth Amendment Takings case, an affirmative by either of these [motions] decisions entitle the plaintiff to Just Compensation because the Takings Clause is Self-Executing.[4] In other words, a *claim* to Just Compensation entitles the owner to just that; Just Compensation. See Tyler v. Hennepin County, Minn., et al., 598 U.S. 631, 639 (2023).

The Appellate Court reviews a District Court's denial of a preliminary injunction motion for abuse of discretion. A District Court abuses its discretion if it bases its decision on an erroneous legal standard. A District Court bases its decision on an erroneous legal standard if it fails to employ

---

[3] Contrary to the Government's position that because the plaintiff seeks an order to remand that [preliminary injunction] aspect of the case to the District Court…so it [the District Court] evaluates all *Winter* factors is somehow not as valid as the plaintiff asking for a reverse of the decision is meritless. It is noted that Rule 52(a)(2) states, "In…refusing an interlocutory injunction, the court must similarly state the findings and conclusions that support its action." *But see,* ECF No. 105. *In any event*, a plaintiff is not required to prove its entitlement to summary judgment to establish a substantial likelihood of success on the merits for preliminary injunction purposes. *See* Byrum v. Landreth, 566 F.3d 442, 447 (5th Cir. 2009).

[4] *See* Oral Tr. at 56-57, Devillier, et al. v. Texas, No. 22-913 (U.S. Jan. 16, 2024). https://www.supremecourt.gov/oral_arguments/argument_transcripts/2023/22-913_l6gn.pdf (Gorsuch, J.: "-- why wouldn't the injunction order the [Government] state to pay?"

the appropriate legal standards that govern the issuance of a preliminary injunction. *See* Baird v. Bonta, 81 F.4th 1036, 1042 (9th Cir. 2023). (en banc denied).

District Courts *must* consider all four *Winter* factors in a Constitutional claim. (emphasis added). *See* Vivid Ent., LLC v. Fielding, 774 F.3d 566, 577 (9th Cir. 2014). When the nonmovant is the Government, the last two *Winter* factors merge. (*i.e.* (3) the balance of equities tips in his favor, and (4) a preliminary injunction is in the public interest). A Fifth Amendment claim against the Government for Taking property without Just Compensation…is a Constitutional claim. Thus, all *Winter* factors must be considered for the relief sought.[5]

And under *Winter's* well-settled standards—which apply to [Fifth Amendment] claims like any other Constitutional claim—courts consider *all* the *Winter* factors and assess irreparable harm and the public interest *through the prism of whether or not the plaintiff has shown a likelihood of success on the merits*. *See Gallardo* at 14. Notwithstanding this settled interplay between the factors, the District Court declined to undertake *any* inquiry into the fourth *Winter* factor and failed to merge the third and fourth *Winter* factors as required by law. In a Fifth Amendment Takings case, *as in this one*, the public interest is especially important where an outcome in the affirmative of the preliminary injunction entitles the plaintiff to Just Compensation from the time of the Taking (with interest) until the time of the preliminary injunction when the Constitutional violation ends.

Lest the Government forget that this controversy has been ongoing for 15 months in Federal Court and that the public interest [*Winter*] factor is stronger today than it was on December 7, 2023.[6] *See* ECF No. 105. Since the public collectively bears the cost of Just Compensation for Constitutional violations by Government actors, it's unfair to impose unnecessary burdens on any party, especially the folks who will ultimately pay for the Constitutional violation. (*i.e.* the public).

---

[5] The Government "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from Constitutional violations." *See* Zepeda v. INS, 753 F.2d 719, 727 (9th Cir. 1983); *see also* Rodriguez v. Robbins, 715 F.3d 1127, 1145 (9th Cir. 2013) (holding that the Government "cannot suffer harm from an injunction that merely ends an unlawful practice" implicating "Constitutional concerns").
[6] The interest from December 7, 2023 to February 13, 2024 alone is $340,155.61 based on the $32.4m fair market property valuation. *See* 40 U.S.C. § 3116(a)(2); https://fred.stlouisfed.org/series/DGS1/ (5.38% for 2023).

## **Discussion**

In considering the timing and impact of the MSJ, it is crucial to understand the potential consequences of a decision on the MSJ while the appeal on the preliminary injunction is still pending. If the Court decides the MSJ before the Ninth Circuit rules on the appeal regarding the preliminary injunction, it could effectively render the appeal moot, or at least complicate the appellate court's consideration of the *case*.[7] The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. *See* Landis v. N.Am. Co., 299 U.S. 248, 254 (1936).

Specifically, a ruling on the MSJ – particularly if it results in a final judgment on the merits of the case – may significantly alter the legal landscape against which the Ninth Circuit assesses the preliminary injunction. It could either preemptively address issues under appellate review or create a situation where the appellate court's decision on the preliminary injunction might conflict with the District Court's judgment on the MSJ.

This scenario raises concerns about judicial efficiency and consistency in legal determinations. To preserve the integrity of the appellate process and avoid potentially conflicting rulings, it is prudent to stay the MSJ proceedings until the Ninth Circuit has had the opportunity to rule on the preliminary injunction appeal. This approach aligns with the principle of judicial economy and respects the hierarchical structure of the court system, ensuring that the appeal process is not undermined or rendered irrelevant by simultaneous proceedings at the District Court level. *In other words*, opposing a motion just to oppose a motion is not conducive to the determination of this controversy. *See* ECF No. 133. The Plaintiff seeks to have his case appropriately evaluated by the correct legal standard and for the Court to say what the law is without another 15-month odyssey.

---

[7] The Government argues that because this action is in two different courts that this action is two cases. It is not, but one action. The appellate court must have its say on the preliminary injunction prior to this Court issuing a MSJ ruling. This should be self-evident why this is, but here we are.

## **Conclusion**

**THEREFORE**, the *Griggs* principle must prevail in this Court[8], staying the case pending interlocutory appeal to those issues that are in the appeal *and none other*. (*i.e.* the MSJ).

Dated: February 13, 2024                            */s/Clinton Brown*, Self-Represented
                                                    16821 Edgar Street
                                                    Pacific Palisades, CA 90272
                                                    clinton@atlasinc.solar
                                                    310-487-6453

CC: All Counsel of Record (via ECF) on February 13, 2024.

---

[8] *See* FRAP Rule 8(a)(1) (archived at https://perma.cc/FU9K-J66R at 47, effective December 1, 2023)