Clinton Brown, Self-Represented
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN, | **No**. 2:22-cv-09203-MEMF-KS |
| Plaintiff, | **Motion for Rule 37(a)(5)(B) Fees** |
| vs. | **Judge:** Honorable Maame Ewusi-Mensah Frimpong |
| CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING, | **Time:** 10 A.M. |
| | **Date:** April 4, 2024 |
| Defendant. | **Place:** Courtroom 8B |

### Background[1]

"On October 19, 2023, in lieu of submitting the briefing ordered by the Court, Defendant filed the instant Motion [ECF No. 85]." *See* ECF No. 112 at 4. "The Plaintiff's Opposition largely raises issues and cites to procedural rules that are inapplicable here." *Id*. at 5. The Motion to Compel was denied by the Court. Thus, the loser pays. *See* Rule 37(a)(5)(B).

### Legal Standard

Like all Federal Rules, Rule 37(a)(5)(B) binds the Federal Courts once enacted. *See* Bank of Nova Scotia v. United States, 487 U.S. 250, 255 (1988) (holding that Federal Rules are, "in every pertinent respect, as binding as any statute duly enacted by Congress, and Federal Courts have no more discretion to disregard [a] Rule's mandate than they do to disregard Constitutional or statutory provisions").

---

[1] Rule 72(a), in the pertinent part, states, a party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The District Judge in the case *must* consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. *See* ECF Nos. 113 & 135 at 1, n 2. *See also* Notes of Advisory Committee—1983. "No specific procedures or timetables for raising objections to the Magistrate's rulings on non-dispositive matters are set forth in the Magistrates Act." (https://perma.cc/25W7-5KJM at 322). † ECF No. 66 was denied adjudication on the merits because Counsel failed to meet and confer, as required by L.R. 7-3, even though the motion was properly objected to under 28 U.S.C. § 636 enacted by Congress. This objection is timely and compliant with L.R. 7-3. Otherwise, it's a *Catch-22*.

Rule 37(a)(5)(B) states, *If the Motion* [to Compel] *Is Denied,* [ECF No. 112] the Court…*must*, after giving an opportunity to be heard, *require* the movant [the Government], the attorney filing the motion [Government's Private Counsel], or *both* to pay the party [Plaintiff Clinton Brown]…who opposed the motion its reasonable expenses incurred in opposing the motion...[2] All parties, including the Court itself, are held to an objective standard. *See* Rules Enabling Act, 28 U.S.C. §§ 2071-2077.[3]

The words "person" and "whoever" include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals. *See* 1 U.S.C. § 1. Proper respect for Congress cautions Courts against lightly assuming that any of the statutory terms it has chosen to employ are "superfluous" or "void" of significance. *See* Department of Agriculture Rural Development Rural Housing Service v. Kirtz, No. 22-846, slip op. at 10 (U.S. Feb. 8, 2024). (*quoting* TRW Inc. v. Andrews, 534 U. S. 19, 31 (2001)).

And as with any case involving the interpretation of a statute, analysis *must* begin with the language of the statute itself. *See* Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979). Under Rule 37(a)(5)(B), when a discovery motion is denied, "the Court . . . *must* [award] . . . reasonable expenses incurred in opposing the motion..." *See* Centeno v. City of Carlsbad, et al., No. 3:19-cv-2098-L-DEB, ECF No. 171, Order Awarding Defendants Reasonable Expenses Under Rule 37. (S.D. CA. Oct. 1, 2021). Under Rule 37(a)(5) the District Court *must* ordinarily order a party to pay the opposing party's reasonable expenses…incurred in…opposing a discovery motion if the…party's discovery motion was denied. *See* Centennial Archaeology, Inc. v. Aecom, Inc., 688 F.3d 673, 678 (10th Cir. 2012) (Upholding District Court's decision to deny motion to compel as untimely) *cf.* ECF No. 112.

### a.  The Right to Self-Representation is Not Inferior to Paid Representation.

---

[2] "Brown is reminded that, despite his *pro se* [Self-Represented] status, he is obligated to comply with the Federal Rules of Civil Procedure and the Local Rules. *See* C.D. Cal. L.R. 83-2.2.3 ("Any person appearing *pro se* [Self-Represented] is required to comply with these Local Rules, and with [the Federal Rules of Civil Procedure]"). *See* ECF No. 105 at 2 n. 2.

[3] Title 28, Appendix, Notes of Advisory Committee on Rule 37, 1970 Amendment at 246-247 (archived at https://perma.cc/25W7-5KJM)

In the Federal Courts, the right of self-representation has been protected by statute since the beginnings of our Nation. Section 35 of the Judiciary Act of 1789, 1 Stat. 73, 92, enacted by the First Congress and signed by President Washington one day before the Sixth Amendment was proposed, provided that, "in all the Courts of the United States, the parties may plead and manage their own causes personally *or* by the assistance of . . . Counsel." The right is currently codified in 28 U. S. C.§ 1654. *See* Faretta v. California, 422 U.S. 806, 812-813 (1975)[4] The Colonists brought with them an appreciation of the virtues of self-reliance and a traditional distrust of lawyers. The Founders believed that self-representation was a basic right of a free people. Underlying this belief was not only the anti-lawyer sentiment of the populace, but also the "natural law" thinking that characterized the Revolution's spokesmen. *See* P. Kauper, The Higher Law and the Rights of Man in a Revolutionary Society, a lecture in the American Enterprise Institute for Public Policy Research series on the American Revolution, Nov. 7, 1973, at 9 (archived at https://archive.org/details/higherlawrightso0000kaup/page/9/mode/1up). There is no indication that the differences in phrasing about "counsel" reflected any differences of principle about self-representation & there is no evidence that the Colonists and the Framers ever doubted the right of self-representation or imagined that this right *might be considered inferior* to the right of assistance of counsel. *Faretta* at 832. (emphasis added). Dare we say that the United States is a Nation of 'equal justice under law' or dare we say that the United States is a Nation of 'unequal justice under law'.[5]

    b.  **Congress Set an Objective Standard.**[6]

---

[4] Indeed [t]he first lawyers were personal friends of the litigant, brought into Court by him so that he might "take 'counsel' with them" before pleading. *See* 1 F. Pollock & F. Maitland, The History of English Law (2d ed. 1898). (https://perma.cc/8T4Y-4BWC at 272). Similarly, the first "attorneys" were personal agents, often lacking any professional training, who were appointed by those litigants who had secured royal permission to carry on their affairs through a representative, rather than personally. *Id*. at 273. Probably every "free and lawful" person may appear as the attorney of another; even a woman may be an attorney and a wife may be her husband's attorney. *Id*. at 274.

[5] It is noted that the Plaintiff has spent an equally diligent amount of time and effort to ask the Court itself to follow the law, as any layman could read *must* to mean, and this clearly shows the stakes, not in terms of dollars and cents, but in terms of what is right and what is wrong.

[6] *See* The New Century Dictionary of the English Language, William Dwight Whitney & Katharine G. Brewster eds., 1942 at 2305 defining (*fee* Syn.: see pay); *id*. at 2354 (pay Syn.: compensation, payment, remuneration, recompense, salary, wages, hire, emolument, stipend, *fee*, honorarium, allowance, reward); *id*. at 2278 (*cost*. Syn.: price, charge, outlay, expense, expenditure. See *price*); *id*. at 2360 (price. Syn.: charge, *cost*, expense, value, worth) (archived at

28 U.S.C. § 1924 states, "Before any bill of *costs* is taxed, the party claiming any item of *cost* or disbursement shall attach thereto an affidavit, *made by himself*… having knowledge of the facts, that such item is correct and has been *necessarily incurred* in the case and…were actually and *necessarily performed*. (emphasis added) *See* ECF No. 90. *See also* Missouri v. Jenkins, 491 U.S. 274, 109 S. Ct. 2463 (1989) (Holding that reasonable attorney's fees includes the costs of paralegals' time.)[7]

As a result of the 1970 amendment [to Rule 37], "the burden of persuasion is now on the *losing party* to avoid assessment of expenses and fees rather than, as formerly, on the winning party to obtain such an award." *See* 8 Wright & Miller, Federal Practice and Procedure: Civil s 2288, p. 789 (1970). The purpose of the rule, in its present form, is clear: "to encourage wider use of award of expenses to discourage unnecessary recourse to the Courts." *See* 4A Moore's Federal Practice P 37.02 (10. 1), p. 37-44 (1975). *See* Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978). The amount of a [party(s)] reasonable expenses to be awarded is, of course, within the discretion of the trial Court and will not be disturbed absent an abuse of discretion. *See* Twentieth Century Fox Film Corporation v. Goldwyn, 328 F.2d 190, 221 (9th Cir. 1964).

    **c. The Plaintiff has Shutout *Any* Argument Against the Award of Reasonable Fees.**

1. If the conduct of respondent to discovery necessitates [a] motion to compel, requester of discovery *must* protect himself by timely proceeding with motion to compel; if he fails to do so, he acts at his own peril. *See* Wells v. Sears Roebuck and Co., 203 F.R.D. 240, 241 (S.D. Miss. 2001).

2. When the party whose documents are sought shows that the request for production is unduly burdensome or oppressive, Courts have denied discovery for lack of good cause. *See* Lauer v. Tankrederi, 39 F.R.D. 334, 335 (E.D. Pa. 1966); ECF Nos. 41 & 112.

---

https://archive.org/details/newcenturydictio00whit/page/2304/mode/2up?q=fee) *See also* Rule 37(a)(5)(B); 28 U.S.C. § 1924. (*i.e.* fee & cost)

[7] …thus [fees] *must* take into account the work not only of attorneys, but also the work of paralegals *and the like*. (presumably not lawyers at bar).

3. The District Court, pursuant to Rule 37, will not consider information that was brought to Court's attention for first time *after* the Court ruled on the discovery dispute. *See* Mitchell v. National Railroad Passenger Corporation, 217 F.R.D. 53, 56 (D.D.C. 2003).

## Discussion

Time is money. Time *spent* opposing the Government's untimely motion to compel *cost* the Plaintiff time from earning money from his business. *See* Exhibit 1. Plaintiff's income in 2022 was $180,000. *See* ECF No. 2 at 1. The average annual hours worked by persons in the United States is 1,765.[8] Thus, the calculated hourly rate is $102. The Plaintiff spent 3,266 minutes or 1 minute per word opposing the Government's MTC. Therefore, the Plaintiff *incurred a reasonable cost* of $5,504 to oppose a motion that the Court stated, "in lieu of submitting the briefing *ordered* by the Court, Defendant filed the instant Motion" that was also untimely. *See* ECF No. 112 at 8.

## Conclusion

*In any event*, Congress says the [Court], *must*, after giving an opportunity to be heard, require movant to pay reasonable expenses, unless it is unjust. (cleaned up). Thus, Rule 1, if yet in spirit, justifies reasonable expenses. *In this case*, not awarding reasonable fees is unjust. **PLAINTIFF:** "Well, my question is -- I mean, must means must, right?" *See* Tr. ECF No. 131 at 11 (C.D. Cal. Dec. 6, 2023).

**THEREFORE**, the Plaintiff requests reasonable fees in the amount of $5,504 (minus any Court fees) in accord with Rule 37(a)(5)(B), Standing Order VIII. F, and L.R. 6-1. *See* Exhibit 1.

---

[8] *See* University of Groningen and University of California, Davis, Average Annual Hours Worked by Persons Engaged for the United States, Federal Reserve Bank of St. Louis, https://fred.stlouisfed.org/series/AVHWPEUSA065NRUG, February 28, 2024.

"This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on February 26, 2024."

Dated: 03/03/2024  /s/ *Clinton Brown*, Self-Represented
Clinton Brown
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

CC: All Counsel of Record (via ECF) on March 3, 2024