Clinton Brown, Self-Represented
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-985-9935

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN, | **No.** 2:22-09203-MEMF-KS |
| Plaintiff, | **Application for TRO & Show Cause** |
| v. | **Judge**: Honorable Maame Ewusi-Mensah Frimpong |
| CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING, | **Time:** |
| | **Date:** |
| Defendant. | **Place:** |

## APPLICATION FOR TRO & SHOW CAUSE[1]

**NOTICE TO THE COURT**, if it were not for the Government *physically* Taking the plaintiff's property, he would be able to meet his financial obligations to his landlord and thereby avoid being *physically* removed on to the streets by the hands of the defendant in this case. "[T]he levying officer [County Sheriff] shall remove the occupant[s] from the property." *See* CCP 715.020(c). The Plaintiff will then *physically* move to his owned property in this Takings claim.[2] The Court is implored to immediately; (1) order the Government to post a $100,000 security bond with *this* Court (equal to the amount owed in back rent to the landlord). (2) order the landlord to stay the eviction until April 4, 2024 (when the Motion for Stay Pending Appeal & Motion for 37(a)(5)(B) Fees will be heard in *this* Court). (3) order the Government to state, *in writing*, whether the Plaintiff & his family can live on his property in his vehicle. Unless the status quo be damned.

---

[1] *See* Civil Standing Order § XI at 15.
[2] It's clear to the Plaintiff that living on his own property will be a violation of the Government's so-called "right to prohibit the construction of residential and/or commercial structures." *See* ECF No. 71 at 4. *In any event*, the Government can only remove the Plaintiff by warrant. *See* Camara v. Municipal Court of City and County of San Francisco, 387 U.S. 523, 528-529 (1967). In any case, the threat of fines or jail time [or arrest] will not deter the Plaintiff from exercising his property rights, according to the law. *See* ECF No. 89 n. 1.

## a. **Plaintiff is Forced to Live on His Own Property.**

The Plaintiff will be forced on March 18, 2024, to live on his property in his Range Rover, until such a time a structure can be erected (whether temporary or permanent) *or* this controversy has been disposed in his favor. That it is even a question, if it is 'legal' to live on your own property is shocking to the conscience of the American experiment (if it is, indeed, illegal). The Plaintiff will not allow any unauthorized Government official[s] on the premises regarding any alleged zoning violations unless a search warrant has been issued by a Court of competent jurisdiction. *See* Camara v. Municipal Court of City and County of San Francisco, 387 U.S. 523, 528-529 (1967); See v. City of Seattle, 387 U.S. 541, 542-543 (1967); Michigan v. Tyle*r*, 436 U.S. 499, 505-506 (1978). Searches for administrative purposes, like searches for evidence of crime, are encompassed by the Fourth Amendment. *See* ECF Nos. 89 & 114.  *Furthermore*, the Plaintiff will not allow any Government official[s] onto his property without a warrant from *this* Court, for which he is under the jurisdiction. *See* Doran v. Salem Inn, Inc., 422 U.S. 922, 934 (1975) (Douglas, J. concurring). *See also*, Clinton Brown v. Clark R. Taylor, Case No. 23-4131, DE No. 21 at 8 & 9 (9th Cir. 2024) (pending) (Takings property is on the market for $29,000,000).

## b. **The Government is the Cause of Plaintiff's Irreparable Harms.**

A special respect for individual liberty in the home has long been part of our culture and our law. *See* Payton v. New York, 445 U.S. 573, 596-597, and nn. 44-45 (1980). [T]hat principle has special resonance when the Government seeks to constrain a person's ability to *speak* there. *See* Spence v. Washington, 418 U.S. 405, 406, 409, 410-411 (1974) (per curiam). The Plaintiff has already been subjected to an Eight Amendment "Excessive Fines" violation. *See* ECF No. 59. Let's just add Due Process, Speech and Unreasonable Search and Seizure[s] to the list of harms. Most Americans would be understandably dismayed…to learn that it is illegal to display [a sign on their private property]. *See* ECF Nos. 89 & 114. *In any event*, the sign calling for more housing on **my** property is speech protected by the First Amendment. *See* City of Ladue v. Gilleo, 512 U.S. 43, 58 (1994). Last, Constitutional violation[s] by the Government against one Citizen shouldn't domino to a Constitutional violation against a different Citizen (*i.e*., the landlord's right to make money from her property and the plaintiff's right to make money from his property). *Absurdum.*

c.  **The Cases are Live Controversies and the Harms Continue Unabated.**

On motion and reasonable notice, the Court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. *See* Rule 15(d). The Plaintiff will be filing a Motion for Leave to File a Supplemental Pleading in the *Smead* case (2:23-cv-09238-MEMF-KS) *because* the solar contract has come to fruition and the Plaintiff's property was not included *but for* the Federal security violation[s]. *So*, that's six (6) million dollars 'gone with the wind' too. *See* Smead Amend Compl. ¶65. The L.R. 7-3 meet and confer took place between Counsel on March 7, 2024.

## Legal Standard

Situations will arise in which a party may suffer irreparable injury before a motion for preliminary injunction can be filed and heard under Rule 65(a). In that case, the moving party may seek a Temporary Restraining Order (TRO) under Rule 65(b) to prevent or forestall such irreparable injury until a preliminary injunction can be briefed and resolved. *See* Rule 65(b). Property rights, as well as rights of personal liberty, are protected under 42 U.S.C. § 1983. It is beyond doubt that property rights are protected by the Fourteenth Amendment and violations thereof can be redressed by suit under 42 U.S.C. § 1983. *See* Knick.

The papers required for an ex parte motion will be similar to those required for a noticed motion. *See* Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). The essence of a temporary restraining order is its brevity, its ex parte character, and … its informality. *See* Geneva Assur. v. Medical Emergency Services, 964 F.2d 599, 600 (7th Cir. 1992). Plaintiff's right to relief necessarily depends on resolution of a disputed question of Federal law [& Constitutional law], in which there is substantial Federal interest, and over which Federal jurisdiction will not upset the balance of Federal-state authority. *See* Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). The Federal law question must be one in which two different interpretations are actually at issue. *Id.* The statutory "arising under" language is construed more narrowly than the "arising under" language in the Constitution. The Constitutional "arising under" provision extends to all claims in which the Federal question is "an ingredient." *See* Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804, 807 (1986). Though there is

no Constitutional right to the housing involved here and thus no Constitutional violation, the Supreme Court has recognized that a 42 U.S.C. § 1983 action may be based solely upon [a] violation of a Federal statutory right. *See* Lindsey v. Normet, 405 U.S. 56, 74 (1972). *See also* Maine v. Thiboutot, 448 U.S. 1, 100 S. Ct. 2502 (1980). Last, 28 U.S.C. § 2283, which is an absolute bar to injunctions against state court proceedings in most suits, does not apply to a suit brought under 42 U.S.C. § 1983 seeking an injunction of state proceedings. *See* Mitchum v. Foster, 407 U.S. 225, 243-244 (1972) (concurring).

## Discussion

Modern man's place of retreat for quiet and solace is the home. Whether rented or owned, it is his sanctuary. Being uprooted and put into the street is a traumatic experience. *See* Lindsey v. Normet, 405 U.S. 56, 82 (1972) (Douglas, J. dissenting). The United States [is] a nation, whose powers of Government, legislative, executive, and judicial, within the sphere of action confided to it by the Constitution, are supreme and paramount. Every right, created by, arising under, or dependent upon the Constitution, may be protected and enforced by such means and in such manner as Congress, in the exercise of the correlative duty of protection, or of the legislative powers conferred upon it by the Constitution, may in its discretion deem most eligible and best adapted to attain the object. *See* United States v. Logan, 144 U.S. 263, 293 (1892). There is no serious debate that a Federally created claim for relief is generally a sufficient condition for Federal-question jurisdiction. *See* Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 377 (2012).

Considering the exigencies involved, subject to the Court's local rules, the notice may be informal, may be oral or in writing, and may be given to either the adverse party or its attorney. Rule 65(b)(1) makes it plain that informal notice, which may be communicated to the attorney rather than the adverse party is to be preferred to no notice at all. *See* Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County., 415 U.S. 423, 432, n.7 (1974). *See also* Rule 65 Advisory Committee's Note to 1966 Amendment.

When the Court employs the extraordinary remedy of injunction it directs the conduct of a party and does so with the backing of its full coercive powers. *See* Nken v. Holder, 556 U.S. 418, 428 (2009). It is a means by which the Court tells someone what to do or not to do. *Id.* Injunctive

relief constitutes a traditional equitable remedy. *See* Bayer v. Neiman Marcus Grp., Inc., 861 F.3d 853, 864 (9th Cir. 2017). The notice at issue is notice to the "adverse party." An "adverse party" for these purposes is not necessarily the named opponent. Under Rule 65, an "adverse party" means the "party adversely affected by the injunction," which may include an unnamed party to the action. *See* Parker v. Ryan, 960 F.2d 543, 545 (5th Cir. 1992) (nonparty entitled to notice of preliminary injunction affecting her property); 11 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2951 at 500-501 (1973) (*quoting* Developments in the Law Injunctions, 78 Harv.L.Rev. 994, 1060 (1965)).

At the outset then, the Court must satisfy itself that an ex parte TRO is necessary to preserve the status quo and prevent the irreparable harm that would occur if the Court were to wait for notice to the other side and for a preliminary injunction hearing. The Court must [d]etermine if, in fact, proceeding ex parte is permitted under Rule 65. *See* Geiger v. Espy, 885 F. Supp. 231, 233 (D. Kan. 1995). A TRO is a form of pretrial injunctive relief generally sought and heard on an emergency basis, usually *but not always* at the start of litigation. (emphasis added). TROs are reserved for circumstances in which the applicant can show he or she faces a real and immediate threat of irreparable injury before the Court can consider and hear a motion for a preliminary injunction. *See* Granny Goose Foods at 439. TRO's underlying purpose [is] preserving the status quo and preventing irreparable harm just so long as necessary to hold a hearing, and no longer. *See* Hope v. Warden York Cty. Prison, 956 F.3d 156, 160 (3d Cir. 2020). Courts generally hear TRO applications on an expedited basis and may decide them with limited or no notice to the other side. Absent consent of the enjoined party, the "lifespan" of a TRO is usually the lesser of (a) 14 days (with the possibility of an additional 14-day extension granted by the Court) *or* (b) the time needed to resolve an application for a preliminary injunction. *See* Rule 65(b)(2).

Irreparable harm has been defined as the harm that (a) occurs to the parties' legal interests and (b) cannot be remedied after a final adjudication, whether by damages or a permanent injunction. *See* Salinger v. Colting, 607 F.3d 68, 81 (2d Cir. 2010); Rio Grande Cmty. Health Ctr., Inc. v. Rullan, 397 F.3d 56, 76 (1st Cir. 2005). Harm might be irremediable, or irreparable, for many reasons, including that a loss is difficult to replace or difficult to measure, or

that it is a loss that one *should not* be expected to suffer. *See* Salinger v. Colting, 607 F.3d 68, 81 (2d Cir. 2010). (emphasis added). [E]vidence showing that no amount of monetary damages, however great, could address the harm tends to show it is an irreparable harm …. Where the injury cannot be quantified, no amount of money damages is calculable, and therefore the harm cannot be adequately compensated and is irreparable. *See* Metalcraft of Mayville, Inc. v. The Toro Company, 848 F.3d 1358, 1368 (Fed. Cir. 2017). The movant is not required to show that an award of damages or other legal relief would be "wholly ineffectual" but he or she is required to show that such relief would be seriously deficient as a remedy for the harm suffered. *See* Whitaker By Whitaker v. Kenosha Unified School District No. 1 Board of Education, 858 F.3d 1034, 1046 (7th Cir. 2017). Finally, it is not enough that there is a remedy at law; it must be plain and adequate, or in other words, as practical and as efficient to the ends of justice and its prompt administration, as the remedy in equity. *See* Boyce's Ex'rs v. Grundy, 28 U.S. (3 Pet.) 210, 215, 7 L. Ed. 655 (1830) (*quoted in* United States v. Askins & Miller Orthopaedics, P.A., 924 F.3d 1348, 1359 (11th Cir. 2019).

[T]he Fourth Circuit [has] held: Only when a temporary delay in recovery somehow translates to permanent injury—threatening a party's very existence by, for instance, driving it out of business [*locus*] before litigation concludes—could it qualify as irreparable. *See* Mountain Valley Pipeline, LLC v. 6.56 Acres of Land, Owned by Sandra Townes Powell, 915 F.3d 197, 218 (4th Cir. 2019). In certain circumstances, emotional distress, anxiety, depression, and other psychological problems have been held to constitute irreparable injury even though such injuries might be compensable with damages. *See* Int'l Ass'n of Fire Fighters, Loc. 365 v. City of E. Chicago, 56 F.4th 437, 452 (7th Cir. 2022) (physical and psychological harm such as lack of sleep, irritability, weight gain…constituted irreparable injury). *See also in accord*, Stanley v. University of S. Cal., 13 F.3d 1313, 1324 n.5 (9th Cir. 1994); Chalk v. U.S. Dist. Ct. Cent. Dist. of California, 840 F.2d 701, 709 (9th Cir. 1988); Moore v. Consol. Edison Co. of New York, 409 F.3d 506, 511 (2d Cir. 2005). Last, Courts have found that "[t]o indigent persons, the loss of even a portion of

subsistence benefits constitute irreparable injury." *See* Morel v. Giuliani, 927 F. Supp. 622, 635 (S.D.N.Y. 1995).

It is settled beyond the need for citation … that a given piece of property is considered to be unique, and its loss is always an irreparable injury. *See* United Church of the Medical Ctr. v. Medical Ctr. Comm'n, 689 F.2d 693, 701 (7th Cir. 1982). *See also,* Park Village Apartment Tenants Ass'n v. Mortimer Howard Trust, 636 F.3d 1150, 1159 (9th Cir. 2011). The threatened loss, bankruptcy, or destruction of an entire business, or a substantial portion of it, establishes irreparable injury. *See* Doran v. Salem Inn, Inc*.*, 422 U.S. 922, 932 (1975) (irreparable injury shown when business "would suffer a substantial loss of business and perhaps even bankruptcy" absent injunctive relief). The irreparable injury must be "likely," not merely possible. *See* Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008). [T]he movant need not show that the action sought to be enjoined is the exclusive cause of the injury. *See* M.R. v. Dreyfus, 697 F.3d 706, 728 (9th Cir. 2012).

The moving party need not await the consummation of the threatened injury to obtain preventive relief. If the injury is certainly impending, that is enough. *See* Pennsylvania v. West Virginia, 262 U.S. 553, 593 (1923). Constitutional injuries are irreparable harms. (citation omitted). The Anti-Injunction Act does not bar injunctive relief. The Act prohibits Federal Courts from granting injunctions to stay state court proceedings except "as authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *See* 28 U.S.C. § 2283. The "in aid of jurisdiction" exception authorizes Federal relief when "necessary to prevent a state court from so interfering with a Federal Court's consideration or disposition of a case as to seriously impair the Federal Court's flexibility and authority to decide that case." *See* Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Engineers*,* 398 U.S. 281, 295 (1970); In re Baldwin-United Corp., 770 F.2d 328, 335 (2d Cir. 1985). The exception is meant to give sufficient flexibility that a Federal Court, *as a Court of equity*, may, when it has jurisdiction, deal adequately with the situation at hand. *See* James v. Bellotti*,* 733 F.2d 989, 993 (1st Cir. 1984). (emphasis added). This exception applies here. *See* McNeill v. N.Y. Hous. Auth.*,* 719 F. Supp. 233, n. 29 (S.D.N.Y. 1989). [W]here the case invokes the Supremacy Clause or raises

a fairly unique set of circumstances, the Court is likely to be comfortable with exercising jurisdiction so long as the other factors are satisfied. *See* Indep. Living Ctr. of S. Cal., Inc. v. Kent, 909 F.3d 272, 279 (9th Cir. 2018). Last, the threat of eviction and the realistic prospect of homelessness constitute a threat of irreparable injury that cannot be undone.

The irreparable harm, *again*, is that there would be no eviction but for the Government's Unconstitutional Taking of plaintiff's property. *See supra*, DE 21 at 8 & 9.

### Conclusion

When sorrows come, they come not single spies, but in battalions. *See* William Shakespeare, Hamlet, act 4, sc. 5, l. 78-79 (circa 1600).[3] There Will Be Blood. *See* Upton Sinclair, Oil! (1927).

**THEREFORE**, the Court *must* "do something" that is fair, equitable and lawful for all parties in these controversies. Before it's just too late.

---

[3] Above all, be true to yourself, and it must follow, like night follows day, you can't then be false to anyone. *Id (adapted)*

**Certification of Rule 65(b)(1)(A) and (B) Pursuant to L.R. 65-1**

[Landlord's] Adverse Party's Counsel was notified on March 4, 2024 of the TRO filing in Federal

Court. A declaration setting forth the facts pursuant to 42 U.S.C. § 1746 and L.R. 65-1 is stated

within.


"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States
of America that the foregoing is true and correct."


Dated: 03/12/2024                                    */s/ Clinton Brown*, Self-Represented
                                                     Clinton Brown
                                                     16821 Edgar Street
                                                     Pacific Palisades, CA 90272
                                                     clinton@atlasinc.solar
                                                     310-985-9935

                CC: All Counsel of Record (via ECF) on March 12, 2024

      Pursuant to L.R. 7-19 & 7-19.1 the following Adverse Party's attorney was notified via email on
                                March 4, 2024 at 8:12 P.M.

                              Steven J. Siebig, Esq.
                            Steven J. Siebig Law Office
                          27451 Tourney Rd., Suite 280
                                Valencia, CA 91355
                              818-488-6450 office
                             818-488-6483 facsimile
                              losjs@sbcglobal.net