DAWYN R. HARRISON, County Counsel
STARR COLEMAN, Assistant County Counsel
THOMAS R. PARKER, Senior Deputy County Counsel
(SBN 141835) • TParker@counsel.lacounty.gov
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-1834
Facsimile: (213) 613-4751

Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Jonathan Fang, State Bar No. 279106
E-Mail: jfang@hurrellcantrall.com
HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>Plaintiff,<br><br>v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>Defendants. | Case No. 2:22-cv-09203-MEMF-KS<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR TRO; DECLARATION OF JONATHAN FANG, ESQ**<br><br>Judge: Hon. Maame Ewusi-Mensah Frimpong<br>Date: March 15, 2024<br>Time: 10:00 a.m.<br>Crtrm.: 580<br><br>Assigned to:<br>Hon. Maame Ewusi-Mensah Frimpong<br>Courtroom "8B"<br><br>Magistrate Judge Karen L. Stevenson<br>Courtroom "580" |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant Clark Taylor ("Taylor"), in his official capacity as an employee of the County of Los Angeles ("County") Department of Regional Planning, submits the following opposition to Plaintiff Clinton Brown's ("Plaintiff" or "Brown") Ex Parte Application Temporary Restraining Order.

## I. INTRODUCTION

The Court should deny Plaintiff's "emergency" motion. Plaintiff's motion is immensely confusing, unintelligible, and unsupported by competent evidence. Not only has Plaintiff not demonstrated any "likelihood of success" and "immediate and irreparable" injury related to this lawsuit warranting an ex parte motion for a temporary restraining order ("TRO"), but he has also failed to demonstrate he has standing to bring the TRO in this lawsuit as he is not the owner of the subject property located at 27250 Agoura Road in unincorporated Los Angeles County ("Agoura Property" or "Subject Property") which is the basis of this lawsuit. Plaintiff makes unsupported assertions in his motion regarding phantom evictions and unknown (landlord) adverse party. Plaintiff is attempting to seek a motion for re-consideration of this Court's Order denying his motion for preliminary injunction on December 5, 2023. Plaintiff's TRO is bereft of any facts supported by evidence such as: what address is he being evicted from; when did he receive the eviction notice; a copy of the eviction notice; how does it relate to this matter; the identity of the adverse party; and whether he is being locked out on March 18 or is it that date a start of a judicial proceeding. All these facts are unknown, and plaintiff provides no affidavit or competent evidence to support his conclusory accusations.

As a preliminary matter, Defendant Taylor and the County of Los Angeles ("County") have not initiated any action to evict Plaintiff from the Subject Property. (*See* Declaration of Jonathan Fang, at ¶2.)

///

///

## II. BACKGROUND

On December 5, 2023, this Court denied Plaintiff's multiple motions for injunctive relief. (Dkt. No. 105 at 9-11.) In reaching its decision, this Court considered whether the denial of a permit for a solar farm constitutes a taking. This Court concluded that Plaintiff failed to meet his burden to show that a denial for a solar farm constituted a taking. *Id.* Plaintiff filed a Notice of Appeal as to the Court's ruling on December 11, 2023 that is pending.

On March 4, 2024, Plaintiff notified counsel for unknown "adverse party" that he was filing his TRO. (Dkt. No. 138 at 9.) Suspiciously, the identity of the adverse party is omitted from the TRO. (Dkt. No. 138.) On March 7, 2024, Plaintiff conducts a meet and confer in the Brown v. Smead case. (*Id.* at 3.) Plaintiff **never provides notice** to Defendant Taylor or County before filing his TRO. (*See* Declaration of Jonathan Fang, at ¶¶3-4.) On March 12, 2024, Plaintiff filed the instant "emergency" TRO seeking to enjoin an unknown and presumably unrelated party not connected to this matter from evicting him and an order for the Government to post a $100,000 and written correspondence from the Government. (Dkt. No. 138.)

## III. ARGUMENT

### A. Legal Standard

The standard for issuing a temporary restraining order is "substantially identical" to that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Center for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to

obtain a preliminary injunction.") The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). Indeed, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

Moreover, under Rule 65, a temporary restraining order may be issued on an ex parte basis only if: "(A) specific facts in an **affidavit** or a **verified complaint** clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney <u>certifies in writing any efforts made to give notice and the reasons why it should not be required</u>." Fed. R. Civ. P. 65(b)(1) (emphasis added.) As the Supreme Court has noted, an ex parte temporary restraining order is justified in very limited circumstances:

The stringent restrictions imposed ... by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute. Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

*Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438-39 (1974) (internal citation omitted). Here, Plaintiff has not demonstrated any purported "immediate and irreparable" injury warranting an ex parte motion for a TRO that is related to this lawsuit. Nor has he demonstrated that he is "likely to succeed on the merits" on his claims, or that enjoining Defendant or this unknown adverse party is in the public interest.

/ / /

### B. Plaintiff Fails to Meet His Burden Under Federal Rule of Civil Procedure 65(b).

Plaintiff has failed to meet his burden under Fed. R. Civ. P. 65(b) to "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Plaintiff confusingly talks about notice given on March 4, 2024 to a phantom "adverse party" and a March 7, 2024 meet and confer in a separate case, but never gives notice to Defendant that he is planning to file a TRO. Plaintiff has failed provide notice to Defendant as required under the Local Rules, Federal Rules, and Judge's Procedures. Plaintiff makes more unintelligible assertions the adverse party is "not necessarily the named opponent." (Dkt. No. 138 at 5.) Defendant guesses that he means the adverse party whose notice is required may or may not defendant. This adverse party is not subject to jurisdiction of this Court in this matter as they are not a party to this case or related to this case. In sum, Plaintiff is seeking an injunction against a non-party that is not related to this case and because of that Plaintiff feels he does not need to give notice to Defendant Taylor or the County.

Additionally, Plaintiff has known since March 4, 2024 of the alleged eviction. Plaintiff's unexplained delay in seeking immediate injunctive relief militates against a finding of irreparable harm and against the issuance of a temporary restraining order. To the extent he addresses the immediacy of or potential harm against him, Plaintiff's claim is both conclusory and nonsensical: he seeks to enjoin an adverse party that will not be able to oppose the TRO in a matter that is unrelated to his alleged eviction "to stay the eviction until April 4, 2024." (Dkt. No. 138 at 1.) As framed by Plaintiff, the requested relief in the TRO would not have a legal or practical effect on his eviction as the adverse party is not a party to this matter and any bond would not be able to be used to pay non-rent owed by Plaintiff. What this truly is Plaintiff attempting a motion for re-consideration regarding this Court denying his motion for preliminary injunction on December 5, 2023. (Dkt. No. 105.)

This Court has already previously determined that Plaintiff failed to demonstrate he is likely to prevail on the merits of whether the denial of a permit for a solar farm constitutes a taking. This Court concluded that Plaintiff failed to meet his burden to show that a denial for a solar farm constituted a taking. *Id.* This Court noted that prohibiting solar farms while allowing some other uses would resemble a form of zoning, which is generally not considered a taking. *Id.* Given the stated purpose in the cited Municipal Code, Plaintiff failed to meet his burden at this stage to show that he is likely to succeed with respect to whether the restriction was not intended to promote "health, safety, morals, or general welfare." *Id.*

Like his previous three "motion for preliminary injunction," Plaintiff's TRO relies on disjointed, repetitive, and conclusory accusations of wrongful conduct, for which Plaintiff provides no supporting evidence. *See American Passage Media Corp. v. Cass Communications, Inc*., 750 F.2d 1470, 1473 (9th Cir. 1985) (reversing grant of preliminary injunction enjoining alleged antitrust violations based on conclusory affidavits); *Bascom Food Prods. Corp. v. Reese Finer Foods, Inc*., 715 F. Supp. 616, 624 & n.14 (D.N.J. 1989) (movant must offer proof beyond unverified allegations in pleadings in application for preliminary injunction).

Plaintiff claims that but for the government taking his property he would not be evicted. It is confusing and unclear whether plaintiff is being locked on March 18 or a judicial proceeding is beginning regarding the eviction, but one thing is clear and that is **the eviction has no relation to this matter**. Plaintiff's eviction is an independent event that involves plaintiff's non-payment of rent and does not share a nexus of facts with this matter. Plaintiff seeks to lead the Court down a slippery slope. Plaintiff's "but for" claim would be akin to a car accident plaintiff seeking a TRO from his landlord in a personal injury case because a car accident rendered the plaintiff unable to pay rent to his landlord. Plaintiff has also stated multiple times that he made $180,000 in 2022. (Dkt. No. 2.)

/ / /

Before a federal court can decide a case, there must be a case or controversy. (*U.S. Const. art.* III, § 2.) One component of this case or controversy requirement is standing. (*Get Outdoors II, LLC v. County of San Diego*, 381 F. Supp. 2d 1250, 1258 (2005) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).) To prove standing, Plaintiff must show: (1) ***an injury in fact***; (2) a causal connection between the injury and the defendant's conduct; and (3) a likelihood that the injury will be redressed by a favorable decision. (*Get Outdoors II, LLC*, 381 F. Supp. 2d at 1258; *Lujan*, 504 U.S. at 560-61.) (emphasis added.) Plaintiff does not have standing to allege a taking occurred on the Subject Property as it is owned by the Atlas, LLC and Steve Weera Tonasut and not by Clinton Brown. Plaintiff lacks standing to bring his cause of action and seek a TRO against Defendant because a limited liability company (the Atlas LLC) and Steve Weera Tonasut, and *not* Brown himself, suffered the harms alleged in this lawsuit. This Court has taken judicial notice of the Grant Deeds showing ownership of the Subject Property by the Atlas, LLC and Steve Weera Tonasut. (Case No. 2:23-cv-02972-MEMF-KS at ECF No. 18-2 and ECF No. 38.)

Lastly, Plaintiff seeks that the County post a $100,000 bond for his TRO, however, Plaintiff is the one that is required to provide the security when requesting a TRO. Rule 65(c) states "[t]he court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained. The United States, its officers, and its agencies are not required to give security." Plaintiff is the movant party here although Plaintiff's failure to show any likelihood of success on the merits and irreparable harm related to this matter are fatal to his TRO.

Because Plaintiff lacks standing and has not complied with the procedural requirements for a TRO, nor established that he will be irreparably harmed in connection with this matter, or likely to succeed on the merits of his claims, the Court must deny Plaintiff's TRO in its entirety.

7

## IV. CONCLUSION

Plaintiff's "emergency" motion for a TRO is entirely unsupported. Plaintiff makes no effort to explain the "emergency" requiring him to file the motion on an ex parte basis, or to comply with the procedural requirements for bringing such motion. Plaintiff fails to provide notice to Defendant despite telling the phantom "adverse party" on March 4, 2024 that he was going to file the TRO. Plaintiff makes no effort to demonstrate his likelihood of success on the merits of his claim, beyond repeating disjointed and conclusory claims without any supporting facts or evidence. Plaintiff fails to explain why injunctive relief is necessary in this case to prevent irreparable harm as it relates to this matter. Lastly, Plaintiff's entire TRO is confusing, unintelligible, and unsupported by competent evidence. The Court should deny the TRO in its entirety.

DATED: March 13, 2024      HURRELL CANTRALL LLP

By:      */s/ Jonathan Fang*
THOMAS C. HURRELL
JONATHAN FANG
Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING

8

**DECLARATION OF JONATHAN FANG, ESQ.**

I, Jonathan Fang, declare as follows:

1. I am an attorney duly licensed to practice before this Court and am an associate with Hurrell Cantrall LLP, attorneys of record for Defendant Clark R. Taylor. AICP. The Los Angeles County Department of Regional Planning herein. The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2. Defendant Clark Taylor and the County of Los Angeles have not initiated any action to evict Plaintiff from the Subject Property.

3. Plaintiff never provided notice that he was planning to file an ex parte application for a temporary restraining order (Dkt. No. 138) ("TRO").

4. Defense counsel did not learn of Plaintiff's TRO until it was filed on March 12, 2024.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 13, 2024 at Los Angeles, California.

*/s/ Jonathan Fang*

Jonathan Fang

9