Clinton Brown, Self-Represented
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-985-9935

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>　　　　　Defendant. | **No**. 2:22-09203-MEMF-KS<br><br>**Reply in Support of Application for TRO & Show Cause**<br><br>**Judge**: Honorable Maame Ewusi-Mensah Frimpong<br><br>**Time:** 10:00 A.M.<br><br>**Date:** 03/15/2024<br><br>**Place:** Courtroom 8B |

### REPLY IN SUPPORT OF APPLICATION FOR TRO & SHOW CAUSE

**NOTICE TO THE COURT**, with all due respect to my friend on the other side, the word ex parte means, "In its more usual sense, ex parte means that an application is made by one party to a proceeding in the absence of the other. Thus, a proceeding initiating a case is granted without the opposite party having had notice of the application. It would not be called ex parte if he had proper notice of it, *and chose not to appear to oppose it*.[1] See H. Campbell Black, A Dictionary of Law 446 (1st ed. 1891) (archived at https://archive.org/details/blacks-law-dictionary-1st-edition-1891_Petition-of-Right/page/445/mode/2up?q=%22ex+parte%22).[2] *Cf.* Adversary Proceeding:

---

[1] In this case, the filing of the action was not ex parte, as the Government had ample warning that an impending Federal lawsuit would be initiated. See ECF No. 115-5 at 17 & 18. Lo and behold, a late Answer. See ECF No. 10.

[2] Ex Parte: On one side only; by or for one party; done for, in behalf of, or on the application of, one party only. A judicial proceeding, order, injunction, etc., is said to be ex parte when it is taken or granted at the instance and for the benefit of one party only, and without notice to, *or contestation by, any person adversely interested*. †In its primary sense, ex parte, as applied to an application in a judicial proceeding, means that it is made by a person who is not a party to the proceeding, but who has an interest in the matter which entitles him to make the application. Thus, in a bankruptcy proceeding or an administration action, an application by A. B., a creditor, or the like, would be described as made ex parte A. B., e. g., on the part of A. B.

One having opposing parties; contested, as distinguished from an ex parte application; one of which the party seeking relief has given legal warning to the other party, and afforded the latter an opportunity to contest it. *Id.* at 44 & ECF No. 141. So, either the first edition of Black's Law Dictionary is 'old hat' from another era differing completely from what words mean today, or the Plaintiff is filing "immensely confusing, unintelligible and unsupported by competent evidence" submissions to this Court. *See* ECF No. 141 at 2. *In any case*, Standing Order § XI at 15 makes clear this Court has virtually unlimited discretion whether to consider an ex parte application or not. All Federal, Local and Standing Order Rules were followed down to the letter for this TRO & Show Cause Application. The Plaintiff is confident enough to save all parties time by asserting this TRO application as the application for preliminary injunctive relief, if a TRO should issue and the extension is not agreed by the adverse parties, until such time a hearing can be scheduled according to Rule 65(b)(3) & L.R. 65-1. *In any event*, the Government has been informed of the consequences that will follow once the Plaintiff is forcibly evicted from his home onto the streets by the County Sheriff. The Plaintiff will establish both a residence and business presence on the property in this Takings claim. It truly doesn't matter legally if the Government will then forcibly remove the Plaintiff from the property in this Takings Claim; a Fifth Amendment violation is irrevocable and there's nothing the Government can do to remedy that violation, but for paying Just Compensation with interest. (citations omitted).

### **The Cases the Government Cite Support the Plaintiff's Requested Relief**

If the Plaintiff had a dollar for every time the word 'procedure' or 'rule' was cited in the filings by the parties in these controversies, then the eviction would be moot. Procedure and rules are a place to hide to obscure the truth and dart the issue at hand, at least in this controversy. However, there will be a time when the Government will not be able to hide, and it will be exposed that the emperor has no clothes.[3] 42 U.S.C. § 1983 states, "*Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…subjects, <u>or causes to be subjected</u>, any citizen of the United States…the deprivation of any rights, privileges, or immunities secured*

---

[3] Hans Christian Andersen, The Emperor's New Clothes, in Fairy Tales Told for Children. First Collection. (1837).

*by the Constitution and laws*, *shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress*. (emphasis added) *See also* Mitchum v. Foster, 407 U.S. 225, 243-244 (1972) (concurring) (The Anti-Injunction Act does not apply to § 1983).

**Standing:** Congress clearly says what it says when it wants to say it. Though it does not suffice if the injury complained of is the result of the independent action of some third party not before the Court, that does not exclude injury produced by determinative or coercive effect upon the action of someone else. (*i.e.* Defendant) *See* Bennett v. Spear, 520 U.S. 154, 169 (1997) (quoting *Lujan*, 504 U.S. at 560-61) *Cf.* Bennett at 164, "any person may commence a civil suit" — an authorization of remarkable breadth when compared with the language Congress ordinarily uses. Thus, proper respect for Congress cautions Courts against lightly assuming that any of the statutory terms it has chosen to employ are "superfluous" or "void" of significance. *See* Department of Agriculture Rural Development Rural Housing Service v. Kirtz, No. 22-846, slip op. at 10 (U.S. Feb. 8, 2024). (*quoting* TRW Inc. v. Andrews, 534 U. S. 19, 31 (2001)).

**Proof:** In *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009), also cited by the Government, (ECF No. 141 at 4), has a more appropriate reading that the Plaintiff has the general burden of establishing the elements necessary to obtain injunctive relief, [not the sole bearer of the burden] as the Government has the burden of justifying the restriction on speech…or [fill in the blank]. It is absurdum to have an environmental project denied without reviewing an environmental report that was required for the application, and that the Plaintiff spent thousands upon thousands of dollars to conduct just to have the Government not even review it or consider the report for its decision on the project. *See* ECF No. 10 at 2.

**Procedure:** Rule 65(a)(1) states, [t]he Court may issue a preliminary injunction only on notice to the adverse party. Per Black's Law Dictionary, whether in 1891 or 2024, the Government was notified as soon as the Court was notified via ECF. The adverse party's attorney was notified on March 4, 2024, at 8:21 P.M. and was also notified of ECF No. 140 at the time of the order. As a member of the bar the adverse party's Counsel has a responsibility to inform their clients. The Plaintiff has notified all parties above and beyond what Rule 65 requires. Rule 65 doesn't require

an L.R. 7-3 meet and confer and instead, at least with Hon. MEMF, the party must contact the CRD for a date to be heard if a preliminary injunction is sought. This motion is for a TRO which will be followed as an application for preliminary injunction either if denied or granted. *See* L.R. 65-1. (This is where the law gets a little tricky about whether a denial of a TRO is an appealable order, however, we will cross that bridge when and if it comes). *In any event*, if the TRO is denied the Court may set the hearing on the order to show cause without regard to the twenty-eight (28) days notice of motion requirement of L.R. 6-1. Thus, a preliminary injunction could be filed when the Plaintiff is removed by the Government from his current home or when he sets up his residence and business at the property in this controversy. It will surely be reported to the authorities that two men and a dog are residing in a Range Rover on property located in a highly trafficked area of Calabasas. The West was once wild, with all our ancestors living off the land. Growing up in Missouri, I've learned a thing or two about that lifestyle. Similarly, in 2024, the Plaintiff and his family will experience something akin to this without an equitable intervention by this Court.

**Rules:** The Complaint is verified.[4] For the love of God, can this Court please confirm ECF No. 1 is verified or let the Plaintiff certify, verify, state, swear, give a blood oath as to each letter of every word, and every mistake as well.[5] *See* ECF No. 141 at 4. What about Rule 40? *See* ECF No. 116 at 5. Affidavit:[6] A written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before an officer having authority to administer such oath. An affidavit is a written declaration under oath, made without notice to the adverse party. Code Civ. Proc. Cal. § 2003; Code Civ. Proc. Dak. § 464. An affidavit is an oath in writing, sworn before and attested by him who hath authority to administer the same.

---

[4] The Court mandates that if the filing fee cannot be paid at the start of the action, an In Forma Pauperis (IFP) application must be filed. The form includes a perjury statement, which, when electronically filed along with the Complaint, serves as an undeniable confirmation that the Complaint is verified. *See* ECF No. 118 at 10 n. 8.

[5] Every pleading which is required to be sworn to by statute, or these rules, may be verified before any justice or judge of any court of the United States, or of any State or Territory, or of the District of Columbia, or any clerk of any court of the United States, or of any Territory…or any notary public. *See* J.L. Hopkins, New Federal Equity Rules 167 (1912). (https://archive.org/details/newfederalequit00hopkgoog/page/n190/mode/2up?q=verified)

[6] *See* H. Campbell Black, A Dictionary of Law 49 (1st ed. 1891) (archived at https://archive.org/details/blacks-law-dictionary-1st-edition-1891_Petition-of-Right/page/49/mode/2up?q=affidavit)

1 Mich. N. P. 139. *An affidavit is always taken ex parte*,[7] and in this respect, it is distinguished from a deposition, the matter of which is elicited by questions, and which affords an opportunity for cross-examination. *See also*, 28 U.S.C. § 1746. (affidavit…with like force and effect…). If the Government wants an "affidavit", then look no further than ECF No. 126. Last, Congress commands § 1746.

**Judicial Notice:** The Government also cites, *American Passage Media Corp. v. Cass Communications, Inc*., 750 F.2d 1470, 1473 (9th Cir. 1985). Close, but no cigar here. If anything, the Clayton Act should apply to the Government's choke hold on Plaintiff's property. *See* ECF No. 138 at 2, a. The Plaintiff has requested Judicial Notice multiple times after receiving various outrageous correspondences from the Government that are unquestionably from a source that cannot be seriously questioned. However, the Government can't answer a straight-up question if it sent the harassing letters. Furthermore, altering Government documents is a serious crime. *See* 18 U.S.C. § 1623.

**Unserious Questions:** The Government cites *Stuhlbarg Intl Sales Co. v. John D. Brush & Co*., 240 F.3d 832, 839 n.7 (9th Cir. 2001) in which the Plaintiff agrees that loss of client goodwill is irreparable harm. However, this TRO motion is separate from the Preliminary Injunction that was sought and that is currently pending before the Ninth Circuit. In any event, the cited case predates *Winter & Nken* and the "serious questions" test has been repudiated.[8] *See* Baird v. Bonta, 81 F.4th 1036, 1042 (9th Cir. 2023) (en banc denied). *cf.* American Trucking Ass'ns Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Also cited by Defendant in *accord with American Trucking* is Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009). The Government also cites a non-Constitutional case where all *Winter* factors do not need be evaluated like in this TRO motion. *Center for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011).

---

[7] There's that word again.
[8] If it hasn't then it is certainly on its way out, at least in Constitutional cases. The Plaintiff asks the Court not to evaluate this TRO under the negated 'serious questions' standard.

**<u>Conclusion</u>**

In *Bascom Food Prods. Corp. v. Reese Finer Foods, Inc.*, 715 F. Supp. 616, 624 & n.14 (D.N.J. 1989), this Government cited case is, once again, about 'serious questions'[but] the only real serious question in this case is, if indeed, the Plaintiff doesn't own the property, isn't being forced out on the streets because he can't use his property, doesn't have a Constitutional leg to stand on in his claim, then what the hell are we doing here folks? The wheels of justice may turn slow, but at some point, you *must* swing for the fences.

**THEREFORE**, derived from its equitable powers granted by Congress, the Court *must* issue this TRO immediately. *See* ECF No. 138-1.

[ *Intentionally Left Blank*]

**Certification of Rule 65(b)(1)(A) and (B) Pursuant to L.R. 65-1**

[Landlord's] Adverse Party's Counsel was notified on March 12, 2024 of the TRO hearing order [ECF No. 140] in Federal Court, in addition to ECF Nos. 141 & 142. A declaration setting forth the facts pursuant to 42 U.S.C. § 1746 and L.R. 65-1 is stated within.

"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct."

Dated: 03/14/2024

9

/s/ *Clinton Brown*, Self-Represented
Clinton Brown
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-985-9935

CC: All Counsel of Record (via ECF) on March 14, 2024

Pursuant to L.R. 7-19 & 7-19.1 the following Adverse Party's attorney was notified via email on March 14, 2024 at the time of the ECF filing.

Steven J. Siebig, Esq.
Steven J. Siebig Law Office
27451 Tourney Rd., Suite 280
Valencia, CA 91355
818-488-6450 office
818-488-6483 facsimile
losjs@sbcglobal.net

Per Court Order [ECF No. 140]
The Landlord described in ECF No. 138:
Diane & Abe Cohen
336 Bellino Dr.,
Pacific Palisades, CA 90272
(650) 483-7827
abecohen@yahoo.com
California Superior Court Case No. 23-SMCV-05475
*See* ECF No. 110 at 2, i.

---

[9] *See* William Shakespeare, The Merchant of Venice, Act 4, Scene 1, ll. 312-314 (circa 1596-1598).