DAWYN R. HARRISON, County Counsel
STARR COLEMAN, Assistant County Counsel
THOMAS R. PARKER, Senior Deputy County Counsel
(SBN 141835) • TParker@counsel.lacounty.gov
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-1834
Facsimile: (213) 613-4751

Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Jonathan Fang, State Bar No. 279106
E-Mail: jfang@hurrellcantrall.com
HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>    Defendants. | Case No. 2:22-cv-09203-MEMF-KS<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S FED. R. EVID. 706(c)(1) MOTION FOR COURT APPOINTED EXPERT**<br><br>Judge: Karen L. Stevenson<br><br>Assigned to:<br>Hon. Maame Ewusi-Mensah Frimpong<br>Courtroom "8B"<br><br>Magistrate Judge Karen L. Stevenson<br>Courtroom "580" |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant, Defendant Clark Taylor, in his official capacity as an employee of the County of Los Angeles Department of Regional Planning, submits the following opposition to Plaintiff, Clinton Brown's Motion for Court Appointed Expert under Fed. R. Evid. 706.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTS

This is an action brought by plaintiff Clinton Brown ("Plaintiff") against Defendant Clark Taylor ("Defendant"), in his official capacity as an employee of the County of Los Angeles Department of Regional Planning, because Taylor for denied his application on October 12, 2021 on the grounds that utility-scale solar facilities ("solar farm") are not allowed in Significant Ecological Areas ("SEA") per the County's GIS mapping and thus violated his constitutional rights. Specifically, Plaintiff's single cause of action against Defendant Taylor alleges "the actions of inverse eminent domain constituted a taking of private property without just compensation and thus violated Fifth Amendment rights." (Dkt. No. 1 at 7.)

## II. A COURT APPOINTED EXPERT IS NOT WARRANTED UNDER FEDERAL RULE 706.

### A. Courts Should Not Interfere In The Adversarial Process By Appointing Court-Ordered Expert Witnesses Absent Extraordinary Circumstances.

Although Rule 706 clearly gives the Court the ability to appoint expert witnesses, judges have been reluctant to invoke this Rule. (Fed. Evid. 706 advisory committee's note.) "The use of court-appointed experts under Rule 706 is relatively infrequent and... most judges view the appointment of an expert as an extraordinary activity that is appropriate only in rare instances." (*Tangwall v. Robb*, 2003 WL 23142190, at *4 (E.D. Mich. 2003).) This is because, "generally speaking, the trial court can rely on the parties and the adversary system to reach the truth fairly by calling their own experts." (*Applegate v. Dobrovir, Oakes & Gebhart*, 628 F. Supp. 378, 383 (D. D. C. 1985); *Avatar Techs. v. Adacom Corp.*, 1986 U.S. Dist. LEXIS 16206, at *2 (D. Kan. 1986) ("Rule 706 has been noticeably disregarded by federal district judges. As a group, they remain committed to adversarial responsibility for presenting evidence.")

"The adversary process plays an indispensable role in our system of justice because a debate between adversaries is often essential to the truth-seeking function of trials." (*In re: Kensington Int'l Ltd.*, 368 F.3d 289, 310 (3d Cir. 2004); *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) "The system assumes that adversarial testing will ultimately advance the public interest in truth and fairness.") It is simply "against the common-law tradition for the court to get involved in the process of actually digging out evidence." (4 Weinstein's Fed. Evid. § 706.02.) District courts generally "rely on the parties and the adversary system to reach the truth fairly by calling their own experts." (Fed. Evid. 706, Commentary.)

In addition, there is a well-recognized and justifiable concern that the appointment of an expert witness by the Court - who will inevitably testify in favor of one side or the other - creates problems because it may signal to the jury that the Court endorses a particular opinion and favors a particular side. (Fed. Evid. 706 advisory committee's note ("because of the justifiable concern that the appointment of an expert witness by the Court will be outcome-determinative, Judges have generally been reluctant to invoke this Rule."); see also Fed. Evid. 706 advisory committee's note (noting that Court-appointed experts may "acquire an aura of infallibility to which they are not entitled"); 4 Weinstein's Fed. Evid. § 706.02[1] ("it is the responsibility of the parties to produce the evidence while the court looks on to assure that the rules are followed.").) The Court appointment of experts also requires the Court to superintend the process, including deciding who the experts should be, what they should do, when and how they should do it, how much they should be compensated and by whom. For these reasons too, Courts generally "steer clear of a problem that they do not have to create in the first place." (4 Weinstein's Fed. Evid. § 706.02.)

Courts appoint independent experts in only extraordinary circumstances because an independent expert increases the burdens on the trial judge, increases the costs to the parties, and interferes with adversarial control over the presentation of

3

evidence. (Wright, Federal Practice & Procedure, § 6304, citing Cecil and Willging, Court-Appointed Experts, Federal Judicial Center Reference Manual on Scientific Evidence, 1994, p. 542.) **Court-appointed experts are used only in the rare situations where a case involves subject matter so complex or esoteric that it is beyond ability of the trier-of-fact to understand the evidence without expert assistance.** If the parties' expert witnesses can reliably educate the jury, there is no need for a court-appointed expert, even if the subject matter is complex. (See *Mallard Bay Drilling, Inc., v. Bessard*, 145 F.R.D. 405 (W.D. La 1993).)

### B.  Extraordinary Circumstances Do Not Exist.

Courts generally decline to appoint court-ordered expert witnesses except under "compelling circumstances," which do not exist here. (*Applegate*, 628 F. Supp. at 383; see also *J& M Turner v. Applied Bolting Tech. Prods.*, 1997 U.S. Dist. LEXIS 1835, *59-60 (E.D. Pa. 1997) (denying Rule 706 motion, judge was "not persuaded that the parties should not simply retain their own experts).)

The following factors should be considered by a court in deciding whether to grant a party's request for a neutral court-appointed expert witness: (1) whether expert testimony is necessary or significantly useful for the trier of fact to comprehend a material issue in a case; (2) whether the moving party has produced some evidence, admissible or otherwise, that demonstrates a serious dispute that could be resolved or understood through expert testimony; (3) whether certain circumstances or conditions of a party limit the effectiveness of the adversary process to result in accurate factfinding; and (4) whether the legal basis of plaintiff's claim entitles him to special consideration by the courts. (Fed. Rule 706, *28 U.S.C.A.)*

Plaintiff has not articulated any exceptional circumstances necessitating appointment of an expert witness. Plaintiff has not made any arguments that the issues in this case are so complex as to require an independent expert to advise the Court, additionally, this is not the case. Parties routinely hire their own expert witnesses to opine on the valuation of real property in a takings case. Notably absent from

Plaintiffs motion is any attempt to explain why he cannot and should not simply hire his own expert to opine on these straightforward issues. Instead, Plaintiff is essentially asking this Court to appoint an expert to testify on his behalf. The appointment of an expert witness for Plaintiff under Rule 706 "would be tantamount to the Court assisting [him] in proving his case .... Rule 706 was not designed to provide such relief to a litigant." (*Tangwall v. Robb*, 2003 U.S. Dist. LEXIS 27128 *12 (E.D. Mich. Dec. 23, 2003) (denying a Court appointed expert to a pro se litigant in a legal malpractice action).)

### C. Plaintiff's Motion Should Be Denied Because This Case Does Not *Involve Complex Scientific Or Medical Issues.*

To the extent that the plaintiff is seeking the appointment of an expert witness to testify about or opine based upon the underlying facts of the case, such an appointment is unnecessary and inappropriate here. Under F.R.E. 706(a), "'[t]he determination to appoint an expert rests solely in the Court's discretion and is to be informed by such factors as the *complexity of the matters to be determined and the Court's need for a neutral, expert view.*'' *Pabon v. Goord,* No. 99CIV5869WHPTHK, 2001 WL 856601 at *1 (S.D.N.Y. July 30, 2001) (italics added) (denying request for court-appointed expert and holding that the determination of whether prison official knew of excessive risk to inmate's health ''''does not involve "probing, complex questions concerning medical diagnosis and judgment.' ''). *See also Bowers v. Gomez,* 178 F.3d 1299 (TABLE), 1999 WL 311247, No. 98-55014 (9th Cir. May 12, 1999) (affirming District Court's denial of appointment of expert where case did not involve '' "complex scientific evidence or issues''). ''"Generally, if *scientific, technical or other specialized knowledge* will assist the trier-of-fact to understand the evidence or decide a fact in issue, a court will utilize expert witnesses.'' *Ledford v. Sullivan,* 105 F.3d 354, 359 (7th Cir. 1997) (italics added) (affirming denial of 706(a) Court-appointed expert because determining deliberate indifference was not so complicated as to require an expert).

The case at bar is a relatively simple dispute concerning whether or not by denying plaintiff's application for a solar farm a taking occurred. There is nothing complicated in a scientific, technical or other way which would require a Court-appointed expert. Nor does Plaintiff cite any case where the Court appointed an expert witness to assist with the valuation of a property. Additionally, each side can present its own evidence as to the valuation of the property. In sum, there is no legal support for plaintiff's motion.

### D. Plaintiff's Motion Is, At Best, Premature.

Pending in front of the Court is Defendant's Motion for Summary Judgment (Dkt. No. 82.), which has been fully briefed and taken under submission on January 18, 2024. (Dkt. No. 125 at 4.) If the Court is not inclined to deny Plaintiff's Motion outright, it should at least defer acting on the Motion until after the ruling of the Motion for Summary Judgment.

## III. CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiff's request for a Court appointed expert witness.

DATED: March 15, 2024  Respectfully submitted,

HURRELL CANTRALL LLP


By: _/s/ Jonathan Fang_
THOMAS C. HURRELL
JONATHAN FANG
Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING

6