O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNT DEPARTMENT OF REGIONA PLANNING,<br><br>　　　　　　　　Defendant. | Case No.: 2:22-09203-MEMF-KS<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER [ECF No. 138]** |

Before the Court is an *Ex Parte* Application for a Temporary Restraining Order filed by Plaintiff Clinton Brown. For the reasons stated herein, the Application is DENIED.

**I.　　Factual and Procedural History**

The factual background of this action is described in greater detail in the Court's previous Order Denying Preliminary Injunction. *See* ECF No. 105 ("PI Order"). To briefly restate facts[1] relevant to this Order, Plaintiff Clinton Brown ("Brown") is an individual who sought to develop a

---

[1] Except where otherwise indicated, these facts are derived from the allegations in the Complaint (ECF No. 1, "Compl."), and from the Court's PI Order (ECF No. 105) which similarly cited to the Complaint. The Court makes no finding on the truth of these allegations and includes them only as background.

solar farm at a property on Agoura Road (the "Agoura Property") in unincorporated Los Angeles County. *See* PI Order at 2. Defendant Clark Taylor ("Taylor") is a "Senior Planner" for the Los Angeles County Department of Regional Planning ("LACDRP"). *See id.* Taylor, in his official capacity on behalf of LACDRP, rejected Brown's application for a proposed solar farm on the Agoura Property. *See id.*

Brown filed suit alleging that the denial of the permit was a taking, requiring compensation under the federal constitution. *See* Compl. Brown filed a series of motions for injunctive relief regarding this alleged constitutional violation in 2023. *See* ECF Nos. 42, 59, 62; *see also* PI Order at 3–4 (describing procedural history). On December 5, 2023, the Court issued its PI Order, which denied Brown's various motions. *See* PI Order. The Court held that "Brown [had] failed to meet his burden of showing that the County's prohibition on solar farms is likely to constitute a taking," and thus found that Brown had not made the showing of a likelihood of success on the merits which is a requirement for injunctive relief. *See* PI Order at 8–10. The Court further found that Brown failed to show irreparable harm or that the balance of equities tipped in his favor, two of the remaining three requirements. *See id.* at 10–11. The Court did not reach the final requirement. The Court also noted in its Order that the County's position is that "while the County would have the right to prohibit the construction of any structure on the Agoura Property, it has not done so, and at present only prohibits Brown from constructing a solar farm." *See id.* at 9.

Brown appealed the Court's PI Order, and the appeal is currently pending. *See* ECF No. 108 (Notice of Appeal); *see also Brown v. Taylor*, Ninth Circuit Case No. 23-4131. Brown filed a Motion to Stay this action pending his appeal, which is set for hearing before this Court on April 4, 2024. *See* ECF Nos. 116 (Motion to Stay), 130 (Order setting hearing date). Brown also filed a Motion for Costs[2] which is currently pending. *See* ECF No. 137. Brown noticed the Motion for Costs for a hearing on April 4, 2024, but the assigned Magistrate Judge (who will handle that

---

[2] The Motion for Costs seeks costs purportedly related to opposing a Motion to Compel filed by Taylor, which the Court denied. *See* ECF Nos. 137 (Motion for Costs), 112 (Order Denying Motion to Compel).

1  Motion) vacated the noticed hearing and set a briefing schedule on March 12, 2024. *See* ECF No.
2  139.
3        Brown filed the instant *Ex Parte* Application for a Temporary Retraining Order on March 12,
4  2024. ECF No. 138 ("Application" or "Appl."). Alongside his Application, Brown filed a Proposed
5  Order, but no supporting declaration or exhibits. *See* ECF No. 138-1. Brown's Application states that
6  he will be evicted from his house[3] on March 18, 2024, and that he will be forced live at the Agoura
7  Property. *See* Appl. at 2. Brown's Application requests that the Court: (1) order the "Government" to
8  post a $100,000 bond with this Court, which Brown states is "equal to the amount owed in back rent
9  to the landlord"; (2) order the landlord to stay the eviction until April 4, 2024 (which Brown
10 describes as the date that both his Motion for Stay and Motion for Costs will be heard); and (3)
11 "order the Government to state, in writing, whether the Plaintiff & his family can live" at the Agoura
12 Property. *See* Appl. at 1.
13       On March 12, 2024, the Court issued at Order acknowledging that Brown had filed his
14 Application and setting an accelerated briefing schedule and hearing date. ECF No. 140. The Court
15 also ordered that Brown's Reply in support of his Application must "(1) identify the landlord
16 described in the Application, and (2) advise the Court as to whether there is any pending litigation,
17 including eviction proceedings, between Brown and the landlord in any forum, including state or
18 federal court." *Id.* Taylor filed an Opposition to the Motion on March 13, 2024. ECF No. 141
19 ("Opposition" or "Opp'n"). Brown filed a Reply in support of the Motion on March 14, 2024.[4] ECF
20 No. 142 ("Reply"). The Court held a hearing on the Application on March 15, 2024.

**II.   Applicable Law**

The legal standard for a temporary restraining order is substantially similar to the standard
for a preliminary injunction. *See Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.*,

---

[3] At the hearing, Brown confirmed that the property he expects to be evicted from is a distinct property from the Agoura Property.

[4] In his Reply, Brown identified his landlord and the case number of his unlawful detainer case currently pending in Los Angeles Superior Court. ECF No. 142 at 7. At the hearing, Brown explained that the unlawful detainer is scheduled for a bench trial March 18, 2024.

240 F.3d 832, 839 n.7 (9th Cir. 2001).

A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Id.* at 20 ("Winter Test"). Under the "serious question" approach adopted by the Ninth Circuit,[5] a party may win an injunction by showing "that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

At this stage, the Court is only determining whether Brown met his burden for a TRO. *See Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League,* 634 F.2d 1197, 1200 (9th Cir. 1980). Accordingly, the Court is not making a final decision on the merits of any claim, nor is it a decision on the merits of the factual assertions either party made in support of any claim. *See id.*

///

---

[5] The Court notes that in his Reply, Brown asserts that the serious questions approach has been "repudiated" by more recent Ninth Circuit case law, and Brown "asks the Court not to evaluate this TRO under the negated 'serious questions' standard." ECF No. 142 at 5. The authorities Brown cites do not show any repudiation of the serious questions test. First, *Baird v. Bonta* held that a district court should not deny a motion for preliminary injunction based on analyzing only the third and fourth *Winter* requirements (balance of equities and public interest) without analyzing the plaintiff's likelihood of success on the merits, because "a finding that a plaintiff is likely to succeed on the merits of a constitutional claim impacts the other *Winter* factors." *Baird v. Bonta*, 81 F.4th 1036, 1041–42 (9th Cir. 2023). *Baird* did not discuss or repudiate the serious questions approach. Second, Brown cites *American Trucking Associations, Incorporated v. City of Los Angeles*, which predates *Alliance for the Wild Rockies* and therefore cannot have repudiated it. *See Am. Trucking Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

The serious questions approach is an alternative means by which a plaintiff may *win* an injunction, it is not a means to *deny* an otherwise meritorious application for an injunction. Under the traditional *Winter* test, a party seeking an injunction must show all four factors, including a that the party is "is likely to succeed on the merits." *See Winter*, 555 U.S. at 24. The serious questions alternative approach allows a party seeking an injunction to potentially prevail even absent this showing. Even if the party cannot show a "likelihood" of success on the merits, the party may win an injunction by showing there are "serious questions" going to the merits (a lower bar than likelihood of success), so long as the other requirements are met. *See Alliance for the Wild Rockies*, 632 at 1135. In other words, applying the serious questions test as a potential alternative to the typical approach makes it potentially *easier* for Brown to show that he is entitled to the relief he seeks.

### III. Discussion

The Court finds that Brown has not shown a likelihood of success on the merits of this action as defined by his Complaint, and so the Court cannot grant Brown the temporary retraining order he seeks. Further, there are procedural limitations that prohibit the Court from enjoining the ongoing eviction proceedings in state court. For these reasons, the Application is DENIED.

#### A. For the same reasons described in the previous PI Order, Brown has not made the required showing for a temporary restraining order.

The Court previously denied Brown's request for a preliminary injunction, finding that Brown had not shown a likelihood of success on the merits, among other findings. *See* PI Order. Nothing in Brown's Application compels a different finding here. Brown has not shown a likelihood of success on the merits, or even raised serious questions as to the merits.

The core of Brown's claims in this action is that the County's restrictions prohibiting Brown's proposed solar farm on the Agoura property constitute a taking. *See* Compl. As discussed in further detail in the Court's PI Order, not all restrictions on land use constitute a taking requiring compensation. A regulation that "deprives land of all economically beneficial use" will generally be a taking. *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1027 (1992). But "zoning laws" and other similar regulations that prohibit *certain* uses but not other uses are not takings. *See Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 123 (1978). For the same reasons as before, Brown has not shown a likelihood of success as required on his claims as pleaded.

Brown's Application touches on one new point not raised in the previous Motion for a Preliminary Injunction—Brown's Application makes reference to two requests for judicial notice[6] he filed, which purportedly show that the County sent letters to Brown stating that he needed to remove a large sign[7] advertising new "Smart Homes" from the Agoura Property. *See* Appl. at 2. Even assuming the County prohibits this, this would still resemble zoning, and would not be a

---

[6] These requests for judicial notice are not before the Court in this Order, and so the Court need not rule on them. The Court will assume for the purposes of this Order that Brown's assertion—that the County does not allow him to erect a large sign akin to a billboard on the Agoura Property—is true.

[7] Per the County's letter, the sign is "24 feet by 6 feet two inches." *See* ECF No. 114 at 3.

regulation that "deprives land of all economically beneficial use." *See Lucas v. S.C. Coastal Council*, 505 U.S. at 1027.

At the hearing, Brown clarified that, in his view, there is an additional taking that has occurred: the County does not allow Brown to live on or develop housing on the Agoura Property.[8] Counsel for Taylor confirmed as such at the hearing, stating that the relevant County Ordinance prohibits any improvements to the Agoura Property, and does not only prohibit solar farms.[9] But this is not included in Brown's Complaint. Courts generally cannot grant preliminary injunctions or temporary restraining orders based on conduct that is distinct from that alleged in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "Though new assertions of misconduct might support additional claims against a defendant, they do not support preliminary injunctions entirely unrelated to the conduct asserted in the underlying complaint." *Id.* "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally." *Id.* Here, a takings claim based on denial of the right to build a solar farm is significantly distinct from a taking claim based on the denial of the right to build housing or live on a property. Brown's Complaint sought, among other relief, an Order that Taylor should sign forms approving the construction of a solar farm, and did not seek any Order that Taylor should approve the construction of housing. The Court finds that an Order relating to the right to build housing is too attenuated from the relief sought in the Complaint to be appropriate. This decision is without prejudice as to Brown's right to amend his complaint (assuming he meets the required

---

[8] Taylor asserts in his Opposition that Brown does not actually own the Agoura Property, and that it is instead owned by Atlas, LLC (an entity that the Court understands Brown to own and control) and Steve Weera Tonasut (a business associate of Brown's whose trust Brown is suing in other pending litigation before this Court). *See Clinton Brown v. Emil Assentato*, No. 23-02972, ECF No. 38 (C.D. Cal. Dec. 6, 2023) (Order granting Motions to Dismiss with leave to amend).

Taylor argues that this results in Brown lacking standing to bring this suit. The record before this Court does not support these assertions, and so the Court will not decide the Application on this basis or dismiss the case for lack of standing at this time. But this Order is without prejudice as to Taylor's right to bring a Motion to Dismiss the action for lack of subject matter jurisdiction as a result of Brown's purported lack of standing.

[9] The Court finds that this statement essentially moots the second form of relief Brown seeks here—a request that the government clarify whether Brown may live on the Agoura property. *See* Appl. at 1.

standard for amending) and later seek relief related to the denial of the right to build housing at the Agoura Property.[10]

The Court need not reach the other factors. The Court also need not reach Taylor's arguments that the Application is procedurally improper. *See* Opp'n. Brown has not shown a likelihood of success on the merits on the operative version of his Complaint, or raised serious questions as to the merits, and so his Application is DENIED.

### B. There are other issues with Brown's requested relief.

There is another serious defect with Brown's Application—Brown seeks to enjoin eviction proceedings currently pending in state court brought by his landlord who is not a party to this action. This is improper.

The Court ordered Brown to, in his Reply, identify the landlord and state what, if any proceedings are ongoing. *See* ECF No. 140. Brown's Reply identified the landlord by name (*see* Reply at 7) and provided the case number for the pending unlawful detainer action. *See* Reply. The identification of the landlord confirms that the landlord is not a party to this action. The Court cannot issue a temporary restraining order that would bind a landlord who is neither a party to this action nor acting in concert with any party to this action.[11]

Under Federal Rule of Civil Procedure 65, an injunction may only bind the following categories of individuals or entities: "the parties;" "the parties' officers, agents, servants, employees, and attorneys;" and "other persons who are in active concert or participation with anyone" who fits in to the previous two categories. *See* Fed. R. Civ. P. 65(d)(2). There is no indication that the landlord is any of these. And so, the Court cannot issue an injunction that would bind the landlord.[12]

---

[10] In order to prevail, Brown will also need to show that the right to build housing was "part of his title to begin with." *See Lucas*, 505 U.S. at 1027. The Court understands that Taylor has argued that when Brown purchased the property, these restrictions already existed and Brown was aware of them. The Court makes no finding on this issue at this time.

[11] Brown conceded at the hearing that Taylor and the County are not working together with the landlord seeking to evict Brown, and that the connection between them is instead one of "cause and effect."

[12] The Court is also particularly reluctant to do so as it would appear to interfere with state proceedings. *See Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 90 S. Ct. 1739, 26 L. Ed. 2d 234

1  This provides an additional basis upon which the Court must deny this request in Brown's
2  Application. Although the Court acknowledges Brown's observation that "[b]eing uprooted and put
3  into the street is a traumatic experience," Mot. at 4, the Court is powerless to prevent it on the record
4  here.

### IV. Conclusion

Brown's Application sought not only a Temporary Restraining Order, but also an Order to Show Cause as to why a Preliminary Injunction Should Not Issue. *See* Appl. In light of the Court's denial of Brown's request for a Temporary Restraining Order, an Order to Show Cause shall not issue. However, this denial is without prejudice as to Brown's right to seek a preliminary injunction via a further motion. Should Brown wish to move to for a preliminary injunction, Brown must meet and confer with Defendants, agree upon a reasonable briefing schedule for such a motion, and file a joint stipulation as to the briefing schedule and a proposed hearing date.

For the reasons stated herein, Brown's Application is DENIED.

IT IS SO ORDERED.

Dated: March 15, 2024                            _____
                                                  MAAME EWUSI-MENSAH FRIMPONG
                                                       United States District Judge

---

(1970) ("Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately this Court."); *see also* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").