Clinton Brown, Self-Represented
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-882-0652

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLINTON BROWN,<br><br>        Plaintiff,<br><br>    vs.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>        Defendant. | **Case No**. 2:22-cv-09203-MEMF-KS<br><br>**Reply to Fed. R. Evid. 706(c)(1) Motion**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Magistrate:** Karen L. Stevenson<br><br>**Hearing Date:** Vacated [ECF No. 136] |

      **NOTICE TO THE COURT**, the County's position is that the property in this controversy has substantially decreased in value since the 1980's, even though it is beyond any need for judicial notice & reality, that in fact, the opposite is true for property values in Calabasas. *See* ECF No. 38 at 7-11.[1] An untethered from reality claim such as that, in and of itself, is a curveball that requires a specialized court-appointed appraiser; to not only investigate the public assessments and tax records, but also to look at the value at the time of the alleged Taking on October 11, 2021. *And* contrary to the Government's assertion, Congress sets the framework for court-appointed expert witnesses in the Federal Rules of Evidence…involving Just Compensation under the Fifth Amendment…not the County. *See* Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 n. 6 (1993). [Common Law of Evidence][2] was superseded by the adoption of the Federal Rules of Evidence. *Id*. 587 n 5. [The Courts] interpret the *legislatively enacted* Federal Rules of Evidence as any statute. (emphasis added). *See* Beech Aircraft Corp. v. Rainey, 488 U. S. 153, 163 (1988). Courts begin with the language of the Rule [706(c)] itself. *Id.*

---

[1] In 1985 the County's own assessment valued the property at $8,376,250 & in 2022 at $279,867. It doesn't take a mathematician to know that 1 plus 2 is not 4.

[2] "In principle, under the Federal Rules no common law of evidence remains…" *See* United States v. Abel, 469 U.S. 45, 51-52 (1984) (*quoting* Cleary, Preliminary Notes on Reading the Rules of Evidence, <u>57 Neb. L. Rev. 908, 915 (1978)</u> (footnote omitted).

**Fed. R. Evid. 706(c)**

(c) **Compensation.** The expert[3] is entitled to a reasonable compensation, as set by the court. The compensation is payable as follows:

(1) in a criminal case *or* in a civil case involving[4] just compensation under the Fifth Amendment, from any funds that are provided by law; *and*

(2) in any other civil case, by the parties in the proportion and at the time that the court directs — and the compensation is then charged like other costs. (emphasis added).[5]

In law, there are two types of cases or controversies: criminal *or* civil.[6] (emphasis added). Congress chose to put a criminal *and* a civil case involving Just Compensation under the Fifth Amendment in the Federal Rules of Evidence as the same type of case. It should be clear to this Court *or* for any person in the Western world that civil *and* criminal cases do not carry the same consequences. (emphasis added). Thus, Congress, *infra*, specifically created a mechanism for costs to be charged to the sovereign. In other words, only in a criminal *or* Fifth Amendment Takings case, may an expert be appointed, "from *any* funds that are provided by law." (emphasis added).[7]

Congress thus used an "or" to signify that being any one of those things is…[qualifying]. *See* Pulsifer v. United States, No. 22–340, slip op. at 25 (U.S. Mar. 15, 2024). This controversy just happens to be "a civil case involving just compensation under the Fifth Amendment." *See* ECF No. 1. Congress then connecting subparagraph 2 uses the word "and" to then say "in *any* other civil case…proportion…charged like other costs. (emphasis added). "And," in grammatical terms, is of course a conjunction— a word whose function is to connect specified items…[T]he word "and," each might say, means…well, and. *Id.* at 7. No grammatical principle precludes [that]

---

[3] An expert is a skillful or experienced person; a person having skill or experience, or peculiar knowledge on certain subjects, or in certain professions... *See* Black's Law Dictionary 461 (1st ed. 1891).
[4] "Involving," defined as "enveloping; implying; comprising; entangling; complicating" *See* N. Webster & H. Howe, An American Dictionary of the English Language 998 (S. Converse 1st ed. 1828) (available at archive.org).
[5] *Cf.* Federal Rules of Evidence, Pub. L. No. 93-595, 88 Stat. 1938 (1975) at 13 (archived at https://perma.cc/7E5K-3MW9 on March 25, 2024) (*i.e.* 706(b) was one paragraph, not two & was not subparagraph c.
[6] Without going down a rabbit hole and just looking at the law for purposes of the Federal Rules of Evidence in Federal Courts, it boils down to this, jail *or* no jail. (emphasis added).
[7] *See* Comptroller General of the United States, B-139703, Payment of Court-Appointed Expert Witness—Criminal Proceeding at 1-4 (Mar. 21, 1980) (archived https://perma.cc/3M8D-VFYP on March 25, 2024). *See also*, United States ex rel. TVA v. 109 Acres of Land, 404 F. Supp. 1392, 1393 (E.D. Tenn. 1975).

understanding of what Congress wrote. *Id.* at 11. Statutes aren't games or puzzles but "instruments of a practical nature, founded on the common business of human life…and fitted for common understandings." 1 J. Story, Commentaries on the Constitution of the United States §451, p. 437 (1833).[8] For that reason, we [the people] usually presume that Congress "employed words in their natural sense, and…intended what [it] said." Gibbons v. Ogden, 9 Wheat. 1, 188 (1824). *Id.* at 11 (Gorsuch, J., dissenting, joined by Sotomayor, J., and Jackson, J).

The fact that, "No costs were allowed at common law [against the Government *or* Sovereign], and without statutory provisions there would be no authority for allowance of costs in any law action. It is apparently well recognized that, in the absence of legislation by Congress, no costs can be authorized against the Government. *See* In re Hastings Lock and Dam, 2 F. Supp. 324, 326 (D. Minn. 1932). The Congress has dealt with the subject comprehensively, and has made no exception of the fees of expert witnesses.[9] [T]he Constitutional framers did not have in mind the allowance of any costs when they used the term "Just Compensation," but merely inculcated into the bill of rights a check on the sovereign in the exercise of the right of [inverse] eminent domain, so that all citizens would be guaranteed the reasonable and fair market value of the property taken. No good reason appears to the court why any distinction should be made between the right of property owners in [inverse] condemnation proceedings, and the other litigants that come into courts for redress when property rights have been violated. *Id.* at 329.

*Unless…*Congress says so. In 1975, Congress said that there was a good reason to draw a distinction between a civil case involving Just Compensation under the Fifth Amendment *and* in any other civil case. A court-appointed witness in a civil case involving Just Compensation under the Fifth Amendment is entitled to a reasonable compensation, as set by the Court... from any funds

---

[8] *See* https://archive.org/details/commentariesonc16storgoog/page/436/mode/2up for the original published work.
[9] Specific provision as to the amounts payable and taxable as witness fees was made by the Congress as early as the Act of February 28, 1799, c. 19, § 6, 1 Stat. 624, 626. See, also, Act of February 26, 1853, c. 80, § 3, 10 Stat. 161, 167; Rev. Stat. § 848. [Congress's] legislation must be deemed controlling and excludes the application in the Federal Courts of any different state practice. Henkel v. Chicago, St. Paul, Minneapolis & Omaha Ry. Co., 284 U.S. 444, 52 S. Ct. 223 (1932) (citing United States v. Sanborn, 135 U.S. 271, 282, 283; Northern Pacific Ry. Co. v. Washington, 222 U.S. 370; Second Employers' Liability Cases, 223 U.S. 1, 55; Missouri Pacific R. Co. v. Porter, 273 U.S. 341, 346; Lindgren v. United States, 281 U.S. 38, 45.

that are provided by law, while any other civil case is not. No state can enlarge or diminish the rights of the United States [Federal Constitution], nor can any state prescribe the manner in which the right of [inverse] eminent domain must be exercised. *See* Kohl v. United States, 91 U.S. 367, 373 (1875). In other words, the Federal Constitution determines the "metes and bounds" of property rights, not the states. Last, Rule 702 is not Rule 706.[10]

## Legal Standard

The Fifth Amendment to the Constitution of the United States provides, in part, as follows: "Nor shall private property be taken for public use, without Just Compensation." *See* Monongahela Navigation Co. v. United States, 13 S. Ct. 622, 625-627 (1893).[11]

> "The language used in the Fifth Amendment in respect to this matter is happily chosen. The entire amendment is a series of negations, denials of right or power in the Government; the last (the one in point here) being: `Nor shall private property be taken for public use without Just Compensation.' The noun `compensation,' standing by itself, carries the idea of an equivalent. Thus we speak of damages by way of compensation, or compensatory damages, as distinguished from punitive or exemplary damages; the former being the equivalent for the injury done, and the latter imposed by way of punishment. So that if the adjective `just' had been omitted, and the provision was simply that property should not be taken without compensation, the natural import of the language would be that the compensation should be the equivalent of the property. And this is made emphatic by the adjective `just.' There can, in view of the combination of those two words,

---

[10] The Government argues it is. "The court does not dispute that *in the proper case*, a court-appointed expert can provide the court with invaluable insight into a case." *See* Avatar Techs. v. Adacom Corp., No. 86-2487-S,D.(mem at 2-3) (Kan. Dec. 19, 1986). In re: Kensington Int'l Ltd., 368 F.3d 289, 307 (3d Cir. 2004) concerned a Judge's ex parte communications with a "panel of experts" & the Plaintiff has clearly requested that the Court order all communications between the court-appointed expert, Counsel, or the Judge be filed on ECF. And, last, in Bowers v. Gomez, No. 98-55014 (mem at 4) (9th Cir. May 14, 1999) a request for a court-appointed expert was denied for a broken nose, not a broken covenant. The Government essentially argues that Congress, for whatever reason, enacted 'superfluity' into Rule 706(c)(1) & it should be ignored as such. However, "[v]aluation [of property] is not a matter of mathematics.... Rather, the calculation of true market value is an applied science, even a craft." *See* Transcon. Gas Pipe Line Co. v. 1.84 Acres, No. 1:16-cv-02991, ECF No. 234 at 6 (N.D. Ga. May 22, 2020).

[11] JUST COMPENSATION, as used in the constitutional provision that private property shall not be taken for public use without "just compensation," this phrase means & full and fair equivalent for the loss sustained by the taking for public use. It may be more or it may be less than the mere money value of the property actually taken, The exercise of the power being necessary for the public good, and all property being held subject to its exercises when and as the public good requires it, it would be unjust to the public that it should be required to pay the owner more than a fair indemnity for the loss he sustains by the appropriation of his property for the general good. On the other hand, it would be equally unjust to the owner if he should receive less than a fair indemnity for such loss. To arrive at this fair indemnity, the interests of the public and of the owner, and all the circumstances of the particular appropriation, should be taken into consideration. Lewis, Em. Dom. § 462. *See* Black's Law Dictionary, 1st ed, 674 (1891) (archived at https://perma.cc/GDL6-Q3R9).

be no doubt that the compensation must be a full and perfect equivalent for the property taken; and this Just Compensation, it will be noticed, *is for the property, and not to the owner*. (emphasis added). Every other clause in this Fifth Amendment is personal. `No person shall be held to answer for a capital, or otherwise infamous crime,' etc. Instead of continuing that form of statement, and saying that no person shall be deprived of his property without Just Compensation, the personal element is left out, and the `Just Compensation' is to be a full equivalent for the property taken. This excludes the taking into account, as an element in the compensation, any supposed benefit that the owner may receive in common with all from the public uses to which his private property is appropriated, and leaves it, to stand as a declaration, that no private property shall be appropriated to public uses unless a full and exact equivalent for it be returned to the owner." *See* In re Hastings Lock and Dam, 2 F. Supp. 324, 328 (D. Minn. 1932).

## Discussion

*For example*, an expert in valuation of solar farms would know that Section 210 of the Public Utility Regulatory Policies Act of 1978 ("PURPA")[12] was enacted with the goal of promoting the creation and use of alternative energy.[13] The Federal Energy Regulatory Commission ("FERC") established that a qualified facility ("QF") can sell power to a utility via a "legally enforceable obligation" ("LEO"), rather than under a contract. *See* 18 C.F.R. § 292.304(d)(2). A LEO is a non-contractual, but *binding commitment* from a QF to sell power to a utility. (emphasis added) The phrase is used to prevent an electric utility from avoiding its PURPA obligations by refusing to sign a contract, or from delaying the signing of a contract, so that a later and lower avoided cost is applicable. Accordingly, the establishment of a LEO turns on *the QF's commitment*, and not the utility's actions, and when a QF commits itself to sell to an electric utility, it also commits the electric utility to buy from the QF. (emphasis added) Importantly, the date that a LEO is formed is the date that the QF has the right to have its avoided-cost rate determined. *See* 18 C.F.R. § 292.304(d)(1)(ii)(A) *or* (B); *See* ECF No. 115-8. *That's a LEO.* The Plaintiff, Clinton Brown, to this day has a LEO with Southern California Edison ("SCE") for a QF at the Taken property. That's Federal law and the local Government, no matter how many private lawyers they put up to sow their corruption on this property cannot stand in the way of Congress's aims. (citation

---

[12] *See* Public Utility Regulatory Policies Act of 1978, Pub. L. No. 95-617, 92 Stat. 3117 (codified as amended at 16 U.S.C. §§ 2601-2645).
[13] It is evident from this controversy that the County has not complied with any of the mandated provisions that Congress enacted specifically for QF's. *See* https://www.ferc.gov/qf & ECF No. 115-8 at 1.

omitted). The local Government will reap what it has sowed on this property. Any expert, including market research recently conducted by the Plaintiff's brokerage, will conclude that the property is worth at least $29,000,000.[14] *See* Brown v. Taylor, No. 23-4131, DE 21 at 8 (9th Cir. 2023) (pending). The Government rejects *any* of the owner's uses for the property as a 'pipe dream' and accepts *any* of its own uses instead. (emphasis added).

A critical point of contention in this live controversy is the Government's imposition of a $37,414 excessive fine on the Plaintiff's property tax bill for failing to "clear" weeds & trees that the Government deems a nuisance within the Significant Ecological Area (SEA). *Ironically*, the Plaintiff is ordered to "clear" the SEA's natural state…and if there is no compliance (which there was not) then the Government will "clear" the SEA for $37, 414, which they did. *See* ECF No. 59 at 3. Alongside this are the threats of incarceration of up to 6 months and fines of more than $180,000 for displaying a sign expressing what the Plaintiff believes to be the property's highest and best use & which is clearly a *prima facia* exercise of First Amendment rights. *See* ECF No. 145 at 5 n. 6.

When the facts of this case come together in focus, it forms a disturbing image, reminiscent of Edward Munch's *The Scream* rather than *George Washington Crossing the Delaware*. The Plaintiff, a former United States House of Representatives Congressional Page, worked on the House Floor as an Overseer, and experienced the Government of George Washington, not Edward Munch. *Cf*. Los Angeles County is just 1 of the 3,141 counties in the United States, yet it continues to dig in…that it can flout the Constitution and Federal law without facing any legal costs or repercussions in Federal Court. The more recent landmark precedents set by *Knick* and *Tyler,* if they mean anything at all*,* must be interpreted as to ensure that all individuals, regardless of

---

[14] In determining the value of land appropriated for public purposes, the same considerations are to be regarded as in a sale of property between private parties. The inquiry in such cases must be what is the property worth in the market, viewed not merely with reference to the uses to which it is at the time applied, but with reference to the uses to which it is plainly adapted; that is to say, what is it worth from its availability for valuable uses. Property is not to be deemed worthless because the owner allows it to go to waste, *or to be regarded as valueless because he is unable to put it to any use*. (emphasis added). Others may be able to use it, and make it subserve the necessities or conveniences of life. Its capability of being made thus available gives it a market value which can be readily estimated. *See* Boom Co. v. Patterson, 98 U.S. 403, 407-408 (1878).

political connection, wealth or status have the right to enjoy *all* the property protections guaranteed by the Federal Constitution, rather than being solely subject to one County's whims. *See* Checks & Balances.[15] *See* ECF No. 82-1 at 2; *See also* Palazzolo v. Rhode Island, 533 U.S. 606, 639 (2001). ("Future generations, too, have a right to challenge unreasonable limitations on the use and value of land.").

Last, the Takings Clause of the Fifth Amendment, is made applicable to the states through the Fourteenth Amendment, *and* whatever may have been the power of the states on this subject prior to the adoption of the Fourteenth Amendment…the appropriation of private property to public uses, *no matter under what form of procedure it is taken*, would violate the provisions of the Federal Constitution. *See* Chicago, B. Q. R. Co. v. Chicago, 166 U. S. 226, 238-239 (1897). As its text makes plain, the Takings Clause "does not prohibit the taking of private property, but instead places a condition on the exercise of that power." *See* First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, 482 U. S. 304, 314 (1987). While scholars have offered various justifications for this regime, [Courts] have emphasized its role in "bar[ring] Government from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole." *See* Armstrong v. United States, 364 U. S. 40, 49 (1960); *See also* Monongahela Nav. Co. v. United States, 148 U. S. 312, 325 (1893).

**THEREFORE**, the Plaintiff respectfully requests that the Court **GRANT** the appointment of a court-appointed appraiser as authorized by Congress. *See* ECF No. 133 at 3. **ORDER** that Counsel must not have any *ex parte* communication with the court-appointed appraiser & that all communications between Counsel and the court-appointed appraiser are filed on ECF in letter format.[16]

---

[15] Federal Constitutional protections must not include charging $37,414 to clear cut a SEA (while, at the same time, prohibit any residential *and/or* commercial structures); threatening jail and hundreds of thousands of dollars in fines for First Amendment expression (on one's own property no doubt); and extracting additional value each day from what the County has already Taken from the property. (*i.e.* prohibiting any use whatsoever). Those are serious questions.

[16] *See* S.D.N.Y. Local Civ. R. 7.1(d)

| | |
|---|---|
| Dated: March 26, 2024 | */s/ Clinton Brown*, Self-Represented<br>16821 Edgar Street,<br>Pacific Palisades, CA 90272<br>clinton@atlasinc.solar<br>310-882-0652 |

CC: All Counsel of Record (via ECF) on March 26, 2024