O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>                Plaintiff,<br><br>    v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>                Defendant. | Case No.: 2:22-cv-09203-MEMF-KS<br><br>**ORDER DENYING MOTION TO STAY [ECF NO. 116]** |

Before the Court is a Motion for Stay Pending Interlocutory Appeal filed by Plaintiff Clinton Brown. ECF No. 116. The Court deems this matter appropriate for resolution without oral argument, *See* C.D. Cal. L.R. 7-15, and notes that Brown waived oral argument. *See* Reply at 1. For the reasons stated herein, the Court DENIES the Motion to Stay.

    **I.**    **Factual Background and Procedural History**

The factual background and procedural history have been described at length in the Court's previous Orders. *See* ECF Nos. 105, 145. The Court will only address aspects relevant to this Order.

Plaintiff Clinton Brown ("Brown") filed suit in this Court on December 17, 2022. *See* ECF No. 1 ("Complaint" or "Compl."). Brown's suit relates to his efforts to develop a solar farm on a

property located at 27250 Agoura Road in unincorporated Los Angeles County ("the Agoura Property"). *Id.* at 3. Defendant Clark Taylor ("Taylor"), in his capacity as a Senior Planner for the Los Angeles County Department of Building and Safety ("LACDBS"), rejected Brown's application for a proposed solar farm on the Agoura Property. *See id.* at 3–4. Brown alleges that the restrictions on the use of the Agoura Property constitute a taking that requires compensation under the Fifth Amendment to the United States Constitution. *See* Compl.

Brown filed a series of motions for injunctive relief. ECF Nos. 42, 62. On December 5, 2023, the Court issued an Order denying Brown's motions for preliminary injunctions. *See* ECF No. 105 ("PI Order"). The Court held that Brown had failed to show a likelihood of success on the merits of his takings claim, as required for a preliminary injunction. *See id.* at 8–10. This holding was in part based on counsel for Taylor's statements regarding what exactly the County prohibits at the Agoura Property—"that while the County would have the right to prohibit the construction of any structure on the Agoura Property, it has not done so, and at [the time of the PI Order] *only prohibits Brown from constructing a solar farm*." *See id.* at 9 (emphasis added). The Court explained that under relevant precedent, a regulation that "deprives land of all economically beneficial use" is generally a taking (with some exceptions), but a regulation that prohibits only "a certain type of land use" is generally not a taking. *See id.* at 7. The Court then held that, based on the understanding that other uses were not prohibited, "[p]rohibition of *solar farms only* on the Agoura Property would almost certainly not be a taking." *Id.* at 9 (emphasis added). The Court also noted that there was some evidence suggesting that Brown was aware of the restrictions when he purchased the property, which would further undermine his takings claim. *See id.* at 10.

Brown appealed the Court's PI Order, and the appeal is currently pending. *See* ECF No. 108 (Notice of Appeal); *see also Brown v. Taylor*, Ninth Circuit Case No. 23-4131. Brown also filed a Motion for Costs[1] which is currently pending. See ECF No. 137.

---

[1] The Motion for Costs seeks costs purportedly related to opposing a Motion to Compel filed by Taylor, which the Court denied. See ECF Nos. 137 (Motion for Costs), 112 (Order Denying Motion to Compel).

1    Brown later filed an Application for a Temporary Restraining Order, in which he stated that
2    he would soon be evicted from his home (a property distinct from the Agoura Property) by a non-
3    party landlord. *See* ECF No. 138 ("TRO Application"). Brown sought to stay the eviction and order
4    the government to post a bond, based on the argument that the eviction would not occur but for the
5    government's restrictions on his use of the Agoura Property. *Id.* The Court denied Brown's TRO
6    Application, noting that Brown had still not shown the requisite likelihood of success on the merits,
7    and that the Court lacks power to stay the state court unlawful detainer action between Brown and
8    his landlord (who is not a party to this action). ECF No. 145 ("TRO Order"). However, the Court
9    noted that at the hearing, Taylor clarified the County's position regarding the Agoura Property—per
10   Taylor's counsel, "the relevant County Ordinance prohibits *any improvements* to the Agoura
11   Property, and *does not only prohibit solar farms*." *See id.* at 6. Brown argued that denying him the
12   right to live at the Agoura Property would be a taking. *See id.* at 5. The Court did not reach this
13   question, noting that it was not included in Brown's complaint and therefore it would not be
14   appropriate to grant a temporary restraining order on this theory. *See id.* at 6.

15   Taylor has filed a Motion for Summary Judgment ("MSJ") which is currently pending. *See*
16   ECF No. 82. That Motion has been referred to the Magistrate Judge for a report and recommendation
17   but will ultimately be decided by this Court. *See* ECF No. 98.

18   Brown filed the instant Motion for Stay Pending Interlocutory Appeal on December 25,
19   2023. ECF No. 116 ("Motion" or "Mot."). Taylor filed an Opposition to the Motion on February 9,
20   2024. ECF No. 134 ("Opposition" or "Opp'n"). Brown filed a Reply in support of the Motion on
21   February 13, 2024. ECF No. 135 ("Reply"). Brown clarified in his reply that he seeks only a stay of
22   the pending MSJ, not of the action as a whole. *See id.* at 1.

23   **II.    Applicable Law**

24   Generally, only "final decisions of the district courts of the United States" may be appealed.
25   *See* 28 U.S.C.A. § 1291. However, there is an exception for orders "granting, continuing, modifying,
26   refusing or dissolving injunctions." 28 U.S.C.A. § 1292. Appellate courts have jurisdiction to hear
27   interlocutory appeals have orders denying preliminary injunctions. *See id.*; *see also Best Carpet*
28   *Values, Inc. v. Google, LLC,* 90 F.4th 962, 966 (9th Cir. 2024).

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). This judge made rule[2] exists to "to avoid confusion or waste of time resulting from having the same issues before two courts at the same time." *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir. 1984). In some instances, "the entire case is essentially 'involved in the appeal,'" and so all proceedings at the district court should be stayed pending the interlocutory appeal. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023). One such circumstance is when the issue up for interlocutory appeal is "whether the case belongs in arbitration or instead in the district court," which plainly affects the entire action. *See id.*

The Ninth Circuit has further held that where an interlocutory order "is immediately appealable," the filing of an appeal "divests the district court of jurisdiction to proceed with trial." *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). There is an exception to this rule if the appeal is certified by the district court as "frivolous" or "waived." *See id.*; *see also Rodriguez*, 891 F. 3d at 790. This exception stems from a concern that "the appeals process might be abused to run up an adversary's costs or to delay trial." *Rodriguez*, 891 F. 3d at 790. But "[i]n the absence of such certification," the district court cannot proceed with trial. *Id.*

### III. Discussion

The Court finds that the pending interlocutory appeal does not warrant a stay of the pending MSJ, and so the Motion will be DENIED.

The Court must first clarify the rule governing the Court's determination of the Motion in light of the parties' discussions of *Landis v. North American Company*, 299 U.S. 248 (1936), and similar cases. *See* Mot. at 3; Opp'n at 4. *Landis* and its progeny held that district court may stay cases as an exercise of their discretion and should weigh various interests in doing so. *See Landis*,

---

[2] Although "*Griggs* referred to the 'divestiture rule' as jurisdictional, the Supreme Court has since made clear that only Congress may determine a lower federal court's subject-matter jurisdiction." *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 790 (9th Cir. 2018). The rule divesting district courts of jurisdiction while an interlocutory appeal is pending is thus not a "true jurisdictional rule[]" and can be applied in a "less stern manner." *Id.*

299 U.S. at 254–55 (1936); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (courts should consider "the competing interests which will be affected by the granting or refusal to grant a stay") (citing *Landis*, 299 U.S. at 254–55). This line of cases does not consider the impact of the filing of an interlocutory appeal. As described above, the filing of an interlocutory appeal generally deprives the Court of jurisdiction over "aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58. This creates a significantly different situation than that described in *Landis*. Thus, the Court will apply the rule described in the applicable law section above and will not use the *Landis* test.

Here, Brown is appealing the Court's PI Order, which denied Brown's Motion for a Preliminary Injunction. Brown now seeks a stay of the pending MSJ. *See* Mot. The key issue for this Motion is whether the MSJ involves "aspects of the case involved in the appeal." *Griggs*, 459 U.S. at 58.

Courts have provided some guidance on what matters do or do not involve aspects of the case involved in the appeal. A motion to seal a filing need not be stayed pending an appeal. *Brennan v. Opus Bank*, 796 F.3d 1125, 1134 (9th Cir. 2015). Similarly, a motion for attorneys' fees need not necessarily be stayed pending an appeal. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 n.2 (2023) ("Coinbase concedes that the district court may still proceed with matters that are not involved in the appeal, such as the awarding of costs and attorney's fees."). The Court is aware of no binding precedent addressing whether an MSJ implicates the issues involved in the appeal of an order denying a preliminary injunction.

A review of the MSJ suggests that there is little overlap between the issues raised in the MSJ and in the PI Order. As discussed above, the factual record at the time of the PI Order suggested that the County "only prohibits Brown from constructing a solar farm." *See* PI Order at 9. That record has now changed, as Taylor now concedes that the County prohibits "any improvements to the Agoura Property, and does not only prohibit solar farms." TRO Order at 6. The MSJ reflects this change—Taylor states as fact that the relevant zoning ordinance prohibits "residential and/or commercial structures." *See* MSJ at 14. This significantly changes the takings analysis. Taylor does not argue that the restrictions are not a taking because they only prohibit solar farms, which was the crux of the Court's reasoning in the PI Order. *See* MSJ. Instead, Taylor argues that the restrictions

which require the Agoura Property to "remain essentially unimproved" predated Brown's purported purchase of the land. *See id.* at 14. Taylor also raises other arguments not addressed at all in the Court's PI Order, including that Brown does not actually own the land and thus lacks standing. In sum, the issues raised in the MSJ are very different than those raised in the PI Order. *See id.* at 6–9. Although there are superficial similarities between the appeal of the PI Order and the MSJ in that both consider whether there was a taking requiring compensation at the Agoura Property, the factual record has changed, and the specific arguments raised and issues to decide are entirely different.

Beyond just the changes in the factual record, the legal issues raised in the appeal are distinct from those in the MSJ. As the Court explained in its PI Order, the PI Order "only determin[ed] whether Brown ha[d] met his burden for a preliminary injunction," and was "not a final decision on the merits of Brown's claims." PI Order at 6. The Court reached the conclusions in its PI Order based on its analysis of *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008). As Brown explains in his papers regarding this Motion, Brown's argument on appeal will in part be that the Court improperly applied the *Winter* factors—in that the Court first determined that Brown had not shown a likelihood of success and then did not reach the other factors. On appeal, the Ninth Circuit will presumably consider whether Brown showed that he was entitled to a preliminary injunction under *Winter*. This issue, importantly, will be entirely absent from the MSJ.

The Court thus finds that the MSJ is not an "aspect[] of the case involved in the appeal." *Griggs*, 459 U.S. at 58. The divestiture rule is meant to prevent "confusion or waste of time resulting from having the same issues before two courts at the same time." *Claiborne*, 727 F.2d at 850. Here, that will not occur—the factual record and legal issues are significantly different, and there is no risk of conflicting decisions. It is possible that Brown might win his appeal based on a finding that the Court improperly applied *Winter*, but still lose his MSJ on the merits. Alternatively, it is possible that Brown might lose his appeal based on findings that the Court properly applied *Winter* and the record at the time did not support a preliminary injunction, but still win the MSJ. Accordingly, there will be no waste of judicial recourses or risk of contradictory orders if the two motions are heard in parallel.

This is not a situation like the one in *Coinbase* where "the entire case is essentially 'involved in the appeal.'" *See Coinbase*, 599 U.S. at 741. There, the issue being appealed was whether the case should be litigated in the district court at all, and so the appeal implicated the entire action. *See id*. Here, the appeal concerns only whether Brown should be entitled to injunctive relief based on the factual record at the time of the PI Order, and regardless of whether he won that relief, the case would have eventually proceeded to the MSJ stage.

The Court also notes that Brown has argued that a decision on the MSJ might render his appeal moot. *See* Reply at 4 ("If the Court decides the MSJ before the Ninth Circuit rules on the appeal regarding the preliminary injunction, it could effectively render the appeal moot, or at least complicate the appellate court's consideration of the case."). But this is not the relevant question. Nothing in *Griggs* suggests that a court should stay a case pending appeal if there is evidence that further developments in the case might moot the appeal. *See Griggs*, 459 U.S. at 58–61. Thus, the Court need not consider whether Brown is correct that the MSJ may moot the appeal—even assuming this is true, it would not necessitate a stay.

Further, the Court finds that because of the changes in the factual record, a stay would actually be inefficient. It is in both parties' interests to expeditiously determine whether the fully developed factual record constitutes a taking. It would be inefficient to delay resolution of the MSJ to allow an appeal that focuses on different issues and an outdated factual record.

## IV.  Conclusion

For the reasons stated herein, the Motion for Stay Pending Interlocutory Appeal is DENIED.

IT IS SO ORDERED.

Dated: April 3, 2024

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge