**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　Plaintiff - Appellant,<br><br>　v.<br><br>CLARK R. TAYLOR, AICP, The Los Angeles County Department of Regional Planning,<br><br>　　　　Defendant - Appellee. | No. 23-4131<br><br>D.C. No. 2:22-cv-09203-MEMF-KS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Maame Ewusi-Mensah Frimpong, District Judge, Presiding

Submitted March 26, 2024**

Before:　TASHIMA, SILVERMAN, and KOH, Circuit Judges.

　　Clinton Brown appeals pro se from the district court's order denying his motions for a preliminary injunction in his 42 U.S.C. § 1983 action alleging a Fifth Amendment takings claim. We have jurisdiction under 28 U.S.C. § 1292(a)(1).

---

　　*　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　**　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review for an abuse of discretion. *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). We affirm.

The district court did not abuse its discretion by denying Brown's motions for a preliminary injunction because Brown failed to establish that he is likely to succeed on the merits of his claim or that there are serious questions going to the merits. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (explaining that a plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, he is likely to suffer irreparable harm in the absence of preliminary relief, the balance of equities tips in his favor, and an injunction is in the public interest, and noting that if a plaintiff fails to show likelihood of success on the merits, the court need not consider the other factors, in the absence of "serious questions going to the merits").

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Defendant's motion for judicial notice (Docket Entry No. 20) is denied as unnecessary.

**AFFIRMED.**