**VIA ECF** [1]

Honorable Maame Ewusi-Mensah Frimpong
United States District Court for the Central District of California
350 West First Street, Los Angeles, CA 90012
Courtroom 8B, 8th Floor.

**Re: Clinton Brown v. Clark Taylor, AICP, The Los Angeles County Department of Regional Planning, 2:22-cv-09203-MEMF-KS, Letter Motion for Expedited Status Conference.**

Honorable Maame Ewusi-Mensah Frimpong:

Since March 28, 2024, the Plaintiff's Counsel has attempted to contact the Defendant's Counsel regarding Defendant Taylor's employment status with the Government, to no avail. These attempts include calling Defendant's Counsel's firm on four separate dates & times, leaving three voicemails, leaving four messages with the firm's professional receptionists, and sending four emails. One of the emails included all thirteen attorneys of record who receive ECF notifications in this case.[2] If just asking *any* attorney of record in this controversy a simple 'yes' *or* 'no' question gets this much stonewalling, then it surely follows that this Court's directive in ECF No. 149 at 7 is going to go over like a lead balloon. "It is in both parties' interests to expeditiously determine whether the fully developed factual record constitutes a taking." *Id*. See also Rule 25(d) *or* 17(d).[3]

Here, the elephant in the room is that a 'yes' would effectively call into question some of the relief sought. *See* ECF No. 147 at 6. ("[The] Complaint sought, among other relief, an Order that Taylor should sign forms approving the construction of a solar farm"). If indeed that official is no longer employed by the Government since December 2023, then it would at least call into question the Court's authority to issue the sought relief, whether granted or denied. *See* ECF No. 145 at 7, B. Furthermore, the statute of limitations is strict in 42 U.S.C. § 1983 cases & only Congress can change those statutory limits, not Judges or Officers of the Court. *See* Wilson v. Garcia, 471 U.S. 261, 266-267 (1985). *See also* Clinton Brown v. Clark R. Taylor, No. 2: 23-cv-03366, ECF No. 8 at 2 (C.D. Cal. 2023) ("To the extent Plaintiff wishes to supplement or amend his claims against Defendant Taylor, Plaintiff *must* do so in the already pending action." (emphasis added). The Supreme Court has indicated that 42 U.S.C. § 1983 is the sole method Congress has authorized for a property owner to pursue an inverse eminent domain claim against a local Government in Federal Court. *But see*, Knick at n. 5. Last, if the answer is 'yes' then that does "affect[] the parties' substantial rights" in this case. If the answer is no, just say no.[4]

After the April 3, 2024, order denying the Motion to Stay Case Pending Appeal & the Court's directive in that ruling to "expeditiously determine whether the fully developed factual

---

[1] *See* Central District of California, Civility and Professionalism Guidelines, Lawyer's Duties to Other Counsel: Communications with Adversaries & Scheduling (2022) at § B, 1 & 2. *See also* § B, 7. & ECF No. 149 at 7.
[2] The attempted communications can be verified by the Defendant's lead Counsel if there is any question by the Court as to the integrity of this letter. It is also noted that the Plaintiff asked to speak with *any* attorney on this case to no avail on April 8, 2024 & thus this filing.
[3] "Later proceedings should be in the substituted party's name, *bu*t *any misnomer not affecting the parties' substantial rights must be disregarded*." (emphasis added).
[4] How to Respond to an Email: Click Reply, type 'Yes' or 'No' and then click Send. *Easy peasy*.

CC: All Counsel of Record (via ECF) on April 8, 2024

record constitutes a taking"[5] the Plaintiff emailed the following dates/times on April 4, 2024, to set up a meet and confer. "Under L.R.'s this [Motion for an Expedited Status Conference] requires a meet and confer, preferably in-person, (zoom, if you choose). The Plaintiff can meet in person at the Takings property on April 11, 12, or 15 @ 1 or 2 P.M. (or zoom, if you choose)." *See* a calendar.

      Plaintiff respectfully requests that this Court, pursuant to Rule 16(a), convene an expedited status conference at the Court's earliest convenience to address… "[T]he Court finds that because of the changes in the factual record…[I]t is in both parties' interests to expeditiously determine whether the fully developed factual record constitutes a taking." *See* ECF No. 147 at 7.

"This letter motion is made following *multiple efforts* to conference with the Defendant's Counsel pursuant to L.R. 7-3."

Respectfully submitted,

*/s/ Clinton Brown*, Self-Represented
16821 Edgar Street,
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

---

[5] The remedy for the Taking of private property without Just Compensation is Just Compensation for that property.

CC: All Counsel of Record (via ECF) on April 8, 2024