Clinton Brown, Self-Represented
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>           Plaintiff,<br><br>v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>           Defendant. | No. 2:22-cv-09203-MEMF-KS<br><br>**Notice of Defendant's Failure to File Court Ordered Documents [ECF No. 139]**[1]<br><br>**Chief Magistrate Judge:** Karen L. Stevenson |

**NOTICE TO THE COURT**, the Defendant has failed, once again, to file Court ordered documents. *See* ECF Nos. 139 & 26 at 4, II.[2] (Defendant shall file and serve an opposition to the motion [ECF No. 137] on or before April 11, 2024.) (original emphasis omitted). *See* L.R. 7-12, *Failure to File Required Documents*. ("The Court may decline to consider any memorandum or other document not filed within the deadline <u>set by order</u> *or* <u>local rule</u>. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting…of the motion…") (emphasis added). *See also* ECF No. 139 & L.R. 7-12 at 42. Defendant Taylor has failed to file the required documents set by the order *and* local rule. (emphasis added). Therefore, this Court must grant the reasonable costs sought in the amount of $5,504.[3] The movant failed "after giving an opportunity to be heard" to say anything at all. Congress has the last word on this & this Court must order the reasonable costs paid to the Plaintiff.

---

[1] Note that ECF Nos. 136, 139 & 154 are non-searchable PDF documents. *See* L.R. 5-4.3.1 at 30.
[2] *See* ECF No. 60 for Plaintiff's Court Ordered Status Report & ECF No.__ for Defendant's Court Ordered Status Report. *See also*, The Hare & the Tortoise (circa 600 B.C.) in Æsop for Children, Library of Congress, accessed April 12, 2024, https://www.read.gov/aesop/025.html.
[3] The motion for Rule 37(a)(5)(B) costs was made following the conference of Counsel pursuant to L.R. 7-3 which took place on February 26, 2024. *See* ECF No. 137 at 6. Even following a conference, what a surprise, no response!

"If the motion [to compel] is denied [ECF No. 112] … [the Court] must[4], after giving an opportunity to be heard [ECF No. 139] require[5] the movant [Defendant Taylor] to pay the party [the Plaintiff] …who opposed the motion its reasonable expenses incurred in opposing the motion…" *See* Rule 37(a)(5)(B). So, unless the Court argues on behalf of the Defendant that the Plaintiff is not 'substantially justified,' or finds that 'other circumstances' make an award of costs 'unjust,' it must follow that the loser pays.[6] *See* ECF No. 137 at 1-4.

## **Hypocrisy 101**

"That it is necessary to inform an attorney of this Court that he may not file nude photographs on the public docket is startling." *See* Schottenstein v. Lee, 22cv1197 (DLC), 2 (S.D.N.Y. Dec. 11, 2023). It is equally startling that 13 attorneys of record in this case & before this Court filed nothing on the public docket when they were ordered to do so.[7] If the Court does allow an Opposition to be filed late, then this notice also serves as a notice of No Reply under L.R. 7-10 to whatever the Defendant has to say in the matter. This isn't a side show, it's about

---

[4] "…must means must, right?" *See* Tr. ECF No. 131 at 11 (C.D. Cal. Dec. 6, 2023)

[5] Require: To demand; to ask, as of right and by authority. *See* Webster, Noah. An American Dictionary of the English Language, vol. 2, 462 (S. Converse 1828) (link)

[6] The Rules Enabling Act (ch. 651, Pub. L. 73–415, 48 Stat. 1064, enacted June 19, 1934) is an Act of Congress that authorizes the Judicial Branch the power to promulgate the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 2071-2077. *In other words*, Congress, the Article I branch, has the last word as a co-equal branch of Government, to accept or reject the Rules promulgated by the Supreme Court. And like all Federal Rules, Rule 37(a)(5)(B) binds the Federal Courts once enacted. *See* Bank of Nova Scotia v. United States, 487 U.S. 250, 255 (1988) (holding that Federal Rules are, "in every pertinent respect, as binding as any statute duly enacted by Congress, and Federal Courts have no more discretion to disregard [a] Rule's mandate than they do to disregard Constitutional or statutory provisions") In sum, the Defendant must pay the Plaintiff reasonable costs, according to Rule 37(a)(5)(B) in accord with 28 U.S.C. § 2041 & 28 U.S.C. § 2042.

[7] The Plaintiff is not calling the kettle black here. It is well documented in the record, that despite the Defendant's contention that the OMSJ was not filed timely, it was *absolutely* filed timely. *See* ECF No. 102 at 2. ("on or before December 27, 2023…a complete Opposition [to the MSJ] …") The Court's acceptance of Defendant's untruth is also in the record. *See* ECF No. 125 at 2, II. ("Plaintiff filed his Opposition more than a month after the deadline to do so, on December 27, 2023.") However, this is still not true, anyway you want to spin it. But what is true, is that the Plaintiff knows this case record better than any party in this controversy. ("[T]he Court [on the October 19, 2023, chamber's email to all parties stated that it] will issue an order regarding whether Taylor's Motion for Summary Judgment was properly filed and noticed."). *See* ECF No. 98 at 1, (2). Therefore, regardless of perspective, the October 19, 2023, chambers email from MEMF to all parties effectively deferred the matter as to whether the MSJ was properly before the Chief Magistrate Judge… & until such time an order would be issued…which was on November 20, 2023. *Id*. The authority of a District Judge is rooted in Article III, not Article I. The Plaintiff will defer to any conflicting orders to the District Judge, as Article III Judges are appointed by the President and confirmed by the Senate, which respects the foundational framework of our Nation's legal system. *See* ECF No. 100. ("This administrative oversight, though understandable, should not tilt the table towards the Defendant, or any party.") What's past is prologue. *See* William Shakespeare, The Tempest act 2, sc. 1, line 289 (circa 1610); *See also*, ECF No. 154. *In other words*, it's important to get this right.

accountability.

      **THEREFORE**, pursuant to the Rule 37(a)(5)(B), the Court must direct Defendant Taylor to deposit $5,504 into the Court registry in accord with 28 U.S.C. § 2041. Last, the Court must issue an order permitting the Plaintiff to perform the withdrawal of the costs in accord with 28 U.S.C. § 2042.

Respectfully submitted,

Dated: April 12, 2024

*/s/ Clinton Brown*, Self-Represented
16821 Edgar Street,
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

CC: All Counsel of Record (via ECF) on April 12, 2024