DAWYN R. HARRISON, County Counsel
STARR COLEMAN, Assistant County Counsel
THOMAS R. PARKER, Senior Deputy County Counsel
(SBN 141835) • TParker@counsel.lacounty.gov
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-1834
Facsimile: (213) 613-4751

Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Jonathan Fang, State Bar No. 279106
E-Mail: jfang@hurrellcantrall.com
HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>    Defendants. | Case No. 2:22-cv-09203-MEMF-KS<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RULE 37(a)(5)(B) FEES**<br><br>Judge:   Hon. Magistrate Judge Karen L. Stevenson<br>Crtrm.:   580<br><br>Assigned to:<br>Hon. Maame Ewusi-Mensah Frimpong<br>Courtroom "8B"<br><br>Hon. Magistrate Judge Karen L. Stevenson<br>Courtroom "580" |

/ / /

/ / /

/ / /

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant, Clark Taylor, in his official capacity as an employee of the County of Los Angeles Department of Regional Planning, submits the following opposition to Plaintiff, Clinton Brown's ("Plaintiff" or "Brown") Motion for Rule 37(a)(5)(B) fees ("Motion").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

On December 24, 2023, the Honorable Magistrate Judge Karen Stevenson denied Plaintiff's request for "reasonable expenses" incurred under Federal Rule of Civil procedure 37 a(5) ("Rule 37") and also denied Defendant's Motion to Compel Production of Documents, Set One. (See Dkt. No. 112 ("Magistrate Order") at 5 and 9.) Plaintiff is now improperly seeking re-consideration of the Magistrate Order through his Motion for Rule 37(a)(5)(B) Fees ("Motion") regarding his request for reasonable expenses through the Honorable Maame Ewusi-Mensah Frimpong, in essence a second bite of the apple on an already decided issue. This Court should deny Mr. Brown's Motion. Mr. Brown's Motion suffers from several fatal defects.

Plaintiff's Motion should be denied because: 1) Plaintiff sought fees under Rule 37 in their opposition to Defendant's Motion to Compel and the Court ruled "Parties to bear their own costs," therefore, res judicata bars plaintiff re-litigating the issue of reasonable fees; and 2) Defendant was substantially justified in bringing the motion to compel because plaintiff acted in bad faith by refusing to respond to Defendant's Request for Production of Documents, set one ("RFPD") and purposely setting the pre-motion conference after the discovery motion cut-off. *Fed. R. Civ. P. 37(a)(5)(B)* ("But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.").

Lastly, plaintiff's request for reasonable fees do not constitute "expenses incurred" under Rule 37, in *Pickholtz v. Rainbow Techs,* the Court of Appeals held that a *pro se* litigant's time working on discovery did not constitute "'expenses

2

incurred'" under Rule 37 of the Federal Rules of Civil Procedure. *Pickholtz v. Rainbow Techs., Inc.,* 284 F.3d 1365, 1374–75 (Fed.Cir.2002) (quoting FED. R. CIV. P. 37(a)(4)(A) as providing for "reasonable expenses incurred in making the motion [for order compelling disclosure or discovery], including attorney's fees"). The court found the term "incurred" controlling. *See Id.* "[O]ne cannot 'incur' fees payable to oneself , fees that one is not obliged to pay." (*Pickholtz v. Rainbow Techs., Inc.,* 284 F.3d 1365, 1374–75 (Fed.Cir.2002) (prohibiting award of attorney's fees to pro se plaintiff for sanctionable conduct of an adversary under Rule 37).)

## II. FACTS

On March 21, 2023, Defendant propounded Request for Production, Set One consisting of three requests on Plaintiff. (Declaration of Jonathan Fang ("Fang Decl.") ¶ 2.) Plaintiff's responses were due on April 20, 2023. Plaintiff filed a Motion to Limit Discovery on April 2, 2023. (Fang Decl. ¶3.)

On June 2, 2023, defense counsel provided a meet and confer letter regarding Plaintiff's failure to respond to Defendant's Request for Production of Documents, Set One. (Fang Decl. ¶4.) Plaintiff refused to meet and confer regarding the discovery responses. (*Id.*) In June, defense counsel Jonathan Fang sustained injuries in a car accident where a big rig without the trailer ran into the front driver-side door of his vehicle on the freeway. (Fang Decl. ¶4.) Due to Mr. Fang's injuries he took a medical leave of absence and returned on August 31, 2023. (*Id.*) On August 31, 2023, defense counsel contacted plaintiff telephonically to meet and confer regarding the RFPD, S1 discovery. Plaintiff refused to provide any responses or objections claiming that the discovery cut-off of August 21, 2023 made it, so he had no obligations. (Fang Decl. ¶6.) Further, Plaintiff stated that the Court's July 12, 2023 order allowed him leave to re-file his motion. (*Id.*) Defense counsel cited the order and urged plaintiff to re-consider and not continue to waste judicial resource. (*Id.*)

On September 5, 2023, defense counsel made a final attempt to meet and confer telephonically with plaintiff. (Fang Decl. ¶7.) Plaintiff continued to assert he had no

obligation to respond. (*Id.*) Reaching an impasse, defense counsel asked for plaintiff's availability from **September 7, 2023** and onward for a pre-motion conference per the Honorable Judge Stevenson's Procedures. (*Id.*) Plaintiff, stated on the phone that it would have to be after his hearing date for preliminary injunction over three weeks away and proceeded to look up the hearing date for preliminary injunction, which was September 21, 2023 and purposedly offered dates after the September 21 starting with September 25, 2023. (*Id.*) After the call, Defense counsel sent the first available dates available to the Deputy Clerk on September 5, 2023. (*Id.*) Plaintiff purposedly delayed in setting up the pre-motion conference until after the discovery motion cutoff of September 20, 2023. (*Id.*)

On September 6, 2023, the Deputy Clerk set the pre-motion hearing for September 25, 2023 at 11:00 a.m. (Fang Decl. ¶8.) On September 25, 2023, the pre-motion conference was held, and the Court ordered further briefing as to the Motion to Compel. (*Id.*) Following the pre-motion conference, defense counsel was mistakenly under the impression that the issue of the discovery motion cut-off was to be briefed and addressed in Defendant's motion to compel. (*See* Fang Decl. ¶8; *see also* Dkt. No. 85 at 7-9.)

On October 6, 2023, the parties met and confer telephonically regarding Defendant's Motion for Summary Judgment. Defense counsel noted that he would be filing the Motion to Compel brief on October 11, 2023. (Fang Decl. ¶9.) Plaintiff insisted that an in-person meet and confer was required pursuant to Local Rule 37-1 before Defendant could file this brief. Defense counsel noted the numerous efforts already made to meet and confer, and that the pre-motion conference with the Honorable Judge Stevenson was also a meet and confer. (*Id.*) Additionally, defense counsel asserted that since the Court had ordered briefing on the issue to be included in the motion to compel, therefore, L.R. 37-1 did not apply. However, in the interest of preventing any more needless motions by plaintiff, defense counsel conducted a in-person meet and confer on October 10, 2023. (*Id.*) The parties conducted an in-

4

person meet and confer in compliance with L.R. 37-1 on October 10, 2023. (Fang Decl. ¶10.)

On October 19, 2023, Defendant filed the Motion to Compel. From the pre-motion conference, Defense counsel mistakenly believed that the Court wished for Defendant to brief the issue regarding the timing of the Motion to Compel within the motion to compel itself. As such, the Motion to Compel set forth the substantial justification of why the Motion to Compel should be heard in the Motion to Compel. (Fang Decl. ¶11.)

On December 14, 2023, the Court denied the Motion to Compel. (Dkt. No. 112.) In the order, the Court stated that "Parties [are] to bear their own costs." (*Id* at 8.) This order included Plaintiff's request for reasonable expenses incurred under *Fed. R. Civ. Proc.* 37(a)(5)(A). (Fang Decl. ¶12.)

## III. THE RELIEF SOUGHT BY PLAINTIFF SHOULD BE DENIED PURSUANT TO L.R. 72-2.1.

L.R. 72-2.1 states that "Any party objecting under F.R.Civ.P. 72(a) to a Magistrate Judge's ruling on a pretrial matter not dispositive of a claim or defense **must** file a motion for review by the assigned District Judge, designating the specific portions of the ruling objected to and stating the grounds for the objection. Such motion shall be filed within fourteen (14) days of an oral ruling which the Magistrate Judge indicates will not be followed by a written ruling, or **within fourteen (14) days of service of a written ruling**." At this point more than fourteen days have elapsed since the date of the Magistrate's Order. Accordingly, pursuant to L.R. 72-2.1, the ruling of the Magistrate Judge is final and cannot be reconsidered.

Res judicata involves two concepts — claim preclusion and issue preclusion. *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986). Issue preclusion bars "the relitigation of all issues that were litigated in a prior proceeding, even if the second proceeding is an action on a claim different from the one asserted in the first action." *Shaw v. California Dept. of Alcoholic Bev. Control*, 788 F.2d 600, 605 (9th Cir. 1986).

Here, the issue of plaintiff's fees under Rule 37 has already been litigated. On December 14, 2023, this Court issued an order that "Parties [are] to bear their own costs." Dkt. No. 112. This order included Plaintiff's request for reasonable expenses incurred under *Fed. R. Civ. Proc.* 37(a)(5)(A). *Id.*

## IV. DEFENDANT HAD SUBSTANTIAL JUSTIFICATION FOR FILING THE MOTION TO COMPEL.

Federal Rule of Civil Procedure 37 provides that, if a court denies a motion to compel, it "must, after giving an opportunity to be heard, require the movant ... to pay the party ... who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.*

The Court will not order sanctions "when it finds that a position was substantially justified in that the parties had a genuine dispute on matters on which reasonable could differ as to the appropriate outcome." (*Roberts v. Clark County School District*, (2016) 312 F.R.D. 594, 609). Plaintiff has never responded to Defendant's Requests for Production of Documents, Set One in violation of the Rules of Federal Procedure. *See Fed.R.Civ.P.* 37(a)(4). Plaintiff admittedly has documents in its possession, custody or control that are relevant to the instant lawsuit and responsive to the Requests but has failed to produce any documents whatsoever. Defendant properly served its Requests for Production of Documents Set One on March 21, 2023. These discovery requests are relevant because they show Plaintiff's actual knowledge of the restrictions and prohibitions related to the property prior to Plaintiff's purchase. Moreover, the documents will show the bundle of property rights that plaintiff received when he acquired the property. Lastly, these requests are relevant because at least one element of a takings analysis is to determine whether the County interfered with Plaintiff's reasonable investment-backed expectations when he purchased the property.

6

Rule 37(d), states that even if there is no substantial justification, sanctions should not be imposed if "other circumstances" make such sanctions, "unjust". (*Hyde & Drath v. Baker*, (1994) 24 F.3d 1162, 1172). While a finding of bad faith is not a requirement for imposing sanctions, good or bad faith may be a consideration in determining whether imposition of sanctions would be unjust. (*Id.* at 1171). Here, the delay in bringing the Motion to Compel was due to medical issues stemming from a car accident. Lead defense counsel Jonathan Fang was injured in a vehicle accident in June and went on medical leave. This was before defense counsel could initiate the pre-motion conference for a motion to compel. After returning from medical leave on August 31, 2023, defense counsel was still able to file a timely Motion to Compel within the deadline. However, when setting up the pre-motion conference required by Judge Stevenson's Procedures, Plaintiff purposely delayed in setting the pre-motion conference until after discovery motion cut-off of September 20, 2023. On September 5, 2023, Plaintiff while on the telephone said that he wanted to have the pre-motion conference after the hearing date of the preliminary injunction, after looking up the hearing date for preliminary injunction - September 21, 2023, plaintiff purposely provided dates after the September 21 starting with September 25, 2023. (Fang Decl. ¶¶ 6-13.)

Furthermore, Defendant was substantially justified in bringing the Motion to Compel because Plaintiff has never responded to Defendant's Requests for Production of Documents, Set One in violation of the Rules of Federal Procedure. *See Fed.R.Civ.P.* 37(a)(4). Plaintiff has admitted he has documents in its possession, custody or control that are relevant to the instant lawsuit and responsive to the Requests but has never responded to discovery or produced any documents whatsoever. (Fang Decl. ¶¶ 6-13.)

/ / /

/ / /

/ / /

7

## V. BROWN IS NOT ENTITLED TO FEES.

Courts have generally held that pro se litigants may not recover attorney's fees. See, e.g., *Pickholtz v. Rainbow Techs., Inc.*, 284 F.3d 1365, 1377 78 (Fed. Cir. 2002) (prohibiting award of attorney's fees to pro se plaintiff for sanctionable conduct of an adversary under Rule 37); *DiPaolo v. Moran,* 277 F. Supp. 2d 528, 536 (E.D. Pa. 2003) (holding that pro se plaintiff could not recover attorney's fees under 28 U.S.C. § 1927 or for sanctionable conduct of adversary under Rule 11); *Pitts v. Vaughn*, 679 F.2d 311, 313 (3d Cir. 1982) (holding that non-lawyer pro se litigant was not entitled to attorney's fees under 42 U.S.C. § 1988); Cunningham v. Fed. Bureau of Investigation, 664 F.2d 383, 388 (3d Cir. 1981) (concluding that non-lawyer pro se litigants "may not be awarded attorney fees under the Freedom of Information Act for the services they provide to themselves."); *Zucker v. Westinghouse Elec.*, 374 F.3d 221, 228 (3d Cir. 2004) (affirming district court's denial of attorney's fees to pro se lawyer litigant) (citations omitted). Since "a party proceeding pro se cannot have incurred attorney's fees as an expense, a district court cannot order a violating party to pay a pro se litigant a reasonable attorney's fee as part of a sanction." Massengale v. Ray, 267 F.3d 1298, 1302-03 (11th Cir. 2001) (holding that party appearing pro se could not recover attorney's fees under Rule 11).

In *Pickholtz v. Rainbow Techs,* the Court of Appeals held that a *pro se* litigant's time working on discovery did not constitute " 'expenses incurred' " under Rule 37 of the Federal Rules of Civil Procedure. *Pickholtz v. Rainbow Techs., Inc.,* 284 F.3d 1365, 1374–75 (Fed.Cir.2002) (quoting FED. R. CIV. P. 37(a)(4)(A) as providing for "reasonable expenses incurred in making the motion [for order compelling disclosure or discovery], including attorney's fees"). The court found the term "incurred" controlling. *See Id.* The Federal Circuit further stated that "one cannot 'incur' fees payable to oneself, fees that one is not obliged to pay," *Id.* The term "incur" means "become liable or subject to [;] bring down upon oneself."

8

WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1146 (1993); *see also* BLACK'S LAW DICTIONARY 771 (7th ed.1999) (defining "incur" as "[t]o suffer or bring on oneself (a liability or expense)"). Nor can one's time constitute a "payable 'expense,' as there is no direct financial cost or charge associated with the expenditure of one's own time." *Pickholtz,* 284 F.3d at 1375. The plain language of the statute forecloses compensation for Brown's time in opposing the motion to compel.

Brown, who represents himself and is not an attorney, is not entitled to hourly costs of $102 for his time in opposing Defendant's motion to compel. *Franklin v. Smalls*, 09-CV-1067 MMA RBB, 2012 WL 5077630 (S.D. Cal. Oct. 18, 2012); *Mason v. Silva*, 11CV1337-JLS BGS, 2013 WL 2338720 (S.D. Cal. May 28, 2013); *Lintz v. Potter*, 2:09-CV-01907 GEB, 2011 WL 4500842 (E.D. Cal. Sept. 27, 2011) (concluding that pro se plaintiff was not entitled to collect attorney's fees pursuant to Rule 37(a)(5)(A) and simultaneously denying plaintiff's request to compensate plaintiff for her expenses incurred in a hiring a third-party to assist her in regards to her discovery in the case).

Brown claims that he spent approximately 54 hours (3,266 minutes) opposing Defendant's motion to compel. Plaintiff's attempts to calculate his fees utilizing the "lodestar" method. Under the "lodestar" method, the Court determines a reasonable fee by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. (see *Marrocco v. Hill*, (2013) 291 F.R.D. 588). However, Plaintiff is not an attorney and is not entitled to collect attorney fees. A pro se plaintiff in a civil rights action is not entitled to attorney's fees. *Kay v. Ehrler*, 499 U.S. 432, 435–437 (1991).

/ / /

/ / /

/ / /

/ / /

9

## VI. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Brown's Motion be denied as it is a frivolous and a completely improper attempt to re-litigate issues which have already been decided by the Court.

DATED: April 12, 2024

Respectfully submitted,

HURRELL CANTRALL LLP

By: */s/ Jonathan Fang*
THOMAS C. HURRELL
JONATHAN FANG
Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING