DAWYN R. HARRISON, County Counsel
STARR COLEMAN, Assistant County Counsel
THOMAS R. PARKER, Senior Deputy County Counsel
(SBN 141835) • TParker@counsel.lacounty.gov
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-1834
Facsimile: (213) 613-4751

Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Jonathan Fang, State Bar No. 279106
E-Mail: jfang@hurrellcantrall.com
HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>　　　　Defendants. | Case No. 2:22-cv-09203-MEMF-KS<br><br>**DECLARATION OF JONATHAN FANG, ESQ. ISO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RULE 37(a)(5)(B) FEES**<br><br>Judge: Hon. Magistrate Judge Karen L. Stevenson<br>Crtrm.: 580<br><br>Assigned to:<br>Hon. Maame Ewusi-Mensah Frimpong<br>Courtroom "8B"<br><br>Hon. Magistrate Judge Karen L. Stevenson<br>Courtroom "580" |

///
///
///

**DECLARATION OF JONATHAN FANG, ESQ.**

I, Jonathan Fang, declare as follows:

1. I am an attorney duly licensed to practice before this Court and am an associate with Hurrell Cantrall LLP, attorneys of record for Defendant Clark R. Taylor. AICP. The Los Angeles County Department of Regional Planning herein.  The facts set forth herein are of my own personal knowledge and if sworn I could and would testify competently thereto.

2. On March 21, 2023, Defendant propounded Request for Production, Set One consisting of three requests on Plaintiff.

3. On April 2, 2023, Plaintiff filed a Motion to Limit Discovery. (Dkt 41.)

4. On June 2, 2023, I sent a meet and confer letter regarding Plaintiff's failure to respond to respond to Defendant's Request for Production of Documents, Set One.  Plaintiff refused to meet and confer regarding the discovery responses claiming that the action was an administrative review and referred to plaintiff's motion to limit discovery when asked to provide responses. Plaintiff demanded a meet and confer with the Honorable Judge Stevenson. I tried to tried to explain the meet and confer concept with plaintiff who holds himself out to have a Juris Doctorate degree on his LinkedIn profile.

5. After the meet and confer attempt in June,  I sustained injuries in a car accident where a big rig without the trailer ran into the front driver-side door of his vehicle on the freeway.  My injuries forced me to take a medical leave of absence. I returned from my medical leave of absence on August 31, 2023.

6. On my first date back from medical leave I contacted plaintiff telephonically to meet and confer following the Court's order denying plaintiff's motion to limit discovery on July 12, 2023. Despite, the Court's order explicitly stating that "Plaintiff is reminded that, under Rule 37, he has an obligation to serve any objections and/or responses to Defendant's discovery requests within the established deadlines unless the parties have otherwise agreed," Plaintiff stated that the Minute Order gave him "time to re-file" his Motion to limit discovery and that Defendant was "not going to get anything from me or my family" in regards to the documents requested in discovery.  I re-iterated

2

once again the language of the Court's order and urged plaintiff to re-consider and not to continue to waste judicial resources.

7. On September 5, 2023, I contacted plaintiff telephonically to meet and confer a final time. Plaintiff continued to refuse to provide any responses, objections, or documents claiming that the discovery cut-off of August 21, 2023 made it so he had no obligations. Reaching an impasses, I asked for plaintiff's availability for a pre-motion conference per the Honorable Judge Stevenson's Procedures offering dates from September 7 to September 15. Plaintiff began to respond with a date and stopped himself, he then muttered to himself on the phone that it would have to be after his hearing date for preliminary injunction over three weeks away and proceeded to look up the hearing date for preliminary injunction, which was September 21, 2023. Plaintiff then purposedly offered dates after the September 21 starting with September 25, 2023 even though it appeared he had availability prior to September 20, 2023. I sent the first available dates available to the Deputy Clerk on September 5, 2023. Plaintiff purposedly and openly delayed in setting the pre-motion conference until after the discovery motion cutoff of September 20, 2023.

8. On September 6, 2023, the Deputy Clerk set the pre-motion hearing for September 25, 2023 at 11:00 a.m. On September 25, 2023, the pre-motion conference was held and the Court ordered further briefing as to the Motion to Compel. I mistakenly believed that the Court wished for Defendant to brief the issue regarding the timing of the Motion to Compel within the motion to compel itself. As such, I prepared the Motion to Compel and set forth the substantial justification of why the Motion to Compel should be heard.

9. On October 6, 2023, the parties met and confer telephonically regarding Defendant's Motion for Summary Judgment based on lack of standing and that the Takings claim failed as a matter of law. I noted that we would be filing the Motion to Compel brief on October 11, 2023 as the Court had requested. Immediately, Plaintiff insisted that an in-person meet and confer was required pursuant to Local Rule 37-1 before we could file this brief. I noted that the pre-motion conference with the Honorable Judge Stevenson was the meet and confer and since the Court had ordered briefing on the issue, therefore, L.R. 37-1 did not apply. However, to prevent another furry

3

of unsupported and unnecessary filings, I agreed to conduct a in-person meet and confer on October 10, 2023 at our office.

10. The parties conducted an in-person meet and confer in compliance with L.R. 37-1 on October 10, 2023.

11. On October 19, 2023, Defendant filed the Motion to Compel (Dkt. 85). From the pre-motion conference, I mistakenly believed that the Court wished for Defendant to brief the issue regarding the timing of the Motion to Compel within the motion to compel itself. As such, the Motion to Compel set forth the substantial justification of why the Motion to Compel should be heard in the Motion to Compel.

12. On December 14, 2023, the Court denied the Motion to Compel (Dkt. 112). In the order, the Court stated that "Parties [are] to bear their own costs." (Dkt. 112). This order included Plaintiff's request for reasonable expenses incurred under *Fed. R. Civ. Proc.* 37(a)(5)(A).

13. I have been dealing with medical issues: third PRP injection relating to my previous car accident in June 2023 that was scheduled for April 5, 2024 that had to be re-scheduled and an eye infection starting from April 4, 2024 that only starting today (April 12, 2024) has allowed me to see clearly without any issues.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 12, 2024 at Los Angeles, California.

        */s/ Jonathan Fang*
        Jonathan Fang

4