Clinton Brown, Self-Represented
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLINTON BROWN,<br><br>               Plaintiff,<br><br>v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>               Defendant. | **No**. 2:22-cv-09203-MEMF-KS<br><br>**Request for Defendant to Show Cause for Failure to Meet and Confer as Required by L.R. 7-3**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Magistrate:** Karen L. Stevenson<br><br>**Date:** May 16, 2024<br><br>**Time:** 10:00 A.M.<br><br>**Place:** Courtroom 8B |

       **NOTICE TO THE COURT**, 28 U.S.C. § 1654, states, "[I]n all Courts of the United States the parties may plead *and* conduct their own cases personally or by counsel as, by the rules of such Courts, respectively, are permitted to manage *and* conduct causes therein." (emphasis added). The Plaintiff has a statutory right to plead, manage *and* conduct his case as he sees fit, in accordance with the rules of the Court. On March 28, 2024, the Plaintiff asked the Government to meet and confer as required by L.R. 7-3 for all motions not exempted under L.R. 7-2. The Plaintiff is contemplating filing a motion for an expedited status conference in this case. *For example*, at the status conference the parties will discuss the following: Plaintiff's Motion for an Expedited Status Conference pursuant to Rule 16 and L.R. 16: Schedule Trial Date (Rule 40). *See* Civil Standing Order at 3 n. 3. (…no case will proceed to trial unless all parties, including an officer with full settlement authority for corporate parties, have appeared personally at an ADR proceeding…). The Plaintiff would like to have a choice in ADR matter, unlike with the MSJ matter. That's not possible if the Plaintiff cannot file a 'procedurally proper motion' against the Defendant's stonewalling.

*Once again*, the Plaintiff is plead[ing], manag[ing] *and* conduct[ing] his controversy, not the Defendant. The Court erroneously concludes that a "status conference" is somehow a "discovery conference."[1] *See* ECF No. 154 at 1. Despite this stonewalling, the Plaintiff fully expects this Court to apply *Sheetz* in this controversy. *See* ECF No. 158.

### Rule 16. Pretrial Conferences; Scheduling; Management[2]

Rule 16 states, (a) *Purposes of a Pretrial Conference.* In any action, the Court may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for such purposes as:(1) expediting disposition of the action; (2) establishing early and continuing control so that the case will not be protracted because of lack of management; (3) discouraging wasteful pretrial activities; (4) improving the quality of the trial through more thorough preparation; and (5) facilitating settlement. In this case, there is no longer a Rule 16 order. *See* ECF No. 26.

So quite literally, this case seems to be led by the 'Three Blind Mice.' *See* ECF No. 156-1 at 4, #13. The R&R isn't a trial. Trials take a lot of time to prepare & the last time the Plaintiff was procedurally blind like this was when this Court said that the Plaintiff was at fault and not the other way around. *See* ECF No. 155 at 2 n. 7. *That is the truth.*

### Rule 38. Right to a Jury Trial; Demand

(a) Right Preserved. The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a Federal statute—is preserved to the parties inviolate.

### Rule 40. Scheduling Cases for Trial

Each court must provide by rule for scheduling trials. The Court must give priority to actions entitled to priority by a Federal statute.[3]

---

[1] STATUS. The status of a person is his legal position or condition. *See* Black's Law Dictionary 248 (1st ed. 1891); CONFERENCE. A meeting of several persons for deliberation, for the interchange of opinion, or for the removal of differences or disputes. *Id*. at 1121.

[2] Rule 16 has not been amended since the Federal Rules were promulgated in 1938. In many respects, the rule has been a success. For example, there is evidence that pretrial conferences may improve the quality of justice rendered in the Federal Courts by sharpening the preparation and presentation of cases, tending to eliminate trial surprise, *and improving, as well as facilitating, the settlement process*. (emphasis added). *See* 6 Wright & Miller, Federal Practice and Procedure: Civil §1522 (1971). *See* Notes of Advisory Committee on Rules—<u>1983 Amendment</u>

[3] This Court does not have a L.R. 40 for scheduling trials in contravention of what the Congress has *legislatively enacted & mandated* for all Federal Courts of the United States. (emphasis added) *See* 28 U.S.C. §§ 2071-2077.

**Conclusion**

**The Government's Counsel will meet and confer with the Plaintiff in a substantive manner on the motion that the Plaintiff is contemplating filing with this Court.**[4] The Plaintiff has been attempting to contact the Government's Counsel since March 28, 2024, to discuss the contemplated motion to no avail. Thus, the Plaintiff sent a courtesy draft of the motion via email on April 19, 2024. The Government's Counsel finally responded on April 23, 2024, declining to meet with the Plaintiff. Last, the Plaintiff prefers to meet in-person under L.R. 7-3.

**THEREFORE**, compliance with Rule 7-3 is a *Catch-22* in this matter. The Plaintiff has a statutory right to plead, manage and conduct his case & unlike the Government, the harm they have caused me continues unabated, while 'their' choice is to wait around for a decision on the MSJ for the R&R. That's not my choice. *Ring a bell here?*

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: April 23, 2024 | */s/ Clinton Brown*, Self-Represented<br>16821 Edgar Street,<br>Pacific Palisades, CA 90272<br>clinton@atlasinc.solar<br>310-487-6453 |

CC: All Counsel of Record (via ECF) on April 23, 2024

---

[4] Central District Local Rule 7-3 provides that "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days before filing a motion. C.D. Cal. L.R. 7-3. "The purpose of Local Rule 7-3 is to help parties reach a resolution which eliminates the necessity for a hearing," which "further[s] judicial economy and the administration of justice." *James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co*., No. 8:16-cv-01155-JLS-E, 2016 U.S. Dist. LEXIS 189416, at *1 (C.D. Cal. Sept. 12, 2016) (internal quotation marks omitted); *accord Caldera v. J.M. Smucker Co.,* No. CV 12-4936-GHK (VBKx), 2013 U.S. Dist. LEXIS 183977, at *2 (C.D. Cal. June 3, 2013) (noting that the rule "enables the parties to brief the remaining disputes in a thoughtful, concise, and useful manner" (internal quotation marks omitted)).