UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     2:22-cv-09203-MEMF-KS                                    Date: April 30, 2024

Title     <u>Clinton Brown v. Clark R. Taylor</u>

Present: The Honorable:     Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  Minute Order Denying Request for Order to Show Cause [ECF No. 160]**

The Court is in receipt of Plaintiff Clinton Brown's Request for an Order to Show Cause regarding Defendant's purported failure to meet and confer as required by Local Rules. ECF No. 160. Brown's request explained that he is contemplated filing a request for an expedited status conference, but that Defendant's counsel have been unwilling to meet and confer, and thus he seeks an order to show cause. *See id*. Brown also appears to seek to have a trial scheduled. *See id.* Brown set his Request for an Order to Show Cause for a hearing on May 16, 2024. *See id.*

Brown previously filed a Letter Motion regarding similar issues. *See* ECF No. 151. Brown's Letter Motion explained that he has questions regarding whether Defendant Clark Taylor— whom Brown is suing in Taylor capacity as an employee of the County of Los Angeles— remains an employee of the County. *See id.* As Brown's letter notes, if Taylor is no longer an employee, it might affect the availability of the relief Brown seeks. *See id.* Brown sought a status conference to address this issue. The Court denied Brown's Letter Motion on the basis that the letter was procedurally improper. *See* ECF No. 154. The instant Request followed.

The Court DENIES Brown's Request for an Order to Show Cause, for the reasons stated below. The Court deems this matter appropriate for resolution without oral argument, *see* C.D. Cal. L.R. 7-15, and so no appearances are necessary on May 16, 2024.

A Motion for Summary Judgment is currently under submission. To the extent that Brown's Request for an Order to Show Cause is a request to amend or clarify the case schedule, the Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:22-cv-09203-MEMF-KS                                                         Date: April 30, 2024

Title   *Clinton Brown v. Clark R. Taylor*

will address such issues (including setting a trial date) after the Motion for Summary Judgment is decided.

To the extent that Brown wishes to use his Motion for a Status Conference to address a discovery issue, the request is improper. Brown must follow Judge Stevenson's procedures for handling discovery motions (*see* https://www.cacd.uscourts.gov/honorable-karen-l-stevenson). Further, the Court previously noted, fact discovery has closed in this matter. *See* ECF No. 154. The Motion for Summary Judgment is fully briefed, and while it might be appropriate to re-open discovery at some point in the future, the Court is not inclined to do so before the Motion for Summary Judgment is decided.

The record now reflects that Brown's position is that Defendant has refused to meet and confer. To the extent that Taylor's employment status affects this litigation, or to the extent that Defendant's purported failure to meet and confer affects Brown's ability to litigate this action, these issues may be address after the Motion for Summary Judgment is decided.

In sum, the Court declines to hold a status conference as Brown requests while the Motion for Summary Judgment is pending.

All parties are reminded that, under the Federal Rules of Civil Procedure and Local Rules, they have an obligation to be civil in their dealings with each other and filings to the Court. Brown is admonished to refrain from making sarcastic or discourteous comments regarding the parties or the Court (including both the District Judge and Magistrate Judge) in future filings.

|  | : |
|---|---|
| **Initials of Preparer** | DBE |