Clinton Brown, Self-Represented
16821 Edgar Street
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CLINTON BROWN, | **No**. 2:22-cv-09203-MEMF-KS |
| Plaintiff, | **Redlined Objections to Proposed Findings and Recommendations** |
| vs. | |
| COUNTY OF LOS ANGELES | **Judge**: Honorable Maame Ewusi-Mensah Frimpong |
| Defendant | |

**NOTICE TO THE COURT**, 28 U.S.C. § 636(b)(1)(C), states in the pertinent part, "A Judge of the Court *shall* make a *de novo*[1] determination of those portions of the report *or* specified proposed findings *or* recommendations to which objection is made. A Judge of the Court *may* accept, reject, *or* modify, in whole *or* in part, the findings *or* recommendations made by the Magistrate Judge. The Judge *may* also receive further evidence *or* recommit the matter to the Magistrate Judge with instructions." *See also*, United States v. Raddatz, 447 U.S. 673-676 (1980).[2] Thus, [w]ithin fourteen days after being served with a copy [of the R&R], *any* party *may* serve and file written objections to such proposed findings *and* recommendations as provided by rules of Court. *See* 28 U.S.C. § 636(b)(1)(C). Last, this redlined version of the specific objections to the R&R is filed concurrently with the written objections to the Chief Magistrate Judge's R&R, as to the disposition of the MSJ.[3]

---

[1] *See* Black's Law Dictionary 328 (2nd ed. 1910) ("DE NOVO" means "anew; afresh")

[2] The use of the words `de novo' determination' *is not intended to require the Judge to actually conduct a new hearing* on contested issues. Normally, the Judge, on application, will consider the record which has been developed before the Magistrate [Judge] and make his own determination on the basis of that record, without being bound to adopt the findings and conclusions of the Magistrate [Judge]. In some specific instances, however, it *may* be necessary for the Judge to modify *or* reject the findings of the Magistrate [Judge], *to take additional evidence*, recall witnesses, *or* recommit the matter to the Magistrate [Judge] for further proceedings." *See* H.R. Rep. No. 94-1609, p. 3 (1976).

[3] The Plaintiff is also objecting to ECF No. 164 and has redlined that order in respect to the fact that *any* party *may* object *within 14 days* and that the Magistrate Judge did not resolve the outstanding motions and RJN's. However, as this will be a *de novo* review, the District Judge *must* consider those motions/RJN's prior to the final disposition of this controversy upon a *de novo* review of the record in this live case. (*i.e.* "record taken as a whole") (citation omitted).

Respectfully submitted,

Dated: May 29, 2024

*/s/ Clinton Brown*, Self-Represented
16821 Edgar Street,
Pacific Palisades, CA 90272
clinton@atlasinc.solar
310-487-6453

CC: All Counsel of Record (via ECF) on May 29, 2024

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLINTON BROWN, | ) NO. CV 22-09203 MEMF (KS) |
| Plaintiff, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION OF |
| | ) UNITED STATES MAGISTRATE JUDGE |
| CLARK R. TAYLOR, AICP, The Los | ) |
| Angeles County Department of | ) |
| Regional Planning, | ) |
| Defendant. | ) |
| _____ | ) |

This Report and Recommendation is submitted to the Honorable Maame Ewusi-Mensah Frimpong, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California.

28 U.S.C. § 636(b)(1)(C)    Undated & Unsigned

**INTRODUCTION**

On December 17, 2022, Plaintiff, a California state resident proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983 (the "Complaint") concerning the denial of Plaintiff's application for a 20-megawatt solar farm at a property in Calabasas, California.

violation of a basic right to private property

1

(Dkt. No. 1 at 3.) On January 30, 2023, Defendant filed an Answer to the Complaint. (Dkt. No. 10.)

On October 18, 2023, Defendant filed the pending Motion for Summary Judgment ("Motion") accompanied by 10 exhibits, 10 Requests for Judicial Notice corresponding to the exhibits, and the Declaration of Jonathan Fang, Esq. (Dkt. No. 82.) On October 19, 2023, Defendant filed a Separate Statement of Uncontroverted Material Facts in support of the Motion. (Dkt. No. 84.) On December 27, 2023, Plaintiff filed an Opposition to the Motion, *Infra at 34* accompanied by an earlier-filed Statement of Genuine Disputes of Material Fact by Nonmoving Party and 11 exhibits. (Dkt. Nos. 115, 118.) On January 17, 2024, Defendant *Infra at 4* filed a Reply in support of the Motion accompanied by a Reply and Evidentiary Objections to Plaintiff's Statement of Genuine Disputes of Material Fact by Nonmoving Party. (Dkt. No. 123.) The Motion is now fully briefed and ready for decision without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. *See ECF Nos. 125 at 3 & 126; Infra at 7* *Rule 78(b)*

For the reasons outlined below, the Court recommends that Defendants' Motion for Summary Judgment be GRANTED in full and this action dismissed with prejudice.

*At a minimum, what happened to Rule 15(a) & at the maximum it is the Plaintiff who must be GRANTED the MSJ (Rule 56(f)(1)). The Government NEVER filed a MTD & the Court grants one with prejudice after 18 months here?*

**ALLEGATIONS IN THE COMPLAINT**[1]

*This goes back to Rule 52(a)(2) & the Interlocutory Appeal. Regardless, this controversy has had no evidentiary hearings. Rule 72(b)(1) "hear"*

Plaintiff sues Defendant Clark R. Taylor, a "Senior Planner" with the Los Angeles County Department of Regional Planning's Coastal Development Services. (Dkt. No. 1 (Complaint) at 2.) Plaintiff sues Defendant in his official capacity only. (*Id.*)

---

[1] For ease of reference, the Court cites to the page numbers assigned by the Court's Case Management/Electronic Case Files system appearing near the top-right corner of each page.

Plaintiff, who resides at 16821 Edgar Street in Pacific Palisades, alleges that he "submitted an application to install a 20 MW Solar Farm at 27250 Agoura Rd., described as 32.4 acres of vacant land, in unincorporated Los Angeles County, on November 28, 2020, to the Los Angeles County Department of Building and Safety." (*Id.* at 2-3.) After Plaintiff was directed to reapply and did so, "[t]he Los Angeles County Department of Building and Safety created an Agency Referral form on 09/01/2021 for the Department of Regional Planning, among other agencies to review and sign-off on the permit request." (*Id.*) Plaintiff contends that, on October 12, 2021, Defendant denied the application "on the grounds that utility-scale solar facilities are not allowed in Significant Ecological Areas ("SEA") and per the County's [Geographic Information System] mapping, the SEA overlay encompasses the entire property in question." (*Id.* at 3-4.)

Plaintiff further alleges that he continued to pursue the solar farm application through different county agencies, "but all departments directed him back to the Regional Planning Department . . . and the October 12, 2021, rejection letter." (*Id.* at 4.) Finally, Plaintiff alleges that an "environmental review document prepared by Green-Tech Environmental in June 2021 was also submitted, reviewed, and accepted by the Los Angeles County Department of Building and Safety, and that document "concluded that with mitigations, the project would have less than significant impacts." (*Id.*)

Based upon those factual allegations, the Complaint raises a single cause of action alleging that Defendant's rejection of Plaintiff's application for a solar farm constituted an unconstitutional governmental taking without just compensation. (*Id.* at 5-7.) Plaintiff alleges that Defendant "was acting within the scope of their authority as a government official," that Defendant "had the power to take the landowner's property without compensation," and that because Defendant's "actions constitute a violation of the landowner's constitutional rights," Defendant "was acting under the color of law." (*Id.* at 2-3.)

3

Plaintiff's requested relief for the *supra at 2* alleged constitutional violation includes
*Interest is required for Just Compensation in a Fifth Amendment Takings claim.*
$32,400,000.00 in "just compensation" and an order requiring Defendant to sign the agency
referral document so the permit Plaintiff seeks for a solar farm will be approved.  (*Id.* at 7.)

### THE MOTION

Defendant seeks summary judgment on three grounds.  First, Defendant contends that
Plaintiff lacks standing to bring this lawsuit because he has failed to establish any ownership
interest in the land at issue and has, therefore, not been injured-in-fact.  (Dkt. No. 82 (Motion)
at 12-16.)  Second, Defendant argues that Plaintiff's Fifth Amendment Takings Clause claim
fails because the property was purchased with constructive notice of the legal restrictions on
the use of the land at issue, so the current owner never had the property right that Plaintiff
claims was taken from him.  (*Id.* at 16-22.)  Third, Defendant contends that "the previous
*This is contrary to law & the only contested ground in this objection as 2/3 of the grounds were defeated.*
landowners in 1987 dedicated the Subject Property to allow the County of Los Angeles to
prohibit residential and/or commercial structures," and therefore, "[i]f anyone has ever
suffered a taking, it was the developer, who in 1987 gave up the right to develop LOT 3 in
TRACT NO. 33128 (Subject Property) by the dedication of rights to the County." (*Id.* at 22-
23.)  Since the alleged constitutional violation occurred in 1987, Defendant argues that the
two-year statute of limitations for bringing the present claim expired decades ago.  (*Id.*)
Defendant requests that the Court grant summary judgment in full "as Plaintiff lacks standing
for his Takings claim and Plaintiff's Takings claim fails as a matter of law." (*Id.* at 24.)
*Because the Plaintiff can plainly prevail on ground 2, it is the Government's MSJ that fails as a matter of
law. See Palazzolo v. Rhode Island, 533 U.S. 606, 626 (2001)*
In support of the Motion, Defendant proffers a Separate Statement of Uncontroverted
Material Facts (dkt. no. 84) and ten exhibits – all of which are also the subjects of Defendant's
Requests for Judicial Notice:
*The Plaintiff also asked for his 11 exhibits -- all of which are also the subjects of Plaintiff's RJN's.
See ECF No. 115 at 1.*

1. Quitclaim Grant Deed dated January 28, 2022, reflecting The Atlas LLC as grantor to Steve Weera Tonasut, as trustee, recorded 02/01/2022, Los Angeles County Official Record #20220123442;

2. Grant Deed dated Nov. 12, 2020, by Tax Deed Enterprises, LLC as grantor to The Atlas LLC as grantee, dated Nov. 12, 2020, recorded 12/18/2020 Los Angeles County Official Record #20201688734;

3. GIS-Net Public Results for 27250 Agoura Road showing corresponding APN #2064-005-011 dated October 16, 2023;

4. Secretary of State of California, LLC Registration – Articles of Organization filed 08/06/2020, and; Secretary of State Statement of Information, filed Jan. 26, 2022;

5. Tract No. 33128, recorded on December 21, 1987, Los Angeles County Official Record #87-2026009, which states in all caps, "We hereby dedicate to the County of Los Angeles the right to prohibit construction of residential and/or commercial structures within lot 3" in the first paragraph of the first page;

6. Development Agreement, recorded on March 13, 1985, Los Angeles County Official Record #85-277980;

7. Los Angeles County Code Section 22.140.510.C.5.a, which prohibits installation of solar farms within SEA, accessed on October 16, 2023;

8. Los Angeles County Code Section 22.52.1605.E.1 on June 25, 2018, which prohibits installation of solar farms within SEA, accessed on October 16, 2023;

9. Certified Minutes of the County of Los Angeles Board of Supervisors adopting Ordinance No. 2002-0062Z on August 20, 2002, with effective date of September 19, 2002, and relevant pages of the Statement of Proceedings on August 20, 2002, and Ordinance No. 2002-0062Z, and map adopted with Ordinance 2002-0062Z. Ordinance No. 2002-0062Z designates the Subject Property APN/AIN # 2064-005-011 an open space zone (See Pages 18, 50, and 57);

10. Los Angeles County Code Section 22.16.060, which states an open space designation means that the development of premises on the Subject Property shall remain essentially unimproved and buildings, structures, grading excavation, fill or other alterations shall be prohibited except for the specified uses listed as permitted or conditionally permitted.

(Dkt. Nos. 82-2 – 82-11.[2])

In his Opposition, Plaintiff argues that the Fifth Amendment's Takings Clause prohibits the government "from requiring a landowner, as a land-use condition, to relinquish property rights the landowner is otherwise entitled to unless there's a nexus and rough proportionality between the property right and the social cost of the landowner's proposed use." (Dkt. No. 118 (Opposition) at 6-7.) He further contends that "[a] property owner acquires an irrevocable right to Just Compensation immediately upon a Taking." (*Id.* at 8.) As "[t]he date of the subject Property's acquisition determines the amount of Just Compensation and interest," "there is a genuine issue of material fact that is in dispute." (*Id.*) Plaintiff then argues that his service on Defendant was proper in response to a preliminary statement made in the Motion, but not a ground on which Defendant seeks relief here. (*Id.* at 9-12; Dkt. No. 82 at 24.) Lastly,

---

[2] The Court, with minor edits, uses Defendant's description of his exhibits for the purpose of noting them here. (*See* Dkt. No. 82-1.) The Court describes these exhibits in further detail to the extent necessary in its analysis.

6

Plaintiff argues that he "has the Constitutional right to challenge a government-imposed restriction irrespective if that restriction was recorded before or after the acquisition of the Property in this controversy." (Dkt. No. 118 at 13.) Plaintiff makes no argument challenging Defendant's contention that he lacks standing to bring this suit.

*Self-Represented or non-retained representation are entitled to have their declarations counted the same as retained paid representation. Additionally, a MSJ is not a trial by affidavits, in fact, it's not a trial at all as required by the Seventh Amendment.*

Plaintiff's Opposition is supported by his own Statement of Genuine Disputes of Material Fact, in which he disputes all eleven of Plaintiff's Uncontroverted Material Facts. (Dkt. No. 115.) Plaintiff further proffers the following exhibits: *Supra, ECF No. 115 at 1.*

1. Purchase Agreement, Loan Approval and Tax Title Certification;

2. Emails Between All Parties in Controversy Regarding Property Ownership;

3. SMMNA June 3, 2021, Implementation; *Infra at 9 & 10. Cf. at 18. "printouts"*

4. Plaintiff's Emails with County Regarding Solar Project; *Emails from a .gov email address & also subject to Sunshine laws. "source"*

5. County's Quit Claim Deeds of LOT 17 to Agoura and Calabasas;

6. County, Agoura, Calabasas, and LAFCO's Annexation Dispute of Property;

7. FERC QF, SCE, and WDAT; PURPA Preempts Local Law;

8. Structure Mounted Solar Projects Generally Do Not Require Regional Approval (2019);

9. LOT 3 and LOT 17 Deed of Trust Schedule of Rents Conveyed in the Amount of $0;

10. Title 22 Minor CUP for Open Space Development (2019 Ordinance).
*Infra at 9 & 10. Cf. at 18. "printouts"*

*This is from an arbitration about the property in question & is relevant b/c this case is about maps. (location) In any event, the Court doesn't say why it's not relevant & technically it doesn't have to be at this stage, but it will be when the case proceeds to trial.*

(Dkt. Nos. 115-1 – 115-11.[3])

---

[3] The Court uses Plaintiff's description of his exhibits for the purpose of noting them here. (*See* Dkt. No. 115-1.) As stated above, the Court describes these exhibits in further detail to the extent necessary in its analysis.

*Being that NONE of the Plaintiff's Exhibits/RJNs were considered 'admissible' on vague references or no mentioning of particular Evid. Rules whatsoever, it is clear that whatever analysis as it relates to ground 2 (the only objection in this R&R because the Plaintiff prevailed on 2/3 of the grounds proffered by the Government, thus it is drastic to dismiss w/ prejudice. What ever happened to two out of three ain't bad? The statutory required de novo review, whether that is sent back with instructions to the Magistrate Judge, or the District Judge decides to fix it. The two blaring errors in ECF Nos. 164 & 165 must be corrected as a matter of law.*

*Supra at 2 & the Bankruptcy Court doesn't send copies or keep files on cases not filed. In fact, the Plaintiff would be unable to prove that he attempted to file bankruptcy unless he deposed the government official who signed it, or this is 'reasonably' from a source that cannot be questioned as to its authenticity in a MSJ. The Plaintiff is presuming the Court knows this since it has a supervisory role over the bankruptcy courts. See generally, 28 U.S.C § 157.*

Plaintiff's Opposition includes one additional exhibit – a copy of a notice from the

Central District of California's Bankruptcy Court rejecting a petition for filing for lack of a

correct filing fee. (*See* Dkt. no. 118-1.)

*This argument lost & the Government has failed to file any objections to the R&R within 14 days as required by statute. And unless the Court is going to start making law of its own then proper respect is due to Congress for this (scary) jurisdictional deadline. See ECF No. 166 at 1-2*

In the Reply, Defendant argues that Plaintiff's Opposition "contains little more than

hyperbole." (Dkt. No. 123 (Reply) at 2.)  Defendant further contends that Plaintiff's nearly

complete failure to refer to his exhibits in the Opposition – exhibits which Plaintiff argues

support his factual assertions – amounts to the failure to direct the Court's attention to specific,

triable facts, as Plaintiff is required to do. (*Id.* at 2-3.)  Defendant also argues that Plaintiff's

legal citations are largely inapposite in this case, and that Plaintiff "never presents any

competent evidence to dispute Defendant's simple assertions that Clinton Brown, as an

individual does not own '27250 Agoura Road' . . . and without ownership Brown lacks

standing to bring this lawsuit." (*Id.* at 3.)

*Supra at 8*

Defendant next argues that Plaintiff's exhibits are all unauthenticated, as they "are not

supported by any affidavits, declarations, or answers to discovery" and "Plaintiff fails to

explain under penalty of perjury what each [] Exhibit is, what they mean, where the document

was obtained, and that they are true and correct copies." (*Id.* at 4.)  Defendant adds that

Plaintiff's exhibits fail to meet the standard for taking judicial notice under Federal Rule of

Evidence 201(b). (*Id.*)

*Supra at 8*

Defendant further contends that Plaintiff raises previously-adjudicated issues, such as

whether the instant Motion may be heard by the Magistrate Judge, whether service was proper,

and whether Defendant's affirmative defenses fail as a matter of law. (*Id.* at 5-6.)

Defendant then reiterates his argument that Plaintiff has no standing to bring this lawsuit

because he has not proffered any admissible evidence to show he owns the subject property.

(*Id.* at 6-7.)  Defendant also contends that Plaintiff has not proffered evidence to show that he

8

1  has standing under an alternative theory, such as bringing suit as a shareholder of one of the
2  entities who own the property.  (*Id.* at 7.)

3       Supra at 8

4       Lastly, Defendant argues that Plaintiff fails to raise any issues of material fact in support
5  of his Takings Clause claim because Plaintiff "provides no material fact or admissible
6  evidence to support this conclusory statement."  (*Id.* at 8.)

8                    **REQUEST FOR JUDICIAL NOTICE [DKT. NO. 82-1]**

10      Upon a properly supported request by a party, a federal court may take judicial notice
11  of adjudicative facts.  FED. R. EVID. 201(a), (d).  Facts subject to judicial notice are those
12  which are "(1) generally known within the trial court's territorial jurisdiction; or (2) can be
13  accurately and readily determined from sources whose accuracy cannot reasonably be
14  questioned."  FED. R. EVID. 201(b).

15                        Supra at 7
16      Citing Federal Rules of Evidence 201 and 902, Defendant requests that the Court take
17  judicial notice of Defendant's ten exhibits set forth above.  (Dkt. No. 82-1.)  Plaintiff does not
18  object to these requests, does not dispute the authenticity or accuracy of the proffered
19  documents, or offer any reason that the Court should not take  judicial notice of them.  The
                                     Infra at 36
20  Court finds that Defendant's Exhibits 1, 2, 3, 5, and 6 are properly subject to judicial notice as
21  they are official records of the Los Angeles County Recorder's Office or printouts from the
         Supra at 7
22  public websites of the California Secretary of State and Los Angeles County Department of
                                          Supra at 9
23  Regional Planning.  (Dkt. Nos. 82-2, 82-3, 82-4, 82-6, 82-7.)  As such, these exhibits and the
24  facts therein "can be accurately and readily determined from sources whose accuracy cannot
25  reasonably be questioned."  Fed. R. Evid. 201(b)(2); *see also Daniels-Hall v. National Educ.*
26  *Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (finding it appropriate to take judicial notice of
27  information displayed publicly on two school district websites in part because the information
28  "was made publicly available by government entities"); *see also Baldwin v. Washington*

                                          9

*Mutual Bank, FA*, No. CV 19-01898 JAK (AGRx), 2019 WL 13252680, at *2 (C.D. Cal. Dec. 26, 2019) (public records maintained in the Los Angeles County Recorder's Office were judicially noticed on the ground that "their authenticity may be accurately and readily determined").

Defendant's Exhibit 4, a copy of the California Secretary of State's electronic filing of the registration and Articles of Organization for The Atlas LLC, as well as a copy of the California Secretary of State's Statement of Information concerning The Atlas LLC (Dkt. No. 82-5), is also a proper subject of judicial notice as information "made publicly available by [a] government entit[y]." *Daniels-Hall*, 629 F.3d at 998; Fed. R. Evid. 201(b)(2).

Supra at 7

Defendant's Exhibits 7, 8, and 10 are all printouts of sections of the Los Angeles County Code, one of which (Exhibit 8) reflects a section of that code as it existed on June 25, 2018.

See Palazzolo v. Rhode Island, 533 U.S, 606, 626 (2001)

(Dkt. Nos. 82-8, 82-9, 82-11.) These three exhibits are also proper subjects for judicial notice, as not only can their authenticity be accurately and readily determined from sources whose accuracy cannot reasonably be questioned, but Defendant has provided corresponding links to the complete Los Angeles County Code (Dkt. No. 82-1 at 3-4), allowing the Court to affirmatively make such a determination. Fed. R. Evid. 201(b)(2); *see also AHCS – Mental Health and Wellness Inc. v. Los Angeles County*, No. CV 21-7694-RSWL-DFMx, 2021 WL 6495038, at *3 (C.D. Cal. Dec. 16, 2021) (courts "may take notice of local ordinances") (citations omitted).

Did the Court check the link that is at the center of this controversy? The denial of permit grounds. See https://library.municode.com/ca/los angeles county/codes/code of ordinances?nodeId=TIT22PLZO DIV7STSPUS CH22.140STSPUS 22.140.510REEN In any event this isn't a .gov link or website.

Lastly, Defendant's Exhibit 9 is a copy of the Certified Minutes of the Los Angeles

How does the Court think the Plaintiff obtained arbitration proceedings? Ex/RJN

County Board of Supervisors adopting Ordinance No. 2002-0062Z on August 20, 2002, and accompanying information identifying the affected areas and lots. (Dkt. No. 82-10.) This exhibit is also proper subject of judicial notice. Fed. R. Evid. 201(b)(2); *Baldwin*, 2019 WL 13252680, at *2.

NOTES: - PURSUANT TO SECTION 22.16.020 OF THE COUNTY CODE, THE ZONE BOUNDARDY OF A PARCEL SHALL EXTEND TO THE CENTER OF THE ADJOINING ROAD.

10

Supra at 4

## EVIDENTIARY OBJECTIONS

Defendant raises multiple objections to Plaintiff's Exhibits.  (Dkt. No. 123-2.)  In ruling

*See infra, "But, if the evidence COULD..."*

on a motion for summary judgment, the Court may only consider admissible evidence.  *See*

Fed. R. Civ. P. 56.  A party may object that the material used to "dispute a fact cannot be

presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c)(2).  But, if

That's great and all, but there was not a single piece of evidence that was admitted by the Court as an RJN
or otherwise that the Plaintiff proffered (even those ignored in the record) & that really goes to the heart of
MSJ, that all evidence be construed most favorably to the non-moving party.  See supra at 7 "printouts"

the evidence could be presented in an admissible form at trial, "then the contents may be

considered on summary judgment even if the evidence itself is hearsay."  *Burch v. Regents of*

*Univ. of Cal.*, 433 F. Supp. 2d 1110, 1119-20 (E.D. Cal. 2006) (overruling objections that

evidence was irrelevant, speculative and/or argumentative).

Evid. Rule 401 two components a & b...and if the Plaintiff filed evidence with this Court, then prior to filing
that evidence, Evid. Rule 401(a) & (b) is evaluated by the Plaintiff as to the specific parts of that evidence.
As a courtesy per Evid. Rule 106 to save for judicial economy. See ECF No. 112.

A court must rule on material evidentiary objections.  *Norse v. City of Santa Cruz*, 629

F.3d 966, 973 (9th Cir. 2010).  Here, Plaintiff's exhibits 3 and 5-10 are irrelevant to the

pending Motion and are, therefore, inadmissible on that basis and not discussed herein.  Fed.

R. Evid. 401.  The Court finds that Plaintiff's remaining exhibits, including unauthenticated

email exchanges, are inadmissible hearsay not subject to any exception.  Therefore, these

exhibits also have not been considered in ruling on this Motion.  *See* Fed. Rule Evid. 801.  To

the extent the Court refers to those exhibits, it has done so only for context in explaining

Plaintiff's arguments.  In all other respects, in resolving Defendant's Motion, where this

Report and Recommendation cites evidence to which a party has objected, the objection is

impliedly overruled.  The Court denies as moot objections to any evidence on which it did not

rely.  This seems moot as to a de novo review, but seems relevant if there were no objections to the
R&R. Without an oral hearing on the matter, it is questionable whether this is a due process issue.
Case law suggests that the Government's stunt as it relates to its Evid. Objection filing as a
"supplement" to required filings for the MSJ filings suggests that maybe it is not.

## FACTS FOR WHICH THERE IS NO GENUINE DISPUTE

The property that is the subject of this lawsuit is 27250 Agoura Road, an unincorporated

parcel of land whose Assessor Parcel Number APN is 2064-005-011, described as "LOT 3 in

TRACT NO. 33128" (the "Subject Property").  (Defendant's Statement of Uncontroverted

11

Facts ("SUF") No. 1 (Dkt. No. 84 at 2).)  On December 22, 1987, the County of Los Angeles approved the map of Tract No. 33128.  (Defendant's SUF No. 4 (Dkt. No. 84 at 3); Defendant's Ex. 5 (Dkt. No. 82-6).)  The County of Los Angeles concurrently accepted a dedication from the prior landowners of the Subject Property that included "the right to prohibit the construction of residential and/or commercial structures within Lot 3."  (Defendant's SUF No. 4; Defendant's Ex. 5 (Dkt. No. 82-6 at 2).)  This restriction is recorded on the official Tract Map 33128 in Book 1099, Pages 94 TO 97, through the Los Angeles County Official Record No. 87-2026009.  (Defendant's SUF No. 4 (Dkt. No. 84 at 3).)  The dedication of the Subject Property was made pursuant a development agreement dated November 29, 1984, between the prior landowners of the Subject Property and the County of Los Angeles.  (Defendant's SUF No. 5 (Dkt. No. 84 at 3-4); Defendant's Ex. 6 (Dkt. No. 82-7).)

On August 20, 2002, the County of Los Angeles designated the Subject Property through APN 2064-005-011 as an Open Space ("Zone O-S") in Ordinance No. 2002-0062Z. (Defendant's SUF No. 6 (Dkt. No. 84 at 4); Defendant's Ex. 3 (Dkt. No. 82-4); Defendant's Ex. 9 (Dkt. No. 82-10 at 18, 57).)  Premises in Zone O-S "shall remain essentially unimproved and buildings, structures, grading excavation, fill or other alterations shall be prohibited except for the specified uses listed as permitted or conditionally permitted in Section 22.16.030.C (Use Regulations)."  (Defendant's SUF No. 7 (Dkt. No. 84 at 4); Defendant's Ex. 10 (Dkt. No. 82-11)); *see also* Los Angeles County Code § 22.16.060(A) (2024).  As of October 16, 2023, the Subject Property was still designated as Zone O-S.  (Defendant's Ex. 3 (Dkt. No. 82-4).)

See ECF No. 163. Here's a hint. The Plaintiff would have 5 years & not 3 years if the property tax record didn't say the property is "non-residential commercial property" In any event, that's news to the Plaintiff.

On December 13, 2016, the County of Los Angeles adopted an ordinance amending
Last, the Court did not even consider the RJN as required by Evid. Rule 201(c)(2). but see 201(d).
Title 22 of the Los Angeles County Code to *inter alia* establish or amend requirements for small-scale solar energy systems and utility-scale solar energy facilities.  (Defendant's SUF No. 9 (Dkt. No. 84 at 5); Defendant's Ex. 8 (Dkt. No. 82-9).)  That ordinance, in pertinent part, prohibits "[g]round-mounted utility-scale solar energy facilities within adopted Significant

Ecological Areas designated in the General Plan . . . ."  (*Id.*); *see also* Los Angeles County Code § 22.140.510(C)(5)(a) (2024).

On November 12, 2020, the Subject Property was granted to The Atlas LLC, a California Limited Liability Company.  (Defendant's SUF Nos. 8, 10 (Dkt. No. 84 at 4-6); Defendant's Ex. 2 (Dkt. No. 82-3); Defendant's Ex. 4 (Dkt. No. 82-5).)

On September 1, 2021, Plaintiff submitted an application and supporting materials to Defendant Los Angeles County Department of Regional Planning for a solar farm project.[4] (Dkt. No. 42 at 4.)  On October 12, 2021, Defendant rejected the application and stated the following:

> Ground mounted utility scale solar facilities are not permitted in Significant Ecological Areas as described in section 22.140.510(C)(5)(a) found here: https://library.municode.com/ca/los angeles county/codes/code of ordinances?nodeId=TIT22PLZO    DIV7STSPUS    CH22.140STSPUS 22.140.510REEN.  The proposed project site is located wholly within the Santa Monica Mountains North Area Significant Ecological Area and for this reason, the proposed project cannot be permitted at this location and the application cannot be processed.    Supra at 10

(*Id.*)

---

[4]  Plaintiff sues Defendant Taylor in his official capacity as a senior planner employed by the Los Angeles County Department of Regional Planning.  (Dkt. No. 1 at 2.)  In light of the fact that an "official capacity suit is, in all respects other than name, to be treated as a suit against the entity" and not against the official personally, *Kentucky v. Graham*, 473 U.S. 159, 166 (1985), the Court refers to the Los Angeles County Department of Regional Planning as the Defendant in this case.

The only qualm to this is that the Government's affirmative defense #2 on Rule 19 was not struck as a matter of law. See ECF No. 10 at 3 Cf. ECF No. 53 at 3-4.

On January 28, 2022, The Atlas LLC transferred "an undivided 15% interest" in the Subject Property to Steve Weera Tonasut, Trustee of the Tonasut Family Trust dated June 14, 2004." (Defendant's Ex. 1.)  In that grant deed, Plaintiff signed on behalf of "Atlas, LLC," as a "member." (*Id.*)

## LEGAL STANDARD

*Supra at 7*

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of offering proof of the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A MTD was never filed. Once the moving party's burden is met, *Supra at 7* the opposing party is required to go beyond the pleadings and, by the party's own affidavits or by other evidence, designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006).  The party opposing the motion must submit evidence sufficient to establish the elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322. *Supra at 7*

*Supra at 7*

The Court must "view the facts in the light most favorable to the non-moving party and draw reasonable inferences in favor of that party." *Scheuring v. Traylor Bros., Inc.*, 476 F.3d 781, 784 (9th Cir. 2007).  Where different ultimate inferences reasonably can be drawn, summary judgment is inappropriate. *Miller*, 454 F.3d at 988.  At summary judgment, "the court does not make credibility determinations or weigh conflicting evidence." *Porter*, 419 F.3d at 891 (citation omitted).  A factual dispute is "genuine" only if there is a sufficient evidentiary basis upon which a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A factual dispute is "material" only if it might affect the outcome of the lawsuit under governing law. *Id.*

Although the correct legal standard, the facts were applied incorrectly. Supra at 4

14

*Supra at 7*

"Evidence may be offered to support or dispute a fact on summary judgment only if it could be presented in an admissible form at trial." *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 925-26 (9th Cir. 2014) (citation and internal quotation marks omitted); *see also Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 846 (9th Cir. 2004) ("Even the declarations that do contain hearsay are admissible for summary judgment purposes because they 'could be presented in an admissible form at trial.'") (citations omitted). Purported evidence which "sets out mere speculation for the critical facts, without a showing of foundation in personal knowledge[ ] for the facts claimed to be at issue" is insufficient. *John M. Floyd & Assocs.*, 550 F. App'x at 360 (9th Cir. 2013). Conclusory statements are insufficient to defeat summary judgment. *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 950 n.9 (9th Cir. 2011) (*en banc*). *Supra at 7*

To establish the existence of a factual dispute, an opposing party need not establish an issue of fact conclusively in its favor; it is enough that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 290 (1968). Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (*quoting* Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments); *Int'l Union of Bricklayers v. Martin Jaska, Inc.,* 752 F.2d 1401, 1405 (9th Cir. 1985).

*Supra at 7 (In other words, if the evidence isn't considered properly (judges aren't juries) then the correct legal standard, which is here, cannot be applied correctly.*

## DISCUSSION

**I.  Standing**

**a.  Legal Standard**

The judicial power of federal courts only extends to "cases" or "controversies." *Nasby v. Nevada*, 79 F.4th 1052, 1056 (9th Cir. 2023) (*citing* U.S. Const. art. III, § 2, cl. 1). A "critical

component of the case-or-controversy requirement is standing." *Id.* To establish constitutional (Article III) standing,[5] a plaintiff must suffer an "injury in fact," which is the "invasion of a legally protected interest [that] is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id.* (*quoting Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). The party invoking federal jurisdiction bears the burden of establishing standing. *Id.*

### b. Relevant Facts

As stated above, the parties to this action are only Plaintiff Brown and Defendant Taylor in his official capacity with the Los Angeles County Department of Regional Planning. (Dkt. No. 1 at 2.) The Subject Property is currently owned by The Atlas LLC, a California Limited Liability Company, and Steve Weera Tonasut, Trustee of the Tonasut Family Trust. (Defendant's Exs. 1, 2, 4.)

Are these exhibits or judicially noticed as to instruct a jury? Supra at 9 & Evid. Rule 201(f)

In The Atlas LLC's Articles of Organization on file with the California Secretary of State, Plaintiff is designated as the sole member, the agent for service of process, and the Chief Executive Officer. (Defendant's Ex. 4.)

Id.

In Plaintiff's Exhibit P1, Plaintiff proffers a receipt documenting a $10,000 wire transfer on July 6, 2020, concerning the Subject Property. (Dkt. No. 115-2.) That document reflects the "buyer" as Plaintiff Clinton Brown. (*Id.* at 1.) The same exhibit includes an email in which Plaintiff requests "the purchase agreement that was used in Escrow" in a transaction involving the Subject Property. (*Id.* at 2.) Additionally, the same exhibit also includes a copy of a "Disclosure Regarding Real Estate Agency Relationship" which identifies Plaintiff Clinton

---

[5] There are two doctrines governing whether a plaintiff has standing to proceed in federal court – namely (1) Article III or "constitutional standing" and (2) "prudential standing." *Potere v. Board of Trustees of State Bar of California*, No. 2:21-cv-05208-JAK-JC,   – it appears that only plaintiff's Article III standing is at issue in the Motion.

Brown as both the buyer and buyer's agent. (*Id.* at 3-23.) That exhibit also includes a letter of "Conditional Loan Approval" dated June 22, 2020, in which the name "Clinton Brown" was handwritten in next to "Potential Borrower." (*Id.* at 24.)

Finally, the exhibit includes a copy of a "Foreclosure Due process Certification" dated January 25, 2021, for the Subject Property. (*Id.* at 25.) Plaintiff's Exhibit P7 includes a copy of a "Voluntary Consent to Release Non-Public Information," which purports to contain Plaintiff's digital signature and title as "Managing Director" of The Atlas, LLC. (Dkt. No. 115-8 at 2.) On January 28, 2022, The Atlas LLC transferred "an undivided 15% interest" in the Subject Property to Steve Weera Tonasut, Trustee of the Tonasut Family Trust dated June 14, 2004." (Defendant's Ex. 1.) In that grant deed, Plaintiff signed on behalf of "Atlas, LLC," as a "member." (*Id.*)

### c. The Parties' Arguments

Defendant contends that Plaintiff has failed to allege or show any individualized injury-in-fact, as he does not personally own the Subject Property, and that Plaintiff has failed to proffer evidence to show he is authorized to bring suit on behalf of the owners of the Subject property, including The Atlas LLC, in Plaintiff's capacity as a member. (Dkt. No. 82 at 12-16.) Defendant argues that, as a result, Plaintiff lacks standing to bring suit concerning the use of the Subject Property, regardless of whether the suit is considered direct or derivative. (*Id.*)

Plaintiff does not address this issue in his Opposition. (Dkt. No. 118.) However, in Plaintiff's Statement of Genuine Disputes of Material Fact, he disputes Defendant's SUF No. 1, that he does not own the Subject Property. (Dkt. No. 115 at 2.) In doing so, Plaintiff cites to Plaintiff's Exhibit P1, as well as Plaintiff's Exhibit 2, copies of email exchanges between Plaintiff, Steve Weera Tonasut, and another individual in January, August, and November 2022, concerning the deal in which Tonasut received a 15% ownership in the Subject Property,

and further discussion/disputes over how to further use and subdivide the property.  (Dkt. Nos. 115-2, 115-3.)

Plaintiff also cites an order issued by the District Judge in this case on December 5, 2023, denying Plaintiff's Motion for Preliminary Injunction and Request for Judicial Notice. (Dkt. No. 105.) Plaintiff specifically points to a footnote in that order that states, "The Agoura Property is at the center of another lawsuit by Brown against his alleged business partners in the proposed solar farm.  *Clinton Brown v. Emil Assentato, et al*, Case No. 2:23-cv-02972-MEMF-KS." (*Id.* at 2 n.4; Dkt. No. 115 at 2.)  Additionally, Plaintiff cites Plaintiff's Exhibit P3, a printout of a page on the Los Angeles County Department of Regional Planning's website entitled, "Santa Monica Mountains North Area Plan." (Dkt. No. 115 at 2-3; Dkt. No. 115-4.) Plaintiff then cites the rejection letter for the solar farm (Dkt. No. 42 at 2) and argues, "Nowhere in the Santa Monica Mountains North Area 'Final Document' does it prohibit solar farms." (Dkt. No. 115 at 3.)

Next, Plaintiff cites to Plaintiff's Exhibit P4, which are unauthenticated copies of email exchanges between Plaintiff and representatives of several Los Angeles County agencies, Defendant included, between November 2020 and December 2022.  (Dkt. No. 115-5.)  In reference to Plaintiff's Exhibit 4, Plaintiff argues that "[t]his LLC was not created for the purpose of acquiring the 32.4 acres in unincorporated Los Angeles County" but instead to "open a bar at 21201 Pacific Coast Hwy, Malibu, CA 90272." (Dkt. No. 115 at 3.)  Plaintiff further argues, "[I]t is disputable whether the entity is a disregarded or partnership entity," and adds that he has "pierced the corporate veil' which in all fairness and justice must be set aside to prevent fraud and ensure equity."[6]  (Dkt. No. 115 at 3.)

---

[6] Plaintiff provides a link to a page of the Internal Revenue Service's website discussing limited liability companies.  (Dkt. No. 115 at 3.)  The relevant language provides:  "A Limited Liability Company (LLC) is an entity created by state statute. Depending on elections made by the LLC and the number of members, the IRS will treat an LLC either as a corporation, partnership, or as part of the owner's tax return (a "disregarded entity").  A domestic LLC with at least two members is classified as a partnership for federal income tax purposes unless it files Form 8832 and elects to be treated as a corporation.

18

Plaintiff also disputes Defendant's SUF No. 2, which reflects that The Atlas LLC and Steve Weera Tonasut (as Trustee of the Tonasut Family Trust) currently own the Subject Property. (Dkt. No. 115 at 3.) Here too, Plaintiff cites to Plaintiff's Exhibits 1 and 4, discussed above. (*Id.* at 4.) Plaintiff also cites to a portion of an earlier pleading in this case, specifically, Defendant's reply in support of a motion to compel. (*Id.*; Dkt. No. 91.) Plaintiff appears to be referring to language in that reply stating, "Defendant does not have access to documents related to [Plaintiff's] purchase and acquisition of the subject property, . . . ." (Dkt. No. 91 at 4.) Plaintiff argues, "If the Government doesn't know who the legal landowner is, it's indisputable that the public record itself is a material dispute requiring a jury's resolution." (Dkt. No. 115 at 4.)

Plaintiff further disputes Defendant's SUF No. 3, which states that on October 12, 2021, the date Plaintiff's solar farm application was denied, the Subject Property was owned solely by The Atlas LLC. (*Id.*) Plaintiff again cites to Plaintiff's Exhibits 2 and 4, and poses the question, "Who was the owner on November 30, 2020, when application UNCSOLR201128002452 was submitted to the County?" (*Id.*)

### d. Discussion

The Court begins with the direct evidence showing ownership of the Subject Property. Defendant has proffered ample admissible evidence – specifically, copies of the relevant grant deeds – showing that the Subject Property in this case is currently owned by The Atlas LLC and Steve Weera Tonasut, Trustee of the Tonasut Family Trust. (Defendant's Exs. 1&2.)

---

For income tax purposes, an LLC with only one member is treated as an entity disregarded as separate from its owner, unless it files Form 8832 and affirmatively elects to be treated as a corporation. However, for purposes of employment tax and certain excise taxes, an LLC with only one member is still considered a separate entity. . . . If a single-member LLC does not elect to be treated as a corporation, the LLC is a 'disregarded entity,' and the LLC's activities should be reflected on its owner's federal tax return." *Available at*: https://www.irs.gov/businesses/small-businesses-self-employed/single-member-limited-liability-companies (last accessed on May 10, 2024).

Plaintiff has not proffered any admissible evidence that plausibly challenges the accuracy of the grant deeds. Indeed, the documents that Plaintiff relies upon to establish his purported ownership of the property are all inadmissible hearsay for which Plaintiff has not established that any exception will apply. *See* F.R.E. 801. Accordingly, the Court finds as a factual matter that the Subject Property is owned by The Atlas LLC and Tonasut. Put another way, because Plaintiff fails to establish that he owns the Subject Property in an individual capacity, he has not met his burden to establish an injury-in-fact based on individual ownership of the Subject Property. *Nasby*, 79 F.4th at 1056.

However, as noted above, it is undisputed, based upon Defendant's admissible evidence, that The Atlas LLC is the majority owner of the Subject Property, and the record establishes that Plaintiff is the CEO and sole member of that company. (Defendant's Exs. 1, 2, 4.) Defendant contends that Plaintiff's position as a member of The Atlas LLC does not confer standing because members of corporations and limited liability companies generally do not have standing to bring direct suits for generalized harms to a company. (Dkt. No. 82 at 12-16.) However, "the same conduct" may result in injury to both the entity and the individual. *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1057 (9th Cir. 2002). The authority Defendant relies on applies to situations in which members or shareholders attempt to bring suit when they are unable to establish any direct, individual injury. *See Gordon v. Virtumundo, Inc.*, 575 F.3d 1040, 1055 (9th Cir. 2009) (the individual plaintiff "failed to argue, let alone come forth with evidence[] that[] . . . he has suffered any real harm" based on his company's receipt of thousands of spam emails from the defendant); *Erlich v. Glasner*, 418 F.2d 226, 227 (9th Cir. 1969) ("It is clear that the claimed damages were suffered by the corporation, rather than by appellant."); *PacLink Communications Intern., Inc. v. Superior Court*, 90 Cal. App. 4th 958, 964 (Cal. Ct. App. 2001) (where multiple members of a limited liability company filed suit as individuals, the court found that the "members cannot be directly injured when the company is improperly deprived of [] assets" because "[t]he injury was essentially a diminution in the value of their membership interest in the LLC . . . .").

20

Here, Plaintiff brings a civil rights Complaint under 42 U.S.C. § 1983 on his own behalf, not that of The Atlas LLC. More specifically, Plaintiff alleges that the denial of his solar farm application by Defendant amounted to a taking *from him*. (Dkt. No. 1.) The admissible evidence in this case establishes that Plaintiff is the *sole* member of The Atlas LLC, not one of many members or shareholders who may only suffer a generalized harm from an injury to the company as a whole. (Defendant's Ex. 4.) Therefore, the evidence establishes that the harm alleged in this case is more properly characterized as an injury to both The Atlas LLC and Plaintiff, as its sole member. *RK Ventures, Inc.*, 307 F.3d at 1057. As a party claiming he was injured-in-fact as the sole member of The Atlas LLC, Plaintiff has standing to bring suit. *Nasby*, 79 F.4th at 1056.

The Court also notes there is no evidence to suggest that Plaintiff seeks to improperly use The Atlas LLC as a shield in this lawsuit. Whatever business reason Plaintiff elected to acquire the Subject Property through his limited liability company instead of purchasing it individually, it is undisputed that Plaintiff is the sole member of The Atlas LLC and the applicant for the construction of a solar farm on the Subject Property. (Defendant's Exs. 1, 2, 4; Dkt. No. 42.) The Court concludes that the harm alleged in this case has been sufficiently established as harm to Plaintiff himself. (Dkt. No. 1; Defendant's Ex. 4.) Consequently, the Court finds that Plaintiff has proffered evidence sufficient to defeat summary judgment with respect to Plaintiff's standing to bring suit in this case. *Nasby*, 79 F.4th at 1056.

\\
\\
\\
\\
\\
\\
\\

21

1     **II.   The Takings Clause**

2

3        **a.  The Parties' Arguments**

4

5        As noted above, Plaintiff alleges in the Complaint that Defendant Los Angeles County

6 Department of Regional Planning's October 12, 2021 rejection of his solar farm application

7 violated the Takings Clause of the Fifth Amendment. (Dkt. No. 1 at 4-7; *see also* Dkt. No. 42

8 at 3-4.) Plaintiff brings his Takings Clause claim under the theory that "when a regulation

9 impedes the use of property without depriving the owner of all economically beneficial use," a

10 taking may still occur depending upon "(1) the economic impact of the regulation on the

11 claimant; (2) the extent to which the regulation has interfered with distinct investment-backed

12 expectations; and (3) the character of the governmental action." (Dkt. No. 1 at 5-6 (citation

13 omitted).) Plaintiff argues that he "proceeded in good faith and with great expense to work

14 with the Los Angeles County Department of Building and Safety to secure a permit to use the

15 property for its highest and best use," and that the denial of his solar farm application "[w]ithout

16 just compensation," amounts to "unjustly taking away the property owner's rights and

17 destroying their ability to plan their own future." (*Id.* at 5.) Plaintiff adds that "[a] regulation

18 which denies all economically beneficial or productive use of land requires compensation under

19 the Takings Clause." (*Id.*)

20

21        In the Motion, Defendant first argues that Plaintiff has "failed to allege or provide any

22 facts related to a diminution of value of the Subject Property." (Dkt. No. 82 at 18.) In the

23 absence of evidence showing a reduction in current value, Defendant reasons that to the extent

24 any taking occurred, it would have been before Plaintiff purchased his property because – as

25 Defendant's exhibits establish – the regulatory restrictions on that property were imposed years

26 prior. (*Id.*)

27

28

In a related argument, Defendant also contends that Plaintiff purchased the Subject Property with constructive notice of the regulatory restrictions to the property, which included the prohibition of a solar farm, so Plaintiff never possessed a cognizable property right to build any residential or commercial structures. (*Id.* at 19-22.)  Supra at 4

In the Opposition, Plaintiff makes a number of generalized statements about the law of takings (in his view), and then argues that "[t]he date of the [S]ubject Property's acquisition determines the amount of Just Compensation and interest.  Thus, there is a genuine issue of material fact that is in dispute." (Dkt. No. 118 at 8.)  Plaintiff further argues that he "has the Constitutional right to challenge a government-imposed restriction irrespective [of] if that restriction was recorded before or after the acquisition of the Property in this controversy." (*Id.* at 13.)

In the Reply, Defendant contends that Plaintiff has not adequately responded to arguments made in the Motion, and that he "fails to raise genuine issues of material fact that there was no regulatory taking because he fails to include any evidence supporting his claims beyond conclusory, unsupported assertions." (Dkt. no. 123 at 8-11.)  Supra at 8

## b. Legal Standard

The Fifth Amendment's Takings Clause provides: "nor shall private property be taken for public use, without just compensation." *Sheetz v. County of El Dorado, California*, ___ U.S. ___, 144 S. Ct. 893, 899 (2024).  As the Supreme Court recently held:

> The Takings Clause's right to just compensation coexists with the States' police power to engage in land-use planning.  (Though at times the two seem more like in-laws than soulmates.)  While States have substantial authority to regulate land use, the right to compensation is triggered if they "physically

23

appropriat[e]" property or otherwise interfere with the owner's right to exclude others from it. That sort of intrusion on property rights is a *per se* taking.

*Id.* (citations omitted).

However, "[d]ifferent rules apply to State laws that merely restrict how land is used." *Id.* Judicial decisions considering regulatory takings claims are typically "characterized by essentially ad hoc, factual inquiries, designed to allow careful examination and weighing of all the relevant circumstances." *Colony Cove Properties, LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018) (*quoting Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302 (2002)). The goal is to determine whether regulatory actions "are functionally equivalent to the classic taking in which government directly appropriates private property." *Id.* (citation omitted).

This legal standard is unnecessary to apply, the fully developed factual record clearly shows a per se Taking.

In *Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104 (1978), the Supreme Court articulated three factors that frame a regulatory takings analysis. *Colony Cove Properties, LLC*, 888 F.3d at 450. Specifically, "*Penn Central* instructs us to consider [1] the regulation's economic impact on the claimant, [2] the extent to which the regulation interferes with distinct investment-backed expectations, and [3] the character of the government action." *Colony Cove Properties, LLC*, 888 F.3d at 450 (citation and internal quotation marks omitted); *see also Penn Centr. Transp. Co.*, 438 U.S. at 124. "Primary among those factors are [t]he economic impact of the regulation on the claimant and, particularly, the extent to which the regulation has interfered with distinct investment-backed expectations." *MHC Financing Ltd. Partnership v. City of San Rafael*, 714 F.3d 1118, 1127 (9th Cir. 2013) (*quoting Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 538-39 (2005)). The ultimate question is whether a plaintiff presents sufficient evidence on each of these factors to allow a reasonable finder of fact to conclude that the government's application of the regulation was "the functional equivalent of the direct

24

appropriation of the [p]roperty." *Colony Cove Properties, LLC*, 888 F.3d at 450.  The Court address each factor in turn.  *Id.*

###   c.  Analysis

####   1.  Economic Impact

This legal standard is unnecessary to apply, the fully developed factual record clearly shows a per se Taking.

"In considering the economic impact of an alleged taking, we 'compare the value that has been taken from the property with the value that remains in the property.'"  *Id.* (*quoting Keystone Bituminous Coal Ass'n v. DeBenedictis*, 480 U.S. 470, 497 (1987)).  "[E]conomic impact is determined by comparing the total value of the affected property before and after the government action."  *Id.* (*citing MHC Financing Ltd. Partnership*, 714 F.3d at 1127).  "Projected income streams can contribute to a method for determining the post-deprivation value of property, but the severity of the loss can be determined only by comparing the post-deprivation value to pre-deprivation value."  *Id.*  Most importantly, however, conclusory statements are insufficient to defeat summary judgment.  *Comite de Jornaleros de Redondo Beach*, 657 F.3d at 950 n.9.

Id.

Here, Plaintiff has not proffered any evidence of post-deprivation value of the Subject Property.  Indeed, Plaintiff has not even *alleged* a loss of value.  Furthermore, even if he had alleged any economic loss, to defeat summary judgment, Plaintiff must present admissible evidence of the nature and quantum of such loss, and he has not done.  *S. Cal. Darts Ass'n*, 762 F.3d at 925-26.

Id.

Indeed, at the summary judgment stage, Plaintiff must show what, if any, *diminution* in value has occurred based on the regulatory action taken.  *Comite de Jornaleros de Redondo Beach*, 657 F.3d at 950 n.9.  Even if The Atlas LLC paid for the property, *Colony Cove Properties, LLC*, 888 F.3d at 451, Plaintiff has presented is no valuation evidence in this case,

25

As mentioned previously there's a filed document called assessment records. ECF No. 38 at 4-7.

admissible or otherwise, as the relevant November 2020 grant deed does not reflect a value for the property.  (Defendant's Ex. 2.)  Regardless, Plaintiff has "presented no evidence, by virtue of analyzing diminished income streams or otherwise, of the post-deprivation value of the Property."  *Colony Cove Properties, LLC*, 888 F.3d at 451; *see also Penn Cent. Transp. Co.*, 438 U.S. at 130 (a party's attempt to "establish a 'taking' simply by showing that they have been denied the ability to exploit a property interest that they heretofore had believed was available for development is quite simply untenable.").

How could the Plaintiff when the Government has taken all its value? The Government has not disputed that it has not, in fact, took all the value. In fact, because they have. Penn test does not apply.

As a result, with respect to the first *Penn Central* prong, Plaintiff fails to present any evidence to create a triable question of fact as to any economic impact caused by Defendant's denial of his solar farm application.  *Id.* at 452.

## 2. Distinct Investment-Backed Expectations

*Id.*

Despite Plaintiff's failure to establish his future economic expectations for the Subject property, it is not unreasonable to infer that he had a certain expectation of income based on the installation of a solar facility.  But he neither makes this argument nor presents any admissible evidence in support thereof.  The record here is devoid of any evidence to support such a theory.  *Id.*

*Id.*

"To form the basis for a taking claim, a purported distinct investment-backed expectation must be objectively reasonable."  *Id.* at 452.  On this issue, Defendant's evidence, which has not been rebutted in any way by Plaintiff's evidence, eliminates any potential genuine issues of material fact.  Specifically, Defendant has proffered ample admissible evidence showing that specific government-imposed restrictions against development on the

See Palazzolo v. Rhode Island, 533 U.S. 606, 626 (2001)

Subject Property that led to the denial of Plaintiff's solar farm application have been in place since 1987.  (Defendant's SUF Nos. 4-9; Defendant's Exs. 3, 5&6, 8-10.)  The relevant restrictions were recorded on the official Tract Map 33128 in Book 1099, Pages 94 TO 97,

through the Los Angeles County Official Record No. 87-2026009.  (Defendant's SUF No. 4);

*See ECF No. 163 (non-residential commercial property)*

*see also* Los Angeles County Code § 22.16.060(A) (2024).  As stated above, the Subject Property was granted to The Atlas LLC on November 12, 2020, after the restrictions at issue

*Supra at 26*

were imposed. (Defendant's SUF Nos. 8, 10; Defendant's Ex. 2; Defendant's Ex. 4.)

*Id.*

Whether or not Plaintiff had economic expectations for the Subject Property— a fact he has neither pled nor proffered any evidence to prove—— the undisputed evidence established that he has never, during the time The Atlas LLC has owned the Subject property, been permitted by law to develop that property for purposes of a solar farm.  (Defendant's SUF Nos.

*Exhibits or RJNs?*

4-9; Defendant's Exs. 3, 5&6, 8-10.)  On this point, Defendant's exhibits have accomplished precisely what is required at the summary judgment stage, i.e., piercing the pleadings so the Court may assess the proof in order to see whether there is a genuine need for trial.  *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.  Moreover, Plaintiff's arguments disputing whether the County of Los Angeles is correct in its assessment of the designation of the Subject Property does not advance his argument that a constitutional taking occurred here.  Plaintiff has failed to present evidence supporting any investment-backed expectations under *Penn Central*'s second prong sufficient to defeat summary judgment.  *Colony Cove Properties, LLC*, 888 F.3d at 454.  *Supra at 26*

### 3.  Character of Government Action

*What about those tarps? See ECF No. 75 at 2. *This ECF was also never noticed. See also ECF No. 163*

A "taking" is more likely to occur "when the interference with property can be characterized as a physical invasion by government than when interference arises from some public program adjusting the benefits and burdens of economic life to promote the common good."  *Id.*; *see also Penn Cent. Transp. Co.*, 438 U.S. at 125 ("[I]n instances in which a state tribunal reasonably concluded that 'the health, safety, morals, or general welfare' would be promoted by prohibiting particular contemplated uses of land," the Supreme Court "has upheld land-use regulations that destroyed or adversely affected recognized real property interests.").

27

Here, Defendant has proffered admissible evidence showing that the restrictions on the Subject Property were imposed by the County of Los Angeles because the property was designated as an open space zone in a Significant Ecological Area. (Defendant's Exs. 7, 9, 10.) Plaintiff has not rebutted that evidence or otherwise proffered any evidence to establish that the government otherwise singled him out for a reason unrelated to the Subject Property. *Colony Cove Properties, LLC*, 888 F.3d at 454-55. There is no genuine issue of material fact in this case concerning the character of the government action at issue. *First Nat'l Bank of Ariz.*, 391 U.S. at 290. See ECF Nos. 59, 75, 89, 106, 114, 126, 145, 149, 155, 157, 160, & 163.

Id.

As noted above, to defeat summary judgment, Plaintiff must direct the Court to specific, triable facts supported by admissible evidence, and summary judgment cannot be avoided by relying solely on conclusory allegations unsupported by factual data. *So. Cal. Gas Co.*, 336 F.3d at 889; *Arpin*, 261 F.3d at 922. After thoroughly examining the evidence submitted by both sides, the Court concludes that Plaintiff's assertions that a constitutional taking occurred What about ground 2? 1 & 3 were defeated. do not establish disputed issues of material fact sufficient to preclude summary judgment. Indeed, Plaintiff has failed to counter the law and evidence put forth by Defendant establishing that no such taking occurred here. *Miller*, 454 F.3d at 987; *Celotex Corp.*, 477 U.S. at 322.

Id.

\\
\\
\\
\\
\\
\\
\\
\\
\\

# CONCLUSION[7]

Supra a 1-30

For the reasons outlined above, the Court concludes that no material, genuine, or triable issues of fact remain in this action and Defendant's Motion should be GRANTED in its entirety.

Supra at 1

# RECOMMENDATION

Id.

IT IS THEREFORE RECOMMENDED that the District Court issue an Order: (1) approving and accepting this Report and Recommendation; (2) GRANTING Defendant's Motion for Summary Judgment in full; and (3) dismissing this action with prejudice.

DATED: May 15, 2024

_Karen L. Stevenson_
KAREN L. STEVENSON
CHIEF MAGISTRATE JUDGE

---

[7] The Court rejects Defendant's argument that this action is barred by the relevant statute of limitations on the ground that "[i]f anyone has ever suffered a taking, it was the developer, who in 1987 gave up the right to develop LOT 3 in TRACT NO. 33128 (Subject Property) by the dedication of rights to the County." (Dkt. No. 82 at 23.) The referenced developer is not a party to this case, and while Plaintiff is critical of the circumstances surrounding the 1987 dedication, there is no allegation in the Complaint that the County of Los Angeles committed an unconstitutional taking that injured the owner of the Subject Property in 1987.

29

**NOTICE**

As explained in ECF No. 166 this NOTICE may cause a jurisdictional issue that makes this a final decision and therefore, not appealable to the Court of Appeals because of that jurisdictional issue. 14 days not 21 days. See ECF No. 163 & 28 U.S.C. § 636(b)(1)(C).

Reports and Recommendations are not appealable to the Court of Appeals but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.

The concurrently filed written objection to R&R (ECF No. 166) to this Redlined* Objections to Proposed Findings and Recommendations (ECF No. 166-1) is respectfully submitted to guide the Court in its de novo review and/or in the event that the Magistrate Judge receives evidence/written instructions from the District Judge. See 28 U.S.C. § 636(b)(1)(C).

/s/Clinton Brown, Self-Represented

"I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 29, 2024."

* A redlined version of this REPORT & RECOMMENDATION is particularly important in that Congress requires objections to the R&R to mandate a de novo review by a District Judge. Thus it is filed on the public record. See 28 U.S.C. § 636(b)(1)(C).

30

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Clinton Brown, <br><br> PLAINTIFF(s) / ~~PETITIONER(s)~~ <br> v. <br><br> Clark R. Taylor, <br><br> DEFENDANT(s) / ~~RESPONDENT(s)~~ | CASE NUMBER: <br><br> 2:22-cv-09203-MEMF-KS <br><br> **NOTICE OF FILING OF** <br> **MAGISTRATE JUDGE'S REPORT** <br> **AND RECOMMENDATION** |

TO:    All Parties of Record

    You are hereby notified that the Magistrate Judge's Report and Recommendation has been filed on
_____ May 15, 2024 _____.

    Any party having Objections to the Report and Recommendation and/or order shall, not later than
*Infra*  21 days _____, file and serve a written statement of Objections with points and authorities
in support thereof before the Honorable _____ KAREN L. STEVENSON _____, U.S. Magistrate Judge. A party
may respond to another party's Objections within 14 days after being served with a copy of the Objections.
See 28 U.S.C. § 636(b)(1)(C)

    Failure to object within the time limit specified shall be deemed a consent to any proposed findings of fact.
Upon receipt of Objections and any Response thereto, or upon expiration of the time for filing Objections or a
Response,  the case will be submitted to the District Judge for disposition.  Following entry of Judgment and/or
Order, all motions or other matters in the case will be considered and determined by the District Judge.
    See ECF No. 165 docket text & supra at 27

    The Report and Recommendation of a Magistrate Judge is not a Final Appealable Order.  A Notice of
Appeal pursuant to Federal Rules of Appellate Procedure 4(a)(1) should not be filed until entry of a Judgment
and/or Order by the District Judge.

                                    CLERK,  UNITED STATES DISTRICT COURT

Dated:  May 15, 2024 _____          By: _____ G. Roberson _____
https://www.govinfo.gov/content/pkg/STATUTE-123/pdf/STATUTE-123-Pg1607.pdf#page=2

M-51A (12/09)          NOTICE OF FILING OF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

SEC. 6. AMENDMENTS RELATED TO TITLE 28, UNITED STATES CODE. Title 28, United States Code, is amended—
(1) in section 636(b)(1), by striking "ten days" and inserting "fourteen days". See PUBLIC LAW 111–16—MAY 7, 2009

 Gmail

Clinton Brown <clinton@atlasinc.solar>

---

## Brown v. Taylor - 10/10 Meet and Confer

**Clinton Brown** <clinton@atlasinc.solar>                                   Wed, Oct 18, 2023 at 11:48 PM
To: Jonathan Fang <jfang@hurrellcantrall.com>
Cc: Ariadna Rubio <arubio@hurrellcantrall.com>, Maricela Gomez <mgomez@hurrellcantrall.com>, Thomas Hurrell <thurrell@hurrellcantrall.com>, Thomas Parker <tparker@counsel.lacounty.gov>

Jonathan,

Will the "Statement of Uncontroverted Facts' be filed prior to the end of Motions Deadlines on 10/19/2023 or will the Defendant need an extension? See L.R. 56-1 (effective June 1, 2023).

Sincerely,



**Clinton Brown**
CEO, Atlas, Inc.
310-487-6453 | clinton@atlasinc.solar

www.atlasrei.co

 

---

DISCLAIMER: This message and any attachments or linked files is confidential and intended only for the named recipient. Any unauthorized disclosure, distribution, copying, or use of this information is strictly prohibited and could violate applicable laws, including the Electronic Communications Privacy Act. If you are not the intended recipient, please notify the sender immediately and delete the original message. This message originates from the offices of Atlas, Inc. and/or its subsidiaries.

Create your own email signature

[Quoted text hidden]



# COUNTY OF LOS ANGELES
# TREASURER AND TAX COLLECTOR

Kenneth Hahn Hall of Administration
225 North Hill Street, Room 115, Los Angeles, California 90012
Telephone: (888) 807-2111 Fax: (213) 620-7948
ttc.lacounty.gov and propertytax.lacounty.gov

**ELIZABETH BUENROSTRO GINSBERG**
TREASURER AND TAX COLLECTOR

Board of Supervisors

**HILDA L. SOLIS**
First District

**HOLLY J. MITCHELL**
Second District

**LINDSEY P. HORVATH**
Third District

**JANICE HAHN**
Fourth District

**KATHRYN BARGER**
Fifth District

0000760-0001524 LETR 1234-- GEN001 644866 3CO

2025A 2064 005 011
TONASUT,STEVE W TR
TONASUT FAMILY TRUST AND
ATLAS LLC
16821 EDGAR ST
PACIFIC PALISADES CA 90272-3228

APRIL 26, 2024

## COURTESY NOTICE - YOU OWE SECURED PROPERTY TAXES
### THE TAX COLLECTOR WILL SOON HAVE THE RIGHT TO SELL YOUR PROPERTY

Pursuant to Revenue and Taxation Code Section 3691, your non-residential commercial property will be three years tax defaulted and become subject to the tax collector's power to sell on Monday, July 1, 2024, at 12:01 a.m. Pacific Time. Additionally, your property will be eligible for tax sale at the County of Los Angeles 2025A Online Auction scheduled from Saturday, April 19, 2025, through Tuesday, April, 22, 2025.

### INFORMACIÓN ADICIONAL
Si desea obtener información adicional sobre este aviso o si necesita la información traducida en español, por favor llame al **(213) 974-2111** entre las 8:00 a.m. y 5:00 p.m. Tiempo Pacifico, de lunes a viernes, excluyendo los dias festivos del Condado de Los Ángeles.

If this property is part of an active bankruptcy proceeding, this notice shall constitute a "notice of deficiency" pursuant to 11 U.S.C. Section 362(b)(9)(B) and therefore does not violate the automatic stay under 11 U.S.C. Section 362(a). Continue making payments to an appointed bankruptcy trustee pursuant to a court order. Our office will continue to send notices to the property owner, and all processes will continue up to the last business day of redemption prior to a scheduled sale. We will remove any property that is part of an active bankruptcy from the auction.



To STOP the sale of your property, you may:

## OPEN A PAYMENT PLAN

See the enclosed Defaulted Taxes Insert for more information on how you can open a payment plan and pay your delinquent secured property taxes over the next five years. Use the enclosed application and envelope to open a plan and submit your first payment by Friday, June 28, 2024, at 5:00 p.m. Pacific Time. If you miss this deadline, you can no longer open a payment plan. Please note that during the term of the payment plan, we will continue to impose penalties to the unpaid tax balance. For more information, please call (213) 974-2111 or Toll Free Number (888) 807-2111.

## PLEASE NOTE THAT AFTER FRIDAY, JUNE 28, 2024, WE WILL ONLY ACCEPT PAYMENT BY CASHIER'S CHECK OR BANK·ISSUED MONEY ORDER.

LAT205/JOB 15.1/3COM (03/24)

**MORE INFORMATION ON REVERSE**

Case 2:22-cv-09203-MEMF-KS   Document 81-6   Filed 05/23/24   Page 36 of 36   Page ID
#:1228

1099
94

# TRACT NO. 33128

IN THE UNINCORPORATED TERRITORY OF THE COUNTY OF LOS ANGELES
AND PARTLY IN THE CITY OF AGOURA HILLS
STATE OF CALIFORNIA

BEING A SUBDIVISION OF PORTION OF THE SE 1/4 AND
OF THE SW 1/4 OF SECTION 25, T. 1 N., R 18W. S.B.M.

21 1099
94

87-2026009

WE HEREBY CERTIFY THAT WE ARE THE OWNERS OF OR ARE INTERESTED IN THE LANDS INCLUDED WITHIN THE SUBDIVISION SHOWN ON THIS MAP WITHIN THE DISTINCTIVE BORDER LINES, AND WE CONSENT TO THE PREPARATION AND FILING OF SAID MAP AND SUBDIVISION. WE HEREBY DEDICATE TO THE PUBLIC USE ALL STREETS, HIGHWAYS, AND OTHER PUBLIC WAYS SHOWN ON SAID MAP. WE FUTHER CERTIFY THAT, EXCEPT AS SHOWN ON A COPY OF THIS MAP ON FILE IN THE OFFICE OF THE COUNTY ROAD COMMISSIONER. WE KNOW OF NO EASEMENT OR STRUCTURE EXISTING WITHIN THE EASEMENTS HEREIN OFFERED FOR DEDICATION TO THE PUBLIC, OTHER THAN PUBLICLY OWNED WATER LINES, SEWERS, OR STORM DRAINS, THAT WE WILL GRANT NO RIGHT OR INTEREST WITHIN THE BOUNDARIES OF SAID EASEMENTS OFFERED TO THE PUBLIC, EXCEPT WHERE SUCH RIGHT OR INTEREST IS EXPRESSLY MADE SUBJECT TO THE SAID EASEMENTS, AND MADE SUBJECT TO THE LOS ANGELES COUNTY FLOOD CONTROL DISTRICT FOR EASEMENT FOR INGRESS AND EGRESS AND INGRESS AND EGRESS PURPOSES SO DESIGNATED ON SAID MAP AND ALL USES INCIDENT THERETO, INCLUDING THE RIGHT TO MAKE CONNECTIONS THEREWITH FROM ANY ADJOINING PROPERTIES.

WE HEREBY DEDICATE TO THE COUNTY OF LOS ANGELES THE RIGHT TO PROHIBIT THE CONSTRUCTION OF RESIDENTIAL AND/OR COMMERCIAL STRUCTURES WITHIN WITH ...

C.C. & F. LOST HILLS PROPERTIES
A CALIFORNIA LIMITED PARTNERSHIP, OWNER

BY: C.C. & F. LOST HILLS INVESTMENT COMPANY
A CALIFORNIA GENERAL PARTNERSHIP

BY: C.C. & F. WEST LIMITED PARTNERSHIP
A DELAWARE LIMITED PARTNERSHIP

BY: C.C. & F. INVESTORS INC.
A DELAWARE CORPORATION

MICHEAL J. RUSHMAN          MARY TROUT
VICE-PRESIDENT              ASST. SECRETARY

FIRST INTERSTATE MORTGAGE COMPANY
A CALIFORNIA CORPORATION, TRUSTEE
UNDER DEED OF TRUST RECORDED MAY 24, 1985 AS INSTRUMENT NO. 85-591033 O.R.

SHIRLEY M. WEISKOPF         LESLIE C. BRAND
VICE-PRESIDENT             ASST. SECRETARY

THE SIGNATURES OF THE FOLLOWING EASEMENT OWNERS HAVE BEEN OMITTED UNDER THE PROVISIONS OF SECTION 66436 SUBSECTION (a) (3) (A) (i) OF THE SUBDIVISION MAP ACT. THEIR INTEREST IS SUCH THAT IT CANNOT RIPEN INTO A FEE TITLE AND SAID SIGNATURES ARE NOT REQUIRED BY THE LOCAL AGENCY:

1. SOUTHERN CALIFORNIA EDISON COMPANY, A CORPORATION EASEMENT HOLDER FOR PUBLIC UTILITIES PURPOSES AS DISCLOSED BY A FINAL DECREE OF CONDEMNATION RECORDED NOVEMBER 14, 1973 AS INSTRUMENT NO. 2550 OF OFFICIAL RECORDS OF LOS ANGELES COUNTY.

2. CLARK J. BONNER AND VIOLET A BONNER, EASEMENT HOLDERS FOR ROAD PURPOSES PER AGREEMENT RECORDED JUNE 11, 1947 AS INSTRUMENT NO. 2037 AND PER DEED RECORDED SEPTEMBER 7, 1961 AS INSTRUMENT NO. 1678, IN BOOK 37160, PAGE 721, ALL OF OFFICIAL RECORDS OF LOS ANGELES COUNTY.

3. LAS VIRGENES MUNICIPAL WATER DISTRICT, A MUNICIPAL CORPORATION, EASEMENT HOLDER FOR PIPE LINE AND WATER LINE PURPOSES AS DISCLOSED BY DEEDS RECORDED SEPT. 25, 1962 AS INSTRUMENT 105, 5397, 5398, APRIL 3, 1980 AS INSTRUMENT NO. 80-340281 AND APRIL 30, 1984 AS INSTRUMENT NO. 84-515557 ALL OF OFFICIAL RECORDS OF LOS ANGELES COUNTY.

4. SOUTHERN CALIFORNIA EDISON COMPANY, A CORPORATION EASEMENT HOLDER FOR PUBLIC UTILITY PURPOSES AS DISCLOSED BY DEED RECORDED AUGUST 7, 1962 AS INSTRUMENT NO. 896 OF OFFICIAL RECORDS OF LOS ANGELES COUNTY.

5. PACIFIC TELEPHONE AND TELEGRAPH COMPANY, A CORPORATION, EASEMENT HOLDER FOR PUBLIC UTILITY PURPOSES AS DISCLOSED BY DEEDS RECORDED OCTOBER 18, 1948 AS INSTRUMENT NO. 570 IN BOOK 28525, PG. 99 AND JUNE 4, 1974 AS INSTRUMENT NO. 4018 BOTH OF OFFICIAL RECORDS OF LOS ANGELES COUNTY.

THE SIGNATURES OF THE FOLLOWING OWNERS THEIR SUCCESSORS OR ASSIGNS OF INTEREST IN OR RIGHTS TO OIL AND MINERALS HAVE BEEN OMITTED UNDER THE PROVISIONS OF SECTION 66436 (a) 3C OF THE SUBDIVISION MAP ACT.

1. HOWARD V. FRANCISCO BY DEED RECORDED OCTOBER 23, 1958 AS INSTRUMENT NO. 1532 OF OFFICIAL RECORDS OF LOS ANGELES COUNTY.

2. NORBERT R. NETTLESHIP AND M.ALTHEA WHITE NETTLESHIP BY DEEDS RECORDED DECEMBER 6, 1954 AS INSTRUMENT NO. 540 AND APRIL 2, 1951 AS INSTRUMENT NO. 3238 BOTH OF OFFICIAL RECORDS OF LOS ANGELES COUNTY.

3. W. E. WILSON AND O.S. KELLY BY LEASE RECORDED JULY 27, 1923 IN BOOK 2705 PAGE 50, OF OFFICIAL RECORDS OF LOS ANGELES COUNTY.

4. H.S. DUMKE BY LEASE RECORDED IN BOOK 20045 PAGE 104 OF OFFICIAL RECORDS OF LOS ANGELES COUNTY.

I HEREBY CERTIFY THAT I AM A REGISTERED CIVIL ENGINEER OF THE STATE OF CALIFORNIA: THAT THIS FINAL MAP, CONSISTING OF 4 SHEETS, IS A TRUE AND COMPLETE SURVEY AS SHOWN, AND WAS MADE BY ME OR UNDER MY DIRECTION AUGUST 14, 1983; THAT THE MONUMENTS OF THE CHARACTER AND LOCATIONS SHOWN HEREON ARE IN PLACE OR WILL BE IN PLACE WITHIN TWENTY FOUR MONTHS FROM THE FILING DATE OF THIS MAP: THAT SAID MONUMENTS ARE SUFFICIENT TO ENABLE THE SURVEY TO BE RETRACED AND THAT TIE NOTES TO ALL CENTERLINE MONUMENTS SHOWN AS "TO BE SET" WILL BE ON FILE IN THE OFFICE OF THE DIRECTOR OF PUBLIC WORKS WITHIN TWENTY FOUR MONTHS FROM THE FILING DATE SHOWN HEREON.

ROSS N. BOLTON  RCE 26120

BASIS OF BEARINGS:

THE BEARINGS SHOWN HEREON ARE BASED ON THE BEARING, NORTH 89°41'27" EAST OF THE NORTH LINE OF TRACT NO. 29674 AS SHOWN ON RECORD OF SURVEY FILED IN BOOK 93 PAGES 74 TO 77 OF RECORDS OF SURVEY, RECORDS OF LOS ANGELES COUNTY.

STATE OF CALIFORNIA } S.S.
COUNTY OF LOS ANGELES }
ON THIS 13 DAY OF NOVEMBER, 1985, BEFORE ME, THE UNDERSIGNED A NOTARY PUBLIC IN AND FOR STATE, PERSONALLY APPEARED MICHAEL J. RUSHMAN, PERSONALLY KNOWN TO ME (OR PROVED TO ME ON THE BASIS OF SATISFACTORY EVIDENCE) TO BE THE PERSON WHO EXECUTED THE WITHIN INSTRUMENT AS THE VICE PRESIDENT, AND MARY TROUT, PERSONALLY KNOWN TO ME OR PROVED TO ME ON THE BASIS OF SATISFACTORY EVIDENCE TO BE THE PERSON WHO EXECUTED THE WITHIN INSTRUMENT AS THE ASSISTANT SECRETARY OF C.C.& F. INVESTORS INC. THE CORPORATION THAT EXECUTED THE WITHIN INSTRUMENT ON BEHALF OF C.C.& F. WEST LIMITED PARTNERSHIP, THE PARTNERSHIP THAT EXECUTED THE WITHIN INSTRUMENT, SAID PARTNERSHIP BEING KNOWN TO ME TO BE A PARTNER OF C.C.& F. LOST HILLS INVESTMENT COMPANY, THE PARTNERSHIP THAT EXECUTED THE WITHIN INSTRUMENT, SAID PARTNERSHIP BEING KNOWN TO ME TO BE A PARTNER OF C.C.& F.LOST HILLS PROPERTIES, THE PARTNERSHIP THAT EXECUTED THE WITHIN INSTRUMENT, AND KNOWLEDGE TO ME THAT SUCH CORPORATION EXECUTED THE SAME AS A PARTNER OF C.C.& F. WEST LIMITED PARTNERSHIP, A PARTNERSHIP, AND THAT SAID FIRST NAMED PARTNERSHIP EXECUTED THE SAME AS A PARTNER OF C.C.& F. LOST HILLS INVESTMENT COMPANY A PARTNERSHIP AND THAT SAID LAST NAMED PARTNERSHIP EXECUTED THE SAME AS A PARTNER OF C.C.& F. LOST HILLS PROPERTIES, A PARTNERSHIP, AND THAT SAID LAST NAMED PARTNERSHIP EXECUTED THE SAME.

MARTHA SHANNON
NOTARY PUBLIC

STATE OF CALIFORNIA } SS
COUNTY OF LOS ANGELES }
ON THIS 5TH DAY OF DECEMBER 1985, BEFORE ME, THE UNDERSIGNED, A NOTARY PUBLIC IN AND FOR SAID STATE, PERSONALLY APPEARED SHIRLEY M. WEISKOPF PERSONALLY KNOWN TO ME OR PROVED TO ME ON THE BASIS OF SATISFACTORY EVIDENCE TO BE THE PERSON WHO EXECUTED THE WITHIN INSTRUMENT AS THE VICE PRESIDENT, AND LESLIE C. BRAND PERSONALLY KNOWN TO ME OR PROVED TO ME ON THE BASIS OF SATISFACTORY EVIDENCE TO BE THE PERSON WHO EXECUTED THE WITHIN INSTRUMENT AS ASST. SECRETARY OF THE CORPORATION THAT EXECUTED THE WITHIN INSTRUMENT AND ACKNOWLEDGED TO ME THAT CORPORATION EXECUTED THE WITHIN INSTRUMENT AS TRUSTEE.

ANNA MAE JOHNSON
NOTARY PUBLIC

I HEREBY CERTIFY THAT THE CITY COUNCIL OF THE CITY OF AGOURA HILLS BY MOTION PASSED ON THE 26 DAY OF _____, 1987, APPROVED THE ATTACHED MAP AND ACCEPTED THE DEDICATION OF THE STREETS, HIGHWAYS, AND OTHER PUBLIC WAYS.

August 27, 1987
DATE

CITY CLERK OF THE CITY OF AGOURA HILLS

FLOOD CONTROL DISTRICT ACCEPTANCE NOTE:
UNDER THE AUTHORITY CONFERRED BY RESOLUTION DULY AND REGULARLY ADOPTED BY THE BOARD OF SUPERVISOR OF THE LOS ANGELES COUNTY FLOOD CONTROL DISTRICT ON THE 4TH DAY OF MARCH, 1969, A CERTIFIED COPY OF WHICH WAS RECORDED IN BOOK D1543, PAGE 459, OF OFFICIAL RECORDS, RECORDS OF LOS ANGELES COUNTY, AND AMENDED BY SUPPLEMENTAL RESOLUTION ON 23RD DAY OF DECEMBER, 1969, THE UNDERSIGNED HEREBY ACCEPT THE INTEREST IN THE REAL PROPERTY CONVEYED BY THAT WITHIN DEDICATION FOR BENEFIT OF THE LOS ANGELES COUNTY FLOOD CONTROL DISTRICT, A GOVERNMENTAL AGENCY AND CONSENTS TO THE RECORDATION ON BEHALF OF SAID DISTRICT.

DATE Dec. 22, 1987
BY Donald Y. Milne