DAWYN R. HARRISON, County Counsel
STARR COLEMAN, Assistant County Counsel
THOMAS R. PARKER, Senior Deputy County Counsel
(SBN 141835) • TParker@counsel.lacounty.gov
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-1834
Facsimile: (213) 613-4751

Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Jonathan Fang, State Bar No. 279106
E-Mail: jfang@hurrellcantrall.com
HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>    Defendants. | Case No. 2:22-cv-09203-MEMF-KS<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFF'S OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS**<br><br>Assigned to:<br>Hon. Maame Ewusi-Mensah Frimpong<br>Courtroom "8B"<br><br>Magistrate Judge Karen L. Stevenson<br>Courtroom "580" |

/ / /

/ / /

/ / /

/ / /

/ / /

## I. INTRODUCTION

On May 15, 2024, after reviewing the parties' briefing, Magistrate Judge Stevenson recommended Defendant Clark R. Taylor's, in his official capacity as an employee of the County of Los Angeles Department of Regional Planning ("Defendant") motion for summary judgment against Plaintiff Clinton Brown ("Plaintiff" or "Brown") **be granted.** (Dkt. No. 165.) Magistrate Judge Stevenson's decision is correct. Plaintiff's Takings claims fail because, among other reasons, Plaintiff did not present any admissible evidence of: 1) the economic impact caused by Defendant's denial of his solar farm application; and 2) any objective investment-backed expectations as to a solar farm on the subject property given that Atlas LLC has never been permitted to develop the subject property for purposes of a solar farm. (Dkt. No. 84 Defendant's Statement of Undisputed Facts ("SUF") Nos. 4-9; Dkt. No. 84-4, 84-6, 84-7, 84-8, 84-9, 84-10.)

Based on Plaintiff's lack of specific, triable facts supported by admissible evidence, Plaintiff cannot raise a triable issue of fact as to his Takings claim. Plaintiff's opposition to Defendant's summary judgment motion ("Opposition") (Dkt. No. 118.) does not present to the Magistrate Judge any competent evidence to dispute Defendant's simple assertion that a Taking occurred under the multi-factor *Penn Central* Analysis nor that he had a cognizable property right to build a ground mounted utility-scale solar facilities ("solar farm") on the Subject Property.

Therefore, and for the additional reasons stated in Defendant's moving and reply papers and below, Defendant respectfully requests that the Court adopt Magistrate Stevenson's recommendation and grant Defendant's motion for summary judgment in its entirety.

/ / /
/ / /
/ / /
/ / /

## II. STANDARD OF THE LAW REGARDING OBJECTIONS TO A MAGISTRATE JUDGE'S RECOMMENDATIONS AS TO A DISPOSITIVE MOTION.

In response to a timely and specific objection to a magistrate judge's recommendations, the district court conducts a de novo determination of the matter, based on the record before the magistrate or after additional evidence.1 28 U.S.C. § 636(b)(1); Fed. Rule Civ. Proc. 72(b)(3); *Bhan v. NME Hospitals, Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991). Parties objecting to a magistrate's report waive legal arguments not adequately presented to the magistrate judge. *Greenhow v. Secretary of Health & Human Services*, 863 F.3d 633, 638-639 (9th Cir. 1988) (overruled on other grounds in *United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992); *Freeman v. County of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998); *Borden v. Secretary of Health & Human Services*, 836 F.2d 4, 6 (1st Cir. 1987) (a party is "not entitled to a de novo review of an argument never raised"). A "specific written objection to the proposed findings and recommendations" is required. Fed. Rule Civ. Proc. 72(b)(3). "Conclusory objections that do not direct the reviewing court to the issues in controversy do not comply with Rule 72(b)." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement.").

## III. PLAINTIFF'S OBJECTIONS REGARDING HIS TAKING WERE WAIVED OR, ALTERNATIVELY, LACK MERIT.

### A. Plaintiff Waived His Legal Argument That The *Penn Central Test* Does Not Apply.

Plaintiff contends that the *Penn Central Test* should not apply because the Government 'physically' occupies the property by having the 'right' to exclude others that the titled private owner does not want included or excluded *or* vice versa and this amounts to a *per se* Taking. (Dkt. No. 166 at pg. 8.) However, in opposing Defendant's motion for summary judgment, Plaintiff never raised this argument. Accordingly, Plaintiff waived this legal argument by failing to adequately present it

3

to the Magistrate and has no right to assert it now. *Greenhow*, 863 F.3d at 638-639; *Freeman*, 142 F.3d at 852; *Borden*, 836 F.2d at 6.

### B. Alternatively, Plaintiff Fails To Establish A Triable Issue Of Material Fact That A Taking Occurred.

Even if Plaintiff had not waived this argument by failing to adequately presenting it to the Magistrate, it fails because he does not cite to authoritative case law or present any admissible evidence to support his argument. For instance, Plaintiff conclusory states that *Palazzolo v. Rhode Island*, 533 U.S. 606 (2001) shows that a Taking occurred. The property in question in *Palazzolo* was transferred to the petitioner by operation of law after he became the sole shareholder of the corporate owner and the corporate charter had been revoked. The petitioner's property rights were hindered by regulations which prohibited building on areas of his property that were designated as "coastal wetlands" by the legislation. The U.S. Supreme Court held that petitioner's knowledge of the wetlands regulations and their impact on his property were not a bar to a finding that the regulation resulted in an unconstitutional taking. The Court held: It would be illogical, and unfair, to bar a regulatory takings claim because of the post-enactment transfer of ownership where the steps necessary to make the claim ripe were not taken, or could not have been taken, by a previous owner. *Id.* at 628.

However, in the plaintiff's case the restrictions are not the result of new legislation that prior owners have not had time to challenge, unlike the land at issue in *Palazzolo*. The subject property has been designated an open zone for approximately twenty years and plaintiff was aware of the restrictions against solar farm's prior to his purchase. This was not a regulation that varied the use of the land, or changed the development possibilities. The subject property was purchased with the knowledge of prohibition against solar farms; it did not pass by law into the hands of someone who was newly bound by land use regulations as was the case in *Palazzolo*.

4

Plaintiff further maintains that *Palazzolo v. Rhode Island*, 533 U.S. 606 (2001) defeats the Magistrate Judge's findings. (Dkt. No. 116 at pgs. 9-10.) *Palazzolo* rejected a bright-line rule that would block a challenge to a regulation where the plaintiff came to possess the property after the regulation was enacted. Nevertheless, timing remains a relevant factor in the *Penn Central* analysis, even if it is not dispositive. *Palazzolo*, 533 U.S. at 635-36 (O'Connor, J., concurring) ("Courts properly consider the effect of existing regulations under the rubric of investment-backed expectations in determining whether a compensable taking has occurred."). Here, Plaintiff (through Atlas LLC) acquired the subject property after the 1987 Dedication that allowed the County of Los Angeles the right to prohibit the construction of residential and/or commercial structures on the subject property (Dkt. No. 84 at pg. 3.), and the 2002 open space designation ordinance. (Dkt. No. 84 at pg. 4.) Thus, the 1987 Dedication and 2002 open space designation could not have interfered with plaintiff's investment-backed expectations because plaintiff's property had already long been subjected to the inability to build a solar farm on its premise. Thus, plaintiff's reliance on *Palazzolo* is unavailing.

Lastly, Plaintiff's attempt to argue that Defendant's right to exclude is a physical invasion is misplaced. (Dkt. No. 116 at pg. 8.) Simply put, the denial of plaintiff's solar farm permit by Defendant did not lead to any physical occupation of plaintiff's property. Plaintiff's Complaint has a sole cause of action alleging that Defendant's rejection of Plaintiff's application for a solar farm constituted an unconstitutional governmental taking without just compensation. (Dkt. No. 1 at pg. 5-7.)

In sum, Plaintiff has not presented any admissible evidence of an economic impact caused by Defendant's denial of his solar farm application, his objective investment-backed expectations, and that any land-use regulations singled him out for a reason unrelated to the subject property. Therefore, Plaintiff fails to establish disputed material facts that a Taking occurred.

/ / /

## IV. PLAINTIFF'S EXHIBITS WERE PROPERLY EXCLUDED

Magistrate Judge Stevenson determined that Plaintiff's Exhibits 3 and 5-10 were irrelevant pursuant to Fed. R. Evid. 401 and that Plaintiff's Exhibits were inadmissible hearsay not subject to any exception. (Dkt. 165 at pg. 11.) Magistrate Judge Stevenson's decision is correct. Plaintiff's Statement of Genuine Disputes of Material Facts ("PDMF") submitted inadmissible evidence in the form of Exhibits P1-P10/RJN. (Dkt. No. 115-2 to 115-11.) Plaintiff's PDMF Exhibits P1-P10/RJN ("PDMF Exhibits") were not supported by any affidavits, declarations, or answers to discovery. Moreover, all of the PDMF Exhibits lacked foundation and were not authenticated, and thereby, failed to meet the standard of Fed. R. Evid. 901 ("Rule 901"). *(See* Fed. R. Evid. 901; Dkt. No. 123-2.)

Plaintiff does not object to any of Defendant's evidence accepted by the Court in the Report and Recommendation. (Dkt. No. 166 at pg. 7, fn. 7.)

## V. CONCLUSION

For the reasons stated herein, Magistrate Judge Stevenson correctly decided Defendant's motion for summary judgment and Defendant respectfully requests that the Court accept the Magistrate's report and adopt its findings and recommendations in its entirety.

DATED: June 12, 2024         HURRELL CANTRALL LLP

By: ___*/s/ Jonathan Fang*___
THOMAS C. HURRELL
JONATHAN FANG
Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING