Clinton Brown, Self-Represented
14 University Drive
Robina, QLD 4226, Australia
clinton@atlasinc.solar
310-487-6453

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING<br><br>　　　　　Defendant | **Case No**. 2:22-cv-09203-MEMF-KS<br><br>**Reply to Defendant's Responses to Plaintiff's Objections to Proposed Findings and Recommendations [ECF No. 168]**<br><br>**Judge**: Honorable Maame Ewusi-Mensah Frimpong[1]<br><br>**Magistrate Judge**: Karen L. Stevenson |

**NOTICE TO THE COURT**, since the parties have taken the liberty to clearly ignore the will of Congress, the Plaintiff files this Reply to Defendant's Responses to Plaintiff's Objections to Proposed Findings and Recommendations, in accord with the rules of motion practice in Federal Court. *See* 28 U.S.C.§ 636(b)(1)(C). In no event, should the Court accept ECF Nos. 168 & 169 as properly filed within the statute as enacted by Congress, for which this Court, has no discretion to counter with any rule *or* order. In the event, the Court accepts ECF No. 168 as properly filed, then this Court must accept ECF No. 169 as properly filed…given that it would prejudice the Plaintiff if conforming to the Congressionally enacted statute gives the adversary an *unmentioned* opportunity to respond to *any* party's objections *after* fourteen days. In other words, the Plaintiff will not be prejudiced for heeding the jurisdictional deadline that Congress commanded this Court and the parties to adhere to…without any discretion available from the Court's inherent powers. Otherwise, what kind of system is this, really?

---

[1] "A Judge of the Court *shall* make a *de novo* determination of those portions of the report *or* specified proposed findings *or* recommendations to which objection is made. A Judge of the Court *may* accept, reject, *or* modify, in whole *or* in part, the findings *or* recommendations made by the Magistrate Judge. The Judge *may* also receive further evidence *or* recommit the matter to the Magistrate Judge with instructions." *See* ECF No. 166. Just as "shall" means "shall" … ["may" means "may"] *See Smith v. Spizzirri*, No. 22–1218, slip op. at 4 (U.S. May 16, 2024) (modified).

Three brief points that strike at the heart of this controversy is all that needs to be written by the Plaintiff and pondered upon by this Court, in the event, that neither ECF Nos. 168 & 169 are *not* stricken from the record.² *See* 28 U.S.C.§ 636(b)(1)(C).³

### 3 Brief Points

1. *What about the Tarps?* If, in fact, the Government 'physically' invaded the Plaintiff's property & 'physically' placed tarps on the Plaintiff's property, then there is no doubt a public expenditure will be available in the public record that will plainly prove that the Government, in fact, 'physically' occupies the Plaintiff's property. That's a no brainer, but when the Government doesn't provide an answer to this allegation & when this Court fails to yet notice the photo [*See* ECF No. 75 at 2 and Evid. Rule 201(c)(2) & (d)] …then only upon *de novo* review can the Court plainly take this evidence into consideration. If the Government didn't do it, then who did? The Plaintiff has nothing to do with the tarps 'physically' occupying his property, *nor could he*.⁴ The only hope it seems in this live controversy yet is for the man-made hills to crumble onto the 101…

2. *What about Palazzolo?* "Petitioner's acquisition of title after the regulations' effective date did not bar his Takings claim[s]. This Court rejects the State Supreme Court's sweeping rule that a <u>purchaser</u> *or* <u>a successive title holder like petitioner</u> is deemed to have notice of an earlier-enacted restriction *and* is barred from claiming that it effects a Taking. Were the Court to accept that rule, the postenactment transfer of title would *absolve the [Government] of its*

---

² [The Supreme] Court has identified three types of time limits: (1) jurisdictional deadlines; (2) mandatory claim-processing rules; and (3) time-related directives. *See* McIntosh v. United States, No. 22-7386, slip op. at 5 (U.S. Apr. 17, 2024).

³ The plain language of the statute leaves no doubt that, "[w]ithin fourteen days after being served with a copy, *any* party may serve and file written objections to such proposed findings and recommendations as provided by rules of [C]ourt." That doesn't mean extending jurisdictional deadlines set by Congress. *See* Bowles v. Russell, 551 U.S. 205, 207 (2007). It simply means that the Court can set rules for the party's objections "[w]ithin fourteen days after being served with a copy…" This is a huge deal that the Government conveniently ignores. The Court has a solemn obligation to uphold the rule of law in accord with the will of Congress. It's a scary jurisdictional deadline, but only Congress can alleviate this jurisdictional danger, at this time.

⁴ "[The Government] argues that the restrictions which require the Agoura Property to "remain essentially unimproved" predated Brown's [] purchase of the land." *See* ECF No. 149 at 6-7. The 'Crux' of the matter is that Brown cannot prevent the man-made hills from crumbling onto the 101, unless he quit claims the man-made hills to the Government, for which they promise, they will give back "when and if" a subdivision occurs. *See* .gov emails at ECF No. 106 at 3-5. The Plaintiff may be naïve and trusting, but he is no fool.

*obligation to defend <u>any</u> action restricting land use, no matter how extreme <u>or</u> unreasonable*. A State would be allowed, in effect, to put an expiration date on the Takings Clause. This ought not to be the rule. Future generations, too, have a right to challenge unreasonable limitations on the use and value of land. The State's notice justification does not take into account the effect on owners at the time of enactment, who are prejudiced as well. Should an owner attempt to challenge a new regulation, but not survive the process of ripening his or her claim (which, as this case demonstrates, will often take years), under the State's rule the right to compensation may not be asserted by an heir <u>or</u> successor, <u>and so may not be asserted at all</u>. The State's rule also would work a critical alteration to the nature of property, as the newly regulated landowner is stripped of the ability to transfer the interest which was possessed prior to the regulation.[5] The State may not by this means secure a windfall for itself. *See, e.g.*, *Webb's Fabulous Pharmacies, Inc. v. Beckwith*, 449 U.S. 155, 164. The rule is, furthermore, capricious in effect. The young owner contrasted with the older owner, the owner with the resources to hold contrasted with the owner with the need to sell, would be in different positions. The Takings Clause is not so quixotic. A blanket rule that purchasers with notice have no compensation right when a claim becomes ripe is too blunt an instrument to accord with the duty to compensate for what is Taken. *Nollan v. California Coastal Comm'n*, 483 U.S. 825, 834, n. 2, is controlling precedent for the Court's conclusion. *Lucas,* 505 U.S., at 1029, did not overrule *Nollan*, which is based on essential Takings Clause principles." See Palazzolo v. Rhode Island, 533 U.S. 606, 626-630 (2001). *See also*, Sheetz v. County of El Dorado, California, 601 U.S. 267, 270-271. ("The Takings Clause does not distinguish between legislative and administrative permit conditions."). In other words, *when* the Government acted does not matter. It's the fact that they did act. (emphasis and alterations added throughout brief point 2)

---

[5] *For example,* the June 3, 2021, implementation of the Santa Monica Mountains North Area Significant Ecological Area (which was the sole basis for the denial of the solar farm) enacted *after* the original solar farm application was submitted and *before* the Government directed the Plaintiff to submit a new solar farm application. *See* ECF No. 165 at 3, 7 & 13.

3. *What about 'admissible' Evidence?* The Federal Rules of Evidence supersedes common law rules of evidence. That's what Congress did when they enacted the Federal Rules of Evidence in 1975. *Cf.* Federal Rules of Civil Procedure enacted in 1938. There's a reason one was enacted in 1938 and the other not until 1975. The Plaintiff's argument is simply that all evidence should be considered that *could* become admissible at trial. *In principle*, under the Federal Rules no common law of evidence remains… All relevant evidence is admissible, except as otherwise provided. . . *See* United States v. Abel, 469 U.S. 45, 51-52 (1984) *accord* Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 n. 6 (1993) (common law of evidence has been "superseded" by the Congressionally enacted Federal Rules of Evidence.) (alteration in the original). It is noted that while it may be inconvenient for the Government to adhere to this in principle, it doesn't mean that it can just ignore this principle in Federal Court. We aren't looking to state common law evidence rules here per the Federal Rules of Evidence (unless specifically mentioned). In other words, the Court must either accept that the evidence (at this stage of the litigation at least) *could* be presented in admissible form at trial *or* provide a specific basis that the evidence *would* be inadmissible at trial. For example, the emails to & from .gov email addresses were singled out as hearsay, when logically they *could* be admissible under the business records exception? All the Plaintiff knows is that by decree the Court unilaterally & without any specific explanation[s] rejected all the Plaintiff's proffered evidence as inadmissible *and/or* irrelevant. But wait a minute here, the Court *must* "view evidence and all justifiable inferences in the light most favorable to the nonmoving party, right?" (citation omitted).

The Government has from the very beginning of this controversy denied that the Plaintiff is the owner of the property and this Court determined that the Government was wrong. *See* ECF No. 165 at 21. Notably there is no objection to this in ECF No. 168. The Government has from the very beginning of this controversy denied that the Plaintiff was *not* time barred from stating a Takings claim and this Court determined that the Government was wrong. *See* ECF No. 165 at 29 n. 7. Notably there is no objection to this in ECF No. 168. Last, the

Government has from the very beginning of this controversy denied that the Plaintiff has a right to challenge *any* restriction on the property whether old *or* new. *See* ECF No. 82 at 16-22. The Government is wrong & this Court is bound by Supreme Court precedent to say so. *Simple as that*.

                                                                                 Respectfully submitted,

Dated: June 13, 2024                                  */s/ Clinton Brown*, Self-Represented
                                                                            14 University Drive
                                                                            Robina, QLD 4226, Australia
                                                                            clinton@atlasinc.solar
                                                                            310-487-6453

CC: All Counsel of Record (via ECF) on June 13, 2024