**VIA ECF**

Honorable Maame Ewusi-Mensah Frimpong
United States District Court for the Central District of California
350 West First Street, Los Angeles, CA 90012, Courtroom 8B.

**Re: Clinton Brown v. Clark R. Taylor, AICP, The Los Angeles County Department of Regional Planning., 2:22-cv-09203-MEMF-KS; Notice of Supplemental Authority & Request for Rule 201(e) Evidentiary Hearing on August 29, 2024, at 2 P.M. in Courtroom 8B.**

Honorable Maame Ewusi-Mensah Frimpong:

### 1. *Chevron* is Overruled[1]

Indeed, the Framers crafted the Constitution to ensure that [F]ederal [J]udges could exercise judgment free from the influence of the political branches. *See* The Federalist, No. 78, at 522–525. They were to construe the law with "[c]lear heads . . . and honest hearts," not with an eye to policy preferences that had not made it into the statute. 1 Works of James Wilson 363 (J. Andrews ed. 1896). *Id*. slip op. at 26. Yet, replace "magistrates" with "bureaucrats," and Blackstone's fear becomes reality when courts employ *Chevron* deference. Whenever [courts] confront an ambiguity in the law, judges do not seek to resolve it impartially according to the best evidence of the law's original meaning. Instead, [courts] resort to a far cruder heuristic: "The reasonable bureaucrat always wins." And because the reasonable bureaucrat may change his mind year-to-year and election-to-election, the people can never know with certainty what new "interpretations" might be used against them. This "fluid" approach to statutory interpretation is "as much a trap for the innocent as the ancient laws of Caligula," which were posted so high up on the walls and in print so small that ordinary people could never be sure what they required. *Loper Bright,* slip op. at 19 (Gorsuch, J) (concurring) (quoting *United States v. Cardiff,* 344 U. S. 174, 176 (1952).[2]

The Santa Monica Mountains North Area Plan does not mention solar farms at all, nor should it. A solar farm *is* an environmental project. *See* https://perma.cc/9AWN-PBKU. For example, the June 3, 2021, implementation of the Santa Monica Mountains North Area Significant Ecological Area (which was the sole basis for the denial of the solar farm) enacted *after* the original solar farm application was submitted and *before* the Government directed the Plaintiff to submit a new solar farm application. *See* ECF No. 165 at 3, 7 & 13. At bottom, The Los Angeles County Department of Regional Planning is no longer entitled to receive *deference* for its administrative decisions that are litigated in Federal Court. *Chevron* is no more and that's a seismic shift that this Court must consider in this live case, among other evidence, *infra*.

### 2. Fed. Rule Evid. 201(e) Evidentiary Hearing

Fed R. Evid. 201(e) states, "On timely request, a party is *entitled* to be heard on the propriety of taking judicial notice and the nature of the fact to be noticed. If the Court takes judicial notice *before* notifying a party, the party, *on request, is still entitled to be heard*." The

---

[1] For its entire existence, *Chevron* has been a "rule in search of a justification." *Knick*, 588 U. S., at 204, if it was ever coherent enough to be called a rule at all. See *Loper Bright Enterprises v. Raimondo*, No. 22-451, slip op. at 30 (U.S. June 28, 2024) (Roberts, C.J.); ("*Chevron* is overruled.") *Id*. slip op. at 35.
[2] *See also* Pereira v. City of Lakeland, No. 2:24-cv-02380-MSN-atc, ECF No. 1 at 1. (W.D. Tenn. June 6, 2024); ECF No. 19-1, [Proposed] Consent Judgment (W.D. Tenn. July 3, 2024). *That's a rocket docket*.

Plaintiff is requesting an evidentiary hearing. Though such a hearing is not required for a *de novo* review, *infra*, it is required under Federal Rules of Evidence 201(e) when a Court takes judicial notice. There are conflicting rulings in the R&R that decree the Government's evidence RJNs (1, 2, and 4) and in other parts of the R&R, decree the exact same evidence as Exhibits. *Cf.* R&R at 9-10 & 16. [RJN or Exhibits?] In any event, this isn't the Soviet Union, and evidence is not *ipse dixit*.

The "hearing" is the hearing of evidence and argument. If the one who determines the facts which underlie the order has not considered evidence or argument, it is manifest that the hearing has not been given. See *Morgan v. United States*, 298 U.S. 468, 480-481 (1936). See also *United States v. Raddatz*, 417 U.S. 667 (1980); Rule 72, Notes of Advisory Committee – 1983, subdivision (b).[3] There has not been *a single* evidentiary hearing in this controversy. Zero, nada, nil, none. The one who decides *must* hear. (citation omitted)

Last, [t]he "hearing" is designed to afford the safeguard that the one who decides shall be bound in *good conscience* to consider the evidence, to be guided by that alone..." See *Morgan* at 480. (emphasis added). See also, *SEC v. Jarkesy*, 603 U.S. slip op. at 3 (June 27, 2024).[4]


Respectfully submitted,

*/s/ Clinton Brown, Self-Represented*
14 University Drive
Robina, QLD 4226, Australia
clinton@atlasinc.solar
310-487-6453

CC: All Counsel of Record (via ECF) on July 7, 2024

---

[3] [T]he statutory provision for "a *de novo* determination of . . . specified proposed findings . . . to which objection is made," 28 U.S.C. § 636 (b)(1), should be construed to require the district court to conduct an evidentiary hearing when there are case-dispositive issues of credibility that cannot be resolved on the basis of the record compiled before the [M]agistrate. *Raddatz* at 694 (Marshall, J. joined by Brennan, J.) (dissenting).

[4] Most pertinently, *in [F]ederal [C]ourt a jury finds the facts*, depending on the nature of the claim. *See* U. S. Const., Amdt. 7.(emphasis and alterations added).