Clinton Brown, *Self-Represented*
14 University Drive
Robina, QLD 4226, Australia
clinton@atlasinc.solar
310-487-6453

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>Plaintiff,<br><br>vs.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING<br><br>Defendant. | **Case No**. 2:22-cv-09203-MEMF-KS<br><br>**Request for Judicial Notice [No. 7]**<br>**Fed R. Evid. 201(c)(2)**<br><br>**Judge**: Honorable Maame Ewusi-Mensah Frimpong<br><br>**Magistrate Judge**: Karen L. Stevenson |

**NOTICE TO THE COURT**,[1] the Plaintiff incorporates by reference all previous Requests for Judicial Notice that have *not* been considered by the Court, even though, the Court "must take Judicial Notice if a party requests it *and* the Court is supplied with the necessary information." See Rule 201(c)(2) & ECF Nos. 59, 75, 89, 114, 157, 163.

Fed. R. Evid. 201(a) states, "This rule governs Judicial Notice of an adjudicative fact only, *not* a legislative fact." Adjudicative facts are facts about the particular parties to the controversy, their activities, their property, and their interests. Facts which help answer who did what, when, where, why, how, and with what motive and intent are *all* adjudicative. See Fortunata Giudice & C. W. Kraft, The Presently Expanding Concept of Judicial Notice, 13 Vill. L. Rev. 533 (1968) Thus, "[t]aking Judicial Notice does not import that the matter is indisputable. It is not necessarily

---

[1] The expression "to take notice of" anything, in our ordinary popular phraseology, imports observing *or* remarking it. In the legal language of to-day to "take notice" has a meaning correlative to that of giving notice; namely, that of a man's accepting *or* charging himself with a notification, *or* with the imputation of knowledge of a thing. But the import of the legal expression "to take judicial notice," as indicating the recognition without proof of something as existing *or* as being true, seems traceable rather to an older English usage. The word "notice" was formerly often used interchangeably with knowledge, and with [the] legal term "conusance." *See* James Bradley Thayer, A Preliminary Treatise on Evidence at the Common Law 278 n.1 (Little, Brown & Co. 1898); *See also*, John T. McNaughton, Judicial Notice--Excerpts Relating to the Morgan-Wigmore Controversy, 14 Vand. L. Rev. 779, 782 n.5 (1961).

anything more than a *prima facie* recognition, leaving the matter still open to controversy." *See* Thayer at 308. *In other words*, on its face the "public nuisance" letter [ECF No. 171 at 6] is (1) *generally* known within the trial Court's territorial jurisdiction; *or*[2] (2) can be accurately and readily determined from source[s] whose accuracy cannot reasonably be questioned. For example, it is *generally* known that if a property owner does not "clear weeds" on their property according to the County's Municipal Code then the Government will *generally* send the owner a "public nuisance" letter to require compliance. In any event, the Government can readily verify *or* disprove such letter(s).[3]

As for the contents, it is *generally* known that the Government cannot make a profit from abating a "public nuisance" and it is also *generally* known that the Government can recoup its abating costs from the property owner. But *why* does the Government charge $37,414 on May 18, 2023, and charge $3,500 on July 17, 2024, for the *same* "public nuisance?" The Plaintiff can attest to the Court that he did not "clear weeds" on his property, except for the installation of the illegal sign. *See* ECF Nos. 89 & 114. The illegal sign takes up only 156 square feet on the property…in contrast to the property's 1,193,544 square feet of *locus*. Lest we forget, the Plaintiff cannot take up *any* square feet on his property.[4]

Last, the Plaintiff's private property cannot be subject to such an abuse of power as the Government has imposed upon it. In our Nation's Constitutional order, Los Angeles County, California has the *same* legal position as Loving County, Texas…*and no more*. Both must yield to the *same* Federal Constitution. That is *why* we have Federal Courts to say what the law is. *Say it*.

---

[2] In this RJN, "*and*" works just as well. Cf. *Ohio Bell Tel. Co. v. Comm'n*, 301 U.S. 292, 301-302 (1937).

[3] "Practical convenience and good sense demand an increase rather than a lessening of the number of instances in which courts shorten trials, by making *prima facie* assumptions, not likely, on the one hand, to be successfully denied, and, on the other, if they be denied, admitting readily of verification *or* disproof." *See* Thayer at 300.

[4] It is on record with this Court that the Plaintiff is prohibited from using his private property for residential purposes, despite the property encompassing a total of 1,193,544 square feet. *See* ECF No. 145 at 6 & n. 9. ("[T]he County does not allow Brown to live on *or* develop housing on the Agoura Property. Counsel for [the Government] confirmed as such at the hearing, stating that the relevant County Ordinance prohibits *any* improvements to the Agoura Property, and does not only prohibit solar farms. The Court finds that this statement essentially moots the second form of relief Brown seeks here—a request that the [G]overnment clarify whether Brown may live on the Agoura property.") (alterations & emphasis added). It is *generally* known that 0 square feet is zero square feet.

**THEREFORE**, the Court must take Judicial Notice of ECF Nos. 59, 75, 89, 114, 157, 163 & 171.

Respectfully Submitted,

*/s/ Clinton Brown, Self-Represented*
14 University Drive
Robina, QLD 4226, Australia
clinton@atlasinc.solar
310-487-6453

CC: All Counsel of Record (via ECF) on July 24, 2024

 Gmail                                                                                          **Clinton Brown** <clinton@atlasinc.solar>

## Copy of Certified Letter
1 message

**Clinton Brown** <clinton@atlasinc.solar>                                                             Mon, Jul 22, 2024 at 5:28 PM
To: wm@acwm.lacounty.gov
Bcc: Erick Ordaz <erick@atlasinc.solar>, Teresa Brown <teresa@atlasinc.solar>

Hi,

Can you please email a copy of this certified letter or tell me how I can view it? I'm out of the country and cannot receive it. Attached is the documentation that I own The Atlas, LLC.

Thank you,





**Clinton Brown**
CEO, Atlas, Inc.
310-487-6453 | clinton@atlasinc.solar
www.atlasrei.co
  

DISCLAIMER: This message and any attachments or linked files is confidential and intended only for the named recipient. Any unauthorized disclosure, distribution, copying, or use of this information is strictly prohibited and could violate applicable laws, including the Electronic Communications Privacy Act. If you are not the intended recipient, please notify the sender immediately and delete the original message. This message originates from the offices of Atlas, Inc.

Create your own email signature

 B1518-1959.pdf
130K



Clinton Brown <clinton@atlasinc.solar>

## Att; Clinton Brown
1 message

**Raelene Orozco** <ROrozco@acwm.lacounty.gov>  Tue, Jul 23, 2024 at 9:53 AM
To: Clinton Brown <clinton@atlasinc.solar>
Cc: Annie Hua <AHua@acwm.lacounty.gov>, Henny Tanod <HTanod@acwm.lacounty.gov>

Hello,

Please see attachment of the Weed brush letter. Please let me know if you need anything else

Have a great day!

### Raelene Orozco, ITC

**County of Los Angeles**

**Department of Agricultural Commissioner/Weights and Measures**

**Weed Hazard & Integrated Pest Management Bureau**

**12300 Lower Azusa Road, Arcadia CA 91006**

Email | Rorozco@acwm.lacounty.gov



**Please note that this office is closed on Fridays, Weekends and Holidays.**

**CONFIDENTIALITY NOTE**: *The information transmitted, including attachments, is intended only for the person(s) or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, dissemination or other use of, or taking of any action in reliance upon this information by persons or entities other than the intended recipient is prohibited. If you received this in error, please contact the sender and destroy any copies of this information.*

P Please consider the environment before printing this email


Document_240723_095034.pdf
139K




**COUNTY OF LOS ANGELES**

**Department of Agricultural Commissioner/ Weights and Measures**

12300 Lower Azusa Road
Arcadia, California 91006-5872
http://acwm.lacounty.gov

**Kurt E. Floren**
Agricultural Commissioner
Director of Weights and Measures

**Maximiliano E. Regis**
Chief Deputy

July 17, 2024

THE ATLAS, LLC
16821 EDGAR ST
PACIFIC PALISADES CA 90272

**WEED/BRUSH LETTER**
RE: PARCEL <u>2064-005-011</u>

Dear property owner:

Your property located at <u>one lot south 27200 Agoura Road, Calabasas</u> was found by inspection to contain a public nuisance. More specifically, the inspection revealed:

- X  1. Combustible grass, weeds, or brush in violation of the Los Angeles County or City Fire Code
-    2. Rubbish, litter, trash, or debris
-    3. An accumulation of tumbleweeds

Sections 39560-39588 of the California Government Code, and Sections 13879 and 14875-14922 of the California Health & Safety Code, authorize the County to identify, and cause to be abated, certain public nuisances like the ones listed above. It is requested that you remove/abate the public nuisance(s) existing on your property by **July 30, 2024** or County crews may perform the work with the cost placed as an assessment on your tax bill. After the above deadline, abatement work by County crews may occur at any time. In order to abate the nuisance(s) and/or bring your property into compliance with the applicable fire code, you must **Clear weeds up hillside heading east to provide 200 feet clearance for homes on Providence on the northeast corner of the lot clear 200 feet from the sheriffs station.**

While the County is prohibited from making a profit from nuisance abatement work, it must recover all expenses incurred in performing this work. It is estimated that if County crews do the work, the charges will be approximately **$3,500.00**.

Please remember that **your property needs to be maintained hazard free throughout the year**. This includes any hazardous regrowth of weeds, dry grass, etc., that develops after initial abatement. A diagram of the general clearance requirements is available on our website at http://acwm.lacounty.gov.

It is our goal to assist property owners to maintain their own properties whenever possible. If you desire additional information regarding this matter, please contact Inspector Mariela Garcia at (818) 833-6648 or by email at MGarcia@acwm.lacounty.gov.

Very truly yours,

KURT E. FLOREN
Agricultural Commissioner/
Director of Weights & Measures

TDD (626) 575-5520
FOR THE HEARING IMPAIRED

ADRIAN ZAVALA
Deputy Director/Bureau Chief
Weed Hazard & Pest Management Bureau

KEF:AZ:ro

If you suspect fraud or wrongdoing by a county employee, please report it to the County Fraud Hotline at 1-800-544-6861 or www.lacountyfraud.org/

**Protecting Consumers and the Environment Since 1881**
**To Enrich Lives Through Effective and Caring Service**