Clinton Brown, *Self-Represented*
27250 Agoura Hills Rd.,
Calabasas, CA 91301
clinton@atlasinc.solar
310-487-6453

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLINTON BROWN, | **Case No**. 2:22-cv-09203-MEMF-KS |
| Plaintiff, | **Request for Judicial Notice [No. 9]** |
| v. | **Fed R. Evid. 201(c)(2)** |
| CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING, | **Judge:** Honorable Maame Ewusi-Mensah Frimpong |
| | **Chief Magistrate Judge:** Karen L. Stevenson |
| Defendant. | |

**NOTICE TO THE COURT**, the Plaintiff turned 38 years old today, and with that marker in mind, is beginning to lose patience with this Court *and* the Government because the more delay happening every day is taking this property further away from Clinton Brown, *infra*.



### a. Photographic Evidence at Property (Located about 35 miles from Courtroom 8B)

The photos taken at the property in this controversy and incorporated in this filing were taken on September 22, 2023, at 2:14 P.M. [ECF No. 75] and August 30, 2024, at 2:47 P.M., respectively. These photos confirm that the Government continues to appropriate the property as its own, without *any* consideration to the owner. In no event, would the Plaintiff allow the Government on his property, unless the Government obtained a search warrant from the Magistrate Judge. See *Camara v. Municipal Court*, 387 U.S. 523, 539-540 (1967). Unfortunately, the Plaintiff did not have the opportunity to refuse the Government's unlawful entry onto his property because he was never notified that such an intrusion would take place without his consent. Not only is this a blatant Fourth Amendment violation, but constructing a hillside reinforcement structure on the property is *obviously* a physical Taking that requires Just Compensation.[1]

### b. Los Angeles County *is* a County.

Here, the Plaintiff would like to know what law authorizes the Government to trespass on private property, without *any* notice, without *any* consent from the owner and without *any* acknowledgment from the Government that they did, in fact, trespass.[2] To the extent that the Government permanently occupies physical property, it effectively destroys the owner's rights to possess, use, and dispose of the property. Moreover, the owner suffers a special kind of injury when a *stranger* invades and occupies the owner's property. Such an invasion is qualitatively more severe than a regulation of the *use* of property, since the owner may have no control over the timing, extent, or nature of the invasion. And constitutional protection for the rights of private property cannot be made to depend on the size of the area permanently occupied. See *Loretto v.*

---

[1] This case presents the question whether a minor but permanent physical occupation of an owner's property authorized by [the] Government constitutes a "[T]aking" of property for which Just Compensation is due under the Fifth and Fourteenth Amendments of the Constitution." See *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 421 (1982). Lo and behold, *it is*.

[2] This is where the Government can respond to the Request for Judicial Notice (or not) that they did *or* did not construct a hillside reinforcement structure on the Plaintiff's property. In fact, anyone that works at the Federal Court that commutes along the 101 can attest that the hillside reinforcement structure is on the property…and thus, *generally* known within the trial court's *territorial* jurisdiction. *Anybody* can go and see for themselves…thus it follows that *this* is *generally* known in the district…for those who commute along the 101. I would urge the Court to look more closely at the authorities cited in ECF No. 171.

*Teleprompter Manhattan CATV Corp.*, 458 U.S. 435-438 (1982).³ The actions by the Government are completely outrageous and contrary to everything this Country stands for. *For example*, what if the Plaintiff *could* sell the property to a soldier, who served in any number of wars…and what did he fight for, if these kind of Government abuses are allowed…and allowed with full knowledge of a Federal Court? But who would want to buy a property that the Government says you cannot use, *and* the Government can enter at will, *and* the Government won't let you live on the property, *and* the Government threatens jail for placing a sign expressing what you want to do with the property, *and* forcing a tax auction sale, *and* charging obscene and arbitrary amounts of money for so-called public nuisances? Clinton Brown. No matter, this is a Taking for several actions taken by the Government. The most obvious is the Government's physical occupation of the Plaintiff's property, *supra*.⁴

### c. Cause and Effect

The Government already has the authority to sell the property at a tax auction. *That* so-called auction is scheduled for April 19-22, 2025. Given the ugly nature of the Government's actions thus far, it would be no surprise if the Government failed to follow California law.⁵ *See also*, ECF No. 163 at 4-7.

It is the owner's failure to make *any* use of the property—and for a lengthy period of time—that causes the lapse of the property right. See *Texaco, Inc. v. Short*, 454 U.S. 516, 530 (1982). (emphasis added). See also, *Tyler v. Hennepin Cnty., Minn.*, 143 S. Ct. 1369, 1380 (2023). In other words, the Government is forcing the Plaintiff to abandon his property by denying him the right to make *any* use of the property. Not for the lack of trying.

---

³ When the "character of the Governmental action," *Penn Central Transportation Co.* v. *New York City*, 438 U.S. 104, 124 (1978) is a permanent physical occupation of real property, there is a [T]aking to the extent of the occupation *without regard* to whether the action achieves an important public benefit *or* has only minimal economic impact on the owner. See *Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 426-435 (1982). (emphasis added).
⁴ The eyes can see what the heart feels.
⁵ *See* Cal. Rev. & Tax. Code § 3701 b) The tax collector shall make a reasonable effort to obtain the name and last known mailing address of parties of interest. (c) The validity of *any* sale under this chapter *shall not* be affected if the tax collector's reasonable effort fails to disclose the name and last known mailing address of parties of interest <u>or</u> if a party of interest does not receive the mailed notice. (emphasis added).

**Conclusion**

Last, Los Angeles County, like *any* other County in the United States, *must* uphold the Constitution. It doesn't take a rocket scientist to see the Government's flagrant disregard for the Fifth Amendment. Put differently, this Court is an accomplice if it continues to allow this kind of abuse to happen to the Plaintiff, and thus forcing the Plaintiff to bear a burden, that in all fairness and justice, should be borne by the public as a whole.

Respectfully submitted,

Dated: August 30, 2024

*/s/ Clinton Brown, Self-Represented*
27250 Agoura Rd.,
Calabasas, CA 91301
clinton@atlasinc.solar
310-487-6453

CC: All Counsel of Record (via ECF) on August 30, 2024