UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  CV 22-9203 MEMF (KS) | Date: November 25, 2024 |
| Title  _Clinton Brown v. Clark R. Taylor_ | |

Present: The Honorable:   Karen L. Stevenson, Chief United States Magistrate Judge

| Gay Roberson | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiff: N/A           Attorneys Present for Defendant: N/A

**Proceedings: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION TO APPOINT EXPERT [DKT. NO. 133]**

### BACKGROUND

Plaintiff, proceeding *pro se*, commenced this action on December 17, 2022. (Dkt. No. 1.) The Complaint asserts a single cause of action for an alleged unconstitutional taking of Plaintiff's property under the Fifth Amendment. (Complaint (Dkt. No. 1).) Specifically, Plaintiff alleges that Defendant, a Senior Planner for the Los Angeles County Department of Regional Planning, violated Plaintiff's constitutional rights by denying Plaintiff's application to install a solar farm on 32.4 acres of vacant land located in Los Angeles County. (*Id*. at 3.) The denial notice stated Plaintiff's solar farm application was denied "on the grounds that utility-scale solar facilities are not allowed in Significant Ecological Areas (SEA) and per the County's GIS mapping, the SEA overlay encompasses the entire property in question." (*Id.* at 3-4.) Plaintiff seeks "compensation for the Taking in the amount of $32,400,000." (*Id.* at 7.)

On February 8, 2024, Plaintiff filed the instant "Fed. R. Evid. 706(c)(1) Motion" to have an expert appraiser appointed to assist the Court in determining the value of the property at issue in this action ("Motion"). (Dkt. No. 133.) Defendant opposed the Motion on the ground that an expert is not warranted in this case. (Dkt. No. 143.) Defendant also requested that "[i]f the Court is not inclined to deny Plaintiff's Motion outright, it should at least defer acting on the Motion until after the ruling [on] the Motion for Summary Judgment." (*Id.* at 6.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-9203 MEMF (KS)                                          Date: November 25, 2024

Title   *Clinton Brown v. Clark R. Taylor*

In the Reply, Plaintiff argues that "the County's position is that the property in this controversy has substantially decreased in value since the 1980's," and that such a position is so "untethered from reality" it creates the need for "a specialized court-appointed appraiser . . . ." (Dkt. No. 147 at 1.)  Plaintiff further argues that the payment for an expert here is authorized under Federal Rule of Evidence 706(c)(1), which provides that a court-appointed expert "is entitled to a reasonable compensation, as set by the court," and that "in a criminal case or in a civil case involving just compensation under the Fifth Amendment," the expert is to be paid "from any funds that are provided by law."  (*Id.* at 2-7.)

**LEGAL STANDARD**

Federal Rule of Evidence 706 ("Rule 706") gives a court "discretion to appoint a neutral expert on its own motion or on the motion of a party."  *Chavez v. U.S.*, No. CV 19-31-DMG (JEMx), 2021 WL 6104403, at *2 (C.D. Cal. Sept. 29, 2021); *Oden v. Acebedo*, 848 F. App'x 682, 683 (9th Cir. 2021).  Such an expert "typically acts as an advisor to the court on complex scientific, medical, or technical matters." *Armstrong v. Brown*, 768 F.3d 975, 987 (9th Cir. 2014).  However, "Rule 706 should be reserved for exceptional cases in which the ordinary adversary process does not suffice."  *Garcia v. City of Los Angeles*, No. CV 19-6182 DSF (PLAx), 2022 WL 19403871, at *2 (C.D. Cal. May 27, 2022 (citation and internal quotation marks omitted)).

Although "Rule 706 is not frequently invoked, and consequently there is relatively little case law on the subject," two courts in this District have applied a four-factor test when determining whether to appoint an expert under Rule 706: (1) whether expert testimony is necessary or significantly useful for the trier of fact to comprehend a material issue in a case; (2) whether the moving party has produced some evidence, admissible or otherwise, that demonstrates a serious dispute that could be resolved or understood through expert testimony; (3) whether certain circumstances or conditions of a party limit the effectiveness of the adversary process to result in accurate factfinding; and (4) whether the legal basis of the plaintiff's claim entitles the plaintiff to special consideration by the courts. *Chavez*, 2021 WL 6104403 at *2; *Garcia*, 2022 WL 19403871 at *2.  The Court adopts this test and applies it below.

\\
\\
\\

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-9203 MEMF (KS)                                          Date: November 25, 2024

Title      *Clinton Brown v. Clark R. Taylor*

**DISCUSSION**

Here, none of the four factors weigh in favor of appointing an expert. Plaintiff has presented no evidence or argument indicating that an appraisal of the subject property in this case is necessary or significantly useful at this stage of the proceedings. Notably, the issues presented in Defendant's Motion for Summary Judgment concern *only*: (1) whether Plaintiff is the actual owner of the subject property with standing to sue; and (2) whether a constitutional "taking" of that property occurred. (Dkt. Nos. 82, 118, 123, 165.) After receiving full briefing on those issues, this Magistrate Judge issued a Report and Recommendation concluding that no genuine triable issues remain in this case. (Dkt. No. 165.)[1] There were no issues on summary judgment concerning the value of the subject property, and the Court issued a comprehensive Report and Recommendation analyzing the issues in the case without any need for an appraised value on the property.

In these circumstances, the first two factors weigh heavily – if not conclusively – against appointing an expert under Rule 706. *See Oden*, 848 F. App'x at 683 (district court did not abuse its discretion in denying a party's motion for appointment of an expert witness under Rule 706 because the movant "did not persuasively articulate how an expert would help him in objecting to the magistrate judge's Report and Recommendation regarding Defendants' motion to dismiss."); *see also Snow v. Mar*, 785 F. App'x 465, 466 (9th Cir. 2019) (no abuse of discretion in denying a party's motion for appointment of an expert witness where the court's determination of summary judgment "did not require analysis of technical evidence or complex issues . . . ."); *Palacios v. Smith*, No. 20-17233, 2022 WL 256359, at *1 (9th Cir. Jan. 26, 2022) (finding that "[t]he district court did not abuse its discretion by denying [a party's] requests for appointment of an expert under Federal Rule of Evidence 706 because such an appointment was not necessary for the court to make its determination."); *Williams v. Chau*, No. 20-55875, 2021 WL 5405423, at *1 (9th Cir. Nov. 18, 2021) (same); *Bistryski v. Allbert*, 848 F. App'x 804, 805 (9th Cir. 2021) (same).

Additionally, there is no argument made, and the Court cannot discern any reasoned argument that *could* be made, to establish that there are "certain circumstances or conditions" of a party to this case that limit the effectiveness of the adversary process, or that the legal basis of

---

[1] The Report and Recommendation is currently pending before the District Judge.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 22-9203 MEMF (KS)                                                        Date: November 25, 2024

Title         *Clinton Brown v. Clark R. Taylor*


Plaintiff's claims entitle him to special consideration.  *Chavez*, 2021 WL 6104403 at *2; *Garcia*, 2022 WL 19403871 at *2.

    Accordingly, Plaintiff's Motion is **DENIED**.

    **IT IS SO ORDERED.**

                                       **Initials of Preparer**         gr