<u>VIA ECF</u>

Honorable Maame Ewusi-Mensah Frimpong
United States District Court for the Central District of California
350 West First Street, Los Angeles, CA 90012, Courtroom 8B.

**Re: Notice of Supplemental Authority, Clinton Brown v. Clark R. Taylor, AICP, The Los Angeles County Department of Regional Planning., 2:22-cv-09203-MEMF-KS**

Honorable Maame Ewusi-Mensah Frimpong:

"To state a claim under the Takings Clause, a plaintiff must establish the following: (1) the plaintiff must own private property as contemplated under the Takings Clause; (2) that private property must be taken for public use; and (3) the taking entity must not have paid just compensation for it. U.S. Const. Amend. 5." *Zeyen v. Bonneville Joint Dist.*, No. 23-35438 (9th Cir. Aug. 23, 2024) at 18, B. *Bonneville* goes on to provide a very reasoned analysis of the three factors. *Id.* at 18-24 & 35.

There is no question that Brown bought the property with a plan to develop the property, whether to install a (temporary) solar farm, to build homes or to live on the property himself. Not one, but all & not all, but one. In other words, to do something, anything at all, to profit from his purchase. Why else does one buy property, if one cannot use the property? The Government is free to purchase private property for public use. And purchase private property with an eye to hand it over to another for public use. *Id.* at 35 (citing *Kelo v. City of New London*, 545 U.S. 469, 484 (2005)). But it must pay for that purchase. It cannot devalue the property with regulations, so much so, that it can take it for free *or* less than a Just Compensation…as here.

The Government's plans are very clear to the Plaintiff and this Court, and that is that Brown will <u>never</u> be able to do anything with his property, full stop. *See* ECF No. 145 at 6.[1] The Government's plans are to make the property a public park for mountain lions to roam. *See* ECF Nos. 106 & 115-7 at 47, *infra*.

That is not Brown's plans, nor does he care if that is the Government's plans, because, at least at this moment, it is Brown's property.[2] Thus, if the Government wants a 'lions play den' next to a subdivision instead of X, Y, or Z, that Brown wants to develop it into, then the

---

[1] "Counsel for Taylor confirmed as such at the hearing, stating that **the relevant County Ordinance prohibits any improvements to the Agoura Property**, and does not only prohibit solar farms." (emphasis added). Even if Brown could magically rescind the zoning ordinance, the County has claimed that it has, "the right to prohibit the construction of residential and/or commercial structures" upon the property. *See* ECF No. 43 at 4. Would that not be a *prima facia* regulatory Taking eliminating any and all economic benefit to the owner? *See* Lucas v. South Carolina. And yet, in this Court, the Government can just set back and take a ride on the Assignment Wheel while the Plaintiff suffers.

[2] "The [tax] auction for the site has been scheduled for April 19 to 22 next year, according to a court filing. The county declined to confirm that an auction has been scheduled." *See* ECF No. 180 at 7. In other words, good luck knowing when Brown's property will be sent to the tax auction block, when the media can't even confirm a scheduled tax auction date from the Government. *See* ECF No. 174 at 3 n. 5. #unaccountable

Government is going to have to pay Brown for that, full stop. In other words, pay for what it Takes.
(no citation needed).

LAFCO
April 18, 2014
Page 2

Calabasas has indicated to the City of Agoura Hills that upon annexation, the following
would occur:

- Once the parcels are acquired (assuming purchase at Los Angeles County's sale
of tax defaulted properties), it would convey APNs 2064-005-015 and -011 to the
Santa Monica Mountains Conservancy (SMMC)/Mountains Restoration and
Conservation Authority (MRCA), if amenable by that agency, for permanent open
space preservation, and place permanent conservation easements on both
parcels to prohibit any future development, particularly in consideration of the use
of these lands as a corridor for wildlife.

As a result of this *new* Ninth Circuit authority (which this Court is bound), it is clear, that
Brown has stated a claim under the Takings Clause and is entitled to Just Compensation. *Tyler v.*
*Hennepin County*, 598 U.S. 631, 639 (2023). In no uncertain terms should the Chief Magistrate
Judge's R&R stand as law in this Court, as to the parts challenged, as a matter of law. See
*Bonneville*, generally.

Respectfully submitted,

*/s/Clinton Brown, Self-Represented*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

CC: All Counsel of Record (via ECF) on November 29, 2024