**VIA ECF**

Honorable Maame Ewusi-Mensah Frimpong
United States District Court for the Central District of California
350 West First Street, Los Angeles, CA 90012, Courtroom 8B.

**Re: Notice of Supplemental Authority & Request to File a Supplemental Pleading**[1]
**Clinton Brown v. Clark R. Taylor, AICP, The Los Angeles County Department of Regional Planning., 2:22-cv-09203-MEMF-KS**

Honorable Maame Ewusi-Mensah Frimpong:

"Plaintiffs have standing to challenge the penalties already imposed upon them—but before payment." *See Corrine Thomas, et al. v. County of Humboldt, et al.*, No. 23-15847 (9th Cir. Dec. 30, 2024) at 18. (addressing the Constitutional ripeness and the actual injury requirement in the context of the Excessive Fines Clause). "In sum, taking Plaintiffs' factual allegations as true and drawing all reasonable inferences in their favor, they have plausibly alleged a concrete injury as a result of the County's imposition of penalties, even before any payment. We therefore conclude that Plaintiffs' claim under the Excessive Fines Clause is ripe." *Id*. at 20.

"Accordingly, this document states that the Plaintiff will be subjected to a tax of $37,414.00. This [$37,414.00] tax will be assessed on the property in the present Takings controversy. This tax assessment arises from a single instance of weed maintenance executed by the [Government]. The public document is compelling evidence of both an ongoing violation of the Fifth Amendment's Takings Clause *and the imposition of an Excessive Fine*." *See* ECF No. 59. (June 22, 2023).[2] "The government cannot overstep its authority and impose fines on its citizens without paying heed to the limits posed by the Eighth Amendment." *Id*. at 27.

Therefore, the Plaintiff respectfully requests to file and serve a supplemental pleading.

Respectfully submitted,

*/s/Clinton Brown, Self-Represented*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

CC: All Counsel of Record (via ECF) on December 30, 2024

---

[1] *See* Rule 15(d) Supplemental Pleadings. On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

[2] "Section 1983 does not contain its own statute of limitations." *Flynt v. Shimazu*, 940 F.3d 457, 461 (9th Cir. 2019) (quoting *Butler v. Nat'l Comm. Renaissance of Cal*., 766 F.3d 1191, 1198 (9th Cir. 2014)). "Instead, claims brought under § 1983 are subject to the forum state's statute of limitations for personal injury suits." *Id*. (citation omitted). In California, "the relevant period is two years." *Id*. (citing Cal. Civ. Proc. Code § 335.1). "Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues. *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (internal quotation marks and citation omitted)." *Id*. at 20.