UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:22-cv-09203-MEMF-KS                                    Date: January 16, 2025

Title    *Clinton Brown v. Clark R. Taylor*

Present: The Honorable:    Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  Order DENYING Request for a Rule 16 Order, DENYING Request to File Supplemental Briefing, and ordering briefing schedule re Ex Parte Application for a Temporary Restraining Order [ECF Nos. 178, 183, 184]**

Before the Court are the following, all filed by Plaintiff Clinton Brown: a Request for a Rule 16 Order (ECF No. 178), a Request to File Supplemental Briefing (ECF Nos. 183, 184), and an Ex Parte Application for a Temporary Restraining Order (ECF No. 185). The Court deems the Request for a Rule 16 Order (ECF No. 178) and the Request to File Supplemental Briefing (ECF Nos. 183, 184) appropriate for resolution without oral argument. *See* C.D. Cal. L.R. 7-15.

For the reasons stated herein, the Court DENIES the Request for a Rule 16 Order (ECF No. 178) and DENIES the Request to File Supplemental Briefing (ECF Nos. 183, 184). With respect to the Ex Parte Application for a Temporary Restraining Order (ECF No. 185), the Court hereby sets a deadline for an Opposition, as described in the Conclusion of this Order.

### I.  Background

The Court has already addressed the extensive background of this litigation in a series of other orders, and will only state aspects relevant to this Order here. *See* ECF Nos. 105, 145, 149.

### A.  Previous Filings and Orders

Plaintiff Clinton Brown ("Brown") filed suit in this Court on December 17, 2022. *See* ECF No. 1. He alleges that he owns a piece of property, and that when he applied for a permit to develop a solar farm, the County of Los Angeles (through its employee in the Department of Regional

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-09203-MEMF-KS                                          Date: January 16, 2025

Title   *Clinton Brown v. Clark R. Taylor*

Planning, Defendant Clark Taylor ("Taylor")) denied his application. *See id.* Brown asserts that denying him permits to develop the land as he wishes was a taking of his property requiring compensation under the Constitution, and he brings one claim for a violation of 42 U.S.C. § 1983. *See id.*

Brown previously moved for injunctive relief. *See* ECF No. 42, 62, 63, 138. The Court issued two orders denying Brown's motions for a preliminary injunction and for a temporary restraining order. *See* ECF Nos. 105, 145.

Taylor filed a Motion for Summary Judgment, which is currently pending. *See* ECF No. 82. On May 15, 2024, the Magistrate Judge assigned to this case issued a Report and Recommendation that the Motion for Summary Judgment should be granted and Brown's claim should be dismissed.[1] *See* ECF No. 165. Brown objected to that Report and Recommendation. *See* ECF No. 166. This Court has yet to determine whether to adopt the Report and Recommendation.

### B.  The Instant Requests and Application

On September 20, 2024, Brown filed a Request for a Rule 16 Order. *See* ECF No. 178.

On November 29, 2024, Brown filed a Notice of Supplemental Authority regarding the Motion for Summary Judgment. *See* ECF No. 182. On December 30, 2024, Brown filed a Request to File Supplemental Briefing regarding the Motion for Summary Judgment. *See* ECF No. 183. Brown filed a corrected version of his Request to File Supplemental Briefing the same day. *See* ECF No. 184.

On January 12, 2025, Brown filed an Ex Parte Application for a Temporary Restraining Order. *See* ECF No. 185.

As of the date of this Order, Taylor has not filed oppositions to any of these items.

### II.       The Request for a Rule 16 Order (ECF No. 178) is DENIED.

---

[1] Because Brown is a *pro se* plaintiff bringing a suit 42 U.S.C. § 1983, under Central District of California General Order No. 05-07, this action was automatically referred to the Magistrate Judge for most pretrial purposes. *See* ECF No. 98 (Court order explain as such).

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:22-cv-09203-MEMF-KS                                          Date: January 16, 2025

Title    *Clinton Brown v. Clark R. Taylor*

Brown asserts that the Court should issue what he describes as a Rule 16 Order. *See* ECF No. 178 at 3. As background, he asserts that he was the victim of a crime—per a police report cited in his Request, Brown placed a banner on his property regarding his grievance against the County of Los Angeles for denial of the permits he sought, and the banner was subsequently vandalized and stolen. *See id.* at 1. Brown asserts that he intends to amend his claims to add "RICO violations, among other things, against the Government." *See id.* at 3.

Federal Rule of Civil Procedure 16 governs pre-trial conferences. *See* Fed. R. Civ. P. 16. The Court understands Brown to be requesting that the Court set a pre-trial conference in this matter, presumably so that the matter can then advance to trial. *See* ECF No. 178.

Brown provides no authority showing that this is warranted. The fact that Brown was the victim of a crime, although unfortunate, does not necessarily mean that this action should immediately advance to trial. Brown's argument consists of one paragraph arguing that the Local Rules should not be elevated such that they conflict with Federal Rule of Civil Procedure 1, which states that the Federal Rules of Civil Procedure should be construed to ensure the "just, speedy, and inexpensive determination of every action and proceeding." *See id.* at 2 (citing Fed. R. Civ. P. 1). But Brown does not explain what Local Rule(s) he believes are being so elevated, and does not explain why the relief he requests is appropriate.

The Court sees no reason that a pre-trial conference is warranted at this time. If anything, the fact that Brown indicated a desire to amend his claims suggests that this matter is not ripe for trial. If Brown wishes to amend, he should file a Motion for Leave to Amend, and this Order is without prejudice as to his right to do so. But the Court will not order a pre-trial conference at this time but will issue appropriate orders once the Motion for Summary Judgment has been decided. The Request for a Rule 16 Order is DENIED.

### III.    The Request to File Supplemental Briefing (ECF Nos. 183, 184) is DENIED.

Brown requests to file supplemental briefing regarding the pending Motion for Summary Judgment. *See* ECF No. 184. Brown asserts that he was recently assessed a tax bill for approximately $37,000, and that this tax bill is further evidence that there was a taking against him. *See id.*

Federal Rule of Civil Procedure 15(d) states that "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction,

---

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:22-cv-09203-MEMF-KS                                               Date: January 16, 2025

Title    _Clinton Brown v. Clark R. Taylor_

occurrence, or event that happened after the date of the pleading to be supplemented." *See* Fed. Ri. Civ. P. 15(d). District courts have discretion as to whether to allow supplemental pleadings based on the circumstances. *See Weekes v. Atl. Nat. Ins. Co.*, 370 F.2d 264, 272 (9th Cir. 1966).

Here, the Court sees no reason that Brown's recent tax bill warrants supplemental briefing. The core issue on the Motion for Summary Judgment is whether the restrictions placed on Brown's land use constitute a taking. *See* ECF No. 165. Takings analysis focuses on the impact that government regulations have on a property. *See Penn Cent. Transp. Co. v. City of New York*, 438 U.S. 104, 123–24 (1978). Brown has provided no authority suggesting that the taxation of his property is relevant to whether the government's restrictions on his development constitute a taking. The only case Brown cites in his request, *Corrine Morgan Thomas v. County of Humboldt, California*, stands only for the proposition that a plaintiff has standing to challenge a monetary penalty.[2] *See Corrine Morgan Thomas v. County of Humboldt, California*, Case No. 23-15847, 2024 WL 5242613, at *1 (9th Cir. Dec. 30, 2024). Although *Thomas* notes that the plaintiff had been denied a land use permit, *Thomas* did not involve a takings claim or discuss takings claims. *See id.* Brown has not shown that the recent tax bill is in any way relevant, and so the Court sees no reason to allow further briefing based on this development.

Pursuant to the Court's discretion, the Request to File Supplemental Briefing is DENIED.

### IV.    Conclusion

For the reasons stated herein, the Court ORDERS as follows:

1. Brown's Request for a Rule 16 Order (ECF No. 178) is DENIED.
2. Brown's Request to File Supplemental Briefing (ECF Nos. 183, 184) is DENIED.
3. If Taylor wishes to file an Opposition to Brown's Ex Parte Application for a Temporary Restraining Order (ECF No. 185), Taylor must file his Opposition by no later than January 31, 2025. Brown may file a Reply by February 5, 2025. The Court will set a hearing date if necessary, but currently, no hearing is scheduled as to the Ex Parte Application for a Temporary Restraining Order.

---

[2] *Thomas* is an unpublished Ninth Circuit case, and "is not precedent." *See Thomas*, 2024 WL 5242613 at *1. But even if it were binding, it would not be relevant as discussed above.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:22-cv-09203-MEMF-KS                                      Date: January 16, 2025

Title    _Clinton Brown v. Clark R. Taylor_

|  | : |
|---|---|
| **Initials of Preparer** | DBE |