DAWYN R. HARRISON, County Counsel
STARR COLEMAN, Assistant County Counsel
THOMAS R. PARKER, Senior Deputy County Counsel
(SBN 141835) • TParker@counsel.lacounty.gov
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-1834
Facsimile: (213) 613-4751

Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Sanaz Rashidi, State Bar No. 271986
E-Mail: srashidi@hurrellcantrall.com
HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>Plaintiff,<br><br>v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>Defendants. | Case No. 2:22-cv-09203-MEMF-KS<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX-PARTE APPLICATION FOR TRO**<br><br>Assigned to:<br>Hon. Maame Ewusi-Mensah Frimpong<br>Courtroom "8B"<br><br>Magistrate Judge Karen L. Stevenson<br>Courtroom "580" |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant Clark Taylor ("Taylor"), in his official capacity as an employee of the County of Los Angeles ("County") Department of Regional Planning, submits the following opposition to Plaintiff Clinton Brown's ("Plaintiff" or "Brown") Ex

Parte Application Temporary Restraining Order.

## I.    **INTRODUCTION**

The Court should deny Plaintiff's "emergency" motion. Plaintiff's motion is unintelligible, and unsupported by competent evidence. Not only has Plaintiff not demonstrated any "likelihood of success" and "immediate and irreparable" injury related to this lawsuit warranting an ex parte motion for a temporary restraining order ("TRO"), but he has also failed to demonstrate he has standing to bring the TRO in this lawsuit as he is not the owner of the subject property located at 27250 Agoura Road in unincorporated Los Angeles County ("Agoura Property" or "Subject Property") which is the basis of this lawsuit. Plaintiff is now taking advantage of the tragic California wildfires which occurred in January 2025, in order to yet again attempt to seek re-consideration of this Court's Order denying his motion for preliminary injunction on December 5, 2023, as well as this Court's denial of Plaintiff's Application for TRO filed on March 12, 2024. Plaintiff's TRO is void of any facts supported by evidence such as: what address is he being evicted from; when did he receive the eviction notice; a copy of the eviction notice and it relates to this matter; Plaintiff's application for the specified permits, and the government's denial of said permits. Additionally, Plaintiff does not provide any justification as to how the tragic California Wildfires have made any impact on his legal standing as well as any providing any legal basis for arguments in favor of a TRO. All these facts are unknown, and plaintiff fails to provide any competent evidence to support his conclusory accusations.

## II.    **BACKGROUND**

On December 5, 2023, this Court denied Plaintiff's multiple motions for injunctive relief. (Dkt. No. 105 at 9-11.) In reaching its decision, this Court considered whether the denial of a permit for a solar farm constitutes a taking. This Court concluded that Plaintiff failed to meet his burden to show that a denial for a solar farm constituted a taking. *Id.* Plaintiff filed a Notice of Appeal as to the

Court's ruling on December 11, 2023 that is pending.

Thereafter, on March 12, 2024, Plaintiff filed an "emergency" TRO seeking to enjoin an unknown and presumably unrelated party not connected to this matter from evicting him and an order for the Government to post a $100,000 and written correspondence from the Government. (Dkt. No. 138.) On March 15, 2024, this Court denied Plaintiff's Application for TRO. (Dkt. No. 145.)

On January 12, 2025, Plaintiff filed the instant "emergency" TRO requesting that this Court issue a TRO requiring the Government to issue the necessary permits for the construction of 200 housing units immediately, without delay, or in the alternative, for an Order to Show Case directing the Government to appear before this Court and justify its refusal to issue the 200 housing permits. (Dkt. No. 185.)

## III. ARGUMENT

### A. Legal Standard

The standard for issuing a temporary restraining order is "substantially identical" to that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Center for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.") The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). Indeed, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

3

Moreover, under Rule 65, a temporary restraining order may be issued on an ex parte basis only if: "(A) specific facts in an **affidavit** or a **verified complaint** clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1) (emphasis added.) As the Supreme Court has noted, an ex parte temporary restraining order is justified in very limited circumstances:

The stringent restrictions imposed ... by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute. Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer. *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438-39 (1974) (internal citation omitted). Here, Plaintiff has not demonstrated any purported "immediate and irreparable" injury warranting an ex parte motion for a TRO that is related to this lawsuit. Nor has he demonstrated that he is "likely to succeed on the merits" on his claims, or that enjoining Defendant or this unknown adverse party is in the public interest.

B. **Plaintiff Fails to Meet His Burden Under Federal Rule of Civil Procedure 65(b).**

Plaintiff has failed to meet his burden under Fed. R. Civ. P. 65(b) to "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Plaintiff sadly uses the occurrence of the California wildfires, occurring in January 2025, for the proposition that because he cannot proceed with the construction of urgently needed

4

housing, wildfire victims have been caused significant and irreparable harm. Plaintiff further argues that Plaintiff's property rights have been effected causing the property in question to be economically idle.

This Court has already previously determined that Plaintiff failed to demonstrate he is likely to prevail on the merits of whether the denial of a permit for a solar farm constitutes a taking. This Court concluded that Plaintiff failed to meet his burden to show that a denial for a solar farm constituted a taking. (Dkt. No. 105.) This Court noted that prohibiting solar farms while allowing some other uses would resemble a form of zoning, which is generally not considered a taking. *Id.* Given the stated purpose in the cited Municipal Code, Plaintiff failed to meet his burden at this stage to show that he is likely to succeed with respect to whether the restriction was not intended to promote "health, safety, morals, or general welfare." *Id.*

Like his previous three "motion for preliminary injunction," as well as Plaintiff's prior TRO, this instant TRO relies on disjointed, repetitive, and conclusory accusations of wrongful conduct, for which Plaintiff provides no supporting evidence. *See American Passage Media Corp. v. Cass Communications, Inc.*, 750 F.2d 1470, 1473 (9th Cir. 1985) (reversing grant of preliminary injunction enjoining alleged antitrust violations based on conclusory affidavits); *Bascom Food Prods. Corp. v. Reese Finer Foods, Inc.*, 715 F. Supp. 616, 624 & n.14 (D.N.J. 1989) (movant must offer proof beyond unverified allegations in pleadings in application for preliminary injunction).

Before a federal court can decide a case, there must be a case or controversy. (*U.S. Const. art.* III, § 2.) One component of this case or controversy requirement is standing. (*Get Outdoors II, LLC v. County of San Diego*, 381 F. Supp. 2d 1250, 1258 (2005) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).) To prove standing, Plaintiff must show: (1) **_an injury in fact_**; (2) a causal connection between the injury and the defendant's conduct; and (3) a likelihood that the injury will be redressed by a favorable decision. (*Get Outdoors II, LLC*, 381 F. Supp. 2d at

5

1258; *Lujan*, 504 U.S. at 560-61.) (emphasis added.) Plaintiff does not have standing to allege a taking occurred on the Subject Property as it is owned by the Atlas, LLC and Steve Weera Tonasut and not by Clinton Brown. Plaintiff lacks standing to bring his cause of action and seek a TRO against Defendant because a limited liability company (the Atlas LLC) and Steve Weera Tonasut, and *not* Brown himself, suffered the harms alleged in this lawsuit. This Court has taken judicial notice of the Grant Deeds showing ownership of the Subject Property by the Atlas, LLC and Steve Weera Tonasut. (Case No. 2:23-cv-02972-MEMF-KS at ECF No. 18-2 and ECF No. 38.)

Because Plaintiff lacks standing and has not established that he will be irreparably harmed in connection with this matter, or likely to succeed on the merits of his claims, the Court must deny Plaintiff's TRO in its entirety.

## IV.   CONCLUSION

Plaintiff's "emergency" motion for a TRO is entirely unsupported. Plaintiff makes no effort to explain the "emergency" requiring him to file the motion on an ex parte basis. Plaintiff makes no effort to demonstrate his likelihood of success on the merits of his claim, beyond repeating disjointed and conclusory claims without any supporting facts or evidence. Plaintiff fails to explain why injunctive relief is necessary in this case to prevent irreparable harm as it relates to this matter. Lastly, Plaintiff's entire TRO is confusing, unintelligible, and unsupported by competent evidence. The Court should deny the TRO in its entirety.

DATED: January 31, 2025         HURRELL CANTRALL LLP

By: */s/ Sanaz Rashidi*
THOMAS C. HURRELL
SANAZ RASHIDI
Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING