Clinton Brown, *Self-Represented*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>        Plaintiff,<br><br>v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>        Defendant. | **Case No**. 2:22-cv-09203-MEMF-KS<br><br>**Motion for Leave to Amend Complaint**[1]<br><br>**Rule 15(a)(2)**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Chief Magistrate Judge:** Karen L. Stevenson<br><br>*See* **L.R. 7-15 – Waives Oral Argument** |

**NOTICE TO THE COURT**, Plaintiff seeks leave to amend his Complaint pursuant to Fed. R. Civ. P. 15(a)(2). *See* Exhibit 1, Proposed First Amended Complaint. It has become undeniably clear that Plaintiff must assert a *per se* Taking rather than just challenging the denial of the solar farm permit alone, though the solar permit denial alone also constitutes a *per se* Taking under the Fifth Amendment *in this case*. Under Rule 8(a)(2), a Complaint must provide a short and plain statement of the claim showing entitlement to relief. The operative Complaint met this standard, yet due to the Government's delay tactics and procedural maneuvering, this case has not even entered discovery. *See* ECF No. 112. As a result, the record remains artificially constrained, and the Complaint is now outdated—through no fault of the Plaintiff. This remains a live controversy, as required by the Constitution. The strict adherence to the four corners of the Complaint has unintentionally boxed the Plaintiff in procedurally, preventing full litigation of his claim despite the evolving nature of the controversy. *See* ECF No. 145 at 6. Yet, as with any

---

[1] "If Brown wishes to amend, he should file a Motion for Leave to Amend, and this Order is without prejudice as to his right to do so." *See* ECF No. 187 at 3.

litigation, the broader Constitutional issue *in this case* must not be overshadowed by procedural technicalities.

The most urgent reason for amendment is to preserve the integrity of the Plaintiff's claim and ensure the Complaint reflects the Government's ongoing Takings Clause violations. Granting leave to amend serves both justice and judicial efficiency. Because the Court has broad discretion to allow amendment, the Plaintiff will let the Government articulate any opposition rather than anticipate counterarguments.[2] Plaintiff, in this filing, will stick to the facts. In any event, it is well-settled that, "[i]t is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." *Foman v. Davis*, 371 U.S. 178, 182 (1962) *& progeny*.

    a. **The Government Has Withheld Key Information From This Court.**

**MR. FANG**: I'm not claiming that's the only restriction.

**THE COURT**: Okay.

**MR. FANG**: But that's the only restriction that --that has been brought to matter –

---

**MR. BROWN**: …. The public record shows [] that – [has] showed multiple times that [] -- not just a solar field [has been denied] on this property but there's been other things, but –

**THE COURT**: And is that in your Complaint?

**MR. BROWN**: No. --- *well, they've always said what they said in [C]ourt here, you cannot put structures*.[3]

    b. **Public Records Act Request Confirms Permit Denials.**

"[a] Public Records Act Request [was] received [by the Government] on November 25, 2024, wherein [Plaintiff] requested records related to 27250 Agoura Rd, Calabasas, CA / APN 2064-005-011 and APN 2064-005-015." *See* ECF No. 186 at 2-7. The Government's records confirm that Plaintiff has been denied permits to build housing on the property, while a previous

---

[2] The Government will not respond to any request for a L.R. 7-3 meeting.
[3] *See* Tr. of Proceedings, ECF No. 80 at 36-37 (C.D. Cal. Sept. 21, 2023).

owner was granted a permit to remove 8,431 tons of dirt. *Id*. at 6-7. This demonstrates a clear inconsistency in the Government's regulatory decisions—permitting major alterations to the land in the past while now categorically denying all economically viable use of the property to the Plaintiff. This further supports Plaintiff's claim of arbitrary and capricious regulation as applied to the Plaintiff, reinforcing that the Government's actions amount to a *per se* regulatory taking under the Fifth Amendment. The Government's actions are unrelated to public health, safety, or morals and have effectively denied Plaintiff all economic use of the property.

**c. The Court Must Allow Amendment to Ensure a Just Decision.**

Plaintiff moves to amend the Complaint under Fed. R. Civ. P. 15(a)(2), which permits amendment when justice requires. Newly admissible evidence of permit denials further substantiates Plaintiff's Fifth Amendment Takings Clause claim, and the Proposed First Amended Complaint directly addresses issues raised in the pending Report and Recommendation. Granting leave to amend serves both justice and judicial economy by ensuring all relevant facts are considered. Should the Court adopt the R&R, the Plaintiff must be allowed to proceed on the amended complaint to ensure full and fair adjudication of the claim on the merits.

## Conclusion

A just and efficient resolution of this case requires amendment of the Complaint. The original filing no longer fully states the ongoing Constitutional violations at issue. Even if this case were dismissed today, the Government's actions would continue to give rise to a viable Fifth Amendment Takings claim, ensuring further litigation. Judicial economy and fairness strongly support granting leave to amend.

Respectfully submitted,

Dated: February 3, 2025

*/s/ Clinton Brown, Self-Represented*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

CC: All Counsel of Record (via ECF) on February 3, 2025