Clinton Brown, *Self-Represented*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLINTON BROWN,<br><br>           Plaintiff,<br><br>v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>           Defendant. | **Case No**. 2:22-cv-09203-MEMF-KS<br><br>**Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 (non-prisoners)**<br><br>**[Proposed] First Amended Complaint**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Chief Magistrate Judge:** Karen L. Stevenson<br><br><u>**JURY TRIAL DEMANDED**</u> |

Clinton Brown ("Plaintiff") for his Complaint against Clark R. Taylor, AICP, The Los Angeles County Department of Regional Planning ("Defendant"), alleges as follows:

## I. NATURE OF ACTION

1. This action arises under the Fifth and Fourteenth Amendments to the United States Constitution, asserting a *per se* Taking by the County of Los Angeles ("Government"). By retaining the right to prohibit development and restrict ingress and egress, the Government has exercised a *per se* Taking in violation of the Fifth Amendment. Pursuant to 42 U.S.C. § 1983, Plaintiff seeks enforcement of his Constitutional protections and Just Compensation under the Takings Clause.

> WE HEREBY DEDICATE TO THE COUNTY OF LOS ANGELES THE RIGHT TO PROHIBIT THE CONSTRUCTION OF RESIDENTIAL AND/OR COMMERCIAL STRUCTURES WITHIN LOT 3. AS A DEDICATION TO PUBLIC USE, WHILE ALL OF LIBERTY CANYON ROAD WITHIN OR ADJACENT TO THIS SUBDIVISION REMAINS A PUBLIC STREET WE HEREBY ABANDON ALL RIGHTS OF DIRECT VEHICULAR INGRESS AND EGRESS FROM ABUTTING LOTS TO THE SAID STREET, AND AS A DEDICATION TO PUBLIC USE, WHILE ALL OF AGOURA ROAD WITHIN OR ADJACENT TO THIS SUBDIVISION REMAINS A PUBLIC STREET, WE HEREBY GRANT TO THE COUNTY OF LOS ANGELES THE RIGHT TO RESTRICT DIRECT VEHICULAR INGRESS AND EGRESS TO THE SAID STREET. IF ANY PORTION OF SAID STREETS WITHIN OR ADJACENT TO THIS SUBDIVISION ARE VACATED, SUCH VACATION TERMINATES THE ABOVE DEDICATIONS AS TO THE PART VACATED.

*See* Exhibit 1. Tract No. 33128, Los Angeles County, CA, Official Records, recorded in Book 1099, Page 94 (Los Angeles County Recorder's Office, May 24, 1985) at 1.

## II. JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Federal question jurisdiction arises pursuant to 42 U.S.C. § 1983.

## III. VENUE

3. Venue is proper pursuant to 28 U.S.C § 1391 because the events and property giving rise to this Complaint happened in this district.

## IV. PARTIES

4. Plaintiff, Clinton Brown, resides at: 1431 Ocean Ave, Unit 413, Santa Monica, CA 90401.

5. Defendant, Clark R. Taylor, AICP, The Los Angeles County Department of Regional Planning works at The Los Angeles County Department of Regional Planning at 26600 Agoura Road Calabasas, California, 91302. Defendant's title or position is Senior Planner, Coastal Development Services.

6. This Defendant is sued in their official capacity. This Defendant was acting within the scope of their authority as a government official. The official had the power to take the landowner's property without Just Compensation in violation of the Fifth Amendment and thus the official was acting under the color of law.

## V. FACTUAL ALLEGATIONS

<u>I. The Solar Farm Permit Application and Denial</u>

7. On November 28, 2020, the Plaintiff submitted an application to install a 20 MW Solar Farm on a 32.4-acre vacant property located at 27250 Agoura Rd., unincorporated Los Angeles County to the Los Angeles County Department of Building and Safety.

8. The Plaintiff was subsequently provided a DRAFT version of the Los Angeles County Solar Manual dated May 2018.

9. On August 31, 2021, the Los Angeles County Department of Building and Safety directed the Plaintiff to submit a new application and subsequently voided the original application.

10. On September 1, 2021, the Los Angeles County Department of Building and Safety issued an Agency Referral Form, requiring approvals from multiple departments, including the Department of Regional Planning.

11. The Agency Referral document contained a bold notice: "THIS NOTICE IS TO INFORM YOU THAT APPROVAL FROM THE AGENCIES MARKED BELOW, IN ADDITION TO BUILDING PLAN CHECK APPROVAL, MUST BE OBTAINED PRIOR TO PERMIT ISSUANCE." *See* Exhibit 2.

12. On October 12, 2021, the Los Angeles County Department of Regional Planning formally denied the Plaintiff's application, stating that utility-scale solar facilities are not allowed in Significant Ecological Areas (SEA).

13. The County's GIS mapping system indicated that the entire property was covered by the SEA overlay, which became effective on June 3, 2021, months after the Plaintiff had submitted his application.

14. The rejection letter, dated October 12, 2021, stated: "The Department of Regional Planning is in receipt of the application materials you submitted on September 1, 2021, for the Solar Farm Project at 27250 Agoura Road. Upon review of the submitted materials, it has been determined that the proposed project is not permitted at this location, and the application has been REJECTED." *See* Exhibit 3.

15. The rejection letter further referenced Los Angeles County Code § 22.140.510(C)(5)(a), which prohibits ground-mounted utility-scale solar facilities in SEAs.

16. The environmental review document prepared by Green-Tech Environmental in June 2021 was reviewed and accepted by the Los Angeles County Department of Building and Safety. The document concluded that with mitigations, the project would have less than significant impacts.

II. The Plaintiff's Continued Efforts to Secure Permit and Denial of Use

17. Following the rejection by the Department of Regional Planning, the Plaintiff

continued to pursue approval of the Solar Farm application through Los Angeles County Public Works, Fire Department, and Building and Safety Department.

18. However, each department redirected the Plaintiff to Clark R. Taylor at the Regional Planning Department and the October 12, 2021, rejection letter.

19. The application plans included covering the entirety of the parcel with the proposed solar array infrastructure.

20. Despite Plaintiff's compliance with environmental mitigation measures, the permit was denied outright, and no alternative measures for approval were provided.

III. Government's Interference with Property Rights

21. Property rights are essential for individuals to exercise their freedom and determine the best use of their land without undue Government interference.

22. Plaintiff acted in good faith and spent over $250,000 to comply with Los Angeles County regulations to secure approval for the solar project.

23. The Government's regulatory action by implementing the June 3, 2021, SEA overlay has effectively denied all economically viable use of the property, rendering it functionally worthless for any development.

24. The Takings Clause of the Fifth Amendment prohibits the Government from denying all beneficial use of private property without Just Compensation.

25. A regulation that entirely deprives a landowner of economic value constitutes a *per se* taking, requiring Just Compensation under the Takings Clause.

IV. Solar Permit Conclusion

26. The Plaintiff had a protected property right to develop a solar farm on the property from November 28, 2020, when he initially applied for a permit, until August 31, 2021, when the County voided his original application and required a new submission. During this period, on June 3, 2021, the County implemented the SEA overlay, which retroactively eliminated Plaintiff's ability to develop a solar farm—effectively destroying his property right.

27. The Government has failed to provide Just Compensation for the deprivation of all economically beneficial use of the property, necessitating relief under the Takings Clause.

28. The Plaintiff believes that the action was not in furtherance of a public purpose, and thus violated their right to private property guaranteed by the Fifth and Fourth Amendments. *See* Exhibit 4.

V.  Amended Pleading Allegations

*a. Government Denial of Property Rights*

29. The Government has denied the Plaintiff all economically viable uses of his 32.4-acre urban property in unincorporated Los Angeles County.

30. The Government has caused the Plaintiff's property to be economically idle.

31. The Government has claimed the right to prohibit the ingress and egress (entrance and exit) from the property.

32. The Government has claimed the right to prohibit residential and/or commercial structures on the property.

33. The Government has denied the Plaintiff a permit to use his property for solar collection and distribution (solar farm).

34. The Government denied the Plaintiff a permit to reside on his property, even as he faced imminent homelessness. As a result of prosecuting this lawsuit, he temporarily experienced homelessness in 2024 and lived on the property despite the Government's denial.

*b. Government's Preemptive and Arbitrary Rejections*

35. The Government, through Josh Huntington, AICP, Section Head of Los Angeles County Planning for Subdivisions, explicitly stated that Plaintiff's proposed 200-home subdivision project would not be approved, regardless of whether it met all regulatory requirements. During multiple phone and email communications, Huntington unequivocally confirmed that even if subordinate staff approved the project, his office would still recommend against approval at the Board of Supervisors level—effectively ensuring its denial before an application could even be submitted.

36. The Government, through Josh Huntington, AICP, Section Head of Los Angeles County Planning for Subdivisions, stated that while the 200-home subdivision project was well-conceived and beneficial, the property was unsuitable for development—without reviewing any application materials.

37. The Government provided no substantive or legal justification for rejecting the 200-home subdivision and declared its decision final without a public hearing or any opportunity for appeal.

38. The Government has stated in Federal Court that all 32.4 acres of the Plaintiff's urban property must remain "essentially unimproved" and has asserted the authority to prohibit residential and commercial structures at its sole discretion.

39. The Government has denied the Plaintiff's plan to build 200 housing units for wildfire victims on his private property, effectively controlling who the Plaintiff can or cannot allow on his own land.

*c. Government's Restrictions and Punitive Measures*

40. The Government has denied the Plaintiff from building any residential or commercial structures on his property.

41. The Government has denied the Plaintiff from building temporary structures on his property (solar arrays).

42. The Government has threatened arrest of the Plaintiff for installing a sign on his property.

43. The Government has fined the Plaintiff over $180,000 for installing a sign on his property.

44. The Government has claimed that the property is within a Significant Ecological Area (SEA), yet it has clear-cut the property and charged the Plaintiff for the removal.

45. The Government has charged the Plaintiff over $37,414 in fines for failing to comply with an order to 'clear cut' his SEA-designated property.

46. The Government has converted the $37,414 in fines into property taxes, subjecting his property to tax deed foreclosure in April 2025.

47. The Government has issued permits to prior owners but has refused to issue any permits to the Plaintiff.

48. The Government's claim that it has the right to prohibit residential and commercial structures on the Plaintiff's property has caused the Plaintiff financial harm to his property and business.

49. The Government has threatened the Plaintiff with liability if a landslide occurs on his property, unless he agrees to quitclaim deed the affected areas, granting "County Forces" access to enter and repair the man-made slope areas. *See* Exhibit 5.

50. The Government has denied the Plaintiff the right to repair and maintain his property independently, effectively preventing him from accessing his property and fixing the man-made slope areas to prevent liability.

51. The Government has installed tarps on the Plaintiff's property without a warrant, permission or providing any notice to the Plaintiff.

52. The Government has failed to provide the Plaintiff with any options to formally appeal its decisions.

53. The Government has categorically denied all proposed uses of the property, refusing to grant any permits, variances, or other approvals that would allow the Plaintiff to develop, repair, or meaningfully use his property.

54. The Government has failed to provide Just Compensation.

55. The Government repeats its injurious actions and non-actions that harm the Plaintiff to this day.

## VI. LEGAL CLAIM

### COUNT I: Unconstitutional Taking in Violation of the Fifth Amendment

56. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

57. The Fifth Amendment's Takings Clause, applicable to the states through the Fourteenth Amendment, prohibits the Government from Taking private property for public use without Just Compensation. *See Chicago, B. & Q. R. Co. v. Chicago*, 166 U.S. 226, 241 (1897).

58. The Plaintiff owns the private property as contemplated under the Takings Clause, that private property has been taken for public use and the Government has not paid Just Compensation. *See Zeyen v. Bonneville Joint Dist.,* 114 F.4th 1129, 1139 (9th Cir. 2024).

59. The County of Los Angeles' claimed right to prohibit construction and right to restrict ingress and egress effectively gives it control over the Plaintiff's property and constitutes a *per se* Taking.

60. The Government's installation of tarps on the Plaintiff's property without a warrant, permission or notice constitutes a *per se* taking. *See Loretto v. Teleprompter Manhattan CATV Corp.*, 458 U.S. 419, 421 (1982) (holding that a permanent physical occupation of private property by the Government is a *per se* Taking).

61. The Government's actions and inactions deny all economically viable use of the Plaintiff's property and constitutes a *per se* Taking. *See Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1014-1019 (1992).

62. The Government's restrictions on ingress and egress interfere with Plaintiff's fundamental property right to exclude others and control access and constitutes a *per se* Taking. *See Nursery v. Hassid,* 141 S. Ct. 2063, 2077 (2021) ("Right to exclude is… fundamental element of the property right").

63. Even if any permit was approved, the Government's claimed right to block access entirely undermines Plaintiff's ability to make any practical use of the property, rendering ownership meaningless. *Id.*

64. A Takings Claim is not barred by the mere fact that his title was acquired after the effective date of the state-imposed restriction. *See Palazzolo v. Rhode Island*, 533 U.S. 606, 626-630 (2001).

65. The combined restrictions on construction and ingress/egress result in the Plaintiff being unable to build any structures, the Plaintiff being unable to control who may access the property, and the Plaintiff being unable to sell the property for its full potential value. These limitations imposed by the Government render the property economically idle.

66. By transforming property ownership into something less than full ownership by accepting an unconstitutional dedication, the Government's actions constitute a violation of the Fifth Amendment, entitling the Plaintiff to Just Compensation.

67. The Government has failed to provide Just Compensation, in violation of the Takings Clause of the Fifth Amendment.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Declare that the Government has Taken the Plaintiff's property in violation of the Takings Clause of the Fifth Amendment to the United States Constitution.

2. Declare that the Plaintiff is entitled to Just Compensation for the Taking in the amount of $32,400,000, plus pre-judgment and post-judgment interest accruing from the date of the Taking.

3. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands a jury trial for all claims so triable.

Respectfully submitted,

Dated: February 3, 2025

*/s/ Clinton Brown, Self-Represented*[1]
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

CC: All Counsel of Record (via ECF) on February 3, 2025

---

[1] I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." *See* 28 U.S.C. § 1746.