Clinton Brown, *Self-Represented*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLINTON BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>    Defendant. | **Case No**. 2:22-cv-09203-MEMF-KS<br><br>**REQUEST FOR EXPEDITED HEARING OR ORDER PURSUANT TO 28 U.S.C. § 1657(a)**[1]<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Chief Magistrate Judge:** Karen L. Stevenson<br><br>**Date:** February 27, 2025<br><br>**Time:** 10 A.M.<br><br>**Place:** Courtroom 8B |

  **NOTICE TO THE COURT**, "[t]he Act[2] grants a court wide discretion to organize its docket. However, certain specific actions are named the highest priority civil actions—*habeas corpus* actions, recalcitrant witness actions and actions for preliminary or temporary injunctive relief." *See Freedom Commc'ns Inc. v. F.D.I.C*., 157 F.R.D. 485, 486 (C.D. Cal. 1994). "[A] motion for expedited consideration is proper procedurally." *Id. at 487*. The Act also directs the Court to determine if a request for expedited consideration has merit. *Id.*

## ARGUMENT

  It has now been 18 days since the "RESPONSE IN SUPPORT of First EX PARTE APPLICATION for Temporary Restraining Order" was filed. *See* ECF No. 191. Given that a TRO is generally limited to 14 days, this extended delay for a hearing or decision raises serious concerns. *See* Rule 65(b)(2). The Plaintiff respectfully asserts that he will not forfeit his statutory right to an

---

[1] "Notwithstanding any other provision of law, each Court of the United States shall determine the order in which civil actions are heard and determined, *except that the Court shall expedite the consideration of…any action for temporary or preliminary injunctive relief*." *See* 28 U.S.C. § 1657(a).
[2] Pub. L. No. 98-620, § 401(a), 98 Stat. 3356 (Nov. 8, 1984).

expedited ruling, as required by Federal law. If no action is taken, Plaintiff will be left with no choice but to seek relief from the Ninth Circuit by way of a writ of mandamus. To be clear, the Court is not the adversary—the Government is. Under established law, "good cause" for expedited consideration exists where a Constitutional or statutory right is at stake in a factual context that demands prompt judicial attention. This case is not a routine civil matter—it presents an as applied Fifth Amendment Constitutional challenge. In light of Congress's clear directive, the Plaintiff respectfully urges the Court to afford this case the timely consideration that Federal law demands.

### I. THE PLAINTIFF'S PROCEDURAL POSTURE HAS NOTHING TO DO WITH THE MERITS OF THIS CONTROVERSY.

The amended complaint is not the operative complaint, and the Government is still bound by their judicial admissions. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226-27 (9th Cir. 1988) ("For purposes of summary judgment, the courts have treated representations of counsel in a brief as admissions even though not contained in a pleading or affidavit."). "[The Court] treat[s] statements in [] pleadings, briefing, and at trial as judicial admissions." *See Schrader Cellars, LLC v. Roach*, Nos. 23-15862, 23-15990, --- F.4th ----, 2025 WL 569738, at *24 (9th Cir. Feb. 21, 2025). Plaintiff acknowledges that an amended complaint has been submitted for consideration. *See* ECF Nos. 189, 189-1 & 190. However, under binding case law, until the amended complaint is officially accepted by the Court, the original complaint remains the operative pleading. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (holding an amended complaint supersedes the original, but only once it is filed and accepted as the new operative pleading under the Rules). Moreover, regardless of whether the complaint is allowed to be amended the Government is still bound by their own prior statements as judicial admissions in this litigation, *supra*. The Government has unequivocally stated in *case determinative filings* that the Plaintiff is prohibited from building anything on his property. *See* ECF No. 82 at 10 ("Motion for Summary Judgment") (The County has "the right to prohibit residential and/or commercial structures" on the property.). This remains the Government's official position and must be treated as such by this Court. *Id*.

## **DISCUSSION**

### I. THERE IS A GREATER STATISTICAL LIKELIHOOD OF AN ASTEROID IMPACT THAN THE PLAINTIFF RECEIVING ANY PERMIT TO BUILD.

The extreme nature of the Government's position is further underscored by a stark reality. As of February 20, 2025, NASA's planetary defense teams have determined that there is a 0.28% chance that Asteroid 2024 YR4 will impact Earth on December 22, 2032. *See* Molly L. Wasser, Additional Observations Continue to Reduce Chance of Asteroid Impact in 2032, NASA Planetary Defense, Feb. 20, 2025 ([https://blogs.nasa.gov/planetarydefense/2025/02/20/additional-observations-continue-to-reduce-chance-of-asteroid-impact-in-2032/]). Meanwhile, the likelihood that the Plaintiff will be granted a permit to use his own land remains at 0.00%. By opposing this TRO, even in the face of destructive wildfires, the Government confirms that they have no intention of allowing *any* construction on the property—***ever***. This means that, statistically speaking, an asteroid is more likely to strike the Earth than it is for the Plaintiff to exercise his fundamental property rights.

### II. THE GOVERNMENT'S POSITION IS UNCONSTITUTIONAL AND CANNOT STAND.

The Supreme Court has already held that when the Government denies *all* economically viable use of land, it constitutes a *per se* Taking under the Fifth Amendment. *See Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1019-1020 (1992). Before even analyzing whether a regulation "goes too far," the Court must first determine whether any lawful use of the property remains. *See MacDonald, Sommer & Frates v. Yolo County*, 477 U.S. 340, 348 (1986) ("A court cannot determine whether a regulation has gone "too far" unless it knows how far the regulation goes."). Here, the Government has already determined that the Plaintiff cannot build, develop, or use his land in *any* way, for *any* purpose. This is not mere regulation, this is a complete destruction of private property rights, violating the Takings Clause of the United States Constitution. This case could not present a clearer picture of an unconstitutional Taking and requires an expedited disposition under Federal law.

## CONCLUSION

Los Angeles County's regulatory scheme, as applied to this property owner, is so extreme that he must bear a public burden that in all fairness and justice should be borne by the public as a whole. That fact *alone* demonstrates the unconstitutional nature of the Government's actions.[3]

Accordingly, Plaintiff respectfully requests that this Court:

1. Declare that the Government's refusal to permit *any* use of the Plaintiff's property constitutes a categorical *per se* Taking under *Lucas* and *Palazzolo*.[4]

2. Immediately issue a ruling granting the TRO to prevent further unconstitutional deprivation of the Plaintiff's fundamental property rights.

Respectfully submitted,

Dated: February 23, 2025

*/s/ Clinton Brown, Self-Represented*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

CC: All Counsel of Record (via ECF) on February 23, 2025.

---

[3] "At the hearing, Brown clarified that, in his view, there is an additional taking that has occurred: the County does not allow Brown to live on or develop housing on the Agoura Property. Counsel for [the Government] confirmed as such at the hearing, stating that the relevant County Ordinance prohibits any improvements to the Agoura Property, and does not only prohibit solar farms." *See* ECF No. 145 at 6; *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226-27 (9th Cir. 1988) (holding that statements made in legal proceedings are binding judicial admissions); *MacDonald, Sommer & Frates v. Yolo County*, 477 U.S. 340, 348 (1986) ("A court cannot determine whether a regulation has gone "too far" unless it knows how far the regulation goes."); ECF No. 82 at 10 (The County has "the right to prohibit residential and/or commercial structures" on the property).

[4] *See Palazzolo v. Rhode Island*, 533 U.S. 606, 627 (2001) (holding that the Takings Clause allows landowners to challenge regulations that deprive them of reasonable land use and rejecting the notion that ownership transfers eliminate takings claims).