DAWYN R. HARRISON, County Counsel
STARR COLEMAN, Assistant County Counsel
THOMAS R. PARKER, Senior Deputy County Counsel
(SBN 141835) • TParker@counsel.lacounty.gov
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-1834
Facsimile: (213) 613-4751

Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Sanaz Rashidi, State Bar No. 271986
E-Mail: srashidi@hurrellcantrall.com
HURRELL CANTRALL LLP
725 S. Figueroa Street, Suite 3800
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN,<br><br>       Plaintiff,<br><br>v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>       Defendants. | Case No. 2:22-cv-09203-MEMF-KS<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Assigned to:<br>Hon. Maame Ewusi-Mensah Frimpong<br>Courtroom "8B"<br><br>Magistrate Judge Karen L. Stevenson<br>Courtroom "580" |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

Defendants submit the following Opposition to Plaintiff Clinton Brown's ("Plaintiff" or "Brown") Motion for Leave to Amend Complaint.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

The Court should deny Plaintiff Clinton Brown's Motion for Leave to Amend Complaint. First, as Mr. Brown filed his motion without forewarning, he has failed to comply with this District's strict meet and confer requirements. (*See* L.R. 7-3.) On this basis alone, the Court may reject Mr. Brown's motion. (L.R. 7-4.)

Second, Mr. Brown's motion lacks any merit and may be rejected for that additional reason. Plaintiff's Motion fails to provide any evidence which would support Plaintiff's argument that granting leave to amend serves both justice and judicial efficiency. On December 17, 2022 Plaintiff filed the operative complaint. Specifically, Plaintiff's single cause of action against Defendant Taylor alleges "the actions of inverse eminent domain constituted a taking of private property without just compensation and thus violated Fifth Amendment rights." *See* Complaint (Dkt 1), at 7:8-10. Ironically, nearly twenty seven months after the filing of the original Complaint, Plaintiff seeks to amend his Complaint in order to assert a taking which he has already done since the onset of this litigation.

## II.  BACKGROUND

From the onset of this litigation Plaintiff has claimed the County of Los Angeles has taken his real property without just compensation in violation of the Fifth Amendment. In fact, Plaintiff, clearly referenced a "taking" in his Original Complaint. *See* Complaint (Dkt 1), at 3:7-8. The "taking," according to Plaintiff, occurred when County's Department of Regional Planning ("Regional Planning") rejected his application to install a "20 MW Solar Farm" on his property located at 27250 Agoura Road in Agoura Hills, California. *Id.*

Plaintiff now brings a "Motion For Leave to Amend Complaint" ("Motion"), purportedly in order to assert a *per se* Taking, which Plaintiff has asserted since the onset of this litigation. *See* Motion (Dkt 189). Beyond Plaintiff's repeated attempts to waste this Court's time and engage in meritless law and motion practice, Plaintiff

has not yet been able to demonstrate he has standing in this lawsuit as he is not the owner of the subject property located at 27250 Agoura Road in unincorporated Los Angeles County ("Agoura Property" or "Subject Property") which is the basis of this lawsuit. Plaintiff is now trying attempting once again to take advantage of this Court's time and resources in a last try attempt to seek re-consideration of his meritless allegations, as Plaintiff has previously attempted to do by filing a motion for preliminary injunction which was rejected by this Court on December 5, 2023, as well as this Court's denial of Plaintiff's Application for TRO filed on March 12, 2024.

## III. PLAINTIFF'S MOTION FAILS TO COMPLY WITH LOCAL RULE 7-3

This District's Local Rules outline specific requirements for motion practice. Under Local Rule 7-3, a party must "first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution" at least seven days before filing a motion. Mr. Brown undisputedly did not comply with this requirement, and in fact, never informed Defendant of his intention to file his motion. (Rashidi Decl. ¶ 2.) His failure to do so is sufficient grounds for the Court to summarily deny the motion.

Mr. Brown's *pro se* status does not excuse his failure, as Local Rule 1-3 makes clear that the Local Rules apply equally to *pro se* litigants. Moreover, having availed himself of this forum on at least two other occasions, and having actively participated in motion practice throughout this litigation, Mr. Brown must be aware of and should be required to abide by this District's Local Rules.

## IV. PLAINTIFF'S AMENDED COMPLAINT DOES NOT OFFER ANY ADDITIONAL SUBSTANTIVE CLAIMS

In Plaintiff's original Complaint, Plaintiff clearly argues that "the actions of inverse eminent domain constituted a taking of private property without just compensation and thus violated their Fifth Amendment rights." *See* Complaint (Dkt

1), at 7:8-10. Plaintiff's Motion argues that Plaintiff would like to "assert a per se Taking." *See* Motion (Dkt 189). As we have witnessed thus far throughout the process of this litigation, and Plaintiff's multiple meritless filings, Plaintiff has already claimed a taking has occurred on a *multitude* of occasions. Additionally, Plaintiff has not be able to demonstrate a taking occurred. In fact, Defendants have filed an Motion for Summary Judgement specifically asserting that Plaintiff's argument that a taking has taken place is meritless. A physical taking "is a direct government appropriation or physical invasion of private property." *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 537 (2005). That did not happen here.

   Instead, Plaintiff bought property which was subject to recorded and publicly ascertainable development restrictions. A December 21, 1987 recorded tract map reflects that the land that Plaintiff ultimately acquired was dedicated to the County, expressly giving the County "the right to prohibit the construction of residential and/or commercial structures" upon the property. This public document was available to the Plaintiff before he purchased the property, and he is presumed aware of this restriction. *See* California Civil Code, Section 1213.

   At the time he purchased the property, the property was also designated as a Significant Ecological Area ("SEA"). Plaintiff could have determined the property's SEA status through a website maintained by Regional Planning, known as "GIS-NET Public." He was thus constructively charged with this knowledge, as well as the knowledge of publicly-available Los Angeles County Code Section 22.140.510.C.5.a, which prohibits the installation of solar energy facilities within an SEA.

   These facts are critical because at least one element of a takings analysis is to determine whether the County interfered with Plaintiff's reasonable investment-backed expectations when he purchased the property. *See Penn Central. Transp. Co. v. City of New York*, 438 U.S. 104, 124 (1978). Plaintiff cannot demonstrate any such interference – the use that Plaintiff wishes to put to the property was an

impermissible use at the time he bought the property, and the County had the previously-recorded right to prohibit commercial structures on the property.

Thus far, Plaintiff has provided no admissible evidence to support his claim that the County took his property, which he has alleged since the onset of this litigation. More importantly, Plaintiff has failed to provide any evidence justifying his request for leave to amend his Complaint at this state of litigation, nearly twenty seven months after the original Complaint was filed, and while the parties are currently waiting for the Court's ruling on Defendants' Motion for Summary Judgment.

## V. CONCLUSION

Mr. Brown's serial motion and filings continue to be vexatious and frivolous and create an unnecessary burden on the time and resource of this Court and Defendants. The Court can and should deny the motion--whether based on Mr. Brown's failure to meet and confer under Local Rule 7-3, the lack of substantive merit to his positions, or the prejudice to Defendants at this stage of litigation, nearly twenty seven months after the original Complaint was filed, and while the parties are waiting for the Court's ruling on Defendants' Motion for Summary Judgment.

DATED: March 5, 2025          HURRELL CANTRALL LLP

By: _____*/s/ Sanaz Rashidi*_____
THOMAS C. HURRELL
SANAZ RASHIDI
Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING

5