UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    2:22-cv-09203-MEMF-KS                                   Date: March 10, 2025

Title    *Clinton Brown v. Clark R. Taylor*

Present: The Honorable:    Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: Order DENYING Ex Parte Application for a Temporary Restraining Order [ECF Nos. 178, 183, 184, 185]**

Before the Court is an Ex Parte Application for a Temporary Restraining Order (ECF No. 185). The Court deems this matter appropriate for resolution without oral argument. *See* C.D. Cal. L.R. 7-15. For the reasons stated herein, the Court DENIES the Application for a Temporary Restraining Order (ECF No. 178).

### I. Background

The Court has already addressed the extensive background of this litigation in a series of other orders, and will only state aspects relevant to this Order here. *See* ECF Nos. 105, 145, 149.

### A. Previous Filings and Orders

Plaintiff Clinton Brown ("Brown") filed suit in this Court on December 17, 2022. *See* ECF No. 1. He alleges that he owns a piece of property, and that when he applied for a permit to develop a solar farm, the County of Los Angeles (through its employee in the Department of Regional Planning, Defendant Clark Taylor ("Taylor")) denied his application. *See id.* Brown asserts that denying him permits to develop the land as he wishes was a taking of his property requiring compensation under the Constitution, and he brings one claim for a violation of 42 U.S.C. § 1983. *See id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:22-cv-09203-MEMF-KS                                                                 Date: March 10, 2025

Title       *Clinton Brown v. Clark R. Taylor*

Brown previously moved for injunctive relief. *See* ECF No. 42, 62, 63, 138. The Court issued two orders denying Brown's motions for a preliminary injunction and for a temporary restraining order. *See* ECF Nos. 105, 145.

Taylor filed a Motion for Summary Judgment, which is currently pending. *See* ECF No. 82. On May 15, 2024, the Magistrate Judge assigned to this case issued a Report and Recommendation that the Motion for Summary Judgment should be granted and Brown's claim should be dismissed.[1] *See* ECF No. 165. Brown objected to that Report and Recommendation. *See* ECF No. 166.

### B. The Instant Application

On January 12, 2025, Brown filed an Ex Parte Application for a Temporary Restraining Order. *See* ECF No. 185 ("Application"). On January 16, 2025, the Court set a briefing schedule for the Application. Taylor filed an Opposition to the Application on January 31, 2025. *See* ECF No. 188. Brown filed a Reply on February 5, 2025.

On February 23, 2025, Brown field a request for a hearing on his Application. *See* ECF No. 192. The Court took that request under submission on February 26, 2025. *See* ECF No. 193. As discussed above, the Court's Order here is that the Application can be decided without oral argument, and the Court is not obligated to hold a hearing on this matter. *See* C.D. Cal. L.R. 7-15 ("The Court may dispense with oral argument on any motion except where an oral hearing is required by statute, the F.R.Civ.P. or these Local Rules.").

In his Application, Brown asserts that in light of the recent wildfires that destroyed housing around Los Angeles County, he has prepared plans for "immediate construction of 200 housing units" on the land at the center of this dispute (where Brown was previously denied permits for a solar farm), and that the government is refusing to issue him permits to build this housing. *See* ECF No. 185 at 1. Brown seeks an order that would require the government to issue permits for the housing, or alternatively, an order for the government to show cause as to why the permits are being denied. *See id.* at 6.

---

[1] Because Brown is a *pro se* plaintiff bringing a suit 42 U.S.C. § 1983, under Central District of California General Order No. 05-07, this action was automatically referred to the Magistrate Judge for most pretrial purposes. *See* ECF No. 98 (Court order explain as such).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-09203-MEMF-KS                                         Date: March 10, 2025

Title   *Clinton Brown v. Clark R. Taylor*

### II.   Applicable Law

The legal standard for a temporary restraining order is substantially similar to the standard for a preliminary injunction. *See Stuhlbarg Intern. Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that [he] is likely to succeed on the merits, that [he] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [his] favor, and that an injunction is in the public interest." *Id.* at 20.

### III.   Discussion

Here, Brown has not shown that he will suffer any irreparable harm absent the order he seeks. To clarify this finding—if Brown were to prevail on his takings claim based on a finding that the government's restrictions on his land use constituted a taking of his land requiring compensation, the remedy would be monetary damages. The Constitution generally does not prohibit the government from restricting land use or taking title to land, and only requires "just compensation" if this occurs. *See Tyler v. Hennepin Cnty., Minnesota*, 598 U.S. 631, 637 (2023) ("The Takings Clause, applicable to the States through the Fourteenth Amendment, provides that private property shall not be taken for public use, without just compensation."). No authority suggests that the Court has authority to order the County of Los Angeles to approve permits for housing or for any other specific land use based on a takings theory. The Court only has authority to order the government to pay compensation if the restrictions on land use are found to be a taking. Thus, the Court finds that it cannot issue the order that Brown requests here,

If Brown prevails on his claim, he will be owed monetary damages. "[M]onetary injury is not normally considered irreparable." *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980). Thus, there is no irreparable harm that Brown will suffer absent an injunction—even without an injunction, Brown can be made whole once the case concludes if his claims are found to be meritorious. For this reason, the Court finds that Brown has not shown irreparable harm. This is fatal to his request for an injunction. *See Winter*, 555 U.S. at 24.

The Court notes that Brown argued that the "irreparable nature" of harm from a violation of the Takings Clause is well established. The cases that Brown cites do not establish that failure to issue the injunction sought here would cause Brown irreparable harm. Brown cites *DeVillier v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-09203-MEMF-KS                                    Date: March 10, 2025

Title   *Clinton Brown v. Clark R. Taylor*

*Texas*, where the Supreme Court held that a property owner "should be permitted to pursue their claims under the Takings Clause through the cause of action available under Texas law." *See DeVillier v. Texas*, 601 U.S. 285, 923 (2024). *DeVillier* did not discuss irreparable harm or any request for injunctive relief (except to note that the plaintiff cited some cases where property owners sought injunctions). *See id.* at 291. Furthermore, the plaintiff in *DeVillier* sought only "just compensation" for an alleged taking, not an injunction ordering the government to change land use rules. *See id.* at 289. Brown seeks a very different remedy here, and he has shown that any authority supports a finding that the Court should find irreparable harm from the denial of a permit as to a specific land use and then order the government to approve that land use. The older cases cited by Brown also do not establish this.

The Court need not go further in its analysis. Because Brown has not shown that he will suffer irreparable harm absent the injunction sought, his Application for a Temporary Restraining Order is DENIED. The Court will not issue any order to show cause for similar reasons.

### IV.   Conclusion

For the reasons stated herein, the Court ORDERS that Brown's Application for a Temporary Restraining Order (ECF No. 185) is DENIED.

|                         | :   |
|-------------------------|-----|
| **Initials of Preparer** | DBE |