Clinton Brown, *Self-Represented*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>        Plaintiff,<br><br>v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>        Defendant. | **Case No**. 2:22-cv-09203-MEMF-KS<br><br>**Plaintiff's Reply to Defendant's Opposition to Motion for Leave to Amend Complaint**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Chief Magistrate Judge:** Karen L. Stevenson |

**NOTICE TO THE COURT**, the Government claims the right to prohibit *all* development, and I claim it does not have that right *without* providing Just Compensation.[1] Now, 27 months later, I seek to amend my complaint for the first time, and the Government insists I have no such right under Federal Rules. This abuse by the Government comes as no surprise. This Court must reject the Government's pure legal fiction. The Government cites no authority that would prohibit amendment and, in fact, relies solely on Local Rule 7-3, which must yield to Federal Rule 15(a). In any event, the Plaintiff has specifically put the Government on notice that, "[t]he decision to supplement or amend the pleadings will be made prior to the expiration of any applicable statutory limitations." *See* ECF No. 60 at 3. ("Status Report"). The Government did not contest or file a status report, although required, and thus has waived its right to protest the Plaintiff's filing of his *First Amended Complaint*.

---

[1] The Government is blocking my right to develop my own land by imposing restrictions that eliminate *all* economic use, thus seizing my property without Just Compensation. The Government is hiding behind an unconstitutional pre-existing deed restriction to deny responsibility while still exerting total control over my land. *See Palazzolo v. Rhode Island*, 533 U.S. 606, 627 (2001). If there's any prejudice, it's that the Plaintiff must file an amended complaint when the law is clearly on my side. *Irony.*

**Legal Standard**

"[T]here exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). (emphasis added). "Courts have discretion to refuse considering a motion for noncompliance with local rules, but "failure to comply with Local Rule 7-3 does not automatically require the denial of a party's motion."" *See Ross v. White*, Case No. 2:17-cv-04149-ODW-JC (C.D. Cal. Jul. 11, 2018) * 2 (citing *CarMax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015)). "This is particularly true where the non-moving party has suffered no apparent prejudice as a result of the failure to comply." *Id*. "This [Court cannot] deprive[] the Plaintiff of his right to file an amended complaint under Rule 15 [and] [i]f in conflict, the Local Rule must yield to the [F]ederal [R]ule, here Rule 15." *See Ramirez v. County. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (citing *Colgrove v. Battin*, 413 U.S. 149, 161 n. 18 (1973)). No Rule 16 Order has been issued in this case and thus the "good cause" standard does not apply.[2]

**Discussion**[3]

**I. Procedural Compliance with Local Rule 7-3 Does Not Automatically Allow Amendment, Thus the Local Rule Must Yield to the Federal Rule.**[4]

---

[2] *See* ECF No. 187, "ORDER DENYING REQUEST FOR A RULE 16 ORDER"
[3] Local Rule 7-3 cannot serve as an independent barrier to amendment when the governing standard remains Rule 15(a)(2), which mandates that leave to amend be freely granted in the interests of justice. If the Local Rule is being used as a procedural weapon to block amendment, it must yield to the Federal Rule, which sets the actual standard for when amendment is permitted. Thus, procedural compliance with Local Rule 7-3 does not and cannot dictate whether amendment is allowed. Rule 15(a) controls, and the Court must follow Federal law set by Congress in determining whether amendment is appropriate, not local administrative rules.
[4] The Government has consistently refused to engage in the required meet and confer process regarding Plaintiff's contemplated motions, including a motion for an expedited status conference and a motion for a preliminary injunction. Despite multiple efforts by Plaintiff to initiate discussions in compliance with Local Rule 7-3, the Government has rebuffed these attempts, effectively obstructing Plaintiff's ability to file procedurally proper motions. This pattern of avoidance undermines the fundamental purpose of the meet and confer requirement, which is to encourage resolution of issues without unnecessary Court intervention. The Government's refusal to participate not only violates the Court's rules but also prejudices Plaintiff by delaying necessary proceedings, including those seeking urgent relief. The Government's opposition in this matter based on a failed L.R. 7-3 meeting is yet another example of their bad-faith litigation tactics, and the Court should take notice of their ongoing failure to engage in good-faith discussions. *See* ECF No. 160. ("First REQUEST for Order to Show Cause re: Defendant's Failure to Meet and Confer as Required by L.R. 7-3…filed by Plaintiff Clinton Brown.").

Defendant contends that Plaintiff's motion failed to comply with the Central District's Local Rule 7-3[5], which requires a pre-filing conference of counsel.[6] Even if there was a technical lapse in the meet and confer process, this alone is not grounds to deny leave to amend.[7] "Courts have discretion to refuse considering a motion for noncompliance with local rules, but **"failure to comply with Local Rule 7-3 does not automatically require the denial of a party's motion.""** *See Ross v. White*, Case No. 2:17-cv-04149-ODW-JC (C.D. Cal. Jul. 11, 2018) * 2 (citing *CarMax Auto Superstores Cal. LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015)). "In particular, where the opposing party suffers no prejudice from the lack of a pre-filing conference, courts decline to impose the "drastic sanction" of denial of a party's motion." *Id*. "This is particularly true where the non-moving party has suffered no apparent prejudice as a result of the failure to comply." *Id*. In any event, the Plaintiff has a "right to file an amended complaint under Rule 15…" *See Ramirez v. County. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

## II. The Proposed First Amended Complaint Will Not Prejudice the Government.

This First Amended Complaint clarifies Plaintiff's legal theory and incorporates additional facts that have arisen during this litigation—facts the Court has not yet acknowledged as judicial admissions. It also details other land-use denials that Plaintiff has raised in open court but that the Court has not fully considered. Under a Takings analysis, the first step is to identify the actual permissible uses of the property. Here, it does not take "Sherlock Holmes" to ascertain what Plaintiff can do with his property as the record amply reflects these limitations. Indeed, in the Government's recent Opposition to this Motion for Leave to Amend, it unequivocally states *once again* that "the County [has] 'the right to prohibit the construction of residential and/or commercial

---

[5] Local Rules are *not* Federal law. Local Rules are administrative preferences of this Court and *must* yield to the substantive procedural rights protected under Federal law. *See* 28 U.S.C. § 2072 & Rule 83.

[6] It is noted that the Government has refused to meet and confer before. *See* ECF No. 160. This Court has not ordered the Government to meet and confer. *See* ECF No. 162. Furthermore, since the Court's Order on May 1, 2024, the Plaintiff has made multiple good faith attempts to initiate communication regarding this case, yet has received no response from the Government.

[7] If the Court denies leave to amend, Plaintiff requests that the Court ORDER the parties to meet and confer under Local Rule 7-3 within seven (7) days of the denial. This will allow the required conference to take place without the need for Plaintiff to file an Order to Show Cause to compel such a meeting. Following the meet and confer, Plaintiff will refile the *same* Motion for Leave to Amend and the *same* Proposed First Amended Complaint with the Court.

structures' upon the property." *See* ECF No. 194 at 4. In short, these are the Government's own words, confirming Plaintiff's alleged land-use restrictions.

Finally, it bears emphasizing that denying this motion could itself create prejudice by forcing Plaintiff to appeal or to file a new action to pursue claims that could have been addressed now. This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties. It is, however, subject to the qualification that amendment of the complaint does not cause the opposing party undue prejudice. As the Ninth Circuit and others have consistently held, prejudice to the opposing party is the most critical factor and prejudice is for the opposing party to assert. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Indeed, "prejudice is the touchstone of the inquiry under Rule 15(a)." *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-1052 (9th Cir. 2003). Absent a demonstration of prejudice or a compelling showing on any of the other *Foman* factors, there is a *presumption* in favor of granting leave to amend. *Id.* (emphasis added). This Court should simply allow the First Amended Complaint to be filed with the Court. *See* Proposed Order, ECF No. 195-1.

### III. The Government Will Not Give Written Consent for Plaintiff's First Amendment.

Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or..." Based on the Government's stance thus far, a Local Rule 7-3 conference is unlikely to change its refusal to consent, even though the Government has had over 30 days to review the Proposed First Amended Complaint. *See* ECF No. 190 (Order Setting Briefing Schedule, dated February 4, 2025). If this Court grants leave to amend, Plaintiff could either stand on the Proposed First Amended Complaint or file a First Amended Complaint that would be deemed timely upon filing. In sum, Plaintiff's request is both timely and made in good faith. Allowing the true contours of the dispute to be fully set forth would cause no unfair disadvantage to the Government, even as the Government refuses to provide written consent. Conversely, if the Court denies leave to amend, the result would be to elevate procedural technicalities over substantive justice. The Federal Rules aim to secure a just determination of every action, a goal furthered here by permitting the First Amended Complaint. *See* Rule 1.

## **Conclusion**

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the Proposed First Amended Complaint. *See* Rule 15(a)(2). The Government has not shown any valid reason to depart from Rule 15's liberal standard or that Rule 16's "good cause" standard applies. Granting this motion will facilitate a just and efficient resolution of this case on the merits. *See* Rule 1. Plaintiff therefore asks that the Court grant the Motion for Leave to Amend, or in the alternative, order the parties to meet and confer under Rule 7-3 within 7 days, so that the Plaintiff can file the *same* Motion for Leave to Amend and the *same* Proposed First Amended Complaint with the Court.

Last, I want to remind the Court that the Government's position is not just unconstitutional—it is outright dangerous. If the Government can prohibit *all* use of private land at its *sole discretion* without providing Just Compensation, no property right is safe. This Court must reject the Government's claim of unlimited power and recognize that indefinite denial of *all* land use is an outright Taking, requiring Just Compensation under the Fifth Amendment.

Respectfully submitted,

Dated: March 12, 2025

*/s/ Clinton Brown, Self-Represented*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

CC: All Counsel of Record (via ECF) on March 12, 2025