UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  2:22-cv-09203-MEMF-KS                                                              Date: March 21, 2025

Title  <u>Clinton Brown v. Clark R. Taylor</u>

Present: The Honorable:    Maame Ewusi-Mensah Frimpong

| Damon Berry | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:  Order DENYING Motion for Costs [ECF No. 137]**

Before the Court is a Motion for Costs filed by Plaintiff Clinton Brown ("Brown"). *See* ECF No. 137. Brown filed this Motion for Costs on March 3, 2024. *See id.* On March 12, 2024, the assigned Magistrate Judge entered an Order with a briefing schedule on the Motion for Costs.[1] *See* ECF No. 139. Defendant Clark R. Taylor ("Taylor") filed an Opposition to the Motion for Costs on April 12, 2024. *See* ECF No. 156. Despite being given an opportunity in the briefing schedule, Brown did not file any reply in support of the Motion for Costs.

In the Motion for Costs, Brown seeks purported attorneys' fees based on his prevailing in opposing a Motion to Compel filed by Taylor. *See* ECF No. 137; ECF No. 137-1 (attachment describing the fees Brown purportedly incurred in representing himself); ECF No. 112 (order denying motion to compel). But although a party that prevails on a motion to compel will in some circumstances be entitled to fees, self-represented parties generally cannot win attorneys' fees. *See Kay v. Ehrler*, 499 U.S. 432, 435–38 (1991) (explaining that, although parties may generally win attorneys' fees when they prevail on certain civil rights claims, it is settled law that "a pro se litigant who is not a lawyer is not entitled to attorney's fees," and then holding that even a lawyer cannot win attorneys' fees when proceeding pro se); *see also Pickholtz v. Rainbow Techs., Inc.*, 284 F.3d 1365, 1374–75 (Fed. Cir. 2002) (the rule allowing a prevailing party on a

---

[1] Under Central District of California General Order 05-07, although Magistrate Judges handle most pre-trial matters in cases brought by self-represented litigants under 42 U.S.C. § 1983, motions for "attorneys' fees or costs" are not referred to the Magistrate Judge. Thus, this Court will decide the Motion for Costs without a report and recommendation from the Magistrate Judge.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:22-cv-09203-MEMF-KS                                              Date: March 21, 2025

Title   *Clinton Brown v. Clark R. Taylor*

discovery dispute to win "expenses occurred . . . including attorney fees" does not apply to a self-represented party, as no fees are actually incurred). Taylor pointed this limitation out in his opposition (*see* ECF No. 156), and despite being granted leave to file a reply (*see* ECF No. 139), Brown opted not to do so and failed to rebut this. Although Brown argues that self-represented litigants should not be treated worse than others (*see* ECF No. 137 at 4), he has not shown that the binding law described above does not apply. The Court must follow this precedent, and thus, because Brown is self-represented, his Motion for Costs (ECF No. 137) is DENIED.

|  | : |
|---|---|
| **Initials of Preparer** | DBE |