**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLINTON BROWN,<br><br>    Plaintiff,<br><br>  v.<br><br>CLARK R. TAYLOR,<br><br>    Defendant. | Case No. 2:22-cv-09203-MEMF (KS)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE [ECF NO. 81]** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, the records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

For this action brought under the Takings Clause, the Report and Recommendation ("Report") recommends the grant of Defendant's Motion for Summary Judgment and dismissal of the action with prejudice. *See* ECF No. 165. As explained below, Plaintiff Clinton Brown's ("Brown") objections to the Report (ECF No. 166) do not warrant a change to the Magistrate Judge's findings or recommendation.

Brown objects that to the Report's finding that Brown presented no evidence that he had any investment-backed expectations of the property that were objectively reasonable under *Penn Central Transportation Company v. City of New York*, 438 U.S. 104 (1978). *See* ECF No. 166 at 2-3. The Report's finding was based on evidence that the property had been subject to a publicly recorded restriction on development since 1987, long before Brown acquired the property in 2020. *See* ECF No. 165 at 26-27. Brown objects that his claim "is not barred by the mere fact that title was acquired after the effective date of the state imposed restriction," and quotes *Palazzolo v. Rhode Island*, 533 U.S. 606, 630 (2001). *See* ECF No. 166 at 2-3. But *Palazzolo* "is of no help" to Brown because he does "not have the problem that *Palazzolo* solved." *See Guggenheim v. City of Goleta*, 638 F.3d 1111, 1118 (9th Cir. 2010) (*en banc*). "[E]ven though in *Palazzolo* title passed to the plaintiff after the land use restriction was enacted, he acquired his economic interest as a 100% shareholder in the corporation owning the land before the land use restriction was enacted[.]" *Guggenheim*, 638 F.3d at 1118. Here, Brown did not have any economic interest in the property before the restriction on development was imposed in 1987. Thus, his claim fails under the investment-backed expectations prong of the *Penn Central* test. *See Chessen, Trustee of 1997 K&M Family Trust Dated 12-11-97 v. City of San Rafael*, 2023 WL 1879502, at *1 (9th Cir. 2023) ("We have concluded that when a property owner purchases a property subject to [a regulation], they fail to state a *Penn Central* claim under the second factor.") (citing *Guggenheim*, 638 F.3d at 1120-21).[1]

Brown objects that the Report erred in applying the *Penn Central* test to his claim because he suffered a *per se* taking, not a regulatory taking. *See* ECF No. 166 at 8-9, 12. But as the Report explained, a *per se* taking occurs when States "'physically appropriat[e]' property or otherwise interfere with the owner's right to

---

[1] Although *Chessen* is an unpublished Ninth Circuit opinion and thus non-binding, the Court adopts similar reasoning here for the same reasons, based on the Ninth Circuit's guidance in *Guggenheim*, 638 F.3d at 1118.

exclude others from it." *See* ECF No. 165 at 23-24 (quoting *Sheetz v. County of El Dorado, California*, __U.S.__, 144 S. Ct. 893, 899 (2024). Here, the record does not suggest a *per se* taking. In his Complaint, Brown alleged a regulatory taking. ECF No. 1 at 5-7. The only evidence Brown proffered in this regard was a photograph of tarps (ECF No. 166 at 7), which does not raise an inference of a *per se* taking. Finally, as the Ninth Circuit recently observed about the necessity of a *Penn Central* inquiry, "[a]nything less than a 'complete elimination of value,' or a 'total loss' . . . would require the kind of analysis applied in *Penn Central*." *Bridge Aina Le'a, LLC v. Land Use Commission*, 950 F.3d 610, 627 (9th Cir. 2020) (quoting *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 535 U.S. 302, 330 (2002)). Given these circumstances, the Report did not err in applying the *Penn Central* inquiry to Brown's claim.

Brown objects that his proffered evidence was excluded. ECF No. 166 at 9.) The Report found that exhibits 3 and 5-10 were irrelevant and that the remaining exhibits were inadmissible hearsay not subject to any exception. *See* ECF No. 165 at 11. The exhibits that the Report found irrelevant were the following: the "Santa Monica Mountains North Area Plan" (Exhibit 3, ECF No. 115-4); a quitclaim deed from 1995 (Exhibit 5, ECF No. 115-6); orders from the Los Angeles County Board of Supervisors in 2018 (Exhibit 6, ECF No. 115-7); emails that Brown sent to the Federal Energy Regulatory Commission (Exhibit 7, ECF No. 115-8); a summary of the solar project (Exhibit 8, ECF No. 115-9); a deed of trust (Exhibit 9, ECF No. 115-10); and ordinances (Exhibit 10, ECF No. 115-11). The remaining exhibits were records for the purchase of the property in 2020 (Exhibit 1, ECF No. 115-2); and emails about Brown's planned development of the property (Exhibits 2 and 4, ECF No. 115-3 and ECF No. 115-5). The Court concurs with the Report's evidentiary rulings. The proffered evidence does not raise a genuine issue of material fact on the Takings Clause claim.

Brown has also purported to "redline" the Magistrate's Report with several comments. ECF No. 166-1 at 3-33. The comments are largely duplicative of arguments raised previously, particularly Brown's erroneous reliance on *Palazzolo v. Rhode Island*. The comments do not warrant any departure from the Report's analysis of Brown's regulatory takings claim under the *Penn Central* factors.

The supplemental authority Brown provided does not compel any different result. Brown pointed to the recent Supreme Court case *Loper Bright Enterprises v. Raimondo*, and informed the Court that *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.* "is Overruled." *See* ECF No. 170 (citing *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 413 (2024). But the Report did not cite *Chevron*,[2] and *Loper Bright* and the other authorities referenced have no relation to the takings clause. *See Loper Bright*, 603 U.S. at 413. The Court understands Brown's concerns regarding the decisions of "bureaucrats," but these concerns do not necessitate that the Court deviate from well-established law regarding takings claims. *See* ECF No. 170. Brown also pointed to the recent Ninth Circuit case *Zeyen v. Bonneville Joint Dist., # 93*, where the Ninth Circuit addressed a claim from parents seeking reimbursement for fees their children were charged for educational opportunities at a public school. *See* ECF No. 182; *Zeyen v. Bonneville Joint Dist., # 93*, 114 F.4th 1129, 1134 (9th Cir. 2024). The Ninth Circuit affirmed a lower court's order that these fees did not constitute a taking. *See Zeyen*, 114 F.4th at 1134. Although *Zeyen* addresses a takings claim, the claim at issue was significantly different from the one here, and *Zeyen* does not change the analysis of this claim.[3]

---

[2] The Report cited one case which quoted a different case in which Chevron was a party. *See* ECF No. 165 at 24 (citing *MHC Financing Ltd. Partnership v. City of San Rafael*, 714 F.3d 1118, 1127; and noting that *MHC Financing* quoted *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 538-39 (2005)). This has not relation to the *Chevron* decision that was overturned. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

[3] The portion of *Zeyen* that Brown cited was a general recitation of the standard for a takings claim. *See* ECF No. 182 at 1 (*citing Zeyen*, 114 F.4th at 1140). This standard is correct and applies here, but it does not compel a result different from that in the Report.

Brown's numerous requests for judicial notice (ECF Nos. 171, 173, 174, and 180) also do not compel a different result. Brown's requests address the restrictions on his land—e.g., Brown argues that he cannot live on it (*see* ECF No. 173) provided a photo of the land (*see* ECF No. 174)—but none of them add any detail on whether he had an investment-backed expectation regarding the property, which was the thrust of the report. The Court finds it unnecessary to reach the requests for judicial notice as noticing the items in question would not change the result. \

In sum, Brown's objections are overruled.

## ORDER

It is ordered that (1) the Report and Recommendation of the Magistrate Judge is accepted and adopted and (2) Defendant's Motion for Summary Judgment is granted in full. However, there is a pending Motion to Amend (ECF No. 189). Judgment shall not enter until the Motion to Amend is decided.

DATED: March 27, 2025

_____
MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE