UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CLINTON BROWN, | ) | NO. 2:22-cv-09203-MEMF-KS |
| | ) | |
| Plaintiff, | ) | REPORT AND RECOMMENDATION OF |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| v. | ) | |
| | ) | |
| CLARK R. TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This Report and Recommendation is submitted to the Honorable Maame Ewusi-Mensah Frimpong, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

**INTRODUCTION**

On December 17, 2022, Plaintiff, a California state resident proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983 (the "Complaint") concerning the denial of Plaintiff's application for a 20-megawatt solar farm at a property located in Calabasas, California. (Dkt. No. 1 at 3.) On January 30, 2023, Defendant Clark R. Taylor – a certified planner with the Los Angeles County Department of Regional Planning – filed an Answer to the Complaint. (Dkt. No. 10.)

1

On February 21, 2023, the Court issued a Case Management and Scheduling Order in Civil Rights Cases ("CMO"), which provided that, on or before June 21, 2023 (i.e. 120 days from the issuance of the CMO), the parties were to file status reports that included "a statement informing the Court whether other parties will be added or amended pleadings will be filed and, if so, a proposed deadline by which those steps will be taken." (Dkt. No. 26 at 4.) On July 10, 2023, Plaintiff filed a status report in which he erroneously attempted to "reserve[] the right to file a supplemental or amended pleading against the Defendant in their personal capacity" but did not express any intention to file an amended pleading. (Dkt. No. 60 at 2-3.)

On October 18, 2023, Defendant filed a Motion for Summary Judgment. (Dkt. No. 84.) After the Motion for Summary Judgment was fully briefed and ready for decision, the undersigned Chief Magistrate Judge issued a Report recommending that the Motion for Summary Judgment be granted and this case dismissed with prejudice. (Dkt. No. 165.)

Before the Court is Plaintiff's Motion for Leave to Amend Complaint ("Motion to Amend"), filed while the Motion for Summary judgment was pending on February 3, 2025. (Dkt. No. 189.) On March 5, 2025, Defendant filed an Opposition to the Motion to Amend. (Dkt. No. 194.) On March 12, 2025, Plaintiff filed his Reply. (Dkt. No. 196.)

On March 27, 2025, the presiding District Judge accepted the Report and granted summary judgment in full but delayed entering judgment in this case "until the Motion to Amend is decided." (Dkt. No. 198 at 5.)

Briefing on the Motion to Amend is now complete. The Court finds that the Motion to Amend is suitable for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. The Motion to Amend is now submitted for decision.

\\

# THE PARTIES' ARGUMENTS

## I. Plaintiff's Motion to Amend

The current Complaint brings a single claim challenging the denial of a solar application on the subject property on the grounds that the application denial constituted a constitutional taking. (Dkt. No. 1 at 5-7.) In the proposed amended complaint, Plaintiff raises the same claim but adds new facts – in addition to the denial of the solar application – that contributed to Defendant's alleged violation of the Fifth Amendment's Takings Clause in this case. (Dkt. No. 189-1 at 5-9.)

In the Motion to Amend, Plaintiff "seeks leave to amend his Complaint pursuant to Fed. R. Civ. P. 15(a)(2)." (Dkt. No. 189 at 1.) He does so on the ground that "[i]t has become undeniably clear that Plaintiff must assert a *per se* Taking rather than just challenging the denial of the solar farm permit alone, . . . ." (*Id.*) More specifically, Plaintiff accuses Defendant of denying Plaintiff permits "to build housing on the property, while a previous owner was granted a permit to remove 8,431 tons of dirt." (*Id.* at 2-3.) These new facts allegedly "demonstrate[] a clear inconsistency in the Government's regulatory decisions – permitting major alterations to the land in the past while now categorically denying all economically viable use of the property to the Plaintiff." (*Id.* at 3.) Additionally, Plaintiff argues that Defendant's actions "are unrelated to public health, safety, or morals and have effectively denied Plaintiff all economic use of the property." (*Id.*)

Plaintiff also complains that the "Government's delay tactics and procedural maneuvering" have delayed this case such that no discovery has been ordered to date, and so "the record remains artificially constrained, and the Complaint is now outdated." (*Id.* at 1.)
\\

3

Plaintiff further contends that "[t]he most urgent reason for amendment is to preserve the integrity of the Plaintiff's claim and ensure the Complaint reflects the Government's ongoing Takings Clause violations." (*Id.* at 2.)

## II.  Defendant's Opposition

In the Opposition, Defendant argues that the Motion to Amend should be denied because it was filed without forewarning, in violation of this Court's meet-and-confer requirements set forth in Local Rule 7-3. (Dkt. No. 194 at 2-3.) Additionally, Defendant argues that the Motion to Amend is meritless because it "fails to provide any evidence which would support Plaintiff's argument that granting leave to amend serves both justice and judicial efficiency." (*Id.*) Defendant contends that the claim Plaintiff seeks to raise by amendment is not materially different from the pending claim, thus, rendering amendment futile. (*Id.* at 2-5.) Defendant maintains that Plaintiff already alleges that a *per se* taking occurred in the pending Complaint. (*Id.* at 2.)

## III.  Plaintiff's Reply

In the Reply, Plaintiff argues that any procedural misstep in failing to hold a pre-motion meet and confer is not grounds to deny amendment, and that the amendment will not prejudice Defendant. (Dkt. No. 196.)

\\
\\
\\
\\
\\
\\

# LEGAL STANDARD

Under the Federal Rules of Civil Procedure relevant to this matter, "a party may amend its pleading only with the opposing party's written consent[1] or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

"When considering whether to grant leave to amend, a district court should consider several factors including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)). Of these "*Foman* factors," prejudice to the opposing party carries the most weight. *Brown*, 953 F.3d at 574. However, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Hooper v. Shinn*, 985 F.3d 594, 622 (9th Cir. 2021) (*quoting Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

# DISCUSSION

## I. Delay

Plaintiff fails to make an argument in the Motion to Amend addressing delay concerning the expanded claim he seeks to raise in his amended pleading. Defendant also does not specifically argue that the proposed amendment was unduly delayed, but more generally argues that the Motion to Amend is one in a series of "vexatious and frivolous" filings in this action that "create an unnecessary burden on the time and resource of this Court and Defendants." (Dkt. No. 194 at 5.)

---

[1] Here, the opposing party has not given his written consent but has, instead, opposed amendment. (Dkt. No. 194.)

"Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990); *see also Acri v. International Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) ("[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."); *Murphy v. American General Life Ins. Co.*, 74 F. Supp. 3d 1267, 1284 (C.D. Cal. 2015).

Here, Plaintiff raises several new allegations in the proposed amended complaint concerning additional restrictions Defendant allegedly placed on the property at issue. (Dkt. No. 189-1 at 5-7 ¶¶ 29-55.) But, Plaintiff has proffered his amended pleading *years* after the Court ordered him to "inform[] the Court whether other parties will be added or amended pleadings will be filed and, if so, a proposed deadline by which those steps will be taken." (Dkt. No. 26 at 4.) Additionally, Plaintiff's proposed amendments to the original Complaint fail to allege *when* Defendant "denied the Plaintiff a permit to reside on his property," "reject[ed] the 200-home subdivision and declared its decision final without a public hearing or any opportunity for appeal," or imposed the numerous "restrictions and punitive measures" alleged. (Dkt. No. 189-1 at 5-7 ¶¶ 29-55.)

Indeed, aside from the allegations concerning the denial of Plaintiff's solar farm application – an issue for which summary judgment has already been granted (dkt. no. 198), the only allegation in the proposed amended complaint with any date connected to it is Plaintiff's reference to Defendant "implementing the June 3, 2021 [Significant Ecological Areas] overlay." (Dkt. no. 189-1 at 4 ¶ 23.) That action occurred approximately a year and a half before Plaintiff filed this lawsuit. *Jackson*, 902 F.2d at 1388.

Consequently, the Court finds undue delay here. *Acri*, 781 F.2d at 1398; *see also Kowalow v. Correctional Services Corp.*, 35 F. App'x 344, 346-47 (9th Cir. 2002) (affirming

the denial of a motion to amend in part for undue delay where "[Plaintiff] fails to point to any newly discovered facts that would support the late amendment."); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (motion to amend was unduly delayed where *inter alia* it "came several months after the stipulated deadline for amending or supplementing the complaint" and "[n]othing in the proposed amended complaint relied on facts that were unavailable before the stipulated deadline.").

## II. Bad Faith/Dilatory Motive

A motion to amend may not be used to circumvent summary judgment. *See Acri*, 781 F.2d at 1398-99 (affirming the denial of a motion to amend where "[t]he district court found that plaintiffs' motion to amend was brought to avoid the possibility of an adverse summary judgment ruling, and that allowing amendment would prejudice the [defendant] because of the necessity for further discovery."); *see also Lockheed Martin Corp.*, 194 F.3d at 986 (bad faith supported denying a motion to amend where "[f]acing a summary judgment motion, [Plaintiff] sought to amend its complaint to add causes of action on which discovery had not been undertaken."); *Pimental v. City of Hayward*, No. 14-cv-04706-JCS, 2016 WL 5930577, at *6 (N.D. Cal. Oct. 12, 2016) ("Because a motion for leave to amend is not a vehicle to circumvent summary judgment, . . . a pending motion for summary judgment militates against granting a motion to amend.") (citation and brackets omitted).

Here, since the filing of Defendant's Motion for Summary Judgment, Plaintiff has filed eleven separate requests for judicial notice; a frivolous "Notice of Non-consent" challenging the Chief Magistrate Judge's authority to consider the Motion for Summary Judgment and issue a Report and Recommendation; a letter to the District Judge arguing the same; and he failed to file a timely opposition, requiring the Court to issue an Order to Show Cause re: Dismissal for the failure to prosecute. (Dkt. Nos. 82, 89, 96, 99, 100, 102, 114, 157, 163, 171, 173, 174, 180, 186.) Plaintiff filed a letter directed at the Chief Magistrate Judge erroneously arguing that the

7

Order to Show Cause was "procedurally improper." (Dkt. No. 106.) After the Court ordered the letter stricken per the Court's Local Rules, Plaintiff filed an interlocutory appeal in the Ninth Circuit Court of Appeals. (Dkt. No. 108.) From there, Plaintiff filed another letter directed at the presiding District Judge requesting that the Court sanction Defendant for perceived discovery violations. (Dkt. No. 113.) Plaintiff then filed a motion to stay the case pending appeal. (Dkt. Nos. 116.)

After filing his Opposition to the Motion for Summary Judgment, Plaintiff filed a "Notice to Set Oral Arguments for MSJ" on the ground that Defendant had no deadline to file a reply despite the fact that the Court had already vacated the hearing on the motion and set a briefing schedule that included the reply. (Dkt. No. 83 at 1; Dkt. No. 122.) Plaintiff next requested leave to file a sur-reply. (Dkt. No. 124.) Both requests were summarily denied by Minute Order. (Dkt. No. 125 at 3-4.) Plaintiff next filed a "Speaking Declaration" arguing the merits of his case. (Dkt. No. 126.) Plaintiff then re-filed his Motion to Stay Case pending his interlocutory appeal, which was denied, as was his appeal to the Ninth Circuit. (Dkt. Nos. 116, 127, 149, 150.)

Undeterred, Plaintiff filed a Motion to Appoint Expert, which was denied. (Dkt. Nos. 133, 181.) He then filed a Motion for Costs, which the court denied. (Dkt. Nos. 137, 197.) Plaintiff then filed an *ex parte* Application for Temporary Restraining Order, which was also denied. (Dkt. Nos. 138, 145.) Next, Plaintiff filed another letter erroneously directed at the presiding District Judge seeking an expedited status conference because of alleged changes in the factual record. The District Judge summarily denied this filing as procedurally improper. (Dkt. Nos. 151, 154.)

Plaintiff, in quixotic fashion, then filed a "Notice of Defendant's Failure to File Court Documents" one day after Defendant's opposition to the Motion for Costs was due (the opposition was filed the same day). (Dkt. Nos. 155, 156.) Plaintiff next filed a "Notice of

Supplemental Authority" related to the Motion for Summary Judgment, and then he requested that the Court issue an order to show cause concerning Defendant's alleged failure to meet and confer concerning a contemplated motion for an expedited status conference. That request was denied. (Dkt. Nos. 158, 160, 162.)

On May 15, 2024, the undersigned Chief Magistrate Judge issued a Report finding that Defendant's Motion for Summary Judgment should be granted in full and this action should be dismissed with prejudice. (Dkt. No. 165.) After filing his Objection to the Report and a Reply to Defendant's response to his Objection (dkt. nos. 166, 169), Plaintiff then made a flurry of filings, including a "Notice of Supplemental Authority & Request for Rule 201(e) Evidentiary Hearing" (dkt. no. 170); a request to be referred to as "self-represented" instead of "*pro se*" (dkt. no. 172); an untimely and legally frivolous request for a "Rule 16 Order," which was denied (dkt. nos. 178, 179, 187); and two additional notices of supplemental authority with one requesting a "supplemental pleading," that was also denied. (Dkt. Nos. 182-84, 187.) Plaintiff then filed an *ex parte* application for a temporary restraining order ("TRO"), as well as a motion to expedite hearing on the TRO, both were denied. (Dkt. No. 185, 192, 193, 195.)

Plaintiff filed the instant Motion to Amend on February 3, 2025, amid the flurry of other filings and months after the objections period expired on the Report recommending that the Motion for Summary Judgment be granted and this case be dismissed with prejudice. (Dkt. No. 189.) On March 27, 2025, the presiding District Judge issued an Order Accepting Findings and Recommendations of United States Magistrate Judge, which accepted and adopted the findings in the Chief Magistrate Judge's Report and granted Defendant's Motion for Summary Judgment in full. (Dkt. No. 198.) The Court delayed the entry of judgment "until the Motion to Amend is decided." (*Id.*)

The Court finds that the above filings include several frivolous motions and requests, all made while the summary judgment motion was pending, and some of those motions and

requests were directly aimed at either preventing or delaying the summary judgment briefing and decision. Furthermore, as detailed above, Plaintiff did not file the pending Motion to Amend until well after the undersigned Chief Magistrate Judge issued a Report that recommended summary judgment be granted in full. Moreover, as discussed above, the proposed amended complaint does not allege that any actions occurred after the filing of the Chief Magistrate Judge's Report, let alone after this lawsuit was filed in 2022.

Under the circumstances, the Court finds that the Motion to Amend was one of numerous filings Plaintiff made to delay or prevent the entry of an adverse summary judgment ruling. *Acri*, 781 F.2d at 1398-99; *Lockheed Martin Corp.*, 194 F.3d at 986; *Pimental*, 2016 WL 5930577 at *6. At the very least, ample evidence exists to indicate that the bad faith/dilatory motive *Foman* factor does not weigh in favor of amendment. *Brown*, 953 F.3d at 574; *Foman*, 371 U.S. at 182.

### III. Prejudice

As Plaintiff argues in the Reply (dkt. no. 196 at 4), among the *Foman* factors, prejudice to the opposing party carries the most weight. *Brown*, 953 F.3d at 574. But Plaintiff makes this argument under the erroneous assumption that Defendant has failed to demonstrate that he would suffer prejudice as the result of the requested late-hour amendment. (Dkt. No. 196 at 4.) Not so.

First, given the strength of the other *Foman* factors that weigh against amendment, the Court finds no presumption in favor of amendment here even if prejudice was not present. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, **or a strong showing of any of the remaining *Foman* factors**, there exists a presumption under Rule 15(a) in favor of granting leave to amend.") (emphasis added). Second, here Defendant specifically argues that he would suffer prejudice if the Court allowed

an amendment to the Complaint "at this stage of litigation, nearly twenty seven months after the original Complaint was filed, and while the parties are waiting for the Court's ruling on Defendant[']s[] Motion for Summary Judgment."[2] (Dkt. No. 194 at 5.)  The Court, and the law, agree with Defendant.  *See Lockheed Martin Corp.*, 194 F.3d at 986 ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint."); *see also Taylor v. City and County of San Francisco*, No. 22-16271, 2023 WL 3477836, at *1 (9th Cir. May 16, 2023) ("[Plaintiff] has not demonstrated that he acted with diligence in moving to amend, and allowing a new theory at this stage would likely require the defendants to engage in additional discovery after the fact discovery period had closed."); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000) (same); *Solomon v. North Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (same).

Contrary to Plaintiff's contention that "this case has not even entered discovery," the case has not only "entered" discovery, but the discovery deadline <u>expired</u> on August 21, 2023.  (Dkt. No. 26 at 2.)  Moreover, since Plaintiff filed this action in 2022, Defendant's counsel has been forced to respond a flurry of improper and unnecessary motions and filings.  Finally, in considering the Motion for Summary Judgment, Defendant thoroughly briefed the merits of this case based on the claims and facts alleged in the Complaint.  Under the circumstances, the Court finds that winding this case all the way back to the beginning – particularly in light of the other *Foman* factors that weigh against amendment – would greatly prejudice Defendant, so this particular *Foman* factor also weighs heavily against the belated amendment of the Complaint.  *Lockheed Martin Corp.*, 194 F.3d at 986; *Taylor*, 2023 WL 3477836, at *1; *Coleman*, 232 F.3d at 1295; *Solomon*, 151 F.3d at 1139; *Acri*, 781 F.2d at 1398-99.

---

[2] Defendant filed the Opposition to Plaintiff's Motion to Amend before the Court granted summary judgment in full. (Dkt. Nos. 194, 198.)

### IV. **Futility**

Perhaps the strongest factor weighing against amendment here is futility, which "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). Indeed, the new theory on which Plaintiff seeks amendment – despite the absence of any new factual development in the case – is essentially that, if there was not an unconstitutional taking when Defendant denied Plaintiff's solar farm application, there *was* enough to constitute an unconstitutional taking when Plaintiff discovered that he was also prohibited from building "residential and/or commercial structures on the property" or reside on the land. (Dkt. No. 189-1 ¶¶ 32, 34, 38, 40.)

But Plaintiff's new theory ignores the Court's reasoning in finding that no taking occurred and granting summary judgment. Specifically, the Court denied summary judgment "based on evidence that the property had been subject to a publicly recorded restriction on development since 1987, long before Brown acquired the property in 2020." (Dkt. No. 198 at 2.) Further, the restrictions on the property that were at issue "were imposed by the County of Los Angeles because the property was designated as an open space zone in a Significant Ecological Area." (Dkt. No. 165 (Report) at 28.) Such a designation would appear logically to prohibit residential living or the building of structures on the subject property. There is, therefore, no new theory in the proposed amended complaint that would have any material effect on the Court's summary judgment ruling, and as a result, the Court finds that allowing the amendment would be futile. *See Klamath-Lake Pharmaceutical Ass'n v. Klamath Medical Service Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983) (affirming the district court's denial of a motion to amend based on futility where "amendment . . . could not affect the outcome of this lawsuit."); *see also Nunes*, 375 F.3d at 808 ("[A] district court does not abuse its discretion in denying a motion to amend a complaint . . . when the movant presented no new facts but only new theories and provided no satisfactory explanation for his failure to fully develop his contentions originally.") (citation and internal quotation marks omitted).

**RECOMMENDATION**

For all of the foregoing reasons, IT IS RECOMMENDED that the District Judge issue an Order: (1) accepting this Report and Recommendation; (2) denying Plaintiff's Motion to Amend [Dkt. No. 189]; and (3) in conjunction with the Court's grant of summary judgment on March 27, 2025 [Dkt. No. 198], entering Judgment DISMISSING this action WITH PREJUDICE.

DATE: April 21, 2025

_____
HON. KAREN L. STEVENSON
CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the Court of Appeals but may be subject to the right of any party to file objections as provided in the Local Rules Governing the Duties of Magistrate Judges and review by the District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the judgment of the District Court.