Clinton Brown, *Self-Represented*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
clinton@atlasinc.solar
310-775-7990

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>     Plaintiff,<br><br> v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>     Defendant. | **Case No**. 2:22-cv-09203-MEMF-KS<br><br>**Plaintiff's Objection to R&R [*See* ECF No. 200[1]]**<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Chief Magistrate Judge:** Karen L. Stevenson<br><br>**Date:** June 12, 2025<br><br>**Time:** 10 A.M.<br><br>**Place:** Courtroom 8B |

  **NOTICE TO THE COURT**, "nor shall private property be taken for public use, without just compensation." *See* U.S. Const. Amend. V. Those words — read by every fifth grader, lawyer, judge, and property owner, including Plaintiff — have meaning. Those words do not mean the Government can enforce a 1987 deed restriction that bans all structures on private property—against a purchaser decades later, whether in 2020, 2025, or 2100. Those words do not mean the Government can block all access to and from private property, indefinitely, without just compensation. Yet since 2020, Plaintiff has been repeatedly told—without reason or Constitutional basis—that such Government action is lawful. But *ipse dixit* is not the law. The Constitution is. Thus, Plaintiff properly challenges the Government's authority to impose such sweeping deed restrictions without just compensation that the Fifth Amendment plainly forbids. *Id*.

---

[1] What is particularly telling is that the R&R to deny leave to amend spans 13 pages, while the R&R to deny the claim spans 30 pages. If the amendment were truly futile, it would not require this much ink. The volume speaks volumes. And it's dead wrong on the law. Respectfully, the Chief Magistrate Judge's R&R elevates docket control and stylistic critiques above the Plaintiff's substantive Fifth Amendment claim. The Court's task under Rule 15 is to evaluate whether amendment is in the interest of justice. Nowhere does the R&R meaningfully assess whether the County Government's 1987 deed restriction (that categorically denies development and access) constitutes a compensable taking under *Lucas*, *Palazzolo*, and *Cedar Point*. Instead, the R&R converts a grounded motion into a referendum on Plaintiff's persistence. The Federal Rules *and* the Fifth Amendment require much more. *Both* R&R's fail that standard.

**Procedural History**

Plaintiff Clinton Brown commenced this action by filing a Complaint alleging a regulatory taking in violation of the Fifth Amendment to the United States Constitution on December 17, 2022. *See* ECF No. 1. Defendants moved for summary judgment on October 18, 2023. *See* ECF No. 82. On May 15, 2024, the Chief Magistrate Judge issued a Report and Recommendation recommending that Defendant's Motion for Summary Judgment be granted and that the action be dismissed with prejudice. *See* ECF No. 165. The Plaintiff filed a Motion for Leave to Amend on February 3, 2025. *See* ECF Nos. 189 & 189-1. On March 27, 2025, the District Judge adopted the Report and Recommendation and granted summary judgment in full. *See* ECF No. 198. However, the District Judge expressly ordered that judgment would not be entered because a Motion to Amend the Complaint, filed by Plaintiff, remained pending. *Id*. at 5. ("Judgment shall not enter until the Motion to Amend is decided."). The Chief Magistrate Judge filed the second Report and Recommendation on April 22, 2025, denying Plaintiff's request to amend his Complaint (for the first time) under the Rule 15(a)(2) standard, not under the Rule 16(b) standard. *See* ECF No. 200.[2]

---

[2] It is noted that, had Plaintiff been able to retain paid counsel, General Order 05-07 would not have applied. In that case, Rule 16 would have governed the litigation from the point the Government answered the Complaint, and a scheduling order—entered after the parties' Rule 26(f) conference—would have established a clear deadline for amending pleadings. *See* Rule 16(b)(3)(A) ("The scheduling order *must* limit the time to... amend the pleadings..."). Nevertheless, the Chief Magistrate Judge can, in her view, bar amendment based solely on her own Case Management Order—even where a self-represented litigant gave timely notice of intent to preserve the right to amend, albeit inarticulately. *See* ECF No. 60 at 2-3. Meanwhile, the Chief Magistrate Judge has declined to address the County's repeated failure to file a single status report as ordered. *See* CMO at 4 ("Each party *must* file and serve a status report no later than one hundred twenty (120) days from the date of this Order."). Instead, the Chief Magistrate Judge relies on the County's five-page opposition—of which barely three pages are substantive—that fails to even mention *Foman,* the controlling standard. Yet somehow, a three-page brief—devoid of any mention of *Foman*—is transformed into a thirteen-page judicial reprimand denying amendment. The Chief Magistrate Judge's approach appears to penalize the self-represented litigant who provided good-faith notice of amendment while shielding the represented party who repeatedly disregarded court-ordered deadlines and filed untimely discovery motions. *See* ECF No. 112. The irony is sharp: the party following the rules in good faith is punished; the party ignoring them is rewarded. Given that Plaintiff is suing the County Government—a party that has failed to comply with at least one clear directive in the Chief Magistrate Judge's CMO—and in light of ongoing Nationwide concerns with Government compliance with Federal Court orders, this is no minor procedural issue. Over the course of this litigation, Plaintiff has been treated more like a nuisance than a party seeking redress under the Constitution. And yet still, it is Plaintiff who now stands accused of improperly challenging judicial authority. As a Supreme Court justice recently stated: "Those who judge should be sensitive about how our rulings affect people, because that is what we are doing," she said. "Putting it in a colloquial term, we're messing with your lives." https://www.nytimes.com/2025/03/28/us/sotomayor-remarks-georgetown.html. Yes, indeed, wise words to heed.

Plaintiff's Motion to Amend sought to add allegations that the 1987 deed restriction, prohibiting ingress and egress on the property, effected an unconstitutional taking requiring just compensation. *See* ECF No. 189-1, ¶31. Rather than conducting an independent analysis of the merits of Plaintiff's proposed amendment, the Chief Magistrate Judge denied the Motion to Amend solely on the ground that the District Judge had granted summary judgment, "based on evidence that the property had been subject to a publicly recorded restriction on development since 1987, long before Brown acquired the property in 2020." *See* ECF No. 200 at 12. Thus, concluding that the proposed amendment would be futile. *Id.* The Chief Magistrate Judge then recommended that final judgment be entered against Plaintiff, dismissing the action with prejudice. *Id*. at 13.[3]

## Legal Standard

"*Within fourteen days* after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *See* 28 U.S.C. § 636(b)(1)(C).[4]

---

[3] The District Court remanded the summary judgment determination with explicit instructions to address the pending Motion to Amend before entering judgment. *See* ECF No. 198 at 5 ("However, there is a pending Motion to Amend (ECF No. 189). Judgment shall not enter until the Motion to Amend is decided."). However, the Chief Magistrate Judge evaluated the "futility" of the Motion to Amend not through an independent Constitutional analysis, but by relying on the District Court's prior acceptance of the 1987 County deed restriction — an interpretation that arose only after the summary judgment briefing had closed. *See* ECF No. 200 at 12 (*quoting* ECF No. 198 at 2). Thus, the futility determination improperly rested on a legal conclusion to which Plaintiff had no meaningful opportunity to respond. Because the underlying Constitutional validity of the 1987 restriction remains disputed, and because futility was evaluated *post hoc* based on new grounds, the Court must review the R&R's futility finding *de novo* under 28 U.S.C. § 636(b)(1). In other words, Plaintiff contests not merely the application of the 1987 restriction, but its Constitutional legitimacy. It cannot be said that "no set of facts" could entitle Plaintiff to relief where the Constitutionality of the Government action remains substantively contested. Put simply: the Court has treated the 1987 restriction as Constitutional, but Plaintiff asserts that the restriction itself violates the Constitution.

[4] After ten months of silence, the District Court adopted the Chief Magistrate Judge's R&R without addressing the central Constitutional issue in this case: whether a permanent ban on development and access constitutes a taking. Ten months of delay, only to rubber-stamp a recommendation that never engaged this Fifth Amendment issue, is not justice. It is abdication. If this Court will not apply the Fifth Amendment, it should at least admit it is choosing to ignore it.

### **Discussion**[5] [6]

**a. The Chief Magistrate Judge's Futility Determination is Erroneous.** [7] [8] [9]

The Chief Magistrate Judge's recommendation to deny Plaintiff's Motion to Amend is legally flawed because it relies entirely on the District Court's earlier grant of summary judgment, rather than conducting an independent futility analysis. *See* ECF No. 200 at 12. However, the District

---

[5] The District Court Judge sent back the MSJ determination with instructions to decide the Motion to Amend. *See* ECF No. 198 at 5. ("However, there is a pending Motion to Amend (ECF No. 189). Judgment shall not enter until the Motion to Amend is decided."). Furthermore, the Chief Magistrate Judge decided "futility" of the Motion to Amend based on the District Court's adoption of the MSJ. *See* ECF No. 200 at 12. "Specifically, the Court denied summary judgment "based on evidence that the property had been subject to a publicly recorded restriction on development since 1987, long before Brown acquired the property in 2020." (*quoting* ECF No. 198 at 2). In other words, the futility of the amendment that the R&R purports to be futile was rested on the 1987 County deed restriction as being deemed Constitutional. Therefore, the Court must review that Constitutional determination *de novo*. It is noted that the parties do not have the benefit of the Court's reasoning as to why the County deed restriction is Constitutional, only that it is. Thus, Plaintiff will explain, *infra*, why the 1987 deed restriction is unconstitutional.

[6] The R&R reads more like a docket-management critique than a Constitutional ruling. It devotes more time to cataloguing Plaintiff's filings than to assessing whether a Government-imposed restriction on all development and access constitutes a compensable taking under the Fifth Amendment. That issue deserves more than a procedural dismissal—it deserves Constitutional scrutiny. In other words, Plaintiff respectfully submits that the Chief Magistrate Judge's R&R devotes significant attention to Plaintiff's procedural conduct, but fails to directly address the Constitutional merits of the takings claim. That imbalance has the effect of turning a live Constitutional controversy into a procedural rebuke. The issue before the Court is not Plaintiff's persistence—it is whether the Government can prohibit all use and access to private property without just compensation under the Fifth Amendment. At its core, this case is about whether the Government can enforce a decades-old restriction to eliminate all development and access to private property, without compensation. That question has not been answered. Instead, the Court has shifted focus away from the Constitutional issue and toward Plaintiff's manner of filing. The law demands more. The Constitution demands more. And I deserve more. Last, the R&R places outsized emphasis on the Plaintiff's tone and filings, rather than the substance of a live Fifth Amendment claim. While perhaps understandable from a docket-management perspective, this approach underscores why serious Constitutional questions must ultimately be addressed by an Article III Judge. Plaintiff appreciates that the Chief Magistrate Judge correctly proceeded via R&R rather than issuing a dispositive denial—thereby preserving Plaintiff's right to *de novo* review under 28 U.S.C. § 636(b)(1)(C). Respectfully, however, the analysis contained in that R&R gives insufficient attention to the Constitutional substance of the proposed amendment. Plaintiff does not dispute that the Chief Magistrate Judge got much of the first R&R right—indeed, on key procedural and factual points, her analysis was sound. But the Constitutional dimensions of the case warrant deeper scrutiny, particularly where the denial of amendment rests on assumptions that bypass the Fifth Amendment inquiry altogether.

[7] A complaint is futile only if it would be dismissed *as a matter of law.* (citation omitted).

[8] The Court decided the Motion to Amend after the Court granted summary judgment in full. *See* ECF No. 198. However, The Government's assertion that it can enforce a 1987 County deed restriction to wholly bar development and access in perpetuity — regardless of Constitutional constraints — is an *ipsit dixit*, not a legal argument. It stands unsupported by statutory authority, case law, or the Takings Clause jurisprudence of the Supreme Court and this Court's adoption of that fallacy is legally flawed.

[9] Leave to amend should be granted, especially if the claims are not futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (cleaned up).

Court expressly withheld entry of judgment pending resolution of the Motion to Amend. *See* ECF No. 198 at 5 ("Judgment shall not enter until the Motion to Amend is decided."). By basing the futility determination solely on a summary judgment ruling that was not final, and by refusing to independently assess whether Plaintiff's Constitutional challenge to the 1987 deed restriction presents a viable claim, the Chief Magistrate Judge violated the standards articulated in *Foman*. The Motion to Amend must be evaluated on its own merits, not summarily rejected based on a premature finality that the District Court itself recognized had not yet occurred. Respectfully, Plaintiff's proposed amendment asserts a live Fifth Amendment challenge that cannot be dismissed without *de novo* review. In other words, whether the 1987 County deed restriction prohibiting structures and access is unconstitutional.[10]

**b. The Chief Magistrate Judge's Futility Ruling Assumes, But Never Decides, the Constitutional Legitimacy of the 1987 Deed Restriction.**[11]

The R&R concludes that amendment would be "futile" because the deed restriction was already accepted as valid in the Court's summary judgment order. *See* ECF No. 200 at 12. But that conclusion circularly assumes the Constitutionality of the deed restriction without performing the required analysis required by *Foman*. Futility is a legal conclusion that must be grounded in whether the proposed amendment could survive a motion to dismiss under Rule 12(b)(6). *See Moss v. U.S. Secret Serv.*, 572 F.3d 962, 972 (9th Cir. 2009) ("Courts are free to grant a party leave to amend whenever justice so requires, and requests for leave should be granted with extreme

---

[10] Under no circumstance, does Plaintiff seek to reopen "discovery" that was foreclosed by the Government's "untimely" discovery requests. *See* ECF No. 112. *See also*, ECF Nos. 154 & 162 that said if Plaintiff wanted to open discovery that he should file a motion before the Chief Magistrate Judge to do so. He declined to do so because no amount of discovery is going to change the public record. In other words, evidence before the Court, the 1987 deed restriction, is all that is needed to answer the question before this Court…whether the 1987 deed restriction (imposed on the property when Brown was 1 years old) which prohibits structures and access violates the Constitution. In other words, the Constitutional violation flows directly from the uncontested facts already before the Court. *Just rule on it*.

[11] The County imposed a permanent, categorical restriction on development and access. That is *a per se* taking under *Lucas v. S.C. Coastal Council,* 505 U.S. 1003 (1992); *Palazzolo v. Rhode Island*, 533 U.S. 606 (2001); and *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063 (2021). The R&R does not address this. It avoids it. That is not adjudication. That is evasion. Respectfully, the failure to engage this Constitutional claim violates the judicial duty to decide cases based on law—not docket control or stylistic preference. If the Fifth Amendment means anything, it means that no Government—no matter how local or powerful—can impose a total wipeout of property use without just compensation. Yet that is what happened here. And thus, this Court *must* make the County pay just compensation.

liberality."). Here, Plaintiff's proposed first amended complaint squarely alleges that a Government-imposed deed restriction eliminating all ingress, egress, and structural construction on private property constitutes a *per se* taking under the Fifth Amendment. That claim is not futile. It is Constitutionally live, and Courts are obligated to examine the Constitutionality of land use restrictions, even those that pre-date acquisition. *See Palazzolo v. Rhode Island*, 533 U.S. 606, 627–30 (2001). The R&R's assumption that the age or recordation of the deed restriction renders it unassailable is legally flawed.

### c. The 1987 Government-Imposed Deed Restriction is Unconstitutional.

Under *Lucas v. S.C. Coastal Council*, a regulation that deprives property of all economically beneficial use is a categorical taking. 505 U.S. 1003, 1015 (1992). Similarly, under *Cedar Point Nursery v. Hassid*, any permanent deprivation of a core property right—such as the right to exclude—also constitutes a *per se* taking. 141 S. Ct. 2063, 2073 (2021). *Undisputed facts* agree that the 1987 deed restriction gives the County the right to: Ban all residential and commercial development on the property and deny direct vehicular access to and from public streets. These undisputed facts alone are sufficient to survive dismissal of the action *and* to declare a taking.

### d. *Palazzolo* Forecloses the Argument That Plaintiff Waived His Rights by Acquiring Property After the Government-Imposed Deed Restriction.[12]

The County and the R&R wrongly rely on the fact that the deed restriction was "publicly recorded" before Plaintiff's acquisition. But the Supreme Court rejected that theory in *Palazzolo*, holding that a prior restriction does not eliminate a landowner's Fifth Amendment rights. 533 U.S. at 627–28. A Constitutional violation cannot be grandfathered into permanence simply because it is old. If that were true, Governments could immunize themselves from takings liability by

---

[12] *See* ECF No. 165 at 29 n. 7 ("The Court rejects Defendant's argument that this action is barred by the relevant statute of limitations on the ground that "[i]f anyone has ever suffered a taking, it was the developer, who in 1987 gave up the right to develop LOT 3 in TRACT NO. 33128 (Subject Property) by the dedication of rights to the County." (Dkt. No. 82 at 23.) The referenced developer is not a party to this case, and while Plaintiff is critical of the circumstances surrounding the 1987 dedication, there is no allegation in the Complaint that the County of Los Angeles committed an unconstitutional taking that injured the owner of the Subject Property in 1987.").

recording unconstitutional restrictions and waiting for new buyers to come along. The key inquiry is not the timing, but whether the restriction deprives the owner of meaningful use *or* access.

**e. Rule 15(a)(2) Favors Amendment, Especially Where Plaintiff Has Never Previously Amended.**

Leave to amend "shall be freely given when justice so requires." *See* Rule 15(a)(2). Plaintiff has *never* previously amended the Complaint and specifically identified in the Motion to Amend the new factual allegations that would be added — including the ingress/egress restriction which is an unconstitutional deprivation of access. Plaintiff is not seeking a "second bite at the apple" after summary judgment. Rather, he is asking the Court to allow a first opportunity to litigate the central Constitutional question that summary judgment sidestepped: Can the Government eliminate all development and access, for all time, with no compensation, based solely on a 1987 document? The Constitution demands a more rigorous answer than "because we said so." In any event, the procedural irregularities of this case alone should allow for an amendment.

**f. Brown Seeks Final Judgment on the Merits, Not Delay**[13]

There is no evidence, except the Chief Magistrate Judge's case citations *(see* ECF No. 200 at 7) that Plaintiff is trying to "circumvent summary judgment" when in fact under Ninth Circuit precedent a *pro se* litigate may be entitled to a second motion for summary judgment. (citation omitted). In any event, Brown believes that *this* R&R put the 1987 restriction, in its entirety, properly before the Court to set up a proper judgment on the merits without further discovery. In other words, the District Court should rule on this legal question and reverse the R&R grant of summary judgment to the Government.[14] Or in the alternative, a triable issue of fact exists *or*

---

[13] Decl. of Clinton Brown. "Personally, I wish I would have never bought the property, never stood up for myself when I was wronged, and never came before this Court. In other words, coming here has only validated that the system kicks a dog when he's down. So, I take great offense that I somehow have caused prejudice to the County, the very people that have harmed me. I'm a turn-the-other-cheek kind of guy. In sum, I don't need this Court to tell me what has happened to me is unconstitutional because *I know that it is*. I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." /s/ Clinton Brown. *See* 28 U.S.C. § 1746.

[14] In any event, the denial of leave to amend rolls in with the grant of summary judgment for a final appealable order that will be reviewed *de novo* at the Ninth Circuit *or* perhaps the Supreme Court…whether the 1987 deed restriction is unconstitutional and therefore cannot be enforced.

allowing a successive summary judgment motion potentially can save all concerned the far greater expenses of a trial. *See Hoffman v. Tonnemacher,* 593 F.3d 908, 911 (9th Cir. 2010) ("[A] successive motion for summary judgment is particularly appropriate on an expanded factual record."); *see also*, ECF No. 82-6 at 2.

¶31. The Government has claimed the right to prohibit the ingress and egress (entrance and exit) from the property. *See* ECF No. 189-1[15] Is this allegation futile?[16]

## Conclusion[17]

> WE HEREBY DEDICATE TO THE COUNTY OF LOS ANGELES THE RIGHT TO PROHIBIT THE CONSTRUCTION OF RESIDENTIAL AND/OR COMMERCIAL STRUCTURES WITHIN LOT 3. AS A DEDICATION TO PUBLIC USE, WHILE ALL OF LIBERTY CANYON ROAD WITHIN OR ADJACENT TO THIS SUBDIVISION REMAINS A PUBLIC STREET WE HEREBY ABANDON ALL RIGHTS OF DIRECT VEHICULAR INGRESS AND EGRESS FROM ABUTTING LOTS TO THE SAID STREET, AND AS A DEDICATION TO PUBLIC USE, WHILE ALL OF AGOURA ROAD WITHIN OR ADJACENT TO THIS SUBDIVISION REMAINS A PUBLIC STREET, WE HEREBY GRANT TO THE COUNTY OF LOS ANGELES THE RIGHT TO RESTRICT DIRECT VEHICULAR INGRESS AND EGRESS TO THE SAID STREET. IF ANY PORTION OF SAID STREETS WITHIN OR ADJACENT TO THIS SUBDIVISION ARE VACATED, SUCH VACATION TERMINATES THE ABOVE DEDICATIONS AS TO THE PART VACATED.

---

[15] In any other case, an allegation that the Government has restricted all ingress and egress to private property — thereby denying the owner any meaningful access — would easily constitute a plausible takings claim under the Fifth Amendment. Yet here, despite allegations that the 1987 deed restriction effectively prohibits Plaintiff from accessing or developing his property, the Court has treated the claim as futile without full and fair consideration *of the restriction itself* being enforced. Plaintiff respectfully asserts that his Constitutional allegations deserve the same recognition and opportunity to proceed as would be afforded in any other takings case.

[16] Plaintiff seeks to amend and add this allegation to his Complaint, or in the alternative, that the Court recognize it has already taken judicial notice of the deed restriction and that either it creates a material fact that must reverse summary judgment or that it affirms summary judgment for the Plaintiff on his Takings claim. In other words, either the deed restriction demonstrates a triable Constitutional violation, or it warrants judgment for Plaintiff as a matter of law. *See* Rule 201(f) "Instructing the Jury. In a civil case, the court must instruct the jury to accept the noticed fact as conclusive." *Cf.* ECF No. 165 at 26-27. ("The Report's finding was based on evidence that the property had been subject to a publicly recorded restriction on development since 1987, long before Brown acquired the property in 2020."). Notably, in the same recorded restriction it says, "all rights of direct vehicular ingress and egress" to the County of Los Angeles…and the County of Los Angeles [has] the right to restrict direct vehicular ingress and egress to the said street" [from the property]. In other words, access controlled by the County Government to and from the *private property*.

[17] The R&R rests on a premise that defies basic Constitutional logic: that a permanent ban on all development and access is not a taking. Respectfully, that's not just wrong—it's indefensible under *Lucas*, *Palazzolo*, *Cedar Point* and the Fifth Amendment's plain language. The County Government and this Court may be powerful, but neither is above the Constitution. The entire point of the Constitution—especially the First, Fifth, and Fourteenth Amendments—is to make sure *I* don't need power, money, or a lawyer to say: "What the Government is doing to me is wrong, and the law says I have a right to stop it." And yet here *I am*—doing exactly what the Constitution promises I'm allowed to do— and *this* Court is doing everything it can to ignore it. *See* 28 U.S.C. § 453.

In his original Complaint, Brown alleged a regulatory taking. *See* ECF No. 1 at 5–7; *see also* ECF No. 198 at 3. Nevertheless, the Chief Magistrate Judge concluded that there was "no new theory in the proposed amended complaint that would have any material effect on the Court's summary judgment ruling." *See* ECF No. 200 at 12. However, the Court's acceptance of the 1987 deed restriction as Constitutional is itself a legal error. That assumption prejudges a central Constitutional issue without permitting Plaintiff to present facts or legal arguments challenging the restriction's validity. In particular, it improperly presumes — without any demonstrated Constitutional basis — that the County may permanently bar ingress, egress, and development on private property without providing just compensation, thereby undermining the Fifth Amendment's protections against uncompensated takings.[18] Simply put, *this* Court is permitting the Government to do precisely what the Fifth Amendment expressly forbids. Accordingly, if the Court can conclude, as a matter of law, that amendment would be futile, then it must likewise be able to conclude, as a matter of law, that the 1987 County deed restrictions affect a taking that entitles Plaintiff to just compensation under the Fifth Amendment.[19]

In sum, the Court's acceptance of the 1987 deed restriction as Constitutional is itself a legal error. That assumption prejudges a central Constitutional issue without allowing Plaintiff a fair opportunity to challenge it. No Government—under the Fifth Amendment—may bar all development and access to private property indefinitely, and then deny just compensation. That is precisely what the County has done here. Accordingly, Plaintiff respectfully requests that the Court reject the R&Rs (ECF Nos. 165 & 200), reverse the prior grant of summary judgment (ECF No.

---

[18] In other words, by accepting the 1987 deed restriction without allowing Constitutional challenge, this Court risks permitting the Government to achieve what the Fifth Amendment expressly forbids: the uncompensated taking of private property for public use. Such a result would not only prejudice Plaintiff but would also undermine the fundamental protections that the Constitution guarantees to all property owners.

[19] The Court has sidestepped the core Constitutional issue at every turn, and the County has never seriously litigated it. Rather than defending the Constitutionality of the 1987 deed restriction on its merits, the County has relied on procedural shortcuts and undeveloped arguments. The Court, in turn, has adopted those arguments without meaningful scrutiny—denying amendment without full analysis and prematurely granting summary judgment based on a record that never addressed the key question: whether the 1987 Government-imposed restriction that eliminates all development and access constitutes a taking under the Fifth Amendment.

198), and enter summary judgment in favor of Plaintiff on his takings claim. In the alternative, Plaintiff requests that the Court grant leave to amend the Complaint under Rule 15(a)(2), so that the Constitutional validity of the 1987 deed restriction can be fully and fairly adjudicated on the merits. Should the Court decline either remedy, the Plaintiff reserves the right to refile his claim[s] in a new action, as the Constitutional issue remains unresolved. *See* ECF No. 165 at 29 n.7.

**THEREFORE**, Plaintiff respectfully requests that this Court recognize that he has stated a viable claim for a taking under the Fifth Amendment to the United States Constitution and is entitled to just compensation. As such this Court *must*;

1. **REJECT** the Chief Magistrate Judge's Report and Recommendations (as to the parts objected). *See* ECF Nos. 165 & 200.[20]

2. **GRANT** summary judgment to Plaintiff on the existing record as a matter of law, based on the unconstitutional enforcement of the 1987 County deed restriction. *See* Rule 56(f)(1).[21]

3**. IN THE ALTERNATIVE**, Brown is granted leave to file an amended complaint. Brown may file such an amended complaint within 30 days of this Order. Alternatively, if he wishes to stand on the proposed amended complaint submitted alongside his Motion (ECF No. 189-1), he may file a statement indicating that he intends to stand on that proposed amended complaint within 30 days of this Order. If Brown files such a statement, the proposed amended complaint (ECF No. 189-1) will become the operative complaint in this action, and it will be deemed filed and served (for the purpose of determining the deadline to respond) on the date Brown files his statement.

---

[20] The R&R is "in conjunction with the Court's grant of summary judgment on March 27, 2025 [Dkt. No. 198][.]" *See* ECF No. 200 at 13.

[21] Under Rule 56(f)(1), this Court has the authority to grant summary judgment in favor of a nonmovant—particularly where, as here, the material facts are not in dispute and the law compels a ruling in Plaintiff's favor. The deed restriction is not only undisputed; its Constitutional infirmity is apparent under *Lucas*, *Palazzolo* and *Cedar Point*. Plaintiff respectfully submits that summary judgment should be entered in his favor as a matter of law.

                                                      Respectfully submitted,

Dated: May 6, 2025                                */s/ Clinton Brown, Self-Represented*
                                                      1431 Ocean Ave, Unit 413
                                                      Santa Monica, CA 90401
                                                      clinton@atlasinc.solar
                                                      310-775-7990

CC: All Counsel of Record (via ECF) on May 6, 2025