UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>　　　　　Defendant. | Case No.: 2:22-09203-MEMF-KS<br><br>**[PROPOSED] ORDER GRANTING RULE 59(e) MOTION [ECF NO. 204]** |

　　　The Court has reviewed Plaintiff's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e), the oral arguments held on December 18, 2025, and the record.

　　　The Court finds that alteration of the judgment is warranted to correct clear error of law and to prevent manifest injustice. *See White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450–51 (1982) (Rule 59(e) permits courts to rectify mistakes shortly after judgment); *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc).

　　　Specifically, the Court concludes that resolution under *Penn Central* without first identifying what uses remain was clear legal error and that genuine disputes of material fact remain as to whether any economically viable use of Plaintiff's property exists. Under *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1019 (1992), a categorical taking occurs when regulation denies all economically beneficial

1

use; and under *Palazzolo v. Rhode Island*, 533 U.S. 606, 630 (2001), the existence of remaining permissible uses presents factual issues. The Supreme Court has recognized that such issues are properly for the trier of fact. *See City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 720–21 (1999). Viewing the record in the light most favorable to the nonmovant, these factual disputes cannot be resolved as a matter of law in this case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-249 (1986).

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Rule 59(e) Motion is **GRANTED**.
2. The Court's prior Judgment (ECF No. 203) is **VACATED**.
3. Defendant's Motion for Summary Judgment is **DENIED**.
4. This matter shall proceed to **trial on July 6, 2026**, on Plaintiff's Takings Clause claim, including:
    (a) whether the Government's enforcement of the 1987 restriction deprived Plaintiff of all economically viable use under *Lucas*;
    (b) if not, whether a taking occurred under the *Penn Central* framework; and
    (c) the measure of just compensation, if liability is established.
5. Pretrial procedures and deadlines will be set forth in a separate order.

**IT IS SO ORDERED**.

Dated: January ___, 2026

                                                                      **MAAME EWUSI-MENSAH FRIMPONG**
                                                                           United States District Judge