DAWYN R. HARRISON, County Counsel
STARR COLEMAN, Assistant County Counsel
THOMAS R. PARKER, Senior Deputy County Counsel
(SBN 141835) • TParker@counsel.lacounty.gov
648 Kenneth Hahn Hall of Administration
500 West Temple Street
Los Angeles, California 90012-2713
Telephone: (213) 974-1834
Facsimile: (213) 613-4751

Thomas C. Hurrell, State Bar No. 119876
E-Mail: thurrell@hurrellcantrall.com
Sanaz Rashidi, State Bar No. 271986
E-Mail: srashidi@hurrellcantrall.com
HURRELL CANTRALL LLP
800 West 6th Street, Suite 700
Los Angeles, California 90017
Telephone: (213) 426-2000
Facsimile: (213) 426-2020

Attorneys for Defendants, CLARK R. TAYLOR, AICP, THE LOS ANGELES
COUNTY DEPARTMENT OF REGIONAL PLANNING

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CLINTON BROWN, | Case No. 2:22-cv-09203-MEMF-KS |
| Plaintiff, | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT** |
| v. | |
| CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING, | Assigned to:<br>Hon. Maame Ewusi-Mensah Frimpong<br>Courtroom "8B" |
| Defendants. | Magistrate Judge Karen L. Stevenson<br>Courtroom "580" |

*Sidebar (vertical text):* HURRELL CANTRALL LLP 800 WEST 6TH STREET, SUITE 700 LOS ANGELES, CA 90017-2710 TELEPHONE (213) 426-2000

## I.    INTRODUCTION

On August 20, 2025 this Court entered judgement in favor of  Defendant and in response to Defendant's motion to dismiss the claims brought by Plaintiff Clinton Brown ("Plaintiff"). In reaching its decision, on May 15, 2024, this Court issued a Report and Recommendation of United States Magistrate Judge (Dkt. No. 165.) In

1  that Report, the Court thoroughly and accurately noted the facts of the case and

2  conducted a legal analysis of Defendant's Motion for Summary Judgment.

3  Additionally, the Court clearly outlined the reasons for the Court's recommendation

4  that Defendant's Motion for Summary Judgment be granted in full and the action be

5  dismissed with prejudice.

6      Now, Plaintiff seeks to alter or amend that judgment pursuant

7  to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)"), which requires the moving

8  party to demonstrate a clear error, newly discovered evidence, or an intervening

9  change in law. Plaintiff's motion is premised only on an alleged clear error, so

10  Defendant need not address any alleged newly discovered evidence or an intervening

11  change in law.

12      Regardless,    it    is    well-settled    that    the    extraordinary    relief

13  under Rule 59(e) should be reserved for "highly unusual circumstances," and not as a

14  method for the court to revisit its prior decisions. Plaintiff argues that Rule 59(e) relief

15  is appropriate here because the Court applied an incorrect legal standard under the

16  Takings Clause by granting summary judgment without ever identifying what uses, if

17  any, remain available to Plaintiff, and secondly, alleged the Court applied an incorrect

18  summary judgment standard by resolving evidence against the nonmovant and

19  foreclosing a jury determination of disputed facts. However, Plaintiff's rationale is

20  incorrect and does not meet the high threshold requirements under a Rule 59 motion.

21      Firstly, besides Plaintiff's own personal beliefs, Plaintiff fails to identify any

22  clear or manifest error in the Court's ruling on Defendant's Motion for Summary

23  Judgment.

24      Second, Plaintiff fails to proffer any newly discovered evidence or previously

25  unavailable evidence that would justify further relief. Accordingly, Plaintiff cannot

26  establish that relief under Rule 59(e) is warranted, and Defendant respectfully

27  requests that this Court deny Plaintiff's motion.

28  ///

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

1

2    **II.    PROCEDURAL BACKGROUND**

3    On December 17, 2022 , Plaintiff, filed a civil rights complaint under 42 U.S.C.

4    section 1983, concerning the denial of Plaintiff's application for a 20-megawatt solar

5    farm at a property located in Calabasas, California. (Dkt. No 1.) On January 30, 2023,

6    Defendant filed an Answer to Plaintiff's Complaint. (Dkt. No. 10.)

7    On October 18, 2023, Defendant filed a Motion for Summary Judgment. (Dkt.

8    No. 82.) On December 27, 2023, Plaintiff filed an Opposition to the Motion. (Dkt.

9    Nos. 115, 118.) On January 17, 2024, Defendant filed a Reply in support of the

10   Motion. (Dkt. No. 123.) On May 15, 2024, this Court issued a Report and

11   Recommendation of United States Magistrate Judge recommending that Defendant's

12   Motion for Summary Judgment be Granted in full and this action be dismissed with

13   prejudice. (Dkt. No. 165.)

14   Thereafter, on February 3, 2025, Plaintiff filed a Motion for Leave to Amend

15   Complaint, while the Motion for Summary Judgment was pending. (Dkt. No. 189.)

16   On March 5, 2025, Defendant filed an Opposition to the Motin to Amend. (Dkt. No.

17   194) On March 12, 2025, Plaintiff filed a Reply. (Dkt. No. 196.)

18   On March 27, 2025, the presiding District Judge accepted the Report and

19   granted summary judgment in full but delayed entering judgment in this case until the

20   Motion to Amend was decided. (Dkt. No. 198.) On April 21, 2025, this Court issued

21   a Report and Recommendation of United States Magistrate Judge wherein the Court

22   recommended that the District Judge issue an Order: 1) accepting the report and

23   Recommendation; (2) denying Plaintif's Motion to Amend; and (3) in conjunction

24   with the Court's grant of summary judgment on March 27, 2025, entering Judgment

25   dismissing this action with prejudice.

26   On August 20, 2025, this Court entered Judgment against Plaintiff and

27   dismissed this action with prejudice.

28   / / /

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

## III.    LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) authorizes a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e). In the Ninth Circuit, a motion to alter or amend judgment brought under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014); *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

A district court should not grant a motion for reconsideration "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (citing *School Dist. No. 1J v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988) (holding that a court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous or would work a manifest injustice). Thus, a Rule 59(e) amendment is only appropriate where: (1) the motion is "necessary to correct manifest errors of law or fact upon which the judgment rests," (2) the motion is "necessary to present newly discovered or previously unavailable evidence," (3) the motion is "necessary to prevent manifest injustice," or (4) "the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011); *Kona Enters.*, 229 F.3d at 890.

The standard for a Rule 59(e) motion is a "high hurdle." *Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir. 2001). Mere dissatisfaction with the court's order, or belief that the court is wrong in its decision, is not grounds for relief under Rule 59(e). *Duarte Nursery, Inc. v. United States Army Corps of Engineers*, 2017 WL 1105993, at *2 (E.D. Cal. Mar. 24, 2017) (*citing Twentieth Century--Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981)); *see also United States*

4

1    *v. Univ. of Phoenix*, 2014 WL 6473794, at *2 (E.D. Cal. Nov. 18, 2014). Significantly,

2    a Rule 59(e) motion "may not be used to raise arguments or present evidence for the

3    first time when they could reasonably have been raised earlier in the litigation." *Kona*

4    *Enters.*, 229 F.3d at 890.

5    **IV.**    <u>**LEGAL ARGUMENT**</u>

6      **A. Plaintiff Cannot Show the Court Committed a Manifest Error.**

7       Plaintiff seeks to alter or amend the judgment and requests that the Court "alter

8    or amend its judgment under Rule 59(e), vacate the prior judgment, deny Defendant's

9    motion for summary judgment, and set this matter for trial." Plaintiff fails to identify

10    any clear or manifest error in the Court's judgment.

11       Plaintiff fails to show that the Court's ruling, and following judgment, amount

12    to a manifest error that is *clearly erroneous*, as required. *See Arnold*, 179 F.3d at

13    665 (a district court should not grant a motion for reconsideration "unless the district

14    court...committed clear error...."); *Herron*, 634 F.3d at

15    1111 (a Rule 59(e) amendment is only appropriate where, among other things, the

16    motion is "necessary to correct manifest errors of law or fact upon which the judgment

17    rests[.]"). Courts within this Circuit hold that in order to show a "clear error," the

18    moving party must "set forth facts or law of a strongly convincing nature to induce

19    the court to reverse its prior decision." *Walsh v. Am. Med. Response*, 2015 WL

20    1898062, at *2 (E.D. Cal. Apr. 24, 2015) (citations omitted). Clear error is " 'more

21    than just maybe or probably wrong; it must be dead wrong.' " *Campion v. Old Repub.*

22    *Home Prot. Co., Inc.*, 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011).

23       Here, Plaintiff does not provide facts or law that establish the Court's ruling

24    was clearly erroneous, or "dead wrong." Instead, Plaintiff merely regurgitates his

25    string of arguments which have previously been heard and decided on by this Court.

26    Accordingly, Plaintiff cannot show that the Court's decision was clearly erroneous.

27    Additionally, Plaintiff's motion makes clear that he is simply dissatisfied with the

28    Court's ruling, but mere dissatisfaction is not grounds for altering judgment

HURRELL CANTRALL LLP

800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

under Rule 59(e). Despite the numerous cases contradicting Plaintiff's position, Plaintiff attempts to re-argue the merits of the case and basis of the Court's ruling. However, courts are clear that the extraordinary relief provided by Rule 59(e) should not be used to re-argue contentions or prior considerations. *See Costello v. United States*, 765 F.Supp. 1003, 1009 (C.D. Cal. 1991) ("courts avoid considering Rule 59(e) motions where the grounds for amendment are restricted to either repetitive contentions of matters which were before the court on its prior consideration or contentions which might have been raised prior to the challenged judgment."); *Walsh v. Am. Med. Response*, 2015 WL 1898062, at *2 (E.D. Cal. Apr. 24, 2015) (citing cases for the proposition that Rule 59(e) motions are not intended to "give an unhappy litigant one additional change to sway the judge."). To the extent Plaintiff attempts to use a Rule 59(e) motion as a method to force this Court to provide further clarification to its prior ruling and judgment, it is improper.

Since Plaintiff has not, and cannot, show that this Court's decision was clearly erroneous, he fails to meet the threshold requirement under Rule 59(e). As such, Defendant respectfully requests that this Court deny Plaintiff's motion.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE (213) 426-2000

6

## V.    <u>CONCLUSION</u>

As set forth above, Plaintiff's motion does not meet the high standard for relief under Rule 59(e). Specifically, Plaintiff cannot show any clear error in the judgment, as numerous cases within this District allow for dismissals with prejudice on similar claims. Moreover, Plaintiff has not identified any intervening law, manifest injustice, or newly discovered facts that would warrant such extraordinary relief. As such, Defendant respectfully requests that the Court deny Plaintiff's motion.


DATED:  September 29, 2025          HURRELL CANTRALL LLP


By:    _____/s/ Sanaz Rashidi_____
       THOMAS C. HURRELL
       SANAZ RASHIDI
       Attorneys for Defendants, CLARK R.
       TAYLOR, AICP, THE LOS ANGELES
       COUNTY DEPARTMENT OF
       REGIONAL PLANNING

HURRELL CANTRALL LLP
800 WEST 6TH STREET, SUITE 700
LOS ANGELES, CA 90017-2710
TELEPHONE  (213) 426-2000

7