Clinton Brown, *Pro se*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
brown_clinton@msn.com
310-775-7990

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>　　　　Defendant. | **No**. 2:22-cv-09203-MEMF-KS<br><br>**Plaintiff's Reply in Support of Motion to Alter or Amend Judgment**<br><br>*See* ECF No. 204<br><br>**Judge:** Honorable Maame Ewusi-Mensah Frimpong<br><br>**Chief Magistrate Judge:** Karen L. Stevenson<br><br>**Date:** December 18, 2025<br><br>**Time:** 10:00 A.M.<br><br>**Place:** Courtroom 8B |

**NOTICE TO THE COURT**, the County's Opposition confirms rather than cures the central defect in the judgment: summary judgment was granted without identifying what use, if any, remains for Plaintiff's land. The County asserts that Plaintiff merely "regurgitates his string of arguments which have previously been heard and decided on by this Court" but fails to confront that this threshold inquiry is mandated by Supreme Court precedent *before* any takings analysis can be lawfully applied. *See MacDonald v. County of Yolo*, 477 U.S. 340, 350–51 (1986) ("no answer is possible until a court knows what use, if any, may be made of the affected property"). No such use has ever been identified. That omission is not a close call — it is clear legal error. By the County's own standard, the judgment is therefore "dead wrong." *See* ECF No. 206 at 5.

　　Plaintiff's Rule 59(e) motion is therefore not an effort to relitigate, but the only remaining procedural vehicle in the District Court to ensure application of controlling precedent and the correct legal standard. The prejudice is compounded because the County's Opposition cites *no* controlling

1

takings authority and identifies *no* lawful use of Plaintiff's land. *See* ECF No. 206 at 1–7. This omission leaves nothing of substance to rebut—only procedural arguments—and all but guarantees resolution on the papers under L.R. 7-15, depriving the Court of the benefit of meaningful adversarial presentation of the controlling legal standard. After all, a Rule 59(e) motion is "tightly tied to the underlying judgment," not merely to the procedural mechanism itself. The County's silence should not be permitted to foreclose full adversarial briefing and oral argument on the controlling legal standard. In any event, the omission is dispositive here and on appeal: at minimum it constitutes forfeiture—the failure to timely assert a position—or, if deliberate, waiver—the intentional relinquishment of a known right. (citation omitted). Under either doctrine, the County cannot revive arguments it declined to raise. In sum, this underscores why the judgment must be vacated and the matter set for trial.

## **LEGAL STANDARD**

A Rule 59(e) motion "suspends the finality of the original judgment." *See FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373, n. 10 (1984). Rule 59(e) allows a Court to alter or amend a judgment (1) necessary to correct manifest errors of law or fact upon which the judgment rests; (2) necessary to present newly discovered or previously unavailable evidence; (3) necessary to prevent manifest injustice; or (4) the amendment is justified by an intervening change in controlling law. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Rule 59(e) does not identify "specific grounds" for relief, and thus "the district court enjoys considerable discretion in granting or denying the motion." *See McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc). It is also appropriate where a court "committed clear error." *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

The Takings Clause itself compels the "finality" rule: it is "compelled by the very nature of the inquiry required by the Just Compensation Clause," because the factors applied in deciding a takings claim "simply cannot be evaluated until the [County] has arrived at a final, definitive position regarding how it will apply the regulations at issue to the particular land in question." *See Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U. S. 172, 190-191 (1985) overruled on other grounds by *Knick v. Township of Scott*, 588 U.S. 180, 205 (2019).

# DISCUSSION

## I. THE COUNTY MISSTATES THE RULE 59(e) STANDARD.

The County asserts Rule 59(e) relief is a "high hurdle" and should be "used sparingly." Plaintiff agrees. But this is the rare case where the judgment rests on clear error of law and works a manifest injustice. The Ninth Circuit has long held that Rule 59(e) is proper where a court "committed clear error" or to "prevent manifest injustice," *supra*. That is precisely the situation here.

First, the County dismisses Plaintiff's argument as "personal beliefs" and claim Plaintiff "fails to identify any clear or manifest error." *See* ECF No. 206 at 2. That is incorrect. Plaintiff's motion is not grounded in personal views but in a century of controlling Supreme Court precedent. Beginning with *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 415 (1922), and reaffirmed in *MacDonald v. County of Yolo*, 477 U.S. 340, 350–51 (1986), *Lucas v. S.C. Coastal Council,* 505 U.S. 1003, 1019 (1992), *Palazzolo v. Rhode Island,* 533 U.S. 606, 630 (2001), and its progeny, the Court has *uniformly* held that regulatory takings analysis must begin by determining what uses, if any, remain. The Court skipped that mandatory threshold inquiry. Thus, applying the wrong legal standard is the definition of clear error under Rule 59(e).

Second, the County contends that Plaintiff "fails to proffer any newly discovered evidence or previously unavailable evidence" and therefore cannot establish Rule 59(e) relief. *See* ECF No. 206 at 2. But Rule 59(e) grounds are disjunctive, not conjunctive. A movant need only show one valid ground — clear error, manifest injustice, newly discovered evidence, or an intervening change in law. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Clear error of law is independently sufficient. The Court's omission to make the threshold "what uses remain" finding before applying *Lucas* or *Penn Central* is the textbook definition of clear error. That alone requires vacatur, regardless of whether new evidence exists.

Third, the County argues: "To the extent Plaintiff attempts to use a Rule 59(e) motion as a method to force this Court to provide further clarification to its prior ruling and judgment, it is improper." *See* ECF No. 206 at 6. What is improper is that the County's Opposition advances only procedural arguments while failing to cite *any* controlling case law addressing the Takings Clause legal standard. A Rule 59(e) motion is not a vehicle for collateral arguments; it is "tightly tied to the

3

underlying judgment." *See Banister v. Davis*, 590 U.S. 504, 508 (2020). Plaintiff's motion squarely challenges the Court's application of the wrong legal standard to his Takings claim. Correcting that legal error is precisely what Rule 59(e) authorizes.

And while the Court has discretion whether to grant relief under Rule 59(e), it has no discretion to apply the incorrect legal standard. The Fifth Amendment requires a determination of what lawful uses remain *before* any takings claim can be resolved. *See Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U. S. 172, 190-191 (1985) overruled on other grounds by *Knick v. Township of Scott*, 588 U.S. 180, 205 (2019*)*. Entering judgment absent the threshold "what uses remain" finding is the textbook definition of clear legal error, and Rule 59(e) exists to correct it. *See* ECF No. 204

**II. THE COUNTY IDENTIFIES NO AUTHORITY THAT ALLOWS A TAKINGS CLAIM TO BE DECIDED BEFORE DETERMINING WHAT USE REMAINS.**

The County claims "numerous cases within this District allow dismissal with prejudice," but cites none. *See* ECF No. 206 at 7. It likewise claims that "Despite the numerous cases contradicting Plaintiff's position…" but cites none. *See* ECF No. 206 at 6. Plaintiff, by contrast, has cited controlling precedent to the contrary: *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 415 (1922); *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1019 (1992); *Palazzolo v. Rhode Island*, 533 U.S. 606, 630 (2001); *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U. S. 172, 190-191 (1985) overruled on other grounds by *Knick v. Township of Scott*, 588 U.S. 180, 205 (2019); *Suitum v. Tahoe Reg'l Planning Agency*, 520 U.S. 725, 734 (1997), among a litany of others. In each, the Supreme Court emphasized the necessity of knowing what uses, if any, remain *before* applying takings doctrine. The County cites *no* authority excusing that requirement, nor could they.

In any event, the Ninth Circuit authorities they may be alluding to—such as *Colony Cove*, *Guggenheim*, and *Equity Lifestyle*—are readily distinguishable. Each of those cases applied *Penn Central* only *after* identifying the permissible uses that remained, whether through rent control schemes, mobile home park operations, *or other established uses*. Here, by contrast, the property at issue is simply a "*parcel of land*." *See* ECF No. 165 at 11. No lawful, affirmative use has *ever* been

identified. Without that threshold determination, *neither* the *Lucas* categorical test nor the *Penn Central* balancing test can lawfully be applied.

Over a century of Supreme Court precedent confirms this sequence of analysis. This is not a matter of "Plaintiff's beliefs" or dissatisfaction with the Court's judgment; it is the application of binding precedent that this Court is required to follow. Plaintiff's motion does not ask the Court to "change its mind" about the outcome, but to apply the correct legal standard—one that will be reviewed *de novo* on appeal. If there is any doubt, this is exactly the circumstance Rule 59(e) was designed for: to correct clear legal error before appellate review, thereby conserving judicial resources.

### III. SUMMARY JUDGMENT IS IMPROPER WHERE NO REMAINING USE IS IDENTIFIED.

The County does not dispute:

1. The record identifies no permissible use of Plaintiff's land at the time of the taking.[1]

2. The County's evidence confirms that all structures are prohibited, and direct vehicular access is denied.

3. The Court applied *Penn Central* without resolving whether any use remained.

This is dispositive. By the Court's own acknowledgment, the "government-imposed restrictions" foreclose construction of any residential or commercial structures. *See* ECF Nos. 165 at 26 & 200 at 12. That places Plaintiff's claim squarely under *Lucas*'s categorical framework—and at

---

[1] The record confirms that no lawful, economically viable use has been identified: (a) the 1987 Tract Map "dedicate[s] to the County … the right to prohibit construction of residential and/or commercial structures within Lot 3" (ECF No. 165 at 12); (b) Ordinance No. 2002-0062Z zones the parcel O-S, requiring it to "remain essentially unimproved" and prohibiting buildings or grading "except for specified uses" (*Id*. at 12–13); (c) County Code § 22.140.510(C)(5)(a) bars "ground-mounted utility-scale solar energy facilities" within SEAs—the very use Plaintiff applied for (*Id*. at 13); and (d) this Court itself acknowledged that the designation "would appear logically to prohibit residential living or the building of structures on the subject property." (ECF No. 200 at 12). Taken together, the County asserts that all residential, commercial, and utility-scale solar structures are prohibited, and neither Plaintiff, the County, the Court, nor the record has identified a single affirmative use that remains.

The absence of any permissible use is underscored in three further respects. First, Defendant's own counsel conceded at a hearing: "I'm not claiming that's the only restriction." THE COURT: "Okay." COUNTY: "But that's the only restriction that … has been brought to matter." *See* Tr. of Proceedings, ECF No. 80 at 36–37 (C.D. Cal. Sept. 21, 2023). Second, the Court assumed as true that the County does not allow Plaintiff even to "erect a large sign akin to a billboard on the Agoura Property." *See* ECF No. 145 at 5 n.6. And finally, the Court expressly acknowledged that "the County does not allow Brown to live on or develop housing on the Agoura Property," which it found "essentially moots" Plaintiff's request for clarification of that use. *See id*. at 6 & n.9. How many no's does it take to get a yes? Under the Takings Clause, if every identified use is no, the Constitution supplies the yes: just compensation.

minimum creates a genuine dispute of material fact for the jury. *See Del Monte Dunes v. City of Monterey*, 526 U.S. 687, 720–21 (1999). Yet summary judgment was nevertheless granted, contrary to Rule 56(a), which bars judgment where any genuine dispute of material fact exists.

**IV. A JUDGMENT THAT LEAVES PLAINTIFF WITH NO USE & NO JUST COMPENSATION IS MANIFEST INJUSTICE.**

The right to build on one's own land is not a discretionary benefit; it is a fundamental incident of ownership. *See Nollan v. Cal. Coastal Comm'n*, 483 U.S. 825, 834 n.2 (1987). To uphold summary judgment where no uses are identified is to nullify the Takings Clause altogether. That outcome "shocks the conscience" and constitutes manifest injustice. Thus, a Court decision that leaves a property owner with no identified lawful uses and no remedy is the definition of manifest injustice.

Even assuming *arguendo* that the government-imposed restrictions recorded in 1987 are constitutional as applied to Plaintiff in 2021, that still does not resolve the threshold inquiry: what use remains. The Takings Clause requires more than a catalogue of prohibitions; it requires an affirmative determination of the uses left for the land. Without that finding, the Court cannot lawfully apply the Fifth Amendment Takings Clause legal standard. *See Williamson County*, 473 U.S. at 190–91. And because no lawful use has been identified, a material fact necessarily remains in dispute—what uses, if any, are left. That unresolved fact alone defeats summary judgment. *See* Rule 56(a) (summary judgment is improper where "there is a genuine dispute as to *any material fact*").[2]

The Court's discretion is broad, but justice here is clear. Otherwise, a property owner such as Plaintiff enters Federal court with no lawful uses and leaves in the same position—an outcome that amounts to manifest injustice. Real property rights are fundamental in the United States and cannot be treated as fungible commodities.[3] It would be extraordinary—and fundamentally inconsistent with the

---

[2] Thus, the incorrect legal standard the Court applied to the Takings Clause claim would ensure that no plaintiff could *ever* prevail on a regulatory takings claim. By skipping the threshold inquiry into what uses remain and relying solely on prohibitions, the Court has adopted a framework that predetermines failure for *every* property owner. That approach is contrary to the Supreme Court's teachings since *Pennsylvania Coal Co. v. Mahon*, 260 U.S. 393, 415 (1922), and renders the Takings Clause a nullity. This is not only clear legal error; it is manifest injustice. Rule 59(e) exists precisely to correct such outcomes and to ensure that constitutional rights are not reduced to empty promises. *See* 42 U.S.C. § 1983.

[3] "Second, it is far from clear that *Lucas*'s categorical approach extends beyond real property to intangible personal property. *Lucas* involved a land-use regulation and the Supreme Court framed the inquiry as whether the governmental

Takings Clause—to uphold a framework where the County may prohibit every identifiable use of land without ever identifying what, if any, use remains. That's what happened here. Rule 59(e) exists for exactly this purpose: to correct clear legal error before it results in manifest injustice.

## CONCLUSION

For these reasons, and those stated in Plaintiff's Motion (ECF No. 204), this Court should alter or amend the judgment under Rule 59(e), vacate the prior judgment, deny the County's motion for summary judgment, and set this matter for trial. *See* ECF No. 204-1.

Dated: October 2, 2025

*/s/ Clinton Brown, Pro Se*
1431 Ocean Ave, Unit 413
Santa Monica, CA 90401
brown_clinton@msn.com
310-775-7990

CC: All Counsel of Record (via ECF) on October 2, 2025

---

action 'denies an owner economically viable use *of his land*.' 505 U.S. at 1016 (emphasis added). Indeed, *Lucas* explicitly distinguished land from personal property, explaining that 'in the case of personal property, by reason of the State's traditionally high degree of control over commercial dealings, [a plaintiff] ought to be aware of the possibility that new regulation might even render his property economically worthless.' *Id*. at 1027–28. Third, even if *Lucas*'s categorical approach were applicable to intangible personal property, it is far from clear that every disclosure made under the public-interest exception will 'den[y] *all* economically beneficial...use' of a manufacturer's trade secret in all cases. 505 U.S. at 1015 (emphasis added); *see also Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 535 U.S. 302, 330 (2002) ('Anything less than a "complete elimination of value," or a "total loss,"…require[s] the kind of analysis applied in *Penn Central*.'(quoting *Lucas*, 505 U.S. at 1019 n.8)).” *PhRMA v. Stolfi*, No. 24-1570, slip op. at 64-65 (9th Cir. Aug. 26, 2025). Here again, there is no finding of any economic use of Plaintiff's *land. Compare* ECF No. 198 at 1-2.