O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON BROWN,<br><br>                    Plaintiff,<br><br>          v.<br><br>CLARK R. TAYLOR, AICP, THE LOS ANGELES COUNTY DEPARTMENT OF REGIONAL PLANNING,<br><br>                    Defendant. | Case No.: 2:22-cv-09203-MEMF-KS<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT [DKT. NO. 204]** |

Before the Court is Plaintiff's Motion to Alter or Amend Judgment. Dkt. No. 204 ("Motion"). For the reasons stated below, the Motion is DENIED.

/ / /

/ / /

1

## I.    Background

### A.  Factual Allegations

Plaintiff Clinton Brown ("Plaintiff") is a California resident. Dkt. No. 165 ("R&R") at 3. On November 28, 2020, he applied to install a 20-megawatt solar farm on approximately 32.4 acres of vacant land located in unincorporated Los Angeles County. *Id.* On October 12, 2021, Defendant denied the application on the grounds that utility-scale solar facilities are not permitted within Significant Ecological Areas ("SEA"), and that the entirety of Plaintiff's property falls within a SEA. *Id*. Plaintiff pursued alternative avenues with various County agencies to obtain approval, but his efforts were unsuccessful. *Id*. Plaintiff thereafter initiated this action, alleging a single cause of action under 42 U.S.C. § 1983 for a violation of the Takings Clause of the Fifth Amendment, asserting that Defendant's denial of his solar farm application constituted an unconstitutional regulatory taking without just compensation. *Id*.

### B.  Procedural History

On May 15, 2024, Chief Magistrate Judge Karen L. Stevenson submitted a Report and Recommendation to the Court recommending that Defendant's motion for summary judgment be granted in full and that Plaintiff's Section 1983 claim, which challenged the denial of his application to construct a 20-megawatt solar farm, be dismissed. *Id.* at 1–2, 29. On March 27, 2025, the Court adopted the Report and Recommendation in its entirety and granted Defendant's Motion for Summary Judgment. Dkt. No. 198 at 5. On August 20, 2025, the Court entered judgment dismissing Plaintiff's action with prejudice. Dkt. No. 203.

On September 7, 2025, Plaintiff filed a Motion to Alter or Amend Judgment under Rule 59(e). Motion. On September 29, 2025, Defendant filed his Opposition. Dkt. No. 206 ("Opp."). On October 2, 2025, Plaintiff filed his Reply. Dkt. No. 207. ("Reply").

/ / /

## II.    Applicable Law

Rule 59(e) gives litigants the opportunity to file a motion to alter or amend a judgment. Fed. R. Civ. P. 59. "A Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Rule 59(e) relief is an "extraordinary remedy" that must be used "sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Rule 59(e) should not be used by parties to "raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Herron*, 634 F.3d at 1112 (citing *Kona Enters., Inc.*, 229 F.3d at 890 (9th Cir. 2000)).

## III.    Discussion

Plaintiff moves to alter or amend the judgment under Rule 59(e), arguing that a Takings Clause claim cannot be adjudicated without first determining what lawful uses, if any, remain available to the property owner. *See generally* Motion. The Court notes that Plaintiff does not argue that newly discovered or previously unavailable evidence exists. As such, the Court will not address that factor under Rule 59(e). For the reasons set forth below, the Court concludes that there was no clear error of law or fact, no manifest injustice, and no significant intervening change in law. Thus, Rule 59(e) relief is not warranted.

### A.  The Court Did Not Commit A Clear Error of Law or Fact.

#### i.    The Takings Claim Was Properly Adjudicated.

Plaintiff argues that the Court improperly adjudicated the Takings Claim failing to first determine what uses, if any, remain available to the owner. Motion at 1. Defendant claims that the

3

Court "thoroughly and accurately noted the facts of the case." Opp. at 2. For the reasons stated below, the Court finds that Rule 59(e) relief is not proper under this claim.

> 1. *The Fifth Amendment Does Not Impose a Threshold Duty to Identify Remaining Lawful Uses.*

Plaintiff contends that the Fifth Amendment imposes a threshold duty to identify remaining uses, when analyzing a claim under the Takings Clause of the Fifth Amendment. Motion at 5, 8. Plaintiff argues that this Court did not do so, and to that end, that the Court failed to properly apply the governing rules pertaining to takings under *Lucas* or *Penn Central*—seminal cases involving the Takings Clause of the Fifth Amendment. *Id.*; *Penn Central Transp. Co. v. City of New* York, 438 U.S. 104 (1978); *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1019 (1992). Because Defendant's application of the relevant regulations renders Plaintiff's property with "no use whatsoever," Plaintiff claims that he is entitled to just compensation under the Takings Clause. Motion at 8–9. In Opposition, Defendant asserts that Plaintiff has failed to meet the high burden to demonstrate "clear error" under Rule 59(e). Opp. at 3–4. Rather, Defendant discusses how Plaintiff has merely recited a "string of arguments which have been previously heard and decided [] by this Court." *Id.* at 5–6.

Plaintiff's contention that the Court must first identify "what lawful uses remain" before resolving a takings claim misstates the governing law and misapplies the authorities he cites. Motion at 5, 8; Reply at 4. The Supreme Court has held that "[t]he Takings Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, prohibits the government from taking private property for public use without just compensation." *Palazzolo v. Rhode Island*, 533 U.S. 606, 617 (2001). However, the Fifth Amendment "does not address in specific terms the imposition of regulatory burdens on private property." *Murr v. Wisconsin*, 582 U.S. 383, 392 (2017). Since the Supreme Court's decision on the Takings Clause in *Pennsylvania Coal Co. v. Mahon*, the Court overall has refrained from elaborating the Takings Clause principle through definitive rules. *Murr*, 582 U.S. at 393. "This area of the law has been characterized by ad hoc, factual inquiries, designed

4

to allow careful examination and weighing of all the relevant circumstances." *Id*. (citation and internal quotation marks omitted).

The Ninth Circuit routinely resolve takings claims based on record evidence of economic impact, expectations, and the character of the government action without identifying "what lawful uses remain." *See Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450–55 (9th Cir. 2018) (applying the *Penn Central* factors directly—evaluating economic impact, investment-backed expectations, and character of government action—without requiring any threshold determination of "remaining lawful uses"); *Guggenheim v. City of Goleta*, 638 F.3d 1111, 1120–22 (9th Cir. 2010) (en banc) (conducting a full *Penn Central* analysis without first identifying all remaining uses).

Plaintiff's assertion that the Fifth Amendment imposes a threshold duty to identify remaining lawful uses fails because of Plaintiff's incorrect interpretation of case law that, under correct interpretation, does not support Plaintiff's "remaining-uses" assertion. The passage Plaintiff cites from *Williamson County*, Reply at 4, does not establish any "remaining uses" requirement; rather, *Williamson County* addressed ripeness—specifically, the need for a final, definitive agency decision before a takings claim can be adjudicated. 473 U.S. at 190–91. The *Williamson County* Court explained that the *Penn Central* factors cannot be evaluated until the regulatory agency has made a final determination about how the regulations apply to the property. *Id.* Here, Defendant—the relevant regulatory authority—had already issued such a final decision. *See* R&R at 11–13. *Williamson County* concerned the absence of a final decision because variances had not been sought or ruled upon. It did not hold that courts must identify or catalogue all permissible uses before resolving a takings claim. In short, *Williamson County* stands for the principle that a takings claim is unripe without a final land use decision—not that the Fifth Amendment imposes on the Court any threshold obligation to inventory "remaining lawful uses" before applying *Penn Central* or any other takings framework.

Additionally, Plaintiff asserts that *Palazzolo* "describes that courts have uniformly held that takings analysis must begin by determining what uses, if any, remain." Reply at 3. That reading is incorrect. The passage Plaintiff cites from *Palazzolo* does not address sequencing or impose a threshold requirement that courts catalogue all remaining lawful uses before applying *Lucas* or *Penn Central*. *See* Reply at 3; *Palazzolo*, 533 U.S. at 630. Instead, the quoted section concerns a different legal question entirely: whether a regulation becomes a "background principle" of state property law merely because a subsequent purchaser acquires the property after the restriction is enacted. *Id.*

Notably, *Palazzolo* proceeds to the merits of the takings claim without requiring any preliminary "remaining uses" determination. *Id.* at 630–32. *Palazzolo* simply held that a *Lucas* claim failed because the property retained $200,000 of development value, and then directed that the *Penn Central* claim be evaluated on the existing record. *Id.* at 631–32. Nothing in *Palazzolo* states, much less "uniformly holds" like the Plaintiff alleges, that regulatory takings analysis must begin with an itemized list of all potential uses.

Accordingly, Plaintiff's reliance on *Palazzolo* for a supposed "threshold remaining-uses requirement" is misplaced. *Palazzolo* does not support, and in fact undermines Plaintiff's argument that the Court committed clear error by applying *Penn Central* before cataloguing every lawful use. The same is true of the other authorities Plaintiff cites. Reply at 3. *See Penn. Coal Co.*, 260 U.S. at 415 (articulating the "goes too far" regulatory principle; not requiring identification of all remaining uses before applying takings doctrine); *MacDonald, Sommer & Frates v. Yolo Cnty.*, 477 U.S. 340, 349–50 (1986) (explaining that a takings claim is unripe without a final, definitive agency decision—not requiring courts to catalogue remaining permissible uses); *Lucas v. S.C. Coastal Council*, 505 U.S. 1003, 1019 (1992) (holding that a regulation causing total loss of economic use is a per se taking, not creating any "remaining-uses" prerequisite).

/ / /

*2.  The Magistrate Judge Properly Conducted a Penn Central Analysis Based on a Complete Record.*

Even if an inquiry into whether any economic use remains were required, Plaintiff's arguments are unfounded. Motion at 16. The alleged taking was granted a full "economic impact" analysis by the Magistrate Judge, in which Judge Stevenson, after conducting a full *Penn Central* analysis, correctly concluded that the Plaintiff entirely failed to present a loss of value, as Plaintiff did not present admissible evidence of the nature and quantum of such economic loss. R&R at 22–30. Therefore, Plaintiff has failed to establish a clear legal error or relevant intervening legal authority on his finality argument. The Report and Recommendation found that (1) Plaintiff submitted no valuation evidence whatsoever, (2) submitted no evidence of any investment-backed expectations, and (3) failed to rebut the County's undisputed showing that the relevant restrictions have existed since 1987 and were uniformly applied to all properties within the Significant Ecological Area. *See* R&R at 22–30. Plaintiff does not challenge any factual finding underlying that analysis, nor does he identify any admissible evidence that would alter the result. Rule 59(e) does not permit relitigation of arguments rejected on a fully developed summary judgment record. *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014); *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

ii.   Summary Judgment was Properly Granted.

Plaintiff argues that summary judgment was improper because the Court resolved disputes against Plaintiff, the nonmovant, and foreclosed a jury determination on disputed facts. Motion at 2. Defendant similarly asserts that the Court did not commit legal error in granting summary judgment and Plaintiff has failed to meet his burden under Rule 59(e). Opp. at 5–6.

Entry of summary judgment under Rule 56(c) is mandated when, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of

proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining whether summary judgment is appropriate, courts "view the facts in the light most favorable to the non-moving party and draw reasonable inferences in favor of that party." *Scheuring v. Traylor Bros., Inc.*, 476 F.3d 781, 784 (9th Cir. 2007). "[W]here divergent ultimate inferences may reasonably be drawn from the undisputed facts, summary judgment is improper." *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006). However, if the non-moving party fails to present evidence on an essential element for which they bear the burden of proof, there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322–23.

Plaintiff's argument that there was "clear error of law" in granting summary judgment due to the Court not finding that a *Lucas* per se taking was triggered is incorrect. See Motion at 14. Plaintiff's reliance on the Report and Recommendation's statement—that Plaintiff "has never … been permitted by law to develop [the property] for purposes of a solar farm"—as proof that a *Lucas* per se taking occurred is misplaced. That passage merely establishes that one proposed use, a utility-scale solar installation, was prohibited; it does not establish that Plaintiff was deprived of all economically viable or productive use of the property, as required for a per se taking. *Lucas*, 505 U.S. at 1019. The *Lucas* standard is a narrow, extraordinary exception that applies only where regulation leaves land economically idle, not where a single, preferred use is denied. *See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 535 U.S. 302, 330 (2002) (explaining that Lucas applies only where all economically beneficial uses are eliminated). Anything less than a complete elimination of value of the properly would require the kind of analysis applied in *Penn Central*. *Bridge Aina Le'a, LLC v. Land Use Comm'n*, 950 F.3d 610, 627 (9th Cir. 2020). Because Plaintiff neither alleged nor produced evidence that the property was deprived of all economically beneficial use, the Magistrate Judge properly proceeded under *Penn Central*, not *Lucas*, and Plaintiff's characterization of the Report and Recommendation is inaccurate.

Thus, Plaintiff's assertion that the Court committed "clear error" in its Takings Clause analysis and granting summary judgment, Reply at 3, is unavailing. Plaintiff's theory of "clear error" rests entirely on an alleged "threshold remaining-uses requirement," yet, as *Palazzolo*, *Colony Cove*, and *Guggenheim*, among other authorities, make clear, no such requirement exists.

Accordingly, Plaintiff's premise for Rule 59(e) on this ground is unsubstantiated.

**B.  There is No Material Intervening Change of Law.**

Plaintiff argues that following the judgment filing, "the Ninth Circuit has issued at least three published opinions clarifying [the] Takings Clause doctrine." Motion at 10. To Plaintiff, the new authorities confirm that the Court's summary judgment ruling was "legal error." *Id.* at 11.

The newly cited authorities do not support Plaintiff's contentions as they did not hold that there is a requirement to identify remaining economically viable uses in a Takings Clause analysis. *See Pharm. Research & Mfrs. of Am. v. Stolfi*, 153 F.4th 795, 839–40 (9th Cir. 2025) (noting that takings analysis involves a fact-specific balancing of public and private interests; does not impose a threshold duty to identify remaining economically viable uses); *Searle v. Allen*, 148 F.4th 1121 (9th Cir. 2025) (discussing no threshold duty to identify remaining economically viable uses); *Garza v. Woods*, 150 F.4th 1118 (9th Cir. 2025) (same).

As such, there is no material intervening change of law justifying Rule 59(e) relief.

**C.  The Summary Judgment Ruling Does Not Result in Manifest Injustice.**

Plaintiff's assertion of manifest injustice based on the Court's grant of summary judgment is unavailing. Motion at 14–15.

A genuine issue of material fact will exist "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When a moving party has curried its burden for summary judgment, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiff's claim of manifest injustice based on the denial of a jury trial lacks merit because the right to a jury trial arises only where there exists a genuine issue of material fact. Motion at 15–

16. As explained above, Plaintiff failed to produce enough, if any, evidence of economic impact, investment-backed expectations, or total deprivation of value sufficient to survive summary judgment under either *Lucas* or *Penn Central*. The summary judgment ruling did not usurp the role of the jury, but properly applied Rule 56 to a record devoid of essential evidentiary support.

As such, there is no manifest injustice law justifying Rule 59(e) relief.

Taken together, Plaintiff has not identified any clear error in fact or law, newly discovered evidence, or change in controlling law warranting Rule 59(e) relief. Plaintiff's Motion and Reply reiterates arguments previously raised, and rejected, at summary judgment. Rule 59(e) does not permit relitigation of issues or the presentation of evidence that could have been raised earlier. *See Wood*, 759 F.3d at 1121. Because Plaintiff has not shown that the Court's ruling was clearly erroneous or that manifest injustice would result from denying reconsideration, his motion fails.

## IV.   Conclusion

For the foregoing reasons, the Court hereby ORDERS as follows: Plaintiff's Motion to Alter or Amend Judgment pursuant to Rule 59(e) is DENIED.

IT IS SO ORDERED.

Dated: March 24, 2026

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge